A CERTIFIED TRUE COPY
ATTEST

By Tanisha Spinner on Aug 13, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Aug 13, 2008

FILED
CLERK'S OFFICE

IN RE: DIGITEK PRODUCTS
LIABILITY LITIGATION

MDL No. 1968

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in three actions – one action each pending in the District of New Jersey, the Eastern District of Louisiana and the Northern District of Ohio – have filed three separate motions, pursuant to 28 U.S.C. § 1407, for centralization of a total of eight actions. All responding parties agree that centralization is appropriate, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Central District of California, the Middle District of Florida, the District of Kansas, the Eastern District of Louisiana, the District of New Jersey, the Northern District of Ohio, the Eastern District of Pennsylvania or the Southern District of West Virginia. Defendants[1] support centralization in the Northern District of Ohio or the Southern District of West Virginia.

This litigation presently consists of eight actions listed on Schedule A and pending in six districts as follows: two actions each in the Eastern District of Louisiana and the Northern District of Ohio and one action each in the Middle District of Florida, the Western District of Missouri, the District of New Jersey, and the Southern District of Ohio.[2]

---

[1] Actavis Totowa, LLC; Actavis, Inc.; Actavis Elizabeth LLC; Actavis US; Mylan, Inc.; Mylan Pharmaceuticals, Inc. (Mylan); Mylan Laboratories, Inc.; Mylan Bertek Pharmaceuticals, Inc.; and UDL Laboratories, Inc.

[2] The Panel has been notified that 50 other related actions have recently been filed as follows: fourteen actions in the Northern District of West Virginia; eleven actions in the District of New Jersey; three actions each in the Central District of California, the Eastern District of Louisiana and the Southern District of West Virginia; two actions in the Eastern District of Tennessee; and one action each in the Middle District of Alabama, the Northern District of Alabama, the Eastern District of California, the Northern District of California, the Southern District of California, the Southern District of Indiana, the District of Kansas, the Middle District of Louisiana, the Western District of Louisiana, the Eastern District of Michigan, the District of Nebraska, the Southern District of Ohio, the Eastern District of Pennsylvania, and the Southern District of Texas. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

ENTERED

AUG 1 3 2008

TERESA L. DEPPNER, CLERK
U.S. District Court

- 2 -

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the manufacture and sale by defendants of allegedly adulterated Digitek, which was recalled in April 2008. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Several districts could have served as perfectly acceptable transferee courts. All things considered, we will designate the Southern District of West Virginia as the transferee district for this litigation. Mylan's principal place of business is in West Virginia and documents and witnesses will likely be found there; and, seventeen related actions are pending in this district or the adjacent West Virginia district.

With the increasing number of MDLs, it becomes helpful to spread the burden of them among districts, where we can do so and still retain the benefits of convenience which Section 1407 centralization requires. Here, we have such an opportunity. The Southern District of West Virginia has no current MDLs. Judge Joseph R. Goodwin is an experienced MDL transferee judge with a docket that will allow him to devote the needed attention to these cases.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil            David R. Hansen

IN RE: DIGITEK PRODUCTS
LIABILITY LITIGATION                                              MDL No. 1968

## SCHEDULE A

### Middle District of Florida

Elwood Bull, et al. v. Actavis Group hf, et al., C.A. No. 2:08-396

### Eastern District of Louisiana

Ruby I. Thrasher v. Actavis Group hf, et al., C.A. No. 2:08-3167
Robert M. Becnel, et al. v. Actavis Group hf, et al., C.A. No. 2:08-3431

### Western District of Missouri

Bobby White v. Actavis Totowa, LLC, et al., C.A. No. 4:08-320

### District of New Jersey

Kevin Clark, et al. v. Actavis Group hf, et al., C.A. No. 2:08-2293

### Northern District of Ohio

Joseph J. Novak v. Mylan Pharmaceuticals, Inc., et al., C.A. No. 1:08-1119
Lonette Stanley v. Actavis Group hf, et al., C.A. No. 3:08-1321

### Southern District of Ohio

James Heinzman v. Actavis Group hf, et al., C.A. No. 2:08-480