IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK
       PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER #1**

The court finds that the civil actions transferred to this court and listed on Schedule A, attached hereto, merit special attention as complex litigation and **ORDERS:**

1. APPLICABILITY OF ORDER--- Prior to the initial pretrial conference and the entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this court by the Judicial Panel on Multi District Litigation ("Panel") pursuant to its order of August 13, 2008, as well as all related actions originally filed, transferred to or removed to this court. Those cases are listed on Schedule A attached to this Order. This Order will also apply to any "tag-along actions" later filed in, removed to or transferred to this court.

2. CONSOLIDATION---The civil actions described in paragraph 1 of this Order are consolidated for pretrial purposes only. Any "tag-along" actions later filed in, removed to or transferred to this court, or directly filed in the Southern District of West Virginia, will automatically be consolidated with this action without the necessity of future motions or

orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE---Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on October 10, 2008, at 9:00 a.m., in Judge Joseph R. Goodwin's courtroom, Room 7000, United States Courthouse, 300 Virginia St. East, Charleston, West Virginia. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62 and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions. If the parties have any suggestions as to the case management orders or additional agenda items, these should be faxed to (304) 347-3193 or otherwise submitted to the court by October 3, 2008.

4. POSITION STATEMENT---The plaintiffs and the defendants shall submit to the court by October 3, 2008, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. Each party shall also submit a courtesy copy of their position statement to opposing counsel. **These statements**

**will not be filed with the Clerk of the court**, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. Each party is limited to one submission.

5. APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through his or her attorney, who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel must appear in person. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party will not, by designating an attorney to represent its interest at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

6. SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached to this Order, and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from the Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on the service list. No further court order will be required for removal of a name from the Panel Attorney Service List. The parties shall present to the court at the initial conference a comprehensive list of attorneys and their office addresses, fax numbers and e-mail addresses for purposes of service. Each attorney must designate with which party

they are associated. Liaison counsel are responsible for assuring service of this order and all future documents on opposing *pro se* parties.

7. EXTENSION AND STAY---Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this court. Pending the initial conference and further orders of this court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. All pending motions must be re-noticed for resolution in a separate motion after the court's initial conference.

8. PREVIOUS ORDERS---Any orders, including protective orders, previously entered by this court or any transferor court, shall remain in full effect unless modified by this court.

9. MASTER DOCKET FILE---Any pleading or paper shall be filed electronically according to this district's *Administrative Procedures for Electronic Case Filing* available at www.wvsd.uscourts.gov. The Clerk of the court will maintain a master docket case under the style "In Re: Digitek Products Liability Litigation" and the identification "MDL No. 1968." All papers filed in these actions shall bear the identification "MDL Docket No. 1968." When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "THIS DOCUMENT RELATES TO ALL CASES" and shall be filed electronically in 2:08-MD-1968. When a pleading is intended to apply to less than all cases, this court's civil action number for each individual case to which the document(s) relate shall appear immediately after the words: "THIS DOCUMENT RELATES TO . . . ." and shall be filed electronically in each member case to which the document(s) applies. The following is a sample of the pleading style:

In Re: Digitek                                    MDL No. 1968
        Products Liability Litigation

THIS DOCUMENT RELATES TO. . . :

10. FILING---Any pleading or paper filed in any of these actions shall be filed electronically with the Clerk of this court and not with the transferor district court.

11. DOCKETING---When an action that properly belongs as a part of <u>In re: Digitek Products Liability Litigation</u> is filed in the Southern District of West Virginia or transferred here from another court, the Clerk of this court shall:

    a. File a copy of this Order in the separate file for such action, and

    b. Make an appropriate entry on the master docket sheet.

12. APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this court. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rule of Civil Procedure 83.6 are waived. Association of local counsel is not required. Counsel in a newly filed or transferred action will be required to complete (1) the Electronic Case Filing System Attorney Registration Form ("Registration Form"), and (2) the Notice of Attorney Appearance and Counsel Contact Form ("Notice") available at www.wvsd.uscourts.gov. After completing the Registration Form, counsel will receive a CM/ECF login enabling them to electronically file the Notice.

13. HEARINGS---The court does not generally conduct motion hearings. If the court deems a hearing to be necessary, it will be scheduled in due course.

14. REMAND STIPULATIONS---In the event that a case is remanded, counsel shall jointly furnish to the Clerk in this District a designation, by document number, of the contents of the record to be transmitted for remand to the transferor court.

15. PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel

is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

16. DISCOVERY---All discovery disputes are referred to the Honorable Mary E. Stanley, United States Magistrate Judge.

17. FILING OF DISCOVERY REQUESTS---In accordance with Local Rule of Civil Procedure 26.3(a), discovery requests and responses are not to be filed with the Clerk nor sent to the undersigned, except when specifically directed by the court.  Certificates of service of discovery materials shall be filed.

18. LIAISON COUNSEL—Prior to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on three recommendations for the position of plaintiff's liaison counsel and one nomination for defendant's liaison counsel.  The parties should submit to the undersigned in writing the recommendations along with each nominees' resume or curriculum vitae, educational background, licensing status, a short list of relevant experience with cases in similar areas, and a certificate of good standing from the highest court from the individuals' jurisdiction. **These recommendations should not be filed with the Clerk of the court.** At this stage, liaison counsel will be responsible for coordinating administrative matters.  The duties of liaison counsel are enumerated in the MCL 4th.  The court will give great weight to the recommendations submitted and supporting materials when selecting liaison counsel..

19. COMMUNICATIONS---Unless otherwise ordered, counsel must communicate with the court in writing, with courtesy copies to all counsel. Communications with the court, which are not to be filed with the Clerk, may be sent to WVSDml Digitek Chambers @wvsd.uscourts.gov. The communication of information among and between plaintiffs' and

-8-

defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded counsel's work product.

Significant orders and opinions will be published on the court's website at www.wvsd.uscourts.gov/digitek/. The website repository may not include a complete inventory of all orders and opinions entered by the undersigned. The website posting of these orders and opinions is intended as a courtesy to counsel and the documents found there are not considered part of the official record of this proceeding. The official record is available via PACER CM/ECF or at the public terminal located in the reception area of the Clerk's office.

The court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation, and counsel of record.

ENTER:   August 19, 2008

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge