IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION                MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

### OBJECTION TO THE APPOINTMENT OF TERESA TORISEVA AS CO-LEAD COUNSEL

NOW INTO COURT, comes Daniel E. Becnel, Jr., who finds it necessary to point out to the Court the following:

I.

Teresa Toriseva was associated with Hill, Williams, PLC. I personally became aware of Teresa's involvement with that law firm as a result of the Propulsid MDL before Judge Eldon Fallon, as well as the Guidant MDL before Judge Donovan Frank and the Medtronic MDL before Judge James Rosenbaum. Mr. Barry Hill is an attorney from West Virginia with a national reputation. He is continually involved in most mass torts through a consortium of firms across the country. Mr. Hill and I became acquainted as a result of the Propulsid Litigation before Judge Eldon Fallon. Ms. Teresa Toriseva was an associate with his firm and for reasons unknown to me, it became necessary for Mr. Hill to lock Ms. Toriseva out of his office, cancel her credit cards, cancel her cell phone and terminate any professional relationship with Ms. Toriseva. Ms. Toriseva was out of town when this occurred and it was shortly thereafter that she contacted Mr. Jerry Parker of Parker, Waichman,

Alonso, LLP, a nationally recognized firm in the United States, and Daniel E. Becnel, Jr. of the Becnel Law Firm, LLC, asking for our help as she was unemployed, had no funds, and was in need of a job.

## II.

Mr. Parker and I then interviewed her at length and told her that we would finance an office for her in West Virginia that she could run and Becnel and Parker would pay for a staff (including her husband at the time who was an ex-state trooper and whom she wanted to utilize as an investigator) and refer to her certain cases with a fee sharing arrangement. Ms. Toriseva kept this offer under advisement for a number of weeks and then informed us that she had decided she could not handle a law office by herself and, therefore, accepted an offer with Wexler, Wallace, LLP. Mr. Parker and I wished her well and said if we ever had cases in West Virginia we might utilize her as local counsel.

## III.

Shortly thereafter Mr. Parker received a very serious eye injury case as a result of Bausch & Lomb MoistureLoc Recall. Mr. Parker asked Ms. Toriseva if she would file his client's case in West Virginia in state court since he did not wish to participate in the MDL. Mr. Parker was appointed to the Plaintiffs' Steering Committee in State Court in New York and Daniel E. Becnel, Jr. was appointed to the Executive Committee by Judge Norton in MDL No. 1785. Mr. Parker and I worked cooperatively doing discovery and with most aspects of this litigation. Mr. Parker personally took most of the major depositions, has spent in excess of one million dollars of his own money for experts and has spent the last two years personally reviewing all of the documents. He has the largest inventory of Bausch & Lomb cases in the country.

IV.

Mr. Parker called me very upset that he found out Ms. Toriseva had settled the case without talking to him and his client and he had asked her to be local counsel. Ms. Toriseva then filed suit against him for fees, a copy of which is attached hereto and marked Exhibit "A." Mr. Parker had agreed to give Ms. Toriseva a local counsel fee but apparently Ms. Toriseva decided to try to take the majority of the fee. It is my understanding they have resolved their fee disagreement.

V.

I have no financial interest in this case and I am only reporting to the Court these series of unfortunate events involving the trustworthiness of Ms. Toriseva.

VI.

Daniel E. Becnel, Jr. initiated the first filed case in the Digitek pharmaceutical recall, *Thrasher v. Actavis Group, et al*, filed on May 5, 2008 in the United States District Court, Eastern District of Louisiana, civil action number 08-3167. Immediately thereafter Daniel E. Becnel, Jr. moved for a MDL based on a number of cases being filed within the first few weeks. The moving papers were mailed on May 19, 2008 with a Motion to Transfer and Consolidate.

VII.

Ms. Toriseva on July 2, 2008 filed a "Response of Interested Party of Wanda Boyles." The case was filed in the United States District Court, Southern District of West Virginia. This complaint shows on its face a lack of federal jurisdiction because it alleges the plaintiff, Boyles, is a citizen of West Virginia and the defendant, Mylan Pharmaceuticals is also a citizen of West Virginia. See attached e-mail from Barry Hill concerning these facts marked Exhibit "B."

## VIII.

Prior to Ms. Toriseva filing her complaint, Barry Hill and Daniel E. Becnel, Jr. had been involved in suggesting that West Virginia be the site of the MDL. In fact, Barry Hill signed as local counsel on the 16 complaints that Daniel E. Becnel, Jr. filed in West Virginia prior to the MDL hearing. Daniel E. Becnel, Jr. then argued that West Virginia would be an excellent location for the MDL. Because of the fact that Ms. Toriseva filed a complaint in Federal Court simply in order to argue before the MDL, it appears that she was trying to pull a sham over the MDL Panel. It is my understanding that this case was ultimately dismissed after the MDL hearing since it should have been filed in state court rather than in federal court.

## IX.

After the MDL Panel sent the case to Judge Goodwin, Ms. Toriseva took credit and attempted to organize the MDL. Ms. Toriseva had not participated in any of the organizational events by lawyers from around the country that had been ongoing for months prior to the argument before the MDL Panel. She held a meeting in Chicago with the firm Wexler Toriseva Wallace, LLP which resulted in a number of people becoming very upset that she was attempting to take over the MDL simply because she resided in West Virginia.

## X.

It was shortly after this meeting that Ms. Toriseva was once again locked out of her office by Wexler and Wallace and her credit cards were cancelled, the website was changed and the office was locked. Apparently the Wexler Wallace firm realized that Ms. Toriseva was attempting to secure cases for her own benefit rather than for the firm. A similar thing had occurred with Mr. Barry Hill previously.

XI.

Mr. Carl Frankovitch, who is a fine trial lawyer with a very excellent reputation, represented Ms. Toriseva in both her litigation involving her disassociation with Barry Hill, as well as her divorce.

XII.

Because of these actions, specifically involving a number of counsel with cases in the Digitek MDL, it is my opinion that Ms. Toriseva has not exhibited the type of cooperative spirit that is necessary to be on the Plaintiffs' Steering Committee, much less Lead Counsel. In just a few years she has been "locked out" of two law firms. At this time she has no staff or other accomplished attorneys to handle a case of this magnitude.

XIII.

Mr. Toriseva was appointed to various plaintiffs' committees including, Guidant and Medtronics, based upon Mr. Barry Hill's recommendation that his associate, Teresa Toriseva, be appointed. Everyone agreed because Mr. Charles Zimmerman was proposed as Lead Counsel in both and because Daniel E. Becnel, Jr. had an ongoing relationship in cases all over the country with Mr. Zimmerman including, Fen-Phen, Baycol, Minot, North Dakota Train Derailment, Graniteville, South Carolina Train Derailment, DPC Chemical Plant Explosion in Arizona and another in St. Louis, the Hawkins Chemical Fire and Explosion in Minneapolis, and Breast Implant Litigation he agreed also. Mr. Becnel recommended that since Mr. Zimmerman was on the PSC in Propulsid and worked closely with Barry Hill it was suggested that Teresa be recommended for the PSC since both Mr. Zimmerman and Daniel E. Becnel, Jr. were leaders in the Propulsid MDL.

XIV.

Barry Hill is coordinating all of the state court actions since he found he could not work with Ms. Toriseva and, therefore, this would cause a major problem for coordination between state and federal court. Most of the attorneys around the country know Ms. Toriseva has been locked out of her office by two separate firms over the last few years, as well as having her husband leave her unannounced when she returned home one day.

XV.

It is most important to have federal/state coordination and the appointment of a lawyer who can work in a cooperative fashion with all lawyers in the litigation, not just a certain few.

For the above reasons I object to Teresa Toriseva being appointed as co-lead counsel. I have no objection to her being appointed to the PSC.

Respectfully submitted,

DANIEL E. BECNEL, JR., (#2926)
BECNEL LAW FIRM, LLC
P. O. Drawer H
106 West Seventh Street
Reserve, LA 70084
Telephone: (985) 536-1186
Facsimile : (985) 536-6445