**Affidavit**

State of West Virginia  
Ohio County

Barry Hill, having first been sworn, states the following.

1. I have been a practicing lawyer in West Virginia since 1977.

2. This affidavit has been prepared at the request of Attorney Danny Becnel.

3. I have read Attorney Becnel's objection to appointment of Teresa Toriseva to a leadership position in *In Re: Digitek Products Liability Litigation*, MDL No. 1968.

4. I had no role in instigating the objection identified in paragraph 3, and I knew nothing of it until I received notice of its filing through the court's CM/ECF system.

5. I do not intend to participate in plaintiffs' common benefit work in MDL 1968.

6. I have no financial, professional, or other interest in the court's appointments to plaintiffs' leadership positions in MDL 1968.

7. In September 2002 I formed a law practice known as Hill Associates.

8. In October 2002 Teresa Toriseva joined the business as an independent contractor.

9. In November 2002, the name of the business was changed to Hill Toriseva & Williams PLLC. The business remained a sole proprietorship, and Attorney Toriseva remained an independent contractor.

10. In January 2004 Attorney Toriseva becomes an employee of Hill Toriseva & Williams PLLC. She remained an employee through the duration of her association with the business, which ended in March 2006.

11. In 2003, 2004, and 2005 I promoted Attorney Toriseva to attorneys involved in mass torts by paying her way to conventions, seminars, and meetings around the country and introducing her to lawyers with whom I had been allied in various ventures over the years.

12. On March 24, 2006, I instructed my office manager to immediately have the office door locks changed for the purpose of denying Attorney Toriseva access to the building. I also had the office manager immediately terminate Attorney Toriseva's office credit card, her email access through the firm's server, and her office mobile phone. These instructions were followed.

1

13. Attorney Toriseva's employment with my firm was terminated as of March 24, 2006.

14. After termination, Attorney Toriseva obtained the services of Attorney Carl Frankovich for the stated purpose, i.e., stated by Attorney Frankovich to me, of representing her in making employment-related claims against me.

15. These claims ultimately came to nothing. No lawsuit was filed, no agreement was reached, and no money was paid.

16. The email attached as Exhibit A to Attorney Becnel's objection to appointment of Attorney Toriseva is an accurate copy of an email sent by me to Attorney Becnel, Attorney John Climaco, and Attorney Arnold Levin, and the statements made in this email are true.

17. The 16 Digitek injury cases in West Virginia federal court, which were relied on by the Joint Panel for Multi-District Litigation as a factor favoring assigning the Digitek MDL to West Virginia, are Attorney Becnel's cases, which were filed by me as local counsel for him.

Barry Hill

Taken, sworn to and subscribed before me, a Notary Public in and for the state and county aforesaid, on this 31st day of October, 2008.

Kathi M. Eastham, Notary Public

My Commission Expires: September 17, 2016

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
KATHI M. EASTHAM
3712 Brightway
Weirton, WV 26062
My Commission Expires September 17, 2016

2