IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER #7
(Severance of Actions)

Some complaints in this MDL action join multiple plaintiffs whose only apparent connection with one another is that they ingested the drug at issue. Other MDL judges have noted the case management, tracking, and other difficulties often accompanying that joinder practice. *See*, *e.g.*, *In re: Vioxx® Products Liability Litigation*, MDL No. 1657 (E.D. La. Sept. 5, 2007) (stating "In an effort to maximize judicial economy and efficiency, the Court has allowed multiple unrelated claimants in this MDL to join together and file their claims in a single complaint. As time goes on, however, it has become clear to the Court that this practice has actually created administrative complications and led to certain inefficiencies that would have been avoided had the Court not modified the traditional rule that unrelated claimants must file individual complaints."); *In re: Diet Drugs Products Liability Litigation*, MDL No. 1968, PTO 3370 (E.D. Pa. Mar. 24, 2004); *In re: Diet Drugs Products Liability Litigation*, MDL No. 1968, PTO 3448, 3448 (E.D. Pa. Apr. 20, 2004)("Multi-plaintiff actions complicate discovery and interfere with its completion in accordance with assigned deadlines.").

I conclude that certain multi-plaintiff complaints should be severed to avoid the concerns expressed by these other MDL courts. I except from severance those complaints in which only one individual alleges taking Digitek but other derivative plaintiffs are named as well (*e.g.*, cases in which a spouse is asserting only a loss of consortium claim). Accordingly, to resolve any misjoinder concerns and to facilitate the efficient administration of this action, I **ORDER** as follows:

1. That no later than December 31, 2008, plaintiffs' Co-Lead Counsel shall submit to the court a report identifying multi-plaintiff actions docketed prior to this Order that are subject to severance and submit on that same date a suitable proposed severance order. For each action identified, a list of all documents (identified by docket number) previously filed in that action, and to which plaintiff they refer, must be included.;

2. That within thirty (30) days after the entry of any severance order in a multi-plaintiff action, each severed plaintiff and any derivative plaintiffs claiming under him or her must file an individual "Severed and Amended Complaint" to continue the prosecution of the claims they allege. The Severed and Amended Complaint must contain the specific claims asserted by the plaintiffs named in it. For purposes of the applicable limitations period, any Severed and Amended Complaint will be deemed to have been filed on the filing date of the original multi-plaintiff complaint from which the plaintiff was severed;

3. That any Severed and Amended Complaints must be (a) electronically filed in this District, (b) accompanied by the appropriate filing fee, (c) served in accordance with Rule 5, and (d) assigned a separate civil action number determined by the Clerk. Failure to remit the filing fee will result in the dismissal without prejudice of the

affected Severed and Amended Complaint;

4. That absent prior leave of court, a Severed and Amended Complaint may plead only those claims, and name those defendants, appearing in the original multi-plaintiff action or a subset of them. Any defendant included in the original action but not included in the Severed and Amended Complaint will be deemed dismissed without prejudice;

5. That any defendant may move for dismissal pursuant to Rule 41 as the result of any severed plaintiff's failure to adhere to the timing and procedures set forth for filing the Severed and Amended Complaint;

6. That to the extent they apply, answers previously filed in the multi-plaintiff actions will govern; however, defendants may file new responsive pleadings in accordance with Federal Rule of Civil Procedure 15 without leave of court;

7. That the severance of multi-plaintiff actions in MDL No. 1968 is without prejudice to any party's right under Federal Rule of Civil Procedure 42 to request consolidation of severed actions upon remand to a transferor court for trial; and

8. That multi-plaintiff actions subsequently docketed in this MDL shall be severed immediately without the necessity of a further order unless a remand motion is pending in a transferred action at the time it is docketed in this MDL.

The court **DIRECTS** the Clerk to file a copy of this order in 2:08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in this district, which includes counsel in all members cases up to and including civil action number 2-08-cv-1303. In cases subsequently filed in this district, a copy of the most recent pretrial order

3

will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: December 2, 2008

Joseph R. Goodwin, Chief Judge