# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE: DIGITEK
      PRODUCTS LIABILITY LITIGATION

MDL No. 1968

THIS DOCUMENT APPLIES TO ALL CASES

## PRETRIAL ORDER #9
### (Establishment of Plaintiffs' Litigation Expense Fund)

This order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation.

1.    <u>Plaintiffs' Litigation Expense Fund to be Established</u>

Plaintiffs' Co-Lead and Liaison Counsel, Fred Thompson, III, Carl N. Frankovitch and Harry F. Bell, Jr. are directed to establish an interest-bearing account to receive and disburse funds as provided in this order. Plaintiffs' Co-Lead Counsel shall agree on and designate an appropriate bank for this purpose. These funds will be held as funds subject to the direction of the court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by the Co-Lead Counsel of the Plaintiffs' Steering Committee (PSC) acting under authority of the court. These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or

creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this order.

    2.    <u>Disbursements</u>

        a.    Upon approval of the Co-Lead Counsel, payments shall be made from the fund to attorneys who incur expenses for the joint and common benefit (as defined by *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 110 11 (3rd Cir. 1976)) of plaintiffs and claimants whose claims have been treated by this Court as a part of these proceedings in addition to their own client or clients. Eligible attorneys are limited to Plaintiffs' Liaison Counsel, Lead Counsel and members of the PSC and other attorneys called upon by them to assist in performing their responsibilities.

        b.    Payments will be allowed only to entities for special expenses incurred for the joint and common benefit of all plaintiffs as designated by the PSC and approved by the Co-Lead Counsel.

        c.    Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents for the defendants; for conducting "national" or "state" depositions; and for activities connected with the coordination of federal and state litigation.

        d.    Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred considering the complexity of the work and the results obtained.

      e.      No amounts will be disbursed without approval by Co-Lead Counsel or such other mechanism as the court may order. However, accurate reports and statements shall be maintained and available to be examined by the PSC and the court in camera in it's discretion, showing the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

      f.      At the close of all relevant claims, if the fund exceeds the amount needed to make payments as provided in this order, the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

3.      <u>Oversight</u>

      a.      The PSC shall retain a CPA for the purposes of assisting in oversight and completing any and all necessary reports as reflected in this order.

The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in the is district, which includes counsel in all member cases up to and including civil action number 2-08 -cv-1432. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the

court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

Entered: December 30, 2008

Joseph R. Goodwin, Chief Judge