IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK                                                    MDL NO. 1968
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO ALL CASES
-----------------------------------------------------------------

### PRETRIAL ORDER #_____

The court **FINDS** that the following cases shall be severed:

1. 2:08-cv-01002, Elwood Bull and Robert Blue, individually and on behalf of all others similarly situated v. Actavis Group, Actavis Totowa, LLC, Mylan Pharmaceuticals, Inc., Mylan Bertek Pharmaceuticals, Inc., and UDL Laboratories, Inc.

2. 2:08-cv-01017, Kevin Clark and Willie Mae Wilburn, individually and on behalf of all others similarly situated v. Actavis Group, hf., Actavis Totowa, LLC (formerly known as Amide Pharmaceutical, Inc.), Actavis Inc., Actavis Elizabeth, LLC, Actavis US, Mylan, Inc., Mylan Pharmaceuticals, Inc., Mylan Laboratories, Inc., Mylan Bertek Pharmaceuticals, Inc., and UDL Laboratories, Inc..

3. 2:08-cv-01071, Anthony Harris and Stephen B. Love, individually and on behalf of all others similarly situated v. Actavis Totowa, LLC (formerly known as Amide Pharmaceutical, Inc.), Actavis Inc., Actavis Elizabeth LLC, Actavis US, Mylan, Inc., Mylan Pharmaceuticals, Inc., Mylan Laboratories, Inc., Mylan Bertek Pharmaceuticals, Inc., and UDL Laboratories, Inc.

4. 2:08-cv-01075, Michael Pasken, Marie Keever, and Dale Campbell, individually, and on behalf of all others similarly situated v. Actavis Group hf., Actavis Totowa, LLC, Actavis Inc., Actavis Elizabeth, LLC, Actavis US, Mylan, Inc., Mylan Pharmaceuticals, Inc., Mylan Laboratories Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.

5. 2:08-cv-01107, James E. Freeman and Fayard Lambert, Sr., individually and on behalf of all others similarly situated v. Actavis Group, Actavis Totowa, LLC, Mylan Pharmaceuticals, Inc., Mylan Bertek Pharmaceuticals, Inc. and UDL Laboratories, Inc.

Within thirty (30) days after the entry of this order, each severed plaintiff and any derivative plaintiffs claiming under him or her must file an individual "Severed and Amended Complaint" to continue the prosecution of the claims they allege. The Severed and Amended

Complaint must contain the specific claims asserted by the plaintiffs named in it. For purposes of the applicable limitations period, any Severed and Amended Complaint will be deemed to have been filed on the filing date of the original multi-plaintiff complaint from which the plaintiff was severed.

Any Severed and Amended Complaints must be (a) electronically filed in this District, (b) accompanied by the appropriate filing fee, (c) severed in accordance with Rule 5, and (d) assigned a separate civil action number determined by the Clerk. Failure to remit the filing fee will result in the dismissal without prejudice of the affected Severed and Amended Complaint.

Absent prior leave of court, a Severed and Amended Complaint may plead only those claims, and name those defendants, appearing in the original multi-plaintiff action or a subset of them. Any defendant included in the original action but not included in the Severed and Amended Complaint will be deemed dismissed without prejudice.

Any defendant may move for dismissal pursuant to Rule 41 as the result of any severed plaintiff's failure to adhere to the timing and procedures set forth for filing the Severed and Amended Complaint.

To the extent they apply, answers previously filed in the multi-plaintiff actions will govern; however, defendants may file new responsive pleadings in accordance with Federal Rule of Civil Procedure 15 without leave of court.

The severance of multi-plaintiff actions in MDL No. 1968 is without prejudice to any party's right under Federal rule of Civil Procedure 42 to request consolidation of severed actions upon remand to a transferor court for trial.

The multi-plaintiff actions subsequently docketed in this MDL shall be severed immediately without the necessity of a further order unless a remand motion is pending in a transferred action at the time it is docketed in this MDL.

The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 which shall apply to each member Digitek related case previously transferred to, removed to, or filed in the district, which includes counsel in all member cases up to and including civil action number 2-08-cv-_____. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER:

_____
Joseph R. Goodwin, Chief Judge