IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER #11**
**(State and Federal Coordination Order)**

It appearing that the civil actions pending in this District in *In re: Digitek Products Liability Litigation*, MDL No. 1968 ("MDL No. 1968") and those actions pending in the Circuit Court of Kanawha County, West Virginia in *In re: Digitek Litigation*, Civil Action No. 08-C-5555 ("West Virginia State Digitek Litigation"), referred to collectively as the "Federal-State Litigation", share common issues with and will involve common discovery and that pretrial proceedings in the Federal-State Litigation should be coordinated to avoid unnecessary conflicts and expense, conserve judicial resources, and expedite the disposition of all the cases, this Court, after having been advised that a similar order has been entered in the West Virginia State Digitek Litigation, **ORDERS**:

A.   *Application.*   All MDL No. 1968 litigation and West Virginia State Digitek Litigation are subject to state-federal coordination under this Order.

B.   *Designated Counsel.*

    1.   *Plaintiffs' Liaison and Lead Counsel.*   Plaintiffs' Liaison and Lead Counsel shall endeavor to coordinate activities in the Federal-State Litigation.

    2.   *Defendants' Liaison and Lead Counsel.*   Defendants' Liaison and Lead Counsel

shall endeavor to coordinate activities in the Federal-State Litigation.

3. ***Compensation.*** Attorneys designated as Liaison or Lead Counsel in the Federal-State Litigation shall be entitled to reasonable compensation and reimbursement of expenses for services performed in such capacities, equitably apportioned among the parties benefitting from such services in the Federal-State Litigation. This court will cooperate with the court in the West Virginia State Digitek Litigation in making appropriate orders for such compensation and reimbursement if agreement cannot be reached between such counsel and the parties for whom they are acting.

C. ***Discovery***

1. ***Joint Document Depository.*** Any document depository shall be established for the joint use of parties in the Federal-State Litigation. Subject to agreement among the parties regarding the sharing of expenses and the confidentiality of documents, counsel in MDL No. 1968 shall have access to the documents in such depository to the same extent as counsel in the West Virginia State Digitek Litigation. Parties shall not make new requests for production of documents in MDL No. 1968 if such documents have already been produced and are available to them in the West Virginia State Digitek Litigation.

2. ***Confidential Documents.*** Counsel in the West Virginia State Digitek Litigation obtaining access to documents subject to a confidentiality and/or protective order entered in MDL No. 1968 shall be subject to and abide by the terms and conditions of such order. Counsel in MDL No. 1968 obtaining access to documents subject to

a confidentiality and/or protective order entered in the West Virginia State Digitek Litigation shall be subject to and abide by the terms and conditions of such order.

3. *Plaintiffs' Work Product.*  Plaintiffs in any actions eligible for state-federal coordination, as set forth above, shall be entitled to receive the following materials from the MDL No. 1968 Plaintiffs' Steering Committee ("PSC") upon payment of the actual cost of providing copies of the materials:

   a. CD-ROMs reflecting searchable images of the key documents selected by the PSC from the document productions of the defendants and third-parties in MDL No. 1968;

   b. a bibliographic database providing a "coded" index of such key documents;

   c. abstracts and subjective analyses of the depositions of each generally applicable fact witness and generic expert taken in MDL No. 1968 and the state-court actions coordinated pursuant to this Order;

   d. to the extent developed by the PSC, timelines, "casts of characters," issues outlines, and other work product relating to the facts at issue in MDL No. 1968; and

   e. reports of "generic experts" developed by the PSC in connection with MDL No. 1968.

Plaintiffs in the West Virginia State Digitek Litigation are prohibited from using any of the work product of the PSC or plaintiffs, as described in subparagraphs a. - e. above, for any purpose other than the litigation of actions which qualify for state-federal coordination pursuant to the terms of this Order.

Nothing contained in this Order will limit the obligation of the PSC to provide copies of documents produced in MDL No. 1968 which do not reflect the PSC's work product to counsel in the West Virginia State Digitek Litigation to the extent that all defendants consent to such disclosure, the requesting party pays the actual costs of producing copies of the documents and, if necessary, the requesting party executes an appropriate confidentiality agreement.

*D.     Depositions.*

  **1.**  When a notice of deposition is issued in MDL No. 1968, any party in any action which is eligible for state-federal coordination may issue a notice which provides for the taking of such deposition in such a state court action at the time and place stated in the original notice. When such "cross noticed" depositions take place, the part of the deposition being taken for use in MDL No.1968 shall proceed to conclusion and shall be deemed taken in federal actions and all actions that qualify (whether qualifying before or after the taking of the depositions) for state-federal coordination. After the conclusion of that portion of the deposition being taken for use in MDL No. 1968, no more than two separate attorneys selected by plaintiffs' counsel in the state actions that qualify for state-federal coordination pursuant to this Order may proceed to question the witness. No more than one attorney for each defendant separately represented shall have the right to pose questions to the witness and make objections in connection with each cross-noticed deposition. Counsel taking such "cross-noticed" depositions shall use their best efforts to conduct the depositions in a manner which will make it admissible in any state court proceedings which are coordinated pursuant to the terms of this Order and to minimize the necessity for

        separate examinations of the witness by plaintiffs' counsel in the state proceedings.

    **2.**    Copies of transcripts of any deposition taken in the Federal-State Litigation pursuant to the terms of this Order shall not be provided to any person except upon payment for such transcript or other record of the deposition directed to the court reporter who stenographically recorded the proceedings at the deposition or the operator who made any video or audio recording of the proceedings at the deposition and payment of such person's proper fees.

*E.*    *Consistency of Rulings.*  To avoid unnecessary conflicts and inconsistencies in the rulings of this Court and the presiding judicial officers in the West Virginia State Digitek Litigation, this Court is prepared to conduct consolidated hearings and status conferences with the presiding state judicial officers, and to enter joint rulings, except to the extent that differences may be mandated by different laws or rules governing this court or justified by particular circumstances of the cases before this court.

*F.*    *Other Litigation.*  Upon application, these provisions may be ordered applicable to cases involving the same common issues subsequently filed in other courts.

The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2-09-cv-0092. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be

provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

                                            ENTER: February 4, 2009

                                            Joseph R. Goodwin, Chief Judge