A CERTIFIED TRUE COPY

ATTEST

By Darion Payne on Feb 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Feb 10, 2009**

FILED
CLERK'S OFFICE

**IN RE: DIGITEK PRODUCTS**
**LIABILITY LITIGATION**

Bobby R. Milligan, et al. v. Actavis Group hf, et al.,   )
  E.D. Missouri, C.A. No. 4:08-1514     )    MDL No. 1968

**TRANSFER ORDER**

  **Before the entire Panel**[*]:  Plaintiffs in this Missouri action move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Southern District of West Virginia for inclusion in MDL No. 1968. Responding Actavis and Mylan parties[1] oppose the motion.

  After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Southern District of West Virginia, and that transfer of this action to the Southern District of West Virginia for inclusion in MDL No. 1968 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket.  In that order, we held that the Southern District of West Virginia was a proper Section 1407 forum for actions involving claims relating to the manufacture and sale of allegedly adulterated Digitek. *See In re Digitek Products Liability Litigation,* 571 F.Supp.2d 1376 (J.P.M.L. 2008).

  Plaintiffs can present their motion for remand to state court to the transferee judge.  *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

  IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*]  Judge Hansen took no part in the disposition of this matter.

[1]  Actavis Totowa, LLC ; Actavis, Inc.; Actavis Elizabeth LLC; Mylan, Inc.; Mylan Pharmaceuticals, Inc.; Mylan Bertek Pharmaceuticals, Inc.; and UDL Laboratories, Inc.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |