IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER #2

Pretrial Order #1 entered August 19, 2008, directed the lawyers to cooperatively offer three recommendations for plaintiffs' liaison counsel.  Correspondence since that time reflects that barriers have arisen to the desired level of cooperation and collegiality originally envisioned by the court.  In the interests of a just, speedy, and efficient resolution of the matter, the court **APPOINTS** the following lawyers as Plaintiffs' Co-Liaison Counsel:

| | |
|---|---|
| Harry F. Bell, Jr. | Fred Thompson, III |
| Bell & Bands PLLC | Motley Rice LLC |
| 300 Capitol Street | 28 Bridgeside Blvd. |
| P.O. Box 1723 | P.O. Box 1792 |
| Charleston, WV 25326-1723 | Mt. Pleasant, South Carolina 29465 |
| Phone (304) 345-1700 | Phone (843) 216-9000 |
| Fax (304) 345-1715 | Fax (843) 216-9450 |

Going forward, the court reiterates its expectation that the lawyers in this complex civil action will devote their best efforts toward cooperation and positive interaction, a course of action that will doubtless lead to the service of their clients' best interests and the fair and orderly disposition of this litigation.



The responsibilities of Plaintiffs' Co-Liaison Counsel shall be the following:

(1)     to receive and distribute pleadings, orders and motions to pro se parties;

(2)     to coordinate service and filings;

(3)     to periodically review the attorney service list on the court's website, promptly communicate necessary revisions to the Clerk and effectuate required revisions in accordance with direction from the Clerk;

(4)     to receive and distribute pleadings, orders, and motions by overnight courier service and telecopier within two days after receipt, unless such service has been waived, in writing, by a receiving counsel **or is otherwise achieved through CM/ECF**;

(5)     to establish and maintain a document depository, real or virtual, to be available to all plaintiffs counsel;

(6)     to maintain and make available to all plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository); and

(7)     to carry out such other duties as the court may order.

It is the court's intention to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. Lead Counsel will be appointed by the court from among the members of the PSC. Applications or nominations for the PSC positions must be electronically filed with the Southern District of West Virginia's Clerk's Office using the event *"Application or Nomination for Plaintiffs' Steering Committee"* found under *Civil> Other Filings> Other Documents* in CM/ECF, **on or before Monday, October 20, 2008**. The main criteria for PSC membership will be: (a) willingness and

-2-

availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications or nominations should succinctly address each of the above criteria as well as any other relevant considerations. No submissions longer than three (3) pages will be considered. Only those attorneys who have instituted a civil action in this litigation will be considered for PSC service.

Written objections may be made to the appointment of a proposed applicant or nominee. Objections must be electronically filed with the Clerk using the event *"Objections to Application or Nomination"* found under *Civil> Other Filings> Other Documents* in CM/ECF, **on or before October 27, 2008**. Any objections should be concise yet thorough and have any necessary documentation attached. As with the application/nomination, any objection must be served on all counsel appearing on the service list on the day of filing.

The PSC will have the following responsibilities:

**Discovery**

     (1)    Initiate, coordinate and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multidistrict litigation.

     (2)    Develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

     (3)    Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual

attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)     Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. With regard to depositions, only two members of the PSC or counsel duly authorized by them may question each deponent, provided that the second questioner avoids repetitiveness.  No attorney for a plaintiff may be excluded from attending the examination of witnesses or other proceedings. Plaintiff attorneys may also suggest questions to be posed to deponents through the designated PSC members provided that the questions are not repetitious.

## Hearings and Meetings

(1)     Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or to the court.

(2)     Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(3)     Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(4)     Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

-4-

**Miscellaneous**

(1)     Submit and argue any verbal or written motions presented to the court or Magistrate Judge on behalf of the PSC as well as oppose when necessary any motions submitted by the defendants or other parties that involve matters within the sphere of the responsibilities of the PSC.

(2)     Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for court approval and will not be binding until the court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the court a written objection within ten (10) business days, without further time for mailing, after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the time allotted shall be deemed a waiver, and the stipulation will bind the dilatory party.

(3)     Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case instituted in this litigation.

(4)     Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

(5)     Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

(6)     Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the court's orders.

(7)     Perform such other functions as may be expressly authorized by further orders of this court.

Co-Liaison Counsel and PSC members shall be entitled to seek reimbursement for fees and costs expended at the time and in a manner approved by the court.

The court **DIRECTS** the Clerk to file a copy of this order in 2:08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in this district, which includes counsel in all members cases up to and including civil action number 2-08-cv-1116. In cases subsequently filed in this district, a copy will be transmitted by the Clerk to counsel for the plaintiff at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy will be transmitted by the Clerk to counsel in each new member case upon removal or transfer.

ENTER:          September 26, 2008

Joseph R. Goodwin, Chief Judge

-6-