IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THE
MOTION TO DISMISS COUNT 18 OF THE MASTER CONSOLIDATED
COMPLAINT FOR INDIVIDUALS

I. INTRODUCTION

Plaintiffs' Brief Opposing Defendants' Motion to Dismiss Count 18 of the Master Consolidated Complaint for Individuals cannot repair the pleading deficiencies in Plaintiffs' Master Complaint and simply ignores the plain language of the Medicare as Secondary Payer Act ("MSP"), as well as *every* case interpreting it. Rather than addressing their pleading deficiencies, Plaintiffs simply make the legal conclusion that Defendants have a "primary plan," and that Plaintiffs may establish Defendants' "responsibility" to reimburse Medicare within this lawsuit for three reasons: (1) the language of the MSP does not require that tort liability and MSP liability be resolved in separate lawsuits; (2) the legislative and regulatory history of the MSP does not support carving out the adjudication of tort liability from a recovery action under the MSP; and (3) should this Court conclude that the MSP claim is not ripe, then this Motion is "premature." (*See* Resp. in Opp'n.)

Plaintiffs' arguments fail, and Defendants are entitled to the dismissal of Count 18 of Plaintiffs' Master Complaint, for the following reasons:

(1) **Plaintiffs fail to plead the requisite elements of an MSP claim.** Plaintiffs' Master Complaint does *not* allege that (1) Defendants have a "primary plan," (2) Defendants had or have a "responsibility" to reimburse Medicare, or (3) Defendants failed to honor an obligation to reimburse Medicare. See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

(2) **Even if Plaintiffs alleged an MSP claim, there is no private cause of action under the MSP against an alleged tortfeasor.** The plain language of the MSP has led *every* federal court to consider the issue to conclude that a responsibility to pay must be established *before* suit can be brought under the MSP. See *Nat'l Comm. to Preserve Social Security and Medicare v. Phillip Morris USA, Inc., 601* F. Supp. 2d 505, 509 (E.D.N.Y. 2009) (citing *Mason v. Am. Tobacco,* 346 F.3d 36, 43 (2d Cir. 2003); *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1309 (11th Cir. 2006)); *see also Glover v. Philip Morris USA,* 380 F. Supp. 2d 1279, 1295 (M.D.Fl. 2005).

(3) **Defendants' Motion is not "premature" simply because Plaintiffs cannot state a valid cause of action under the MSP.** There is no legal support for Plaintiffs' request that this Court delay consideration of this Motion until they can state a claim. To the contrary, it is well-established that courts should consider and rule on a motion to dismiss properly brought under Federal Rule 12. See *Henshall v. Central Parking, Inc.*, 2008 WL 152195, at *3 (N.D.Cal. Jan. 16, 2008); *Hutcherson v. Riley*, 2006 WL 2989214, at *6 (S.D.Ala. Oct. 18, 2006); *Clark v. City of Rockford*, 1993 WL 50898, at *4, n.1 (N.D.Ill. Feb. 25, 1993).

## II. LAW AND ARGUMENT

### A. Plaintiffs Fail to Allege, Let Alone Adequately Plead, the Requisite Elements of a Private Cause of Action Under the MSP.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, to avoid dismissal, a claim must satisfy two basic pleading requirements: (1) there

are factual allegations to support each element of a claim; and (2) the factual allegations plausibly give rise to a right to relief. *Id.*

Plaintiffs' Count 18 does not allege any elements, let alone sufficient facts, to support an MSP private cause of action. (*See* Master Complaint, ¶ 175.) "Considering the provisions of the MSP together, there are three elements of the MSP's private cause of action: (1) a primary plan, (2) that is responsible to pay for an item or service, and (3) that failed to make the appropriate payment to Medicare for the item or service." *Glover v. Phillip Morris USA*, 380 F. Supp. 2d 1279, 1290 (M.D.Fl. 2005). Count 18 shows that Plaintiffs have not even attempted to allege these basic elements. (Master Complaint, ¶ 175.) The Court need not look beyond Plaintiffs' failure to even mention the Defendants, the existence of a "primary plan," that Defendants had or have "responsibility" to reimburse Medicare, or that the Defendants failed to reimburse Medicare to conclude that dismissal is warranted. (Master Complaint, ¶ 175.) Plaintiffs' failure to plead the essential elements of a private cause of action under the MSP requires the dismissal of their claim.

**B.    The Plain Language of the MSP Precludes a Private Cause of Action Against Alleged Tortfeasors.**

The MSP states that a primary plan has an obligation to reimburse Medicare "if it is demonstrated that such primary plan has or had a responsibility to make payment...." 42 U.S.C. § 1395y(b)(2)(B)(ii). The MSP further provides the "means" for demonstrating "responsibility," including "by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii). An adjudication of liability is not required – a

3

settlement under the MSP is sufficient to establish a primary plan's obligation to reimburse Medicare.

Plaintiffs grammatically dissect these portions of the MSP to support their argument that they can both demonstrate Defendants' alleged "responsibility" to Medicare and assert a private cause of action under the MSP as part of this lawsuit. (Resp. in Opp'n 10-15.) Plaintiffs explain that "[t]he issue here is whether primary payment responsibility can be demonstrated, that is, proved, in an MSP action...." (Resp. in Opp'n 12.) To support their theory, Plaintiffs spend pages explaining how the language of the MSP and its legislative and regulatory history warrant the adoption of this view. (Resp. in Opp'n 10-18.) Notably, Plaintiffs fail to address the list of federal cases in Defendants' Motion that have considered this very issue and determined that the language of the MSP requires a demonstration of "responsibility," as well as a failure to honor that "responsibility," before a valid claim exists under the MSP. (*See* Mtn. to Dismiss 5-6.)

Simply stated, Plaintiffs' attention to verb tense ignores the plain language of the "Enforcement" section of the MSP authorizing a private cause of action, which requires both an obligation to reimburse Medicare and a failure to honor that obligation – the second and third elements of an MSP claim. *See* 42 U.S.C. § 1395y(b)(3)(A). As the Eleventh Circuit explained in *Glover v. Liggett Group, Inc.* when considering this very issue, "[w]e begin our analysis by closely examining the text of section 1395y(b)(3), which creates a private cause of action for double damages 'in the case of a primary plan which *fails* to provide for primary payment (or appropriate reimbursement) in accordance with...(2)(A).'" *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (emphasis sic). The Court further explained that a demonstration of "responsibility" to reimburse Medicare is a "condition precedent to Defendants' obligation to reimburse Medicare under section 1395y(b)(2)(B)(ii)." *Id.* at 1309.

Once a "responsibility" is established, the primary plan must still fail to reimburse Medicare before a private cause of action exists under the MSP. The *Glover* Court explained that without an obligation to pay, "it cannot be said that Defendants have 'failed' to provide appropriate reimbursement." *Id.* The most recent Court to consider this language recognized a "common-sense reading of the statutory language, that *MSP liability* is not synonymous with financial responsibility to Medicare, but arises only when that financial responsibility has been 'demonstrated' but then not honored." *Nat'l Comm. to Preserve Social Security and Medicare v. Phillip Morris USA, Inc.*, 601 F. Supp. 2d 505, 508 (E.D.N.Y. 2009) (emphasis sic)

Here, Plaintiffs cannot demonstrate that Defendants, alleged tortfeasors, were either responsible for reimbursing Medicare, or that they failed to do so. Plaintiffs openly acknowledge that Defendants are merely alleged tortfeasors that have not been adjudicated liable (or entered into any settlement agreement) and, of course, could not have failed to reimburse Medicare based upon their alleged liability. (*See* Resp. in Opp'n 12.) Plaintiffs do appear to argue that the "or by other means" (42 U.S.C. § 1395y(b)(2)(B)(ii)) language suggests that "responsibility" could be established within this MSP claim (*see* Resp. in Opp'n 15), but this argument has also been rejected based upon the MSP's plain language. *See Nat'l Comm. to Preserve Social Security and Medicare*, 601 F. Supp. 2d 508 (concluding defendants sensibly argue the "or other means" language "must necessarily denote only means that are 'comparable' to those listed in the statute; *viz.*, those that are un-contested, or no longer contested, and reduced to a document or instrument reflecting a specific, *established* financial obligation.") (emphasis sic). For these reasons, Plaintiffs cannot, and indeed have not, alleged two of the three required elements of an MSP private cause of action. *See Glover v. Phillip Morris USA,* 380 F. Supp. 2d at 1290; *see also* 42 U.S.C. § 1395y(b)(3)(A).

### C. Defendants' Motion to Dismiss Count 18 is Properly Before this Court for Consideration.

There is no legal authority for Plaintiffs' assertion that this Court should delay its consideration of Defendants' Motion to Dismiss Count 18 as "premature." (Resp. in Opp'n 18). Well-settled law dictates just the opposite; motions to dismiss filed in accordance with Rule 12 of the Federal Rules of Civil Procedure are not premature and should be ruled upon. *See Henshall v. Central Parking, Inc.*, 2008 WL 152195, at *3 (N.D.Cal. Jan. 16, 2008) (rejecting plaintiffs' argument that a motion to dismiss is premature when the motion was filed properly pursuant to Rule 12 of the Federal Rules of Civil Procedure); *Hutcherson v. Riley*, 2006 WL 2989214, at *6 (S.D.Ala. Oct. 18, 2006) (determining that plaintiff failed to state a claim in rejecting plaintiff's argument that the motion to dismiss was premature); *Clark v. City of Rockford*, 1993 WL 50898, at *4, n.1 (N.D.Ill. Feb. 25, 1993) (rejecting plaintiff's argument that the motion to dismiss was premature where the motion is "properly directed to the allegations of the complaint"). This Court should likewise reject Plaintiffs' last-ditch effort to avoid dismissal by delaying a ruling on Defendants' Motion, which is properly before this Court under both Rule 12 of the Federal Rules of Civil Procedure and this Court's Scheduling Order (ECF No. 87).

### III. CONCLUSION

In sum, Plaintiffs fail to allege the requisite elements of a private cause of action under the MSP, because they: (1) fail to aver that Defendants have a "primary plan," that Defendants had or have a "responsibility" to reimburse Medicare, or that Defendants failed to honor an obligation to reimburse Medicare; and (2) cannot demonstrate that Defendants – alleged tortfeasors – have a responsibility for any Medicare payments to the Plaintiffs, let alone that they

failed to honor that responsibility. For each of these reasons, this Court should dismiss Count 18: Medicare Secondary Payer Act of Plaintiffs' Master Consolidated Complaint for Individuals.

ALLEN GUTHRIE & THOMAS, PLLC

By: _____
Rebecca A. Betts (WV Bar # 329)
DEFENDANTS' LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:    (304) 345-7250
Fax:   (304) 345-9941
E-mail:  rabetts@agmtlaw.com
*Counsel for Defendants*

TUCKER ELLIS & WEST LLP

By: /s/ Richard A. Dean
Richard A. Dean (Ohio Bar #0013165),
CO-LEAD COUNSEL
Matthew P. Moriarty (WV Bar # 4571;
Ohio Bar 0028389),
CO-LEAD COUNSEL
Kristen L. Mayer (Ohio Bar #0055505)
925 Euclid Avenue, Suite 1150
Cleveland, Oh 44115-1414
Tel:    (216) 592-5000
Fax:   (216) 592-5009
E-mail: richard.dean@tuckerellis.com
            matthew.moriarty@tuckerellis.com
            kristen.mayer@tuckerellis.com
*Counsel for Defendants Actavis Totowa LLC,
Actavis Inc. and Actavis Elizabeth LLC*

SHOOK, HARDY & BACON LLP

By: /s/ Harvey L. Kaplan
Harvey L. Kaplan
(Missouri Bar No. 20459)
CO-LEAD COUNSEL
Madeleine M. McDonough
(Missouri Bar No. 41027)
CO-LEAD COUNSEL
2555 Grand Boulevard
Kansas City, Mo. 64108-2613
Tel:    (816) 474-6550
Fax:   (816) 421-5547
E-mail:  hkaplan@sgb.com
             mmdonough@shb.com
*Counsel for Defendants Mylan Inc.,
Mylan Pharmaceuticals Inc., Mylan
Bertek Pharmaceuticals Inc. and
UDL Laboratories, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

## CERTIFICATE OF SERVICE

I, Rebecca A. Betts, counsel for Defendants hereby certify that on June 2, 2009, I electronically filed the foregoing "Defendants' Reply Memorandum in Support of the Motion to Dismiss Count 18 of the Master Consolidated Complaint for Individuals" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

REBECCA A. BETTS (WV State Bar # 329)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street, East, Suite 800
P.O. Box 3394
Charleston, West Virginia 25333-3394
Tel: (304) 345-7250
Fax: (304) 345-9941
rabets@agmtlaw.com
   *Counsel for Defendants*