## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
          LITIGATION                         MDL NO. 1968

**THIS DOCUMENT RELATES TO ALL CASES**

### DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA

Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC ("Defendants") respectfully move this Court, under Rule 45(c)(3)(A)(iii), for an Order either (1) quashing or modifying the Subpoena Plaintiffs issued to Gibraltar Laboratories, Inc. ("Gibraltar"); or (2) ordering that Defendants be permitted to review and redact any documents produced by Gibraltar in response to the Subpoena before the documents are produced to Plaintiffs. Through their Subpoena, Plaintiffs seek the disclosure of Digitek®-related documents. Defendants do not object to this portion of the Subpoena. Plaintiffs, however, also inappropriately seek the disclosure of any document in Gibraltar's possession concerning Actavis Totowa LLC's Little Falls, NJ plant, including documents relating to products other than Digitek®. Defendants ask the Court to quash the Subpoena or modify it to include only Digitek®-related documents, or to allow Defendants to redact non-Digitek® information, because information that pertains to products other than Digitek® is "privileged or other protected matter" under Pretrial Order #12 and Federal Rule of Civil Procedure 45(c)(3)(A)(iii). The Subpoena is returnable June 8, 2009. Pending the Court's ruling on the merits, Defendants request that this Court stay the Subpoena.

A Brief in Support of this Motion is attached.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**IN RE: DIGITEK PRODUCT LIABILITY
LITIGATION**

**MDL NO. 1968**

**THIS DOCUMENT RELATES TO ALL CASES**

### DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA

Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC ("Defendants") respectfully move this Court, under Rule 45(c)(3)(A)(iii), for an Order either (1) quashing or modifying the Subpoena Plaintiffs issued to Gibraltar Laboratories, Inc. ("Gibraltar"); or (2) ordering that Defendants be permitted to review and redact any documents produced by Gibraltar in response to the Subpoena before the documents are produced to Plaintiffs. Through their Subpoena, Plaintiffs seek the disclosure of Digitek®-related documents. Defendants do not object to this portion of the Subpoena. Plaintiffs, however, also inappropriately seek the disclosure of any document in Gibraltar's possession concerning Actavis Totowa LLC's Little Falls, NJ plant, including documents relating to products other than Digitek®. Defendants ask the Court to quash the Subpoena or modify it to include only Digitek®-related documents, or to allow Defendants to redact non-Digitek® information, because information that pertains to products other than Digitek® is "privileged or other protected matter" under Pretrial Order #12 and Federal Rule of Civil Procedure 45(c)(3)(A)(iii). The Subpoena is returnable June 8, 2009. Pending the Court's ruling on the merits, Defendants request that this Court stay the Subpoena.

A Brief in Support of this Motion is attached.

On May 4, 2009, Plaintiffs issued a Subpoena commanding Gibraltar to produce documents that may contain information that relates to drugs other than Digitek®. (*See* attached Ex. A.) Gibraltar is not a party to the underlying action; Gibraltar is a third-party with whom Defendants have a business relationship. Generally, Gibraltar provides various laboratory services to Defendants pursuant to a contract. (See Ex. B at ¶3; Confidentiality and Proprietary Agreement between Gibraltar and Actavis Totowa LLC attached to Ex. B.) Gibraltar likely possesses confidential and/or proprietary information which relates to products other than Digitek®, information that was originally supplied to Gibraltar by Defendants. Gibraltar also possesses information that reflects the results of services performed by Gibraltar as part of the business relationship between Gibraltar and Defendants. (Ex. B at ¶3.) The Subpoena seeks all such information and documents.

On June 3, 2009, counsel for Defendants met and conferred via telephone with Plaintiffs' counsel, and informed them that the Subpoena violates the terms of the Protective Order by seeking information relating to products other than Digitek® without allowing Defendants the opportunity to redact such information. (Ex. C). Defendants, as the "Supplying Party" of any such documents or information under PTO #12, asked Plaintiffs for the opportunity to receive and review the documents before they were produced to Plaintiffs, to allow Defendants to redact non-Digitek® information as they are entitled to do under PTO #12. (See ECF No. 71 at Section II.F; Ex. C). Plaintiffs declined Defendants' request and the parties were not able to resolve their differences. Defendants now bring this Motion to Quash or Modify Subpoena.

## II.    LAW AND ARGUMENT

### A.    The Subpoena Should be Quashed Because Defendants Are Entitled to Redact Their Information and Documents Under the Protective Order.

Federal Rule of Civil Procedure 45(c)(3)(A) requires that the court which issued a subpoena quash or modify that subpoena under certain circumstances defined in the Rule.

Although the Subpoena was issued on a form supplied by the United States District Court for the District of New Jersey, Newark Division, in multidistrict litigation the court handling the consolidated proceedings also has the power to quash or modify subpoenas. *See In re Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671-72 (5th Cir. 2007) (citations omitted).

Gibraltar may possess Defendants' information and/or documents which constitute "protected matter" under Rule 45(c)(3)(A)(iii), or under PTO #12, and Defendants have not had the opportunity to review or redact these documents. The contract between Defendant Actavis Totowa LLC and Gibraltar specifically refers to confidential material being exchanged, and the contract is not restricted to Digitek-related services. Defendants are entitled by the Protective Order to redact "information relating to products other than Digitek®."[1] Such non-Digitek® information, therefore, is "privileged or other protected matter" under Federal Rule of Civil Procedure 45(c)(3)(A)(iii) by operation of PTO #12. This Court must quash or modify the Subpoena if Plaintiffs command production of non-Digitek® information without affording Defendants the opportunity to redact such information.

The Subpoena plainly commands production of documents related to products other than Digitek®. (*See* Ex. A ¶¶ 5-6, 14, 16-19.) For example, Request 14 asks for "[a]ll documents . . . evidencing any and all conversations or communications of any kind . . . concerning the plant in

---

[1] Plaintiffs may argue that Defendants are not entitled to redact documents that may be in the possession of a third party. Defendants respectfully submit that this interpretation of the Protective Order is inconsistent with the parties' intent and is incorrect. The parties agreed, and the Court ordered, that a "Supplying Party" is entitled to redact "any information relating to products other than Digitek®." To the extent Gibraltar has (1) any of its own documents reflecting services performed by Gibraltar for Defendants, reflecting the results of such services, or reflecting the information Defendants provided to Gibraltar to enable Gibraltar to perform the services; or (2) any of Defendants' documents, Defendants are the "Supplying Party" of that information and those documents, and Gibraltar is in possession of that information and those documents only subject to strict confidentiality restrictions imposed on Gibraltar under its contract with Defendants. (Ex. B.) It makes no difference if Defendants' information and documents are in Defendants' possession or in the hands of a third party. As the Supplying Party, Defendants are entitled by PTO #12 to review the documents and redact the information before Plaintiffs command production of the documents.

Little Falls, NJ." (Ex. A at ¶ 14.) Request 16 asks for "[a]ll documents . . . concerning any inspections or audits or other services provided related to the Little Falls, NJ plant." (Ex. A at ¶ 16.) Request 17 asks for "[a]ll documents . . . that concern any consulting work . . . concerning Digitek® or the Little Falls, NJ plant." (Ex. A at ¶ 17.) Request 18 asks for "[a]ll documents . . . that concern any regulatory services or any other work you have done in relation to FDA standards or approval . . . concerning Digitek® or the Little Falls, NJ plant." (Ex. A at ¶ 18.) Request 19 asks for "[a]ll billing records or invoices for services rendered . . . for services you provided concerning Digitek® or the Little Falls, NJ plant." (Ex. A at ¶ 19.)

In addition, the Subpoena's definition of "Digitek® (Digoxin)" is not actually limited to Digitek®. According to the Subpoena, Digitek® "is intended to refer to **any product** manufactured, marketed, sold, distributed, licensed, advertised, promoted, analyzed and tested by Amide Pharmaceutical, Inc., or any Actavis Entity . . . including **but not limited to** the trade name Digitek®." (Ex. A at ¶4) (emphasis added).

Plaintiffs, therefore, explicitly seek information from Gibraltar relating to products other than Digitek® that Defendants are entitled to redact under the terms of the Protective Order. (ECF No. 71 at II.F.4.) The only way Plaintiffs are allowed to secure this information is by motion with a showing of good cause. (ECF No. 71 at II.F.) Plaintiffs may not obtain the information through the back door in a subpoena to a third party. Rather than potentially interfere with Plaintiffs' Subpoena and direct Gibraltar to not produce, Defendants tried to resolve this situation by reminding Plaintiffs of the redaction provisions of PTO #12. Plaintiffs rejected Defendants' efforts and forced this Motion.

## III.   CONCLUSION

For the foregoing reasons, Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC respectfully move this Court, pursuant to Rule 45(c)(3)(A)(iii), for an Order

quashing or modifying the Subpoena Plaintiffs issued to Gibraltar Laboratories, Inc. or, alternatively and as set forth in this Motion, for an Order that Defendants be permitted to review and redact all documents Gibraltar produces to Plaintiffs in response to the Subpoena before the documents are produced to Plaintiffs. Defendants also ask that the Subpoena be stayed until the Court has an opportunity to rule on the merits of this Motion.

TUCKER ELLIS & WEST LLP

By: /s/ Richard A. Dean
    Richard A. Dean (Ohio Bar #0013165),
    CO-LEAD COUNSEL
    Matthew P. Moriarty (WV Bar # 4571;
    Ohio Bar 0028389),
    CO-LEAD COUNSEL
    Kristen L. Mayer (Ohio Bar #0055505)
    925 Euclid Avenue, Suite 1150
    Cleveland, OH  44115-1414
    Tel:    (216) 592-5000
    Fax:    (216) 592-5009
    E-mail: richard.dean@tuckerellis.com
           matthew.moriarty@tuckerellis.com
           kristen.mayer@tuckerellis.com
and

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:    (304) 345-7250
Fax:    (304) 345-9941
E-mail:  rabetts@agmtlaw.com
Attorneys *for Defendants Actavis Totowa LLC, Actavis Inc. and Actavis Elizabeth, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2009, a copy of the foregoing Motion to Quash or Modify Subpoena was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

TUCKER ELLIS & WEST LLP

By: */s/ Richard A. Dean*

Richard A. Dean (Ohio Bar #0013165),
CO-LEAD COUNSEL
Matthew P. Moriarty (WV Bar # 4571;
Ohio Bar 0028389),
CO-LEAD COUNSEL
Kristen L. Mayer (Ohio Bar #0055505)
925 Euclid Avenue, Suite 1150
Cleveland, OH   44115-1414
Tel:     (216) 592-5000
Fax:     (216) 592-5009
E-mail: richard.dean@tuckerellis.com
            matthew.moriarty@tuckerellis.com
            kristen.mayer@tuckerellis.com
and

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:     (304) 345-7250
Fax:     (304) 345-9941
E-mail: rabetts@agmtlaw.com
Attorneys *for Defendants Actavis Totowa
LLC, Actavis Inc. and Actavis
Elizabeth LLC*

7

# EXHIBIT A

Issued by the

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK DIVISION

#### SUBPOENA IN A CIVIL CASE

IN RE DIGITEK®
PRODUCTS LIABILITY LITIGATION          MDL NO. 1968

**Case pending in the Southern District of West Virginia**

---------------------------------------------------------------

To:  Custodian of Records, **Gibraltar Laboratories, Inc.**, 122 Fairfield Rd., Fairfield, **NJ 07004**

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom: |
|---|---|
|  | Date and Time: |

☐  YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case

| Place of Deposition | Date and Time: |
|---|---|

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**(See attached Exhibit "A")**

| Place | Date and Time: |
|---|---|
| **122 Fairfield Rd., Fairfield, NJ  07004** | **May 25, 2009 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date and Time: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matter on which the person will testify.  Federal Rules of Procedure, 30(b)(6).

1

Respectfully submitted on behalf of the
Plaintiffs' Steering Committee,

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P. O. Box 1723
Charleston 25326
*Co-Lead and Liaison Counsel*

Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Please See Federal Rules of Civil Procedure 45(c), (d) and (e) on next page.

2

## DEFINITIONS

### Document

The term "document" is intended to encompass all physical or electronic data, including the following: any medium by which information is recorded, stored, communicated or utilized, including papers (of any kind, type or character) and any method or medium by which information may be communicated, recorded or retrieved by people or by computers. The term includes, without limitations, photographs, photostats, x-rays, motion pictures, audiotape, videotape recordings, computer generated material (including e-mail), computer disks, CD-ROMS, computer tapes, databases, statistical and report writing data sources and any other form or type of computer stored or retrievable computer data, microfilm and microfiche or any other process by which information is reduced for storage or use. It is not intended to include any written communication between counsel and their respective clients unless such communication was made in the course of rendering business rather than legal advice.

If the document or information is to be produced in a computer-readable form, specify any software, hardware or information such as passwords or user-supplied files that are required in order to examine and use the information contained on the disks.

### Actavis Entity

The term "Actavis Entity" includes Actavis, Inc., Actavis Totowa LLC and Actavis Elizabeth, LLC, Actavis Group, Actavis Group hf or any other related entitity, division, subdivision or organization.

### Digitek® (Digoxin)

The term "Digitek®" is the brand-name of one of the cardiac glycosides, a closely related group of drugs having in common specific effects on the myocardium of the heart; and is intended to refer to any product manufactured, marketed, sold, distributed, licensed, advertised, promoted, analyzed and tested by Amide Pharmaceutical, Inc., or any Actavis Entity through their agents, representatives, servants and/or employees under any name in the United States and worldwide, including but not limited to the trade name Digitek®.

### You or Your, or the Defendant, or Said Defendant

Each of these terms or phrases refers to Gibraltar Laboratories, Inc and any employee or agent. Also included in this definition are Daniel L. Prince, Ph.D., and Herbert N. Prince, Ph.D.. Where documents or other materials are requested, those materials are to be produced by you if in your possession, custody or control.

4

**EXHIBIT "A"**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All contracts or written agreements entered into between you and Amide Pharmaceuticals, Inc or any Actavis entity related to Digitek®.

2. All documents, correspondence, memoranda, letters, e-mail, recordings, transcriptions or other material evidencing any and all conversations or communications of any kind that relate, in any way, to Digitek®.

3. The HPLC method used by your lab, including any changes to the method since you began working with Amide Pharmaceuticals, any Actavis Entity or any predecessor entity, concerning Digitek®.

4. The validation results for your HPLC method and HPLC Instrumentation, including records concerning accuracy, precision, recovery and linearity for each time you were working with Digitek®.

5. A five point calibration curve.

6. Typical chromatograms for both assays and calibration curves.

7. All chromatograms for both assays and calibrations curves concerning Digitek®.

8. An electronic copy of all raw data collected from any source, for testing of Digitek® or any of its ingredients or components.

9. An electronic copy of all raw data analyzed for the testing of Digitek® or any of its ingredients or components.

10. An electronic copy of all data stored in any work group application, shared work space, work-share platform or any other collaboration software related to Digitek®.

11. All documents, correspondence, memoranda, letters, e-mail or other written material and tangible things in your possession or subject to your control that concern services relating to stability, quality control, potency, content and uniformity of Digitek®.

12. All documents, correspondence, memoranda, letters, e-mail or other written material evidencing any and all conversations or communications of any kind by and between you and Amide Pharmaceuticals, any Actavis Entity or any predecessor entity, concerning the testing of Digitek® for any purposes.

5

13. All documents, correspondence, memoranda, letters, e-mail or other written material evidencing any and all conversations or communications of any kind by and between you and Amide Pharmaceuticals, any Actavis Entity or any predecessor entity, concerning development  and validation of test methods for testing of Active Drug Ingredient and Dosage Forms for Digitek®.

14. All documents, correspondence, memoranda, letters, e-mail or other written material evidencing any and all conversations or communications of any kind by and between you and Amide Pharmaceuticals, any Actavis Entity or any predecessor entity, concerning the plant in Little Falls, NJ.

15. All contracts or written agreements between you and Amide Pharmaceuticals, any Actavis Entity or any predecessor entity for any services you provided concerning Digitek®.

16. All documents, correspondence, memoranda, letters, e-mail or other written material in your possession or subject to your control, concerning any inspections or audits or other services provided related to the Little Falls, NJ plant.

17. All documents, correspondence, memoranda, letters, e-mail or other written material and tangible things in your possession or subject to your control that concern any consulting work with Amide Pharmaceuticals, any Actavis Entity or any predecessor entity concerning Digitek® or the Little Falls, NJ plant.

18. All documents, correspondence, memoranda, letters, e-mail or other written material and tangible things in your possession or subject to your control that concern any regulatory services or any other work you have done in relation to FDA standards or approval with Amide Pharmaceuticals, any Actavis Entity or any predecessor entity concerning Digitek® or the Little Falls, NJ plant.

19. All billing records or invoices for services rendered to Amide Pharmaceuticals, any Actavis Entity or any predecessor entity, for services you provided concerning Digitek® or the Little Falls, NJ plant.

**(END OF REQUESTS)**

CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009, I served via e-mail and United States mail a true and correct copy of the foregoing Notice of Service of Subpoena to:

Rebecca A. Betts, Defendants' Liaison Counsel
Allen Guthrie & Thomas, PLLC
P. O. Box 3394
Charleston, WV  25333-3394

Matthew P. Moriarty, Esq.
Richard A. Dean, Esq.
Tucker, Ellis & West, LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414

Madeleine McDonough, Esq.
Harvey Kaplan, Esq.
Shook, Hardy, & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108

Meghan Johnson Carter
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

# EXHIBIT B

## AFFIDAVIT OF AIDA SOTO

STATE OF NEW JERSEY          )
                             ) SS:
MORRIS COUNTY                )

Aida Soto, being sworn, states as follows:

1.      I am employed by Actavis Inc. as a Commercial Paralegal.

2.      Attached to this affidavit is a true and accurate copy of an Agreement entered into between Actavis Totowa LLC and Gibraltar Laboratory on May 21, 2007.  This Agreement is a business record of Actavis Totowa LLC, and kept in the ordinary course of business at Actavis.

3.      The Agreement provides that Gibraltar, during the course of performing various services for Actavis Totowa LLC, will receive confidential documents and property from Actavis Totowa LLC and will maintain the confidentiality of those documents and the information derived from those documents and property.

4.      To the best of my knowledge, and after reasonable inquiry, Gibraltar possesses information and documents supplied by or that belong to Actavis Totowa LLC and that may contain trade secrets and other confidential information as well as information about products other than Digitek®.

_Aida Soto_
Aida Soto

Subscribed and sworn to before me this
____ day of _____, 2009.

_____
Notary Public

**MARYLEA HUTCHASON**
**ID # 2376861**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 8/13/2013**

073021.000031.1051462.1

2

32680

# Confidentiality and Proprietary Agreement

This Confidentiality and Proprietary Agreement ("Agreement") is entered into this 21st day of May, 2007, by and between Actavis Totowa LLC for itself and on behalf of its affiliates, related companies and predecessors in interest (hereinafter referred to as "Actavis Totowa"), a Delaware Limited Liability Company with offices located at 101 East Main Street, Little Falls, NJ 07424 and Gibraltar Laboratory, a New Jersey corporation with offices located at: 122 Fairfield Road, Fairfield, NJ 07004 (hereinafter referred to as "Gibraltar Laboratory"), who together may hereinafter be referred to collectively as "Parties" or individually as "Party."

A.    **WHEREAS** Actavis Totowa and Gibraltar Laboratory wish to explore and discuss the potential of certain mutually advantageous business ventures; and

B.    **WHEREAS** Actavis Totowa and Gibraltar Laboratory, in furtherance of such exploration and discussions, will exchange certain financial, marketing, sales, scientific, development or other proprietary information; and

C.    **WHEREAS** Actavis Totowa and Gibraltar Laboratory each wish to maintain the confidentiality of such information by preventing unauthorized disclosure;

## WITNESSETH

That for and in consideration of the promises made herein, their mutual and individual interests, and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, Actavis Totowa and Gibraltar Laboratory hereby agree as follows:

## I.    EXCHANGE OF INFORMATION

Actavis Totowa and Gibraltar Laboratory agree to exchange such Confidential Information, as that term is defined herein, as is reasonably necessary to evaluate opportunities of mutual interest.

## II.    DEFINITION OF CONFIDENTIAL INFORMATION

For purposes of this Agreement "Confidential Information" means all non-public and/or proprietary information owned or possessed by the disclosing Party, whether existing before the date of this Agreement or created hereafter, including, without limitation: all notes, books, papers, diagrams, documents, reports, memoranda, concepts, formal or analytical methods, technical or scientific data, unpublished findings, biological material, know-how, specifications, processes, techniques, patent applications, algorithms, programs, designs, drawings, or formulae; any engineering, manufacturing, marketing, financial or business plan, and all other data or information in whatever form, disclosed by one Party to the other.   In the case of Confidential Information disclosed by Actavis Totowa, Confidential Information shall also include Confidential Information disclosed

*CONFIDENTIAL*

by or received from its subsidiaries or Actavis Group HF (collectively "Actavis Entities").

## III. CONFIDENTIALITY

Actavis Totowa and Gibraltar Laboratory agree that the recipient of the Confidential Information referred to in Articles I and II shall not disclose, cause, or permit the disclosure of said Confidential Information to any third party or parties, subject to the exceptions contained in Articles IV and V herein, without the prior written consent of the disclosing Party.

## IV. DISCLOSURE

Confidential Information may be disclosed, on a need to know basis, to consultants, agents, and advisors of either Actavis Totowa or Gibraltar Laboratory; provided, that the receiving Party shall cause those to whom Confidential Information or data is disclosed, regarding or concerning the matters contemplated herein to observe the restrictions set forth in this Agreement. Any Party may also disclose such Confidential Information as it deems appropriate to its employees provided such employees have a need to know. Actavis Totowa and Gibraltar Laboratory agree to enforce the terms and provisions of this Agreement as to any such employee, consultant, agent or advisor who receives Confidential Information hereunder, and to assume liability for any unauthorized use or disclosure of Confidential Information by any or all such persons.

## V. EXCEPTIONS

Notwithstanding anything to the contrary contained herein, the recipient of Confidential Information disclosed hereunder shall be under no duty to maintain the confidentiality or restriction on use of any such Confidential Information which:

    (a)    At the time of disclosure is within the public domain.

    (b)    After disclosure becomes a part of the public domain through no fault, act or failure to act, error, effort or breach of this Agreement by the recipient.

    (c)    Is known to the recipient at the time of disclosure.

    (d)    Is discovered or developed by the recipient independently of any disclosure by the disclosing Party.

    (e)    Is obtained from a third party who has acquired a legal right to possess and disclose such Confidential Information.

## VI. RESTRICTION OF USE

The receiving Party will not use for its own purpose or cause or permit to be used by others, either directly or indirectly, any Confidential Information provided by the disclosing Party hereunder without the prior written consent of the disclosing Party.

## VII.    TERM OF AGREEMENT

A.    The exchange of Confidential Information shall begin on the date on which the last signature is affixed hereto and shall conclude five (5) years after the latest date on which Confidential Information is disclosed hereunder.

B.    The Parties' confidentiality duties and restrictions on use pursuant to this Agreement shall continue through and after the expiration of the term of this Agreement for information that the disclosing Party, prior to expiration of the term, has identified to the recipient in writing as remaining Confidential Information after the expiration of the term.

## VIII.  REMEDIES

Both Actavis Totowa and Gibraltar Laboratory agree that: (a) the confidentiality provisions contained herein are reasonable; (b) any breach of a receiving Party's obligations hereunder will cause irreparable damage for which the disclosing Party will have no adequate remedy at law; and (c) the disclosing Party shall be entitled to seek and obtain an injunction and immediate restraints against any breach, threatened breach, or potential breach, of this Agreement, in addition to any other remedy it may have under this Agreement, at law, or in equity.

## IX.    RETURN OF DOCUMENTS AND PROPERTY

The recipient of any Confidential Information shall promptly return all Confidential Information upon the request of the disclosing Party; in such case, the recipient may retain one (1) confidential copy of the returned Confidential Information under the control of its counsel, solely to evidence the scope of its confidentiality obligations hereunder.

## X.    ENTIRE AGREEMENT

The terms and conditions contained herein express the entire Agreement between Actavis Totowa and Gibraltar Laboratory insofar as the exchange of Confidential Information is concerned, and creates no other obligation or relationship between them.

## XI.    MODIFICATION

This Agreement may be changed, amended or otherwise modified only by a written statement; provided, such statement is signed by both Parties, expresses their intent to change the Agreement and specifically describes such change(s).

## XII.    COUNTERPARTS/TELEFAX SIGNATURES

This Agreement may be signed in two counterparts, each of which is to be considered an original, and taken together as one and the same document.  Signatures to this Agreement may also be transmitted via telefax or other electronic means, signatures obtained in this manner shall be considered original.

## XIII.   AUTHORITY OF PARTIES

Each Party represents and warrants to the other that it is fully authorized to execute this Agreement and to bind its principal, if any, and to perform its obligations hereunder according to the terms set forth herein.  Each Party further represents that its execution of this Agreement and performance of its obligations hereunder, are not and will not be in violation of any obligations it may have to any third party.

## XIV.   INTELLECTUAL PROPERTIES

This Agreement grants no copyright, trademark, trade secrets, patent rights, or licenses, express or implied to either Party.

## XV.    GOVERNING LAW

Any and all actions between the Parties regarding the interpretation or application of any term or provision contained herein shall be governed by and interpreted in accordance with the laws of the State of Delaware.  Actavis Totowa and Gibraltar Laboratory each do hereby respectively consent and agree to personal jurisdiction in the state and federal courts sitting in the State of Delaware with respect to any and all action brought hereunder.

## XVI.   DOCUMENT PREPARATION

The Parties acknowledge and agree that this Agreement is a product of negotiations on both sides and that no inference should be drawn regarding the drafter of this document. The recitals are hereby incorporated and made part of this Agreement.

(The Remainder of This Page Left Blank Intentionally.)

**IN WITNESS** of their Agreement to the terms and conditions contained herein Actavis Totowa and Gibraltar Laboratory have caused the following signatures to be affixed hereto:

ACTAVIS TOTOWA LLC                    GIBRALTAR LABORATORY

By: _____        By: _____

Title: _Director, Project Mgt._       Title: _President_

Date: _06-04-07_                      Date: _5/21/07_

# EXHIBIT C

# TUCKER ELLIS & WEST LLP
### ATTORNEYS AT LAW

1150 Huntington Bldg.  925 Euclid Avenue  Cleveland, Ohio 44115-1414
phone  216.592.5000  fax 216.592.5009  Web: www.tuckerellis.com

### CLEVELAND  COLUMBUS  LOS ANGELES  SAN FRANCISCO

Direct Dial: 216.696.2276
Email: matthew.moriarty@tuckerellis.com

June 4, 2009

Harry Bell
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, West Virginia 25326
(hfbell@belllaw.com)

Fred Thompson
Motley Rice
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(fthompson@motleyrice.com)

Carl Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Rd.
Weirton, WV  26062
(carln@facslaw.com)

Re:     Gibraltar Laboratories Subpoena

Gentlemen:

I am glad we were finally able to have our "meet and confer" regarding the Gibraltar Laboratories subpoena.  As we told you over the telephone, it is our position that PTO No. 12 applies to these circumstances.  You cannot obtain Actavis documents directly from Actavis' third party contractors when those documents could constitute trade secrets or other protected materials, or pertain to products other than Digitek®.  PTO No. 12 gives us the right to redact such documents before they are produced.

We intend to file a motion to quash or modify your subpoena within the next 24 hours. We will fax a copy to Gibraltar Labs.  If you want to discuss further resolution of this issue, please contact me, Dick Dean or Mike Anderton.

# TUCKER ELLIS & WEST LLP

June 4, 2009
Page 2


Sincerely,

Matthew P. Moriarty

MPM:rcf
Cc (via e-mail):          Ericka Downie
                          Rebecca Betts
                          Dick Dean
                          Steve Stadtmauer

073021.000031.1051421