IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
   LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA

On June 4, 2009, Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC (collectively "Defendants") filed a Motion to Quash or Modify the Subpoena Plaintiffs issued to Gibraltar Laboratories, Inc. ("Gibraltar"). The basis for Defendants' Motion to Quash or Modify is that Plaintiffs would not permit Defendants to redact information from the documents Gibraltar will produce in response to the Subpoena before the documents are produced to Plaintiffs, in accordance with the provisions of the Protective Order stipulated to by the parties and entered by the Court in this matter. (*See* ECF No. 71.) The Court granted Defendants' request to stay the Gibraltar subpoena until the Court resolves the issues raised by Defendants' Motion to Quash or Modify. (ECF No. 135.)

Plaintiffs' response to Defendants' Motion to Quash or Modify puts forth no evidence or argument that prevents the Court from granting Defendants' Motion. Indeed, by filing a "Cross-Motion" asking that the Protective Order – PTO #12 – be modified, Plaintiffs implicitly concede that, under the current Protective Order, Defendants' Pending Motion to Quash or Modify should be granted. Specifically, the Gibraltar subpoena should be quashed or modified so that it directs that any documents produced by Gibraltar should first be produced to Defendants so the documents can be reviewed and redacted as necessary under the Protective Order before they are produced to Plaintiffs in redacted form.

073021.000031.1052320.1

Plaintiffs essentially have offered no substantive response to the issues raised by Defendants' narrowly-focused Motion to Quash or Modify. Plaintiffs' Response[1] concedes that the Protective Order – *entitles* a "Supplying Party" to redact "[a]ny information relating to products other than Digitek®, unless manufacturing information about a product other than Digitek is reasonably related to Digitek manufacturing." (ECF No. 71 at ¶ II(F)(4).) The Protective Order also *entitles* Defendants to redact "[h]ighly confidential trade secrets such as those related to the formulation of Digitek®," and "[h]ighly confidential business and proprietary information related to sales data . . . except sales of Digitek." (*Id.* at ¶¶ II(F)(2) and II(F)(3).) Concerning Defendants' confidential information that is in the hands of a third party and may be produced by the third party, Defendants have the "same rights as a Supplying Party under [the Protective Order] with respect to such information." (ECF No. 71 at ¶ II(D).)

Defendants have submitted testimony and evidence that Gibraltar likely possesses information and documents supplied by or that belong to Actavis Totowa LLC and that may be subject to Defendants' right to redact under the Protective Order because they contain information about products other than Digitek® and possibly contain trade secrets and other confidential information as well. (*See* Soto Aff. attached to ECF No. 134 at ¶ 4.) This is sufficient to trigger Defendants' right to redact such information before Plaintiffs see the documents. (ECF No. 71.)

Under the Protective Order, Plaintiffs may secure this information only by motion with a showing of good cause. (ECF No. 71 at ¶ II(F).) Plaintiffs' Response fails to address the issue of good cause under the Protective Order as it pertains to the information in the Gibraltar documents; instead, Plaintiffs, by cross-motion, ask the Court to re-write the terms of the Protective Order

---

[1] Plaintiffs' Response to Defendants' Motion to Quash and Cross-Motion to Expand and Define the Scope of Discovery was filed June 9, 2009 and was filed under seal. Defendants, therefore, will not attach either the Response or any of the exhibits attached to the Response to this Reply. (*See* ECF No. 136.)

2

Plaintiffs agreed to just four months ago. (*See* ECF No. 136.)[2] Plaintiffs concede the Gibraltar documents may contain Defendants' information relating to drugs other than Digitek® and ignore the issue of trade secrets and confidential business information. (ECF No. 136.)

Rule 45(c)(3)(A)(iii) is clear on its face. When a subpoena requires disclosure of "privileged or protected matter" the court "must quash or modify the subpoena." The Protective Order entered by this Court plainly makes information relating to other drugs and Defendants' trade secret or other confidential information "protected matter" – Defendants are entitled to redact and keep such information from Plaintiffs. Plaintiffs' response does nothing to counter the evidence set forth by Defendants.

Plaintiffs also request that the Court review all responsive documents before Defendants redact the privileged information. (*See* ECF No. 136 at 1.) This is not the mechanism contemplated by the Protective Order. Defendants are required to make their confidential designations and redactions in good faith and are entitled to do so subject to Plaintiffs' right to contest any designation by a showing of good cause. Plaintiffs do not challenge Defendants' contention that the Gibraltar documents may contain confidential information subject to redaction. Having the Court review the documents before Defendants, in good faith, review and redact the documents would re-write another aspect of the Protective Order with no basis for doing so – Plaintiffs have not so much as suggested that Defendants have abused their right to designate and redact confidential information. Indeed, Defendants have not even had the chance to review the documents and redact any information, so there is nothing for Plaintiffs to challenge and no basis for their request for Court intervention.

---

[2] Defendants have focused this Reply on the issues raised by their Motion to Quash or Modify the Gibraltar subpoena and not on the issue of whether the scope of discovery should be dramatically altered as Plaintiffs request by their cross-motion. Defendants will address the issues raised by Plaintiffs' cross-motion in separate briefing pursuant to a briefing schedule established by the Court.

073021.000031.1052320.1

**CONCLUSION**

Defendants respectfully request that the Court grant Defendants' Motion Quash or Modify the Subpoena and that the Court modify the subpoena to indicate that Gibraltar shall first produce any documents it has that may be responsive to the subpoena to Defendants for timely review and, as appropriate, redaction of confidential information Defendants are entitled to redact under the Protective Order. Defendants further request that the Court establish a briefing schedule for the parties to address the issues raised by Plaintiffs' cross-motion – whether the Court should modify PTO #12 and expand the scope of discovery to any document in Defendants' possession.

<div style="margin-left:50%">

TUCKER ELLIS & WEST LLP

By: */s/ Richard A. Dean*
  Richard A. Dean (Ohio Bar #0013165),
  CO-LEAD COUNSEL
  Matthew P. Moriarty (WV Bar # 4571;
  Ohio Bar 0028389),
  CO-LEAD COUNSEL
  Kristen L. Mayer (Ohio Bar #0055505)
  925 Euclid Avenue, Suite 1150
  Cleveland, OH  44115-1414
  Tel:    (216) 592-5000
  Fax:    (216) 592-5009
  E-mail: richard.dean@tuckerellis.com
          matthew.moriarty@tuckerellis.com
          kristen.mayer@tuckerellis.com
 and

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:    (304) 345-7250
Fax:    (304) 345-9941
E-mail: rabetts@agmtlaw.com
Attorneys *for Defendants Actavis Totowa LLC, Actavis Inc. and Actavis Elizabeth, LLC*

</div>

073021.000031.1052320.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, a copy of the foregoing Reply Brief in Support of Defendants' Motion to Quash or Modify Subpoena was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>TUCKER ELLIS & WEST LLP
>
>By: */s/ Richard A. Dean*
>   Richard A. Dean (Ohio Bar #0013165),
>   CO-LEAD COUNSEL
>   Matthew P. Moriarty (WV Bar # 4571;
>   Ohio Bar 0028389),
>   CO-LEAD COUNSEL
>   Kristen L. Mayer (Ohio Bar #0055505)
>   925 Euclid Avenue, Suite 1150
>   Cleveland, OH   44115-1414
>   Tel:     (216) 592-5000
>   Fax:    (216) 592-5009
>   E-mail: richard.dean@tuckerellis.com
>           matthew.moriarty@tuckerellis.com
>           kristen.mayer@tuckerellis.com
>   and
>
>   Rebecca A. Betts, LIAISON COUNSEL
>   500 Lee Street East, Suite 800
>   Charleston, West Virginia 25301
>   Tel:     (304) 345-7250
>   Fax:    (304) 345-9941
>   E-mail:  rabetts@agmtlaw.com
>   Attorneys *for Defendants Actavis Totowa LLC, Actavis Inc. and Actavis Elizabeth LLC*

5