```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**IN RE DIGITEK®**
    **PRODUCT LIABILITY LITIGATION**          **MDL NO. 1968**

---

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER # 26
### (Filing Under Seal)

Pending before the court is Plaintiffs' motion (docket # 136) for leave to file under seal their response to the motion to quash or modify subpoena filed by defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC ("Defendants"). Plaintiffs' response includes documents which have been marked by Defendants as "Confidential," namely Exhibit B, excerpts from the deposition of James Fitzpatrick, Exhibit C, excerpts from the deposition of Anthony Delicato, and Exhibit D, floor plans of Defendants' manufacturing buildings.

Pretrial Order No. 12 provides, in pertinent part, as follows:

**VI.**   **Filing of Confidential Information with the Court**

A.   Without written permission from counsel of record for the Supplying Party, a party may not file in the public record in this proceeding any Confidential Information. A party that seeks to file under seal any Confidential Information must file a Motion to Seal testimony or exhibits in accordance with and subject to local and federal rules. When submitting deposition testimony that has been designated as "Confidential," the submitting party shall propose to submit to the

>     extent reasonably possible only those pages of the
>     deposition transcript that are cited, referred to,
>     or relied on by the submitting party.

(Pretrial Order # 12, Stipulated Protective Order, docket # 71, at 10.) Plaintiffs' motion for leave to file under seal does not indicate whether permission was sought from Defendants' counsel not to file under seal the documents and deposition excerpts marked "Confidential."

At the status conference with counsel on June 17, 2009, the court inquired as to whether Defendants' counsel objected to the filing of the materials marked "Confidential" on the record. By letter dated June 18, 2009, counsel for Defendants, Matthew P. Moriarty, has advised the court that Defendants do not object to the filing on the public record of Plaintiffs' response, except for the identification of two consulting companies hired by Actavis, the names of which appear in the excerpts of James Fitzpatrick's deposition (Exhibit B to Plaintiffs' response).

This court's Local Rule respecting the submission of documents to be filed under seal provides as follows:

>     (b) Sealed Documents
>         **(1) General:** The rule requiring public inspection
>         of court documents is necessary to allow interested
>         parties to judge the court's work product in the
>         cases assigned to it. The rule may be abrogated
>         only in exceptional circumstances.
>         **(2) Submission:** Unless otherwise authorized by law,
>         a motion to seal shall be accompanied by a
>         memorandum of law which contains:
>         (A) the reasons why sealing is necessary, including
>         the reasons why alternatives to seal, such as
>         redaction, are inadequate;

>(B) the requested duration of the proposed seal; and
>(C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our court of appeals.

LR Civ P 26.4. This Local Rule and relevant cases, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986), and *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), are cited in Pretrial Order # 12, at 10. That Pretrial Order also provides that "[t]he proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record."

Although the motion for leave to file under seal was filed by Plaintiffs pursuant to their responsibilities under Pretrial Order # 12, Defendants are the proponents of continued confidentiality. The court has reviewed the references which are of concern to Defendants and finds that there is no reason to withhold the references from the public record. Defendants have failed to show exceptional circumstances or that the references constitute "a trade secret or other confidential research, development, or commercial information" entitled to protection by Rule 26(c), *Fed. R. Civ. P.* Accordingly, it is hereby **ORDERED** that Plaintiffs' motion for leave to file under seal (# 136) is denied, and the Clerk is directed to file Plaintiffs' response to Defendants' motion to quash and cross-motion to expand and define the scope of

discovery and its exhibits.

It is further **ORDERED** that henceforth the parties shall confer, prior to the filing of a motion for leave to file under seal, concerning the necessity of preventing public access to documents that have been marked "Confidential."  The court will apply the standards set forth in Rule 26(c)(1), *Fed. R. Civ. P.*, and Local Rule LR Civ P 26.4, whenever a motion for leave to file under seal is submitted.

The Clerk is directed to file this Order in 2:08-md-1968 which shall apply to each member Digitek®-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:09-cv—695.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: June 19, 2009

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge