IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
      LITIGATION

MDL NO. 1968

_____

THIS DOCUMENT RELATES TO ALL CASES

### PLAINTIFFS MOTION FOR AN ORDER PERMITTING EX-PARTE CONTACT WITH FORMER ACTAVIS EMPLOYEES

Plaintiffs respectfully move that this Court enter an order that the West Virginia Rules of Professional Conduct govern counsel's contact with the Actavis Defendants' former employees. In multidistrict litigation, the transferee Court is to apply its own law when ruling on discovery disputes; to hold otherwise would be in contravention of Congressional intent and would undermine the entire purpose of MDL consolidation. The alternative would require reference to the state rules of the domicile of the defendants and former employees. Such a patchwork of rules, varying state by state, would expose counsel to a dizzying array of rules that would be inefficient, and would plunge this court into a role of applying fifty states' rules. It need not take that uncertain path. The settled law is clear that the better rule is for the MDL court to apply the law of the forum. In this case, the proper choice of law is West Virginia.

Under the West Virginia Rules of Professional Conduct adopted by this Court, ex-parte contact with former employees of an adverse corporate party is permissible. Based upon the foregoing, Plaintiff's respectfully ask that the court enter an order that Plaintiffs may make ex-parte contact with the Defendant's former employees.

A Brief in support of this motion is attached.

1

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Fred Thompson, III Esq._____
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
***Co- Lead Counsel***
