IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
LITIGATION

MDL NO. 1968

_____

THIS DOCUMENT RELATES TO ALL CASES

### PLAINTIFFS' MASTER OBJECTIONS' TO DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO VARIOUS PLAINTIFFS

The Plaintiffs' Steering Committee objects to Defendants' service of individual discovery requests on MDL Plaintiffs. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants have served requests for admission on a number of individual plaintiffs.

In each case the Requests have been identical and are as follows:

**REQUEST FOR ADMISSION NO. 1**:   Admit that you did not serve Defendants with any of Plaintiff's medical records or pharmacy records when you served the Plaintiff Fact Sheet.

**REQUEST FOR ADMISSION NO. 2**:   Admit that you did not have any of Plaintiff's medical records or pharmacy records in your possession when you filed the Complaint in this case.

**REQUEST FOR ADMISSION NO. 3:**   Admit that you did not have any of Plaintiff's medical records or pharmacy records in your possession when you served Defendants with the Plaintiff Fact Sheet on XX/XX/2009.

Plaintiffs object to the service of these requests because service is not timely according to PTO # 16, and Defendants seek to circumvent the deficiency process set up by this Court.

This Court's PTO # 16 lays out the discovery timeline in detail. Until an individual case is selected for Trial, the only authorized individual case discovery, excluding class actions, is

contained in the Plaintiffs Fact Sheet Section.[1] (ECF No. 87). Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a Trial group and the "discovery initial date" is triggered.

Further, under the Deficiency process[2], if a Plaintiff fails to cure a deficiency within thirty days of receiving a deficiency letter, "Defendants may seek an Order to Show Cause why the case should not be dismissed." Defendants are using the requests for admission to circumvent this process. (ECF No. 87).

If this Court finds that the service of the discovery requests was proper, Plaintiffs also object to the individual requests. On June 4, 2009, Plaintiffs wrote a letter to the Court concerning the production of medical and pharmacy records and the Plaintiffs Fact Sheets requirements, and these statements still hold true. Additionally, the Plaintiffs believe that the requests advanced are improper under the rules. Rule 36 of the Federal Rules of Civil Procedure states

> A party may serve on any other party a written request to admit, for the purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The Defendants requests do not comply with this rule as the requests are not reasonably calculated to lead to the discovery of admissible evidence. The specific facts, circumstances and considerations supporting the decision by Plaintiff and Plaintiffs' attorney to file suit do not bear on the issues of liability or damages.

---

[1] Section IV (A) of PTO # 16.

[2] Section IV(A) (5) of PTO # 16.

Further, the requests advanced are not aimed at the "party" and instead are directed at the attorney. The requests call for the discovery of information that is protected by the attorney-client privilege and/or the work product privilege.

In Conclusion, Plaintiffs object to both the service and content of Defendants' requests as improper under the rules and this Court's PTO # 16.

Dated: July 6, 2009                    Respectfully submitted,

                                            On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson, III Esq._____
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Fred Thompson, III Esq._____
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*
