IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
  LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER PERMITTING *EX PARTE* CONTACT WITH FORMER ACTAVIS EMPLOYEES ON BEHALF OF DEFENDANTS ACTAVIS TOTOWA LLC, ACTAVIS INC., AND ACTAVIS ELIZABETH LLC**

**I.    INTRODUCTION**

Plaintiffs' Motion (ECF No. 153) asks this Court for unfettered *ex parte* access to former Actavis employees, which is not authorized under either New Jersey or West Virginia law, let alone the ABA Model Rules of Professional Conduct. While Plaintiffs may conduct informal *ex parte* interviews with some former Actavis employees if the forum rule is applied, Plaintiffs are not entitled to "a safe harbor[1] on the controlling ethical guidelines" that does not address which former employees will be contacted, whether those former employees have attorney-client or

---

[1] Plaintiffs ask this Court to create a "safe harbor" that absolves their conduct during *ex parte* contact with former employees – not provide guidelines for ethical conduct. (*See* Mt. for *Ex Parte*.) Plaintiffs' request is beyond the authority of this Court. No matter what this Court orders, lawyers are bound by the disciplinary rules of the states in which they are licensed and arguably by the disciplinary rules of states in which they venture to conduct depositions and *ex parte* interviews. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 911 F. Supp. 148, 151 (D.N.J. 1995).

work product information, or how Plaintiffs would ensure compliance with the ethical requirements for contacting an unrepresented person.

To promote both compliance with the applicable ethical rules and consistency and efficiency during discovery, the Actavis Defendants request that the Court deny Plaintiffs' Motion for unrestricted access to former Actavis employees, and instead adopt specific ethical guidelines requiring that Plaintiffs: (1) identify and provide notice to the Court and to Actavis Defendants of each former Actavis employee they intend to contact; and (2) send a Court-approved letter to the former Actavis employees at least one week prior to contacting them that details the required *Cole v. Appalachian Power Company* disclosures for dealing with an unrepresented person, and indicates that the Actavis Defendants will provide their former employees with independent counsel should they request representation. *See Cole v. Appalachian Power Co.,* 903 F. Supp. 975, 980 (S.D. W. Va. 1995).

## II. LAW AND ARGUMENT

### A. Plaintiffs' Motion Does Not Comport With Either New Jersey or West Virginia Law.

This Court need not entertain a protracted choice of law analysis because Plaintiffs' requested Order is inappropriate under any applicable law. Plaintiffs believe that whether they can have unrestricted *ex parte* contact with former Actavis employees is determined by what law may apply – New Jersey or West Virginia.[2] (*See* Mot. for *Ex Parte* at 2-3). To be sure, New Jersey and West Virginia have adopted different interpretations of Rule 4.2, "Communication

---

[2] Plaintiffs' Motion also ignores the practical reality that there are various state actions and even state MDLs regarding Digitek®. As a result, there are New Jersey lawyers with cases in both the MDL and the State of New Jersey. While this Court may choose to follow the ethical rules governing this jurisdiction, a New Jersey lawyer, conducting an *ex parte* interview of a former Actavis employee who resides in New Jersey, could be subject to discipline in New Jersey. *See* N.J. RPC 8.5. That lawyer will not be able to rely on a "safe harbor" to absolve his or her conduct. To avoid this scenario, this Court should adopt the guidelines set forth above that will ensure compliance with New Jersey law, West Virginia law, and the ABA Model Rules of Professional Conduct.

with Person Represented by Counsel," of the ABA Model Rules of Professional Conduct. Rule 4.2 of New Jersey's Rules of Professional Conduct precludes *ex parte* contact with a "litigation control group" that by definition includes former employees. *See* N.J. RPC 1.13(a); *see also Andrews v. Goodyear Tire & Rubber Co.,* 191 F.R.D. 59, 76-78 (D.N.J. 2000). The West Virginia Supreme Court of Appeals, on the other hand, has concluded "that Rule 4.2 of the Rules of Professional Conduct is not designed to foreclose *ex parte* interviews of former employees . . . ." *See Charleston Area Medical Ctr. v. Zakaib*, 437 S.E.2d 759, 764 (W. Va. 1993). But this difference between Rule 4.2 under New Jersey and West Virginia law does not mean *ex parte* interviews of former employees are without limitation in this Court.

This Court has adopted legal protections under both West Virginia law and the ABA Model Rules of Professional Conduct that preclude Plaintiffs' request for unrestricted access to former Actavis employees. *See* L.R. Civ. P. 83.7. For example, the West Virginia Supreme Court of Appeals in *Zakaib* recognized that binding statements made during the course of employment, but revealed during the *ex parte* interview of a former employee, would be protected under West Virginia's interpretation of Rule 4.2. *See Zakaib*, 437 S.E.2d at 763, n. 5. Moreover, the *Cole* court, to ensure compliance with Rule 4.3, "Dealing with Unrepresented Person," adopted requirements that every lawyer, or his or her investigator, "shall" follow when conducting an *ex parte* interview:

> The attorney or her investigator shall (1) fully disclose their representative capacity to the employee, (2) state the reason for seeking the interview as it concerns the attorney's client and employer, (3) inform the individual of his or her right to refuse to be interviewed, (4) inform the person that he or she has the right to have their own counsel present, and (5) not, under any circumstances, seek to obtain attorney-client or work product information from the employees.

*Cole*, 903 F. Supp. at 980 (citing *McCallum v. CSX Transp., Inc.*, 149 F.R.D. 104, 112 (M.D.N.C. 1993)). These protections are required under West Virginia law and ensure that the former employee understands the lawyer's role and that he or she is not disinterested in this case.

Thus, whether under New Jersey law, West Virginia law, or the ABA Model Rules of Professional Conduct, this Court should deny Plaintiffs' request for unfettered access to former Actavis employees.

### B. This Court Should Adopt Reasonable Restrictions and Protections for *Ex Parte* Interviews of Former Actavis Employees.

This Court should follow the lead of other courts concerned with controlling *ex parte* access to current and former employees by adopting guidelines that will protect the parties, former employees, and counsel alike. *See Camden v. Maryland*, 910 F. Supp. 1115, 1121 (D. Md. 1996) (holding that "[w]here the risk of breaching protected areas is great, prophylactic provision must be made for monitoring."); *see also McCallum*, 149 F.R.D. at 112 (citing *In re Environmental Ins. Declaratory Judgment Actions*, 252 N.J. Super. 510, 600 A.2d 165, 170-71 (1991); *Monsanto Co. v. Aetna Casualty and Surety Co.*, 593 A.2d 1013 (Del. 1990)). Specifically, this Court should adopt ethical guidelines requiring that Plaintiffs: (1) identify and provide notice to the Court and the Actavis Defendants of each former Actavis employee they intend to contact; and (2) send a Court-approved letter to the former Actavis employees at least one week prior to contact that details the required *Cole* disclosures for dealing with an unrepresented person, and indicates that the Actavis Defendants will provide their former employees with independent counsel should they request representation. *See Cole v. Appalachian Power Co.,* 903 F. Supp. 975, 980 (S.D. W. Va. 1995). By adopting these procedures, this Court will be able to ensure that attorney-client and work product information

4

will be protected, and that when former employees are contacted *ex parte*, they understand the nature of the call and their rights. *See McCallum*, 149 F.R.D. at 112.

Plaintiffs should be required to identify all former employees they intend to contact *ex parte* so that the Actavis Defendants can bring to this Court's attention former employees that should either not be contacted *ex parte*, or only be contacted with specific limitations in place because of their extensive knowledge of attorney-client or work product information. *See Camden*, 910 F. Supp. at 1122 (holding that "[a]mple case authority supports limitations on contact with former employees who have had extensive exposure to privileged information."). Even *ex parte* interviews allowable under West Virginia law cannot delve into attorney-client communications or work product. *See Cole*, 903 F. Supp. at 980 (holding that counsel may "not, under any circumstances, seek to obtain attorney-client or work product information" during the *ex parte* communication). Plaintiffs may argue that they are only attempting to obtain factual information from these former employees, but some of these individuals were in high-level positions, regularly consulting with counsel and implementing their legal advice. (*See* Mot. for *Ex Parte* at 2). Even lower-level employees may have privileged information if they supplied the information to counsel. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1991) (holding that "privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). Still others were retained as consultants and continue to regularly consult with counsel for the Actavis Defendants regarding this litigation. These former Actavis employees were, and in some instances still are, so intimately involved with this litigation that any *ex parte* communication would undoubtedly reach beyond mere factual information and into attorney-client communications and work product.

5

Similarly, bringing the required *Cole* disclosures to the former employee's attention in writing, before he or she is contacted by Plaintiffs' counsel, will ensure that the former employee knows who the lawyer is when he or she calls, the lawyer's role in the case, and that the lawyer is not a disinterested party. *See McCallum*, 149 F.R.D. at 112. Plaintiffs' Motion fails to address any of the required disclosures in Rule 4.3 that protect unrepresented persons who are contacted by counsel. (*See* Mot. for *Ex Parte* at 7.) The ABA Committee on Ethics and Professional Responsibility describes the perils that await a lawyer that contacts a former employee without strictly complying with Rule 4.3:

> With respect to any unrepresented former employee, of course, the potentially-communicating adversary attorney must be careful not to seek to induce the former employee to violate the privilege attaching to attorney-client communications to the extent his or her communications as a former employee with his or her former employer's counsel are protected by the privilege (a privilege not belonging to or for the benefit of the former employee, by the former employer). Such an attempt could violate Rule 4.4 (requiring respect for the rights of third persons).
>
> The lawyer should also punctiliously comply with the requirements of Rule 4.3, which addresses a lawyer's dealings with unrepresented persons. That rule, insofar as pertinent here, requires that the lawyer contacting a former employee of an opposing corporate party make clear the nature of the lawyer's role in the matter giving occasion for the contact, including the identity of the lawyer's client and the fact that the witness's former employer is an adverse party. See, e.g., Brown v. Peninsula Hospital Centers, 64 A.D.2d 685, 407 N.Y.S.2d 586 (App.Div.1978) (attorneys for defendant hospital should have disclosed potential conflict of interest before talking to treating physician and producing him for deposition as hospital's representative); ABA Informal Opinion 908 (1966).

ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 91-359 (1991). In other words, "[w]hen contact is made, certain precautions need to be observed." *McCallum*, 149 F.R.D. at 112. As quoted above, this Court adopted a set of procedures in *Cole* that every lawyer or investigator "shall" follow when contacting an unrepresented employee. *See Cole*, 903 F. Supp.

at 980. The Actavis Defendants merely ask that the Court approve a letter from Plaintiff to each former Actavis employee that addresses the *Cole* requirements and informs the former employee that the Actavis Defendants are willing to provide independent counsel should they desire representation during any informal or formal discovery.[3]

This Court should adopt these limited guidelines outlined above because they will preserve attorney-client and work product information and provide an efficient and consistent procedure that will govern all *ex parte* contact of former Actavis employees.

## III.  CONCLUSION

In sum, the Actavis Defendants request that this Court deny Plaintiffs' Motion for unfettered access to former Actavis employees, and instead adopt specific ethical guidelines requiring that Plaintiffs: (1) identify and provide notice to the Court and the Actavis Defendants of each former Actavis employee they intend to contact so Actavis can inform this Court if there are some former employees who should not be contacted because of their knowledge of protected information; and (2) send a Court-approved letter to the former Actavis employees at least one week prior to contacting them that details the required *Cole* disclosures for dealing with an unrepresented person, and indicates that the Actavis Defendants will provide their former employees with independent counsel should they request representation.  *See Cole v. Appalachian Power Co.,* 903 F. Supp. 975, 980 (S.D. W. Va. 1995).

---

[3]  The Actavis Defendants recommend that this Court require Plaintiffs to submit a proposed letter to the Court as outlined above and allow the Actavis Defendants to comment on its content.

| | |
|---|---|
| ALLEN GUTHRIE McHUGH & THOMAS, PLLC | TUCKER ELLIS & WEST LLP |
| By: */s/ Rebecca A. Betts* <br> Rebecca A. Betts, LIAISON COUNSEL <br> 500 Lee Street East, Suite 800 <br> Charleston, West Virginia 25301 <br> Tel:     (304) 345-7250 <br> Fax:    (304) 345-9941 <br> E-mail:  rabetts@agmtlaw.com | By: */s/ Richard A. Dean* <br> Richard A. Dean (Ohio Bar #0013165), <br> CO-LEAD COUNSEL <br> Matthew P. Moriarty (WV Bar # 4571; <br> Ohio Bar # 0028389), <br> CO-LEAD COUNSEL <br> Kristen L. Mayer (Ohio Bar #0055505) <br> 925 Euclid Avenue, Suite 1150 <br> Cleveland, Oh  44115-1414 <br> Tel:    (216) 592-5000 <br> Fax:    (216) 592-5009 <br> E-mail: richard.dean@tuckerellis.com <br>             matthew.moriarty@tuckerellis.com <br>             kristen.mayer@tuckerellis.com |

*Attorneys for Defendants*
*Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2009, a copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion for an Order Permitting *Ex Parte* Contact with Former Actavis Employees on behalf of Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| ALLEN GUTHRIE McHUGH & THOMAS, PLLC | TUCKER ELLIS & WEST LLP |
| By: */s/ Rebecca A. Betts*<br>Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel:  (304) 345-7250<br>Fax:  (304) 345-9941<br>E-mail:  rabetts@agmtlaw.com | By: */s/ Richard A. Dean*<br>Richard A. Dean (Ohio Bar #0013165), CO-LEAD COUNSEL<br>Matthew P. Moriarty (WV Bar # 4571; Ohio Bar # 0028389), CO-LEAD COUNSEL<br>Kristen L. Mayer (Ohio Bar #0055505)<br>925 Euclid Avenue, Suite 1150<br>Cleveland, Oh  44115-1414<br>Tel:  (216) 592-5000<br>Fax:  (216) 592-5009<br>E-mail: richard.dean@tuckerellis.com<br>matthew.moriarty@tuckerellis.com<br>kristen.mayer@tuckerellis.com |

*Attorneys for Defendants*
*Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

073021.000031.1056230.1