IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
        LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**DEFENDANTS' RULE 36(a)(6) MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFFS' MASTER OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION TO VARIOUS PLAINTIFFS**

**I.  INTRODUCTION**

Defendants, under Federal Rule of Civil Procedure 36(a)(6), respectfully request the Court to determine the sufficiency of Plaintiffs' Master Objections to Defendants' First Request for Admission to Various Plaintiffs. Defendants submitted three short requests for admission targeted at Rule 11 issues. Plaintiffs objected, claiming that the requests: 1) are not permitted under PTO #16; 2) do not bear on liability or damages issues; and 3) seek attorney-client or work product privileged information. As established below, neither PTO #16 nor the Federal Rules of Civil Procedure bar the requests, which seek information going to the heart of Rule 11.

**II.  LEGAL STANDARD**

Rule 36(a)(6) provides:

> **Rule 36.  Requests for Admission**
>
> **(a)  Scope and Procedure.**
>
>                      \* \* \*

> **(6)** **Motion regarding the sufficiency of an answer or objection.** The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6). For the reasons set forth below, Defendants submit that Plaintiffs' objections are insufficient under PTO #16 and the Federal Rules of Civil Procedure and therefore, respectfully request that the Court enter an order deeming the matters admitted or requiring Plaintiffs to timely serve amended answers.

### III. RESPONSE TO "SERVICE" OBJECTIONS – THE REQUESTS FOR ADMISSION ARE TIMELY AND ALLOWABLE UNDER PTO #16, AND HAVE NO RELATIONSHIP TO PTO #16'S PFS "DEFICIENCY PROCESS."

#### A. The Requests for Admission Are Timely and Allowable Under PTO #16.

Plaintiffs argue that "[u]ntil an individual case is selected for Trial, the only authorized individual case discovery, excluding class actions, is contained in the Plaintiffs' Fact Sheet Section . . . Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a Trial group and the 'discovery initial date' is triggered." (ECF No. 154, at 1-2.) This is incorrect. Under PTO #16, nothing precludes requests for admission from being submitted at any time. While there is a provision for Fact Sheets, that provision does not preclude Requests for Admission (or any other discovery) from being submitted, nor are such requests prohibited by the Trial Selection Process.

In fact, PTO #16 expressly provides that its terms "do[] not preclude the filing of Rule 12 motions or any other motion in any particular case at other times, as appropriate." (ECF No. 87,

2

at 3, referencing § I(D).) As reflected in prior correspondence to the Court and at the June 17, 2009 status Conference, Defendants believe that there are serious issues concerning the grounds on which many Digitek® Complaints have been filed or are being maintained. It is clear that many cases without any merit have been filed. Medical records produced to date reveal many cases where deaths are clearly related to other medical issues, and many cases where there is no evidence of digoxin toxicity.

During the June 17, 2009 Conference, Judge Goodwin declined to order a screening procedure which would require a certificate of merit from an expert stating that there was good cause to proceed with a case, but specifically stated that Rule 11 Motions could be used to sort out the infirmed cases. The lack of meritorious cases referenced above is reinforced by the FDA's public statement about Digitek® on July 8, 2009 stating the agency's position that "harm to patients was very unlikely."[1] The Requests for Admission seek to weed these cases out on a global basis as it becomes apparent in clusters of cases that neither Plaintiffs nor their counsel have been in possession of medical or pharmacy records when suit was filed or PFSs submitted. In such cases, there could have been no good faith belief in a factual basis to support the litigation.

In short, PTO #16 does not preclude service of the Requests for Admission at issue at this stage in the litigation, and PTO #16, Section 1(D) allows discovery to prepare "any other motion in any particular case at other times, as appropriate." (ECF 87, at 3, referencing § 1(D).) The timing of this discovery is appropriate as Plaintiffs have the responses within their knowledge and those responses will allow the filing of a motion on the issue.

---

[1] http://www.healthnewsdigest.com/news/Family_Health_210/Fact_and_Myths_about_Generic_Drugs.shtml.

### B. The Discovery at Issue is not Related to PTO #16 PFS Deficiency Requirements.

Contrary to Plaintiffs' suggestion, the discovery Defendants seek does not concern "deficiencies" under PTO #16, Section IV(A)(2)(c) (ECF No. 154 at 2); such deficiencies are being pursued under the terms of PTO #16. Defendants' discovery seeks information about whether the factual contentions in Plaintiffs' Complaints have evidentiary support. If not, those responses will provide the grounds on which to either move for a dismissal of the Complaints or seek sanctions. The pertinent rule provides:

> **Rule 11. Signing pleadings, motions, and other papers; representations to the court; sanctions.**
>
> \* \* \*
>
> **(b) Representations to the Court.** By presenting to the Court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> \* \* \*
>
> **(3)** The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. Pro. 11(b). These provisions require an attorney to conduct a reasonable investigation of the factual and legal basis for a claim before filing. *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 987 (4th Cir. 1987). And, the pre-filing investigation must appear objectively reasonable. *In re Kuntsler*, 914 F.2d 505, 514 (4th Cir. 1990), *cert. denied*, 499 U.S. 969 (1991). *See, e.g., Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d at 987 (affirming award of Rule 11 sanctions based on attorney's failure to conduct reasonable factual or legal investigation before bringing action); *Chaplin v. Dupont Advance Fiber Systems*, 124 Fed. Appx. 771, 2005 WL 564164 (4th Cir. 2005) (affirming Rule 11 sanctions for failure to

conduct an objectively reasonable investigation of factual basis for claims prior to filing action). Defendants believe the *minimum* factual investigation required before filing cases like these is to obtain and review the medical records.

In short, Defendants are not "using the requests for admission to circumvent" the PFS deficiency process (ECF No. 154, at 2) – Defendants seek discovery relating to a different process, that process being the factual bases on which clusters of Complaints were filed and whether those bases warrant a motion to dismiss and/or for sanctions.

**IV. RESPONSE TO OBJECTION TO THE SUBSTANCE OF THE REQUESTS FOR ADMISSION – THE REQUESTS ARE APPROPRIATE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE AND DO NOT REQUEST ATTORNEY-CLIENT PRIVILEGED INFORMATION.**

Regardless of the statements made in Plaintiffs' June 4, 2009 letter to the Court regarding the retrieval of medical and pharmacy records (using a company engaged by Defendants (Record Trak) to obtain medical records for a nominal flat fee), those representations do not void Plaintiffs' obligations under the Federal Rules of Civil Procedure and specifically, Rule 11 requirements at the time of filing a complaint. (ECF No. 154, at 2.) Plaintiffs' argument that the requests are inappropriate under Rule 36 because they "are not reasonably calculated to lead to the discovery of admissible evidence" is misguided. (*Id.*) Defendants' requests do not seek discovery of evidence admissible at trial to disprove the merits of individual Plaintiffs' claims. Rather, Defendants seek evidence to support the filing of a motion to dismiss or for sanctions under the Federal Rules of Civil Procedure.

Moreover, direct questions as to what was or was not in the possession of Plaintiffs or Plaintiffs' counsel at the time of the filing of Complaints or at the time of PFS submissions does not intrude on any attorney-client or work-product privilege. If that were so, Rule 11 is a nullity; parties would always be precluded from discovering facts to support a Rule 11(c) motion for Rule 11(b) violations. Simply, whether Plaintiffs and their counsel had medical records at the

5

time of either filing a Complaint or submitting a PFS is a simple fact – not a piece of privileged legal advice.

## V. CONCLUSION

For these reasons, Plaintiffs' Master Objections to Defendants' First Requests for Admission to Various Plaintiffs are insufficient. The requests are both timely and substantively appropriate under PTO #16 and the Federal Rules of Civil Procedure. Defendants therefore respectfully request that the Court determine the sufficiency of Plaintiffs' Master Objections under Federal Rule of Civil Procedure 36(a)(6) and enter an order either deeming the matters admitted or requiring Plaintiffs to timely serve amended answers.

Respectfully submitted,

ALLEN GUTHRIE McHUGH & THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel: (304) 345-7250
Fax: (304) 345-9941
E-mail: rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: (816) 559-2214
Fax: (816) 421-5547
E-mail: hkaplan@shb.com
E-mail: mmdonough@shb.com

*Attorneys for Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
Richard A. Dean, CO-LEAD COUNSEL
Matthew P. Moriarty, CO-LEAD COUNSEL
Kristen L. Mayer
925 Euclid Avenue, Suite 1150
Cleveland, Oh 44115-1414
Tel: (216) 592-5000
Fax: (216) 592-5009
E-mail: richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2009, a copy of the foregoing **Defendants' Rule 36(a)(6) Motion to Determine Sufficiency of Plaintiffs' Master Objections to Defendants' First Request for Admission to Various Plaintiffs** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

ALLEN GUTHRIE McHUGH &
   THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:    (304) 345-7250
Fax:   (304) 345-9941
E-mail:  rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel:    (816) 559-2214
Fax:   (816) 421-5547
E-mail:  hkaplan@shb.com
E-mail:  mmdonough@shb.com

*Attorneys for Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
   Richard A. Dean, CO-LEAD COUNSEL
   Matthew P. Moriarty, CO-LEAD COUNSEL
   Kristen L. Mayer
   925 Euclid Avenue, Suite 1150
   Cleveland, Oh 44115-1414
   Tel:    (216) 592-5000
   Fax:   (216) 592-5009
   E-mail: richard.dean@tuckerellis.com
           matthew.moriarty@tuckerellis.com
           kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

073021.000031.1056151.1