IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
      LITIGATION

MDL NO. 1968

**THIS DOCUMENT RELATES TO ALL CASES**

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER PERMITTING EX PARTE CONTACT WITH FORMER ACTAVIS EMPLOYEES

**I.  INTRODUCTION**

      Defendant's reply memorandum (ECF No. 156) seemingly concedes that this Court's rules of professional conduct should govern counsel's conduct in this MDL.  Defendants' response is devoid of any discussion that would cast any doubt upon the Court's ability to regulate counsel's conduct in those cases transferred to this Court by the Judicial Panel on Multi-District Litigation's and those filed directly in this Court pursuant to PTO #19.  Instead, Defendants attempt to distract the Court by mischaracterizing Plaintiffs' motion as an attempt to gain unfettered access to former employees beyond which is allowed by the West Virginia Rules of Professional Conduct.  The Plaintiffs actually raised the issue of contacting former employees with Defendants so that no ethical boundaries would be crossed. Plaintiffs have been upfront and clear about their steadfast willingness to comply with the applicable ethical standards. However, Plaintiffs are unwilling to submit to artificial hurdles, not contemplated by the Rules of Professional Conduct, which interfere with the zealous pursuit of their claims.

1

## II. LAW AND ARUGMENT

### A. Defendant's Reply Memorandum contains no discussion on the issue of whose rules of professional conduct controls cases in this MDL.

Defendant's response memorandum does not contain a single sentence addressing the application of the West Virginia Rules of Professional Conduct to counsel in the individual cases transferred to this Court for participation in this MDL proceeding. As such, the Plaintiffs can only assume that the Defendants agree with the Plaintiffs' analysis that the interests of judicial economy and the purposes of multidistrict litigation are best served through the consistent application of the West Virginia Rules of Professional Conduct in this MDL.

Instead Defendants' response memorandum focuses on the existence of competing state court litigation and the potential conflict between ethical obligations in the MDL action and the state court actions. (*See* ECF No. 156 at 2). Plaintiffs' motion is limited strictly to the application of ethical rules within this MDL  The Plaintiffs are not asking, as the Defendants suggest, that the Court to issue an order that all counsel in state actions are governed by the West Virginia Rules of Professional Conduct. Plaintiffs acknowledge that notwithstanding this Court's decision, counsel involved in other state court litigation are subject to differing rules of professional conduct. Plaintiffs will take all precautions necessary to ensure that any counsel with inconsistent ethical obligations due to competing state litigation are aware of and comply with all applicable ethical obligations. The number of such counsel, however, will be minimal due to the Defendant's practice of removing all eligible cases to federal court and thus to the MDL under 28 U.S.C. § 1332.

2

### B. The Defendant's Proposed Restrictions And Protections Are Meritless And Without Any Basis In Law.

Defendant spends the majority of its response memorandum setting forth other rules of professional conduct that apply to counsel's contact with non-represented individuals and suggesting various control mechanisms for this Court to use to ensure that no privileged information is divulged to Plaintiffs. While Plaintiffs do not agree with the Defendants' suggested control mechanisms, Plaintiffs do agree that any *ex parte* contact with former employees not represented by counsel is governed by Rule 4.3 of the West Virginia Rules of Professional conduct as well as the disclosures required under *Cole v. Appalachian Power Company*, 903 F. Supp. 975 (S.D.W.Va. 1995).

Defendants have proposed that the Court enter restrictions and protections to ensure compliance with Rule 4.3 of the West Virginia Rules of Professional Conduct and the ABA Model Rules of Professional Conduct. Specifically, Defendants request that (1) the Plaintiffs' identify each former employee they wish to contact and provide the Court and Defendants notice of their intent to contact the former employee; (2) work with the Court and the Defendants in drafting a pre-approved letter to be sent to the former employees that Plaintiffs wish to contact; and (3) that any pre-approved letter sent to the former employees inform the former employee that the Defendants will provide them with independent counsel should they request representation. (*See* ECF No. 156 at 2; 4-7) Defendants suggest these controls despite the fact that they are unable to cite a single case in which these controls were implemented.

In fact, in their zeal to obtain unprecedented prior restraint upon the plaintiffs' rights to conduct discovery, Defendants have mischaracterized and overstated New Jersey rules

concerning contact with former employees. Under New Jersey law, *ex parte* contact with former employees of a corporation is forbidden only when the former employees were part of the litigation control group. *See Klier v. Sordoni Skanska Const. Co.*, 337 N.J. Super. 76(App.Div. 2001). Litigation control group is defined as "employees responsible for, or significantly involved in, the determination of the organization's legal position in the matter whether or not in litigation, provided, however, that "significant involvement" requires involvement greater, and other than, the supplying of factual information or data respecting the matter." N.J. Court Rules, RPC 1.13. Rule 1.13 goes on to state that former litigation control group employees, while presumptively represented by the corporation, may disavow the representation at any time. *Id*. A New Jersey court has interpreted Rule 1.13 to allow opposing counsel to contact a former litigation control group employee *ex parte* for the purpose of determining whether or not the former employee was a member of the litigation control group and whether or not the former employee has disavowed the corporate representation. *See Klier*. If a determination is made that the former employee was not part of the litigation control group or that the former employee has disavowed the corporate representation, *ex parte* contact with the former employee is permissible. *Id.*

Plaintiffs are adamantly opposed to providing the Defendants with a list of individuals that the Plaintiffs desire to contact and to allowing the Defendants to have any input in the Plaintiffs' interactions with Defendants' former employees. Procedures are already in place to protect the rights of the former employees as well as the rights of the Defendants. Plaintiffs are obligated to abide by all of the West Virginia Rules of Professional Conduct, including the disclosures to unrepresented parties required by *Cole*. Plaintiffs are further aware of the

4

dangers of a witness revealing privileged information during an interview. As such, Plaintiffs plan to discuss such issues with any witness prior to all interviews to prevent any such disclosures. To the extent that any privileged information is obtained through interviews with former employees, West Virginia law already provides the Defendants a remedy.

The Defendants' request that Plaintiffs' inform Defendants' former employees of Defendants' proposal to provide independent representation is likewise without merit. The disclosures required by *Cole* make no mention of informing the former employee of a party's offer to provide representation. Furthermore, the Defendants have just as much access to the former employees as does the Plaintiff. It is not the Plaintiffs job to act as a messenger service for the Defendants; if the Defendants wish to communicate to their former employees that they will provide independent counsel, it is up to the Defendants to do so on their own accord.

### III. CONCLUSION

Defendants have failed to provide the Court with any authority for the proposition that any law other than that of the State of West Virginia should control counsel's ethical requirements in this MDL. Likewise, the Defendants have failed to provide the Court with any authority to support its position that the Plaintiffs must notify the Defendants which former employees it intends to contact and that the Plaintiffs must allow the Defendants some input into the contents of any communications with former employees. The West Virginia Rules of Professional Conduct provide sufficient guidelines to protect the individual and the Defendant's rights. As such, the Plaintiffs request that the Court grant their motion and issue an order that any *ex parte* contact with Defendants' former employees by Plaintiffs in this

MDL are governed by the West Virginia Rules of Professional Conduct and the Supreme Court of Appeals of West Virginia's interpretation of the same and is not subject to any rule of professional conduct to the contrary.

Dated: July 14, 2009

Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson, III Esq.\_\_\_
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Fred Thompson, III Esq._____
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
***Co- Lead Counsel***
