UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

IN RE DIGITEK®
    PRODUCT LIABILITY LITIGATION      MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 31
(*Ex Parte* Contact with Former Actavis Employees)

Pending before the court is Plaintiffs' motion for an order permitting *ex parte* contact with former Actavis employees (docket # 153). The Actavis defendants have responded in opposition (# 156), and Plaintiffs have filed a reply (# 158).

Positions of the parties

Plaintiffs contend that the court should apply the West Virginia Rules of Professional Conduct with respect to counsel's *ex parte* contact with the former employees of the Actavis defendants. (# 153, at 1.) They assert that in multidistrict litigation, the transferee court applies the law of the circuit in which it is sitting when ruling on discovery disputes. Id., at 4. Plaintiffs argue that the West Virginia Rules permit *ex parte* contact with former employees of an adverse corporate party. Id., at 1.

The Actavis defendants respond that Plaintiffs' motion does not comport with either New Jersey or West Virginia law. (# 156, at 2.) They urge the court to adopt reasonable restrictions and

protections for *ex parte* interviews of their former employees, including identification and notice of each former employee to be contacted, and advance notice in writing to each former employee with specified information included. Id., at 4.

Plaintiffs' reply notes that the Actavis defendants' brief contains no discussion on the choice of law issue in MDL cases. (# 158, at 2.) They contend that the Actavis defendants' proposed restrictions and protections are meritless and lack a basis in law. Id., at 3.

Applicable Law

The court begins with the controlling statute, 28 U.S.C. § 1407(a), which provides, in pertinent part, that transfers of cases to a multidistrict litigation court "will promote the just and efficient conduct of such actions." It appears to be well-settled that with respect to discovery disputes and other pretrial issues, section 1407 "requires the application of the law of the transferee circuit where the motions are being considered." In re Methyl Tertiary Butyl Ether (MTBE) Products, 241 F.R.D. 185, 193 (S.D.N.Y. 2007); In re Automotive Refinishing Paint, 229 F.R.D. 482, 486 (E.D. Pa. 2005) ("We are satisfied that the goals of § 1407(b) are best served by applying the transferee court's interpretations of federal law, rather than being bound by the precedents of the subpoena-issuing court."). As pointed out in United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., No. 99-3298, 2004

2

WL 2009413, at *4 (D.D.C. May 17, 2004), "[d]iscovery disputes that arise in an MDL action are appealed to the circuit in which the action originated." Thus "it is sensible for reasons of 'uniformity and intracircuit consistency' to apply the law of the forum where the MDL action is being adjudicated." In re Automotive Refinishing Paint, 229 F.R.D. at 486 (quoting Pogue, id.) Accordingly, the undersigned will apply the law of the Fourth Circuit, as stated by decisions by that court, the district courts within the Fourth Circuit, and particularly this district and its Local Rules.

The issue of whether opposing counsel may have *ex parte* contact with the former employees of a party which is represented by attorneys is based upon concerns arising from the attorney-client relationship. The undersigned has located only one Fourth Circuit case which addresses the issue of the scope of the attorney-client privilege with respect to former employees, In re Allen, 106 F.3d 582 (4th Cir. 1997). In that case, the Fourth Circuit held that "the analysis applied by the Supreme Court in *Upjohn [Co. v. United States*, 449 U.S. 383 (1981)] to determine which employees fall within the scope of the privilege applies equally to former employees." Id., at 606. In Upjohn, the Supreme Court extended the attorney-client privilege to corporate employees who provided information not available from upper-echelon management, which concerned matters within the scope of the

3

employees' corporate duties. The information was needed "to supply a basis for legal advice concerning compliance with . . . laws, . . ., [certain] regulations, . . . and potential litigation in each of these areas." Upjohn, 449 U.S. at 394. The employees were "sufficiently aware that they were being questioned in order that the corporation could obtain legal advice." Id. In footnote 3, the Court declined to address the issue of former employees. Id.

West Virginia

In the Southern District of West Virginia, our Local Rules provide as follows:

> **LR Civ P 83.7. Codes of Professional Conduct**
> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

The Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia include Rules 4.2 and 4.3, which are relevant to the issue:

> **Rule 4.2.   Communication with person represented by counsel.**
>       In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
>
> COMMENT
>
>                          * * *
>
>       In the case of an organization, this Rule prohibits

4

> communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule.
>
> **Rule 4.3. Dealing with unrepresented person.**
>
> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

The Model Rules of Professional Conduct published by the American Bar Association are virtually identical to the West Virginia Rules of Professional Conduct. The ABA's Rule 4.2 reads:

> **Rule 4.2. Communication with person represented by counsel.**
> In representing a client, a lawyer shall not communicate about the subject of the representation with a <u>person</u> the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law <u>or a court order</u>. [Emphasis indicates differences in wording.]

The "Comment" section of ABA Rule 4.2 reads somewhat differently from the West Virginia version:

> [7] In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with

5

respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4.

The ABA's Rule 4.3 has an additional sentence not found in the West Virginia Rule.

**Rule 4.3 Dealing With Unrepresented Person**

In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. <u>The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such person are or have a reasonable possibility of being in conflict with the interest of the client.</u> [Emphasis indicates additional sentence.]

The parties are well aware of <u>Cole v. Appalachian Power Co.</u>, 903 F. Supp. 975, 979 (S.D. W. Va. 1995), in which the undersigned held that *ex parte* interviews of five classes of an organization's <u>current</u> employees would be inappropriate:

1. Officials of the organization with managerial responsibility;
2. Other persons whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability (those who have the legal power to bind the organization in the matter);

6

>3. Those who are responsible for implementing the advice of the organization's lawyers;
>4. Any members of the organization whose own interests are directly at stake in a representation . . .; and
>5. An agent or servant whose statement concerns a matter within the scope of the agency or employment which statement was made during the existence of the relationship and which is offered against the organization as an admission. However, *ex parte* interviews of employees who are "mere witnesses" to an event for which the organization is used (i.e., holders of factual information), are permitted.

Other Sources

In Bryant v. Yorktowne Cabinetry, Inc., 538 F. Supp.2d 948, 953 (W.D. Va. 2008), Magistrate Judge Urbanski considered ABA Model Rule 4.2 and the Virginia Rules of Professional Conduct and held that "although the Rules allow communication with former corporate employees, including those with managerial responsibilities, opposing counsel must tread very carefully to avoid discussing information which 'may reasonably be foreseen as stemming from attorney/client communications,' or to 'use methods of obtaining evidence that violate the legal rights of such a person'" (citations omitted).

In Sharpe v. Leonard Stulman Enters. Ltd. P'ship, 12 F. Supp.2d 502, 504 (D. Md. 1998), District Judge Legg pointed out that "all of [the pertinent Maryland federal cases] agree that the Rule does not prohibit *ex parte* communication with former employees who do not possess confidential or privileged information, and whose statements or actions cannot be imputed to their former employer."

The court has also consulted the <u>Restatement 3d of the Law Governing Lawyers</u>, § 100 (2000), which includes the following comment:

> *g. A former employee or agent.* Contact with a former employee or agent ordinarily is permitted, even if the person had formerly been within a category of those with whom contact is prohibited. Denial of access to such a person would impede an adversary's search for relevant facts without facilitating the employer's relationship with its counsel. A former employee or agent of a party may in some circumstances be within the anti-contact rule of § 99 or within the prohibited class of persons described in § 102, Comment *d*. For example a former employee who, as the lawyer knows, continues regularly to consult about the matter with the lawyer for the ex-employer is within Subsection (2)(a); thus no such employee may be contacted except as permitted under § 99.
>
> * * *
>
> *i. Limitations on otherwise permissible contact with an employee or agent.* A lawyer may not seek confidential information during the course of an otherwise permissible communication.

<u>Ruling</u>

It is apparent that the law within the Fourth Circuit and as set forth in relevant treatises is essentially consistent and permits counsel to conduct, under certain limited circumstances, *ex parte* interviews of an opposing party's former employees. Our Local Rules provide that attorneys should follow the West Virginia Rules <u>and</u> the ABA Model Rules. Given the participation of attorneys from throughout the United States, and the slight variation between the West Virginia Rules and the ABA Model Rules, the court has concluded that the attorneys in this MDL should

follow the ABA Model Rules and comment.

The Actavis defendants request that the court require Plaintiffs' attorneys to give advance notice of their intention to contact former employees, and to send such employees a form letter approved by the court. (# 156, at 4-7.) The Actavis defendants cite the Cole case and McCallum v. CSX Transp., Inc., 149 F.R.D. 104 (M.D.N.C. 1993), for the proposition that special warnings and notice are required. Id. Both Cole and McCallum address contacts with current employees, not former employees, a distinction with a decided difference. The court has found no case which requires such contact and notice with respect to former employees.

It is hereby **ORDERED** that Plaintiffs' Motion (# 153) is granted to the extent that *ex parte* contact with former employees of the Actavis defendants is permitted by the ABA Model Rules and comment.

The Clerk is directed to file this Order in 2:08-md-1968 which shall apply to each member Digitek®-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:09-cv—00837. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order

will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

    ENTER: July 23, 2009

                                            _____
                                            Mary E. Stanley
                                            United States Magistrate Judge