IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK
        PRODUCTS LIABILITY LITIGATION

        MDL NO. 1968

-----------------------------------------------------------------

**<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
RULE 36(A)(6) MOTION TO DETERMINE SUFFICIENCY OF
PLAINTIFFS' MASTER OBJECTIONS TO DEFENDANTS' FIRST
REQUESTS FOR ADMISSION TO VARIOUS PLAINTIFFS</u>**

## <u>INTRODUCTION</u>

The Plaintiffs' Steering Committee hereby responds to Defendants' Motion to determine the sufficiency of Plaintiffs' Master Objections to Defendants' First Requests for Admission to Various Plaintiffs. In their Motion, Defendants argue that their requests for admission are legitimate because they are targeted at Rule 11 issues. Of course, Plaintiffs continue to assert that individual case discovery is prohibited by PTO # 16. However, even if such discovery were permissible under PTO # 16, which it is not, Rule 11 of the Federal Rules of Civil Procedure prohibits discovery regarding sanctions that can be obtained under it. Therefore, this Court should sustain Plaintiffs' Master Objections and deny Defendants' Rule 36(a)(6) Motion. If this Court grants Defendants' Motion, the Plaintiffs' Steering Committee requests that the Court grant individual Plaintiffs additional time to respond to the Requests.

## <u>ARGUMENT</u>

    A.     **Defendants Requests for Admission are untimely under PTO #16.**

Defendants assert that the absence of an express provision, Section VII on PTO # 16 specifically addresses the timing of discovery in individual cases. Under Section VII, individual

discovery does not begin until a Plaintiff is picked for a trial group and the discovery initiation date for that group is triggered. Section VII(D) provides that "[t]o efficiently manage discovery for all currently pending and future cases in the MDL, the cases will be divided into groups, with each group having a separate scheduling order." (ECF 87, at 14, referencing § VII(D)). Section VII(E) provides that discovery will not begin for each group until that group's discovery initiation date. (ECF 87, at 15, referencing § VII(E)). The Court is only now in the process of selecting the first trial group cases. No discovery initiation dates have been triggered. No scheduling orders for the groups have been entered. Under Section VII, Defendants' requests for admission are clearly premature and improper.

Defendants rely heavily upon Section I(D) of PTO # 16 for the proposition that they are not precluded from filing Rule 11 motions and thus are not precluded from conducting discovery to prepare a Rule 11 motion. Defendant's reliance on Section I(D) is misplaced. While the Defendants may have the right to file a Rule 11 motion, the language of Section I(D) does not give the Defendant any right to conduct discovery. In fact, Section I(D) does not pertain to discovery in any way, but rather deals with pleading issues, specifically relieving the Defendants from having to answer Short-Form Complaints. (ECF 87, at 3, referencing § I(D)). Defendants' claim that Section 1(D) "allows discovery to prepare" for motions is without merit. (ECF 157, at 5).

Simply stated, Defendants can point to nothing in the record that would allow the Requests for Admission to be served at this state in the litigation. Further, their request to have the answers deemed admitted would do nothing to advance this litigation.

**B.     Defendants' discovery requests targeting Rule 11 issues violate the Rule's express policy against satellite litigation.**

The Advisory Committee Notes to the 1983 Amendments to Rule 11 provide as follows:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible **limit the scope of sanction proceedings to the record**. Thus, discovery should be conducted only by leave of court, and then **only in extraordinary circumstances**.

Fed. R. Civ. P. 11, Advisory Committee Notes (emphasis added).

The seminal case on Rule 11 discovery following the 1983 amendments is Indianapolis Colts v. City of Baltimore, 775 F.2d 177 (1985). In that case, the district court dismissed an interpleader claim filed by the Indianapolis Colts ("Indianapolis") that did not satisfy statutory pleading requirements. As a result of the dismissal, the City of Baltimore ("Baltimore") moved for attorney's fees under Rule 11. In support of its Motion, Baltimore argued that Indianapolis prosecuted its interpleader action in bad faith because it knew or should have known that it lacked a factual or legal foundation when it filed the claim. Moreover, Baltimore argued that Indianapolis filed the interpleader claim for the improper purpose of obtaining a more favorable forum. Thus, in the alternative, Baltimore moved for discovery regarding Indianapolis's motivation for filing its interpleader claim to support a Rule 11 motion for attorney's fees. Id. at 180.

The district court denied both motions. On appeal, the Seventh Circuit affirmed the district court. Regarding the Motion to conduct Rule 11 discovery, the Seventh Circuit cited the advisory committee notes' policy that courts limit the scope of Rule 11 proceedings to the record to prevent the costs of satellite litigation over sanctions from outweighing the intended benefits of Rule 11. Id. at 183.

Although <u>Indianapolis Colts v. City of Baltimore</u> is the only major case specifically addressing Rule 11 discovery, courts have used the Advisory Committee Note's policy against satellite litigation as guidance for deciding a variety of other issues related to sanctions. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 51 (1991) (permitting courts to invoke inherent power to impose attorney's fees as a sanction because requiring courts to apply Rule 11 to discrete occurrences before invoking inherent power to address remaining sanctionable conduct would foster satellite litigation contrary to Rule 11); <u>Robinson v. National Cash Register Co.</u>, 808 F.2d 1119, 1129-30 (1987) (limiting the scope of persons upon whom Rule 11 sanctions can be imposed to the attorney who actually signs the pleading to prevent satellite proceedings regarding the misconduct of other attorneys). Moreover, courts have dismissed counterclaims for Rule 11 violations on the rationale that the Rule's drafters would not have curtailed Rule 11 discovery if they had intended for courts to permit a demand for sanctions to be raised as a counterclaim. <u>See</u> <u>Lenoir v. Tannehill</u>, 660 F. Supp. 42, 44 (S.D. Miss. 1986); <u>Sosland Publishing Co. v. Mulholland</u>, 1988 U.S. Dist. LEXIS 8933, 3 (S.D.N.Y 1988).

Defendants' requests for admission are a prime example of why the drafters of Rule 11 limited discovery regarding sanctions. Defendants admitted in their Motion that their "requests do not seek discovery of evidence admissible at trial to disprove the merits of individual Plaintiffs' claims." (ECF 157, at 5). As such, Defendants' requests are impermissible discovery under Rule 26(b)(1) because they are not relevant to Plaintiffs' claims. The Court must sustain Plaintiffs' Master Objections to prevent the opening of a potential floodgate of litigation over Rule 11 issues. Judicial resources are not plentiful enough to permit spin-off litigation over sanctions to take place within this already complex MDL.

4

Moreover, Defendants cannot show that "extraordinary circumstances" in this litigation require discovery about whether various Plaintiffs' counsel possessed their medical or pharmacy records when counsel filed their Complaint and Plaintiff Fact Sheet. As individual discovery progresses in accordance with PTO # 16, Defendants will have the opportunity to move for Rule 11 sanctions against any Plaintiff's attorney who can produce no evidence that his or her client was in any way harmed by Digitek. By limiting the scope of any Rule 11 Motion filed by Defendants in the future to the record, this Court will simply be upholding the policy that the drafters of the Rule expressly stated in the Advisory Committee Notes.

### C. Plaintiffs Fact Sheets are Discovery Reponses under PTO #16 and are not subject to Rule 11.

Defendant's Request for Admissions Numbers 1 and 3 request that Plaintiffs admit certain matters regarding their Plaintiffs Fact Sheets. Since Plaintiff Fact Sheets constitute discovery responses under PTO #16, these Request for Admissions are not subject to Rule 11.

Rule 11(d) of the Federal Rules of Civil Procedure states that Rule 11 does not apply to "disclosures and discovery requests, responses, objections and motions under Rules 26 through 37." Section IV(A)(2)(a) of PTO # 16 states that "[a] completed PFS shall be considered interrogatory answers under Fed. R. Civ. P. 33, responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37." (ECF 87, at 5, referencing § IV(A)(2)(a)). Because PTO # 16 clearly states that Plaintiff Fact Sheets constitute discovery responses governed by Federal Rules 26 through 37, Rule 11 is not applicable and Plaintiff's objections must be sustained.

### D. The deficiency process described in PTO # 16 provides a comprehensive remedial framework for resolving disputes regarding Plaintiffs Fact Sheets

As stated above, Plaintiff Fact Sheets constitute discovery responses under PTO # 16. By designating Plaintiff Fact Sheets as discovery responses governed by Rules 26 through 37, the Court could have easily chosen to allow Defendants to file motions to compel discovery under Rule 37 to rectify deficiencies in Plaintiff Fact Sheets. However, the Court chose instead to set up a deficiency process as a complete remedial framework for resolving disputes over perceived deficiencies in Plaintiff Fact Sheets. (See ECF 87, at 8, referencing § IV(A)(5)).

The deficiency process provides Plaintiffs with a thirty (30) day safe harbor period to cure any deficiencies in Plaintiff Fact Sheets. Moreover, during this period, the parties must meet and confer regarding deficiencies. If Plaintiffs have not cured the alleged deficiencies following the safe harbor period, Defendants can seek an Order to Show Cause why the case should not be dismissed. Plaintiffs are then given ten (10) days to respond. Certainly, the Court would not have created such an elaborate process if it did not intend for the deficiency process to be the sole manner for resolving disputes over the adequacy of Plaintiff Fact Sheets.

### CONCLUSION

The 1983 amendments to Rule 11, which require attorneys to conduct a reasonable factual inquiry before filing a pleading, were created to reduce rather than increase needless litigation. To ensure that parties would not engage in spin-off litigation that is counterproductive to this goal, the drafters of the amendments created an express policy against discovery targeting Rule 11 issues. Defendants' requests violate Rule 11's policy against spin-off litigation that wastes scarce judicial resources. Moreover, Defendants' requests are untimely and directly

contradict PTO # 16.  Therefore, Plaintiffs respectfully request that the Court deny Defendants'

Rule 36(a)(6) Motion in its entirety.


Dated:  July 30, 2009                                   Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

| | |
|---|---|
| Carl N. Frankovitch, Esq. | /s/Fred Thompson, III, Esq. |
| Frankovitch, Anetakis, Colantonio & Simon | Fred Thompson, III, Esq. |
| | Motley Rice, LLC |
| 337 Penco Rd. | 28 Bridgeside Blvd. |
| Weirton, WV 26062 | Mt. Pleasant, SC 29464 |
| ***Co-Lead Counsel*** | ***Co-Lead Counsel*** |

Harry F. Bell, Jr., Esq.
Bell & Bands, PLLC
P.O. Box 1723
Charleston, WV 25326
***Co-Lead and Liaison Counsel***

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              s/Fred Thompson, III Esq.
                                              Fred Thompson, III, Esq.
                                              Motley Rice, LLC
                                              28 Bridgeside Blvd.
                                              Mt. Pleasant, SC 29464
                                              ***Co- Lead Counsel***