IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
         LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF RULE 36(a)(6) MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFFS' MASTER OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION TO VARIOUS PLAINTIFFS**

I.    **INTRODUCTION**

Far from a "potential floodgate" of "spinoff litigation" (Pls.' Resp. at 4), Defendants seek the admission or denial of three very basic questions in a limited number of cases, the answers to which will establish when – if ever – 39 individual Plaintiffs or their counsel had possession of their medical or pharmacy records.  This type of information relates directly to whether Plaintiffs conducted an objectively reasonable investigation of the factual bases for their claims under Federal Rule of Civil Procedure 11(b)(3) before filing their Complaints.  This is, without question, discoverable information at this point in the litigation.  Using such a targeted discovery mechanism to remove factually meritless claims from the Court's docket is efficient and imposes little to no burden on individual plaintiffs or their counsel – perhaps ten minutes.

Plaintiffs seek to avoid creating a record of possible Rule 11 violations by deferring answering these three short questions until specific cases are not only selected for trial, but worked up for trial.  That would delay Rule 11 and ethical compliance issues by months, if not years.  These issues need to be addressed early on so that no further abuses occur, and so that the

docket in this litigation reflects cases with some basis in fact and law. This litigation is not a traditional, single case where often, Rule 11 violations are not uncovered until discovery has been completed. The PFS system in this MDL has exposed early on that in many cases, counsel simply had not investigated any case-specific facts when they filed Complaints. At the June 17, 2009 Status Conference, Judge Goodwin specifically stated that Rule 11 could be used to expose infirmed cases, as opposed to implementing an expert screening process. Defendants reserved the right to proceed in this manner, as noted at the July 22, 2009 conference with the Court. And this Court has the inherent power to curtail these types of ethical abuses. These issues should be identified now to avoid the enormous expense to work up cases for trial that have had no basis in fact from day one.

Though Plaintiffs attempt to recast the issue before the Court as one of PFS deficiencies and specific causation, it is not. Defendants' Requests for Admission are not about PFS deficiencies, resolution of those deficiencies, or whether it can be established if Digitek® harmed an individual Plaintiff. (*See, e.g.,* Pls.' Resp. at 5: "Defendants will have the opportunity to move for Rule 11 sanctions against any plaintiffs' attorney who can produce no evidence that his or her client was in any way harmed by Digitek.")

As established in Defendants' motion, and further below, the Requests for Admission are timely, allowable under the 1983 Rule 11 Advisory Committee Notes, and do not constitute "satellite" litigation. Because the issue before this Court is not about PFS deficiencies, Plaintiffs' attempt to recast the issue before the Court as a discovery dispute fails, and the rubric for resolving PFS deficiencies under PTO #16 is irrelevant.

## II. AS A THRESHOLD MATTER, PLAINTIFFS HAVE WAIVED ANY ARGUMENT THAT DEFENDANTS ARE PRECLUDED FROM ISSUING DISCOVERY TO SUPPORT A RULE 11(b)(3) MOTION.

Plaintiffs have waived any objection based on Defendants' use of discovery to explore a Rule 11(b)(3) motion because the objection was made for the first time in a supplemental response filed *after* the 30 day deadline under FRCP 36(a)(3). *Avante Int'l Tech. Inc. v. Hart Intercivic, Inc.*, No. 07-169-DRH, 2008 WL 2074093, at *1 (S.D. Ill. May 14, 2008). Plaintiffs filed their Master Objections on July 6, 2009. Individual plaintiffs were required to respond to the requests for admission by July 13, 2009. Plaintiffs first raised a Rule 11 objection based on Defendants' use of discovery to support a Rule 11(b)(3) motion in their supplemental response filed on July 30, 2009 – well after the deadline for their response. Plaintiffs have therefore waived the argument.

## III. THE REQUESTS FOR ADMISSION ARE TIMELY AND ALLOWABLE UNDER PTO #16.

Defendants will not repeat the arguments set forth at pages 2-3 of their motion, but instead limit their reply to the following two points. First, nothing in PTO #16 precludes requests for admission from being submitted at any time. Indeed, requests for admission are efficient, practical, and targeted. And contrary to Plaintiffs' suggestion, Section VII(E) of PTO #16 does not in any manner prohibit discovery until a group's discovery initiation date.

Second, Plaintiffs' argument suggests that the parties can do nothing to advance individual cases along unless a case is selected for a trial group and subject to a separate 90-day scheduling order. The purpose of Defendants' three, short, focused Requests for Admission is to weed out the factually meritless claims in this litigation. Defendants are not seeking to randomly screen the 411 active MDL cases. Rather, based on specific PFS responses and Judge Goodwin's comments regarding Rule 11, Defendants have targeted only 39 cases (9.5% of all

3

active cases) as having clear Rule 11(b)(3) issues. The notion that Defendants must wait for each individual case to be prioritized for a trial group is grossly inefficient and wasteful of economic resources; selection in a trial group triggers 90 days of intense discovery, including depositions of Plaintiffs and their treating physicians, all of which may be obviated by an early inquiry into the factual bases for Plaintiffs' claims.

There is a much more economical way to address the issue. Under Plaintiffs' theory, Defendants would have to work up a case, try it, and then address Rule 11 issues. That may be the typical pattern in an individual case, given the traditional route of discovery – but not so here. Under the rubric of this MDL, the PFS process has exposed at the outset those cases with Rule 11(b)(3) issues. And even without Rule 11, it is within this Court's inherent power to address the issue in the 39 cases now. *Chamber v. Nasco, Inc.*, 501 U.S. 32 (1991). Meanwhile, Defendants are spending hours and hours and thousands of dollars requesting medical records, analyzing whatever information *defendants* can obtain, and briefing issues that may have no merit whatsoever. If there is a factual basis for a particular claim, then the requests for admission provide an easy and efficient method for plaintiffs to provide an explanation.

**IV. THE THREE REQUESTS FOR ADMISSION ARE ALLOWABLE AT THIS POINT IN THE LITIGATION AND DO NOT CONSTITUTE THE TYPE OF "SATELLITE LITIGATION" DEPICTED IN PLAINTIFFS' RESPONSE BRIEF.**

Plaintiffs cite the following paragraph from the 1983 Rule 11 Advisory Committee Notes to support their position that the three Requests for Admission at issue here are not allowed under Rule 11:

> To assure that the efficiencies achieved through more effective operation of the pleading regime will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

4

Though Plaintiffs waived this argument (*see* § I), Defendants respond as follows.

The problem with relying on this Advisory Committee Note – which plainly is not the rule itself – is that the parties here are not in "sanction proceedings." Defendants are not in the position of having filed a Rule 11 motion and thereafter requesting discovery to support it. Thus, where the Notes indicate that the Court should limit, to the extent possible, the "scope of sanction proceedings to the record," Plaintiffs misconstrue the paragraph to mean that Defendants are prohibited from conducting any discovery whatsoever to create a record as to the factual bases underlying the mass filings, immediately post-recall, of these cases – a record that could support not only a Rule 11 motion, but a motion for summary judgment. They are incorrect – nothing in the Federal Rules of Civil Procedure prohibit a party from issuing discovery to support a Rule 11 motion. *See, e.g., Schrag v. Dinges*, 73 F.3d 374 (10th Cir. 1995) (illustrating use of early requests for admission to support subsequent Rule 11 motion); *Jones v. Int'l Riding Helmets Ltd.,* 145 F.R.D. 120 (N.D. Ga. 1992) (same); *see also Jhoman, LLC v. U.S. Sec. Ass'n*, *Inc*., 513 F. Supp. 2d 913, 917 (E.D. Mich. 2007) (illustrating use of early requests for admission to establish that plaintiff had no admissible evidence in its possession to support allegations against non-diverse defendants; finding the requests for admission proper, the court stated that the "defendant need not wait until a case is ready for trial before using methods at his disposal to make the record clear that [the] jurisdictional amount is present. The method here employed by defendant was prompt and effective in pinpointing the issue.").[1]

---

[1] *See also View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("A patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs – precisely the scenario Rule 11 contemplates. Performing a pre-filing assessment of the basis of each infringement claim is, therefore, extremely important. In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement.

Moreover, the 1983 amendments to Rule 11 were intended to be "more stringent than the original good-faith formula" by imposing an objective "reasonableness" requirement so that a "greater range of circumstances [would] trigger its violation." 1983 Rule 11 Advisory Committee Notes, citing *Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980). The new language in the amendments "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule," that being "reasonableness under the circumstances." *Id*., citing *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F. Supp. 975 (E.D. Pa. 1973). As explained in the Advisory Committee Notes to the 1993 amendments to Rule 11, "[t]olerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to . . . make claims . . . without any factual basis or justification." *Id*. As the Fourth Circuit Court of Appeals stated in *In re Kunstler v. Britt*, 914 F.2d 505, 514-515 (4th Cir. 1990), "[b]lind reliance on the client is seldom an efficient inquiry . . . . (internal citation omitted). Appellants appear to have relied entirely upon discovery in the hope of finding some factual support for many of their claims." (affirming Rule 11 sanctions for lack of factual support).

---

Failure to do so should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions, at least in the absence of a sound excuse or considerable mitigating circumstances."). While a patent case reflects a complicated pattern, it is no less complicated than the work up of 39 cases at issue.

The case law Plaintiffs rely on is inapposite. The U.S. Supreme Court's decision in *Chamber v. Nasco, Inc.*, 501 U.S. 32 (1991) concerned acts of extensive fraud on the court and the inherent power of a federal court sitting in diversity to assess sanctions for bad faith conduct regardless of the terms of applicable state law. As noted in Plaintiffs' Brief (at 4), the *Robinson* case (808 F.2d 1119 (5th Cir. 1987), *abrogated by* 836 F.2d 866 (5th Cir. 1988)) concerned the scope of persons upon whom Rule 11 sanctions could be imposed. In the *Indianapolis Colts* case (Pls.' Resp. at 3), the City of Baltimore had initiated "sanction proceedings" via the filing of a Rule 11 motion. On appeal, it asked the Seventh Circuit to remand to the district court "for discovery related to its Rule 11 . . . claims to garner evidence of Indianapolis' motivation in filing the interpleader claim." Here, no Rule 11 motion has been filed, and Defendants do not seek evidence to support a Rule 11 motion for "improper purpose" under Fed. R. Civ. P. 11(b)(1). The *Lenoir* and *Sosland* cases (Pls.' Resp. at 4) simply stand for the proposition that a Rule 11 claim for sanctions can only be made via motion, as opposed to a counterclaim.

## V.  THE ISSUE BEFORE THE COURT HAS NO RELATIONSHIP TO THE "DEFICIENCY PROCESS" UNDER PTO #16.

The issue before the Court does not concern deficiencies in Plaintiffs' Fact Sheets – rather, it is discovery seeking information regarding the evidentiary support underlying individual Plaintiffs' factual contentions and whether Plaintiffs' pre-filing investigation was objectively reasonable. Thus, whether Plaintiffs' Fact Sheets constitute discovery responses under PTO #16, or whether PTO #16 includes a PFS deficiency procedure, are irrelevant. For the same reason, Rule 11(d) – precluding Rule 11 motion practice for discovery issues – has no application.

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deem the objections of all but five plaintiffs untimely, and for the remainder of the plaintiffs determine the sufficiency of Plaintiffs' Master Objections under Rule 30(a)(6) and enter an order either deeming the matters admitted or requiring Plaintiffs to timely serve amended answers.

Respectfully submitted,

ALLEN GUTHRIE & THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel: (304) 345-7250
Fax: (304) 345-9941
E-mail: rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel: (816) 559-2214
Fax: (816) 421-5547
E-mail: hkaplan@shb.com
E-mail: mmdonough@shb.com

*Attorneys for Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
    Richard A. Dean, CO-LEAD COUNSEL
    Matthew P. Moriarty, CO-LEAD COUNSEL
    Kristen L. Mayer
    925 Euclid Avenue, Suite 1150
    Cleveland, Oh  44115-1414
    Tel: (216) 592-5000
    Fax: (216) 592-5009
    E-mail: richard.dean@tuckerellis.com
            matthew.moriarty@tuckerellis.com
            kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2009, a copy of the foregoing **Defendants' Reply Brief in Support of Rule 36(a)(6) Motion to Determine Sufficiency of Plaintiffs' Master Objections to Defendants' First Request for Admission to Various Plaintiffs** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

ALLEN GUTHRIE & THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel: (304) 345-7250
Fax: (304) 345-9941
E-mail: rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: (816) 559-2214
Fax: (816) 421-5547
E-mail: hkaplan@shb.com
E-mail: mmdonough@shb.com

*Attorneys for Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
Richard A. Dean, CO-LEAD COUNSEL
Matthew P. Moriarty, CO-LEAD COUNSEL
Kristen L. Mayer
925 Euclid Avenue, Suite 1150
Cleveland, Oh 44115-1414
Tel: (216) 592-5000
Fax: (216) 592-5009
E-mail: richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

073021.000031.1059987.1