# EXHIBIT 3

# TUCKER ELLIS & WEST LLP
## ATTORNEYS AT LAW

1150 Huntington Bldg. 925 Euclid Avenue Cleveland, Ohio 44115-1414
phone 216.592.5000 fax 216.592.5009 Web: www.tuckerellis.com

**CLEVELAND COLUMBUS DENVER LOS ANGELES SAN FRANCISCO**

Matthew P. Moriarty
Direct Dial: 216.696.2276
E-mail: matthew.moriarty@tuckerellis.com

June 2, 2009

**VIA E-MAIL**
(wvsdml_digitek_chambers@wvsd.uscourts.gov)

Honorable Joseph R. Goodwin, Chief Judge
United States District Court for the
  Southern District of West Virginia
7009 Robert C. Byrd United States Courthouse
300 Virginia Street East
Charleston, WV 25301

Re: *In re Digitek® Products Liability Litigation*, MDL No. 1968

Dear Judge Goodwin:

Based upon our discussions at the last case management conference and the provisions of PTO #16, this correspondence serves as the defense report regarding the trial selection process. As explained below, Defendants' ability to select Trial Group #1 cases has been impaired by the poor response of Plaintiffs to the PFS (Plaintiff Fact Sheet) requirements.

This Court entered PTO #16 on March 5, 2009. Paragraph IV(A)(2) set a 75-day deadline for PFSs in the 133 cases pending at that time – a due date of May 19, 2009. By May 19, however, 80% of the plaintiffs failed to comply. Despite the looming deadlines triggered by these critical due dates, defendants agreed to Plaintiffs' request for a one-week extension of time until May 26, 2009 as a show of good faith and professional courtesy. As of May 26, 2009, Defendants received an additional 61 PFSs (for a total of 86), and 15 more trickled in over the next seven days, out of time. A total of 32 PFSs have not been received at all for those MDL cases pending when this Court entered PTO #16.

Likewise, for the 28 cases filed after March 5, 2009, with PFSs due on or before May 26, 2009, only 10 PFSs were received on time; 9 were received late; and 9 were never received. Thus, two-thirds of the plaintiffs in this grouping missed their deadline, and a full third did not comply at all.

073021.00003\1051193



# TUCKER ELLIS & WEST LLP

Honorable Joseph R. Goodwin, Chief Judge
June 2, 2009
Page 2

In sum, out of 161 cases, only 96 PFSs were received on time (or by extension date); 24 were received late; and 41 are outstanding – that is, no PFS has been submitted in 25% of all MDL cases. Delinquency letters in these 41 cases were sent out on June 1, 2009.

Paragraph IV(A)(2)(c) of PTO #16 also requires plaintiffs to send (with the PFS) medical and pharmacy records in plaintiff's possession, and subsection (A)(3) requires that the PFS be "substantially complete in all respects."

Of the 96 (out of 161) PFSs received on time, only 63 contained medical or pharmacy records – 33 had no medical or pharmacy records. For the 24 PFSs received late, only 15 contained medical or pharmacy records – 9 had no medical or pharmacy records. In short, fewer than half of all plaintiffs with medical and pharmacy records due on or before May 26, 2009 complied; the majority of those that did comply sent incomplete records.

Of the 88 PFSs that defendants have been able to process to date, 40% have serious deficiencies (some with more than one deficiency) warranting a deficiency letter under PTO #16 for the following reasons:

Failure to Include a Death Certificate (1)
Failure to Provide Letters of Authority for Estate (20)
Failure to Provide Pharmacy Authorizations (16)
Failure to Answer All PFS Questions (9)
Submission of Unsigned or Expired Authorizations (4)

Unless these numerous deficiencies are cured within the time allotments under PTO #16, or Plaintiffs voluntarily dismiss such cases with prejudice by July 1, 2009, Defendants intend to move the Court to dismiss these cases.

While these deficiencies will be dealt with in due course under PTO #16, the deadlines established by that Order for selecting the first pool of trial cases compels us to communicate with the Court as to whether the first wave of Plaintiff Fact Sheets are sufficiently complete to begin the trial selection process. While Defendants have received 96 Plaintiff Fact Sheets and 63 with partial records, the fact of the matter is that these records are incomplete and in many cases contradict the medical claims advanced in the Fact Sheets – for example, in many of these records there is absolutely no reference to digoxin toxicity. Given the information received to date, Defendants cannot determine which cases are representative and which might be appropriate for selection within Trial Group #1. Nor can Plaintiffs or the Court.

Defendants have made extensive efforts over the last several weeks to review the medical and pharmacy records as they are received. Defendants are prepared to designate cases should the Court wish based on the information received to date.

073021.000031\1051193




# TUCKER ELLIS & WEST LLP

Honorable Joseph R. Goodwin, Chief Judge
June 2, 2009
Page 3

    We would also note that in those cases for which partial medical records were received, almost all of them show a complete failure of proof and indeed raise substantial questions of Rule 11 compliance. For example:

1. A 95-year-old woman died of multiple medical problems, with no suggestion of digoxin toxicity at all, much less as a cause of death.

2. A 70-year-old man died of cancer. There is no reference to digoxin toxicity as a cause of his death.

3. A 61-year-old man with metastatic cancer died of acute stroke, which the doctors said was secondary to a heart thrombus. Digoxin toxicity is not mentioned at all.

    The fact that someone took Digitek® at some point does not provide a sufficient good faith belief to file complaints asserting the allegations lodged against the defendants. To the extent plaintiffs' counsel wish to dismiss cases with prejudice, and do so before July 1, 2009, Defendants will not seek discovery about what was known or should have been known pre-filing.

    We look forward to talking with you further about trial selection issues in light of the poor response. We can be available by phone if you wish to discuss it before the June 11 Judicial meeting, or the June 17, 2009 MDL case management conference.

                                                      Very truly yours,

                                                    /s/ Matthew P. Moriarty

                                                    Matthew P. Moriarty

MPM:rcf
cc (via e-mail):
    Harry Bell (hfbell@belllaw.com)
    Fred Thompson (fthompson@motleyrice.com)
    Rebecca Betts (rabetts@agmtlaw.com)
    David Thomas (dbthomas@agmtlaw.com)
    Kristen Mayer (kristen.mayer@tuckerellis.com)
    Richard Dean (richard.dean@tuckerellis.com)
    Carl N. Frankovitch (carln@facslaw.com)
    Harvey L. Kaplan (HKAPLAN@shb.com)