# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK LITIGATION                    MDL NO. 1968

THIS DOCUMENT APPLIES ONLY TO:

Carolyn C. Hebert,                           NO. 2:09-cv-00392

        Plaintiff,

      v.

Actavis Totowa LLC, et al.,

        Defendants.

## PLAINTIFF CAROLYN HEBERT'S RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF

Plaintiff Carolyn Hebert ("Hebert") responds to Defendants' First Requests for Admissions to Plaintiff as follows:

## GENERAL OBJECTIONS

Plaintiff's objections and responses are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on ground that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No Incidental or implied admissions are intended in these responses. Other than those Request for Admissions which the plaintiffs' explicitly "admit," either in part or in whole, plaintiff's response to all or any part of the Request for Admissions is not, and should not be taken as an admission that plaintiff accepts or admits the existence of any matter stated or

assumed by any Request for Admission. Plaintiff's response to part, or all, of any Request for Admission is not intended to be, and shall not be, a waiver by plaintiffs of all or any part of their objection to a particular Request for Admission.

In responding to any particular Request for Admission, plaintiff does not in any way waive or intend to waive, but rather intend to preserve and are preserving:

    (i)      All objections as to the vagueness, ambiguity or other infirmity in any Request for Admission;

    (ii)    All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including at the trial of this or any other action;

    (iii)   All rights to object on any ground to any further Request for Admission or other discovery requests involving or related to the subject matter of the Request for Admission;

    (iv)   Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the Southern District of West Virginia, or other statutes or the common law.

Plaintiff continues to investigate the facts presented and to prepare for trial. The following responses are based on information known at this time and are given without prejudice to the Plaintiff's right to supplement these responses prior to trial, or to produce evidence based on subsequently discovered information. Plaintiff's responses are therefore based on, and limited by, Plaintiff's present knowledge and recollection. Consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

Plaintiff makes the following general objections to the Defendants' request for admissions, each of which is hereby incorporated into each particular response below:

1.      Plaintiff hereby incorporates and adopts Plaintiffs' Master Objections to Defendants' First Requests for Admissions to Various Plaintiffs served on Defendants on July 7, 2009.

2.      Plaintiff objects to each and every admissions request that purports to require Plaintiff to respond in a manner or to an extent not required by the Federal Rules of Civil Procedure, the local rules for the Southern District of West Virginia, the Federal Rules of Evidence, and any other applicable law, rule or regulation.

3.      Plaintiff objects to the admitting of any information that is exempt from disclosure because it is protected by privilege, exemption, or immunity recognized in the Federal Rules of Civil Procedure, the local rules for the Southern District of West Virginia, the Federal Rules of Evidence, and any other applicable law, rule or regulation or common law, including, but not limited to the attorney-client communication privilege, the attorney work-product exemption and the party communication privilege.

4.      Plaintiff objects to each admissions request to the extent that it seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects to each admissions request to the extent it would require Plaintiff to provide information not in Plaintiff's possession, custody or control.

6.      Plaintiff objects to each admissions request to the extent that it is overbroad and improper and fails to specify particular types and categories of information being sought.

7.      Plaintiff objects to each admissions request to the extent that is so vague that Plaintiff is, in good faith, unable to ascertain what information is requested.

8.     Plaintiff objects to each admission request to the extent that it seeks information that may be obtained from the business records of Defendants, and the burden of obtaining such information is substantially the same for Plaintiff as it is for the Defendants.

9.     Plaintiff does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication that is contained in the admissions requests.

10.     By making a specific objection to a particular admissions request, Plaintiff does not imply that the specific objection is not applicable in response to any other particular admission request, or that the general objections are not applicable to that admissions request.

### PLAINTIFF'S SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that you did not serve Defendants with any of Plaintiff medical records or pharmacy records when you served the Plaintiff Fact Sheet.

### RESPONSE:

Plaintiff objects to this Request for Admission as it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Previously, Plaintiffs' wrote a letter to the Court concerning the production of medical and pharmacy records and the Plaintiffs' Fact Sheet requirements, and these statements still hold true. Further, the requests advanced are improper under the rules. Rule 36 states:

> A party may serve on any other party a written request to admit, for the purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The above request does not comply with this rule as the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to the service of these requests because service is not timely according to PTO # 16, and Defendants seek to circumvent the deficiency process set up by this Court. This Court's PTO # 16 lays out the discovery timeline in detail. Until an individual case is selected for trial, the only authorized individual case discovery, excluding class actions, is contained in Section IV. Discovery A) Plaintiffs' Fact Sheet. Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a trial group and the "discovery initial date" is triggered.

Further, under Section IV, A), 5, if a Plaintiff fails to cure a deficiency within thirty days of receiving a deficiency letter, "Defendants may seek an Order to Show Cause why the case should not be dismissed." Defendants are using the requests for admissions to circumvent this process.

If this Court finds that the service of the discovery requests was proper, Plaintiffs also object to the individual requests.

Further, the request advance is not aimed at the "party" and instead is directed at the attorney. The request calls for the discovery of information that is protected by the attorney-client privilege and/or work product privilege.

Subject to the above objections, Plaintiff neither admits nor denies service on Defendants of Plaintiff's medical records or pharmacy records when she served the Plaintiff Fact Sheet. Plaintiff included in the Plaintiff Fact Sheet her authorization forms for Defendant to obtain medical records and pharmacy records directly from the treating physicians and pharmacies.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you did not have any of Plaintiff's medical records or pharmacy records in your possession when you filed the Complaint in this case.

**RESPONSE:**

Plaintiff objects to this admission as it seeks information protected by privilege, exemption, or immunity recognized in the Federal Rules of Civil Procedure, the local rules for the Southern District of West Virginia, the Federal Rules of Evidence, and any other applicable law, rule or regulation or common law, including, but not limited to the attorney-client communication privilege, the attorney work-product exemption and the party communication privilege.  The request advanced is not aimed at the "party" and instead is directed at the attorney.

Plaintiff further objects to this request for admission as it seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Previously, Plaintiffs' wrote a letter to the Court concerning the production of medical and pharmacy records and the Plaintiffs' Fact Sheet requirements, and these statements hold true.  Further, the requests advanced are improper under the rules.  Rule 36 states:

> A party may serve on any other party a written request to admit, for the purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The above request does not comply with this rule as the request is not reasonably calculated to lead to the discovery of admissible evidence.   The specific facts, circumstances and considerations supporting the decision by Plaintiff and Plaintiffs' attorney to file suit do not bear on the issues of liability or damages.

Plaintiff further objects to the service of these requests because service is not timely according to PTO # 16, and Defendants seek to circumvent the deficiency process set up by this Court. This Court's PTO # 16 lays out the discovery timeline in detail. Until an individual case is selected for trial, the only authorized individual case discovery, excluding class actions, is contained in Section IV. Discovery A) Plaintiffs' Fact Sheet. Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a trial group and the "discovery initial date" is triggered.

Further, under Section IV, A), 5, if a Plaintiff fails to cure a deficiency within thirty days of receiving a deficiency letter, "Defendants may seek an Order to Show Cause why the case should not be dismissed." Defendants are using the requests for admissions to circumvent this process.

Subject to the above objections, Plaintiff neither admits nor denies that he had possession of his medical or pharmacy records when he filed the Complaint in this case.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you did not have any of Plaintiff's medical record or pharmacy records in your possession when you served Defendants with the Plaintiff Fact Sheet on 6/22/2009.

**RESPONSE:**

Plaintiff objects to this admission as it seeks information protected by privilege, exemption, or immunity recognized in the Federal Rules of Civil Procedure, the local rules for the Southern District of West Virginia, the Federal Rules of Evidence, and any other applicable law, rule or regulation or common law, including, but not limited to the attorney-client communication privilege, the attorney work-product exemption and the party communication

privilege. The request advanced is not aimed at the "party" and instead is directed at the attorney.

Plaintiff further objects to this request for admission as it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Previously, Plaintiffs' wrote a letter to the Court concerning the production of medical and pharmacy records and the Plaintiffs' Fact Sheet requirements, and these statements hold true. Further, the requests advanced are improper under the rules. Rule 36 states:

> A party may serve on any other party a written request to admit, for the purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The above request does not comply with this rule as the request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to the service of these requests because service is not timely according to PTO # 16, and Defendants seek to circumvent the deficiency process set up by this Court. This Court's PTO # 16 lays out the discovery timeline in detail. Until an individual case is selected for trial, the only authorized individual case discovery, excluding class actions, is contained in Section IV. Discovery A) Plaintiffs' Fact Sheet. Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a trial group and the "discovery initial date" is triggered.

Further, under Section IV, A), 5, if a Plaintiff fails to cure a deficiency within thirty days of receiving a deficiency letter, "Defendants may seek an Order to Show Cause why the case

should not be dismissed." Defendants are using the requests for admissions to circumvent this process.

Subject to the above objections, Plaintiff neither admits nor denies that he had possession of his medical or pharmacy records when he filed the Complaint in this case.

Dated:  July 31, 2009

Respectfully submitted,

**BAILEY PERRIN BAILEY**

_____

K. Camp Bailey, Esq.
Laurence G. Tien, Esq.
State Bar No. 24003057
440 Louisiana Street, Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
ltien@bpblaw.com

*Attorneys for Plaintiff Carolyn Hebert*

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am a member of Bailey Perrin Bailey, whose offices are located in the City of Houston and the State of Texas. My business address is: 440 Louisiana Street, Suite 2100, Houston, TX 77002.

That on July 31, 2009, I served the foregoing document(s) entitled: **PLAINTIFF CAROLYN HEBERT'S RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF,** in particular on the counsel set forth on the attached list by electronic mail.

I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing is true and correct. Executed on July 31, 2009, at Houston, TX

## CERTIFICATE OF SERVICE

Harvey L. Kaplan
Madeliene M. McDonough
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108-2610
 (816) 559-2214 Telephone
(816) 421-5547 Facsimile
hkaplan@shb.com
mmdonough@shb.com
*Attorneys for Mylan Pharmaceuticals, Inc.,*
*Mylan Bertek Pharmaceuticals, Inc., and*
*UDL Laboratories, Inc.*

Richard A. Dean
Matthew P. Moriarty
Kristen L. Mayer
TUCKER ELLIS & WEST LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115
(216) 592-5000 Telephone
(216) 592-5009 Facsimile
richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
kristen.mayer@tuckerellis.com
*Attorneys for Actavis Inc., Actavis Totowa*
*LLC, and Actavis Elizabeth LLC*

Harry Bell, Esq.
BELL & BANDIS, PLLC
30 Capital St., P.O. Box 1723
Charleston, WV 25326
hfbell@belllaw.com
*Attorneys for Defendants*

Fred Thompson, III, Esq.
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
fthompson@motleyrice.com
*Attorneys for Defendants*

Rebecca A. Betts, Liaison Counsel
ALLEN GUTHRIE McHUGH & THOMAS
500 Lee Street East, Suite 800
Charleston, WV 25301
(304) 345-7250 Telephone
(304) 345-9941 Facsimile
rabetts@agmtlaw.com
*Attorneys for Defendants*

Carl N. Frankovitch, Esq.
FRANKOVITCH ANETAKIS
COLANTONIO & SIMON
337 Penco Road
Weirton, WV 26062
carln@facslaw.com
*Attorneys for Defendants*