# EXHIBIT 8



# The Miller Firm LLC
### TRIAL LAWYERS

Michael J. Miller – VA, MD, DC, PA
Christopher A. Gomez – PA, VA
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
Peter A. Miller – VA
Michele A. DiMartino – PA, NJ
David C. Andersen – DC, CA
David J. Dickens – VA
Jeffrey Travers – VA
Charles W. Davis – VA
Preston G. Williams - VA

The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960

Marcia DePalmo Swartz, R.N., MFS
Jennifer Miller, R.N.
Nancy Leftwich, R.N.
Website: doctoratlaw.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

*Of Counsel*
Nancy Guy Armstrong – MS

August 21, 2009

<u>Via Electronic Mail</u>
Richard A. Dean, Esq.
Tucker Ellis & West
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115

 In re: Deborah Figueroa v. Actavis Totowa, et al.

Dear Mr. Dean:

 Attached please find Plaintiff's Objections and Answers to Defendant's First Interrogatories and Request for Production of Documents in the above-referenced matter.

           Very truly yours,

           THE MILLER FIRM, LLC
           Peter A. Miller, Esquire

PAM/ppm
Enclosures
cc: Rebecca A. Betts, Esq.
   Harvey L. Kaplan, Esq.

IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT
OF WEST VIRGINIA, CHARLESTON DIVISION

IN RE: DIGITEK LITIGATION      MDL NO. 1968

Deborah Figueroa, Personal
Representative of the Estate of James
Hamner,

                                  Case No. 2:08-cv-01453

        Plaintiff

vs.

Actavis Totowa, LLC, et al.,

        Defendant

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

        COMES NOW your Plaintiff, Deborah Figueroa, by Counsel, and submits the following as and for her Objections and Responses to Defendant's Interrogatories and Request for Production of Documents.

        Plaintiff objects to the service of these requests because service is not timely according to PTO #16, and Defendant's seek to circumvent the discovery process set up by this Court.

        This Court's PTO #16 lays out the discovery timelines in detail. Until an individual case is selected for Trial, the only authorized individual case discovery, excluding class actions, is contained in the Plaintiff's Fact Sheet Section.[1] (ECF No. 87). Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a Trial group and the "discovery initial date" is triggered. This case is not in the Trial group.

        If this court finds that the service of the discovery requests was proper, Plaintiff also objects to the individual requests. The Plaintiff believes that the requests advanced are improper under Rule 33 of the Federal Rules of Civil Procedure, which states

---

[1] Section IV (A) of PTO #16.

> (2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the Court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

The Defendant's requests do not comply with this Rule as the requests are not reasonably calculated to lead to the discovery of admissible evidence under Rule 26 (b) of the Federal Rules of Civil Procedure and do not bear on the issues of liability or damages.

Further, the requests advanced are not aimed at the "party" and instead are directed at the attorney. The interrogatory calls for the discovery of information that is protected by the attorney-client privilege and/or the work product privilege. Therefore, Plaintiff's object to both the service and content of Defendant's requests as improper under the rules and this Court's PTO #16.

Without waiving the above objections, Plaintiff responds as follows:

INTERROGATORY NO. 1: Please state what medical records counsel had in their possession when the Complaint was filed.

RESPONSE: Death certificate.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1: Provide transmittal letters from medical providers verifying the receipt of the medical records listed in your answer to Interrogatory No. 1.

RESPONSE: No transmittal letter exists as these records were provided by the client, not the medical provider.

2

THE MILLER FIRM, LLC

By:  *[signature]*

By: PETER A. MILLER (Bar #47822)
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, Va. 22960
Tel.:   (540) 672-4224
Fax:   (540) 672-3055
E-mail: pmiller@doctoratlaw.com

3

IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT
OF WEST VIRGINIA, CHARLESTON DIVISION

IN RE: DIGITEK LITIGATION     MDL NO. 1968

**Deborah Figueroa, Personal
Representative of the Estate of James
Hamner,**

                    Case No. 2:08-cv-01453

        **Plaintiff**

vs.

**Actavis Totowa, LLC, et al.,**

        **Defendant**

## CERTIFICATE OF MAILING

    **WE HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed and sent via electronic mail this 21st day of August, 2009 to the following:

ALLEN GUTHRIE McHUGH & THOMAS, PLLC
Rebecca A. Betts, LIASION COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
E-mail: rabetts@agmtlaw.com
*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
E-mail: hkaplan@shb.com
          mmdonough@shb.com
*Attorneys for Mylan Pharmaceuticals Inc.,
Mylan Bertek Pharaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP
Richard A. Dean
CO-LEAD COUNSEL
Matthew P. Moriarty
CO-LEAD COUNSEL
Kristen L. Mayer
925 Euclid Avenue, Suite 1150
Cleveland, Ohio 44115-1414
E-mail:
richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
Kristen.mayer@tuckerellis.com
*Attorneys for Actavis Inc., Actavis
Totowa LLC, and Actavis Elizabeth*

4

_/s/ Pete Miller_
_____
By: PETER A. MILLER (Bar #47822)
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, Va. 22960
Tel.:   (540) 672-4224
Fax:   (540) 672-3055
E-mail: pmiller@doctoratlaw.com

# The Miller Firm LLC
**TRIAL LAWYERS**

Michael J. Miller – VA, MD, DC, PA
Christopher A. Gomez – PA, VA
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
Peter A. Miller – VA
Michele A. DiMartino – PA, NJ
David C. Andersen – DC, CA
David J. Dickens – VA
Jeffrey Travers – VA
Charles W. Davis – VA
Preston G. Williams - VA

The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960

Marcia DePalmo Swartz, R.N., MFS
Jennifer Miller, R.N.
Nancy Leftwich, R.N.
Website: doctoratlaw.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

*Of Counsel*
Nancy Guy Armstrong – MS

August 21, 2009

<u>Via Electronic Mail</u>
Richard A. Dean, Esq.
Tucker Ellis & West
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115

In re: Rosetta Hicks v. Actavis Totowa, et al.

Dear Mr. Dean:

Attached please find Plaintiff's Objections and Answers to Defendant's First Interrogatories and Request for Production of Documents in the above-referenced matter.

Very truly yours,

THE MILLER FIRM, LLC
Peter A. Miller, Esquire

PAM/ppm
Enclosures
cc:   Rebecca A. Betts, Esq.
      Harvey L. Kaplan, Esq.

---

IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT
OF WEST VIRGINIA, CHARLESTON DIVISION

IN RE: DIGITEK LITIGATION      MDL NO. 1968

Rosetta Hicks, Personal Representative
of the Estate of Henrietta Hicks,

         Plaintiff          Case No. 2:09-cv-00004

vs.

Actavis Totowa, LLC, et al.,

         Defendant

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW your Plaintiff, Rosetta Hicks, by Counsel, and submits the following as and for her Objections and Responses to Defendant's Interrogatories and Request for Production of Documents.

Plaintiff objects to the service of these requests because service is not timely according to PTO #16, and Defendant's seek to circumvent the discovery process set up by this Court.

This Court's PTO #16 lays out the discovery timelines in detail. Until an individual case is selected for Trial, the only authorized individual case discovery, excluding class actions, is contained in the Plaintiff's Fact Sheet Section.[1] (ECF No. 87). Any other individual discovery on a Plaintiff does not begin until that Plaintiff is picked for a Trial group and the "discovery initial date" is triggered. This case is not in the Trial group.

If this court finds that the service of the discovery requests was proper, Plaintiff also objects to the individual requests. The Plaintiff believes that the requests advanced are improper under Rule 33 of the Federal Rules of Civil Procedure, which states

---

[1] Section IV (A) of PTO #16.

>       (2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the Court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

The Defendant's requests do not comply with this Rule as the requests are not reasonably calculated to lead to the discovery of admissible evidence under Rule 26 (b) of the Federal Rules of Civil Procedure and do not bear on the issues of liability or damages.

Further, the requests advanced are not aimed at the "party" and instead are directed at the attorney. The interrogatory calls for the discovery of information that is protected by the attorney-client privilege and/or the work product privilege. Therefore, Plaintiff's object to both the service and content of Defendant's requests as improper under the rules and this Court's PTO #16.

Without waiving the above objections, Plaintiff responds as follows:

INTERROGATORY NO. 1: Please state what medical records counsel had in their possession when the Complaint was filed.

RESPONSE: Death Certificate.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1: Provide transmittal letters from medical providers verifying the receipt of the medical records listed in your answer to Interrogatory No. 1.

RESPONSE: No transmittal letter exists as these records were provided by the client, not the medical provider.

2

THE MILLER FIRM, LLC

By: _____/s/ Peter Miller_____
By: PETER A. MILLER (Bar #47822)
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, Va. 22960
Tel.:   (540) 672-4224
Fax:   (540) 672-3055
E-mail: pmiller@doctoratlaw.com

3

IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT
OF WEST VIRGINIA, CHARLESTON DIVISION

IN RE: DIGITEK LITIGATION          MDL NO. 1968

Rosetta Hicks, Personal Representative
of the Estate of Henrietta Hicks,

        Plaintiff         Case No. 2:09-cv-00004

vs.

Actavis Totowa, LLC, et al.,

        Defendant

## CERTIFICATE OF MAILING

**WE HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed and sent via electronic mail this 21st day of August, 2009 to the following:

ALLEN GUTHRIE McHUGH & THOMAS, PLLC
Rebecca A. Betts, LIASION COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
E-mail: rabetts@agmtlaw.com
*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
E-mail: hkaplan@shb.com
          mmdonough@shb.com
*Attorneys for Mylan Pharmaceuticals Inc.,
Mylan Bertek Pharaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP
Richard A. Dean
CO-LEAD COUNSEL
Matthew P. Moriarty
CO-LEAD COUNSEL
Kristen L. Mayer
925 Euclid Avenue, Suite 1150
Cleveland, Ohio 44115-1414
E-mail:
richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
Kristen.mayer@tuckerellis.com
*Attorneys for Actavis Inc., Actavis
Totowa LLC, and Actavis Elizabeth*

_____

By: PETER A. MILLER (Bar #47822)
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, Va. 22960
Tel.:   (540) 672-4224
Fax:   (540) 672-3055
E-mail: pmiller@doctoratlaw.com