IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK
       PRODUCTS LIABILITY LITIGATION

                                                                                    MDL NO. 1968

-----------------------------------------------------------------

**PLAINTIFFS' OBJECTIONS TO PTO # 39**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Plaintiffs' Steering Committee respectfully submits their objections to PTO # 39 concerning Rule 11 Discovery.

**I.    Assignment of Error**

Plaintiffs assign the following error to Judge Stanley's Order: PTO # 39 erroneously limits and modifies PTO # 16, in light of PTO # 22, to permit individual discovery by the parties on cases that are not scheduled for trial grouping in accordance with PTO # 16, which undermines and creates the inefficiencies that PTO # 16 is designed to avoid.

**II.    Facts**

Plaintiffs filed a master set of objections to Defendants' First Requests for Admissions to various Plaintiffs on July 6, 2009. After Defendants filed a motion and the parties briefed the issues, Magistrate Judge Stanley held oral arguments on August 11, 2009, and issued PTO # 39 on August 26, 2008. The facts of the case were included in both parties' briefs and are incorporated herein by reference.

**III.    Standard of Review**

Rule 72(a) of the Federal Rules of Civil Procedure permits the Plaintiffs' Steering Committee to object to any nondispositive matter contained in a pretrial order issued by Magistrate Judge Stanley. "The district judge in the case must consider timely objections and

1

modify or set aside any part if the order that is clearly erroneous or is contrary to law." F.R.C.P. 72(a). *See also Clark v. Milam*, 155 F.R.D. 546, 547-48 (S.D. W. Va. 1995).

### III. Argument

Magistrate Judge Stanley, relying heavily on Section R of PTO #22, found that PTO # 16 does not expressly forbid Defendants from serving discovery on individual Plaintiffs. While the order's holding could be limited to requiring Plaintiffs to answer Defendants Requests for Admissions, by its terms PTO # 39 is far reaching and expands the scope of PTO # 22 far beyond what the parties had originally negotiated. PTO #39, as written, creates uncertainty and ambiguity regarding the parties rights and obligations under PTO #16; certainly this Honorable Court did not intend to allow Defendants to serve additional case specific discovery that is not mentioned in PTO # 16, while prohibiting Plaintiffs from serving any additional discovery on the Defendants, yet seemingly, this is exactly what has been sanctioned by the court in PTO # 39. The fair and evenhanded reading of PTO # 39

As noted by PTO # 39, neither parties' brief on this issue discusses section R of PTO # 22—the reason for this is simple—it was not intended to modify the terms of discovery as set forth in PTO # 16. Section R of PTO # 22, the provision relied upon, says:

> R. Effect on Other Discovery
>
> With regard to other forms of discovery, including Interrogatories, Requests to Produce Documents, Requests to Admit and Right to Entry and Inspection, nothing contained herein shall limit or abridge the parties rights or prerogatives under previously entered orders of this Court, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

(ECF No. 122 at 13). The Court correctly notes that Section R does not draw any distinctions between trial groups and non-trial cases, however, it interprets Section R as "expressly

permit[ting] the parties to serve discovery requests outside the discovery periods for trial groups set forth in PTO # 16." (ECF No. 194, at 6).

This ruling was clearly erroneous. Section R was never meant by the parties to grant additional rights or expand discovery. Co-lead Counsel for the PSC and Defendants exhaustively negotiated the conduct of discovery terms before submitting a proposal to the Court. Defendants' originally proposed an agreement that dealt only with coordination with other state litigation and deposition guidelines. After some discussions, Plaintiffs submitted a revision that included the section that is now Section R. This Section was intended as a "Savings Clause" so that nothing in the order would replace or supersede any rights previously granted, specifically the discovery schedule as outlined in PTO # 16. The parties readily agreed on this section and the majority of the discussion on this section was limited to whether the title should read "Effect on Other Discovery" or "Affect on Other Discovery."

The breadth of the provision itself is clear in that it says "nothing contained herein shall limit or abridge the parties rights or prerogatives." It was not intended to expand the scope of discovery, or overrule any previous orders and certainly does not grant the parties any further rights.

And in fact the Parties had mutually acted in accordance with their understanding of the provision. Individual Plaintiffs had previously filed case specific discovery and Defendants objected using the logic that PTO # 16 forbade individual discovery in non-trial cases. (see Exhibit A for example letter from Defendants). Defendants used PTO # 16 as a shield to avoid answering discovery. Now to use it as a sword to force discovery on Plaintiffs is patently unfair. By finding that Section R of PTO # 22 allows discovery by both parties in all non-trial cases, the obvious and immediate impact of PTO # 39 as ordered by Stanley is that all Plaintiffs will

propound discovery with vigor equal to Defendants. The carefully designed structure laid out in PTO # 16 for the efficient process of this litigation will be subverted.

### IV. Conclusion

The Plaintiffs respectfully request that the Court modify or vacate PTO # 39 so that this litigation can continue operating efficiently.

Dated: September 10, 2009         Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

Carl N. Frankovitch, Esq.              /s/Fred Thompson, III, Esq.
Frankovitch, Anetakis, Colantonio      Fred Thompson, III, Esq.
& Simon                                Motley Rice, LLC
337 Penco Rd.                          28 Bridgeside Blvd.
Weirton, WV 26062                      Mt. Pleasant, SC 29464
*Co-Lead Counsel*                      *Co-Lead Counsel*

Harry F. Bell, Jr., Esq.
The Bell Law Firm, PLLC
P.O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*

**CERTIFICATE OF SERVICE**

 I hereby certify that on September 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

            s/Fred Thompson, III Esq.
            Fred Thompson, III, Esq.
            Motley Rice, LLC
            28 Bridgeside Blvd.
            Mt. Pleasant, SC 29464
            ***Co- Lead Counsel***