IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
      LITIGATION                                                 MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO PTO #39

Plaintiffs originally raised four arguments in support of their Master Objections to the Requests for Admission at issue. They have abandoned all but one. The gist of Plaintiffs' sole remaining argument in Objection to PTO #39 (Doc. 202) is that the Order undermines PTO #16 because it provides that Defendants can propound case-specific, basic discovery in cases not yet selected for trial, but Plaintiffs cannot. Specifically, Plaintiffs argue that under PTO #16, they may not propound interrogatories and requests for production of documents beyond June 1, 2009 but that, because there is no similar time limit for Defendants, Magistrate Judge Stanley's reading of PTO #22 unfairly allows Defendants to propound case-specific, basic discovery of any kind, at any time, in cases not yet selected for trial.

This is incorrect for two reasons. First, Judge Stanley was plainly correct in determining that nothing in PTO #16 bars Defendants from submitting requests for admission, and that "PTO #22 expressly permits" it. (Doc. 194, at 6.) Second, Plaintiffs do not interpret PTO #39 accurately. The Order was not intended nor does it address case-specific, basic discovery in individual cases not yet selected for trial. Rather, PTO #39 is independent of PTO #16 and focuses specifically on the appropriateness, and timing, of discovery seeking information to

determine whether grounds exist for a Rule 11 motion – issues which may be raised at any time in a litigation. Plaintiffs' Objections to PTO #39 should therefore be denied.[1]

## I. PLAINTIFFS' BURDEN UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a).

As this Court is aware (PTO #37), a district judge considering Objections under Federal Rule of Civil Procedure 72(a) is required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). A decision is clearly erroneous "when, after reviewing the entire record, a court 'is left with a definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civ. No. 06-3123, 2007 WL 1455989, at *1 (D. Minn. May 15, 2007) (Magnuson, J.) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008). Plaintiffs have not, and cannot, meet this burden.

## II. PTO #16 DOES NOT PRECLUDE THE PARTIES FROM SUBMITTING REQUESTS FOR ADMISSION AT ANY TIME, AND PTO #22 EXPRESSLY ALLOWS IT.

Nothing in PTO #16 precludes any party from submitting requests for admission at any time and "PTO #22 expressly permits" such discovery. (Doc. 194, at 5-6.) Judge Stanley so determined in PTO #39, and her conclusions are plainly correct. Accordingly, Plaintiffs have no support for their objections.

---

[1] As established in Defendants' Reply Brief in Support of Its Rule 36(a)(6) Motion to Determine Sufficiency of Plaintiffs' Master Objections to Defendants' First Requests for Admission to Various Plaintiffs (Doc. 184, at 3), Plaintiffs in fact waived any objection based on Defendants' use of discovery to explore a Rule 11(b)(3) motion because the objection was made for the first time in a supplemental response filed *after* the 30-day deadline under F.R.C.P. 36(a)(3).

Beyond the plain and unambiguous terms of the governing pretrial orders, there is nothing "unfair" about the orders to warrant overruling PTO #39. To date, in discovery readily accessible by the PSC, Actavis alone has answered 281 interrogatories, 423 requests for production of documents, and 23 requests for admission in the MDL and the New Jersey and Pennsylvania consolidated proceedings, in which the lawyers are also members of the MDL PSC. Under PTO #16, Plaintiffs have received all documents, depositions, and data to which they were entitled, and have taken three organizational chart depositions. Recently, Plaintiffs have requested 32 corporate depositions (*see* Exh. A). Simply put, the general discovery in this MDL has certainly not been a one-way street; the amount of discovery Plaintiffs have either received or taken pales in comparison to the narrow, limited Requests for Admission at issue here.

While Defendants have noted the June 1, 2009 deadline to submit Interrogatories and Requests for Production of Documents to appropriately object to discovery served in non-trial group cases after that deadline, Defendants certainly intend to answer case-specific Interrogatories and Requests for Production of Documents in trial group cases. Indeed, in *David Kelch v. Actavis Totowa* – a trial group case – Interrogatories have been submitted and will be answered.

In sum, Requests for Admission are not prohibited under any Order issued by this Court. Further, Defendants have used them sparingly, and in a very targeted fashion to address non-trial group cases.

### III. PTO #39 ADDRESSES THE TIMING AND APPROPRIATENESS OF TARGETED DISCOVERY GOING TO THE HEART OF RULE 11 – NOT CASE-SPECIFIC, BASIC DISCOVERY IN INDIVIDUAL CASES NOT YET SELECTED FOR TRIAL.

As stated in Magistrate Judge Stanley's Pretrial Order, the three requests for admission in the 39 individual cases at issue "target Rule 11 information relating to whether the plaintiff in each identified case had sufficient evidentiary support to justify filing a claim." (Doc. 194, at 2.) Judge Stanley also acknowledged that the "narrow," "concise" requests seek information that is *not* covered under the Plaintiff Fact Sheet process under PTO #16. (*Id*. at 10.)

Plaintiffs correctly note that under PTO #16, they may not serve general interrogatories or requests for production of documents on Defendants after June 1, 2009. They then argue that no other "case-specific," basic discovery may be initiated by any party until a case has been selected for a trial group and the discovery initiation date has commenced. This is incorrect for the reasons stated above, but also because PTO #39 does not address the timing of basic fact discovery in cases not yet selected for trial; it discusses the propriety of propounding a narrow set of Requests for Admission.

Defendants are not seeking to depose Plaintiffs, prescribing physicians, treating physicians or pharmacists in individual cases that are not yet in a trial group. Defendants' Requests for Admission concern Rule 11 issues in a limited number of cases – requests allowable under this Court's pretrial orders. (Doc. 194, at 6.) Any argument that PTO # 39 is somehow unfair because it permits Defendants to conduct case-specific, basic discovery in individual cases not yet selected for trial, but precludes Plaintiffs from doing so, has no basis in the Order itself.

IV. **PTO #39 ACTUALLY, AND CORRECTLY, PROVIDES THAT RULE 11 APPLIES IN MASS TORT LITIGATION, AND THAT TARGETED DISCOVERY AIMED AT POTENTIAL RULE 11 VIOLATIONS IS AN APPROPRIATE TOOL TO DETERMINE WHETHER PLAINTIFFS HAVE MET THEIR RULE 11 OBLIGATIONS.**

As established by the August 11, 2009 hearing transcript, the issue raised by Defendants' Requests for Admission is whether Plaintiffs conducted an objectively reasonable investigation of a factual bases for their claims under Rule 11(b)(3) before filing their Complaints, and when it is appropriate in an MDL litigation to propound discovery to uncover that type of information. (*See* August 11, 2009 Motions Hearing Transcript, Doc. 192.) Not only does the Court have the inherent power to curtail ethical abuses at any time (*see, e.g., Chamber v. Nasco, Inc.*, 501 U.S. 32 (1991)), but Magistrate Judge Stanley expressly noted that Rule 11 issues should be determined at the beginning of the litigation, not at the end:

> Frivolousness is typically an issue that is tried to be determined at the beginning so the people don't waste a lot of time and energy on the case. I don't understand how it makes any sense to decide that something is frivolous at the far end as opposed to the front end.

Doc. 192, at 9; *see also id*. at 14: "And it is a – if we put off the frivolous screening process until somewhere down a road or decide not to do it at all, we've already spent a lot of money on a bunch of cases that shouldn't have been filed in the first place." And Plaintiffs' counsel agreed:

> THE COURT: And my point is, shouldn't we have placed the responsibility and the burden on the plaintiff's attorney to determine whether or not the case is frivolous at the front end before everybody else spends a whole lot of money on the case?
>
> MR FRANKOVITCH: I, I think that's true.

*Id*. at 21.

Not only is it appropriate to discover information about potential Rule 11 abuses at the front end of litigation, but Magistrate Judge Stanley also reinforced that it is neither defense counsel's job nor RecordTrak's job to spend their time and resources digging up basic Rule 11 information – it is Plaintiffs' burden, which is exactly why it is appropriate now for Plaintiffs to be ordered to answer Defendants' requests:

> THE COURT: But why should RecordTrak and the Plaintiffs' Steering Committee and the defense attorneys spend a bunch of money to do that when it really, under Rule 11, is the obligation of the plaintiffs' attorney to do it in the first instance and to say, very frankly, to the client, "I don't think you've got a claim."

*Id*. at 15. *See also id*. at 20: "And my understanding of Rule 11 is that there's a burden on the plaintiffs' attorney to determine whether there's a factual basis for the claim."

PTO #39 reflects these well-established, basic principles throughout. Expressly acknowledging that PTO #16 does not preclude limited discovery targeted at Rule 11 issues and that, in fact, "PTO #22 expressly permits" it (Doc. 194, at 5-6), Magistrate Judge Stanley went on to identify each reason why Defendants' "narrow" and "concise" requests are justified at this juncture of this litigation. (*Id*. at 10.) Relying on the central purpose of Rule 11, and the applicable case law, Judge Stanley identified the following factors warranting an order overruling Plaintiffs' Master Objections and ordering them to answer Defendants' requests:

1. "Defendants have voiced serious concerns about whether certain counsel had sufficient evidentiary support to justify initiating suit" (*id*. at 12-13);

2. "[T]he Court has an interest in ensuring the effective operation of the pleading regime through Rule 11, particularly in the MDL context" (*id*. at 13);

3. "Requiring the plaintiffs to answer the requests now promotes the goals of resolving disputes efficiently and curbing potentially abusive practices. Waiting until later stages of the litigation to determine whether

6

        sanctionable conduct occurred in some cases increases costs and results in delays" (*id*. at 13-14);

4. The "limited discovery" is "necessary because the current record does not contain any information as to whether sanctionable conduct took place" (*id*.);

5. The legal authority does not "suggest that a court is prohibited from developing a record to determine whether sanctionable conduct occurred" (*id*.); and

6. The "requests will not cause the plaintiffs any undue burden or hardship as the information necessary to answer the request should be readily ascertainable." *Id*.

Moreover, without a screening process in place, PTO #39 fully comports with Judge Goodwin's comments during the June 17, 2009 status conference where he specifically stated that Rule 11 motions could be used to sort out questionable cases. And, it is more than clear from both the hearing transcript and PTO #39 that Magistrate Judge Stanley considered the Rule 11 issues raised throughout the history of this litigation and likely the FDA's public statement about Digitek® on July 8, 2009 stating the agency's position that "harm to patients was very unlikely."[2]

The bottom line, as reflected in PTO #39, is that: 1) "Rule 11 is alive and well . . . in mass tort litigation" (Doc. 192, at 12); 2) it is appropriate to inquire into Rule 11 issues via limited, targeted discovery at the front end of litigation; and 3) it is Plaintiffs' burden to not only meet Rule 11 obligations, but to provide discovery responses to Defendants as to whether those obligations have ever been met. Indeed, it is questionable in and of itself why there is such a

---

[2] http://www.healthnewsdigest.com/news/Family_Health_210/Fact_and_Myths_about_Generic_Drugs.shtml.

deep resistance to answering discovery aimed at Rule 11 issues – requests seeking information already in Plaintiffs' possession and quickly answerable.

## V. CONCLUSION

For the reasons set forth above, PTO #39 is entirely appropriate given the history and facts of this litigation, and Plaintiffs' Objections to PTO #39 should be denied.

Respectfully submitted,

ALLEN GUTHRIE & THOMAS, PLLC

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:	(304) 345-7250
Fax:	(304) 345-9941
E-mail:	rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP

Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:	(816) 559-2214
Fax:	(816) 421-5547
E-mail:	hkaplan@shb.com
E-mail:	mmdonough@shb.com

*Attorneys for Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
   Richard A. Dean, CO-LEAD COUNSEL
   Matthew P. Moriarty, CO-LEAD COUNSEL
   Kristen L. Mayer
   925 Euclid Avenue, Suite 1150
   Cleveland, Oh  44115-1414
   Tel:	(216) 592-5000
   Fax:	(216) 592-5009
   E-mail:richard.dean@tuckerellis.com
          matthew.moriarty@tuckerellis.com
          kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2009, a copy of the foregoing **Defendants' Response to Plaintiffs' Objections to PTO #39** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| ALLEN GUTHRIE & THOMAS, PLLC | TUCKER ELLIS & WEST LLP |
| Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel: (304) 345-7250<br>Fax: (304) 345-9941<br>E-mail: rabetts@agmtlaw.com | By: s/*Richard A. Dean*<br>Richard A. Dean, CO-LEAD COUNSEL<br>Matthew P. Moriarty, CO-LEAD COUNSEL<br>Kristen L. Mayer<br>925 Euclid Avenue, Suite 1150<br>Cleveland, Oh 44115-1414<br>Tel: (216) 592-5000<br>Fax: (216) 592-5009<br>E-mail: richard.dean@tuckerellis.com<br>matthew.moriarty@tuckerellis.com<br>kristen.mayer@tuckerellis.com |
| *Attorney for Defendants* | *Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC* |
| SHOOK, HARDY & BACON LLP | |
| Harvey L. Kaplan, CO-LEAD COUNSEL<br>Madeleine M. McDonough, CO-LEAD COUNSEL<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108-2613<br>Tel: (816) 559-2214<br>Fax: (816) 421-5547<br>E-mail: hkaplan@shb.com<br>E-mail: mmdonough@shb.com | |
| *Attorneys for Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.* | |

073021.000031.1065362.1