# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

**IN RE DIGITEK®**
**PRODUCT LIABILITY LITIGATION**                                    **MDL NO. 1968**

_____

**THIS DOCUMENT RELATES TO ALL CASES**


### PRETRIAL ORDER #41
**(Memorandum Opinion and Order re Appeal of Pretrial Order #39)**

On August 26, 2009, the Honorable Mary E. Stanley, United States Magistrate Judge, entered Pretrial Order #39. Pretrial Order #39 resolved the Defendants' Rule 36(a)(6) Motion to Determine the Sufficiency of Plaintiffs' Master Objections to Defendants' First Requests for Admission to Various Plaintiffs. As stated by the Magistrate Judge, "[t]he requests target Rule 11 information relating to whether the plaintiff in each identified case had sufficient evidentiary support to justify filing a claim." (PTO #39 at 2). She further noted that:

> The defendants have expressed serious concerns about the merits of many of the cases filed thus far. They believe that a large number of cases lack sufficient evidentiary support demonstrating that the identified plaintiffs exhibited digitalis toxicity as a result of ingesting nonconforming Digitek® tablets. The defendants are attempting to determine whether the plaintiffs served with the requests possessed their medical and pharmacy records at the time their complaints were filed and the Plaintiff Fact Sheets were submitted. The defendants suspect they were not. If their suspicions prove true, the answers to the requests may be used to support future Rule 11 motions for sanctions.

(*Id*. at 4). "The plaintiffs contend that the defendants' requests for admission are improper under both the Court's previously entered pretrial orders and the Federal Rules of Civil Procedure." *(Id*.

at 2). Over the course of her 15-page opinion, the Magistrate Judge set forth the respective positions of the parties. Additionally, she quoted relevant sections of previous pretrial orders, the governing standards found in Rules 11, 26(b) and 36 of the Federal Rules of Civil Procedure, as well as applicable case law.

On September 10, 2009, the plaintiffs' objected to PTO #39. They assert that in that order, the Magistrate Judge erred by limiting and modifying PTO #16, in light of PTO #22, to permit individual discovery by the parties in cases that are not scheduled for trial grouping in accordance with PTO #16. (Pls.' Objecs. at 1).

Federal Rule of Civil Procedure 72(a) governs appeals to the District Court from rulings of a magistrate judge on nondispositive matters. The Rule provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a). The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, *see* 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order.
> . . .
>
> In reexamining this question, the district court *was required* to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

*Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added). A decision is clearly erroneous "when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civ. No. 06-3123, 2007 WL 1455989, at * 1 (D. Minn. May 15, 2007) (Magnuson, J.) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln*

*Nat'l Life Ins. Co.*, 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

As noted in PTO #39, the leading case concerning use of discovery related to Rule 11 motions is *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177 (7th Cir. 1985). In *Colts*, the Seventh Circuit noted that "the district court had 'wide discretion with respect to discovery matters' and that 'it is unusual to find abuse of discretion in these matters.'" *Id.* at 183; *see also* Georgene M. Vairo *Rule 11 Sanctions* § 7.06 (3rd ed. 2004). The Magistrate Judge referenced *Colts* and related authorities on the point. She also appears to have addressed the Advisory Committee's concerns that "'the court limit the scope of sanction proceedings to the record and allow discovery only in extraordinary circumstances, lest the costs of satellite litigation over sanctions outweigh the benefits intended from Rule 11.'" *Colts,* 775 F.2d at 183 (citing Fed. R. Civ. P. 11 (Advis. Comm. Notes)). The Magistrate Judge clearly outlines a number of factors justifying allowing discovery to proceed on this narrow issue, and I will not repeat them here.

PTO #39 does not contradict PTO # 16, as it does not address case-specific, basic discovery in individual cases not yet selected for trial. It focuses specifically on the appropriateness and timing of discovery that seeks to determine whether grounds exist for a Rule 11 motion. I read PTO #39 as reasonably permitting very narrow discovery in a limited number of cases to establish whether the plaintiffs were in possession of the relevant records at the time that the suit was initiated. I am confident that PTO #39 will be used in that narrowly tailored sense to accomplish its specific purpose. In order to avoid the development of collateral litigation on the point, the Magistrate Judge is encouraged to confine the discovery sought on this point when disputes arise between the parties, consistent with the narrow approach taken by her in this initial order.

I find that the Magistrate Judge chose a reasonable and limited means for allowing the

3

defendants access to discovery specifically for the targeted purpose of determining whether grounds exist for Rule 11 motions.  Her application of previous pretrial orders is neither clearly erroneous nor contrary to law. As noted by the Magistrate Judge, the defendants' requests will not cause the plaintiffs any undue burden or hardship, as the information necessary to answer the requests should be readily ascertainable.

Counsel are reminded that the appointment of lead counsel and a Plaintiffs' Steering Committee ("PSC") was intended to promote efficiency in this MDL.  These case management measures were not designed in any way to relieve an individual plaintiff's counsel of his or her responsibilities, which include compliance with orders of this court and all duties imposed by the Federal Rules of Civil Procedure.

Having affirmed PTO #39, the stay imposed by the order of this court dated September 15, 2009 is **LIFTED** effective this same day.  The parties are ordered to respond by the deadline imposed by PTO #39 to answer the requests for admission, excluding the period of the stay.

The court **DIRECTS** the Clerk to file a copy of this memorandum opinion and order in 2:08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in this district, which includes counsel in all members cases up to and including civil action number 2:09-cv-01018.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF

system or the court's website at www.wvsd.uscourts.gov.

ENTER: September 23, 2009

Joseph R. Goodwin, Chief Judge