**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

IN RE DIGITEK®
      PRODUCTS LIABILITY LITIGATION           MDL NO. 1968

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**MOTION TO COMPEL**</u>

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs move this Court for an Order (1) compelling the Actavis defendants, to produce all documents required by PTO # 16 and those requested by the Plaintiffs in Plaintiffs Request for Production of Documents Directed to Actavis and Plaintiffs Second Request for Production of Documents to Actavis; (2) compelling the Mylan defendants to provide sufficient responses to Plaintiffs' class discovery Interrogatories No. 1, 2, 3, 5, 6, 7, and 12 and Request for Production Numbers 2, 3, 5, and 8; and (3) compelling the Actavis defendants to provide sufficient responses to Plaintiffs' class discovery Interrogatory No. 12 and Requests for Production Numbers 3 and 8. Before bringing this motion to compel, counsel first attempted to resolve these matters with Defendants, however the existing deadlines in PTO # 16 necessitated the filing of this motion.

    I.      <u>**INTRODUCTION**</u>

The Actavis defendants' document production burden in this case can be divided into two categories: 1) those required by PTO #16 and 2) those requested by Plaintiffs pursuant to Rule 34 of the Federal Rules of Civil Procedure.  PTO # 16 requires the Defendants to produce various documents including manufacturing records, communications with the FDA, and quality control documents to the Plaintiffs on a rolling basis, with the last of the productions to occur by September 1, 2009.  Starting on April 3, 2009 the Actavis defendants have made rolling

productions, producing, to date, approximately 65,000 pages of documents.[1]  These productions have included batch records, correspondence with the FDA, equipment logs, and some employee training records.

In addition to the production obligations set forth in PTO # 16, Plaintiffs served Interrogatories and Requests for Production on the Actavis defendants on April 9, 2009 and June 9, 2009.  Plaintiffs served additional Interrogatories and Requests for Production related to class certification issues to all defendants on July 31, 2009.  In the class certification discovery the Plaintiffs requested, *inter alia*, information and documents relating to the distribution of Digitek®, the price of Digitek®, the medical testing required as a result of the Digitek® Recall, and the basis upon which the defendants removed one of the class actions to federal court.   The Defendants objected to virtually all of the Plaintiffs' class certification Interrogatories and, excluding those documents produced in accordance with PTO # 16, have not produced a single document in response any of Plaintiffs' Requests for Production.   The only productions by Actavis to date have been those required by PTO # 16.

The Actavis defendants' failure to timely produce the documents requested by Plaintiffs is unjustified and has substantially hindered the Plaintiffs' ability to prepare their case and have made it impossible for Plaintiffs' to meet the deadlines set forth in PTO # 16.

II.   **ARGUMENT**

A.   **Actavis Must Be Required To Immediately Produce All Documents Required by PTO # 16 and those Requested By The Plaintiffs Pursuant To Rule 34 Of The Federal Rules Of Civil Procedure.**

Defendants have not produced all the documents responsive to PTO # 16. For example, Section IV (B)(2)(c) requires Actavis to produce any and all documentation and

---

[1] For comparison, Mylan has produced 860,280 pages of documents and UDL has produced 202,206 pages of documents, albeit the majority of these documents were produced after September 1, 2009.

correspondence between Actavis and the FDA relating to all recalled Digitek® lots.  Actavis has a procedure for "maintaining records of all telephone conversations held between the Food and Drug Administration (FDA) and representative(s) from Actavis Totowa LLC," but no such records have been produced.  (*See* ACTAV000064952- ACTAV000064955)[2]. Further, Actavis procedure requires a designated individual to be present and accompany the Director of Regulatory Affairs on all FDA inspections to "take notes …[and the] scribe will attempt to record all questions by the FDA and the answers provided." (*See* ACTAV000065149-ACTAV000065154). None of the scribe's notes have been produced to date.

Another example includes Section IV(B)(3)(b), which requires Actavis to produce any and all documents related to the discovery of non-conforming Digitek® and the Defendants' response to this discovery.  Defendants have not produced any communications or documents regarding this discovery outside of the Batch Records or official responses to the FDA. Plaintiffs find it extraordinarily hard to believe that not a single memorandum or email was sent that relates to non-conforming Digitek®.

The Actavis defendants have not produced a single document in response to Plaintiffs' numerous Requests for Production and have informally indicated to Plaintiffs that their document productions in response to Plaintiffs' Requests for Production will come on a rolling basis over the next two to three months.[3]  This means that it will be an additional two to three months before the Plaintiffs receive any internal investigations, communications, memorandums, email, complete employee training files, or any of the custodial files that have been requested.

---

[2] In deference to any possible confidentiality issues, Plaintiffs have not attached these documents but can produce them to the Court if necessary.
[3] Actavis Defendants stated that documents will be produced on a rolling basis according to PTO # 16. The only rolling basis established in PTO # 16 appears to be limited to Section IV (B) and does not extend to all discovery served in the MDL. The Plaintiffs gave Defendants the benefit of the doubt and did not consider the discovery non-responsive until the September 1, 2009 deadline had passed.

All of these documents go the heart of the Plaintiffs case and their immediate production is critical to the Plaintiffs ability to effectively and efficiently prosecute this case. The delay in producing the custodial files has rendered it impossible for the Plaintiffs to take any meaningful depositions of Actavis employees. Meanwhile, Defendants have already taken numerous depositions of Plaintiffs and their witnesses for the first trial group. Under the timeline proposed by the Defendants, the Defendants will have deposed every single Plaintiff witness for the first trial group before the Defendants have responded in full to the Plaintiffs' discovery requests. This one-sided discovery clearly is not the schedule that the parties negotiated and which was approved by this court. The Actavis defendants must be compelled to produce the documents requested by the Plaintiffs immediately so that the Plaintiffs have also have a fair opportunity to fully prepare its case.

**B. The Defendants Objections To The Plaintiffs' Class Discovery Are Insufficient And Defendants Must Be Compelled To Immediately Provide Sufficient Responses.**

The Actavis defendants responded to the Plaintiff's class discovery as follows:

> **Interrogatory No. 12:** State each and every basis for, and identify every document consulted in support of, defendants stating, in their Notice of Removal in George Palladino v. Actavis Totowa, LLC, et al.:
> (a) "For one plaintiff, medical evaluation would involve at least one doctor's officevisit." (Para. 22);
> (b) "(one doctor's office visit,) at approximately $150..." (Id.);
> (c) "(medical evaluation)... might also entail laboratory and other tests, which could reasonably cost up to $500." (Id.);
> (d) "A one-month supply of Digitek® would cost a typical consumer approximately fifty dollars..." (Id.);
> (e) "...some Digitek® consumers who buy their prescription in bulk may have had more than a one-month supply on hand." (Id.);
> (f) the cost of recalled Digitek® and past medical evaluation could be estimated between $200 and $700 per class member." (Id.)

4

**Response To Interrogatory No. 12:**
Defendants object to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object because the basis for attorney arguments in a Notice of Removal under the Class Action Fairness Act - with different burdens and legal standards regarding the jurisdictional amount in controversy - is not proper grounds for discovery in class certification proceedings. In the Palladino Notice of Removal, Defendants were only required to estimate potential damages. But at no time did Defendants state what would in fact be reasonable and necessary medical treatment in an individual case, or that the costs of medical treatment would be the same for all patients. Plaintiffs, not Defendants, have the burden to prove Plaintiffs' alleged medical costs and other damages and cannot use out-of context statements to meet that burden. Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney work product doctrine.

This interrogatory seeks the basis of defendants' formal representation to the federal court that the George Palladino class action (filed in state court in New Jersey for New Jersey consumers) met the CAFA amount in controversy and was removable to federal court. [4] Those formal representations were relied upon by defendants and by this court. Those formal representations involved the cost of post-recall medical examinations and tests, and the cost of Digitek® pills; therefore, they go to commonality and typicality. That is, the cost of medical examinations and the costs of Digitek® pills are apparently capable of being summarized and of being averaged out because defendants formally told the federal court that they could be, and that similarity of costs and that averaging of costs goes to the issue of commonality and typicality. By filing these papers in their Notice of Removal, Defendants asked the federal court in a formal pleading to rely upon, and to accept as true and accurate, Defendants' ability to summarize and estimate the costs of Digitek® pills, doctors' visits and tests, all in an effort to take a state court action properly filed in New Jersey and force those New Jersey plaintiffs to litigate in West

---

[4] The Notice of Removal filed by the Actavis Defendants in Palladino v. Actavis Totowa, LLC is attached hereto as Exhibit 1.

Virginia. Now that defendants have been successful as a direct result of making those formal statements, they seek to conceal the bases for their statements to the federal court.

> **Request For Production No.3**: Any and all documents authored by, received by, and/or sent from any and all defendants which mention the cost and/or pricing of Recalled Digitek®.
>
> **Response To Request For Production No.3:** Defendants object on the grounds that this Request does not pertain to class-related issues, and as such this Request violates the timing restrictions on general discovery set out in PTO #16, section VII(A). Defendants also object to this Request because it seeks financial information that is relevant to neither the claims at issue nor the damages allowable under relevant law and because it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding cost and pricing which goes to commonality and typicality. That is, the cost and pricing may be very similar for every class member and may go to the adequacy of the class representatives.

> **Request For Production No.8:** Each and every document consulted in support of Defendants' statements in paragraph 22 of defendants' Notice of Removal in George Palladino v. Actavis Totowa, LLC. et al.
>
> **Response To Request For Production No. 8:** Defendants object to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object because the basis for attorney arguments in a Notice of Removal - with different burdens and legal standards regarding the jurisdictional amount in controversy - is not proper grounds for discovery in class certification proceedings. In the Palladino Notice of Removal, Defendants were only required to estimate potential damages. But at no time did Defendants state what would in fact be reasonable and necessary medical treatment in an individual case, or that the costs of medical treatment would be the same for all patients. Plaintiffs, not Defendants, have the burden to prove Plaintiffs' alleged medical costs and other damages and cannot use

out-of-context statements to meet that burden. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Defendants' objection that it is irrelevant is without merit, as the request seeks documents consulted by defendants in order to make a formal representation to the federal court that the George Palladino class action (filed in state court in New Jersey for New Jersey consumers) met the CAFA amount in controversy and must be removed to federal court. Those formal representations were relied upon by defendants and by this court. Those formal representations involved the cost of post-recall medical examinations and tests, and the cost of Digitek® pills; therefore, they go to commonality and typicality. That is, the cost of medical examinations and the costs of Digitek® pills are apparently capable of being summarized and of being averaged out because defendants formally told the federal court that they could be, and that similarity of costs and that averaging of costs goes to the issue of commonality and typicality.

Mylan and UDL responded to Plaintiffs' class discovery as follows:

**Document Request Number 2:** Any and all databases and documents which indicate the number of patients who filled prescriptions for Recalled Digitek®, (a) in the United States, and (b) in each of the fifty (50) states.

**Response To Request For Production No. 2 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to this request on the ground that the phrase "any and all" is overbroad on its face and fails to describe with reasonable particularity the documents sought. Mylan Defendants/UDL also object to this request to the extent that it seeks production of electronic databases on the grounds that such production would give Plaintiffs unfettered access to privileged and/or irrelevant information and is not reasonably tailored as to time, place or subject matter. Mylan Defendants/UDL state that they were not involved in the retail sales of Digitek®, did not collect Digitek® prescribing data for the fifty states and, thus do not have sufficient information to fully

7

respond to this request. Finally, Mylan Defendants object to this request to the extent it seeks information or the production of documents that would violate the privacy rights of individuals or confidentiality agreements between Mylan Defendants/UDL and any outside party.

There is no merit to Defendants objection concerning databases as this request only seeks databases and documents indicating the number of patients who filled prescriptions. Further, if such database exists and is privileged, Defendants must produce a privilege log. The request is not overbroad as the term "Recalled Digitek®" as defined automatically limits the universe of relevant information to a manageable amount.

Defendants also object that they do not have "sufficient information to fully respond," suggesting there is information for a partial response. The rules of Civil Procedure do not allow Defendants to selectively respond to questions or to fail to respond if all information is not available.

Defendants' objection that a response would violate the privacy rights of individuals is not valid, as Plaintiffs are currently only seeking a number and not any individual patient's identity. Further, the objection that confidentiality agreements with un-described and unnamed outside parties would be violated is not valid.

> **Document Request Number 3:** Any and all documents authored by, received by, and/or sent from any and all defendants which mention the cost and/or pricing of Recalled Digitek®.
>
> **Response To Request For Production No. 3 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding cost and pricing which goes to commonality and typicality. That is, the cost and pricing may be very similar for every class member and may go to the adequacy of the class representatives.

> **Document Request Number 5:** Any and all documents authored by, received by, and/or sent from any and all defendants, which mention the medical evaluation and testing which were reasonable and necessary for patients, who had been using Recalled Digitek®, to receive in April and May 2008.

> **Response To Request For Production No. 5 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding necessary medical evaluation which goes to commonality and typicality. That is, the necessary medical evaluation may be similar for every class member and may go to the adequacy of the class representatives.

> **Document Request Number 8:** Each and every document consulted in support of defendants' statements in paragraph 22 of defendants' Notice of Removal in <u>George Palladino v. Actavis Totowa, LLC, et al</u>.

> **Response To Request For Production No. 8 (Identical for Mylan and UDL):** Mylan Defendants/UDL object to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Mylan Defendants also object because the basis for attorney arguments in a notice of removal, which imposes different burdens and legal standards regarding the jurisdictional amount in controversy, is not a proper subject of discovery in class certification proceedings. Plaintiffs, not Mylan Defendants/UDL, have the burden of proving Plaintiffs' alleged medical costs and

other damages and cannot use out-of-context statements to meet that burden. Mylan Defendants/UDL further object to this request to the extent it seeks production of documents protected by the attorney work product doctrine.

This request seeks the basis of defendants' formal representation to the federal court that the George Palladino class action (filed in state court in New Jersey for New Jersey consumers) met the CAFA amount in controversy and was removable to federal court. Those formal representations were relied upon by defendants and by this court. Those formal representations involved the cost of post-recall medical examinations and tests, and the cost of Digitek® pills; therefore, they go to commonality and typicality. That is, the cost of medical examinations and the costs of Digitek® pills are apparently capable of being summarized and of being averaged out because defendants formally told the federal court that they could be, and that similarity of costs and that averaging of costs goes to the issue of commonality and typicality.  By filing these papers in their Notice of Removal, Defendants asked the federal court in a formal pleading to rely upon, and to accept as true and accurate, Defendants' ability to summarize and estimate the costs of Digitek® pills, doctors' visits and tests, all in an effort to take a state court action properly filed in New Jersey and force those New Jersey plaintiffs to litigate in West Virginia. Now that defendants have been successful as a direct result of making those formal statements, they seek to conceal the bases for their statements to the federal court.

**Interrogatory No. 1:** State the number of Recalled Digitek® tablets distributed in the United States broken down by each of the fifty (50) states, and identify the documents reviewed to answer this interrogatory.

**Response To Interrogatory No. 1 (Mylan Defendants):** Subject to the general objections listed above, Mylan Defendants that they are not involved in the retail distribution of Digitek® and do not have sufficient information to fully respond to this request. Further answering, Mylan Defendants state that 153 lots of Digitek® were

distributed and subsequently recalled. Each Digitek® lot contains between 4.2 and 4.5 million tablets.

**Response To Interrogatory No. 1 (UDL):** Subject to the general objections listed above, UDL states that it is not involved in the retail distribution of Digitek® and do not have sufficient information to fully respond to this request. Further answering, UDL states that 153 lots of Digitek® were distributed and subsequently recalled. Of those 153, only 19 lots were distributed by UDL. Each Digitek® lot contains between 4.2 and 4.5 million tablets.

Both Defendants responses are deficient. Defendants only state the national total. As many class actions filed in this Court also contain specific state-wide class allegations, Defendants must respond to this question as well. Defendants also object that they do not have "sufficient information to fully respond," suggesting there is information for a partial response. The rules of Civil Procedure do not allow Defendants to selectively respond to questions or to fail to respond if all information is not available.

**Interrogatory No. 2:** State the number of patients who filled prescriptions for Recalled Digitek® in the United States, broken down by each of the fifty (50) states, and identify the documents reviewed to answer this interrogatory.

**Response To Interrogatory No. 2 (Identical for Mylan and UDL):** Subject to the general objections listed above, Mylan Defendants state that they were not involved in the retail sales of Digitek®, did not collect Digitek® prescribing data for the fifty states and, thus do not have sufficient information to respond to this request.

Defendants object that they do not have "sufficient information to fully respond," suggesting there is information for a partial response. The rules of Civil Procedure do not allow Defendants to selectively respond to questions or to fail to respond if all information is not available.

11

**Interrogatory No. 3:** For each Recalled Digitek® tablet identified in the answer to Interrogatory One (1) above, state (a) the cost to the patient broken down by quarterly period; (b) the cost recommended by any and all defendants broken down by quarterly period; and ( c) the cost to the pharmacy and/or health care provider broken down by quarterly period.

**Response To Interrogatory No. 3 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless.

This request seeks documents regarding cost and pricing which goes to commonality and typicality. That is, the cost and pricing may be very similar for every class member and may go to the adequacy of the class representatives.

**Interrogatory No. 5:** What medical evaluation and testing did defendants contend in April and May 2008 were reasonable and necessary for patients, who had been using Recalled Digitek®, to receive in April and May 2008?

**Response To Interrogatory No. 5 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless.

This request seeks documents regarding medical evaluation and testing Defendants contended was needed. That contention by Defendant applies to all class members and therefore goes to

commonality and typicality. The necessary medical evaluation and testing may be similar for every class member and may go to the adequacy of the class representatives.

> **Interrogatory No. 6:** What specific medical evaluation and testing do defendants contend was reasonable and necessary for patients who had been ingesting Digitek® by prescription at the time of the recall, for the purpose of promptly evaluating their digitalis blood level and/or the possibility of any medical consequence of the possible ingestion of Recalled Digitek® in April, May or June 2008?

> **Response To Interrogatory No. 6 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding medical evaluation and testing Defendants contended was needed. That contention by Defendant applies to all class members and therefore goes to commonality and typicality. The necessary medical evaluation and testing may be similar for every class member and may go to the adequacy of the class representatives.

> **Interrogatory No. 7:** What specific medical evaluation and testing do defendants contend was reasonable and appropriate in April, May or June 2008 to evaluate the possible over-ingestion of Digitek® by patients who were regularly taking that medication by prescription?

> **Response To Interrogatory No. 7 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this

response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding medical evaluation and testing Defendants contended was needed. That contention by Defendant applies to all class members and therefore goes to commonality and typicality. The necessary medical evaluation and testing may be similar for every class member and may go to the adequacy of the class representatives.

> **Interrogatory No. 12:** State each and every basis for, and identify every document consulted in support of, defendants stating, in their Notice of Removal in George Palladino v. Actavis Totowa, LLC, et al.:
> (a) "For one plaintiff, medical evaluation would involve at least one doctor's officevisit." (Para. 22);
> (b) "(one doctor's office visit,) at approximately $150..." (Id.);
> (c) "(medical evaluation)... might also entail laboratory and other tests, which could reasonably cost up to $500." (Id.);
> (d) "A one-month supply of Digitek® would cost a typical consumer approximately fifty dollars..." (Id.);
> (e) "...some Digitek® consumers who buy their prescription in bulk may have had more than a one-month supply on hand." (Id.);
> (f) the cost of recalled Digitek® and past medical evaluation could be estimated between $200 and $700 per class member." (Id.)
>
> **Response To Interrogatory No. 12: (Identical for Mylan UDL)**
> Mylan Defendants object to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence.  Mylan Defendants also object because the basis for attorney arguments in a notice of removal, which imposes different burdens and legal standards regarding the jurisdictional amount in controversy, is not a proper subject of discovery in class certification proceedings.  Plaintiffs, not Mylan Defendants, have the burden of proving Plaintiffs' alleged medical costs and other damages and cannot use out-of-context statements to meet that burden.  Mylan Defendants further object to this interrogatory to the extent it seeks information protected by the attorney work product doctrine.

This interrogatory seeks the basis of defendants' formal representation to the federal

court that the George Palladino class action (filed in state court in New Jersey for New Jersey consumers) met the CAFA amount in controversy and was removable to federal court. [5] Those formal representations were relied upon by defendants and by this court. Those formal representations involved the cost of post-recall medical examinations and tests, and the cost of Digitek® pills; therefore, they go to commonality and typicality. That is, the cost of medical examinations and the costs of Digitek® pills are apparently capable of being summarized and of being averaged out because defendants formally told the federal court that they could be, and that similarity of costs and that averaging of costs goes to the issue of commonality and typicality. By filing these papers in their Notice of Removal, Defendants asked the federal court in a formal pleading to rely upon, and to accept as true and accurate, Defendants' ability to summarize and estimate the costs of Digitek® pills, doctors' visits and tests, all in an effort to take a state court action properly filed in New Jersey and force those New Jersey plaintiffs to litigate in West Virginia. Now that defendants have been successful as a direct result of making those formal statements, they seek to conceal the bases for their statements to the federal court.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs respectfully request that this Court grant this motion to compel and issue an order:

1)   Compelling the Actavis defendants to immediately produce all documents requested by the Plaintiffs pursuant to Rule 34 of the Federal Rules of Civil Procedure;

2)   Compelling the Mylan defendants to provide sufficient responses to Plaintiffs' class certification Interrogatories No. 1, 2, 3, 5, 6, 7, and 12, and Request for Production Numbers 2, 3, 5, and 8; and

---

[5] The Notice of Removal filed by the Actavis Defendants in Palladino v. Actavis Totowa, LLC is attached hereto as Exhibit 1.

3)   Compelling the Actavis defendants to provide sufficient responses to Plaintiffs' class

certification Interrogatories No. 12 and Requests for Production Numbers 3 and 8.

Dated: September 24, 2009                    Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson, III Esq.
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Co- Lead Counsel**

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
**Co- Lead Counsel**

Harry F. Bell, Jr., Esq.
The Bell Law Firm PLLC
P. O. Box 1723
Charleston, WV 25326
**Co-Lead and Liaison Counsel**

16

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Fred Thompson, III Esq._____<br>
Fred Thompson, III, Esq.<br>
Motley Rice, LLC<br>
28 Bridgeside Blvd.<br>
Mt. Pleasant, SC 29464<br>
***Co- Lead Counsel***