# TAB A



# TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

1150 Huntington Bldg.   925 Euclid Avenue   Cleveland, Ohio   44115-1414
phone 216.592.5000   facsimile 216.592.5009   tuckerellis.com

CLEVELAND    COLUMBUS    DENVER    LOS ANGELES    SAN FRANCISCO

Direct Dial: 216.696.3258
Email: kristen.mayer@tuckerellis.com

September 25, 2009

**VIA E-MAIL AND REGULAR U.S. MAIL**

Fred Thompson, III
Motley Rice
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(fthompson@motleyrice.com)

Harry F. Bell, Jr.
Bell & Brands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV  25326
(hfbell@belllaw.com)

Carl N. Frankovitch
Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV  26062
(carln@facslaw.com)

  Re: *In re Digitek Products Liability Litigation* (MDL Docket No. 1968)
     Response to Plaintiffs' Objections to Actavis' Responses to
     Requests for Production Nos. 3 and 8 Regarding Class Issues

Dear Counsel:

  The Actavis Defendants ("Defendants") have reviewed your letter of September 21, 2009 regarding the appropriateness of Defendants' responses to your discovery requests. Despite the fact that you have prematurely filed a Motion to Compel, in this letter we respond to the issues you raised about our responses to your class action discovery.

- **Response to Request for Production No. 3**. Actavis maintains their objection in full as it disagrees that the corporate cost and/or pricing of Recalled Digitek® goes to commonality and typicality of the class action claims. Defendants' cost of production is totally untethered to Plaintiffs' damage claims – even economic damages. To the extent articulated by your purported class representatives, they seek to recover damages for loss of the benefit of their bargain and out-of-pocket costs wholly unrelated to Defendants' cost of production. There is simply no relationship between what Plaintiffs are claiming as economic damages and Actavis' cost of production. Moreover, the cost of purchase to each individual Plaintiff will vary widely depending upon the existence or non-existence of insurance coverage, differences in insurance plans, and whether any individual



# TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

Fred Thompson, III
Harry F. Bell, Jr.
Carl N. Frankovitch
September 25, 2009
Page 2

Plaintiff sought a refund via return of product to Stericycle. As such, the requested information is irrelevant to commonality and typicality, and violates the timing restrictions on general discovery set out in PTO #16, §VII(A).

- **Response to Request for Production No. 8**. Actavis maintains their objections in full for the reasons set forth in its response. The legislative history under CAFA is clear regarding the presumption in favor of exercising federal jurisdiction over class actions, and that the burden is now squarely on a party seeking remand to demonstrate that the jurisdictional threshold has not been satisfied. In the *Palladino* Notice of Removal, Defendants were only required to estimate potential damages. For that reason, Defendants did not state what would in fact be reasonable and necessary medical treatment in an individual case, or that the cost of medical treatment would be the same for all patients. Actavis submits that it is not appropriate to mix the different burdens and legal standards governing CAFA removal and class certification as a basis to seek the discovery requested.

Very truly yours,

Kristen L. Mayer

KLM:lmk

cc (via e-mail):
  Richard A. Dean
  Matthew P. Moriarty
  Erica K. Downie
  Madeleine M. McDonough

073021.000031.1066734.1