IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

MYLAN AND UDL DEFENDANTS' RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendants Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc. (collectively "Mylan Defendants and UDL") file this Response to Plaintiffs Motion to Compel. For the convenience of the Court and due to agreement, Mylan Defendants and UDL join in Actavis Defendants' Brief Opposing Plaintiffs' Motion to Compel (Doc. 222). Plaintiffs, however, raise a few additional "class"-related discovery disputes against Mylan Defendants and UDL that they did not raise with the Actavis Defendants. This Response supplements the Actavis brief to address the remaining discovery disputes between Plaintiffs and Mylan Defendants and UDL.[1]

I. **Plaintiffs' Request for Digitek® Cost and Pricing Information Seeks Information Outside of Defendants' Possession and Constitutes Premature Merits Discovery.**

Plaintiffs' Interrogatory No. 3 seeks "(a) the cost [of Digitek®] to the patient broken down by quarterly period; (b) the cost recommended by any and all defendants broken down by quarterly period; and (c) the cost to the pharmacy and/or health care provider broken down by quarterly period."

This Interrogatory parallels Plaintiffs Request for Production No. 3, which *is* addressed in the Actavis brief. Mylan Defendants and UDL therefore incorporate here by reference the

---

[1] Counsel for Mylan Defendants and UDL participated in the same "meet and confer" discussions described in the Actavis brief. Plaintiffs, however, served a separate deficiency letter on Mylan Defendants and UDL (**Exhibit A**), to which Mylan Defendants and UDL responded (**Exhibit B**).

explanation set forth in the Actavis Response relating to Request for Production No. 3. In short, consumers, their pharmacies, and their insurance companies – not Mylan Defendants or UDL – possess the information needed to calculate the amount of putative class members' economic loss claim. And, to the extent Plaintiffs seek information relating to Mylan Defendants and UDL's internal cost or pricing information, Plaintiffs improperly seek merits discovery that could only relate to a calculation of potential damages, which is not a class certification issue. Mylan Defendants and UDL respectfully request that the Court deny Plaintiffs' Motion to Compel as it relates to Interrogatory No. 3.

II. **Medical Evaluations and Testing Are Irrelevant to Plaintiffs' Class Claims.**

Plaintiffs' Interrogatories No. 5, 6, and 7 ask what medical evaluations and testing Mylan Defendants and UDL contend were reasonable and necessary for Digitek® patients to undergo in the late Spring/early Summer 2008. Plaintiffs' Request for Production No. 5 seeks documents supporting Mylan Defendants and UDL's response to Interrogatory No. 5.

On September 15, 2009, Plaintiffs informed the Court of their decision to abandon all class claims relating to wrongful death, personal injury, and medical monitoring. This narrowing of the scope of the class allegations renders the information sought in Interrogatories No. 5, 6, and 7 and Request for Production No. 5 outside the scope of relevant class discovery. Stated differently, medical evaluations and testing are simply unnecessary absent a physical (or a feared physical) injury, which Plaintiffs have disclaimed.[2] Accordingly, Mylan Defendants and UDL respectfully request that the Court deny Plaintiffs' Motion to Compel as it relates to Interrogatories No. 5, 6, and 7 and Request for Production No. 5.

---

[2] In their deficiency letter, Plaintiffs also claimed Mylan Defendants and UDL's responses to Request for Production No. 2 and Interrogatories No. 1 and 2 were deficient. Mylan Defendants and UDL resolved this dispute by explaining that the information sought in Interrogatories No. 1 and 2 was contained in previously-produced discovery and by offering to provide access to the information sought in Request for Production No. 2 subject to entry of a suitable confidentiality agreement.

## CONCLUSION

Mylan Defendants and UDL respectfully request that the Court deny Plaintiffs' Motion to Compel for all the reasons stated above, as well as those stated in Actavis Defendants' Brief Opposing Plaintiffs' Motion to Compel.

ALLEN GUTHRIE & THOMAS, PLLC

By: _/s/ Rebecca A. Betts_
Rebecca A. Betts (W. Va. Bar No. 329)
LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel: (304) 345-7250
Fax: (304) 345-9941
E-mail: rabetts@agmtlaw.com

SHOOK, HARDY & BACON LLP

By: _/s/ Harvey L. Kaplan_
Harvey L. Kaplan
Missouri Bar No. 20459
CO-LEAD COUNSEL
Madeleine M. McDonough
Missouri Bar No. 41027
CO-LEAD COUNSEL
2555 Grand Boulevard
Kansas City, Mo. 64108-2613
Tel: (816) 474-6550
Fax: (816) 421-5547
E-mail: hkaplan@sgb.com
         mmdonough@shb.com

*Attorneys for Defendants*
*Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: DIGITEK PRODUCT LIABILITY LITIGATION | MDL NO. 1968 |

THIS DOCUMENT RELATES TO ALL CASES

### CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009, I electronically filed "Mylan and UDL Defendants' Response in Opposition to Plaintiffs' Motion to Compel" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Rebecca A. Betts
Rebecca A. Betts (W. Va. Bar #329)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street East, Suite 800
P.O. Box 3394
Charleston, WV 25333-3394
(304) 345-7250
(304) 345-9941
rabetts@agmtlaw.com