# EXHIBIT A



**MotleyRice**®
ATTORNEYS AT LAW

Fred Thompson III
*Licensed in SC*

South Carolina Office
Direct Dial 843.216.9118
Direct Fax 843.216.9440
fthompson@motleyrice.com

September 21, 2009

**Via Electronic Mail**
Madeleine McDonough, Esquire
Harvey L. Kaplan, Esquire
Shook, Hardy, & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108

**Via Electronic Mail**
Rebecca A. Betts, Esq.
David Thomas
Allen Guthrie and Thomas, PLLC
P.O. Box 3394
Charleston, West Virginia, 25333-3394

Re: *In re Digitek Products Liability Litigation* (MDL Docket No. 1968)

Dear Counsel:

Until recently, Mylan and UDL had produced very few pages of discovery. UDL has now produced 202,206 pages with all but 19,993 pages produced after September 1st. Mylan has now produced 860,280 pages with all but 54,931 pages produced after September 1st. As Plaintiffs have not yet completed review of all documents produced, we will need more time to determine any deficiencies in the answers to Interrogatories and Requests for Production of Documents.

The objections and responses to Class Discovery can be addressed now. Certainly, to the extent that defendants intend to raise factual distinctions and differences in economic loss by individuals as a ground for non-certification, these requests go specifically to common issue of fact or law, and should be produced immediately. The objections thereto prejudice Plaintiffs in preparation of their class certification positions.

The major deficiencies in Mylan's Answers to the Class Discovery are as follows:

**Document Request Number 2:** Any and all databases and documents which indicate the number of patients who filled prescriptions for Recalled Digitek®, (a) in the United States, and (b) in each of the fifty (50) states.

**Response To Request For Production No. 2 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to this request on the ground that the phrase "any and all" is overbroad on its face and fails to describe with reasonable particularity the documents sought. Mylan Defendants/UDL also object to this request to the extent that it seeks production of electronic databases on the grounds that such production would give Plaintiffs unfettered access to privileged and/or irrelevant information and is not reasonably tailored as to time, place or subject matter. Mylan Defendants/UDL state that they were not involved in the retail sales of Digitek®, did not collect Digitek® prescribing data for the fifty states and, thus do not have sufficient information to fully respond to this request. Finally, Mylan Defendants object to this request to the extent it seeks information or the production of documents that would violate the privacy rights of individuals or confidentiality agreements between Mylan Defendants/UDL and any outside party.

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000
f. 843.216.9450

321 South Main St.
Providence, RI 02903
o. 401.457.7700
f. 401.457.7708

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
o. 860.882.1681
f. 860.882.1682

7 Dey St., 14th Floor
New York, NY 10007
o. 212.577.0040
f. 212.577.0044

320 Chestnut St.
Morgantown, WV 26505
o. 304.413.0456
f. 304.413.0458

www.motleyrice.com



September 21, 2009
Page 2 of 6

There is no merit to Defendants objection concerning databases as this request only seeks databases and documents indicating the number of patients who filled prescriptions. Further, if such database exists and is privileged, please send us the reference in your privilege log. The request is not overbroad as the term "Recalled Digitek®" automatically limits the universe of relevant information to a manageable amount.

Defendants also object that they do not have "sufficient information to fully respond," suggesting there is information for a partial response. The rules of Civil Procedure do not allow Defendants to selectively respond to questions or to fail to respond if all information is not available.

Defendants' objection that a response would violate the privacy rights of individuals is not valid, as Plaintiffs are currently only seeking a number. Further, the objection that confidentiality agreements with un-described and unnamed outside parties would be violated is not valid.

**Document Request Number 3:** Any and all documents authored by, received by, and/or sent from any and all defendants which mention the cost and/or pricing of Recalled Digitek®.

**Response To Request For Production No. 3 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Myland Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding cost and pricing which goes to commonality and typicality. That is, the cost and pricing may be very similar for every class member and may go to the adequacy of the class representatives.

**Document Request Number 5:** Any and all documents authored by, received by, and/or sent from any and all defendants, which mention the medical evaluation and testing which were reasonable and necessary for patients, who had been using Recalled Digitek®, to receive in April and May 2008.

**Response To Request For Production No. 5 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding necessary medical evaluation which goes to commonality and typicality. That is, the necessary medical evaluation may be similar for every class member and may go to the adequacy of the class representatives.

**Document Request Number 8:** Each and every document consulted in support of defendants' statements in paragraph 22 of defendants' Notice of Removal in <u>George Palladino v. Actavis Totowa, LLC, et al</u>.

**Response To Request For Production No. 8 (Identical for Mylan and UDL):** Mylan Defendants/UDL object to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Mylan Defendants also object because the basis for attorney arguments in a notice of removal, which imposes different burdens and legal standards regarding the jurisdictional amount in controversy, is not a proper subject of discovery in class certification proceedings. Plaintiffs, not Mylan Defendants/UDL, have the burden of proving Plaintiffs' alleged medical costs and other damages and cannot use out-of-context statements to meet that burden. Mylan Defendants/UDL further object to this request to the extent it seeks production of documents protected by the attorney work product doctrine.

Defendants' objection that it is irrelevant is baseless, as the request seeks documents consulted by defendants in order to make a formal representation to the federal court that the George Palladino class action (filed in state court in New Jersey for New Jersey consumers) met the CAFA amount in controversy and must be removed to federal court. Those formal representations were relied upon by defendants and by this court. Those formal representations involved the cost of post-recall medical examinations and tests, and the cost of Digitek® pills; therefore, they go to commonality and typicality. That is, the cost of medical examinations and the costs of Digitek® pills are apparently capable of being summarized and of being averaged out because defendants formally told the federal court that they could be, and that similarity of costs and that averaging of costs goes to the issue of commonality and typicality. Defendants' response to Plaintiffs' Interrogatory # 12 relating to Class Actions is also deficient for the same reasons as mentioned above as it also relates to the George Palladino class action.

**Interrogatory No. 1:** State the number of Recalled Digitek® tablets distributed in the United States broken down by each of the fifty (50) states, and identify the documents reviewed to answer this interrogatory.

**Response To Interrogatory No. 1 (Mylan Defendants):** Subject to the general objections listed above, Mylan Defendants that they are not involved in the retail distribution of Digitek® and do not have sufficient information to fully respond to this request. Further answering, Mylan Defendants state that 153 lots of Digitek® were distributed and subsequently recalled. Each Digitek® lot contains between 4.2 and 4.5 million tablets.

**Response To Interrogatory No. 1 (UDL):** Subject to the general objections listed above, UDL states that it is not involved in the retail distribution of Digitek® and do not have sufficient information to fully respond to this request. Further answering, UDL states that

September 21, 2009
Page 4 of 6

153 lots of Digitek® were distributed and subsequently recalled. Of those 153, only 19 lots were distributed by UDL. Each Digitek® lot contains between 4.2 and 4.5 million tablets.

Both Defendants responses are deficient. Defendants only state the national total. As many class actions filed in this Court also contain specific state-wide class allegations, Defendants must respond to this question as well. Defendants also object that they do not have "sufficient information to fully respond," suggesting there is information for a partial response. The rules of Civil Procedure do not allow Defendants to selectively respond to questions or to fail to respond if all information is not available.

**Interrogatory No. 2:** State the number of patients who filled prescriptions for Recalled Digitek® in the United States, broken down by each of the fifty (50) states, and identify the documents reviewed to answer this interrogatory.

**Response To Interrogatory No. 2 (Identical for Mylan and UDL):** Subject to the general objections listed above, Mylan Defendants state that they were not involved in the retail sales of Digitek®, did not collect Digitek® prescribing data for the fifty states and, thus do not have sufficient information to respond to this request.

Defendants object that they do not have "sufficient information to fully respond," suggesting there is information for a partial response. The rules of Civil Procedure do not allow Defendants to selectively respond to questions or to fail to respond if all information is not available.

**Interrogatory No. 3:** For each Recalled Digitek® tablet identified in the answer to Interrogatory One (1) above, state (a) the cost to the patient broken down by quarterly period; (b) the cost recommended by any and all defendants broken down by quarterly period; and ( c) the cost to the pharmacy and/or health care provider broken down by quarterly period.

**Response To Interrogatory No. 3 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding cost and pricing which goes to commonality and typicality. That is, the cost and pricing may be very similar for every class member and may go to the adequacy of the class representatives.

**Interrogatory No. 5:** What medical evaluation and testing did defendants contend in April and May 2008 were reasonable and necessary for patients, who had been using Recalled Digitek®, to receive in April and May 2008?

**Response To Interrogatory No. 5 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not

September 21, 2009
Page 5 of 6

relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding medical evaluation and testing Defendants contended was needed. That contention by Defendant applies to all class members and therefore goes to commonality and typicality. The necessary medical evaluation and testing may be similar for every class member and may go to the adequacy of the class representatives.

**Interrogatory No. 6:** What specific medical evaluation and testing do defendants contend was reasonable and necessary for patients who had been ingesting Digitek® by prescription at the time of the recall, for the purpose of promptly evaluating their digitalis blood level and/or the possibility of any medical consequence of the possible ingestion of Recalled Digitek® in April, May or June 2008?

**Response To Interrogatory No. 6 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding medical evaluation and testing Defendants contended was needed. That contention by Defendant applies to all class members and therefore goes to commonality and typicality. The necessary medical evaluation and testing may be similar for every class member and may go to the adequacy of the class representatives.

**Interrogatory No. 7:** What specific medical evaluation and testing do defendants contend was reasonable and appropriate in April, May or June 2008 to evaluate the possible over-ingestion of Digitek® by patients who were regularly taking that medication by prescription?

**Response To Interrogatory No. 7 (Identical for Mylan and UDL):** Mylan Defendants/UDL objects to Request No. 3 on the ground that it seeks information not relevant to class issues and, therefore, violates the June 1, 2009 timing restriction on general discovery set out in PTO # 16, section VII(A). Mylan Defendants/UDL reserve the right to timely supplement this response, including by asserting any additional objections, in the event the Court allows further discovery on the merits to proceed.

Defendants' objection that this request does not relate to class-related issues is baseless. This request seeks documents regarding medical evaluation and testing Defendants contended was needed. That contention by Defendant applies to all class members and therefore goes to commonality and typicality. The necessary medical

September 21, 2009
Page 6 of 6

evaluation and testing may be similar for every class member and may go to the adequacy of the class representatives.

### 7. Adjustment in Briefing Schedule.

Given the objections, and non-production of documents relating to class certification, as well as delayed production in non-class discovery, we need to adjust the deadlines for completion of briefing on the class certification issues. We would like to reach an agreement with regard to the adjustment of those and other deadlines included in PTO # 16.

**At a minimum** (1) Liability discovery should be extended to 30 to 45 days after complete production of documents. (2) Factual discovery and Class discovery deadlines should be commensurate to complete production of documents. (3) Expert discovery deadlines should be commensurate to complete production of documents.

Respectfully submitted on behalf of the Plaintiffs' Steering Committee,

Fred Thompson III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
The Bell Law Firm PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*

cc (via email):
    Matthew P. Moriarty, Esq.
    Richard A. Dean, Esq.
    Ericka Downie
    Holly Smith
    Kristen Mayer
    Hunter Ahearn