# EXHIBIT B

**Shook, Hardy & Bacon** L.L.P. ®

www.shb.com

September 25, 2009

Madeleine M. McDonough

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2342 DD
816.421.5547 Fax
mmcdonough@shb.com

**BY E-MAIL AND U.S. MAIL**

Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
30 Capitol Street
Charleston, WV 25301

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis,
Colantonio & Simon
337 Penco Road
Weirton, WV 26062

Re: *In re Digitek Products Liability Litigation* (MDL Docket No. 1968)

Dear Counsel:

We write in response to your September 21, 2006 letter regarding the Mylan Defendants and UDL's responses to Plaintiffs' First Set of Requests for Production Directed to Defendants (Regarding Class Actions) and Plaintiffs' First Set of Interrogatories to Defendants (Regarding Class Actions). Although none of these issues was ever raised during the meet-and-confer call last Friday, we have reviewed the requests and interrogatories discussed in your letter and address the issues below.

> **Request for Production No. 2**: In our response we did not selectively answer the request or fail to respond as suggested in your letter. To be clear, our response stated that: (1) we do not have documents responsive to a part of the requested information; and (2) we objected to the production of the remaining requested information because doing so would violate a contractual obligation we owe to a third-party.
>
> Mylan Defendants and UDL do not collect prescription data. Such information – to the extent it exists – is maintained by the third-party vendor and is purchased by Myland Defendants and UDL from the vendor, subject to the contractual terms of the parties' agreement. To the extent we locate this information, we are willing to work with the vendor to obtain permission to produce the information. We may need to obtain your signature on a separate confidentiality agreement between you and the third-party vendor before such information can be produced. Please also note, that on information and belief,

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



www.shb.com

the data Mylan Defendants and UDL receive from the vendor is not broken down by state, as you have requested.

Counsel
September 25, 2009
Page 2

**Request for Production No. 3 and Interrogatory No. 3**: Documents reflecting Mylan Defendants and UDL's costs and/or pricing are not relevant to class certification issues because they do not show how much any individual class member actually paid for Digitek®. The Mylan Defendants and UDL do not set retail prices for Digitek®. In any event, the cost to each plaintiff will vary greatly and may depend upon such issues as insurance coverage, the type of coverage of such a plan, out-of-pocket costs, etc. – all of which are specific to individuals.

In addition, whether an individual plaintiff received a refund through the recall program or otherwise and/or whether a plaintiff opted-out of the recall refund program would impact recoverability of damages by such plaintiff. As such, Mylan Defendants and UDL stand on their objections that Plaintiffs' Request for Production No. 3 and Interrogatory No. 3 seek information beyond the scope of class certification issues. If we are missing something, please let us know, and we will reconsider our objection to this request.

**Request for Production No. 5 and Interrogatories No. 5, 6, and 7**: Mylan Defendants and UDL stand on their objections that the information sought is not relevant to class certification. Plaintiffs have disavowed personal injury and medical monitoring claims in this action. Yet, each of these requests and interrogatories target treatment costs, which are irrelevant.

**Request for Production No. 8 and Interrogatory No. 12:** Mylan Defendants and UDL maintain their objections for the reasons set forth in their responses. Further, the legislative history under CAFA is clear regarding the presumption in favor of exercising federal jurisdiction over class actions, and that the burden rests on a party seeking remand to demonstrate that the jurisdictional threshold has not been satisfied. In the *Palladino* Notice of Removal, Defendants were only required to estimate potential damages. For this reason, Defendants did not state what would in fact be reasonable and necessary medical treatment in an individual case, or that the cost of medical treatment would be the same for all patients. It is not appropriate to intermingle the different burdens and legal standards governing CAFA removal and class certification as a basis to seek the discovery requested.

**Interrogatories No. 1 and No. 2**: I believe these issues are moot based on the previous productions. Mylan Defendants and UDL cannot and do not track the number of tablets distributed to the consumer level. They only track the number of tablets shipped to the direct customers of Mylan Defendants and UDL. Information relating to the direct customers receiving Digitek® tablets subject to the recall can be derived or ascertained from documents identified in Mylan

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

3669196 v1



Defendants and UDL's responses to Plaintiffs' First Set of Requests for Production Directed to Defendants (Regarding Class Actions) No. 1. These documents were produced on April 20, 2009. Additional information regarding the lots subject to the recall is also publically available at www.fda.gov.

As offered during our meet-and-confer call on September 18, 2009, the Defendants would agree to a two-week extension of time for the filing of Plaintiffs' class certification brief – until October 13, 2009. Defendants do not, however, intend for this extension of time to apply to any motion to compel or motion to stay Plaintiffs may file. Thus, if Plaintiffs intend to move to compel or stay the class certification briefing schedule, those pleadings would be due on or before September 29, 2009, and Defendants do not believe any extension to that deadline is appropriate. Defendants also object to any extension of the class certification briefing schedule beyond October 13, 2009.

Sincerely,

*Madeleine M. McDonough*
    By WB

Madeleine M. McDonough

MMM/dk

cc: Matthew P. Moriarty
    Richard A. Dean
    Harvey L. Kaplan
    Ericka Downie
    Holly Smith
    Kristen Mayer
    Hunter Ahern
    Rebecca A. Betts
    David Thomas

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

3669196 v1