IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
    PRODUCTS LIABILITY LITIGATION        MDL NO. 1968

**THIS DOCUMENT RELATES TO ALL CASES**

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL

Plaintiffs' Motion to Compel and corresponding motion to extend class certification deadlines should be granted. Faced with impending deadline, plaintiffs were forced to seek relief from deadlines that would lapse even before any discovery was received and did so by filing motions to adjust deadlines and to compel.

I. The pricing information requested by Plaintiffs goes to the typicality of the injury.

Both Defendants' responses in opposition to the Plaintiffs' motion to compel contends that pricing information is not relevant to class certification. While Plaintiffs continue to assert their original position that it is relevant, Defendant Mylan has made the bald assertion that Mylan and UDL do not possess the information related to cost or pricing for consumers. There appear to be no documents related to cost or pricing even on a state-wide level. These assertions are made by counsel without any corporate affidavit of a person knowledgeable within the company.

II. Plaintiffs are not seeking discovery regarding facts asserted in Defendants' notice of removal in Palladino for purposes of challenging jurisdiction.

Defendants seem to confuse the Plaintiffs' discovery requests regarding allegations made in their notice of removal for the Palladino case as seeking discovery for the purposes of challenging jurisdiction. This is simply not the case. In order to establish subject-matter

1

jurisdiction, Defendants represented to the court, without any affidavit from an expert, that the damages sought by the Plaintiffs in this case could be averaged and calculated, facts that go to the heart of class certification. The Plaintiffs are entitled to all of the facts and all of the documents in the possession of the Defendants upon which these factual allegations were based. Plaintiffs are not contesting Defendants right to remove a case that meets the requirements. It is, however, absurd to think that Defendants can hide the facts that they used to persuade the Court to remove a case simply because no one has called their bluff. In fact, the Plaintiffs are not trying to challenge the Defendants' estimate as unsupported or "pure speculation," rather Plaintiffs support Defendants contentions concerning doctor's visits and necessary tests. However, the Plaintiff alone is given the right to file a cause of action in the jurisdiction that he or she sees fit, and certainly Courts recognize this significant right and will not allow Defendants to trample upon it. While the Plaintiffs are not trying to have this particular case sent back to state court, it is important for Defendants to realize that they must be able to support their allegations.

Further, these facts and documents are not protected by the work product privilege as the Defendants have voluntarily waived said privilege through their partial disclosure in the notice of removal. *See* e.g. *Equitable Prod. Co. v. Elk Run Coal Co*., 2008 U.S. Dist. LEXIS 105741 (S.D. W. Va. Oct. 3, 2008).

III. Medical evaluations and testing are relevant to class certification.

Mylan argues that that since there are no outstanding class claims alleging liability for personal injury or medical monitoring, that information regarding medical evaluations and medical testing is irrelevant. Again, the Mylan Defendants continue to misunderstand the Plaintiffs' class claims. The Plaintiffs have alleged, inter alia, that they, and the members of the

class, were caused to undergo medical evaluations and testing to determine that they were not injured by the recalled Digitek. The Plaintiffs seek to determine what, if any, medical evaluations and testing the Defendants believe was reasonable and necessary. This information is relevant to class certification as it goes to the typicality and commonality of the injury.

Further, the interrogatory that the Defendants refused to answer essentially asks what actions may be reasonable and necessary after a Class 1 recall. The focus of this interrogatory is on the Class 1 recall and public hazard that such recalls are designed to prevent and not a particular defect with the product. This question is not aimed at any personal injury claims. Instead, it is simply inquiring about the steps a reasonable person may have taken after a Class 1 Recall was issued concerning a prescription drug that the persons was regularly ingesting.

IV. Defendants so-called FDA approved recall refund claim

Defendant Actavis argues that the FDA-approved recall refund program precludes class certification of an economic class. This simply cannot be the case as the so-called refund program was ended on October 31, 2008, considerably less than a year after the recall (See Exhibit A). Neither the Defendants or the FDA have the power to override the statutes of limitations of all fifty states and unilaterally declare that Plaintiffs have approximately six months to pursue their claims or they will be lost forever. Further, Plaintiffs are not limiting their relief to a refund of the purchase price of un-used pills.

V. Conclusion

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and corresponding motion to extend the time for class certification briefing.

Dated: October 20, 2009

Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson, III Esq.
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
***Co- Lead Counsel***

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
***Co- Lead Counsel***

Harry F. Bell, Jr., Esq.
The Bell Law Firm PLLC
P. O. Box 1723
Charleston, WV 25326
***Co-Lead and Liaison Counsel***

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 20, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                s/Fred Thompson, III Esq.
                Fred Thompson, III, Esq.
                Motley Rice, LLC
                28 Bridgeside Blvd.
                Mt. Pleasant, SC 29464
                ***Co- Lead Counsel***