```
          UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                     CHARLESTON
```

**IN RE DIGITEK®**
    **PRODUCT LIABILITY LITIGATION**         **MDL NO. 1968**

---

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER # 46
### (Plaintiffs' Motion to Compel # 212)

Currently pending before the court is Plaintiffs' Motion to Compel, filed September 24, 2009. (Docket # 212.) The Actavis defendants (# 222) and the Mylan defendants and UDL (# 224) have responded, and the plaintiffs have replied(# 232), making the matter ripe for decision.

In the Motion, the plaintiffs originally sought an order compelling the Actavis defendants to produce (1) all documents required by Pretrial Order ("PTO") # 16 and those documents requested in the plaintiffs' request for production of documents and the plaintiffs' second request for production of documents to Actavis; and (2) sufficient responses to the plaintiffs' class action discovery, including interrogatory number 12 and request for production numbers 3 and 8. Plaintiffs also sought an order compelling the Mylan defendants to produce (1) sufficient responses to the plaintiffs' class action discovery, including interrogatory numbers 1, 2, 3, 5, 6, 7 and 12 and request for production numbers

2, 3, 5 and 8.  (# 212, p. 1.)

In response, the Actavis defendants indicated that following subsequent meet and confer sessions, they and the Mylan defendants and UDL were able to resolve all disputes with the plaintiffs, other than those disputes related to class action discovery, including interrogatory number 12 and requests for production numbers 3 and 8 as to the Actavis defendants, and interrogatory numbers 3, 5, 6 and 7, and request for production number 5 as to the Mylan defendants and UDL.  (# 222, p. 3; # 224, p. 1.)

Class Discovery - Actavis Defendants

Plaintiffs complain that the Actavis defendants' objections to interrogatory number 12 and request for production numbers 3 and 8 are insufficient.  Interrogatory number 12 seeks information about the Actavis defendants' basis for removing the case George Palladino v. Actavis Totowa, LLC, et al., United States District Court for the District of New Jersey (No. 08-CV-04034), under the Class Action Fairness Act ("CAFA").  The Actavis defendants objected on the grounds that (1) the interrogatory was not reasonably calculated to lead to the discovery of admissible evidence; (2) for removal they were only required to estimate potential damages; and (3) the interrogatory seeks information protected by the work product doctrine.  (# 212, pp. 4-5.)  Request for production number 8 corresponds to interrogatory number 12 and seeks each and every document consulted in support of the Actavis

defendants' statements in the notice of removal. (# 212, p. 6.)

Request number 3 seeks any and all documents authored, received by or sent from any and all defendants, which mention the cost and/or pricing of recalled Digitek®. The Actavis defendants objected on the grounds that the request does not pertain to class-related issues and, therefore, violates the timing restrictions set out in PTO # 16, and that such documents are not relevant to the claims at issue or to damages. Plaintiffs contend that they seek the documents because they go to commonality and typicality. (# 212, p. 6.)

In response, the Actavis defendants point out that the only class action allegations remaining in this matter relate to "economic loss." (# 222, p. 2.) They argue that the plaintiffs have not adequately supported their argument that cost and pricing information is relevant to class certification. The Actavis defendants contend that their costs of manufacturing do not establish Digitek® pricing for a retail consumer, and as such, obtaining pricing information from the Actavis defendants does not relate to damages. (# 222, pp. 5-9.) In addition, the Actavis defendants assert that in seeking information and documents about their basis for removal of the Palladino case, the plaintiffs seek the attorney work product of Actavis's counsel. (# 222, pp. 9-13.)

Class Discovery - Mylan Defendants and UDL

The Mylan defendants and UDL join in the Actavis defendants'

response, but note that the plaintiffs raise a few additional class-related discovery disputes against them. In particular, the plaintiffs' interrogatory numbers 5, 6 and 7 ask what medical evaluations and testing the Mylan defendants and UDL contend were reasonable and necessary for Digitek patients to undergo in late Spring/early Summer 2008. Request for production number 5 seeks documents supporting the Mylan defendants and UDL's response to interrogatory number 5. (# 224, pp. 2-3.)

The Mylan defendants and UDL argue that because the plaintiffs have abandoned all class claims relating to wrongful death, personal injury and medical monitoring, the discovery sought is no longer relevant to the plaintiffs' remaining class action claim of economic loss. (# 224, p. 2.)

In reply to both responses, the plaintiffs assert that they are not seeking discovery regarding facts asserted in the notice of removal in Palladino for the purpose of challenging jurisdiction, but rather, because they are entitled to all the facts and all the documents in possession of the Actavis defendants upon which their factual allegations were based. Plaintiffs further assert that any protection afforded the information and documents underlying the basis for removal has been waived because the Actavis defendants partially disclosed information in their notice of removal. (# 232, p. 2.) Finally, the plaintiffs argue that medical evaluations and testing are relevant to class certification because as members

4

of the class, they were "caused to undergo medical evaluations and testing to determine that they were not injured by the recalled Digitek®." (# 232, p. 3.) Plaintiffs aver that they seek to determine "what, if any, medical evaluations and testing the Defendants believe was [sic] reasonable and necessary. This information is relevant to class certification as it goes to the typicality and commonality of the injury." (# 232, p. 3.)

Analysis

The court finds that the plaintiffs' motion must be denied. Regarding discovery related to the Actavis defendants' basis for removal of the Palladino case in New Jersey, the plaintiffs concede that they do not intend to challenge jurisdiction, and frankly, the court is aware of no other legitimate basis for the plaintiffs' interrogatory and request for production related to removal. Thus, the plaintiffs' motion is denied as to interrogatory number 12 and request for production number 8.

With respect to information related to cost and pricing of Digitek®, the court finds that such information is not relevant to the plaintiffs' remaining class action claim of economic loss. Plaintiffs are not complaining about the price of Digitek® or whether all the class members paid the same amount for Digitek®, nor are they pursuing antitrust or sales and marketing class action claims. Such information simply does not relate to typicality or commonality analyses under Rule 23(a)(2) of the Federal Rules of

5

Civil Procedure.  It is the plaintiffs who should possess the information about what they spent on any allegedly defective Digitek®, not the defendants.  To the extent such information and documents may become relevant related to any potential punitive damages claim, discovery on that issue is premature.

Finally, the plaintiffs seek medical evaluation and testing information in interrogatory numbers 5, 6 and 7 and request for production number 5 as to the Mylan defendants and UDL.  Plaintiffs seek information from these defendants about what kind of medical evaluations and testing were reasonable and necessary; yet it is the plaintiffs, not the Mylan defendants or UDL who would possess this information.  Again, the court finds that such information and documents are irrelevant to the plaintiffs' remaining class action claim for economic loss.  To the extent such information and documents may become relevant related to any potential punitive damages claim, discovery on that issue is premature.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion to Compel is **DENIED**.  The parties shall bear their own costs.

The Clerk is directed to file this Order in 2:08-md-1968 which shall apply to each member Digitek®-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:09-cv—01231.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided

by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: November 12, 2009

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge