UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**IN RE DIGITEK®**
**PRODUCT LIABILITY LITIGATION**                    **MDL NO. 1968**

_____

**THIS DOCUMENT RELATES TO ALL CASES**

PRETRIAL ORDER #47
(**Rulings from November 20, 2009 status conference**)

A regularly scheduled status conference was held on November 20, 2009. Substantive rulings made during that hearing are summarized below.

**Group 1 Trial Cases:**

In accordance with procedures outlined in PTO #16 and PTO #38 and based on arguments presented at the hearing and in written documentation previously provided to the court, it is was **ORDERED** that the following five cases have been selected for trial:

• David Kelch et al., v. Actavis Totowa, LLC et al., 2:08-cv-01282;

• William J. Young et al., v. Actavis Totowa, LLC et al., 2:09-cv-00498;

• Jacquelyn K. Fox et al., v. Actavis Totowa, LLC et al., 2:09-cv-00389;

• Karen Sheahan, et al., v. Actavis Group, et al., 2:08-cv-01051;

• Scottie Vega et al., v. Actavis Group hf., et al., 2:09-cv-00768.

The trials will be held in the order of the cases as listed above and discovery will proceed in accordance with the deadlines established in PTO # 38 and extended by PTO #45.

Regarding discovery in the selected trial cases, the court, as set forth in PTO #16, paragraph H, expects the parties to meet and confer in a meaningful manner and resolve discovery disputes without the court's involvement.  The court will firmly enforce the provisions contained in Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1(b) regarding a party's duty to meet and confer.  To the extent the parties cannot resolve discovery disputes in this manner, the parties are instructed to contact Judge Stanley's chambers to schedule a telephone conference regarding the dispute before the filing of any motion.  If the matter cannot be resolved by telephone conference, the court will set a schedule for briefing the dispute.

**Class Certification Briefing**:

The deadlines for class certification motion and briefing were stayed by PTO #42 pending rulings on the plaintiffs' motion to compel and a related motion to extend deadlines. PTO #46 denied the motion to compel. The court, having been advised that the plaintiffs do not intend to object to Magistrate Judge Stanley's order, **GRANTED** the motion to extend deadlines [Docket 213] as it relates to class certification briefing.  Plaintiffs' class certification motion and brief in support as to the remaining economic loss class **shall be filed and served no later than January 20, 2010**.  In accordance with PTO #16, Defendants' response brief(s) shall be filed and served thirty (30) days after the filing of such class certification motion and accompanying brief, with any reply in accordance with the Local Rules of Civil Procedure.  The motion to extend deadlines is otherwise **DENIED** as moot given the revised deadlines agreed upon by the parties in PTO #45.

**Status Conference Date:**

The next status conference is scheduled for **Thursday, February 11, 2010 at 9:00 a.m.** in Judge Goodwin's chambers.

Any attorney representing any party, or any unrepresented party may attend the status conference but only Liaison and Lead Counsel, or such other counsel as the court may permit, may actively participate in the status conference.

Lead Counsel for the parties shall confer and submit any proposed agenda items for the conference directly to the court via fax or to WVSDml_Digitek_Chambers@wvsd.uscourts.gov **no later than February 8, 2010**.

The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in the is district, which includes counsel in all member cases up to and including civil action number 2-09-cv-1265. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: November 24, 2009

Joseph R. Goodwin, Chief Judge