A CERTIFIED TRUE COPY
ATTEST
By Denise Morgan-Stone on Dec 02, 2009
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 02, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DIGITEK PRODUCTS
LIABILITY LITIGATION
    Sylvia Larson, et al. v. Actavis, Inc., et al.,
        W.D. Louisiana, C.A. No. 6:09-1095
    Otto Malone, etc. v. Actavis Totowa, LLC, et al.,
        S.D. Texas, C.A. No. 4:09-2094

MDL No. 1968

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in these two actions move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the Southern District of West Virginia for inclusion in MDL No. 1968. Responding Actavis and Mylan parties[1] oppose the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of West Virginia, and that transfer of the actions to the Southern District of West Virginia for inclusion in MDL No. 1968 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of the actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of West Virginia was a proper Section 1407 forum for actions involving claims relating to the manufacture and sale of allegedly adulterated Digitek. *See In re Digitek Products Liability Litigation,* 571 F.Supp.2d 1376 (J.P.M.L. 2008).

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). In addition, the transferee judge can tailor pretrial proceedings so that any potential hardship arising from any plaintiff litigating in the Southern District of West Virginia is minimized. *See In re West of the Rockies Concrete Pipe Antitrust Cases*, 303 F.Supp. 507 (J.P.M.L. 1969). Sensible use of liaison counsel, lead counsel and steering committees alleviates this concern.

---

[1] Actavis Totowa, LLC ; Actavis, Inc.; Actavis Elizabeth LLC; Mylan, Inc.; Mylan Pharmaceuticals, Inc.; Mylan Bertek Pharmaceuticals, Inc.; and UDL Laboratories, Inc.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |