IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK
PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO:

ALL CASES

## NOTICE TO TAKE VIDEOTAPED ORAL DEPOSITION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs in the above-entitled action will take the oral videotaped deposition of **JASMINE SHAH** on **Monday, February 15, 2010 at 9:30 a.m. (EST)** at the **Ramada Wayne Hotel, 334 U.S. 46, Wayne, New Jersey 07470** before a Notary Public authorized to administer oaths for the State of New Jersey. Said deposition will continue from day to day until completed.

The deposition will be recorded by Golkow Technologies, Inc., One Liberty Place, Suite 5150, Philadelphia, Pennsylvania 19103. Notice is also given that this deposition may be recorded by videotape. Plaintiffs reserve the right to use the videotaped deposition at the trial in this matter and in any other evidentiary hearing or proceeding where oral testimony may be admitted into evidence.

The deponent is not a party to this action. So far as known to the deposing party knows, the deponent's current address is as follows:

Jasmine Shah
8 Woodland Avenue
Caldwell, New Jersey 07006

Said deponent has been or will be served with a deposition subpoena. **A COPY OF THE SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL CASE IS ATTACHED HERETO AND SERVED HEREWITH.** A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Certificate of Service.

Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson III
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co-Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co-Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P.O. Box 1723
Charleston 25326
*Co-Lead and Liaison Counsel*

# EXHIBIT "A"

## SUBPOENA DUCES TECUM

Pursuant to the Rule 30(b)(2) of the Federal Rules of Civil Procedure, the witness shall bring the following documents to the deposition:

1. Curriculum vitae; and

2. All documents deponent reviewed in preparation for deposition.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| In Re: Digitek Products Liability Litigation ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No.  MDL No. 1968 |
| ) | |
| ) | (If the action is pending in another district, state where: |
| _Defendant_ ) | USDC Southern District of West Virginia ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Jasmine Shah, 8 Woodland Avenue, Caldwell, New Jersey 07006

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Ramada Wayne Hotel, 334 U.S. 46, Wayne, New Jersey 07470 | Date and Time: 02/15/2010 9:30 am |
|---|---|

The deposition will be recorded by this method:  _Transcription and videotape_

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit "A"

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  01/13/2010

_CLERK OF COURT_

OR  _[signature] Meghan J. Carter_

_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_    Plaintiffs   , who issues or requests this subpoena, are:

Ed Blizzard, Esq., Holly W. Gibson, Esq., Blizzard McCarthy & Nabers, LLP, The Lyric Centre Building, 440 Louisiana, Suite 1710, Houston, Texas  77002-1689; eblizzard@blizzardlaw.com, hgibson@blizzardlaw.com; (713) 844-3750; Meghan J. Carter, Esq., Motley Rice, LLC, 28 Bridgeside Blvd., Mount Pleasant, SC 29464; (843)216-9000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL No. 1968

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2010, I served via e-mail and United States mail a true and correct copy of the foregoing Notice of Deposition of to:

Rebecca A. Betts, Defendants' Liaison Counsel
Allen Guthrie & Thomas, PLLC
P.O. Box 3394
Charleston, WV 25333-3394

Harvey L. Kaplan, Esq.
Shook Hardy and Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108

Matthew P. Moriarty
Tucker, Ellis & West, LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414

Richard A. Dean, Esq.
Tucker Ellis and West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115

Madeleine McDonough, Esquire
Shook, Hardy, & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108

PLAINTIFFS' STEERING COMMITTEE

By: s/Fred Thompson

*Plaintiffs' Co-Lead Counsel*