IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
    PRODUCTS LIABILITY LITIGATION      MDL NO. 1968
_____

THIS ACTION RELATES TO:

Campbell v. Actavis, 2:08-cv-01075;
Chambers v. Actavis Totowa, LLC, 2:08-cv-01175;
Konek v. Actavis, Inc., 2:08-cv-1053;
Lange v. Actavis Totowa, LLC, 2:09-cv-00448;
Wilburn v. Actavis Group hf, 2:08-cv-01017;
York v. Actavis Totowa, LLC, 2:09-cv-00544
_____

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Now come Plaintiffs Lorena Ard, Dale Campbell, Alan Chambers, Peter Konek, William E. Lange, Judy Whitaker, as Executrix on behalf of the Estate of Anna Fight, and Willie Maw Wilburn, by counsel, and respectfully move pursuant to Fed. R. Civ. P. 23 for this Court to certify a class for economic losses on behalf of all persons residing in the United States who purchased Digitek® pursuant to prescription, during the time period when the Recalled Digitek® was manufactured, produced, distributed, sold or otherwise supplied, who suffered economic losses, including, but not limited to, payments for Recalled Digitek®, out-of-pocket expenses for diagnostic testing, medical testing, medical visits, and/or new prescriptions, as a result of having received Recalled Digitek®.

In support of the motion, Plaintiffs state as follows:

1. This case alleges conduct by Defendants that led to the Class I nationwide recall – the type of recall instituted only when there exists a reasonable probability that use of the product will cause serious adverse health consequences or death – of all strengths of Digitek® tablets for oral use.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs have established the prerequisites for maintaining a class action:

   a. The class is so numerous joinder is impracticable;

   b. The class members share common questions of law and fact;

   c. The claims or defenses of Plaintiffs are typical of the claims or defenses of the class;

   d. Plaintiffs will fairly and adequately protect the interests of the class; and

   e. Common questions of fact and law predominate and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

3. Because the requirements of Rule 23 have been met, certification is appropriate.[1]

WHEREFORE, Plaintiffs respectfully request that this Court:

a. certify a class of all persons residing in the United States who purchased Digitek® pursuant to prescription, during the time period when the Recalled Digitek® was manufactured, produced, distributed, sold or otherwise supplied, who suffered economic losses, including, but not limited to, payments for Recalled Digitek®, out-of-pocket expenses for diagnostic testing, medical testing, medical visits, and/or new prescriptions, as a result of having received Recalled Digitek®;

b. certifying the moving Plaintiffs as representatives of the class; and

c. appointing the counsel indicated below as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

---

[1] As indicated in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, certification of a nationwide class is appropriate, warranted particularly in this type of case, and preferable to certification of individual state classes.  However, should the Court decide that the nationwide class is inappropriate for any reason, Plaintiffs respectfully request certification of state classes and leave to file additional motions for class certification on behalf of other states.

This motion is also based on the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, the accompanying Declaration of Fred Thompson in Support of Plaintiffs' Motion for Class Certification, and the pleadings in the indicated actions, as well as the prior proceedings and orders of this Court concerning class certification.

Dated:  January 20, 2010

                                            Respectfully submitted,

On Behalf of Proposed Class Counsel:

s/Fred Thompson, III Esq.
Fred Thompson, III, Esq.
**Motley Rice, LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
**Frankovitch, Anetakis, Colantonio & Simon**
337 Penco Road
Weirton, WV 26062

*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
**The Bell Law Firm PLLC**
P. O. Box 1723
Charleston, WV 25326

*Co-Lead and Liaison Counsel*


**Wolf Popper LLP**
845 Third Avenue
New York, NY  10022
(212) 759-4600

**Morgan and Morgan, P.A.**
One Tampa City Center
7th Floor
Tampa, FL 33602
813.223.5505 (main)

- 4 -

**Malkinson & Halpern, P.C.**
208 S. LaSalle Street, Suite 1750
Chicago, IL 60604
(312) 427-9600 (phone)

**Hutton and Hutton Law Firm LLC**
P.O.B. 638
Wichita, KS  67201-0638
316.688.1166/686.1077 (f)

**Locks Law Firm LLC**
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200


**Proposed Class Counsel**

- 4 -