# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**ANSWERS OF DEFENDANTS ACTAVIS INC., ACTAVIS TOTOWA LLC
AND ACTAVIS ELIZABETH LLC TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS**

The properly served and represented Defendants Actavis Inc., Actavis Totowa LLC ("Actavis Totowa"), and Actavis Elizabeth LLC ("Actavis Elizabeth") (collectively, "Defendants") respond to Plaintiffs' First Set of Interrogatories ("Interrogatories") as follows:

**RESERVATION OF RIGHTS**

Defendants respond to Plaintiffs' Interrogatories to the best of their present knowledge, information and belief. These responses are subject to additional or different information that discovery or further investigation may disclose. Defendants do not waive or intend to waive, by reason of their responses, their rights to: (1) revise, amend, or supplement these responses; (2) object on any ground to the use of documents produced in these responses for any purpose, in whole or in part, in this or any other proceeding, action, or matter; (3) object on any grounds, at any time, to other discovery procedures or requests relating to the subject matter of the Interrogatories; and (4) object on the grounds of admissibility to any documents produced in relation to the responses to these Interrogatories.

## GENERAL OBJECTIONS

Defendants make the following General Objections, which are in addition to, and incorporated within, each of the specific responses set forth below:

1. Defendants object to Plaintiffs' instructions and definitions to the extent they attempt to enlarge the scope of permissible discovery under the Federal Rules of Civil Procedure, the Court's Pretrial Orders, and/or any other applicable rules.

2. Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way. As such, Defendants object to the Interrogatories, and the definitions and the instructions, to the extent they imply that Actavis Inc. and Actavis Elizabeth were involved with, or are primary custodians possessing any responsive documents relating to, the manufacture of Digitek®. Furthermore, Defendants assert that the responses set forth herein shall not be considered a waiver of any objection or an acknowledgement by Actavis Inc. and Actavis Elizabeth of involvement with, or possession of responsive documents relating to, the manufacture of Digitek®.

3. Defendants object to Plaintiffs' use of the term "Digitek" to the extent that it pertains to any product not manufactured, distributed, or marketed under the trade name Digitek®. Actavis Defendants further object to the extent that Plaintiffs' use of the term "Digitek" includes ingredients or products not manufactured, marketed, or distributed by a party to this lawsuit.

4. Defendants object to each Interrogatory to the extent it seeks information or documents protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, accountant-client privilege, or by any other privilege or doctrine available under federal or state law, whether statutory,

2

regulatory, constitutional, or common law. Defendants further object to each Interrogatory to the extent it seeks the disclosure of information or documents protected by statutes, regulations, common law, and the Federal Rules of Civil Procedure that are either absolutely protected from production or which should be produced only pursuant to an appropriate protective order. Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent disclosure waive the right of Defendants to object to the use of any such information in any proceeding. Defendants object to each Interrogatory to the extent it seeks any information or document relating to any drug other than Digitek®, the only product at issue in this litigation, which is not also reasonably related to the manufacture of Digitek®.

5. Defendants object to each Interrogatory to the extent it seeks any information or document relating to any drug other than Digitek®, the only product at issue in this litigation, which is not also reasonably related to the manufacture of Digitek®.

6. Defendants object to each Interrogatory to the extent it seeks discovery or production of confidential, trade secret, and/or proprietary information.

7. Defendants object to each Interrogatory to the extent it calls for the discovery of information already in Plaintiffs' possession, custody, or control, publicly available, or otherwise equally available to Plaintiffs, on grounds that such requests for information are unreasonably cumulative and duplicative, and that such information is obtainable from a source that is more convenient, less burdensome, and less expensive.

8. Defendants object to the extent any Interrogatory seeks information concerning a period of time prior or subsequent to the time period that any Plaintiff allegedly ingested

Digitek® on the grounds that such Interrogatory is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendants object to each Interrogatory to the extent it is directed to any entity other than Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC.

10. Defendants object to each Interrogatory to the extent it is vague, ambiguous, confusing, argumentative, overly broad, oppressive, and/or requires an unduly burdensome and unnecessarily expensive search for, and disclosure of, documents that are neither relevant to the claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence.

11. Defendants object to each Interrogatory to the extent it is duplicative and cumulative.

12. Defendants object to each Interrogatory to the extent it calls for the disclosure of information or the production of documents not within Defendants' possession, custody, or control.

Defendants respond to these Interrogatories without waiving the foregoing objections (which shall be deemed to apply to each and every Interrogatory), or any other objections set forth herein.

**INTERROGATORY NO. 1:**

Describe in detail, from start to finish, the manufacturing and sales procedures utilized for Digitek®, including, but not limited to, the manufacturing process, packaging, distribution and marketing of Digitek®. For each process described please list the following:

4

a)    Describe in detail the role, if any, you played in the process;

b)    Identify any other entity that played any role in the process; and

c)    Describe in detail the role, if any, that any other entity played in the process.

**ANSWER:**

Defendants object to this Interrogatory because it is not limited to a relevant time frame, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Responding to an interrogatory so overbroad in time and scope would be unduly burdensome for Defendants. This Interrogatory is also improper in that it seeks information about entities other than Defendants.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: All manufacturing operations occurred at the Actavis Totowa, Little Falls, New Jersey facility. The first general step of the manufacturing process was for employees to go to the room in which raw ingredients are stored. There, employees measure out the appropriate amounts of the raw materials that are called for by the formula for Digitek® which is contained in the ANDA. The appropriate raw materials were transported from the inventory area to a special area of the manufacturing facility, typically including Rooms 117, 119, and 120. Digitek® blending occurred in Room 117. There were generally three blenders in Room 117, along with their appropriate supporting equipment, a 10 cubic foot v-shaped blender, a 3 cubic foot portable blender, and a 50 cubic foot drum blender. The raw materials were first made into three pre-blends which were then combined into one final blend. During the blending process, employees took samples to assure blend

5

uniformity and, at the conclusion of the blending, weighed and measured the final blend in order to reconcile raw material usage. The blended Digitek® is a powder which, once blended, was placed into drums, which were placed onto a pallet, shrink wrapped, and labeled with the batch number.

After blending, the powdered blend was loaded through feed stations above Rooms 119 and 120. Actavis used 45 Station Stokes BB2 tablet presses -- with ancillary equipment such as dedusters and metal detectors -- for the compression of Digitek® powder into tablets. Press operators performed routine checks of tablets for appearance, thickness, weight, and hardness, and quality assurance employees made routine inspections for the same items. Once the tablets were compressed, finished goods were weighed in order to reconcile raw material usage with product output. The finished tablets, in buckets, were sealed, loaded onto pallets, shrink-wrapped and labeled with the batch number. They were then transferred to the Taft Road facility for packaging.

Once there, tablet buckets were moved down a conveyor system and serially emptied into feed hoppers which, in turn, moved down vibrating channel counters in order to fill bottles. The bottles were labeled at the labeling section of the machinery and placed into boxes. The finished packaged goods were counted and weighed in order to provide a final raw materials usage reconciliation. Before shipping, a designated amount of finished Digitek® tablets were chemically tested for dissolution, stability and dose uniformity. Once all laboratory testing was completed, the batch would be certified. Once that was done, the finished goods were ready for shipping to Mylan.

**INTERROGATORY NO. 2:**

For each strength of FDA approved Digitek® tablets, please state the FDA required:

6

a)      Tablet Size;

b)      Tablet weight; and

c)      Amount of active ingredient.

**ANSWER:**

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond to (a) and (b) as follows:

| PARAMETER | .125 mg (125 mc) | .250 mg (250 mc) |
|---|---|---|
| Target Weight (1) | 105 mg (0.105 g) | 120 mg (0.120 g) |
| Weight Range (1) | 97 – 113 mg (0.097 - 0.113 g) | 114 – 126 mg (0.114 -0.126 g) |
| Target Weight (10) | 1.050 g | 1.20 g |
| Weight Range (10 Tablets) | 1.019 g – 1.082 g | 1.176 g – 1.224 g |
| Thickness | 2.0 mm – 3.0 mm | 2.7 mm – 3.7 mm |
| Hardness | 1.0 – 6.0 kp | 2 – 8 kp |
| Appearance | Yellow, round; imprinted with "B145" on scored side | White, round; imprinted with "B146" on scored side |

c) The appropriate level of active ingredients required by the FDA is set forth in the United States Pharmacopeia (USP) which is publicly available.

**INTERROGATORY NO. 3:**

Describe in detail the training you provided your quality control unit responsible for Digitek® in the area of current good manufacturing practices including the person(s) that train the quality assurance employees and the frequency of such training.

**ANSWER:**

Defendants object to this Interrogatory because it is not limited to a relevant time frame, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Responding to an Interrogatory so overbroad in time and scope would be unduly burdensome for Defendants.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: See response to Plaintiffs' Requests for Production of Documents #7.

**INTERROGATORY NO. 4:**

Describe and identify any automatic, mechanical, and electronic equipment or other types of equipment, including computers, or related systems that are used in the manufacture, processing, packing of Digitek® that controls or constrains strength of the drug and/or the amount of the drug's active ingredient that is used in the drug, and for each piece of equipment etc.:

    a)    describe how frequently it is calibrated, inspected, or checked;

    b)    identify and describe any problems with the piece of equipment that have occurred in the past five years; and

c)      Identify and describe in detail any maintenance or repairs made to the piece of equipment in the past five years.

**ANSWER:**

Defendants object to this Interrogatory because it is not limited to a relevant time frame, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Responding to an Interrogatory so overbroad in time and scope would be unduly burdensome for Defendants. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the undefined term "problems."

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows:  The amount of active ingredient in the drug is specified in the ANDA for Digitek® and the raw ingredients for the drug are mixed during the blending phase of the manufacturing process to achieve compliance with the specifications set forth in the ANDA.  Compliance with the ANDA specifications is tested at various phases of the manufacturing process including testing of the final blend prior to tablet compression and testing of pressed tablets during manufacturing and at the conclusion of tablet compression.  See response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Describe in detail each and every action you have undertaken in the last five years to verify that the strength, dose, quality and purity of Digitek® manufactured, packaged or distributed by you, including but not limited to the Recalled Digitek®, was consistent with the drug's labeling.

9

ANSWER:

Defendants object to this Interrogatory because it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the undefined term "each and every action you have undertaken." Responding to an Interrogatory so overbroad in time and scope would be unduly burdensome for Defendants.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows:  See response to Interrogatory Number 1.  Raw materials received from suppliers were tested for compliance with their labeling.  In addition, each batch of Digitek® underwent raw material usage reconciliation at various stages of the process, blend uniformity testing during the blending phase, and quality checks during tablet compression, all of which are designed to verify that the product is manufactured consistent with the drug's labeling.  Specific details regarding these processes are set forth in detail in the records relating to the production of each batch of recalled Digitek®, which are being produced pursuant to PTO #16.

See, for example the following documents:

| Document Description | Batch No. | Production Bates Numbers |
|---|---|---|
| Raw Material Weighing/Blending Operations | 60371 | ACTAV000003996-000004012 |
| | 60372 | ACTAV000004245-000004261 |
| | 60373 | ACTAV000004974-000004990 |
| | 70924 | ACTAV000002120-000002136 |
| In-Process Blend Sampling Report | 60236 | ACTAV000003503-000003504 |
| | 60372 | ACTAV000004315-000004317 |
| | 60373 | ACTAV000005044-000005046 |
| | 70924 | ACTAV000002923-000002933 |
| Final Blend Sample Submission Report | 60371 | ACTAV000004185-000004186 |
| | 60372 | ACTAV000004428-000004429 |

| Document Description | Batch No. | Production Bates Numbers |
|---|---|---|
| | 60373 | ACTAV000005148-000005149 |
| Tablet Compression Operation Instructions | 60371 | ACTAV000004013-000004018 |
| | 60372 | ACTAV000004262-000004267 |
| | 60373 | ACTAV000004991-000004996 |
| | 70924 | ACTAV000002232-000002237 |
| Compression Data Sheet | 60371 | ACTAV000004019-000004023 |
| | 60372 | ACTAV000004268-000004272 |
| | 60373 | ACTAV000004997-000005001 |
| | 70924 | ACTAV000002238-000002242 |
| QA In-Process Compression Data Sheet | 60371 | ACTAV000004071-000004081 |
| | 60372 | ACTAV000004320-000004330 |
| | 60373 | ACTAV000005049-000005059 |
| | 70924 | ACTAV000002252-000002264 |

Defendants further refer Plaintiffs to documents similar to those identified above that can be found in each of the Digitek® batch records produced by Defendants.

**INTERROGATORY NO. 6:**

List and describe each complaint or notice of problems or adverse effects received by, or known to you, regarding the use of Digitek® in the past five years, including the date of the incident, the date you received notice, and a description of the incident including nature of the injury. (In response to this interrogatory, you may redact the names of the reports of adverse events in compliance with any applicable FDA regulation).

**ANSWER:**

Defendants object to this Interrogatory because it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the undefined term "notice of problems." Responding to an Interrogatory so overbroad in time and scope would be unduly burdensome for Defendants. Defendants also object on the grounds that the requested

information may infringe upon the privacy interests of patients or physicians or violate federal or state privacy laws or regulations, including 21 C.F.R. § 20.63(f).

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: See Digitek® Annual Reports and Annual Product Reviews for 2003-2007, previously produced (ACTAV 000005279 - 000006568). See also documents that will be produced in response to Requests 24, 25, 26, and 27 of Plaintiffs' Request for Production of Documents.

**INTERROGATORY NO. 7:**

For each and every complaint or notice of problems or adverse effects identified above, please describe in detail the actions you took in response to receiving or gaining knowledge of the incident, including any investigation you performed of the incident or any report that you issued to the FDA. (This interrogatory asks what actions were taken after receipt of such complaint or notice of problem or adverse event, not just whether defendant made any changes as a result of such complaint or notice of problem or adverse event).

**ANSWER:**

Defendants object to this Interrogatory because it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the undefined term "notice of problems." Responding to an Interrogatory so overbroad in time and scope would be unduly burdensome for Defendants. Defendants also object on the grounds that the requested

information may infringe upon the privacy interests of patients or physicians or violate federal or state privacy laws or regulations, including 21 C.F.R. § 20.63(f).

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: See Response to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

Identify each instance in which the FDA alleged non-compliance relating to Digitek® [or any other drug] manufactured at the Little Falls facility in the last five years and give the following details:

a)    each alleged non-compliant act stated by the FDA or one of its divisions;

b)    the date(s) each such act was identified;

c)    whether any citation, fine, warning or other penalty was issued for the non-compliant act; and

d)    What, if any, action you took as a result of the FDA action.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the

13

undefined terms "alleged non-compliance" and "alleged non-compliance."  Responding to an

Interrogatory so overbroad in time and scope would be unduly burdensome for Defendants.

Defendants also object to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing,

distribution, or sale of Digitek® in any way, and as such they join in the objections to this

Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows:

| FDA Document | Document Date | Alleged Non-Compliant Acts |
|---|---|---|
| FDA 483 | 2/8/2006 | Failure to report adverse drug experience reports relating to Digoxin. |
| FDA 483 | 8/10/2006 | The suitability of testing methods is not verified under actual conditions of use; deficiencies noted in cleaning validation studies. |
| Warning Letter | 8/15/2006 | Based on observations concluded in 2/2006, noted failure to comply with post-marketing ADE reporting requirements. |
| Warning Letter | 1/9/2007 | Based on FDA's observations concluded on 8/10/2006, WL stated cleaning validation studies are inadequate/ there is no assurance that equipment is adequately cleaned between the manufacture of different drug products. |
| Revised Warning Letter | 2/2/2007 | Revised 1/9/2007 letter removing certain references to other, non-Digoxin products and making no changes to observations relating to Digoxin. |
| FDA 483 | 5/20/2008 | Failure to reject product that fails to meet established specifications and quality control criteria. |
| FDA 483 | 5/21/2008 | Failure to timely submit 15-day reports to FDA. |

The above FDA documents and Actavis Totowa's responses to the same will be produced

to Plaintiffs.

**INTERROGATORY NO. 9:**

Identify by Batch and/or Lot Number, all Digitek® that has been recalled, voluntary or

otherwise, in the last five years.  For each batch and/or lot identified, please state the date each

batch or lot was manufactured and describe in detail the reason for the recall including the facts relied upon by Defendants in each decision to institute a recall.

## ANSWER:

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Actavis Totowa provides the following response: The only Digitek® recalled in the last five years were the following 171 batches of Digitek®, which were recalled on April 25, 2008.

| Packaged Batch # | Expiration Date | Manufacturing Date | Packaging Date |
|---|---|---|---|
| 60236A1 | Apr-08 | 4/20/2006 | 5/11/2006 |
| 60371A1 | Apr-08 | 4/21/2006 | 5/15/2006 |
| 60372A1 | Apr-08 | 4/22/2006 | 5/12/2006 |
| 60373A1 | Apr-08 | 4/24/2006 | 5/13/2006 |
| 60399A1 | May-08 | 5/4/2006 | 5/20/2006 |
| 60400A1 | May-08 | 5/4/2006 | 5/23/2006 |
| 60401A1 | May-08 | 5/5/2006 | 5/24/2006 |
| 60402A1 | May-08 | 5/6/2006 | 5/31/2006 |
| 60416A1 | May-08 | 5/16/2006 | 6/1/2006 |
| 60605A1 | Jun-08 | 6/28/2006 | 7/13/2006 |
| 60606A1 | Jun-08 | 6/29/2006 | 7/19/2006 |
| 60607A1 | Jun-08 | 6/29/2006 | 7/20/2006 |
| 60608A1 | Jul-08 | 7/12/2006 | 7/21/2006 |
| 60643A1 | Jul-08 | 7/12/2006 | 7/28/2006 |
| 60644A1 | Jul-08 | 7/13/2006 | 8/7/2006 |
| 60645A1 | Jul-08 | 7/14/2006 | 8/10/2006 |
| 60756A1 | Sep-08 | 9/1/2006 | 9/14/2006 |
| 60757A1 | Sep-08 | 9/5/2006 | 9/17/2006 |
| 60758A1 | Sep-08 | 9/6/2006 | 9/21/2006 |
| 60759A1 | Sep-08 | 9/7/2006 | 9/23/2006 |
| 60776A1 | Sep-08 | 9/12/2006 | 9/27/2006 |
| 60777A1 | Sep-08 | 9/12/2006 | 9/28/2006 |
| 60929A1 | Oct-08 | 10/26/2006 | 11/7/2006 |

| Packaged Batch # | Expiration Date | Manufacturing Date | Packaging Date |
|---|---|---|---|
| 60930A1 | Oct-08 | 10/27/2006 | 11/8/2006 |
| 60931A1 | Oct-08 | 10/28/2006 | 11/14/2006 |
| 60932A1 | Oct-08 | 10/30/2006 | 11/21/2006 |
| 60991A1 | Nov-08 | 11/10/2006 | 11/22/2006 |
| 60992A1 | Nov-08 | 11/11/2006 | 1/4/2007 |
| 60993A1 | Nov-08 | 11/13/2006 | 12/3/2006 |
| 60994A1 | Nov-08 | 11/14/2006 | 11/29/2006 |
| 61092A1 | Dec-08 | 12/8/2006 | 12/23/2006 |
| 70023A1 | Jan-08 | 1/8/2007 | 1/22/2007 |
| 70024A1 | Jan-08 | 1/9/2007 | 1/25/2007 |
| 70025A1 | Jan-08 | 1/10/2007 | 1/26/2007 |
| 70026A1 | Jan-08 | 1/19/2007 | 1/27/2007 |
| 70027A1 | Jan-08 | 1/22/2007 | 1/31/2007 |
| 70078A1 | Jan-08 | 1/23/2007 | 2/6/2007 |
| 70079A1 | Jan-08 | 1/29/2007 | 2/7/2007 |
| 70080A1 | Jan-08 | 1/30/2007 | 2/8/2007 |
| 70081A1 | Jan-08 | 1/31/2007 | 4/3/2007 |
| 70081A2 | Jan-08 | 1/31/2007 | 5/7/2007 |
| 70082A1 | Jan-08 | 2/1/2007 | 2/20/2007 |
| 70134A1 | Feb-08 | 2/9/2007 | 2/21/2007 |
| 70135A1 | Feb-08 | 2/10/2007 | 02/22/2007 |
| 70136A1 | Feb-08 | 2/11/2007 | 2/27/2007 |
| 70147A1 | Feb-08 | 2/18/2007 | 3/6/2007 |
| 70149A1 | Feb-08 | 2/20/2007 | 3/7/2007 |
| 70160A1 | Feb-08 | 2/21/2007 | 5/15/2007 |
| 70161A1 | Feb-08 | 2/22/2007 | 5/17/2007 |
| 70207A1 | Mar-08 | 3/12/2007 | 5/2/2007 |
| 70208A1 | Mar-08 | 3/13/2007 | 3/29/2007 |
| 70209A1 | Mar-08 | 3/14/2007 | 4/2/2007 |
| 70296A1 | Apr-08 | 4/3/2007 | 5/21/2007 |
| 70297A1 | Apr-08 | 4/4/2007 | 5/3/2007 |
| 70298A1 | Apr-08 | 4/12/2007 | 5/23/2007 |
| 70299A1 | Apr-08 | 4/13/2007 | 5/11/2007 |
| 70300A1 | Apr-08 | 4/14/2007 | 6/8/2007 |
| 70557A1 | Jul-08 | 7/6/2007 | 7/28/2007 |
| 70558A1 | Jul-08 | 7/7/2007 | 7/31/2007 |
| 70559A1 | Jul-08 | 7/9/2007 | 8/1/2007 |
| 70560A1 | Jul-08 | 7/10/2007 | 8/2/2007 |

16

| Packaged Batch # | Expiration Date | Manufacturing Date | Packaging Date |
|---|---|---|---|
| 70600A1 | Jul-08 | 7/19/2007 | 8/7/2007 |
| 70601A1 | Jul-08 | 7/25/2007 | 8/8/2007 |
| 70736A1 | Sep-08 | 9/9/2007 | 9/26/2007 |
| 70737A1 | Sep-08 | 9/10/2007 | 9/27/2007 |
| 70738A1 | Sep-08 | 9/11/2007 | 9/28/2007 |
| 70753A1 | Sep-08 | 9/16/2007 | 10/1/2007 |
| 70766A1 | Sep-08 | 9/18/2007 | 10/5/2007 |
| 70767A1 | Sep-08 | 9/19/2007 | 10/13/2007 |
| 70768A1 | Sep-08 | 9/25/2007 | 10/17/2007 |
| 70769A1 | Sep-08 | 9/26/2007 | 10/13/2007 |
| 70770A1 | Sep-08 | 9/27/2007 | 11/29/2007 |
| 70924A2 | Nov-08 | 11/14/2007 | 1/24/2008 |
| 70925A1 | Nov-08 | 11/15/2007 | 12/5/2007 |
| 70926A1 | Nov-08 | 11/19/2007 | 12/6/2007 |
| 70949A1 | Nov-08 | 11/19/2007 | 12/10/2007 |
| 70950A1 | Nov-08 | 11/20/2007 | 12/12/2007 |
| 70951A1 | Nov-08 | 11/21/2007 | 12/12/2007 |
| 70952A1 | Nov-08 | 11/24/2007 | 12/14/2007 |
| 70953A1 | Nov-08 | 11/25/2007 | 12/18/2007 |
| 71004A1 | Dec-08 | 12/10/2007 | 12/20/2007 |
| 71005A1 | Dec-08 | 12/10/2007 | 12/27/2007 |
| 80044A1 | Jan-08 | 1/16/2008 | 1/29/2008 |
| 80045A1 | Jan-08 | 1/17/2008 | 1/30/2008 |
| 80046A1 | Jan-08 | 1/18/2008 | 1/31/2008 |
| 80047A1 | Jan-08 | 1/19/2008 | 2/4/2008 |
| 80189A1 | Feb-08 | 2/29/2008 | 3/14/2008 |
| 80190A1 | Mar-08 | 3/1/2008 | 3/18/2008 |
| 80191A1 | Mar-08 | 3/3/2008 | 3/21/2008 |
| 80192A1 | Mar-08 | 3/4/2008 | 3/22/2008 |
| 80202A1 | Mar-08 | 3/6/2008 | 3/27/2008 |
| 80224A1 | Mar-08 | 3/14/2008 | 3/27/2008 |
| 80227A1 | Mar-08 | 3/17/2008 | 3/28/2008 |
| 60319A1 | Apr-08 | 4/8/2006 | 5/1/2006 |
| 60320A1 | Apr-08 | 4/10/2006 | 5/1/2006 |
| 60321A1 | Apr-08 | 4/11/2006 | 5/8/2006 |
| 60322A1 | Apr-08 | 4/11/2006 | 5/2/2006 |
| 60323A1 | May-08 | 5/30/2006 | 6/13/2006 |
| 60497A1 | May-08 | 5/30/2006 | 6/16/2006 |

17

| Packaged Batch # | Expiration Date | Manufacturing Date | Packaging Date |
|---|---|---|---|
| 60498A1 | May-08 | 5/31/2006 | 6/17/2006 |
| 60499A1 | Jun-08 | 6/1/2006 | 6/19/2006 |
| 60511A1 | Jun-08 | 6/5/2006 | 6/25/2006 |
| 60512A1 | Jun-08 | 6/5/2006 | 6/26/2006 |
| 60513A1 | Jun-08 | 6/6/2006 | 6/27/2007 |
| 60514A1 | Jun-08 | 6/9/2006 | 6/27/2006 |
| 60515A1 | Jun-08 | 6/10/2006 | 6/28/2006 |
| 60677A1 | Aug-08 | 8/1/2006 | 8/16/2006 |
| 60678A1 | Aug-08 | 8/2/2006 | 8/19/2006 |
| 60679A1 | Aug-08 | 8/2/2006 | 8/22/2006 |
| 60680A1 | Aug-08 | 8/3/2006 | 8/24/2006 |
| 60681A1 | Aug-08 | 8/4/2006 | 8/26/2006 |
| 60863A1 | Oct-08 | 10/4/2006 | 10/17/2006 |
| 60864A1 | Oct-08 | 10/4/2006 | 10/25/2006 |
| 60865A1 | Oct-08 | 10/5/2006 | 11 /1 /2006 |
| 61053A1 | Nov-08 | 11/30/2006 | 12/9/2006 |
| 61054A1 | Nov-08 | 12/1/2006 | 12/12/2006 |
| 61055A1 | Dec-08 | 12/3/2006 | 12/13/2006 |
| 61056A1 | Dec-08 | 12/10/2006 | 12/21/2006 |
| 61057A1 | Dec-08 | 12/11/2006 | 12/23/2006 |
| 61097A1 | Dec-08 | 12/12/2006 | 12/28/2006 |
| 61098A1 | Dec-08 | 12/14/2006 | 12/29/2006 |
| 61099A1 | Dec-08 | 12/20/2006 | 1/2/2007 |
| 61100A1 | Dec-08 | 12/21/2006 | 1/7/2007 |
| 61101A1 | Dec-08 | 12/22/2006 | 1/12/2007 |
| 61102A1 | Dec-08 | 12/27/2006 | 1/18/2007 |
| 61103A1 | Dec-08 | 12/28/2006 | 1/22/2007 |
| 61104A1 | Dec-08 | 12/29/2006 | 1/24/2007 |
| 70120A1 | Feb-08 | 2/5/2007 | 3/1/2007 |
| 70121A1 | Feb-08 | 2/6/2007 | 3/3/2007 |
| 70122A1 | Feb-08 | 2/7/2007 | 3/12/2007 |
| 70174A1 | Feb-08 | 2/26/2007 | 3/11/2007 |
| 70175A1 | Mar-08 | 3/2/2007 | 3/19/2007 |
| 70176A1 | Mar-08 | 3/3/2007 | 5/3/2007 |
| 70370A1 | May-08 | 5/1/2007 | 5/17/2007 |
| 70371A1 | May-08 | 5/2/2007 | 5/19/2007 |
| 70372A1 | May-08 | 5/3/2007 | 5/20/2007 |
| 70386A1 | May-08 | 5/4/2007 | 5/25/2007 |

| Packaged Batch # | Expiration Date | Manufacturing Date | Packaging Date |
|---|---|---|---|
| 70454A1 | Jun-08 | 6/1/2007 | 6/13/2007 |
| 70455A1 | Jun-08 | 6/2/2007 | 6/20/2007 |
| 70456A1 | Jun-08 | 6/4/2007 | 6/21/2007 |
| 70457A1 | Jun-08 | 6/10/2007 | 6/28/2007 |
| 70458A1 | Jun-08 | 6/11/2007 | 7/2/2007 |
| 70551A1 | Jul-08 | 7/5/2007 | 7/26/2007 |
| 70664A1 | Aug-08 | 8/7/2007 | 8/27/2007 |
| 70665A1 | Aug-08 | 8/8/2007 | 8/28/2007 |
| 70666A1 | Aug-08 | 8/9/2007 | 8/30/2007 |
| 70670A1 | Aug-08 | 8/10/2007 | 9/8/2007 |
| 70671A1 | Aug-08 | 8/16/2007 | 9/13/2007 |
| 70672A1 | Aug-08 | 8/20/2007 | 9/14/2007 |
| 70673A1 | Aug-08 | 8/21/2007 | 9/27/2007 |
| 70811A1 | Oct-08 | 10/5/2007 | 10/26/2007 |
| 70812A1 | Oct-08 | 10/6/2007 | 10/30/2007 |
| 70813A1 | Oct-08 | 10/15/2007 | 11/5/2007 |
| 70832A1 | Oct-08 | 10/16/2007 | 11/6/2007 |
| 70833A1 | Oct-08 | 10/17/2007 | 11/8/2007 |
| 70834A1 | Oct-08 | 10/18/2007 | 11/14/2007 |
| 70835A1 | Oct-08 | 10/20/2007 | 1/3/2008 |
| 70836A1 | Oct-08 | 10/22/2007 | 12/19/2007 |
| 71032A1 | Dec-08 | 12/16/2007 | 12/31/2007 |
| 71033A1 | Dec-08 | 12/19/2007 | 1/4/2008 |
| 71034A1 | Dec-08 | 12/20/2007 | 1/5/2008 |
| 71035A1 | Dec-08 | 12/29/2007 | 1/7/2008 |
| 71036A1 | Jan-08 | 1/2/2008 | 1/15/2008 |
| 71054A1 | Jan-08 | 1/9/2008 | 1/17/2008 |
| 80002A1 | Jan-08 | 1/10/2008 | 1/23/2008 |
| 80003A1 | Jan-08 | 1/11/2008 | 2/7/2008 |
| 80108A1 | Feb-08 | 2/4/2008 | 2/19/2008 |
| 80109A1 | Feb-08 | 2/5/2008 | 2/21/2008 |
| 80110A1 | Feb-08 | 2/6/2008 | 2/22/2008 |
| 80111A1 | Feb-08 | 2/8/2008 | 2/26/2008 |
| 80112A1 | Feb-08 | 2/9/2008 | 2/28/2008 |

The FDA was conducting a standard inspection of Actavis Totowa in 2008 regarding issues related validating transfer of manufacturing operations from the Little Falls facility to a

new facility. During that inspection, the FDA learned of circumstances involving Digitek®
Batch 70924A that occurred in late 2007 and early 2008. During manufacturing, Batch 70924A
was found to contain 20 tablets with approximately double the thickness of standard .125 mg
tablet of Digitek® manufactured according to specification. Upon rigorous inspection, all such
tablets were removed from Batch 70924 before final packaging and sale in 2008. Nevertheless,
after discussions with the FDA in 2008 regarding Batch 70924A and the inspection thereof, in
the context of the FDA's unrelated, ongoing inspection, Actavis Totowa decided to execute a
Class I recall of all lots of Digitek® on the market within expiration. The recall of Digitek® was
announced on April 25, 2008. To the best of Defendants' knowledge, none of the recalled
Digitek® was defective. As expressed in the recall notice, the Digitek® recall was initiated in an
abundance of caution by Actavis because of the possibility that tablets with approximately
double the thickness may have been released into the market.

See documents related to Batch 70924, previously produced (ACTAV 000002112 -
000003336), as well as April 25, 2008 Digitek® recall notice available at
[www.fda.gov/oc/po/firmrecalls/actavis04_08.html.

**INTERROGATORY NO. 10:**

Identify any governmental (including Congress) or regulatory investigation (including
foreign investigations) into your activities relating to Digitek® manufacture or distribution,
providing the following information:

a)     The name of the entity which is or has conducted the investigation; and

b)     The current status of the investigation.

**ANSWER:**

Defendants object to this Interrogatory because it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information from other governmental agencies that do not follow applicable U.S. laws and regulations, and thus do not operate under the same standards as the FDA. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the undefined term "investigation…into your activities." This Interrogatory is also overbroad in that it is not limited to a relevant time frame. Defendants also object to the extent this Interrogatory seeks information protected by the attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Defendants' response is limited to Digitek® manufactured and distributed in the United States as no Digitek® manufactured by Actavis Totowa was distributed outside of the United States. Defendants' Digitek® manufacturing activities have been examined in routine FDA regulatory inspections of Actavis Totowa's facilities, none of which were specifically aimed at Digitek®, but have not been the subject of any governmental or regulatory investigation.

**INTERROGATORY NO. 11:**

Identify all persons responsible for communicating with the FDA concerning Digitek® or any other drug manufactured at the Little Falls facility in the past five years and state their role within each of the respective Defendants' organization.

**ANSWER:**

21

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®.

Subject to the foregoing objections, Defendants respond as follows:

Phyllis Lambridis, Vice President, US Quality & Compliance – Actavis, Inc.
Jasmine Shah, Vice President, Regulatory Affairs
Jacob Haroon, Senior Director, Regulatory Affairs

## INTERROGATORY NO. 12:

Regarding the April, 2008 Class 1 nationwide recall of Digitek®, identify and describe in detail:

a) Each Defendant's involvement and/or role in the recall;

b) The person(s) within Defendants' organizations that were involved, directly or indirectly, in the decision to recall the Digitek®;

c) The person(s) responsible for making the final decision regarding the recall; and

d) Each fact relied upon by Defendants in the decision to recall Digitek®.

## ANSWER:

a) Actavis Elizabeth LLC was not involved in the manufacture, testing, distribution, or the sale if Digitek® in any way.  It had no involvement in the recall of Digitek®.  Certain executive employees of Actavis Inc. were involved in discussions regarding the recall.  Those persons obtained information from Actavis Totowa.

b) Phyllis Lambridis
Sigurdur Oli Olafsson
Robert Wessman
Divya Patel
John LaRocca

22

c) Phyllis Lambridis

d) Defendants object to this subpart because it is grossly overbroad. Subject to this objection, defendant Actavis Totowa responds as follows: See answer to Interrogatory No. 9.

## INTERROGATORY NO. 13:

Identify each and every person who participated in any action taken by you to learn or investigate why the Recalled Digitek® was manufactured, produced, processed, compounded, formulated, labeled, and packaged with inconsistent amounts of the approved dose of the active ingredient.

## ANSWER:

Defendants object to the extent this Interrogatory seeks information protected by the attorney-client privilege. Defendants also object to this Interrogatory because it assumes foundational facts that are not in evidence. This Interrogatory is also vague and confusing as written, and is particularly vague with respect to the undefined term "with inconsistent amounts of the approved dose of the active ingredient."

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: To the best of Defendants' knowledge, there is currently no evidence that any of the Recalled Digitek® had inconsistent, out of specification amounts of approved the dose of the active pharmaceutical ingredient and Defendants are unaware of any Recalled Digitek® with any amount of active pharmaceutical ingredient that was outside of the specifications set forth in the ANDA for Digitek®.

**INTERROGATORY NO. 14**:

With regard to any testing of Digitek® conducted post recall, provide the following:

      a)      Identify pills tested by Lot/Batch number;

      b)      Results of testing for all pills tested to include date of testing; and,

      c)      Identify the labs utilized for testing.

**ANSWER**:

Defendants also object to this Interrogatory because it assumes foundational facts that are not in evidence.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows:

      a)      None.

      b)      None.

      c)      None.

**INTERROGATORY NO. 15**:

With regard to non-conforming tablets observed in Lot 70924A, describe in detail how the pills were discovered.

**ANSWER**:

This Interrogatory is vague and confusing as written with respect to the undefined term "non-conforming tablets."

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: During the packaging phase for Batch 70924A, employees observed several tablets on the channel counter that appeared to be larger than typical Digitek® manufactured to specifications. The packaging operation was stopped, and employees conducted a preliminary inspection of other buckets of compressed Digitek® that had not yet been packaged. Subsequently, quality assurance employees conducted two separate, rigorous inspections of the entire batch. Any Digitek® that had already been packaged was unpackaged to conduct these inspections. The details of this process are set forth in records related to Batch 70924, previously produced on April 2, 2009 (See ACTAV 000002112 - 000003336).

**INTERROGATORY NO. 16:**

With regard to non-conforming tablets observed in Lot 70924A, identify the person in the Quality Control Unit that was in charge of inspecting the entire Lot after discovery of non-conforming pills, and describe in detail how the inspection proceeded.

**ANSWER:**

This Interrogatory is vague and confusing as written with respect to the undefined term "non-conforming tablets."

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: The person who was in charge of directing the inspection of the entire batch was Daniel Bitler. The initial part of the inspection consisted of spot checking various buckets of Digitek® that had not yet been packaged. Once several more out of specification tablets were found, the process was stopped and a formal inspection protocol was created. The entire batch was unpackaged and was subjected to a visual, tablet-by-tablet inspection by a team of employees. In total, 20 out of specification tablets were found.

The batch was then subjected to a "tightened AQL inspection." In this inspection the entire batch was subjected to a random test of 40 tablets from each of 33 full buckets, and 10 tablets from the partial 34th bucket. There were no additional out of specification tablets found during this inspection. The details concerning these inspections are set forth in the records relating to Batch 70924A, previously produced on April 2, 2009 (See (ACTAV 000002112 - 000003336).

**INTERROGATORY NO. 17:**

Identify any person, employee, manager, director or consultant that was "disciplined" for any reason, related to the manufacture, production, processing, compounding, testing, inspecting, labeling, packaging, marketing, advertising, distributing, selling, supplying and/or otherwise releasing Digitek® into the stream of commerce with more than the approved dose of the actual ingredient.

**ANSWER:**

Defendants object to this Interrogatory because it assumes foundational facts that are not in evidence. This Interrogatory is also vague and confusing as written with respect to the undefined term "more than the approved dose of the actual ingredient."

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: prior to the recall and the commencement of this litigation Defendants concluded that no Digitek® with more than the approved dose of actual ingredient was placed into the stream of commerce. To the best of Defendants' knowledge, there is currently no evidence of such release.

**INTERROGATORY NO. 18:**

Identify all drugs or other products manufactured at the Little Falls facility in the last five years.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Digitek® was manufactured at the Little Falls facility during the last five years. The identity of any other drug or product manufactured at the Little Falls facility during the last five years is beyond the scope of FRCP 26.

**INTERROGATORY NO. 19:**

Identify all drugs manufactured at the Little Falls facility that have had problems, irregularities or other issues concerning pill uniformity, pill strength or Good Manufacturing Practices of any kind in the past five years, including those mentioned in any FDA warning letters. For each drug identified, list and describe in detail any such problems or incidences.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®. Defendants also object to the extent this Interrogatory seeks information protected by the attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: See Digitek® Annual Reports and Annual Product Reviews for 2003-2007, previously produced (ACTAV 000005279 - 000006268). See also, information on FDA 483 forms relating to Digitek® which will be produced.

**INTERROGATORY NO. 20:**

Identify all recalls instituted in the last five years that involve drugs manufactured at the Little Falls facility. For each recall, state the date and reason for the recall, listing separately each fact replied upon by Defendants in each decision to recall.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®. Defendants also object to the extent this Interrogatory seeks information protected by the attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Digitek® was recalled April 25, 2008. Any recall of any product other than Digitek® is beyond the scope of FRCP 26.

**INTERROGATORY NO. 21:**

With regard to the closure of the Little Falls facility, identify and describe all facts relied upon by Defendants in the decision to close the facility and describe in detail all activities that took place in the facility after it was closed.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®. Defendants also object to the extent this Interrogatory seeks information protected by the attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Actavis Totowa did not close the Little Falls facility. Actavis Totowa decided to temporarily suspend manufacturing operations at the Little Falls facility.   The decision to suspend manufacturing operations was made after consultation with the FDA to allow the company to make modifications to the facility and to various aspects of the Company's manufacturing operations.  Neither the decision to suspend manufacturing operations nor the modifications the Company made to the facility and to its manufacturing operations were related to Digitek®.  Asking Defendants to "describe in detail all activities that took place in the facility after it closed" is grossly overbroad, has no relation to Digitek®, and seeks information that is beyond the scope of FRCP 26.

**INTERROGATORY NO. 22:**

Provide the name and address of any consultants you retained to advise on the closure of the Little Falls facility and describe the subject for which they were retained to consult.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®. Defendants also object to the extent this Interrogatory seeks information protected by the attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: The decision to suspend manufacturing operations at the Little Falls facility was not related to Digitek® or the manufacture of Digitek® and, as a result, this Interrogatory seeks information that is beyond the scope of FRCP 26. Further answering, Defendants did not retain any consultants to "advise on the closure of the Little Falls facility."

**INTERROGATORY NO. 23:**

State whether you have ever prevented any Digitek® tablets from entering the market due to tablets not containing the correct dosage or correct amount of active ingredient. If the answer to this Interrogatory is yes, for time you prevented Digitek® tablets from entering the market, please list:

      a)     The date you prevented the Digitek® tablets from entering the market;

      b)     The reason you prevented the Digitek® tablets from entering the market;

31

c)      Describe in detail how you determined that the Digitek® tablets were not suitable to be sold in the market.

**ANSWER:**

Defendants object to this Interrogatory because it is vague and confusing as written. Defendants also object to this Interrogatory because it is not limited to a relevant time frame, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Yes. In the course of regular operations, certain batches were rejected for a variety of reasons. See responses to Interrogatories #15 and 16. See also Digitek® Annual Product Reviews for 2003-2007, previously produced (ACTAV 000005279 - 000006568). The Annual Product Review for 2008 will be produced.

**INTERROGATORY NO. 24:**

State whether you have ever prevented any drugs other than Digitek® that were manufactured at the Little Falls facility from entering the market due to the drugs not containing the correct dosage or correct amount of active ingredient. If the answer to this Interrogatory is yes, for time you prevented Digitek® tablets from entering the market, please list:

a)      The name of the drug involved;

b)      The date you prevented the drug from entering the market;

c)      The reason you prevented the drug from entering the market;

    d)      Describe in detail how you determined that the drug was not suitable to be sold in the market.

**ANSWER:**

Defendants object to this Interrogatory because it is it is not limited to Digitek®, the only product at issue in this litigation, so it is overbroad and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not provide any information or produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek®. Defendants also object to the extent this Interrogatory seeks information protected by the attorney-client privilege.

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way.

**INTERROGATORY NO. 25:**

Give the names and addresses of all persons known to the party or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of any such statements.

**ANSWER:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. This Interrogatory is also vague and confusing with respect to the undefined term "facts of the case."

Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Interrogatory but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Defendants have not yet selected the witnesses who will testify at the trial of this matter.  Defendants will timely supplement this response prior to trial in compliance with the Court's pretrial orders.

**INTERROGATORY NO. 26:**

List the names, addresses and telephone numbers of any expert witnesses whom the party proposes to use as a witness at the trial of the case and for each, state in detail:

    (a)    his or her qualifications to testify;

    (b)    a detailed description of the subject matter on which each expert is expected to testify;

    (c)    a description of the facts on which each expert is expected to rely upon in testifying;

    (d)    set forth all opinions and conclusions to which each expert is expected to testify;

    (e)    set forth a summary of the grounds for each such opinion and conclusion;

    (f)    state whether any expert has conducted (or will conduct prior to trial) any investigation, inspection, examination and/or testing in connection with the issues involved in this suit and if so, the nature of such investigation, inspection, examination and/or testing, the results of same and the dates on which such work was performed;

    (g)    list the caption, jurisdiction and year of filing any suit in which said expert(s) has given court or deposition testimony in a case;

34

(h)     provide a list of all documents that such expert has reviewed and all documents such expert intends to rely upon, testify to, reference or otherwise explain during the course of any testimony to be provided in this case; and

(i)     provide the amounts of all sums paid by you to each expert for work on this case and an overall total paid to such expert or his company at anytime for work done on any case.

**ANSWER:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to the foregoing objections, Defendants respond as follows: Defendants have not yet selected the witnesses who will testify at trial.   Defendants will timely supplement this response prior to trial in compliance with the Court's pretrial orders.

ALLEN GUTHRIE McHUGH &             TUCKER ELLIS & WEST LLP
THOMAS, PLLC

By: _Rebecca A. Betts by pen_          By: _/s/ Richard A. Dean_
Rebecca A. Betts, LIAISON               Richard A. Dean (Ohio Bar #0013165),
COUNSEL                                 CO-LEAD COUNSEL
500 Lee Street East, Suite 800          Matthew P. Moriarty (WV Bar # 4571;
Charleston, West Virginia 25301         Ohio Bar 0028389),
Tel:     (304) 345-7250                 CO-LEAD COUNSEL
Fax:     (304) 345-9941                 Kristen L. Mayer (Ohio Bar #0055505)
E-mail:  rabetts@agmtlaw.com            925 Euclid Avenue, Suite 1150
                                        Cleveland, Oh  44115-1414
                                        Tel:    (216) 592-5000
                                        Fax:    (216) 592-5009
                                        E-mail:richard.dean@tuckerellis.com
                                                matthew.moriarty@tuckerellis.com
                                                kristen.mayer@tuckerellis.com

*Attorneys for Defendants*
*Actavis Totowa LLC, Actavis Inc. and Actavis Elizabeth LLC*

35

## VERIFICATION

STATE OF New Jersey )
                  )   ss:
COUNTY OF UNION )

Chris Young, being duly sworn, deposes and says:

     I am the Managing Director of Operations of Actavis Totowa, LLC, a defendant in this action. The foregoing answers to Plaintiffs' First Set Interrogatories Directed to Defendants were prepared with the advice of counsel for Defendants, upon whose advice Defendants and I relied. Further, it was necessary to obtain information to prepare the responses from various sources, including Defendants' personnel and records. Subject to these qualifications, the foregoing responses are true and correct to the best of my knowledge, information and belief.

CHRIS YOUNG

Sworn to and subscribed
before me this _22nd_ day
of May, 2009

Notary Public

KATHLEEN F. KONOPS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 12/0/2010

imanage\073021.00003\\1049796.1-RAD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK®

PRODUCT LIABILITY LITIGATION                    MDL NO. 1968

THIS DOCUMENT RELATES TO ALL

CASES

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2009, I served "Answers of Defendants Actavis Inc.,

Actavis Totowa LLC and Actavis Elizabeth LLC to Plaintiffs' First Set of Interrogatories

Directed to Defendants" via regular United States mail and electronic mail, upon Plaintiffs'

Steering Committee, addressed as follows:

Andres F. Alonso, Esq.
Parker, Waichman, Alonso LLP
111 Great Neck Road
Great Neck, NY 11021
Tel: (516) 466-6500
Fax: (516) 466-6665
aalonso@yourlawyer.com

K. Camp Bailey, Esq.
Bailey Perrin Bailey
440 Louisiana Street, Suite 2100
Houston, TX 77002-4206
Tel: (713) 425-7232
Fax: (713) 425-7101
cbailey@bpblaw.com

Lester L. Levy, Esq.
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093
llevy@wolfpopper.com

Peter A. Miller, Esq.
The Miller Firm LLC
The Sherman Bldg.
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
pmiller@doctoratlaw.com

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P.O. Box 1723
Charleston, WV 25326
Tel: (304) 345-1700
Fax: (304) 345-1715
hfbell@belllaw.com

Robert J. Binstock, Esq.
Reich & Binstock
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (713) 622-7271
Fax: (713) 623-8724
bbinstock@rbfirm.net

Robert Blanchard, Esq.
Levin, Papantonio, Thomas, Mitchell,
   Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7095
Fax: (859) 435-6034
rblanchard@levinlaw.com

Ed Blizzard, Esq.
Blizzard, McCarthy & Nabers LLC
440 Louisiana, Suite 1710
Houston, TX 77002
Tel: (713) 844-2750
Fax: (713) 844-3755
eblizzard@blizzardlaw.com

John R. Climaco, Esq.
Claimaco, Lefkowitz, Peca, Wilxcox &
   Garofoli Co., LPA
55 Public Square, Suite 1950
Cleveland, OH 44113
Tel: (216) 621-8484
Fax: (216) 771-1632
jrclim@climacolaw.com

Ashley L. Ownby, Esq.
180 North Ocoee Street
P.O. Box 176
Chattanooga, TN 37364-0176
Tel: (423) 479-1324
Fax: (423) 472-6627
ashleyownby@ashleyownby.com

David M. Peterson, Esq.
Peterson & Associates, P.C.
Park Plaza Building
801 West 47th Street, Suite 107
Kansas City, MO 64112-1253
Tel: (816) 531-4440
Fax: (816) 531-0660
dmp@petersonlawfirm.com

Frank Mario Pitre, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
fpitre@comlegal.com

G. Erick Rosemond, Esq.
Hissey Kientz, L.L.P.
9442 Capital of Texas Highway N., Suite 400
Austin, TX 78759
Tel: (512) 320-9100
Fax: (512) 320-9101
erosemond@hkllp.com

Shelly A. Sanford, Esq.
Sanford Pinedo LLP
2016 Bissonnet Street
Houston, TX 77005-1647
Tel: (713) 524-6677
Fax: (713) 524-6611
ssanford@sanfordpinedo.com

C. Brooks Cutter, Esq.
Kershaw, Cutter & Ratinoff LLP
401 Watt Avenue
Sacramento, CA 95864
Tel: (916) 448-9800
Fax: (916) 669-4499
bcutter@kcrlegal.com

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
Tel: (304) 723-4400
Fax: (304) 723-5892
carln@facslaw.com

Daniel N. Gallucci, Esq.
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601
Tel: (717) 892-3000
Fax: (717) 892-1200
dgallucci@rodanast.com

Stacy K. Hauer, Esq.
Zimmerman Reed
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402-4123
Tel: (612) 341-0400
Fax: (612) 341-0844
skh@zimmreed.com

J. Paul Sizemore, Esq.
Giardi Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
Tel: (213) 977-0211
Fax: (213) 481-1554
psizemore@girardikeese.com

Fred Thompson, III, Esq.
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC 29466
Tel: (843) 216-9000
Fax: (843) 216-9450
fthompson@motleyrice.com

Teresa Toriseva, Esq. (Chairperson)
Toriseva Law
1446 National Road
Wheeling, WV 26003
Tel: (304) 238-0066
Fax: (304) 238-0149
tct@torisevalaw.com

Scott Wm. Weinstein, Esq.
Morgan & Morgan, P.A.
12800 University Drive, Suite 600
P.O. Box 9504
Fort Myers, FL 33906
Tel: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

REBECCA A. BETTS (WVSB # 929)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street East, Suite 800
P. O. Box 3394
Charleston, WV 25333-3394
(304) 345-7250
(304) 345-9941
rabbets@agmtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK®

PRODUCT LIABILITY LITIGATION                     MDL NO. 1968

THIS DOCUMENT RELATES TO ALL

CASES

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2009, I served "Answers of Defendants Actavis Inc.,
Actavis Totowa LLC and Actavis Elizabeth LLC to Plaintiffs' First Set of Interrogatories
Directed to Defendants" via regular United States mail and electronic mail, upon Plaintiffs'
Steering Committee, addressed as follows:

Andres F. Alonso, Esq.
Parker, Waichman, Alonso LLP
111 Great Neck Road
Great Neck, NY 11021
Tel: (516) 466-6500
Fax: (516) 466-6665
aalonso@yourlawyer.com

K. Camp Bailey, Esq.
Bailey Perrin Bailey
440 Louisiana Street, Suite 2100
Houston, TX 77002-4206
Tel: (713) 425-7232
Fax: (713) 425-7101
cbailey@bpblaw.com

Lester L. Levy, Esq.
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093
llevy@wolfpopper.com

Peter A. Miller, Esq.
The Miller Firm LLC
The Sherman Bldg.
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
pmiller@doctoratlaw.com

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P.O. Box 1723
Charleston, WV 25326
Tel: (304) 345-1700
Fax: (304) 345-1715
hfbell@belllaw.com

Robert J. Binstock, Esq.
Reich & Binstock
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (713) 622-7271
Fax: (713) 623-8724
bbinstock@rbfirm.net

Robert Blanchard, Esq.
Levin, Papantonio, Thomas, Mitchell,
  Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7095
Fax: (859) 435-6034
rblanchard@levinlaw.com

Ed Blizzard, Esq.
Blizzard, McCarthy & Nabers LLC
440 Louisiana, Suite 1710
Houston, TX 77002
Tel: (713) 844-2750
Fax: (713) 844-3755
eblizzard@blizzardlaw.com

John R. Climaco, Esq.
Claimaco, Lefkowitz, Peca, Wilxcox &
  Garofoli Co., LPA
55 Public Square, Suite 1950
Cleveland, OH 44113
Tel: (216) 621-8484
Fax: (216) 771-1632
jrclim@climacolaw.com

Ashley L. Ownby, Esq.
180 North Ocoee Street
P.O. Box 176
Chattanooga, TN 37364-0176
Tel: (423) 479-1324
Fax: (423) 472-6627
ashleyownby@ashleyownby.com

David M. Peterson, Esq.
Peterson & Associates, P.C.
Park Plaza Building
801 West 47th Street, Suite 107
Kansas City, MO 64112-1253
Tel: (816) 531-4440
Fax: (816) 531-0660
dmp@petersonlawfirm.com

Frank Mario Pitre, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
fpitre@comlegal.com

G. Erick Rosemond, Esq.
Hissey Kientz, L.L.P.
9442 Capital of Texas Highway N., Suite 400
Austin, TX 78759
Tel: (512) 320-9100
Fax: (512) 320-9101
erosemond@hkllp.com

Shelly A. Sanford, Esq.
Sanford Pinedo LLP
2016 Bissonnet Street
Houston, TX 77005-1647
Tel: (713) 524-6677
Fax: (713) 524-6611
ssanford@sanfordpinedo.com

C. Brooks Cutter, Esq.
Kershaw, Cutter & Ratinoff LLP
401 Watt Avenue
Sacramento, CA 95864
Tel: (916) 448-9800
Fax: (916) 669-4499
bcutter@kcrlegal.com

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
Tel: (304) 723-4400
Fax: (304) 723-5892
carln@facslaw.com

Daniel N. Gallucci, Esq.
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601
Tel: (717) 892-3000
Fax: (717) 892-1200
dgallucci@rodanast.com

Stacy K. Hauer, Esq.
Zimmerman Reed
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402-4123
Tel: (612) 341-0400
Fax: (612) 341-0844
skh@zimmreed.com

J. Paul Sizemore, Esq.
Giardi Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
Tel: (213) 977-0211
Fax: (213) 481-1554
psizemore@girardikeese.com

Fred Thompson, III, Esq.
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC 29466
Tel: (843) 216-9000
Fax: (843) 216-9450
fthompson@motleyrice.com

Teresa Toriseva, Esq. (Chairperson)
Toriseva Law
1446 National Road
Wheeling, WV 26003
Tel: (304) 238-0066
Fax: (304) 238-0149
tct@torisevalaw.com

Scott Wm. Weinstein, Esq.
Morgan & Morgan, P.A.
12800 University Drive, Suite 600
P.O. Box 9504
Fort Myers, FL 33906
Tel: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

*Rebecca A. Betts by pea*
REBECCA A. BETTS (WVSB # 529)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street East, Suite 800
P. O. Box 3394
Charleston, WV 25333-3394
(304) 345-7250
(304) 345-9941
rabbets@agmtlaw.com