# MOTION EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY

LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

### AFFIDAVIT OF MATTHEW P. MORIARTY

STATE OF OHIO    )
                 ) SS
COUNTY OF CUYAHOGA )

Matthew Moriarty, being first duly sworn upon oath, deposes and states as follows:

1. My name is Matthew P. Moriarty. I am an attorney licensed to practice law in the states of West Virginia, Ohio and Florida. I am co-lead counsel with Richard A. Dean for the Actavis Defendants in the Digitek MDL.

2. Jasmine Shah is a former employee of Actavis.

3. The Plaintiffs' Steering Committee had earlier notified us that they wanted to depose Mr. Shah. We notified the PSC that he was no longer an employee, and while we would help facilitate the arrangements for the deposition if we could, we would not be direct counsel for the witness. The PSC subsequently issued a subpoena for Mr. Shah's deposition to take place on February 15, 2010. The date was set without consultation with any lawyers for the Actavis Defendants.

4. On February 2, 2010, Mr. Dean and I were contacted by Jack Vales, counsel for Mr. Shah. Mr. Vales has had no prior contact with the Digitek® litigation.

5. Mr. Vales indicated to us that because of his own need to review documents and understand the Digitek® litigation, as well as Mr. Shah's business and travel schedule, they were not ready or available to proceed with the deposition on the date unilaterally set by the Plaintiffs. Mr. Vales also told us that he had contacted Edward Blizzard, the PSC lawyer who issued the subpoena, and was told that they would not change the date of the deposition.

6. On Tuesday, February 2, 2010, we had a meet and confer with members of the PSC about the agenda for the upcoming case management conference. At the time of that meet and confer, I did not know about this dispute over the Jasmine Shah deposition date.

7. When I learned about the dispute later that afternoon, I sent an e-mail to the PSC leadership, with a copy to Mr. Blizzard, formally asking them to reschedule the Jasmine Shah deposition. My e-mail is attached to this Affidavit as Exhibit A.

8. Mr. Thompson replied the next morning on behalf of the PSC, but was equivocal about changing the date. I promptly replied to his e-mail, again sending a copy to Mr. Blizzard. This e-mail exchange is attached as Exhibit B.

9. I made another overture towards the PSC late the afternoon of Thursday, February 4, 2010. On February 5, 2010, Mr. Thompson replied, confirming that Plaintiffs would not agree to reschedule Mr. Shah's deposition. There was on further exchange between us on February 5, 2010 and those exchanges in this paragraph are attached as Exhibit C.

Further affiant sayeth not.

_____
Matthew P. Moriarty

Subscribed and sworn to before me
This ___ day of February, 2010
_____
Notary Public

**CAROL QUILLIN**
Notary Public, State of Ohio
My Commission Expires
March 12, 2014

# EXHIBIT A

### Langelier, Kimberly J.

**From:** Dean, Richard
**Sent:** Thursday, February 04, 2010 5:25 PM
**To:** Love, Avril G.
**Subject:** FW: J. Shah dispute

---

**From:** Moriarty, Matthew
**Sent:** Wednesday, February 03, 2010 11:12 AM
**To:** Thompson, Fred
**Cc:** eblizzard@blizzardlaw.com; Dean, Richard
**Subject:** RE: J. Shah dispute

Fred,

Dick Dean has told you in the past that we- TEW- are not counsel for these individual witnesses. We serve two roles- counsel for Actavis (former employer of witnesses), and as co leads in this MDL. There is no legal or ethical impediment to us aiding in the prep of witnesses who are going to be asked about what they did or did not do when they were employed by our client. And even with witnesses whom you have had to subpoena there has been general co-operation on the scheduling.

I approached you yesterday as co lead counsel in the MDL. You and I have a working relationship borne of our roles as co-leads. I thought this issue was one for determination or discussion at that level. If you or Ed prefer to deal directly and exclusively with Mr. Vales, who approached TEW about scheduling issues, then go right ahead.

Please let me know if PSC and TEW are going to resolve this, or if Ed and Jack Vales are going to. If it is not resolved to accommodate the witness- the person who has the conflict no matter who represents him- then Mr. Vales and I will decide who gets the honor of filing the motion to quash and/or for protective order. I am really unclear about why we are fighting about this.

Matt

---

**From:** Thompson, Fred [mailto:fthompson@motleyrice.com]
**Sent:** Wednesday, February 03, 2010 10:47 AM
**To:** Moriarty, Matthew
**Cc:** eblizzard@blizzardlaw.com
**Subject:** RE: J. Shah dispute

Matt
yes, scheduling has gone forward in a straightforward manner for those persons for whom Actavis has indicated it will produce, but i believe Mr. Shah falls into the category of persons whom Actavis has declined to produce and for whom we have been directed to resort to the rules of procedure to procure without the assistance of Actavis

Ed Blizzard learned that Actavis selected and is paying Shah's counsel and that Actavis lawyers will be involved in the prep. He agreed to move the depo if Vales needed to review docs and get up to speed and Actavis lawyers were not going to be substantially involved in the prep. But if in fact, this is a prep essentially done by Actavis I see no reason for additional time.

.now, having at expense and labor achieved a legally enforceable right to compel Mr. Shah's presence at a

specified date and time by service of a subpoena, Actavis has appeared to invoke concepts of comity and accommodation with regard to this non-party witness...well, the question is: are you Mr. Shah's counsel, or are you not? ...if you are, then we will certainly work with you as we always have, and we will look to you for your kind assistance in obtaining the presence of other persons who were in control positions at some time but are no longer in employment....but if you are not, and intend to lurk at the edges of representation, invoking it selectively to delay the orderly operation of the rules of civil procedure, then we intend to meet the deposition at the only legally enforceable date and time noticed

fred

**Fred Thompson, III** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | fthompson@motleyrice.com
**o.** 843.216.9118 | **c.** 843.834.0120 | **f.** 843.216.9450

---

**From:** Moriarty, Matthew [mailto:Matthew.Moriarty@TuckerEllis.com]
**Sent:** Tuesday, February 02, 2010 3:52 PM
**To:** Thompson, Fred; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** Dean, Richard; Downie, Ericka L. (SHB); Rebecca Betts; eblizzard@blizzardlaw.com; Vales, John
**Subject:** J. Shah dispute

Dear Counsel,

I wish this issue had come to my attention before our 1:00 p.m. meeting.

The PSC unilaterally chose a date for the Jasmine Shah deposition, and issued a subpoena. Mr. Shah has his own lawyer. Between the travel schedule of Mr. Shah, and his lawyer's need to get up to speed on the issues and documents, the existing deposition date is unworkable. It is my understanding that the lawyer- Jack Vales- called Ed Blizzard, asked for new dates, and was told "no."

I believe this is, in the first instance, an issue for defense and PSC leadership to resolve, if we can. Therefore, we request that the PSC continue the Shah deposition until a later, agreeable date, recognizing that it may not be until March. I note three things about this: first, scheduling has, so far, gone smoothly, and Actavis has not delayed producing witnesses; second, PTO #22 clearly anticipates some flexibility in these circumstances; and third, based on our knowledge of how the Court has dealt with other issues in this litigation, the equities are on our side if we have to file a motion for protective order.

Let's try to resolve this promptly, because we will file the motion before 2/11 if necessary. Thank you.

Matthew P. Moriarty
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414
Phone: 216-696-2276
Facsimile: 216-592-5009

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies-- electronic, paper or otherwise--which you may have of this communication.

2/8/2010

# EXHIBIT B

### Langelier, Kimberly J.

| | |
|---|---|
| **From:** | Moriarty, Matthew |
| **Sent:** | Friday, February 05, 2010 1:28 PM |
| **To:** | 'Thompson, Fred'; 'Johnson Carter, Meghan'; 'Carl N. Frankovitch'; 'Harry F. Bell' |
| **Cc:** | 'David Thomas'; 'Downie, Ericka L. (SHB)'; 'Rebecca Betts'; Dean, Richard; 'eblizzard@blizzardlaw.com' |
| **Subject:** | RE: two matters |

Fred,

2) This is a little difficult for me to deal with the way you have phrased it. I am aware of a dispute over Mr. Kelch's deposition, but a lot of new records have come to light. The issue on the table, however, is an extension of the deadline, not whether we have a right to redepose him (or anyone else). I see that as a separate issue. I will need more specific guidance so I know whether I have to file a motion to extend before mid next week.

1) I believe our position has been clear and consistent. We/TEW are not counsel to each former employee witness. We have always offered to contact them and facilitate logistics, but you knew you had to subpoena them. Some have chosen to have their own lawyers present, and some have not. When they do not, it usually falls to us to carry the logistical load. We are not hiding behind any curtains. When people like Dan Bitler and Scot Talbot were asked if they met with us, they told you yes. A lawyer unfamiliar with what has happened in the 18 months of this litigation steps in, and is justifiably asking for some information so he and his client can be ready. We can supply him information. We can even talk with the witness, if he/she is willing. You intend to ask questions about what happened <u>when they were employees.</u> Besides, schedules should be respected under PTO #22, no matter who represents the witness.

Your PSC's position, in my view, is strikingly unreasonable, and out of character. I am sure you will recall the old song..."There's something happenin' here. What it is ain't exactly clear...There's battle lines bein' drawn...." We will just prepare our motion or letter to Judge Stanley. Maybe it will all become clear to me next week.

Matt Moriarty

---

**From:** Thompson, Fred [mailto:fthompson@motleyrice.com]
**Sent:** Friday, February 05, 2010 1:02 PM
**To:** Moriarty, Matthew; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** David Thomas; Downie, Ericka L. (SHB); Rebecca Betts; Dean, Richard; eblizzard@blizzardlaw.com
**Subject:** RE: two matters

1. we are happy to extend courtesies to Actavis where you represent a former employee ; but it is unacceptable for you to play "hide behind the curtain" while we seek compulsion of a third party witness, only to then jump out and claim to represent the person---you need to work with us in scheduling these witnesses with whom you clearly have ongoing control  for acceptable dates and times.. if this solution is not acceptable, and needs to be before the court for addressing, then we will be ready...Dick has already front run me on this issue and i appreciate his assistance on Sherwani

2.I have had a chance to talk to Ed while he is enroute to TX and he advises that he is reaching an accommodation on extensions to address the several untaken depositions. I am advised that he remains opposed to retaking depositions and the PSC will stand with him on opposition to retaking depositions...
fred

**Fred Thompson, III** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | fthompson@motleyrice.com
**o.** 843.216.9118 | **c.** 843.834.0120 | **f.** 843.216.9450

2/8/2010

**From:** Moriarty, Matthew [mailto:Matthew.Moriarty@TuckerEllis.com]
**Sent:** Thursday, February 04, 2010 4:36 PM
**To:** Thompson, Fred; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** David Thomas; Downie, Ericka L. (SHB); Rebecca Betts; Dean, Richard; eblizzard@blizzardlaw.com
**Subject:** two matters

Dear Counsel,

There are two matters on which we are expecting some response promptly.

1. Our request to the PSC on behalf of Jasmine Shah and his lawyer for a change in the deposition date.
2. Our request to Mr. Blizzard in Kelch for an extension of the discovery deadline.

Both of these may impact on the agenda for 2/11, and if not resolved may require motion practice. Thank you.

Matthew P. Moriarty
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414
Phone: 216-696-2276
Facsimile: 216-592-5009

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies-- electronic, paper or otherwise--which you may have of this communication.

2/8/2010

# EXHIBIT C

## Moriarty, Matthew

**From:** Thompson, Fred [fthompson@motleyrice.com]
**Sent:** Friday, February 05, 2010 5:26 PM
**To:** Moriarty, Matthew; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** David Thomas; Downie, Ericka L. (SHB); Rebecca Betts; Dean, Richard; eblizzard@blizzardlaw.com
**Subject:** RE: two matters

the attorney who contacted Ed Blizzard, as i understand it--and i am subject to hearsay rules here, identified that he was being paid by Actavis and intended that Actavis was going to be involved in vetting/prepping the witness, which makes him, in my view, a lawyer on the Actavis team. and which in my view demonstrates a quite strong control over the witness....i have made it clear that we intend to extend courtesies to you to reschedule to meet your schedules and to accommodate your requests, and we will, but my point is, i believe, quite clear and consistent, and strikingly reasonable---where it is your plan to appear, to pay legal fees, and to involve yourself in prep or whatever of independent witnesses who have been key control employees of your company, then you should at the first instance work with us in scheduling and procuring the witnesses to expedite these depositions instead of waiting to see if we can track these folks down and get them under legal compulsion only then to appear and to make demands relating to date and time issues...

And as i alluded, Dick is engaged in correspondence with us where we are doing exactly that and i appreciate the cooperation.

**Fred Thompson, III** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | fthompson@motleyrice.com
**o.** 843.216.9118 | **c.** 843.834.0120 | **f.** 843.216.9450

---

**From:** Moriarty, Matthew [mailto:Matthew.Moriarty@TuckerEllis.com]
**Sent:** Friday, February 05, 2010 1:28 PM
**To:** Thompson, Fred; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** David Thomas; Downie, Ericka L. (SHB); Rebecca Betts; Dean, Richard; eblizzard@blizzardlaw.com
**Subject:** RE: two matters

Fred,

2) This is a little difficult for me to deal with the way you have phrased it. I am aware of a dispute over Mr. Kelch's deposition, but a lot of new records have come to light. The issue on the table, however, is an extension of the deadline, not whether we have a right to redepose him (or anyone else). I see that as a separate issue. I will need more specific guidance so I know whether I have to file a motion to extend before mid next week.

1) I believe our position has been clear and consistent. We/TEW are not counsel to each former employee witness. We have always offered to contact them and facilitate logistics, but you knew you had to subpoena them. Some have chosen to have their own lawyers present, and some have not. When they do not, it usually falls to us to carry the logistical load. We are not hiding behind any curtains. When people like Dan Bitler and Scot Talbot were asked if they met with us, they told you yes. A lawyer unfamiliar with what has happened in the 18 months of this litigation steps in, and is justifiably asking for some information so he and his client can be ready. We can supply him information. We can even talk with the witness, if he/she is willing. You intend to ask questions about what happened <u>when they were employees.</u> Besides, schedules should be respected under PTO #22, no matter

who represents the witness.

Your PSC's position, in my view, is strikingly unreasonable, and out of character. I am sure you will recall the old song..."There's something happenin' here. What it is ain't exactly clear...There's battle lines bein' drawn...." We will just prepare our motion or letter to Judge Stanley. Maybe it will all become clear to me next week.

Matt Moriarty

---

**From:** Thompson, Fred [mailto:fthompson@motleyrice.com]
**Sent:** Friday, February 05, 2010 1:02 PM
**To:** Moriarty, Matthew; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** David Thomas; Downie, Ericka L. (SHB); Rebecca Betts; Dean, Richard; eblizzard@blizzardlaw.com
**Subject:** RE: two matters

1. we are happy to extend courtesies to Actavis where you represent a former employee ; but it is unacceptable for you to play "hide behind the curtain" while we seek compulsion of a third party witness, only to then jump out and claim to represent the person---you need to work with us in scheduling these witnesses with whom you clearly have ongoing control  for acceptable dates and times.. if this solution is not acceptable, and needs to be before the court for addressing, then we will be ready...Dick has already front run me on this issue and i appreciate his assistance on Sherwani

2.I have had a chance to talk to Ed while he is enroute to TX and he advises that he is reaching an accommodation on extensions to address the several untaken depositions. I am advised that he remains opposed to retaking depositions and the PSC will stand with him on opposition to retaking depositions...
fred

**Fred Thompson, III** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | fthompson@motleyrice.com
**o.** 843.216.9118 | **c.** 843.834.0120 | **f.** 843.216.9450

---

**From:** Moriarty, Matthew [mailto:Matthew.Moriarty@TuckerEllis.com]
**Sent:** Thursday, February 04, 2010 4:36 PM
**To:** Thompson, Fred; Johnson Carter, Meghan; Carl N. Frankovitch; Harry F. Bell
**Cc:** David Thomas; Downie, Ericka L. (SHB); Rebecca Betts; Dean, Richard; eblizzard@blizzardlaw.com
**Subject:** two matters

Dear Counsel,

There are two matters on which we are expecting some response  promptly.

1. Our request to the PSC on behalf of Jasmine Shah and his lawyer for a change in the deposition date.
2. Our request to Mr. Blizzard in Kelch for an extension of the discovery deadline.

Both of these may impact on the agenda for 2/11, and if not resolved may require motion practice. Thank you.

Matthew P. Moriarty
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414
Phone: 216-696-2276

2/8/2010