## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
              LITIGATION                                  MDL NO. 1968

**THIS DOCUMENT RELATES TO ALL CASES**

### MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Non-Party Witness Jasmine Shah submits the following Memorandum of Law in support of his motion for a protective order requiring Plaintiffs' counsel to reschedule Mr. Shah's deposition at a mutually convenient date.

## I.      FACTUAL BACKGROUND

Mr. Shah Has A Busy Travel Schedule

Mr. Shah has been subpoenaed because he was a Vice President at Actavis before he left the company in 2008.  Mr. Shah is presently the Vice President for Research and Development with Alvogen, Inc., an unrelated company.  (*See* Motion Exhibit 1.)  In that capacity, Mr. Shah has a busy travel schedule.  He currently has arrangements to be out of the office on (i) February 2-5, 2010, (ii) February 8-9, 2010, (iii) February 11, 2010, (iv) March 1-12, 2010, and (v) April 8-18, 2010.  *Id.*

On January 13, 2010, Plaintiffs' counsel Ed Blizzard issued a subpoena and notice to take the videotaped oral deposition of Jasmine Shah (hereinafter, "Subpoena"), which was filed with the Court on the same day.  (*See* Doc. 274.)  The Subpoena notices the videotaped deposition of Mr. Shah to occur on February 15, 2010, President's Day.  This date was set unilaterally by Plaintiffs' counsel without consulting Mr. Shah (or defense counsel for Actavis).

<u>Mr. Shah Promptly Engaged Counsel To Represent Him At His Deposition</u>

On or about January 19, 2010, Actavis Inc.'s Director of Litigation and In-House Counsel, John Duff, contacted the undersigned counsel ("Counsel") to make a preliminary inquiry as to this firm's interest in serving as independent counsel to Mr. Shah in connection with the Subpoena. (*See* Motion Exhibit 1.)  Mr. Shah confirmed his interest in having this firm serve as his independent counsel by January 25, 2010. *Id.*  Mr. Shah first spoke over the phone with Counsel on January 27, 2010 to discuss this firm's engagement as his independent counsel. *Id.*  That same day, this firm emailed Mr. Shah an engagement letter, providing in part that this firm shall act as independent counsel to Mr. Shah and that Actavis shall pay this firm's bills, and seeks Mr. Shah's informed consent to this arrangement pursuant to Rule 1.8(f) of the New Jersey Rules of Professional Conduct. *Id.*  Mr. Shah approved this firm's engagement as his independent counsel on February 1, 2010. *Id.*

<u>Mr. Shah and Counsel Do Not Have Reasonable Time To Prepare</u>

On February 1, 2010 – the same day as Counsel's engagement in this matter – Counsel determined that there was not sufficient time to prepare Mr. Shah for a deposition to occur on February 15, 2010. *Id.*  First, this firm has had no prior involvement in any Digitek® litigation. Counsel's firm does not have an existing attorney-client relationship with Actavis. *Id.*  Until receipt of the Subpoena on February 2, 2010, Counsel had not seen any pleadings in this case, nor had Counsel discussed any of the substantive issues in the case with anyone. *Id.*  Second, due to the complexity of the issues in this case and Counsel's obligation to thoroughly prepare Mr. Shah for his deposition, Counsel must have reasonable time to prepare both himself and Mr. Shah.  Third, due to Mr. Shah's busy travel schedule, he will not be able to meet in person with

Counsel until the afternoon of February 10, 2010, at which time they expect to discuss the substance of the case for the first time.  *Id.*

<u>Plaintiffs' Counsel Rebuffed Mr. Shah's Immediate Request For Scheduling Relief</u>

On February 1, 2010, Counsel contacted an attorney with the Motley Rice firm, Meghan Johnson Carter, and requested her agreement to a reasonable adjournment of Mr. Shah's deposition to a later date.  *Id.*  In response, Ms. Carter informed that she would consult with her colleagues on the matter.  *Id.*  The following day, February 2, 2010, Counsel received a phone call from Edward Blizzard, a Houston, Texas attorney who informed that he planned to take Mr. Shah's deposition.  *Id.*  Mr. Blizzard indicated that he was calling in response to Counsel's phone call with Ms. Carter.  *Id.*

Mr. Blizzard stated that he was not inclined to grant Mr. Shah's request for an adjournment of his deposition and intended to take Mr. Shah's deposition as noticed.  *Id.*  He further demanded to know about Actavis' involvement in engaging this firm as counsel to Mr. Shah, in paying Mr. Shah's legal bills, and in preparing for Mr. Shah's deposition.  *Id.*  Counsel advised Mr. Blizzard that (i) Actavis did indeed request that this firm act as independent counsel to Mr. Shah, (ii) Actavis did intend to pay this firm's bills issued in connection with the work for Mr. Shah, (iii) Actavis' attorneys would have some involvement in assisting Counsel in the preparations for Mr. Shah's deposition, and (iv) Counsel has a professional obligation as an attorney to properly prepare Mr. Shah for his deposition.  *Id.*

Counsel further informed Mr. Blizzard that it was the custom and practice among attorneys in New Jersey to agree to reasonable requests for adjournments.  *Id.*  Counsel respectfully requested Mr. Blizzard's agreement to an adjournment here for the reasons noted

above and particularly since the deposition discovery completion date had been extended to June 2010. *Id.*

In response, Mr. Blizzard explained that he would not agree to an extension because it sounded as if Actavis' attorneys would have substantial involvement in preparing Mr. Shah for his deposition. *Id.* Taken aback by Mr. Blizzard's position, Counsel again reiterated Mr. Shah's request for a reasonable adjournment and informed Mr. Blizzard that Counsel would file a motion if necessary to protect Mr. Shah's interests. *Id.* Mr. Blizzard, however, again denied the request. *Id.*

<u>Additional Efforts Undertaken to Reach a Consensual Resolution Have Failed</u>

After the telephone conversation with Mr. Blizzard, Counsel requested that Actavis' lead counsel at Tucker Ellis & West, LLP approach Plaintiffs' counsel for an agreement to move back the date of Mr. Shah's deposition. *Id.* On February 2, 2010, Matt Moriarty of Tucker Ellis emailed Fred Thompson, a partner with the Motley Rice firm, with a copy to Mr. Blizzard, seeking their agreement to an adjournment. *(See* Motion Exhibit 2.) A series of emails followed, but these efforts also proved unsuccessful. *Id.* Fred Thompson advised by e-mail dated February 3, 2010 that since it appeared Actavis would be "substantially involved" in the preparation of Mr. Shah for his deposition, the deposition must proceed "at the only legally enforceable date and time noticed." *Id.* He clarified this position on February 5, 2010 in a further email, stating "it is unacceptable for you to play 'hide behind the curtain' while we seek compulsion of a third party witness, only to then jump out and claim to represent the person---you need to work with us in scheduling these witnesses with whom you clearly have ongoing control . . . ." *Id.* Mr. Shah thus requests that the Court issue a protective order requiring

Plaintiffs' counsel to reschedule Mr. Shah's deposition to a date for which Mr. Shah and Counsel will have reasonable time to prepare.

### Counsel Has a Previously Scheduled Appointment on February 15, 2010

As of today's date, it has also come to Counsel's attention that Counsel has a previously scheduled engagement on February 15, 2010 that will prevent Counsel from defending Mr. Shah's deposition on that date.  Specifically, Counsel's six-year old daughter has a medical appointment in Philadelphia, Pennsylvania on February 15 for which Counsel's wife has requested that Counsel attend.

**II.**     **LAW AND ARGUMENT**

### This Court May Issue a Protective Order Postponing the Deposition Date

As the court where MDL 1968 is pending, this Court may issue a protective order postponing Mr. Shah's deposition to a mutually agreed upon date.  Under Rule 26(c) of the Federal Rules of Civil Procedure, "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. Proc. 26(c) (2010). The motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.*  The Court "may, for good cause, issue an order to protect a person . . . from annoyance, embarrassment, oppression, or undue burden or expense," including an order "specifying terms, including time and place, for the disclosure or discovery." *Id.; Nicholas v. Wyndham Int'l Inc.,* 373 F.3d 537, 543 (4th Cir. 2004).  Mr. Shah has attached a declaration from Counsel and an affidavit from Mr. Moriarty documenting his attempts to resolve this dispute without court action.  *(See* Motion Exhibits 1 and 2.)  As such, this Court may issue a protective order upon a showing of good cause.

<u>Good Cause Exists To Issue a Protective Order Postponing the Deposition Date</u>

A person seeking a protective order shows good cause by demonstrating a specific and significant need for protection. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986); *see also United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir.1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Gen'l Dynamics Corp. v. Selb Mfg. Corp.,* 481 F.2d 1204, 1212 (8th Cir.1973) (requiring same), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970 & Supp.1985); *Joy v. North,* 692 F.2d 880, 894 (2d Cir.1982) (refusing protective order where proponent's only argument in its favor was the broad allegations that the disclosure of certain information would "injure the bank in the industry and local community"), *cert. denied sub nom*. *Citytrust v. Joy*, 460 U.S. 1051, 103 S.Ct. 1498, 75 L.Ed.2d 930 (1983).

Mr. Shah's need for more time is indeed specific and significant. Because the date of Mr. Shah's deposition was unilaterally set by Plaintiffs' counsel without seeking any input from Mr. Shah (or anyone else), it did not account for Mr. Shah's substantial travel commitments, nor does it permit Mr. Shah sufficient time to prepare with Counsel, given his schedule. Additionally, as noted above, the undersigned counsel must attend a previously scheduled medical appointment for his six-year old daughter in Philadelphia, Pennsylvania on February 15, 2010 that will prevent him from defending a deposition on that date. Accordingly, Mr. Shah has a significant interest in having his deposition rescheduled, and will suffer prejudice or harm if he is compelled to proceed with his deposition on February 15.

<u>Mr. Shah's Significant Interest In Additional Time Outweighs Plaintiffs' Interests</u>

Mr. Shah's interest in receiving additional time to prepare for his deposition clearly outweighs Plaintiffs' unclear and unstated interests in pressing forward with the deposition as noticed. Plaintiffs have represented essentially that they will not reschedule Mr. Shah's deposition because they do not believe Counsel needs time to independently prepare Mr. Shah for his deposition if Actavis' attorneys will have some involvement in the preparation. This objection, however, denies the reality that Counsel has a professional and independent obligation to prepare Mr. Shah for his deposition.

Perhaps Plaintiffs' counsel is concerned about gamesmanship, but any such concern is unfounded. Mr. Thompson himself admitted that "scheduling has gone forward in a straightforward manner for those persons for whom Actavis has indicated it will produce" (*see* Exhibit A to Motion Exhibit 2), indicating that there has been no incident or pattern of abuse or delay in scheduling depositions. Counsel is unaware of any previous scheduling dispute to date. Moreover, Plaintiffs will not suffer prejudice or harm from a brief postponement of Mr. Shah's deposition since the Court has extended the company witness deposition discovery completion date to June 1, 2010.

<u>Plaintiffs' Counsel Have Not Cooperated As Required</u>

Plaintiffs' counsel refusal to cooperate with Counsel in the scheduling of Mr. Shah's deposition also violates Pre-Trial Order 22 ("PTO 22") and District of New Jersey Guideline No. 17. Under PTO 22,

> "[a]bsent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions. …No depositions shall be scheduled on secular or religious holidays."

(*See* Doc. 122.)  Here, Plaintiffs' counsel scheduled Mr. Shah's deposition on a federal holiday, and neither conferred in advance with Mr. Shah nor cooperated in rescheduling upon Counsel's request.  Plaintiffs' counsel have also acted in contravention of District of New Jersey Guideline No. 17, which provides, "We will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided our clients' legitimate rights will not be materially or adversely affected."  Dist. N.J. R. 17 (2010).

Mr. Shah's request to reschedule his deposition is reasonable under the circumstances and will not prejudice Plaintiffs.  Because Plaintiffs' counsel will not reschedule Mr. Shah's deposition, Mr. Shah respectfully requests that this Court issue a protective order requiring Plaintiffs' counsel to reschedule Mr. Shah's deposition on a mutually convenient date.

## III.   CONCLUSION

Good cause exists for this Court to issue an order protecting Mr. Shah's specific and significant interests.  These interests outweigh any of Plaintiffs' potential concerns about abuse, delay, or prejudice, for which there is no support.  In exercising the subpoena power, Plaintiffs' counsel have not complied with the requirements of cooperation under PTO 22, subjecting Mr. Shah, a non-party witness, to undue burden.  Accordingly, Mr. Shah respectfully requests that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, requiring Plaintiffs' counsel to reschedule Mr. Shah's deposition on a mutually convenient date.

Respectfully submitted,

RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

By:  */s/ John R. Vales*
    John R. Vales
    Headquarters Plaza
    One Speedwell Avenue
    Morristown, NJ 07962-1981
    Tel:    (973) 451-8522
    Fax:    (973) 451-8743
    Email:  jvales@riker.com

    *Attorneys for Non-Party Witness Jasmine
    Shah*

4016683.1