IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  DIGITEK
         PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

_____

THIS DOCUMENT RELATES TO:

ALL CASES

_____

**STATEMENT PURSUANT TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA LOCAL RULE RULE 37.1(c)**

Pursuant to the United States District Court for the Southern District of West Virginia Local Rule 37.1(c), Plaintiffs set forth the following discovery requests and responses to Plaintiffs' Second Request for Production to which an exception has been taken:

**REQUEST FOR PRODUCTION NO. 74:**

All records of any internal investigations conducted in the last ten years involving or relating to Digitek® or any of its component parts or the raw materials used in the manufacture of Digitek®.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Defendants object to this Request to the extent it is not limited to a relevant time frame, and is thus overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. Responding to a request so overbroad in time and scope would be unduly burdensome for Defendants. This Request is also vague and confusing as written with respect to the undefined terms "internal investigations," "component parts," and raw materials." Defendants further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, attorney-client privilege, and/or the joint defense privilege. Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Request but not the substantive response.

Subject to the foregoing objections, Defendants respond as follows: Non-privileged responsive documents covering the period of January 1, 2003 through July 31, 2008, will be produced on a rolling basis pursuant to PTO #16.

**REQUEST FOR PRODUCTION NO. 75:**

All documents or records relating to any internal audits conducted by the compliance division or any quality department in the last ten years at any of the facilities used by Actavis Totowa LLC, including but not limited to the Little Falls Facility, the Taft Road Facility and the Riverview Facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendants object to this Request to the extent it is not limited to information concerning Digitek®, the only product at issue in this litigation, and is not limited to a relevant time frame or relevant persons and events, and is thus overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. Responding to a request so overbroad in time and scope would be unduly burdensome for Defendants. Defendants will not provide any information and will not produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek® and except as required by PTO #27. The inclusion of the phrase "including but not limited to…" also makes this Request overbroad and fails to comply with Rule 34(b)(1)(A). This Request is also vague and confusing as written with respect to the undefined term "internal audits." Defendants further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, attorney-client privilege, and/or the joint defense privilege. Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Request but not the substantive response. Subject to the foregoing objections, Defendants respond as follows: Non-privileged responsive documents relating to Digitek® covering the period of January 1, 2003 through July 31, 2008, if any, will be produced on a rolling basis pursuant to PTO #16.

**REQUEST FOR PRODUCTION NO. 76:**

All documents, communications or records relating to any inspections conducted by Actavis HF or the Actavis HF compliance inspection group in the last ten years of Actavis Totowa LLC or at any of the facilities used by Actavis Totowa LLC, including but not limited to the Little Falls facility, the Taft Road Facility and the Riverview Facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendants object to this Request to the extent it is not limited to information concerning Digitek®, the only product at issue in this litigation, and is not limited to a relevant time frame or relevant persons and events, and is thus overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. Responding to a request so overbroad in time and scope would be unduly burdensome for Defendants. Defendants will not provide any information and will not produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek® and except as required by PTO #27. The inclusion of the phrase "including but not limited to…" also makes this Request overbroad and fails to comply with Rule 34(b)(1)(A). This Request is also vague and confusing as written with respect to the undefined term "inspections." Defendants further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, attorney-client privilege, and/or the joint defense privilege. Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Request but not the substantive response. Subject to the foregoing objections, Defendants respond as follows: Non-privileged responsive documents relating to Digitek® covering the period of January 1, 2003 through July 31, 2008, if any, will be produced on a rolling basis pursuant to PTO #16.

**REQUEST FOR PRODUCTION NO. 77:**

All procedures related to internal audits conducted by the compliance division or any quality department in the last ten years at any of the facilities used by Actavis Totowa LLC, including but not limited to the Little Falls Facility, the Taft Road Facility and the Riverview Facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendants object to this Request to the extent it is not limited to information concerning Digitek®, the only product at issue in this litigation, and is not limited to a relevant time frame or relevant persons and events, and is thus overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. Responding to a request so overbroad in time and scope would be unduly burdensome for Defendants. Defendants will not provide any information and will not produce any document relating to any drug other than Digitek® except where such information or document also reasonably relates to Digitek® or the manufacture of Digitek® and except as

required by PTO #27. The inclusion of the phrase "including but not limited to…" also makes this Request overbroad and fails to comply with Rule 34(b)(1)(A). This Request is also vague and confusing as written with respect to the undefined term "internal audits." Defendants further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, attorney-client privilege, and/or the joint defense privilege. Actavis Inc. and Actavis Elizabeth were not involved in the manufacture, testing, distribution, or sale of Digitek® in any way, and as such they join in the objections to this Request but not the substantive response. Subject to the foregoing objections, Defendants respond as follows: Non-privileged responsive documents covering the period of January 1, 2003 through July 31, 2008, if any, will be produced on a rolling basis pursuant to PTO #16.

Dated: December 29, 2009                    Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

_____
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
The Bell Law Firm PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*