Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

## SUBPOENA IN A CIVIL CASE

IN RE DIGITEK®
    PRODUCTS LIABILITY LITIGATION           MDL NO. 1968

**Case pending in the Southern District of West Virginia**

-------------------------------------------------------------------

To:  PAREXEL, 433 Hackensack Avenue, 10th Floor, Hackensack, New Jersey 07601

□ YOU ARE COMMANDED to appear in the United States District court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom: |
|---|---|
|  | Date and Time: |

X    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case

| Place of Deposition: Offices of PAREXEL 433 Hackensack Avenue 10th Floor Hackensack, NJ 07601 | Date and Time: TBA |
|---|---|

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      **(See attached "Subpoena Duces Tecum")**

| Place: Offices of PAREXEL 433 Hackensack Avenue 10th Floor Hackensack, NJ 07601 | Date and Time: **TBA** |
|---|---|

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date and Time: |
|---|---|

1

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matter on which the person will testify.  Federal Rules of Procedure, 30(b)(6).

Respectfully submitted on behalf of the Plaintiffs' Steering Committee,

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell & Bands PLLC
P. O. Box 1723
Charleston 25326
*Co-Lead and Liaison Counsel*

Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Please See Federal Rules of Civil Procedure 45(c), (d) and (e) on next page.

2

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| Served | | |

| | |
|---|---|
| Served on (Print Name) | Manner of Service |

| | |
|---|---|
| Served by (Print Name) | Title |

## DECLARATION OF SERVICE

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

3

## DEFINITIONS

The following definitions apply to this Subpoena, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

A.      "PAREXEL" means PAREXEL International and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with PAREXEL. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

B.      "Actavis" refers to defendants Actavis, Inc., Actavis Totowa, LLC, and Actavis Elizabeth, Inc., and/or any of defendants' employees, officers, attorneys, representatives and agents.

C.      As used herein, the words, "document" or "documents" shall mean all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation: minutes, agendas, bills, contracts, leases, assignments, agreements, reports, summaries, interoffice and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer data (including

4

information or programs stored in the computer, whether or not ever printed out or displayed), statistics, graphs, minutes, lists, appraisals, brochures, pamphlets, advertising or promotional materials; all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including without limitation photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including without limitation tapes, cassettes, discs, magnetic cards, and recordings. Unless otherwise specified, include such matter now or at any time in the possession, custody or control of the parties to whom these requests are directed.

D.   The term "communication" is intended in its broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise.) This includes any oral, written, video, photographic, non-written records of oral communications, or other means utilized to express an idea, thought, or information from one person to another, or among persons.

E.   "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "pertaining to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

F.     The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

G.     The term "New Jersey facilities" includes the Little Falls Plant, the Riverview/Totowa facility, the Taft Road facility, the Elizabeth facilities and the Morristown facility.

H.     The term "Exhibit A" shall refer to Exhibit A of the accompanying NOTICE TO TAKE ORAL AND VIDEOTAPED 30(B)(6) DEPOSITION OF NON-PARTY PAREXEL.

## SUBPOENA DUCES TECUM

Pursuant to Fed. R. Civ. P. 30(b)(1), the witness or witnesses designated by PAREXEL shall bring the following documents to the deposition:

1.      Curriculum vitae of the designated witness or witnesses;

2.      Contracts or retention agreements between Actavis and PAREXEL relating to the subject matters described in Exhibit A;

3.      Documents pertaining to and/or describing the expected work product to be generated by PAREXEL in evaluating and/or assessing Actavis' New Jersey Facilities.

4.      All project management materials relating to the subject matters described in Exhibit A.

5.      All documented findings by PAREXEL relating to the subject matters described in Exhibit A.

6.      Documents relating to the data capture instruments utilized by PAREXEL in the performance of its evaluation and/or assessment of Actavis' New Jersey Facilities and products manufactured at Actavis' New Jersey Facilities.

7.      All progress or status reports created by PAREXEL relating to the subject matters described in Exhibit A.

8.      Any Work Breakdown Structure relating to the subject matters described in Exhibit A.

9.      Itemized billing records reflecting work performed by PAREXEL for Actavis relating to the subject matters described in Exhibit A.

10.      Documents reviewed by PAREXEL relating to the subject matters described in Exhibit A;

11.     Communications between Actavis and PAREXEL relating to the subject matters described in Exhibit A, including but not limited to any emails, memos, or other such communications;

12.     Documents reflecting PAREXEL's observations, findings and recommendations relating to the subject matters described in Exhibit A; and

13.     The curriculum vitae of any PAREXEL representative who participated in the undertakings described in Exhibit A.