IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK
PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO:

ALL CASES

### NOTICE TO TAKE ORAL AND VIDEOTAPED 30(B)(6) DEPOSITION OF NON-PARTY QUANTIC

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, will take the oral and videotaped deposition of QUANTIC REGULATORY SERVICES, LLC at a time and date to be announced, at the offices of QUANTIC REGULATORY SERVICES, located at 5N Regent Street, Suite 502, Livingston, New Jersey, 07039 or at another location mutually agreed upon by the parties, and will continue day to day, Sundays and holidays excepted, until completed. Pursuant to Fed. R. Civ. P. 30(b)(6), QUANTIC REGULATORY SERVICES, LLC shall designate and produce a designated representative or representatives, as may be required, with the most knowledge of the topics identified in Exhibit A.

The deposition will be taken before a court reporter with Golkow Technologies, One Liberty Place, 51st Floor, 1650 Market Street, Philadelphia, Pennsylvania 19103, (877) 370-3377, who is authorized by law to administer oaths pursuant to FED. R. CIV. P. 28.

A subpoena duces tecum is attached to this notice.

Dated: May 7, 2010

Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

*[signature]*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
***Co- Lead Counsel***

Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
***Co- Lead Counsel***

Harry F. Bell, Jr., Esq.
The Bell Law Firm PLLC
P. O. Box 1723
Charleston, WV 25326
***Co-Lead and Liaison Counsel***

## DEFINITIONS

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

A. "QUANTIC" means QUANTIC REGULATORY SERVICES, LLC and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with QUANTIC REGULATORY SERVICES, LLC, including, but not limited to QUANTIC GROUP. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf. .

B. "Actavis" refers to defendants Actavis, Inc., Actavis Totowa, LLC, and Actavis Elizabeth, Inc., and/or any of defendants' employees, officers, attorneys, representatives and agents.

C. As used herein, the words, "document" or "documents" shall mean all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation: minutes, agendas, bills, contracts, leases, assignments, agreements, reports, summaries, interoffice and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in the computer,

whether or not ever printed out or displayed), statistics, graphs, minutes, lists, appraisals, brochures, pamphlets, advertising or promotional materials; all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including without limitation photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including without limitation tapes, cassettes, discs, magnetic cards, and recordings. Unless otherwise specified, include such matter now or at any time in the possession, custody or control of the parties to whom these requests are directed.

D. The term "communication" is intended in its broadest sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise.) This includes any oral, written, video, photographic, non-written records of oral communications, or other means utilized to express an idea, thought, or information from one person to another, or among persons.

E. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "pertaining to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

F. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

4

G. The term "New Jersey facilities" includes the Little Falls Plant, the Riverview/Totowa facility, the Taft Road facility, the Elizabeth facilities and the Morristown facility.

## EXHIBIT A - DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), QUANTIC shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1. QUANTIC's evaluation and assessment of Actavis' New Jersey facilities, including but not limited to any "risk reviews" performed;

2. QUANTIC's evaluation and assessment of any factors relevant to the manufacture, testing, release, and monitoring of Actavis' products produced at the Little Falls or Riverview/Totowa facilities;

3. QUANTIC's evaluation and assessment of any adverse events relating to Actavis' products produced at the Little Falls facility;

4. The scope of QUANTIC's review of Actavis' records;

5. QUANTIC's use of data capture instruments in conjunction with its evaluation of products manufactured at the Little Falls or Riverview/Totowa facilities.

6. Any protocols, instructions, project plans or similar procedures created and/or utilized in conjuction with QUANTIC's work at Actavis' New Jersey facilities.

7. Any product risk assessment(s) performed by QUANTIC at the request of Actavis for any products manufactured at the Little Falls or Riverview/Totowa facilities;

8. Any audit(s) performed by QUANTIC of Actavis' Quality Systems, Production or related departments in any of Actavis' New Jersey facilities;

9. QUANTIC's observations, findings and recommendations made in connection with the subject matters described above; and

10. QUANTIC's estimated costs associated with producing the items requested in the attached subpoena duces tecum.