IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT LIABILITY
        LITIGATION                                     MDL NO. 1968

THIS DOCUMENT RELATES TO:

Campbell v. Actavis, 2:08-cv-01075;
Chambers v. Actavis Totowa, LLC, 2:08-cv-01175;
Konek v. Actavis, Inc., 2:08-cv-1053;
Lange v. Actavis Totowa, LLC, 2:09-cv-00448;
Wilburn v. Actavis Group hf, 2:08-cv-01017;
York v. Actavis Totowa, LLC, 2:09-cv-00544.

**DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION OF
PRETRIAL ORDER #60 (DENYING CLASS CERTIFICATION)**

      Motions for reconsideration are only appropriate to: (1) accommodate an intervening change in controlling law; (2) account for new evidence; or (3) correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); Fed. R. Civ. Pro. 59(e). They may not be used to re-litigate old issues or secure rehearing on the merits because "[m]ere disagreement does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). Further, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue the case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

      Plaintiffs' motion for reconsideration does not even cite these requirements, let alone make an attempt to satisfy them. Rather, Plaintiffs have simply identified half a dozen or so issues that they suggest the Court "misapprehended or did not fully consider" (Doc. 39 at 3), and

as to each issue they repeat essentially the same argument they previously made. But simply contending that the Court got it wrong is not a valid basis for a Rule 59(e) motion, and the Court reached the correct result the first time in any event. Plaintiffs' motion should be denied.

## ARGUMENT

### I. The Contention That New Jersey Law Can Be Properly Applied to All Plaintiffs' Claims Has Already Been Fully Considered and Was Properly Rejected.

Plaintiffs again make the misguided argument that New Jersey law could be applied to the claims of all members of a purported nationwide class, an argument they make in hopes of brushing aside the many choice-of-law problems this case presents. (Doc. 39 at 2, 4.) But this argument was fully presented in the certification briefing and has already been considered. Plaintiffs' initial briefing contained a lengthy explanation of their argument that New Jersey law should apply to putative class members from all 50 states, Defendants argued to the contrary, and the Court fully considered the matter. Plaintiffs do not identify any new law or evidence that would support a different outcome, nor do they identify any clear legal error on the Court's part. They merely express their disagreement with the Court's ruling and seek a "review" of that ruling, which is not a proper use of a Rule 59(e) motion.

Plaintiffs argue in a footnote that it would be constitutional to apply New Jersey law to all the claims because "there is no indication that New Jersey's laws provide any less 'protection' to consumers than any other state's laws; and if anything, New Jersey's consumer protection law is more 'pro consumer' than most" – so the other states' interests are supposedly satisfied by application of New Jersey law. But as Defendants pointed out in their opposition to certification, Plaintiffs have the burden to show certification is justified, including the burden to show their choice-of-law theories are correct. Suggesting that there is "no indication" to the contrary could hardly meet that burden, and Plaintiffs offer no analysis or support for their characterization of

New Jersey law.  To the extent Plaintiffs rely on the *Mercedes* case to support this point, they do not explain why they think the Court "did not fully consider" that case, or what clear error it committed when doing so.  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46 (D.N.J. 2009).  *Mercedes* is incorrectly decided, not binding on this court, and is distinguishable — the *Mercedes* court noted that New Jersey was the only state with an interest in regulating a resident corporation, but the Digitek® litigation involves defendants from five different states.  All these points were previously made, of course, and the Court properly declined to follow *Mercedes*. Plaintiffs offer no reason to rethink that decision.

## II.   There Is No Basis for Revisiting the Decision to Deny Certification of the Suggested Four State Classes.

Plaintiffs also reiterate their request for certification of classes comprised of residents of the states of New Jersey, Kansas, West Virginia, and Kentucky, arguing as before that choice-of-law problems would then vanish because one state's law could then be applied uniformly to each class.  Again, this argument was addressed in the prior briefing and Plaintiffs point to no new law, new evidence, or clear error that would justify revisiting the decision the Court made.

Plaintiffs pluck the following statement from the Court's order: "The state in which each claimant was injured has an overriding interest in having its laws applied to redress any wrong done."  (Doc. 39 at 5 (quoting Pretrial Order #60, at 18).)  While this statement is accurate, the inference that Plaintiffs have drawn from it is not.  As Defendants previously explained, the law properly applicable to individual claims is not necessarily that of the forum in which they filed suit.  (*See* Defendants' Response at 38-44.)  In other words, not everyone living in a state at the time of class notice would have lived in that state at the time of the alleged injury.  Plaintiffs apparently characterize this as an issue with their class definition (*see* Doc. 39 at 5 n.2), but the

3

point is that an individual choice-of-law analysis of the type discussed in Defendants' prior briefing would be required regardless of whether the class is a state-only class.

Further, the Court has already determined that even if only the law of one state was applied to a state-only class, predominance would still be lacking for a variety of reasons. (Pretrial Order #60, at 30-35.) Therefore, even if the issue Plaintiffs raise here was a new one, and even if they had met their burden to conduct an adequate choice-of-law analysis, there would still be no basis for reaching a different result as to the four proposed state classes.

### III. Plaintiffs Do Not Show That the Court's Ruling on Predominance Should Be Revisited.

The Court held that a number of individualized factual issues precluded a finding that common issues would predominate. Plaintiffs now for the first time offer a variety of proposed solutions to selected problems, such as the assertion that product identification problems can be resolved by class members providing medical records and pharmacy records, and that Defendants have access to Stericycle records showing which individuals may have received refunds.[1] But the point is not whether there is proof that any particular class members used Digitek® or received a Stericycle refund. Rather, what matters is whether the questions of law or fact common to class members predominate over any questions affecting only individual members. The Court properly found, after the issue was fully briefed, that they do not. There is no reason to reconsider that decision.

Plaintiffs contend that the Court "unjustifiably" relied upon "hypothetical" concerns in finding that Plaintiffs failed to satisfy the predominance requirements of Rule 23(b). (Doc. 39 at 2.) They appear to mean the variance in the type of damages sought (such as reimbursement for

---

[1] Note that Stericycle would not have records of refunds that individuals may have received through other sources.

4

toll charges, new eyeglasses, and the cost of new enemas), but it is unclear why they describe the variations as "hypothetical" when they are drawn from the depositions of the persons selected as named class representatives. In any event, the items highlighted by Defendants were certainly demonstrative of the vast array of individualized damages that would have been sought by putative class members under the extremely broad class definition Plaintiffs have proposed. (*See* Doc. 283 at 1-2 (seeking recovery for economic losses, "including, but not limited to, payments for Recalled Digitek®, out-of-pocket expenses for diagnostic testing, medical testing, medical visits and/or new prescriptions, as a result of having received Recalled Digitek®.").) Plaintiffs now suggest that the broad class definition should remain, but the permissible damages should be determined by the Court itself during the damages phase of trial. For one thing, this is an argument that Plaintiffs could have made in the prior briefing, but did not, and it is not appropriate to raise new arguments in a motion for reconsideration. *Becker*, 305 F.3d at 290. More importantly, however, is that given the vast array of damages sought by the current and former class representatives alone, limiting the types of damages in the manner that Plaintiffs suggest would still require individualized factual determinations inappropriate for a class action. Putting these determinations off until the "claims administration process," as Plaintiffs repeatedly suggest, would not make them go away.

**IV. There Is No Basis for Plaintiffs' Suggestion That the Court Retract Its Order to Allow Other Matters to Proceed or to Toll the Statute of Limitations.**

As a last resort, Plaintiffs ask the Court to "kick the can down the road a bit" by vacating its order denying certification and keeping the matter "under advisement." (Doc. 39 at 12.) They appear to argue that the Court "rushed" the briefing and determination of class issues (*see id.* at 9), but the time for that argument would have been when the briefing schedule was set, not after the order was handed down. Plaintiffs' burden under Rule 59(e) is to identify new law, new

5

evidence, or clear error to justify reconsideration. Speculation that delay will give the Court "a better perspective" or that "Plaintiffs are certain that the bellwether trial process will illuminate a number of issues that will be common to all Digitek® cases" hardly meets that standard. (*Id*. at 10, 12.) Again, Plaintiffs had the burden to show why class certification was justified, and they have consistently failed to meet or even recognize that burden. The correct response to briefing that does not make the necessary showing is to deny the motion, not to "kick the can down the road" to see how things shake out. The Court properly denied the motion and there is no reason to retract the order simply because (now that certification has been denied) Plaintiffs would like to wait and see "what, *if any*, common issues arise" in the bellwether trials. (*Id*. at 10 (emphasis added).)

Similarly, there is no basis for vacating the order because of the possibility that, in some unidentified states, putative class members may now have to hurry to "make an informed judgment" whether to pursue their claims because the statute of limitations may no longer be tolled. (*See id.* at 10-11 (citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).) Plaintiffs provide no details as to which class members might be affected, to what extent or in which states, and cite no authority for the proposition that a court should delay a ruling (subjecting a defendant to further expense and uncertainty) to toll a statute of limitations. Nor do they explain why class members have not had sufficient time to make "informed judgments" about their claims during the time this litigation has already been pending. If there is a real concern in that regard, surely it would have been better to spend time and resources consulting with class members rather than filing unwarranted motions for reconsideration.

## **CONCLUSION**

Plaintiffs did not meet their burden to show class certification was appropriate, and they certainly have not met their burden to show the Court should reconsider its order. The

6

arguments Plaintiffs advance now have already been fully considered by the Court, or could have been fully considered had Plaintiffs raised them earlier. The Court correctly denied certification and should also deny Plaintiffs' motion for reconsideration.

               Respectfully submitted,

| SHOOK, HARDY & BACON LLP | TUCKER ELLIS & WEST LLP |
|---|---|
| Harvey L. Kaplan, CO-LEAD COUNSEL<br>Madeleine M. McDonough, CO-LEAD COUNSEL<br>2555 Grand Blvd.<br>Kansas City, Missouri  64108-2613<br>Tel: (816) 559-2214<br>Fax: (816) 421-5547<br>E-mail: hkaplan@shb.com<br>E-mail: mmcdonough@shb.com<br><br>*Attorneys for Mylan, Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.* | By: s/*Richard A. Dean*<br>  Richard A. Dean (Ohio Bar #0013165), CO-LEAD COUNSEL<br>  Matthew P. Moriarty (WV Bar # 4571; Ohio Bar 0028389), CO-LEAD COUNSEL<br>  Kristen L. Mayer (Ohio Bar #0055505)<br>  925 Euclid Avenue, Suite 1150<br>  Cleveland, Oh  44115-1414<br>  Tel: (216) 592-5000<br>  Fax: (216) 592-5009<br>  E-mail: richard.dean@tuckerellis.com<br>      matthew.moriarty@tuckerellis.com<br>      kristen.mayer@tuckerellis.com<br><br>*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC* |
| ALLEN GUTHRIE & THOMAS, PLLC<br><br>Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel: (304) 345-7250<br>Fax: (304) 345-9941<br>E-mail: rabetts@agmtlaw.com<br><br>*Attorney for Defendants* | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2010, a copy of the foregoing **Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration of Pretrial Order #60 (Order Denying Class Certification)** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

SHOOK, HARDY & BACON LLP

Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: (816) 559-2214
Fax: (816) 421-5547
E-mail: hkaplan@shb.com
E-mail: mmcdonough@shb.com

*Attorneys for Mylan, Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

ALLEN GUTHRIE & THOMAS, PLLC

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel: (304) 345-7250
Fax: (304) 345-9941
E-mail: rabetts@agmtlaw.com

*Attorney for Defendants*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
Richard A. Dean (Ohio Bar #0013165), CO-LEAD COUNSEL
Matthew P. Moriarty (WV Bar # 4571; Ohio Bar 0028389), CO-LEAD COUNSEL
Kristen L. Mayer (Ohio Bar #0055505)
925 Euclid Avenue, Suite 1150
Cleveland, Oh 44115-1414
Tel: (216) 592-5000
Fax: (216) 592-5009
E-mail: richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

073021.000031.1139870.1