**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**IN RE DIGITEK®**
**PRODUCTS LIABILITY LITIGATION** **MDL NO. 1968**

---

**THIS ACTION RELATES TO:**

Campbell v. Actavis, 2:08-cv-01075;
Chambers v. Actavis Totowa, LLC, 2:08-cv-01175;
Konek v. Actavis, Inc., 2:08-cv-1053;
Lange v. Actavis Totowa, LLC, 2:09-cv-00448;
Wilburn v. Actavis Group hf, 2:08-cv-01017;
York v. Actavis Totowa, LLC, 2:09-cv-00544

---

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF PRETRIAL ORDER #60 (ORDER DENYING CLASS CERTIFICATION)**

**ARGUMENT**

Defendants elevate form over substance in opposing Plaintiffs' Motion for Reconsideration of Pretrial Order #60. In their Opposition to Plaintiffs' Motion for Reconsideration, Defendants unfairly chide Plaintiffs for not citing the applicable Fourth Circuit standard for such motions. Though Plaintiffs did not recite the magic words of *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998), the grounds Plaintiffs raised for their Rule 59(e) motion are appropriately considered by this Court under that Rule. Plaintiffs' motion is premised on arguments that (1) the Court's decision is clearly erroneous and should be reconsidered to correct clear errors of law and (2) unless reconsidered, the Court's decision will result in manifest injustice to the extent that

denying class certification now will effectively preclude numerous class members from participating in any settlement due to their loss of "*American Pipe*" tolling. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (U.S. 1974). The arguments Plaintiffs advance in their Rule 59(e) motion are not, as Defendants argue, just mere "disagreement" with the outcome or issues that could have been addressed previously. Rather, Plaintiffs' reconsideration motion raises a number of issues that Plaintiffs believe the Court overlooked or misapprehended in its order denying class certification. Defendants' argument that the motion is only repetitious or raises arguments that should have been raised earlier is inaccurate. Plaintiffs' arguments react to specific issues presented by the Court's opinion.

Without rehashing the arguments in detail here, Plaintiffs' Motion for Reconsideration establishes that several clear errors of law exist in the Court's Order Denying Class Certification. For one, the Court incorrectly concluded that New Jersey law could not be applied to support nationwide certification. The Court also erred in concluding that Plaintiffs failed to meet the predominance prong of Rule 23 and in finding that the deposition testimony of several putative class representatives meant that damages would be too individualized to support certification. Finally, the Court erred in rejecting Plaintiffs' alternative request to certify classes in four specific states where the Court's rejection of this alternative request was based upon the same erroneous conclusions the Court relied upon when denying Plaintiffs' request for certification of a nationwide class.

The Court's error in rejecting the application of New Jersey law to support nationwide certification stems, in part, from the Court's failure to address the issues

raised by the analogous case *In re Mercedes-Benz Tele Aid Contract Litig*, 257 F.R.D. 46 (D.N.J. 2009). Defendants claim that this case was wrongly decided, but offer no citation to authority to show that their self-serving statement is true. In reality, Defendants' attempt to distinguish the *Tele Aid* case falls short. Defendants argue that *Tele Aid* is not persuasive authority because, in that case, New Jersey was the only state with an interest in regulating a resident corporation whereas, in the present case, the various Defendants are presumably located in five different states, meaning that more than one state has an interest in regulating the behavior under attack. This spurious distinction, however, fails to recognize that *nearly all (if not all) of the relevant conduct giving rise to the present case arose in New Jersey alone*. The gravamen of Plaintiffs' case is that Defendants failed to follow good manufacturing practices at the facility responsible for the production of Digitek®. This facility is located in New Jersey and so the corresponding failure to follow good manufacturing practices occurred in New Jersey, as well. Thus, New Jersey has the greatest interest in overseeing the conduct at issue here.

The Court also erroneously concluded damages would be too individualized from the fact that lay witnesses catalogued a sweeping array of incidental losses they would like to recover. As Plaintiffs detail in their motion for reconsideration, despite this testimony, Plaintiffs have not requested that the Court award them damages for toll charges, eyeglasses, or enemas, and recognize that not all of their incidental losses constitute recoverable class wide legal damages. It is the Court that determines what out of pocket costs are recoverable on a class wide basis, and the fact that lay persons might like that recovery to be greater does not mean class certification is inappropriate. Moreover, even if there is some variation in the damages awardable to specific class

members, the law is clear that the fact that damages may be individualized does not preclude certification. Indeed, the Fourth Circuit recently reiterated that Rule 23 "explicitly envisions class actions with … individualized damage determinations." *Gunnells v. Health Plan Servs.*, 348 F. 3d 417, 427-28 (4th Cir. 2003); *see also Brown v. Cameron-Brown Co.*, 92 F.R.D. 32, 46 (E.D. Va. 1981) (predominance satisfied even without common damages methodology where violation and impact elements were susceptible to common proof). As a result, while it is true that the specific amount of damages will differ from person to person, this fact is insufficient to overcome class certification. *See also Gunnells*, 348 F.3d at 429. Further, simply put, damages issues, if any exist, can be readily handled in a claims process.

Defendants argue that requesting the Court to modify the class definition rather than to deny certification altogether is inappropriate because Plaintiffs should have somehow anticipated all of the Court's objections and preemptively addressed them in the class certification briefing. However, this unrealistic and formalistic approach ignores the give and take necessary in crafting a workable class definition. *See In the Matter of: Monumental Life Insurance Company*, 365 F.3d 408, 414 n.7. (5th Cir. 2004); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273-1274 (11th Cir. 2000). The Court has the discretion to tweak the class definition if it perceives there to be problems with it, particularly in light of the complexities presented by there being multiple cases seeking certification in these MDL proceedings. *See* Manual for Complex Litigation (Fourth), Section 21.25. In the MDL context, especially, the Court should engage the parties with its concerns and determine whether they are resolvable through modifying the proposed class definition or whether those problems are systemic and warrant a complete denial of

class certification. Here, without the benefit of oral argument, a motion for reconsideration is all that Plaintiffs have left to argue at the district court level for the Court not to draw erroneous legal conclusions and to urge the Court to exercise its discretion to modify the class definition rather than deny class certification completely. In fact, it has been recognized that a district court has the "ability, and perhaps even a duty," to modify its class certification order at any time before a decision on the merits, presumably in response to a motion for reconsideration, in order to reduce the number of 23(f) petitions and preserve judicial resources. *Shin v. Cobb County Board of Education*, 248 F.3d. 1061, 1064 (11th Cir. 2001). *See also Prado-Steiman*, 221 F.3d at 1274 (*citing Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)).

Plaintiffs' Motion for Reconsideration also identifies a manifest injustice inherent in the Court's Order Denying Class Certification. Specifically, in a footnote at the end of the Court's opinion, the Court indicates that it is denying the present motion for class certification without prejudice to the parties bringing a later motion to certify a settlement class. As indicated in Plaintiffs' supporting memorandum, because of the potential loss of *American Pipe* tolling in the interim (from the time of the Court's order until a later settlement class), class members with modest individual claims might be denied recovery in a settlement class because it would not be worth filing an individual lawsuit now to preserve those individual claims.

Finally, Defendants criticize Plaintiffs for asking the Court to "kick the can down the road," instead urging that the time for Plaintiffs to make that argument was before class certification briefing was filed. Defendants conveniently omit that Plaintiffs did ask to defer class certification briefing and ruling until further along in the MDL litigation

process. Plaintiffs counsel did not previously raise the *American Pipe* tolling issue because it was not until the Court issued its order that Plaintiffs or Defendants were aware the Court is amenable to the possibility of certifying a settlement class. In reaction to the footnote contained in the Court's order, Plaintiffs' counsel raised the issue in their motion for reconsideration that denying class certification now could unfairly prejudice many class members in a later-entered class wide settlement due to the potential loss of *American Pipe* tolling in the interim. In addition, for the practical reasons outlined in Plaintiffs' motion for reconsideration, Plaintiffs believe it is more appropriate to postpone class certification until after bellwether trials.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' Memorandum in Support of Motion for Reconsideration of Pretrial Order #60 (Order Denying Certification), Plaintiffs request that the Court certify a national class or, alternatively, four state-only classes as requested in Plaintiffs' Motion for Class Certification. Failing that, Plaintiffs request the Court vacate Pretrial Order #60 and postpone the class certification decision until after bellwether trials can be completed in the MDL proceedings.

Dated: July 1, 2010.

Respectfully submitted,

**On Behalf of the Plaintiffs' Steering Committee**

s/Fred Thompson, III Esq.
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

*Co- Lead Counsel*
Carl N. Frankovitch, Esq.
**Frankovitch, Anetakis, Colantonio & Simon**
337 Penco Road
Weirton, WV 26062

*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
**The Bell Law Firm PLLC**
P. O. Box 1723
Charleston, WV 25326

*Co-Lead and Liaison Counsel*

**Wolf Popper LLP**
845 Third Avenue
New York, NY 10022
(212) 759-4600

**Morgan and Morgan, P.A.**
One Tampa City Center
7th Floor
Tampa, FL 33602
813.223.5505 (main)

**Malkinson & Halpern, P.C.**
208 S. LaSalle Street, Suite 1750
Chicago, IL 60604
(312) 427-9600 (phone)

**Hutton and Hutton Law Firm LLC**
P.O.B. 638
Wichita, KS 67201-0638
316.688.1166/686.1077 (f)

**Locks Law Firm LLC**
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200

**Bahe Cook Cantley & Jones PLC**
Kentucky Home Life Building
239 South Fifth Street, Suite 700
Louisville, Kentucky 40202
Phone: (502) 587-2002
Facsimile: (502) 587-2006

**Proposed Class Counsel**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2010, I electronically filed the foregoing Reply Memorandum in Support of Plaintiffs' Motion for Reconciliation with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Fred Thompson, III Esq.________
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
***Co- Lead Counsel***