IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK® PRODUCTS LIABILITY
LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER #63**
(Re: Appointment of Special Master)

Lead Counsel for the parties executed a Settlement Agreement (the "Agreement") on September 1, 2010 establishing a program for the settlement of cases filed in MDL 1968 ("MDL Cases"), claims subject to tolling agreements ("Tolled Claims"), and cases filed in state courts involving Digitek® ("State Cases"). The Agreement provides for the appointment of an individual who will execute the duties of a "Special Master" as that term is defined under the Agreement. The parties filed a Joint Motion to Appoint Special Master. The court hereby lifts the stay imposed in PTO #62 for the specific purpose of consideration of such motion in light of the Agreement.

Upon considering the Parties' Joint Motion to Appoint Special Master, the Court **GRANTS** the motion and appoints Mr. Chuck Smith to serve in that capacity and to proceed with all reasonable diligence. The Special Master shall be compensated from the Administrative Fund, as defined under the Agreement.

In summary, the Agreement sets forth the following duties of the Special Master:

1. Collect "Notice of Intent to Opt Out Forms" and "State Case Notice of Intent to Opt In Forms."
2. Collect "Claim Packages" submitted by program participants.

    a. Determine whether "Claim Packages" are complete.

    b. Determine whether a "Claim Package" is eligible for an award or refer the "Claim Package" to a medical consultant for further review.

    c. Assign "Claim Packages" points based on factors set forth in the Agreement, which will correlate with the amount of the award.

    d. Order payment of awards to claimants and reimbursement of Medicare from the settlement funds.

The Special Master may be assigned additional duties in a Separate Joint Protocol.

Communication with the Special Master is limited by the Agreement. The Agreement provides that parties and their counsel are not permitted to engage in *ex parte* communications with the Special Master. The Special Master may initiate communication with parties regarding "Claim Packages," but the communication must be in writing and copied to all parties to the particular "Claim Package." The Agreement further appoints Matthew P. Moriarty of Tucker Ellis & West, LLP for Defendants and Fred Thompson III of Motley Rice LLC for Negotiating Plaintiffs' Counsel to serve as "Special Master Liaisons" to communicate with the Special Master regarding the implementation of the settlement program set forth in the Agreement.

The Special Master is instructed to preserve all working papers relative to the implementation of the Agreement including, but not limited to, executed "Notice of Intent to Opt Out Forms," executed "State Case Notice of Intent to Opt In Forms," "Claim Packages," and any correspondence from the parties or Special Master Liaisons.

The Special Master will not file documents with the Court. Defendants or NPC will execute all necessary filings.

Generally, the Special Master's decisions are final and non-appealable. The Agreement, however, sets forth a process by which claimants may seek reconsideration of the final point total awarded by the Special Master. The request for reconsideration is limited to unintentional

oversight of factors qualifying a claimant for an award and clerical errors that affect the amount of the award. The Special Master's decision on reconsideration is final and non-appealable.

The Clerk is directed to file this Order in 2:08-md-1968 which shall apply to each member Digitek®-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:09-cv-01063. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: September 1, 2010

Judge Joseph R. Goodwin, Chief Judge