IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
      LITIGATION

MDL NO. 1968

_____

**THIS DOCUMENT RELATES TO ALL CASES**

**DEFENDANTS' MOTION FOR ENTRY OF A SCHEDULING ORDER**

Defendants Actavis Totowa LLC, Actavis Inc., Actavis Elizabeth LLC, Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., Mylan Inc., and UDL Laboratories, Inc. (collectively "Defendants") respectfully move this Court under Rules 16 and 26(a) of the Federal Rules of Civil Procedure for the entry of the proposed Scheduling Order attached as Attachment A.  The proposed Scheduling Order would be applicable to all cases pending in MDL 1968 as of 11:59 p.m. on September 1, 2010 who timely opt out of the Master Settlement Agreement executed on September 1, 2010 (the "MSA") as well as all cases filed in or transferred to MDL 1968 after September 1, 2010.

The proposed Scheduling Order establishes the following mandates to aid in the continued, efficient resolution of this litigation:  1) require all cases pending in MDL 1968 as of 11:59 p.m. on September 1, 2010 that opt out of the MSA to produce, on or before December 1, 2010, case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries; 2) require all cases filed in or transferred to MDL 1968 after September 1, 2010 to produce within 120 days from filing or transfer case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries; 3) provide that any failure to meet that deadline will result in a dismissal of their case with prejudice in the absence of a showing of good cause as to why the plaintiff failed

to meet the deadline; and, 4) attorneys representing plaintiffs in cases designated as Group 1 trial cases who opt out of the MSA and Plaintiffs' Steering Committee members representing plaintiffs who opt out of the MSA must attend, in person, the first Case Management Conference after October 16, 2010, which will be scheduled at a later date, to discuss further scheduling orders and rescheduling the joint Daubert/Frye hearing.  A Brief in Support of this motion is attached and incorporated herein.

For the reasons set forth herein and in the accompanying Brief in Support, Defendants respectfully request this Court grant this Motion and enter the proposed Scheduling Order attached as Attachment A.

Respectfully submitted,

ALLEN GUTHRIE & THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:      (304) 345-7250
Fax:      (304) 345-9941
E-mail:   rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:      (816) 559-2214
Fax:      (816) 421-5547
E-mail:   hkaplan@shb.com
E-mail:   mmcdonough@shb.com

*Attorneys for Mylan, Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
     Richard A. Dean (Ohio Bar #0013165),
     CO-LEAD COUNSEL
     Matthew P. Moriarty (WV Bar # 4571;
     Ohio Bar 0028389), CO-LEAD COUNSEL
     Kristen L. Mayer (Ohio Bar #0055505)
     925 Euclid Avenue, Suite 1150
     Cleveland, Ohio  44115-1414
     Tel:      (216) 592-5000
     Fax:      (216) 592-5009
     E-mail:  richard.dean@tuckerellis.com
                  matthew.moriarty@tuckerellis.com
                  kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**IN RE:  DIGITEK PRODUCT LIABILITY
      LITIGATION**                                                **MDL NO. 1968**

**THIS DOCUMENT RELATES TO ALL CASES**

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR ENTRY OF A SCHEDULING ORDER**

I.      **FACTS PERTINENT TO THIS MOTION**

        This Court received the first MDL Transfer Order over two years ago, on August 13,

2008.  On August 4, 2009, this Court selected the Group 1 trial pool cases.  (PTO #35.)  On June

5 and June 15, 2010, Plaintiffs' Steering Committee ("PSC") produced general causation and

general liability expert reports applicable to *all* MDL cases.  (PTO #50.)  Further, Group 1

plaintiffs produced case specific causation expert reports on June 10, 2010 seeking to establish

specific causation between defective Digitek® and their individual medical injuries.  (PTO #50.)

MDL cases not selected for the Group 1 trial pool cases were not required to produce case

specific causation expert reports by any deadline and have not produced these reports to date.

        Defendants deposed both of the MDL plaintiffs' general causation experts, and four of

the MDL plaintiffs' general liability experts following the production of expert reports pursuant

to PTO #50.  Shortly thereafter, the focus of this litigation turned to resolution.  On July 12,

2010, at the parties' request, this Court granted a 30-day stay of discovery.  On August 12, 2010,

the last day of the 30-day stay, this Court entered an additional stay of all discovery, motion

practice, and any scheduled hearings until October 26, 2010.  (PTO #62.)  The stays permitted

the parties to focus on settlement negotiations, which successfully culminated in the execution of

the Master Settlement Agreement (the "MSA") on September 1, 2010.  Thereafter, this Court entered PTO #64 setting various deadlines relevant to the MSA.

The MSA provides that settlement program participants must provide basic evidence to support their claims to be considered for an award.  This basic evidence includes, but is not limited to medical records evidencing digoxin toxicity or an affidavit from a qualified physician verifying participants' claimed Digitek®-related injuries.  The deadline for all cases pending in MDL 1968 as of 11:59 p.m. on September 1, 2010 and all persons subject to tolling agreements to opt out of the MSA program is 11:59 p.m. on October 15, 2010.  (PTO #64.)

## II.   **LEGAL ARGUMENT**

To aid in the continued, efficient resolution of this litigation, Defendants request this Court enter the attached proposed Scheduling Order that:  1) require all cases pending in MDL 1968 as of 11:59 p.m. on September 1, 2010 that opt out of the MSA to produce, on or before December 1, 2010, case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries; 2) require all cases filed in or transferred to MDL 1968 after September 1, 2010 to produce within 120 days from filing or transfer case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries; 3) provide that any failure to meet that deadline will result in a dismissal of their case with prejudice in the absence of a showing of good cause as to why the plaintiff failed to meet the deadline; and, 4) attorneys representing plaintiffs in cases designated as Group 1 trial cases who opt out of the MSA and Plaintiffs' Steering Committee members representing plaintiffs who opt out of the MSA must attend, in person, the first Case Management Conference after October 16, 2010, which will be scheduled at a later date, to discuss further scheduling orders and rescheduling the joint Daubert/Frye hearing.  Defendants further request that the proposed Scheduling Order state that it shall in no way be construed to

2

re-open the deadline for any MDL plaintiff or the Plaintiffs' Steering Committee to submit general causation and general liability expert reports; the reports previously produced pursuant to PTO #50 were applicable to all cases pending in the MDL now or in the future.

This Court has the inherent and express authority to impose the proposed Scheduling Order under Rules 16 and 26(a) of the Federal Rules of Civil Procedure.  Such an order is reasonable and not prejudicial because the majority of the 868 cases currently in the MDL have been pending for over a year.  Further, the proposed Scheduling Order places no greater burden on non-Group 1 MDL plaintiffs who opt out of the MSA as the Group 1 plaintiffs under PTO #50.  And, finally, the proposed Scheduling Order's requirement to provide proof of specific causation is consistent with the MSA's requirement that MSA participants produce documentation evidencing the existence of a Digitek®-related injury or illness.  The proposed Scheduling Order is particularly appropriate at this juncture given that the MDL has been pending for over two years and is now in a resolution stage.

Further, all parties and this Court recognize that the depletion of insurance proceeds by defense costs incurred in determining meritorious versus meritless cases is an interest.  The MSA will take effect if less than 15% of the 868 cases pending in the MDL as of 11:59 p.m. on September 1, 2010 and less than 10% of the 2,170 persons subject to tolling agreements opt out of the MSA.  This means that up to 130 cases currently pending in the MDL may continue to be prosecuted and up to 217 persons subject to tolling agreements may file new cases that end up in the MDL.  In the absence of the proposed Scheduling Order, Defendants will be burdened with the cost of analyzing up to 347 individual cases to obtain information regarding case specific causation that these plaintiffs can quickly and simply provide.  At this point in the litigation, it is much easier, quicker, and efficient for this Court and all parties involved to require an individual

plaintiff to provide early proof of case specific causation and, in the absence of such proof, dismiss the suit, rather than force Defendants to continue to collect and analyze thousands of medical records in what could be hundreds of cases.

## III.   <u>CONCLUSION</u>

For these reasons, Defendants respectfully request that this Court grant this Motion and enter the proposed Scheduling Order attached as Attachment A.

Respectfully submitted,

ALLEN GUTHRIE & THOMAS, PLLC

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:       (304) 345-7250
Fax:      (304) 345-9941
E-mail:   rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP

Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD
COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:       (816) 559-2214
Fax:      (816) 421-5547
E-mail:   hkaplan@shb.com
E-mail:   mmcdonough@shb.com

*Attorneys for Mylan, Inc., Mylan
Pharmaceuticals Inc., Mylan Bertek
Pharmaceuticals Inc., and UDL Laboratories,
Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
     Richard A. Dean (Ohio Bar #0013165),
     CO-LEAD COUNSEL
     Matthew P. Moriarty (WV Bar # 4571;
     Ohio Bar 0028389), CO-LEAD COUNSEL
     Kristen L. Mayer (Ohio Bar #0055505)
     925 Euclid Avenue, Suite 1150
     Cleveland, Ohio  44115-1414
     Tel:       (216) 592-5000
     Fax:      (216) 592-5009
     E-mail:   richard.dean@tuckerellis.com
                 matthew.moriarty@tuckerellis.com
                 kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC,
Actavis Inc., and Actavis Elizabeth LLC*

# Attachment A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: DIGITEK® PRODUCTS LIABILITY
    LITIGATION

_____          MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER #66**
(Re: Scheduling Order for MDL Cases Opting Out of the Master Settlement Agreement)

This Scheduling Order applies to all cases pending in MDL 1968 as of 11:59 p.m. on September 1, 2010 that timely opt out of the Master Settlement Agreement executed on September 1, 2010 (the "MSA"). This Scheduling Order also applies to all cases filed in or transferred to MDL 1968 after September 1, 2010.

| | |
|---|---|
| **December 1, 2010** | Deadline for all MDL cases that opt out of the MSA to produce case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries. |
| **120 days after filing of a case in or transfer of a case to MDL 1968** | Deadline for all cases filed in or transferred to MDL 1968 after September 1, 2010 to produce case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries. |

Failure to timely produce case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries will result in _dismissal of the case with prejudice_ in the absence of a showing of good cause as to why the plaintiff failed to meet the deadline.

This Scheduling Order shall in no way be construed to re-open the deadline for any MDL plaintiff or the Plaintiffs' Steering Committee to submit general causation and general liability expert reports previously produced pursuant to PTO #50.

Attorneys representing plaintiffs in cases designated as Group 1 trial cases who opt out of the MSA and Plaintiffs' Steering Committee members representing plaintiffs who opt out of the MSA must attend, in person, the first Case Management Conference after October 16, 2010, which will be scheduled at a later date. The remaining parties should be prepared to set new scheduling orders, including rescheduling the joint Daubert/Frye hearing.

The Clerk is directed to file this Order in 2:08-md-1968 which shall apply to each member Digitek®-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:09-cv-00757. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: _____

_____

Judge Joseph R. Goodwin, Chief Judge

2