**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: DIGITEK
        PRODUCTS LIABILITY LITIGATION

                                                                MDL NO.  1968
--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES


**PRETRIAL ORDER #65**
(Re: Limited Relief from PTO #62 to file
"Defendants' Motion for Entry of a Scheduling Order")

On August 12, 2010, this court entered PTO #62 staying all discovery, motion practice, and scheduled hearings until October 26, 2010 to facilitate settlement negotiations.  Defendants and Negotiating Plaintiffs' Counsel executed the Master Settlement Agreement (the "MSA") on September 1, 2010.  The MSA establishes an optional settlement program for cases pending in the MDL as of 11:59 p.m. on September 1, 2010; claims subject to tolling agreements; and cases filed in state courts involving Digitek®.  In particular, the MSA allows cases pending in the MDL as of 11:59 p.m. on September 1, 2010 to opt out of the MSA on or before 11:59 p.m. on October 15, 2010.  See also PTO #64.  Plaintiffs who opt out of the MSA will continue to prosecute their cases in the MDL.

The court takes notice of the defendants' motion to lift the stay and specifically consider a motion for entry of a scheduling order.  The defendants propose that the scheduling order include a requirement for case specific expert reports establishing specific causation between defective Digitek® and individual plaintiffs' medical injuries for all cases timely opting out of

the MSA or filed in MDL 1968 after September 1, 2010. I noted in PTO #49, that the need for the type of case management tool proposed by the defendants may arise when the factors that warrant entry of such an order are present.  In light of the MSA, appropriate management of this case may depend significantly on the outcome of the opt out/opt in process.  I accordingly defer consideration of both the defendants' motion to lift the PTO #62 stay and the underlying motion for entry of a scheduling order until after such process concludes on October 15, 2010. Negotiating Plaintiffs' Counsel  are **ORDERED** to respond to the both of defendants' motions **no later than October 22, 2010**.  Any reply from Defendants' will be due **no later than October 29**.

The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in the is district, which includes counsel in all member cases up to and including civil action number 2-10 -cv-01117.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

      ENTER: September 20, 2010

      Joseph R. Goodwin, Chief Judge