IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: DIGITEK PRODUCT LIABILITY LITIGATION | THIS DOCUMENT RELATES TO:<br><br>MDL Case No: 2:08-md-1968 |

**PLAINTIFFS' COORDINATED RESPONSE TO**
**DEFENDANTS' MOTION FOR ENTRY OF A SCHEDULING ORDER**

**PREAMBLE**

The Plaintiffs' Steering Committee is filing this Response but it is the work product of counsel representing the non-settling parties. The PSC fully supports the position of the non-settling parties to develop their cases. The below argument was prepared as a response to Defendant's Motion for Entry of a Scheduling Order.

**ARGUMENT AND AUTHORITY**

Defendants are again requesting a *Lone Pine* order requiring plaintiffs to produce case specific expert reports establishing specific causation between defective Digitek tablets and individual plaintiff's injury claims. This request was previously considered and denied by this Court earlier this year. *In re Digitek Product Liability Litigation*, 264 F.R.D. 249 (S.D. West Vir. 2010).

Defendants' request is unreasonable and unwarranted for several reasons. First, given

–1–

that there are approximately 35 cases left that opted out of the Digitek Settlement Agreement, this is not the type of mass-tort situation warranting the extraordinary remedy of a *Lone Pine* order. *Compare*, *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 604 fn. 2 (5th Cir. 2006).

Second, it would be inequitable to require "what is essentially a merits determination akin to a summary judgment without the corresponding protections offered by Rule 56 and the mutual discovery processes found in Rules 26 through 37." *In re Digitek Product Liability Litigation*, 264 F.R.D. at 254. No deviation from the normal procedural rules are justified and the remaining cases should be litigated on their own merits as though they were just filed. This is especially true given that the Defendants have already received detailed information about many of the remaining plaintiffs' cases including (a) the plaintiff's medical records and Digitek Plaintiff Fact Sheets, (b) fact specific discovery about causation in a few of the remaining cases including depositions of treating doctors and coroners and, (c) for the Group 1 cases, expert causation reports. Thus, since the primary purpose of a *Lone Pine* order is to "identify and cull potentially meritless claims" the Defendants already have everything they reasonably need to accomplish that task. *See McManaway v. KBY, Inc.* 265 F.R.D. 384, 385 (S.D. Ind. 2009). In all fairness, the remaining plaintiffs should be given an opportunity to conduct discovery and investigation and work up their cases, presenting their expert reports in due course as required by the Federal Rules of Civil Procedure. See e.g. Fed. R. Civ. Proc. 26(a)(2) - expert reports due 90 days before trial.

Third, it would be impossible for these plaintiffs to prepare, in less than one month's time, an expert report establishing causation. After all, the majority of the remaining plaintiffs' cases have been subject to a stay order and they justifiably put their own cases on hold pending the completion of the general discovery by the Plaintiffs' Steering Committee. Plaintiffs' attorneys could not have anticipated this sudden turn of events and their prior commitments to other clients

–2–

prevent them from devoting the time and resources necessary to quickly prepare expert reports. (See e.g. Declaration of Don Ernst, filed separately, who is in trial or preparing for trial much of the time for the next seven months.) Such reliance was justified since the Plaintiffs' Steering Committee has not completed general discovery and the first case was not scheduled to be tried until January 2011. (PTO #50.) When the stay is lifted, the plaintiffs can and will begin actively litigating their cases. But this cannot happen on the abbreviated time schedule sought by the Defendants.

Based on the foregoing plaintiffs ask that the Court deny Defendants' motion requiring the submission of early expert reports establishing causation. Plaintiffs further request that the Court deny any request by Defendants at the upcoming Docketing Conference to conduct a *Daubert* hearing on an expedited schedule. There are just 35 cases remaining and there is no compelling reason to modify the normal rules of civil procedure. Indeed, it is anticipated that at least some of the remaining plaintiffs will be seeking to have their cases remanded to their home state and/or seek a change of venue for the convenience of the parties and witnesses. The Court should be given an opportunity to address these types of motions before entering scheduling orders for the cases.

/ / /

/ / /

As a general guideline, plaintiffs request that motions for remand and/or change of venue be filed on or before December 17, 2010. Following that, for any cases that remain in this Court, Plaintiffs ask that the Court set a discovery cut-off date for September 30, 2011 and a trial date for late November or December of 2011.

DATED:   November 5, 2010

                            Respectfully submitted,

                            On Behalf of the Plaintiffs' Steering Committee

                            /s Fred Thompson, III Esq.
                            Fred Thompson, III, Esq.
                            Motley Rice, LLC
                            28 Bridgeside Blvd.
                            Mt. Pleasant, SC 29464
                            ***Co-Lead Counsel***

                            Carl N. Frankovitch, Esq.
                            Frankovitch, Anetakis, Colantonio & Simon
                            337 Penco Road
                            Weirton, WV26062
                            ***Co-Lead Counsel***

                            Harry F. Bell, Jr. Esq.
                            Bell Law Firm, PLLC
                            P.O. Box 1723
                            Charleston, WV 25326
                            ***Co-Lead and Liaison Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2010, I or an employee under my control electronically filed the foregoing PLAINTIFFS' COORDINATED RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF A SCHEDULING ORDER with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED: November 5, 2010

/s Fred Thompson, III Esq.
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
***Co-Lead Counsel***