UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| KATHY McCORNACK, et al.; | THIS DOCUMENT RELATES TO: |
| Plaintiffs, | MDL Case No: 2:08-md-1968, and Case No.  2:09-cv-0671 |
| v. | DECLARATION OF DON A. ERNST IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A SCHEDULING ORDER |
| ACTAVIS TOTOWA, LLC, et al.. | |
| Defendants. | |
| _____/ | |

### DECLARATION OF DON A. ERNST

I, DON A. ERNST, declare:

1.	I am an attorney authorized to practice law in the United States District Court for the Southern District of West Virginia and licensed to practice law in the courts of the State of California. I am a principal at Ernst & Mattison and represent Plaintiffs Kathy McCornack, Daniel McCornack, and Ralph McCornack in the above captioned litigation. I submit this declaration in Opposition to Defendants' Motion for Entry of  a Scheduling Order. The following facts are based upon my personal knowledge and review of the file, and if called upon to testify, I would and could testify to the matters herein.

2.      On June 9, 2009 Plaintiffs filed a wrongful death complaint in this Court alleging that Defendants were liable for the death of Daniel McCornack, Sr., who died as a result of digoxin toxicity.  This is a signficant wrongful death case.  The deceased was just 45 years old when he died and is survived by his wife and two young children.  The wage loss to his family is $1.8 million dollars and both the finanical and emotional effect on the family has been devastating.

3.      Defendants already possess significant evidence that Daniel McCornack, Sr. died of digoxin toxicity.  For example, Defendants deposed the deceased treating doctor and the coroner, who both testified that Mr. McCornack died as a result of digoxin toxicity.  Also, on June 26, 2009 Plaintiffs' signed and thereafter submitted a detailed Amended Digitek Plaintiff Fact Sheet to Defendants.  Plaintiffs also signed medical authorizations requested by the Defendants giving them access to all of the deceased's medical records.

4.      On August 5, 2009 the Court listed this case as one of 10 cases selected for Trial Group One.

5.      On November 24, 2009 the Court selected five cases for trial.  This case was <u>not</u> one of the cases selected for trial.  During the negotiations and hearings leading up to the selection of the five trial cases, defense counsel argued that this case should not be included as one of the initial trial cases.  Defendants argued that the evidence concerning the death of Daniel McCornack, Sr. caused by digoxin toxicity was unlike many of the other cases and that it was not a representative case.

6.      Plaintiffs' counsel tried on several occasions to depose key defense witnesses but was rebuffed each time.  For example, on October 8, 2009 defense counsel wrote a letter to

Plaintiffs' counsel essentially objecting to various depositions requested by Plaintiffs as outside the scope of limited discovery allowed by the Court. The depositions never went forward. A true and correct copy of the October 8, 2009 letter is attached as Exhibit A to this Declaration. Likewise on March 17, 2010, defense counsel wrote to Plaintiffs' counsel expressing his opinion that the Pretrial Order #50 deadlines for the close of fact discovery and production of expert reports did <u>not</u> apply to the *McCornack* case. A true and correct copy of the March 10, 2010 letter is attached as Exhibit B to this Declaration.

7. Defendants' request that expert reports on causation be submitted by December 1, 2010 comes as a complete surprise to me and it would be impossible for me to coordinate the preparation of an expert report within that time frame. Among other things I need to locate and retain a qualified expert, have him or her review the thousands of pages of documents generated in the MDL litigation, conduct necessary research, and review all case related depositions, discovery responses, and medical records. In addition, in order to properly prosecute this case I need to take several depositions of defendants' employees and persons most knowledgeable who have not yet been deposed. I anticipate this information will be important to my expert before rendering his or her opinion about causation. Given both the short amount of days remaining before December 1, 2010 and my current trial schedule, I cannot accomplish these tasks in the time frame proposed by the Defendants.

8. I anticipate having to make three or more trips to the east coast to take depositions and conduct investigations. I also expect to propound discovery requests on Defendants. I also need to thoroughly review the documents and discovery previously produced in the MDL litigation. I estimate that I need 10-12 months to accomplish these tasks.

9. My availability of the next 7 months is extremely limited. I am lead and/or co-lead trial counsel for all cases currently being prosecuted by my firm and my trial calendar for the next 7 months including the following:

A. *Stephens v. American Equity* - Class action insurance fraud case. Trial is scheduled to begin November 1, 2010 and is expected to last 20-30 court days.

B. *Fink v. Wilson* - Personal injury case. Trial is scheduled to begin November 8, 2010 and last 7-10 court days.

C. *Franklin v. Moffit* - Personal injury case in Oregon. Trial is scheduled to begin January 19, 2011 and last 7-10 court days.

D. *Howard v. GAF* - A major products liability case. Trial is scheduled to begin February 7, 2011 and last 21-30 court days.

E. *Williams v. Gonzalez* - Wrongful death case. Trial is scheduled to begin February 22, 2011 and last 10-14 court days.

F. *Phillips v. Pacific Industrial Electric* - Personal injury case. Trial is scheduled to begin February 22, 2011 and last 10-14 court days.

G. *Merzoyan v. Jolly* - Personal injury case. Trial is scheduled to begin April 18, 2011 and last 10-14 court days.

H. *Sartain v. Neher* - Personal injury case. Trial is scheduled to begin April 25, 2011 and last 10-14 court days.

I. *Smiley v. Tellez* - Personal injury case. Trial is scheduled to begin April 18, 2011 and last 10-14 court days.

10. In addition to the actual trial time, all of these cases are in the middle of discovery and consequently my availability is extremely limited over the next 7 months. Indeed, between now and December 1, 2010 I have scheduled 12 depositions, multiple court hearings, witness interviews, and expect at least one mediations to occur. I am also scheduled to be a speaker at a week-long attorney's convention out-of-state at the end of November.

11. Based on the above commitments, it is not possible to have an expert report in this case prepared by December 1, 2010. If the Court is inclined to grant Defendant's request, I ask that the Court give me until at least September 1, 2011 to submit an expert report on causation.

I declare under penalty of perjury pursuant to the laws of the State of West Virginia that the foregoing is true and correct and that this Declaration was signed on November 4, 2010 in San Luis Obispo, California.

DATED: November 5, 2010        /s/ Don E. Ernst
                               Don A. Ernst (CA. SBN 065726)
                               Attorneys for Plaintiffs
                               Ernst & Mattison, ALC
                               1020 Palm Street
                               San Luis Obispo, CA. 93401
                               Tel: 805-541-0300
                               Fax: 805-541-5168
                               e-mail: dae@emlaw.us

10/8/2009 3:34:43 PM        Faehner, Renette C.        216-696-4290        Page 2



# TUCKER ELLIS & WEST LLP
### ATTORNEYS AT LAW

1150 Huntington Bldg.  925 Euclid Avenue  Cleveland, Ohio  44115-1414
phone 216.592.5000  facsimile 216.592.5009  tuckerellis.com

CLEVELAND    COLUMBUS    DENVER    LOS ANGELES    SAN FRANCISCO

Direct Dial: 216.696.2276
Email: matthew.moriarty@tuckerellis.com

October 8, 2009

Via Facsimile 713-223-0001

Jimmy Williamson
Williamson & Rusnak
4310 Yoakum Blvd.
Houston, TX 77006

Via Facsimile 805-541-5168
and E-mail dae@emlaw.us

Don A. Ernst, Esq.
Ernst & Mattison, ALC
1020 Palm Street
San Luis Obispo, CA 93401

Re:  *Scottie Vega, Individually and as next friend of Christopher Vega, a minor and surviving natural child of Mimi Rivera-Vega, v. Actavis Totowa, LLC*

*Kathy McCornack, an individual; Daniel E. McCornack, Jr., an individual; and Ralph J. McCornack, a minor by and through his mother and next friend Kathy McCornack v. Actavis Totowa, LLC, a New Jersey corporation, et al.*

Gentlemen:

    This letter is to follow-up on discussions that the defense had with the PSC last week, to follow-up on Mr. Williamson's letter of September 30, 2009, and to follow-up on my and Alicia Donahue's discussions with Don Ernst when we were in California together on October 5, 2009. (I have enclosed a copy of Mr. Williamson's letter for Don Ernst's convenience.)

    Both of you want certain discovery of the defendants in your trial cases. Although what you are requesting is not exactly the same, it boils down to this: for the most part, when you seek witnesses from Actavis or Mylan, you are seeking corporate witnesses that the defense does not believe constitute "basic fact discovery" in your cases. There are some exceptions to that statement, such as whether Actavis has a pre-suit AER about your client.

    Everyone recognizes that there are some competing interests here. You want to advance certain aspects of your cases, while the defense and the PSC, having been involved in the negotiations over PTO #16 and talking with the Judges about these issues generally, know that the Court's strong preference is that these depositions only take place once. The PSC has been hesitant to take important company witness depositions until they have full document production. Further, our discussions on these issues have to fall within the broader context of the discussions we had with the PSC last week about extending some discovery deadlines. We received the PSC's proposal in this regard on Tuesday, and replied yesterday. E-mail

073021.000576\1068581

Exh A-01



## TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

October 8, 2009
Page 2

negotiations have continued today. The defense is generally amenable to extending corporate witness depositions beyond the existing deadlines, and is at least open to some extension of "basic fact discovery" in the trial cases.

Let me point out two several specific examples to illustrate the situation and, hopefully, guide our future discussions.

Mr. Williamson has asked for witnesses who can testify about sales of Digitek® to specific pharmacies and hospitals. I have already told him that Actavis has no such witnesses, and we will be answering his written discovery in this regard. I will let Mylan talk with Mr. Williamson about whether they have such witnesses. Our view is that this could possibly constitute basic fact discovery. Yet Mr. Williamson has now issued a notice of deposition which includes that issue, as well as others that are more general, and is not "basic fact discovery" applicable only to the Vega case. (His notice is attached. We have noone for 1, 2 and 5, and 3, 6 and 7 are not "basic fact discovery.")

Mr. Ernst has asked for depositions in a variety of categories, but in my view the one that concerns him the most is finding an Actavis witness who can testify about why .250 mg. Digitek® was recalled. In our view that is clearly a company witness deposition that does not fall under basic fact discovery and, hence, need not be completed in the 90 day window or whatever additional time we allot for basic fact discovery. This falls into the category of the type of corporate witness that the PSC has deliberately avoided until such time as they are comfortable that they have all the documents they are going to get in this litigation.

I suggest we schedule a meet and confer of the defense and the PSC, and include the two of you in the discussion. If we are going to the Court for an extension of PTO #16 deadlines, and the consensus is that the trial case deadlines should be extended, then we should not do this piece-meal.

073021.000576\1068581

Exh A-02

Case 2:08-md-01968   Document 398   Filed 11/05/10   Page 8 of 11 PageID #: 4797

10/8/2009 3:34:43 PM    Faehner, Renette C.    216-696-4290    Page 4



# Tucker Ellis & West LLP
ATTORNEYS AT LAW

October 8, 2009
Page 3

Thank you very much for your time and consideration. I propose sometime this Friday (tomorrow) for such a conference.

Very truly yours,

Matthew P. Moriarty

MPM:rcf

Cc:  Shelly A. Sanford (Facsimile 713-524-6611)
     Fred Thompson
     Carl Frankovitch
     Harry Bell
     Ericka Downie
     Rebecca Betts
     Dick Dean
     Kristen Mayer
     Michael Anderton
     Hunter Ahern
     Harvey Kaplan
     Alicia Donahue

073021.000576\1068581

Exh A-03

3/17/2010 2:30:01 PM        Faehner, Renette C.        216-696-2296        Page 2



# TUCKER ELLIS & WEST LLP
### ATTORNEYS AT LAW

1150 Huntington Bldg. 925 Euclid Avenue Cleveland, Ohio 44115-1414
phone 216.592.5000 facsimile 216.592.5009 tuckerellis.com

CLEVELAND   COLUMBUS   DENVER   LOS ANGELES   SAN FRANCISCO

Direct Dial: 216.696.2276
Email: matthew.moriarty@tuckerellis.com

March 17, 2010

Via Facsimile 805-541-5168
and E-mail dae@emlaw.us

Don A. Ernst, Esq.
Ernst & Mattison, ALC
1020 Palm Street
San Luis Obispo, CA 93401

Via Facsimile 949-724-3000
and E-mail dkledgard@capretz.com

Don K. Ledgard, Esq.
Capretz & Associates
5000 Birch Street
West Tower, Suite 2500
Newport Beach, CA 92660

Re:  *Kathy McCornack, an individual; Daniel E. McCornack, Jr., an individual; and Ralph J. McCornack, a minor by and through his mother and next friend Kathy McCornack v. Actavis Totowa, LLC, a New Jersey corporation, et al.*

And

*Christine A. Pane, individually and as daughter of Helen Gilmore, deceased, and on behalf of herself and on behalf of Robert G. Walker and Cary A. Walker, sons of Helen Gilmore, deceased v. Actavis Totowa LLC, et al.*

Gentlemen:

I would like to close the loop on some protracted discussions that we have had over the last few months.

On March 2, 2010, the PSC asked the Court for clarification about the application of the PTO #50 deadlines. Specifically, that letter states:

> "...each individual plaintiff will be responsible for the specific causation expert report that relates to their case. As only the five cases selected for trial have gone through case specific discovery and physician depositions, only those five cases are required to turn in specific causation expert reports by the deadline set out by PTO #50."

On March 3, 2010, the Court responded by e-mail, indicating its agreement with the PSC's letter.

073021.000530\1120001

Exhibit B-01



# TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

Therefore, Defendants believe that the PTO #50 deadlines for the close of fact discovery and the production of case specific expert reports do not apply to your cases. It makes no sense to close fact discovery the first week of April, but have the production of expert reports dangling to some indefinite date into the future.

Please contact either me or the PSC immediately if you disagree with their letter, the Court's agreement with their letter, or my interpretation of this situation.

Very truly yours,

Matthew P. Moriarty

MPM:rcf

Cc: Dick Dean
Ericka Downie
Madeleine McDonough
Rebecca Betts
Fred Thompson
Carl Frankovitch
Harry Bell

073021.000530\1120001

Exhibit B-02

## CERTIFICATE OF SERVICE

      I hereby certify that on November 4, 2010, I or an employee under my control electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED: November 5, 2010        /s/ Don E. Ernst
      Don A. Ernst (CA. SBN 065726)
      Attorneys for Plaintiffs
      Ernst & Mattison, ALC
      1020 Palm Street
      San Luis Obispo, CA. 93401
      Tel: 805-541-0300
      Fax: 805-541-5168
      e-mail: dae@emlaw.us