IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
          LITIGATION                                                MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

## DEFENDANTS' REPLY TO PLAINTIFFS' SHOW CAUSE RESPONSES

In the wake of the mandatory case management conference which was held in Charleston on November 17, 2010, the Court issued show cause orders in seven different cases.  The Plaintiffs have filed responses in all seven of them.  The Defendants submit this collective reply to the Plaintiffs' pleadings and affidavits.

In general, the Plaintiffs' lawyers have offered a variety of explanations for why they did not appear at the mandatory conference on November 17, 2010 most being neglect and calendar oversight.  The Defendants have no comment about whether those explanations constitute good cause sufficient to avoid imposition of a sanction.  The more important thing for the Defendants to know, however, is whether these cases are going to be prosecuted or dismissed.  For example:

- **Sheahan:** Mr. Lambert – counsel of record – says only that he "referred" the case to Mr. Miller. Mr. Miller has explained he is associated on the case that he intended to opt "100% of our clients" into the settlement. What neither he nor Mr. Lambert has explained, however, is whether they are going to prosecute that case and, if so, which lawyers will do so.

- In the **Spargifiore** case, the family needs more time to decide whether to prosecute the case. Defendants would be happy to accept a dismissal for Plaintiffs to avoid a sanction, but need some decision soon on whether the case will proceed and whether Mr. Braddock's firm will be responsible for the PTO #70 deadlines.

- In the **Smith** case, there are several problems. First, since they did not file the lawsuit until October 11, 2010, they were not eligible for the settlement in the first place. While they may have "intended" to settle, they had no reasonable basis to believe they could, and never asked the Defendants or PSC before October 15, 2010 if they could nonetheless opt in. Nor did they do so before the November 17, 2010 hearing.

- In **Mosely**, Mr. Miller says he intended to opt in "100%" of his cases. Then he says this one opted out, but he did not appear in Charleston. The Defendants need to know what he intends to do with the case going forward.

- In **Atkinson**, Mr. Kirchmer makes the puzzling statement that he "...was under the mistaken impression that all three of Counsel's opt-out cases were unfiled cases that would in fact never be filed (at the client's election)…" If they did not intend to file the cases to begin with, are they now going to dismiss them? They do not say. If they do dismiss them Defendants support no sanction.

- In **Pane**, apparently an unauthorized family member filed an opt out form. Defendants assume Plaintiff will correct this and opt into the settlement.

- Finally, in **Platzner**, the lawyers say they did not know their own client submitted an opt out form, and this apparently results from a family dispute over whether to do so. The Plaintiffs are not explicit about how or when this will be resolved.

Defendants simply need to know, and soon, how many cases are on the docket and subject to PTO #70 deadlines. In addition to whatever rulings the Court deems appropriate on sanctions, Defendants ask that the Court enter an order requiring that counsel in the cases which

opted out of the settlement and did not appear at the November 17 hearing to inform the Court and Defendants by December 10 if they intend to proceed with their cases.

Respectfully submitted,

ALLEN GUTHRIE & THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:     (304) 345-7250
Fax:    (304) 345-9941
E-mail:  rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:     (816) 559-2214
Fax:    (816) 421-5547
E-mail:  hkaplan@shb.com
E-mail:  mmcdonough@shb.com

*Attorneys for Mylan, Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Matthew P. Moriarty*
    Richard A. Dean (Ohio Bar #0013165),
    CO-LEAD COUNSEL
    Matthew P. Moriarty (WV Bar # 4571;
    Ohio Bar 0028389), CO-LEAD COUNSEL
    Kristen L. Mayer (Ohio Bar #0055505)
    925 Euclid Avenue, Suite 1150
    Cleveland, Ohio  44115-1414
    Tel:     (216) 592-5000
    Fax:    (216) 592-5009
    E-mail:richard.dean@tuckerellis.com
              matthew.moriarty@tuckerellis.com
              kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2010, a copy of the foregoing "Defendants' Reply to Plaintiffs' Show Cause Responses" was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

TUCKER ELLIS & WEST LLP

By: s/*Matthew P. Moriarty*
Richard A. Dean (Ohio Bar #0013165),
CO-LEAD COUNSEL
Matthew P. Moriarty (WV Bar # 4571;
Ohio Bar 0028389), CO-LEAD COUNSEL
Kristen L. Mayer (Ohio Bar #0055505)
925 Euclid Avenue, Suite 1150
Cleveland, Ohio  44115-1414
Tel:     (216) 592-5000
Fax:     (216) 592-5009
E-mail: richard.dean@tuckerellis.com
matthew.moriarty@tuckerellis.com
kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

073021.000031.1182030