IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

```
------------------------------------------------------------:
                                                            :
IN RE: DIGITEK                                              :
        PRODUCTS LIABILITY LITIGATION  :
                                                            :
                                                            :    MDL NO.  1968
------------------------------------------------------------:
```

DECLARATION OF DIANNE M. NAST IN SUPPORT OF
RODANAST, P.C.'S APPLICATION FOR FEES AND EXPENSES

I, Dianne M. Nast, declare and state as follows:

1.     I am a Senior Shareholder of RodaNast, P.C.  I submit this declaration in

support of the firm's application for fees and reimbursement of expenses in connection

with common benefit services rendered in prosecuting this action.

2.     RodaNast, P.C. Senior Attorney Daniel N. Gallucci was appointed to the

Plaintiffs Steering Committee ("PSC") in November 2008.  Prior to his appointment,

Mr. Gallucci actively participated in Plaintiffs meetings and conference calls.  In

addition to his appointment to the PSC, Mr. Gallucci is a member of the Digitek

Discovery Committee.

3.     The attorneys and paralegals of the firm contributed a total of 365.80

common benefit hours from August 13, 2008, the date of JPMDL transfer, to

November 30, 2010, with a lodestar at current hourly rates of $149,019.50.  From the

inception of the case to August 12, 2008 (pre-MDL transfer), the firm contributed a

total of 5.9 hours, with a lodestar at current hourly rates of $2,714.50.  The common

benefit hours worked by each firm employee are as follows:

| Name | Hours | Current Rates | Lodestar |
|---|---|---|---|
| **MDL PARTNER** | | | |
| Dianne M. Nast | 26.60 | $ 650.00 | $ 17,290.00 |
| | | | |
| **MDL SENIOR ASSOCIATE** | | | |
| Daniel N. Gallucci | 264.25 | $ 445.00 | $ 117,591.25 |
| Jennifer S. Snyder | 0.60 | 445.00 | 267.00 |
| Joanne E. Matusko | 15.70 | 430.00 | 6,751.00 |
| | | | |
| **TOTAL MDL ATTORNEY** | 307.15 | | $ 141,899.25 |
| | | | |
| **MDL PARALEGAL** | | | |
| Hollie M. DeFilippo | 25.65 | $ 165.00 | $ 4,232.25 |
| Amber N. Halsted | 37.00 | 145.00 | 5,365.00 |
| Karen A. Moyers | 1.90 | 125.00 | 237.50 |
| | | | |
| **TOTAL MDL PARALEGAL** | 64.55 | | $ 9,834.75 |
| | | | |
| **TOTAL MDL HOURS/LODESTAR** | 371.70 | | $ 151,734.00 |

The aggregate time for the firm from inception of the litigation through November 30, 2010 is 371.70 hours with a current lodestar of $151,734.00. The firm's daily, contemporaneously-maintained time records are available upon request and will be tendered immediately in response to such request.

Additionally, the firm has a total of $29,679.65 in unreimbursed MDL Common Benefit Held Expenses in connection with the prosecution of this litigation. The expense detail is as follows:

| Description | Cumulative Total |
|---|---|
| Assessments | $ 25,000.00 |
| Internal Reproduction/Copies | 19.50 |
| Computer Research | 30.64 |
| Postage/Express Delivery/Messenger | 55.53 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | 4,174.99 |
| Digitek Litigation Group Dues | 375.00 |
| Third party conference calls | 23.99 |
| | |
| TOTAL MDL HELD EXPENSES | $ 29,679.65 |

4.     The following summarizes this firm's contribution to the litigation. Detailed information is contained in the firm's daily time records, which were timely submitted to Plaintiffs' Liaison Counsel.

5.     Prior to MDL transfer, Attorney Daniel N. Gallucci and I actively participated in Plaintiffs' meetings and conference calls. After transfer, Mr. Gallucci attended Plaintiffs' meetings in Chicago and Houston and attended Status Conferences in West Virginia. Attorney Joanne E. Matusko attended a settlement conference in Philadelphia on August 19, 2010.

6.     Mr. Gallucci, Ms. Matusko and I participated in numerous conference calls and worked on assigned briefing and other written projects. By way of example, Mr. Gallucci participated in preparation of the response to Defendants' Rule 12 Motions; Plaintiffs' response to Defendants Motion to Dismiss Counts Five and Eighteen of the Master Complaint; the Master Complaint and Complaint by Adoption; a protocol for the inspection and testing of the recalled pills; and the Digitek Tolling Agreement.

3

7.    The firm's attorneys also worked on assigned discovery projects.  Mr. Gallucci participated in preparation of the Protective Order; Interrogatories and Requests for Production of Documents; Preservation Order; Plaintiffs' Fact Sheet; the response to Defendants' Lone Pine Motion; and the Brief in Opposition to Rule 11 Sanctions.

8.    Additionally, Senior Attorney Jennifer S. Snyder participated in a research project regarding Notice to Class Members.

9.    Excluding the work undertaken by the paralegal staff in support of the PSC-assigned attorney work described above, RodaNast, P.C. committed 302.25 attorney hours to this case with a corresponding lodestar at current rates of $139,349.75.

10.    The hourly rates for the shareholders, other attorneys and professional support staff are the same as the usual and customary hourly rates charged for their services in non-contingent matters and have been accepted and approved in multiple other litigations.   Attached as Exhibit 1 is a brief firm biography.

11.    This firm made a financial contribution, incurring $29,662.54 in unreimbursed expenses in connection with the prosecution of this litigation from August 13, 2008 (the date of MDL transfer) to November 30, 2010.  The firm incurred $17.11 in expenses from the inception of the case through August 12, 2008.  The aggregate total of all expenses is $29,679.65.  The expenses incurred are reflected on the firm's books and records that are prepared from expense vouchers, check records and other source materials and represent an accurate record of expenses incurred.

Executed on this 11th day of February 2011 at Lancaster, Pennsylvania.

February 11, 2011

Dianne M. Nast
Daniel N. Gallucci
Joanne E. Matusko
RodaNast, P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Telephone: (717)892-3000
Facsimile: (717) 892-1200
dnast@rodanast.com

# Exhibit 1

RODANAST, P.C.
ATTORNEYS AT LAW
801 ESTELLE DRIVE
LANCASTER, PENNSYLVANIA 17601
TELEPHONE: (717) 892-3000
FACSIMILE: (717) 892-1200
EMAIL: rodanast@rodanast.com
WEBSITE: www.rodanast.com

## FIRM BIOGRAPHY

RodaNast, P.C. concentrates its practice in civil cases involving serious loss and damage. It represents persons throughout the United States in class actions and individual litigation, in matters such as antitrust, consumer protection, insurance, commercial disputes, product liability, and personal injury.

RodaNast's attorneys are recognized as leaders in their fields and have received national recognition for their work. Their curricula vitae follow below.

RodaNast, P.C. was established in 1980 as Joseph F. Roda, P.C., and became RodaNast, P.C. in 1995, when Dianne M. Nast, then a shareholder in the law firm of Kohn, Nast & Graf, P.C. in Philadelphia, joined RodaNast, P.C. as a senior shareholder.

## ATTORNEYS

**Joseph F. Roda** is a *magna cum laude* graduate of Harvard College and the University of Pennsylvania Law School, and is a founding shareholder of RodaNast, P.C. He is a Fellow in both the American College of Trial Lawyers and the International Academy of Trial Lawyers. He is listed in *The Best Lawyers in America*, and in each of the past four years has been selected by his peers as one of the top 100 lawyers in the state.

Mr. Roda's practice is limited to litigation and civil trials of individual and class actions. He has been named lead or co-lead counsel in many class actions, and has successfully tried many cases, including commercial, insurance, product liability, personal injury and professional negligence matters. His cases frequently involve

1

companies that are among the largest in the United States, and in a number of cases he has achieved verdicts that were, for the type of case involved, the highest or among the highest recorded to that point in the jurisdiction where the case was tried.

Mr. Roda has served on the Chief Judge's Advisory Committee for the Eastern District of Pennsylvania, as well as in the House of Delegates of the Pennsylvania Bar Association and as a Hearing Committee member for the Disciplinary Board of the Pennsylvania Supreme Court. He has twice been named Chairman of the Governor's Nominating Commission to recommend judicial candidates for vacancies occurring on the Lancaster County Court of Common Pleas.

**Dianne M. Nast**, a founding shareholder, is a *magna cum laude* graduate of Rutgers University School of Law. From 1976 to 1995, she was a shareholder with the Philadelphia law firm of Kohn, Nast & Graf, P.C. (now Kohn, Swift & Graf, P.C.).

Ms. Nast has been named by *Philadelphia Magazine* as one of Pennsylvania's top fifty women attorneys. She is included in *The Best Lawyers in America*, in every edition since 2003. *The National Law Journal* has selected Ms. Nast as one of the nation's top fifty women litigators.

Ms. Nast was appointed in 1998 by then Chief Justice William H. Rehnquist to a five-year term as Chair of the Board of Directors of the Federal Judicial Center Foundation. She served as a Director of the Federal Judicial Center Foundation from 1992 until 2002.

In January 2001, Judge Edward Becker, then Chief Judge of the United States Court of Appeals for the Third Circuit, appointed Ms. Nast to serve as a member of the fifteen-member Third Circuit Task Force on Selection of Class Counsel.

Ms. Nast chaired the Lawyers Advisory Committee for the United States Court of Appeals for the Third Circuit and served a three-year term on that Committee. She served on the Third Circuit's Committee on Revision of Judicial Conduct Rules of the Judicial Council and on the Judicial Conference Long Range Planning Committee.

Ms. Nast has served as Lawyer Chair of the Judicial Conference of the United States Court of Appeals for the Third Circuit. She is a member of the Historical Society of the Third Circuit, and chaired the Circuit's Centennial Celebration.

She was appointed by the late Chief Judge Alfred L. Luongo to Chair the Eastern District of Pennsylvania's Lawyers Advisory Committee, and served for four years in that position. She served for three years as President of The Historical Society for the United States District Court for the Eastern District of Pennsylvania and served for three years as Editor of the Society's Historical Calendar.

She is a member of the American Bar Association Litigation Section, where she has served on the Task Force on State Justice Initiatives, the Task Force on the State of the Justice System and the Task Force on Strategic Planning. She served a three-year term on the Section's Council, served as a Section Division Director, and co-chaired the Section's Antitrust Committee. She served as a Delegate to the American Bar Association House of Delegates and the Pennsylvania Bar Association House of Delegates. She served as a member of the Philadelphia Bar Association Board of Governors. She is a member of the Public Justice Foundation.

In July 2004, Ms. Nast was selected by The American Law Institute to serve as an Adviser for the ALI's Principles of the Law of Aggregate Litigation Project.

She served six years as a Director on the Board of the Public Defender's Office of Philadelphia.

She is a member of the Board of Directors for Pennsylvania's Center for Research on Women and Newborn Health and serves as President of the Foundation's Board. She is a member of Lancaster Catholic High School's Board of Directors.

**Daniel N. Gallucci** received his Bachelor of Arts in History from Gettysburg College and his Juris Doctorate from the Dickinson School of Law of the Pennsylvania State University, where he was a member of the Woolsack Honor Society and the National Trial Moot Court Team. He was Articles Editor of *The Dickinson Law Review* and received the Best Case Note Award in the 1996-97 Law Review Competition. He also received the Conrad A. and Rocco C. Falvello Memorial Award for Diligence and

Progress and was named to the Order of Barristers for Excellence in Courtroom Advocacy.

Before joining RodaNast, P.C., he was a law clerk to the Honorable Michael A. Georgelis, President Judge of the Court of Common Pleas of Lancaster County.

He is a member of the American, Pennsylvania and Lancaster Bar Associations, the American Association for Justice, in which he serves on multiple committees, and the Pennsylvania Association for Justice..

Mr. Gallucci has tried jury cases involving medical malpractice and wrongful death, and won the third largest jury verdict in the history of Lancaster County, Pennsylvania. He was lead attorney in what is believed to be the largest settlement in United States history for prescription long-acting beta antagonists, one of the most frequently prescribed asthma drugs.

He has been selected for the Plaintiffs' Executive Committees in cases involving the drugs Heparin and Digitek, and as Co-liaison counsel in Pennsylvania state court litigation involving the drug Yaz. He has also served on multidistrict litigation committees relating to Welding Rods, Vioxx, Baycol and Accutane. He has participated as an advocate and presiding officer in multiple arbitrations, and helped to negotiate a $70 million Serzone class action settlement.

Mr. Gallucci has been selected by his peers as a Super Lawyer in Pennsylvania. He was also chosen by *Philadelphia Magazine* as a Rising Star attorney in Pennsylvania.

Mr. Gallucci frequently serves as a seminar instructor and principal speaker for the Pennsylvania Association for Justice's Continuing Legal Education program. He serves as a Moot Court Judge for the Dickinson School of Law Advocacy Program and as a Chair of the Lancaster Bar Association's Trial Committee since 2002.

In 2006, RodaNast, P.C. received the Michael G. Nast Access to Justice Award in recognition of *pro bono* work undertaken by Mr. Gallucci and two of his colleagues, including Ms. Matusko.

**Jennifer S. Snyder** received her Bachelor of Arts, *magna cum laude*, from Wellesley College in 1994 and her Juris Doctorate, *cum laude*, from Harvard Law School

in 2002. During law school, she served as an intern for the Navajo Nation Supreme Court and Environmental Defense. She was also a member of the *Harvard Environmental Law Review*, served as president of the Harvard Environmental Law Society and continues to participate in Harvard Law School's Environmental Working Group.

She is a member of the Pennsylvania and Lancaster Bar Associations. She is a member of the Pennsylvania Association for Justice and co-author of the Bad Faith Case Notes for that organization's newsletters. She is also a member of Phi Beta Kappa.

**Joanne E. Matusko** received her Bachelor of Science from Beaver College and her Juris Doctorate from the Widener University School of Law, where she received a Certificate of Achievement Award for Insurance Law and was a member of the Moot Court team. She also holds an MBA degree from Lebanon Valley College and an Associate's degree in medical technology.

She is a member of the American and Lancaster Bar Associations, as well as the Alumni Associations of Beaver College, Lebanon Valley College and Widener University School of Law. Ms. Matusko is also a member of the Clinical Laboratory Management Association and is an associate member of the American Society of Clinical Pathologists.

Prior to joining RodaNast, P.C., she worked as Director of Laboratory Services at a local hospital and was an Adjunct Instructor of Laboratory Sciences at Thomas Jefferson University College of Allied Health Professions. She is currently an Adjunct Professor at Central Pennsylvania College and Harrisburg Area Community College teaching business, legal, and healthcare classes.

In 2006, RodaNast, P.C. received the Michael G. Nast Access to Justice Award in recognition of *pro bono* work undertaken by Ms. Matusko and two of her colleagues, including Mr. Gallucci.

CASES

RodaNast, P.C. has an extensive class action practice, in addition to its products liability, personal injury and bad faith insurance practice. An exemplar listing of some of the class actions in which Mr. Roda or Ms. Nast has served as Lead Counsel or Executive Committee Member includes the following:

> *Augmentin Antitrust Litigation (SAJ Distributors, Inc. and Stephen L. LaFrance Holdings, Inc. v. SmithKline Beecham Corp., d/b/a GlaxoSmithKline*, Civil Action No. 04-CV-23 (E.D. Va.)), before The Honorable Henry C. Morgan, Jr.

> *Brooks v. Educators Mutual Life Ins. Co.*, No. 00-CV-3860 (E.D. Pa.), before The Honorable Anita B. Brody.

> *Castano Tobacco Litigation*, Civil Action No. 94-1044 (E.D. La.), before The Honorable Okla Jones II.

> *Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.), before The Honorable Harvey Bartle III.

> *Foultz v. Erie Ins. Exch.*, No. 3053, February Term 2000 (Pa. C.C.P. Phila. Cty.), before The Honorable John W. Herron.

> *Goldman v. RadioShack Corp.*, No. 03-CV-0032 (E.D. Pa.), before The Honorable Juan R. Sanchez.

> *Highland Tank and Manufacturing Co. v. Bankers Standard Ins. Co.*, No. CI-00-10411 (Pa. C.C.P. Lancaster Cty.), before The Honorable Louis J. Farina.

> *Hypodermics Products Antitrust Litigation*, MDL No. 1730 (D.N.J.), before The Honorable Jose L. Linares.

> *Medtronic, Inc. Implantable Defibrillators Products Liability Litigation*, MDL No. 1726 (D. Minn.), before The Honorable James M. Rosenbaum.

> *Modafinil Antitrust Litigation*, Civil Action No. 06-CV-1797, (E.D. Pa.), before The Honorable R. Barclay Surrick.

*Ovcon Antitrust Litigation (SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 1:05cv02459 (D. D.C.)), before The Honorable Ellen Segal Huvelle.

*Paxil Antitrust Litigation (Nichols, et al. v. SmithKline Beecham Corp.*, Civil Action No. 00-6222 (E.D. Pa.)), before The Honorable John R. Padova.

*Serzone Products Liability Litigation,* MDL No. 1477 (S.D. W.Va.), before The Honorable Joseph R. Goodwin.

*Soders v. General Motors Corp.,* No. CI-00-04255 (Pa. C.C.P. Lancaster Cty.), before The Honorable Louis J. Farina.

*Unisys Corporation Medical Benefits ERISA Litigation,* MDL No. 969 (E.D. Pa.), before The Honorable Edward N. Cahn.

*Wellbutrin SR Antitrust Litigation (SAJ Distributors, Inc., et al. v. Smithkline Beecham Corp.*, Civil Action No. 04-5525 (E.D. Pa.)), before The Honorable Bruce W. Kauffman and, subsequently, The Honorable Lawrence F. Stengel.

IN RE: DIGITEK
     PRODUCTS LIABILITY LITIGATION

                                     **MDL NO. 1968**

------------------------------------------------------------------

**THIS DOCUMENT RELATES TO:**

**All actions**

<u>**Petition for Common Benefit Time and Expenses
of Zimmerman Reed, PLLP**</u>

In accordance with the Pre-Trial Orders 64 and 71, Stacy Hauer of Zimmerman Reed, PLLP, respectfully submits this petition for common benefit fees and expenses. Ms. Hauer submits time and expenses relating to common benefit work for MDL No. 1968 performed by herself or Zimmerman Reed staff pursuant to her direction. *See* Exhibit A attached to this petition. The time and expenses submitted in accordance with this fee petition reflect the considerable efforts put forth by Ms. Hauer that were authorized by the PSC, necessary, reasonable, non-duplicative and significant in advancing the common benefit of MDL No. 1968. As outlined below, Ms. Hauer's contribution as a PSC member played an important role in this litigation and the ultimate results obtained in this case by the Plaintiffs' leadership.

**I.**       <u>**Factors to take into consideration when approving Ms. Hauer's petition for Common Benefit Fees and Expenses**</u>

      1.   <u>Ms. Hauer's Experience, Skill and Ability Contributed to the Successful Resolution of MDL No. 1968</u>

Ms Hauer was appointed by this Court to the Plaintiffs' Steering Committee for MDL No. 1968 in Pre-Trial Order #4. Through its appointment the Court recognized Ms. Hauer's extensive experience in complex litigation, specifically pharmaceutical mass tort litigation. Ms. Hauer has served in several mass tort MDLs on various committees, including discovery,

document depository, law and briefing, science and experts, settlements, and deposition. Ms. Hauer has assumed leadership roles in In Re: Guidant Corp. Implantable Defibrillators, MDL 1708; In re: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, MDL 1905; In re: Medtronic, Inc., Implantable Defibrillators Product Liability Litigation, MDL 1726; and In Re: Zicam Cold Remedy Marketing, Sales Practices and Products Liability Litigation, MDL 2096. Ms. Hauer is highly respected by her colleagues as seen through this petition in her inclusion on several aspects of this successful MDL.

2. Ms. Hauer's Participation in Plaintiffs' Steering Committee Work Necessary to Achieve Successful Results

Ms. Hauer was an active and diligent member of the Plaintiffs' Steering Committee. She attended, in person, PSC meetings throughout the litigation and settlement process. Pursuant to the PSC's direction, Ms. Hauer furthered the common benefit work of the PSC through her: 1) contribution to litigation strategy discussions; 2) contribution to the motion to dismiss response drafting; 3) competent performance of legal research and analysis on topics requested by the PSC and/or Lead Counsel; 4) document review; 5) assistance to the discovery committee with discovery requests preparation and review, and 6) thorough scientific expert development and preparation. Ms. Hauer contributed to almost every aspect of this successful litigation. Ms. Hauer participated in strategy discussions both in person at PSC meetings but also through emails with Lead Counsel and other PSC members. She was a valuable member of the Expert and Science Committee (discussed further below) and provided unique insight into the pharmacological aspects of the involved claims.

3. Novelty and Difficulty of the Questions Raised

Ms. Hauer, in her role as a PSC member, was asked by the PSC to contribute to several difficult and complex litigation issues. Ms. Hauer provided research and analysis on novel and

difficult questions such as preservation of evidence, destructive testing of evidence, general causation, scientific analysis, and bellwether case vetting. Ms. Hauer contributed significantly to the research and brief writing for Plaintiffs' response to several aspects of Defendants' motion to dismiss including taking lead drafting on the complex issue of the Medicare Secondary Payor Act claims. Ms. Hauer was a valued contributor to the Plaintiffs' Leadership for insight and recommendations regarding pharmaceutical analysis and causation issues.

4. Skill Required to Properly Perform the Responsibilities Assigned to the PSC

Ms. Hauer's contribution to the common benefit came not only from her years of experience in mass tort complex litigation and handling the unique challenges of large scale consolidated pharmaceutical litigation but also from her experience and knowledge gathered during her education completing her Master's Degree from the College of Pharmacy at the University of Minnesota. Ms. Hauer's participation in the science and expert committee provided knowledge and insight the complex issue at the heart of this litigation. Ms. Hauer was able to provide instrumental guidance into the pharmacology aspects at the center of Plaintiffs' case. Such expertise also provided insight into other aspects of the litigation, such as providing precise search terms to allow for effective and efficient discovery requests to Defendants, input into negotiations regarding acceptable lab testing protocol and fundamental criteria necessary in bellwether case vetting.

5. Successful Result for MDL No. 1968 Plaintiffs

The efforts of the entire PSC and Plaintiffs' Leadership brought this case from early stages of multifaceted and intense discovery, through complex legal analysis and briefing, to a final successful resolution in which individuals will be fairly and justly compensated for the injuries they received as a result of their ingestion of Digitek. As detailed above, Ms. Hauer was

intimately involved in the whole process, providing key insight and input into several central aspects of the Plaintiffs' strategy and litigation.

### 6. Hourly Rate and Time Submission

Ms. Hauer has billed her hourly rate at $375.00 for this litigation, a rate that is customary within the field of mass tort attorneys and well within the reasonable expectations for an attorney with Ms Hauer's years of experience and standing.[1]  In addition, Ms. Hauer's hourly rate is below what has been recently allowed by other MDL courts across this nation. *See* In Re: Guidant Corp. Implantable Defibrillators, MDL 1708; In re: Medtronic, Inc., Implantable Defibrillators Product Liability Litigation, MDL 1726. Ms. Hauer's time submission reflects her efficient time management of her common benefit work on all aspects of this litigation.  Ms. Hauer's time was not duplicative or redundant of other PSC members.

## II.   **Conclusion**

In conclusion, Ms. Hauer's important contribution to the advancement of the litigation and common benefit of MDL 1968 support the award of the requested fees and a reasonable multiplier to Ms. Hauer's submission.  As described above: 1) Ms. Hauer was involved in the majority of key aspects of this litigation; 2) the work performed by Ms. Hauer was direct, efficient, and meaningful to the common benefit and ultimate successful resolution of this litigation; 3) Ms. Hauer was trusted by her fellow PSC member and Plaintiffs' Leadership to handle complex and integral aspects of this litigation such as expert development and motion to dismiss briefing; 4) Ms. Hauer played an active role in the activity and responsibilities of the Court-appointed PSC; and 5) Ms. Hauer's background provided vital insight and knowledge to the Plaintiffs' Leadership in litigation and settlement process.  Therefore, Ms. Hauer requests the

---

[1] Hourly rates for other members of the Zimmerman Reed team are also within reasonable expectations: Mr. Charles S. Zimmerman, thirty years of legal practice and recognized leader in complex litigation, $600.00; Ms. Elizabeth Peterson, attorney with four years of mass tort litigation experience, $280.00.

Court grant her request for her submitted time and expenses related to her common benefit work in MDL 1968 and should the Court allow, Ms. Hauer requests a reasonable multiplier for her contribution and effort in the litigation.

Dated: January 10, 2011

Respectfully submitted,

Stacy K. Hauer, MN Bar No. 317093
Zimmerman Reed, PLLP
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402
Tel: (612) 341-0400
Fax: (612) 341-0844

# EXHIBIT A

**ZIMMERMAN REED, P.L.L.P.**
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402
Phone: 612.341.0400
Fax: 612.341.0844
www.zimmreed.com

Digitek

Digitek MDL

| DATE | ATTY | DESCRIPTION | RATE | HOURS | AMOUNT |
|------|------|-------------|------|-------|--------|
| 08/08/2008 | SKH | Conference call regarding MDL formation and litigation, reviewing AAJ literature, research and phone calls to find a lab for analysis of pills, research litigation and recall and injuries | 375.00 | 5.00 | 1,875.00 |
| | RSG | MDL organizing conference call | 550.00 | 1.00 | 550.00 |
| 08/25/2008 | CSZ | Travel to Chicago for Digitek organizational meeting. | 600.00 | 3.00 | 1,800.00 |
| 08/26/2008 | CSZ | Oranizational meeting in Chicago and follow up with lead counsel group. Meeting with Stacy. | 600.00 | 4.00 | 2,400.00 |
| | CSZ | Travel back to home from Chicago. | 600.00 | 3.00 | 1,800.00 |
| | SKH | Travel to Chicago, attend organizational meeting, return travel to Minneapolis. | 375.00 | 6.50 | 2,437.50 |
| 10/09/2008 | SKH | Travel to West Virginia, plaintiff meeting. | 375.00 | 8.50 | 3,187.50 |
| 10/10/2008 | SKH | Status conference and return travel to Minneapolis. | 375.00 | 9.00 | 3,375.00 |
| 11/11/2008 | SKH | Litigation Strategy and Analysis - PSC conference call. | 375.00 | 1.00 | 375.00 |
| 11/18/2008 | SKH | Travel - Attempt to travel to Charleston, missed flight; return travel to MSP. | 375.00 | 13.00 | 4,875.00 |
| | SKH | Litigation Strategy and Analysis - attend PSC meeting | 375.00 | 2.00 | 750.00 |
| 11/21/2008 | SKH | Litigation Strategy and Analysis - Emails from PSC. | 375.00 | 0.50 | 187.50 |
| 12/04/2008 | SKH | Litigation Strategy and Analysis - Emails regarding PSC committees. | 375.00 | 0.50 | 187.50 |
| 12/05/2008 | SKH | Discovery conference call. | 375.00 | 0.50 | 187.50 |
| 12/18/2008 | SKH | Review science and expert committee documents (lab testing protocol, Protocol for Stericycle inspection, and tablet inspection protocol), Science and Expert committee conference call, Discovery conference call. | 375.00 | 1.50 | 562.50 |
| 12/19/2008 | SKH | Review and revise search term list, draft memo regarding search term list, telephone call to Meghan Johnson, email to Meghan Johnson regarding search terms. | 375.00 | 1.50 | 562.50 |

Digitek

Digitek MDL

|  |  |  | RATE | HOURS |  |
|---|---|---|---|---|---|
| 12/30/2008 | SKH | Litigation Strategy and Analysis - Conference call with Fred Thompson, Meghan Johnson, Richard Hood, and Harry Bell regarding electronic discovery and search terms. | 375.00 | 1.00 | 375.00 |
| 01/19/2009 | SKH | Litigation Strategy and Analysis - review search term list, email to Meghan Johnson regarding search terms. | 375.00 | 0.75 | 281.25 |
| 01/30/2009 | SKH | Litigation Strategy and Analysis - PSC conference call. | 375.00 | 1.30 | 487.50 |
| 02/26/2009 | SKH | Litigation Strategy and Analysis - PSC call. | 375.00 | 0.80 | 300.00 |
| 03/09/2009 | SKH | Litigation Strategy and Analysis - Review agenda, review pretrial scheduling order. | 375.00 | 1.00 | 375.00 |
|  | SKH | Travel - travel to Houston for PSC meeting. | 375.00 | 5.00 | 1,875.00 |
| 03/10/2009 | SKH | Litigation Strategy and Analysis - PSC meeting | 375.00 | 3.50 | 1,312.50 |
|  | SKH | Travel - return to Minneapolis. | 375.00 | 5.00 | 1,875.00 |
| 03/13/2009 | SKH | Research destructive testing, conference with EAP and RSG. | 375.00 | 1.50 | 562.50 |
| 03/17/2009 | SKH | Litigation Strategy and Analysis - Email with Fred, Carl, and Maghan regarding vetting cases and additions to case grid. | 375.00 | 0.50 | 187.50 |
| 03/30/2009 | SKH | Discovery - Discovery conference call regarding interrogatories, FIOA, RPDs, review draft Rogs from Pete Miller. | 375.00 | 1.00 | 375.00 |
| 04/27/2009 | SKH | Litigation Strategy and Analysis - PSC Conference call | 375.00 | 0.80 | 300.00 |
| 04/28/2009 | SKH | Litigation Strategy and Analysis - Email to Meghan regarding motions to dismiss, review motions to dismiss. | 375.00 | 1.00 | 375.00 |
| 04/30/2009 | SKH | Litigation Strategy and Analysis - PSC conference call on motions to dismiss. | 375.00 | 0.50 | 187.50 |
| 05/01/2009 | SKH | Litigation Strategy and Analysis - Review motion to dismiss. | 375.00 | 0.50 | 187.50 |
| 05/04/2009 | SKH | Litigation Strategy and Analysis - Legal research in MSP claims. | 375.00 | 2.50 | 937.50 |
| 05/06/2009 | SKH | Litigation Strategy and Analysis - Legal research on MSP claim. | 375.00 | 2.00 | 750.00 |
| 05/07/2009 | SKH | Investigation and research - Factual research, legal research and begin draft opposition to motion to dismiss MSP claim, telephone call and email with Meghan. | 375.00 | 5.00 | 1,875.00 |
| 05/08/2009 | SKH | Litigation Strategy and Analysis - Law and briefing call, research, legal research, draft opposition to MSP Motion to Dismiss. | 375.00 | 5.00 | 1,875.00 |
| 05/09/2009 | SKH | Litigation Strategy and Analysis - Legal research and draft MSP Opposition brief. | 375.00 | 5.00 | 1,875.00 |

Digitek

Digitek MDL

| | | | RATE | HOURS | |
|---|---|---|---|---|---|
| 05/11/2009 | SKH | Litigation Strategy and Analysis - - PSC call, telephone call with Meghan, email to Fred and Meghan, draft opposition to MSP MTD. | 375.00 | 3.50 | 1,312.50 |
| 05/12/2009 | SKH | Litigation Strategy and Analysis - Draft opposition to MSP, MTD and legal research. | 375.00 | 7.50 | 2,812.50 |
| 05/13/2009 | SKH | Litigation Strategy and Analysis - MSP Opposition to Motion to Dismiss. | 375.00 | 5.00 | 1,875.00 |
| 05/14/2009 | SKH | Litigation Strategy and Analysis - Draft opposition to MTD Count 18. | 375.00 | 7.00 | 2,625.00 |
| 05/15/2009 | SKH | Litigation Strategy and Analysis - Conference call regarding motions to dismiss. | 375.00 | 0.60 | 225.00 |
| 05/18/2009 | SKH | Litigation Strategy and Analysis - Email with Meghan and others regarding drafts of Motion to Dismiss. | 375.00 | 0.50 | 187.50 |
| 06/10/2009 | SKH | Travel - travel to Houston. | 375.00 | 6.00 | 2,250.00 |
| 06/11/2009 | SKH | Travel - return to Minneapolis. | 375.00 | 6.00 | 2,250.00 |
| | SKH | Litigation Strategy and Analysis - Attend PSC meeting. | 375.00 | 5.00 | 1,875.00 |
| 06/18/2009 | SKH | Litigation Strategy and Analysis - Science and expert conference call. | 375.00 | 1.00 | 375.00 |
| 06/22/2009 | SKH | Investigation and research - Telephone call with Marty Wells regarding statistics expert, email to Carl and Fred. | 375.00 | 0.50 | 187.50 |
| 06/24/2009 | SKH | Discovery - Email regarding document review, sign PTO, email to Meghan. | 375.00 | 0.50 | 187.50 |
| 06/30/2009 | EAP | Discovery - Training Call | 280.00 | 0.50 | 140.00 |
| 08/12/2009 | SKH | Investigation and research - Email to Meghan regarding info for Marty Wells, email with Pete Miller regarding testing, email with Marty and Pete regarding conference call tomorrow. | 375.00 | 0.50 | 187.50 |
| 08/13/2009 | SKH | Investigation and research - Telephone conference with Pete Miller and Marty Wells, email with Meghan, reviewing discovery responses for information for Marty. | 375.00 | 1.00 | 375.00 |
| 08/17/2009 | SKH | Investigation and research - Email to and from Marty Wells, email to and from Meghan Johnson regarding statistics expert. | 375.00 | 0.50 | 187.50 |
| 09/03/2009 | SKH | Litigation Strategy and Analysis - PSC Conf Call | 375.00 | 0.80 | 300.00 |
| 09/17/2009 | SKH | Discovery - Document review training. | 375.00 | 2.50 | 937.50 |
| 09/18/2009 | SKH | Discovery - Document review. | 375.00 | 1.00 | 375.00 |
| 09/21/2009 | SKH | Discovery - Document review. | 375.00 | 0.50 | 187.50 |

Digitek

Digitek MDL

|  |  |  | RATE | HOURS |  |
|---|---|---|---|---|---|
| 09/23/2009 | SKH | Discovery - Document Review | 375.00 | 2.00 | 750.00 |
| 09/28/2009 | SKH | Discovery - Document review. | 375.00 | 1.00 | 375.00 |
| 09/29/2009 | SKH | Discovery - Document review. | 375.00 | 2.00 | 750.00 |
| 09/30/2009 | SKH | Discovery - Document review. | 375.00 | 1.30 | 487.50 |
| 10/01/2009 | EAP | Discovery - Document review | 280.00 | 1.50 | 420.00 |
| 10/02/2009 | EAP | Discovery - Document review | 280.00 | 1.50 | 420.00 |
| 10/08/2009 | SKH | Discovery - Document review. | 375.00 | 1.00 | 375.00 |
| 10/09/2009 | EAP | Discovery - Document review | 280.00 | 2.00 | 560.00 |
| 10/12/2009 | SKH | Discovery - Document review. | 375.00 | 1.00 | 375.00 |
|  | EAP | Discovery - Document review | 280.00 | 0.50 | 140.00 |
| 10/14/2009 | EAP | Discovery - Document review | 280.00 | 0.30 | 84.00 |
| 10/15/2009 | SKH | Discovery - Document review. | 375.00 | 0.50 | 187.50 |
| 10/17/2009 | SKH | Discovery - Document Review | 375.00 |  |  |
| 10/19/2009 | EAP | Litigation Strategy and Analysis - PSC Call | 280.00 | 1.50 | 420.00 |
| 10/26/2009 | SKH | Discovery - Document review. | 375.00 | 1.00 | 375.00 |
| 10/28/2009 | EAP | Discovery - Document review | 280.00 | 0.30 | 84.00 |
| 11/02/2009 | SKH | Discovery - Document review. | 375.00 | 0.50 | 187.50 |
| 11/04/2009 | SKH | Discovery - document review. | 375.00 | 0.50 | 187.50 |
| 11/10/2009 | SKH | Discovery - document review, email to Pete Miller. | 375.00 | 0.50 | 187.50 |
| 11/17/2009 | SKH | Litigation Strategy and Analysis - Telephone call with Marty Wells. | 375.00 | 0.30 | 112.50 |
| 11/18/2009 | SKH | Litigation Strategy and Analysis - Document review, email from Meghan regarding status conference, email to Meghan regarding document review. | 375.00 | 0.50 | 187.50 |
| 12/07/2009 | SKH | Discovery - Document review, conference call regarding document review. | 375.00 | 5.00 | 1,875.00 |
| 12/14/2009 | SKH | Discovery - Document review. | 375.00 | 1.00 | 375.00 |
| 01/04/2010 | SKH | Discovery - Document review. | 375.00 | 2.50 | 937.50 |
| 01/07/2010 | SKH | Litigation Strategy and Analysis - PSC conference call. | 375.00 | 1.00 | 375.00 |

Page: 5
January 10, 2011
ACCOUNT NO:   859-034C
STATEMENT NO:         1

Digitek

Digitek MDL

| Date | | Description | RATE | HOURS | |
|------|---|-------------|------|-------|---|
| 01/12/2010 | SKH | Discovery - Document review.  Email to Meghan regarding assignments. | 375.00 | 0.25 | 93.75 |
| 03/09/2010 | SKH | Travel - Travel to South Carolina, PSC dinner meeting. | 375.00 | 8.00 | 3,000.00 |
| 03/10/2010 | SKH | Litigation Strategy and Analysis - PSC meeting and return travel to Minneapolis. | 375.00 | 10.00 | 3,750.00 |
| 08/13/2010 | SKH | email from Fred Thompson regarding PSC meeting, email to Meghan and Fred regarding PSC meeting | 375.00 | 0.50 | 187.50 |
| 08/18/2010 | SKH | travel to Philadelphia for PSC meeting | 375.00 | 5.00 | 1,875.00 |
| 08/19/2010 | SKH | PSC meeting, return travel to MSP | 375.00 | 7.00 | 2,625.00 |
| 08/26/2010 | SKH | PSC call regarding settlement | 375.00 | 1.00 | 375.00 |
| | | FOR CURRENT SERVICES RENDERED | | 215.50 | 82,468.00 |

RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|------------|-------|-------------|-------|
| Charles S. Zimmerman | 10.00 | $600.00 | $6,000.00 |
| Ronald S. Goldser | 1.00 | 550.00 | 550.00 |
| Elizabeth A. Peterson | 8.10 | 280.00 | 2,268.00 |
| Stacy K. Hauer | 196.40 | 375.00 | 73,650.00 |

| Date | Description | Amount |
|------|-------------|--------|
| 12/02/2008 | Airfare for SKH 11/17-18/08 to Charleston/Atlanta for PSC Meeting | 2,182.50 |
| 12/02/2008 | Business meals for SKH 11/17-18/08 to Charleston/Atlanta for PSC Meeting | 14.00 |
| 12/02/2008 | Parking charges for SKH 11/17-18/08 to Charleston/Atlanta for PSC Meeting | 16.00 |
| 03/03/2009 | Airfare for SKH to 03/09-10/09 to Houston for PSC meeting | 961.70 |
| 04/01/2009 | Ground transportation for SKH to 03/09-10/09 to Houston for PSC meeting | 60.00 |
| 04/02/2009 | Lodging for SKH to 03/09-10/09 to Houston for PSC meeting | 251.55 |
| 04/02/2009 | Parking charges for SKH to 03/09-10/09 to Houston for PSC meeting | 30.00 |
| 06/01/2009 | Westlaw - West Payment Center - 818396131 | 211.47 |
| 07/02/2009 | Airfare for SKH 06/10-11/09 to Houston for PSC Meeting | 800.70 |
| 07/02/2009 | Lodging for SKH 06/10-11/09 to Houston for PSC Meeting | 221.13 |
| 07/02/2009 | Ground transportation for SKH 06/10-11/09 to Houston for PSC Meeting | 135.00 |
| 07/02/2009 | Parking charges for SKH 06/10-11/09 to Houston for PSC Meeting | 28.00 |
| 07/02/2009 | Miscellaneous travel expenses for SKH 06/10-11/09 to Houston for PSC Meeting | 29.90 |
| 09/04/2009 | Photocopying/Printing Charges | 0.25 |
| 09/10/2009 | Photocopying/Printing Charges | 3.75 |
| 09/11/2009 | Photocopying/Printing Charges | 0.25 |
| 09/14/2009 | Photocopying/Printing Charges | 1.00 |
| 09/14/2009 | Photocopying/Printing Charges | 1.00 |
| 09/14/2009 | Photocopying/Printing Charges | 3.00 |
| 09/14/2009 | Photocopying/Printing Charges | 1.25 |
| 09/14/2009 | Photocopying/Printing Charges | 0.50 |
| 09/14/2009 | Photocopying/Printing Charges | 0.75 |
| 09/15/2009 | Photocopying/Printing Charges | 1.25 |
| 09/15/2009 | Photocopying/Printing Charges | 0.25 |
| 09/21/2009 | Photocopying/Printing Charges | 0.50 |

Digitek

Digitek MDL

| Date | Description | Amount |
|---|---|---|
| 09/21/2009 | Photocopying/Printing Charges | 2.25 |
| 09/21/2009 | Photocopying/Printing Charges | 0.75 |
| 09/21/2009 | Photocopying/Printing Charges | 0.50 |
| 09/22/2009 | Photocopying/Printing Charges | 0.50 |
| 09/22/2009 | Photocopying/Printing Charges | 0.25 |
| 09/22/2009 | Photocopying/Printing Charges | 0.25 |
| 09/22/2009 | Photocopying/Printing Charges | 0.25 |
| 09/22/2009 | Photocopying/Printing Charges | 0.25 |
| 09/23/2009 | Photocopying/Printing Charges | 0.50 |
| 09/29/2009 | Photocopying/Printing Charges | 4.25 |
| 09/29/2009 | Photocopying/Printing Charges | 3.25 |
| 09/29/2009 | Photocopying/Printing Charges | 1.25 |
| 09/29/2009 | Photocopying/Printing Charges | 0.50 |
| 09/30/2009 | Photocopying/Printing Charges | 0.25 |
| 10/01/2009 | Photocopying/Printing Charges | 0.25 |
| 10/01/2009 | Photocopying/Printing Charges | 0.50 |
| 10/01/2009 | Photocopying/Printing Charges | 2.75 |
| 10/01/2009 | Photocopying/Printing Charges | 1.00 |
| 10/01/2009 | Photocopying/Printing Charges | 0.75 |
| 10/01/2009 | Photocopying/Printing Charges | 0.50 |
| 10/01/2009 | Photocopying/Printing Charges | 0.25 |
| 10/01/2009 | Photocopying/Printing Charges | 0.25 |
| 10/01/2009 | Photocopying/Printing Charges | 0.25 |
| 10/05/2009 | Photocopying/Printing Charges | 0.50 |
| 10/05/2009 | Photocopying/Printing Charges | 0.25 |
| 10/05/2009 | Photocopying/Printing Charges | 0.25 |
| 10/05/2009 | Photocopying/Printing Charges | 0.25 |
| 10/05/2009 | Photocopying/Printing Charges | 1.00 |
| 10/06/2009 | Photocopying/Printing Charges | 0.50 |
| 10/13/2009 | Photocopying/Printing Charges | 0.50 |
| 10/13/2009 | Photocopying/Printing Charges | 1.00 |
| 10/13/2009 | Photocopying/Printing Charges | 1.75 |
| 10/13/2009 | Photocopying/Printing Charges | 1.00 |
| 10/13/2009 | Photocopying/Printing Charges | 3.75 |
| 10/13/2009 | Photocopying/Printing Charges | 0.75 |
| 10/13/2009 | Photocopying/Printing Charges | 2.25 |
| 10/13/2009 | Photocopying/Printing Charges | 0.75 |
| 10/15/2009 | Photocopying/Printing Charges | 0.50 |
| 10/15/2009 | Photocopying/Printing Charges | 0.25 |
| 10/15/2009 | Photocopying/Printing Charges | 0.75 |
| 10/15/2009 | Photocopying/Printing Charges | 0.75 |
| 10/15/2009 | Photocopying/Printing Charges | 0.25 |
| 10/16/2009 | Photocopying/Printing Charges | 0.25 |
| 10/16/2009 | Photocopying/Printing Charges | 0.25 |
| 10/16/2009 | Photocopying/Printing Charges | 0.25 |
| 10/19/2009 | Photocopying/Printing Charges | 0.75 |
| 10/19/2009 | Photocopying/Printing Charges | 0.75 |
| 10/22/2009 | Photocopying/Printing Charges | 0.50 |
| 10/23/2009 | Photocopying/Printing Charges | 0.75 |
| 10/26/2009 | Photocopying/Printing Charges | 0.50 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/26/2009 | Photocopying/Printing Charges | 2.75 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/26/2009 | Photocopying/Printing Charges | 1.75 |
| 10/26/2009 | Photocopying/Printing Charges | 4.00 |

Digitek

Digitek MDL

| Date | Description | Amount |
|------|-------------|-------:|
| 10/26/2009 | Photocopying/Printing Charges | 1.50 |
| 10/26/2009 | Photocopying/Printing Charges | 4.75 |
| 10/26/2009 | Photocopying/Printing Charges | 0.50 |
| 10/26/2009 | Photocopying/Printing Charges | 2.00 |
| 10/26/2009 | Photocopying/Printing Charges | 2.75 |
| 10/26/2009 | Photocopying/Printing Charges | 2.00 |
| 10/26/2009 | Photocopying/Printing Charges | 4.00 |
| 10/26/2009 | Photocopying/Printing Charges | 3.00 |
| 10/26/2009 | Photocopying/Printing Charges | 1.00 |
| 10/26/2009 | Photocopying/Printing Charges | 0.50 |
| 10/26/2009 | Photocopying/Printing Charges | 0.75 |
| 10/26/2009 | Photocopying/Printing Charges | 0.50 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/26/2009 | Photocopying/Printing Charges | 3.50 |
| 10/26/2009 | Photocopying/Printing Charges | 1.25 |
| 10/26/2009 | Photocopying/Printing Charges | 3.00 |
| 10/26/2009 | Photocopying/Printing Charges | 4.50 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/26/2009 | Photocopying/Printing Charges | 0.25 |
| 10/27/2009 | Photocopying/Printing Charges | 0.50 |
| 10/27/2009 | Photocopying/Printing Charges | 0.25 |
| 10/27/2009 | Photocopying/Printing Charges | 0.25 |
| 10/27/2009 | Photocopying/Printing Charges | 0.25 |
| 11/03/2009 | Photocopying/Printing Charges | 0.25 |
| 11/03/2009 | Photocopying/Printing Charges | 0.25 |
| 11/03/2009 | Photocopying/Printing Charges | 0.25 |
| 11/03/2009 | Photocopying/Printing Charges | 0.25 |
| 11/03/2009 | Photocopying/Printing Charges | 0.25 |
| 11/03/2009 | Photocopying/Printing Charges | 0.25 |
| 11/10/2009 | Photocopying/Printing Charges | 0.50 |
| 11/10/2009 | Photocopying/Printing Charges | 0.25 |
| 11/10/2009 | Photocopying/Printing Charges | 0.25 |
| 11/10/2009 | Photocopying/Printing Charges | 0.25 |
| 11/10/2009 | Photocopying/Printing Charges | 0.25 |
| 11/10/2009 | Photocopying/Printing Charges | 0.25 |
| 11/10/2009 | Photocopying/Printing Charges | 0.25 |
| 11/12/2009 | Photocopying/Printing Charges | 1.75 |
| 11/12/2009 | Photocopying/Printing Charges | 0.25 |
| 11/12/2009 | Photocopying/Printing Charges | 0.50 |
| 11/16/2009 | Photocopying/Printing Charges | 0.25 |
| 11/17/2009 | Photocopying/Printing Charges | 0.25 |
| 11/17/2009 | Photocopying/Printing Charges | 0.25 |
| 11/19/2009 | Photocopying/Printing Charges | 0.25 |
| 11/23/2009 | Photocopying/Printing Charges | 0.50 |
| 11/23/2009 | Photocopying/Printing Charges | 0.50 |
| 11/23/2009 | Photocopying/Printing Charges | 0.50 |
| 11/23/2009 | Photocopying/Printing Charges | 1.00 |
| 11/23/2009 | Photocopying/Printing Charges | 1.00 |
| 11/24/2009 | Photocopying/Printing Charges | 0.25 |
| 11/24/2009 | Photocopying/Printing Charges | 0.75 |
| 11/24/2009 | Photocopying/Printing Charges | 0.75 |
| 11/25/2009 | Photocopying/Printing Charges | 0.50 |
| 11/25/2009 | Photocopying/Printing Charges | 0.25 |

Digitek

Digitek MDL

| 11/30/2009 | Photocopying/Printing Charges | 0.75 |
|---|---|---|
| 11/30/2009 | Photocopying/Printing Charges | 0.75 |
| 12/02/2009 | Photocopying/Printing Charges | 0.25 |
| 12/08/2009 | Photocopying/Printing Charges | 0.50 |
| 12/08/2009 | Photocopying/Printing Charges | 0.25 |
| 12/08/2009 | Photocopying/Printing Charges | 0.25 |
| 12/08/2009 | Photocopying/Printing Charges | 0.25 |
| 12/08/2009 | Photocopying/Printing Charges | 0.25 |
| 12/21/2009 | Photocopying/Printing Charges | 0.25 |
| 12/22/2009 | Photocopying/Printing Charges | 0.75 |
| 12/22/2009 | Photocopying/Printing Charges | 0.75 |
| 12/22/2009 | Photocopying/Printing Charges | 0.75 |
| 12/22/2009 | Photocopying/Printing Charges | 0.75 |
| 12/23/2009 | Photocopying/Printing Charges | 0.25 |
| 12/23/2009 | Photocopying/Printing Charges | 0.25 |
| 01/13/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/04/2010 | Photocopying/Printing Charges | 0.25 |
| 02/11/2010 | Photocopying/Printing Charges | 0.50 |
| 02/11/2010 | Photocopying/Printing Charges | 0.25 |
| 02/11/2010 | Photocopying/Printing Charges | 0.25 |
| 02/11/2010 | Photocopying/Printing Charges | 0.25 |
| 02/11/2010 | Photocopying/Printing Charges | 0.25 |
| 02/12/2010 | Photocopying/Printing Charges | 0.25 |
| 02/18/2010 | Photocopying/Printing Charges | 0.25 |
| 02/18/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.50 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 16.50 |
| 02/24/2010 | Photocopying/Printing Charges | 0.75 |
| 02/24/2010 | Photocopying/Printing Charges | 6.75 |
| 02/24/2010 | Photocopying/Printing Charges | 4.00 |
| 02/24/2010 | Photocopying/Printing Charges | 3.25 |
| 02/24/2010 | Photocopying/Printing Charges | 1.00 |
| 02/24/2010 | Photocopying/Printing Charges | 5.50 |
| 02/24/2010 | Photocopying/Printing Charges | 0.50 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/24/2010 | Photocopying/Printing Charges | 0.25 |
| 02/25/2010 | Photocopying/Printing Charges | 0.25 |
| 02/26/2010 | Photocopying/Printing Charges | 0.50 |
| 03/01/2010 | Photocopying/Printing Charges | 0.25 |
| 03/01/2010 | Airfare for SKH 03/09/10 to PSC meeting | 293.30 |

Digitek

Digitek MDL

| 03/02/2010 | Photocopying/Printing Charges | 0.25 |
|------------|-------------------------------|------|
| 03/02/2010 | Photocopying/Printing Charges | 0.25 |
| 03/02/2010 | Photocopying/Printing Charges | 0.25 |
| 03/02/2010 | Photocopying/Printing Charges | 0.25 |
| 03/02/2010 | Photocopying/Printing Charges | 0.25 |
| 03/03/2010 | Photocopying/Printing Charges | 0.50 |
| 03/03/2010 | Photocopying/Printing Charges | 0.25 |
| 03/04/2010 | Photocopying/Printing Charges | 0.25 |
| 03/05/2010 | Photocopying/Printing Charges | 0.25 |
| 03/08/2010 | Photocopying/Printing Charges | 0.25 |
| 03/08/2010 | Photocopying/Printing Charges | 0.75 |
| 03/08/2010 | Photocopying/Printing Charges | 0.25 |
| 03/09/2010 | Photocopying/Printing Charges | 0.25 |
| 03/10/2010 | Photocopying/Printing Charges | 3.50 |
| 03/10/2010 | Photocopying/Printing Charges | 0.25 |
| 03/10/2010 | Photocopying/Printing Charges | 13.00 |
| 03/10/2010 | Photocopying/Printing Charges | 0.75 |
| 03/10/2010 | Photocopying/Printing Charges | 0.75 |
| 03/10/2010 | Photocopying/Printing Charges | 0.50 |
| 03/11/2010 | Photocopying/Printing Charges | 0.50 |
| 03/11/2010 | Photocopying/Printing Charges | 0.25 |
| 03/11/2010 | Photocopying/Printing Charges | 0.25 |
| 03/11/2010 | Photocopying/Printing Charges | 0.25 |
| 03/11/2010 | Photocopying/Printing Charges | 0.25 |
| 03/11/2010 | Photocopying/Printing Charges | 0.25 |
| 03/11/2010 | Ground transportation for SKH 03/09-10/10 to Mount Pleasant, SC for PSC Meeting | 57.00 |
| 03/11/2010 | Miscellaneous travel expenses for SKH 03/09-10/10 to Mount Pleasant, SC for PSC Meeting | 20.00 |
| 03/15/2010 | Photocopying/Printing Charges | 3.50 |
| 03/17/2010 | Photocopying/Printing Charges | 0.20 |
| 03/17/2010 | Photocopying/Printing Charges | 0.10 |
| 03/17/2010 | Photocopying/Printing Charges | 0.10 |
| 03/17/2010 | Photocopying/Printing Charges | 0.10 |
| 03/17/2010 | Photocopying/Printing Charges | 0.10 |
| 03/17/2010 | Photocopying/Printing Charges | 0.10 |
| 03/17/2010 | Photocopying/Printing Charges | 0.10 |
| 03/17/2010 | Photocopying/Printing Charges | 0.70 |
| 03/23/2010 | Photocopying/Printing Charges | 0.90 |
| 03/23/2010 | Photocopying/Printing Charges | 0.80 |
| 03/23/2010 | Photocopying/Printing Charges | 0.80 |
| 03/23/2010 | Photocopying/Printing Charges | 0.10 |
| 03/25/2010 | Photocopying/Printing Charges | 0.10 |
| 03/25/2010 | Photocopying/Printing Charges | 0.10 |
| 03/26/2010 | Photocopying/Printing Charges | 0.10 |
| 03/31/2010 | Photocopying/Printing Charges | 0.10 |
| 03/31/2010 | Long Distance Telephone Charges Paetec - 52224200 | 0.76 |
| 04/01/2010 | Airfare for SKH 03/09-10/10 to Mount Pleasant, SC for PSC Meeting | 781.80 |
| 04/01/2010 | Lodging for SKH 03/09-10/10 to Mount Pleasant, SC for PSC Meeting | 146.21 |
| 04/01/2010 | Business meals for SKH 03/09-10/10 to Mount Pleasant, SC for PSC Meeting | 13.00 |
| 04/01/2010 | Parking charges for SKH 03/09-10/10 to Mount Pleasant, SC for PSC Meeting | 36.00 |
| 04/08/2010 | Photocopying/Printing Charges | 0.40 |
| 04/08/2010 | Photocopying/Printing Charges | 0.20 |
| 04/08/2010 | Photocopying/Printing Charges | 0.70 |
| 04/08/2010 | Photocopying/Printing Charges | 0.20 |

Digitek

Digitek MDL

| | | |
|---|---|---|
| 04/08/2010 | Photocopying/Printing Charges | 0.70 |
| 04/08/2010 | Photocopying/Printing Charges | 0.20 |
| 04/08/2010 | Photocopying/Printing Charges | 0.20 |
| 04/09/2010 | Photocopying/Printing Charges | 0.20 |
| 04/13/2010 | Photocopying/Printing Charges | 0.10 |
| 04/13/2010 | Photocopying/Printing Charges | 0.20 |
| 04/14/2010 | Photocopying/Printing Charges | 0.10 |
| 04/14/2010 | Photocopying/Printing Charges | 0.10 |
| 04/14/2010 | Photocopying/Printing Charges | 0.10 |
| 04/15/2010 | Photocopying/Printing Charges | 1.20 |
| 04/20/2010 | Photocopying/Printing Charges | 0.10 |
| 04/20/2010 | Photocopying/Printing Charges | 0.10 |
| 04/20/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.20 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 04/26/2010 | Photocopying/Printing Charges | 0.10 |
| 05/03/2010 | Photocopying/Printing Charges | 0.10 |
| 05/03/2010 | Photocopying/Printing Charges | 0.10 |
| 05/03/2010 | Photocopying/Printing Charges | 0.10 |
| 05/03/2010 | Photocopying/Printing Charges | 0.10 |
| 05/03/2010 | Photocopying/Printing Charges | 0.10 |
| 05/03/2010 | Photocopying/Printing Charges | 0.10 |
| 05/06/2010 | Photocopying/Printing Charges | 0.30 |
| 05/10/2010 | Long Distance Telephone Charges Paetec - 52280898 | 0.61 |
| 05/17/2010 | Photocopying/Printing Charges | 0.10 |
| 05/17/2010 | Photocopying/Printing Charges | 0.10 |
| 05/19/2010 | Photocopying/Printing Charges | 0.10 |
| 05/19/2010 | Photocopying/Printing Charges | 0.10 |
| 05/19/2010 | Photocopying/Printing Charges | 0.10 |
| 05/19/2010 | Photocopying/Printing Charges | 0.10 |
| 05/19/2010 | Photocopying/Printing Charges | 0.20 |
| 05/19/2010 | Photocopying/Printing Charges | 0.10 |
| 05/19/2010 | Photocopying/Printing Charges | 0.20 |
| 05/21/2010 | Photocopying/Printing Charges | 0.10 |
| 05/26/2010 | Photocopying/Printing Charges | 3.70 |
| 05/26/2010 | Photocopying/Printing Charges | 0.10 |
| 05/26/2010 | Photocopying/Printing Charges | 2.30 |
| 06/03/2010 | Photocopying/Printing Charges | 0.20 |
| 06/03/2010 | Photocopying/Printing Charges | 0.20 |
| 06/03/2010 | Photocopying/Printing Charges | 0.20 |
| 06/04/2010 | Photocopying/Printing Charges | 0.10 |
| 06/04/2010 | Photocopying/Printing Charges | 0.10 |
| 06/07/2010 | Photocopying/Printing Charges | 0.20 |

Digitek

Digitek MDL

| 06/07/2010 | Photocopying/Printing Charges | 0.10 |
|---|---|---|
| 06/07/2010 | Photocopying/Printing Charges | 0.10 |
| 06/07/2010 | Photocopying/Printing Charges | 0.10 |
| 06/07/2010 | Photocopying/Printing Charges | 0.10 |
| 06/07/2010 | Photocopying/Printing Charges | 0.10 |
| 06/09/2010 | Photocopying/Printing Charges | 1.50 |
| 06/09/2010 | Photocopying/Printing Charges | 0.50 |
| 06/09/2010 | Photocopying/Printing Charges | 0.50 |
| 06/10/2010 | Photocopying/Printing Charges | 0.10 |
| 06/10/2010 | Photocopying/Printing Charges | 0.10 |
| 06/13/2010 | Long Distance Telephone Charges Paetec - 52337353 | 1.48 |
| 06/22/2010 | Photocopying/Printing Charges | 0.30 |
| 06/22/2010 | Photocopying/Printing Charges | 1.50 |
| 06/22/2010 | Photocopying/Printing Charges | 0.30 |
| 06/22/2010 | Photocopying/Printing Charges | 1.50 |
| 06/22/2010 | Photocopying/Printing Charges | 0.30 |
| 06/22/2010 | Photocopying/Printing Charges | 1.50 |
| 06/22/2010 | Photocopying/Printing Charges | 0.30 |
| 06/22/2010 | Photocopying/Printing Charges | 1.50 |
| 06/22/2010 | Photocopying/Printing Charges | 0.10 |
| 06/22/2010 | Photocopying/Printing Charges | 0.50 |
| 06/22/2010 | Photocopying/Printing Charges | 0.10 |
| 06/24/2010 | Photocopying/Printing Charges | 0.10 |
| 07/08/2010 | Photocopying/Printing Charges | 0.30 |
| 07/08/2010 | Photocopying/Printing Charges | 1.50 |
| 07/09/2010 | Photocopying/Printing Charges | 0.10 |
| 07/09/2010 | Photocopying/Printing Charges | 0.10 |
| 07/19/2010 | Photocopying/Printing Charges | 0.20 |
| 07/19/2010 | Photocopying/Printing Charges | 0.20 |
| 07/23/2010 | Long Distance Telephone Charges Integra Telecom - 7151446 | 0.65 |
| 08/16/2010 | Photocopying/Printing Charges | 0.20 |
| 08/18/2010 | Photocopying/Printing Charges | 0.10 |
| 08/25/2010 | Airfare for SKH 08/18-19/10 to Philadelphia for PSC Meeting | 952.40 |
| 08/25/2010 | Business meals for SKH 08/18-19/10 to Philadelphia for PSC Meeting | 6.69 |
| 08/27/2010 | Photocopying/Printing Charges | 0.10 |
| 09/01/2010 | Photocopying/Printing Charges | 0.30 |
| 09/01/2010 | Photocopying/Printing Charges | 0.20 |
| 09/01/2010 | Photocopying/Printing Charges | 0.50 |
| 09/01/2010 | Lodging for SKH 08/18-19/10 to Philadelphia for PSC Meeting | 184.27 |
| 09/01/2010 | Ground transportation for SKH 08/18-19/10 to Philadelphia for PSC Meeting | 62.70 |
| 09/01/2010 | Parking charges for SKH 08/18-19/10 to Philadelphia for PSC Meeting | 18.00 |
| 09/01/2010 | Parking charges for SKH 08/18-19/10 to Philadelphia for PSC Meeting | 9.95 |
| 09/09/2010 | Photocopying/Printing Charges | 0.10 |
| 09/15/2010 | Photocopying/Printing Charges | 0.30 |
| 09/20/2010 | Photocopying/Printing Charges | 0.20 |
| 09/23/2010 | Photocopying/Printing Charges | 0.10 |
| 10/14/2010 | Photocopying/Printing Charges | 0.20 |
| 10/20/2010 | Photocopying/Printing Charges | 0.50 |
| 10/23/2010 | Long Distance Telephone Charges Integra Telecom - 7513725 | 0.84 |
| 10/26/2010 | Photocopying/Printing Charges | 0.20 |
| 10/26/2010 | Photocopying/Printing Charges | 0.30 |
| 10/28/2010 | Photocopying/Printing Charges | 0.10 |
| 11/01/2010 | Photocopying/Printing Charges | 0.20 |
| 11/05/2010 | Photocopying/Printing Charges | 0.30 |
| 11/05/2010 | Photocopying/Printing Charges | 0.40 |

Digitek

Digitek MDL

| Date | Description | Amount |
|------|-------------|-------:|
| 11/08/2010 | Photocopying/Printing Charges | 0.20 |
| 11/08/2010 | Photocopying/Printing Charges | 1.10 |
| 11/08/2010 | Photocopying/Printing Charges | 0.50 |
| 11/09/2010 | Photocopying/Printing Charges | 0.10 |
| 11/15/2010 | Photocopying/Printing Charges | 1.10 |
| 11/16/2010 | Photocopying/Printing Charges | 0.10 |
| 11/22/2010 | Photocopying/Printing Charges | 0.30 |
| 11/23/2010 | Photocopying/Printing Charges | 0.10 |
| 11/30/2010 | Photocopying/Printing Charges | 0.40 |
| 12/01/2010 | Photocopying/Printing Charges | 0.10 |
| 12/01/2010 | Photocopying/Printing Charges | 0.10 |
| 12/03/2010 | Photocopying/Printing Charges | 0.10 |
| 12/03/2010 | Photocopying/Printing Charges | 0.10 |
| 12/06/2010 | Photocopying/Printing Charges | 0.20 |
| 12/06/2010 | Photocopying/Printing Charges | 0.20 |
| 12/06/2010 | Photocopying/Printing Charges | 0.10 |
| 12/21/2010 | Photocopying/Printing Charges | 0.20 |
| 12/22/2010 | Photocopying/Printing Charges | 0.10 |
| 12/22/2010 | Photocopying/Printing Charges | 0.30 |
| 12/22/2010 | Photocopying/Printing Charges | 1.50 |
| 12/27/2010 | Photocopying/Printing Charges | 0.10 |
| 12/28/2010 | Photocopying/Printing Charges | 0.10 |
| 01/04/2011 | Photocopying/Printing Charges | 0.10 |
| 01/04/2011 | Photocopying/Printing Charges | 0.30 |
| 01/04/2011 | Photocopying/Printing Charges | 0.30 |
| 01/04/2011 | Photocopying/Printing Charges | 0.10 |
| 01/04/2011 | Photocopying/Printing Charges | 0.30 |
| 01/04/2011 | Photocopying/Printing Charges | 1.50 |
| 01/04/2011 | Photocopying/Printing Charges | 0.30 |
| 01/04/2011 | Photocopying/Printing Charges | 0.30 |
| 01/04/2011 | Photocopying/Printing Charges | 0.20 |
| 01/04/2011 | Photocopying/Printing Charges | 0.20 |
| 01/04/2011 | Photocopying/Printing Charges | 0.30 |
| 01/04/2011 | Photocopying/Printing Charges | 1.50 |
| 01/04/2011 | Photocopying/Printing Charges | 0.20 |
| 01/05/2011 | Photocopying/Printing Charges | 0.10 |
| 01/05/2011 | Photocopying/Printing Charges | 0.10 |
| 01/06/2011 | Photocopying/Printing Charges | 0.10 |
| | TOTAL EXPENSES | 7,776.71 |
| | | |
| 02/04/2009 | Assessment | 25,000.00 |
| | TOTAL ADVANCES | 25,000.00 |
| | TOTAL CURRENT WORK | 115,244.71 |
| | BALANCE DUE | $115,244.71 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| In re: DIGITEK® | * | MDL DOCKET No. 1968 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | JUDGE JOSEPH R. GOODWIN |

## DECLARATION IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES

W. MARK LANIER, being duly sworn, deposes and says:

1.  I own The Lanier Law Firm, PC and PLLC (collectively "LLF") and I am a member of the Plaintiffs Steering Committee ("PSC") in the In Re: Digitek® Products Liability Litigation, MDL 1968 ("MDL 1968").

2.  I submit this declaration, pursuant to Pretrial Order No. 64 and 71 in MDL 1968, in support of LLF's application for an award of common benefit fees, costs and expenses.

3.  As itemized immediately below in "Chart A", attorneys from LLF performed work and contributed **MDL-associated (not Class)** hours for the common benefit of plaintiffs in MDL 1968, including but not limited to performing document review chores, participating in plaintiff strategic meetings and traveling for meetings and conferences:

## Chart A: Attorney Hours and Fees

| Date | Timekeeper | Title | Hours | Rate | Amount | Work Performed and Travel |
|---|---|---|---|---|---|---|
| 07/11/2008 | David Kuttles | Associate | 3.00 | 300.00 | 900.00 | Prepared and served MDL Interested Party Response to assign litigation to New Jersey |
| 07/30/2008 | David Kuttles | Associate | 2.00 | 300.00 | 600.00 | Plaintiff Digitek Dinner Meeting |
| 07/30/2008 | David Kuttles | Associate | 6.00 | 300.00 | 1800.00 | Travel to San Francisco for MDL Hearing |
| 07/31/2008 | David Kuttles | Associate | 2.50 | 300.00 | 750.00 | MDL Hearing |
| 07/31/2008 | David Kuttles | Associate | 5.00 | 300.00 | 1500.00 | Travel Newark, NJ, from San Fran (MDL Hearing) |

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/29/2008 | David Kuttles | Associate | 2.00 | 300.00 | 600.00 | Plaintiff conference call regarding intial court hearing on 10/10/08 and regarding structure |
| 09/11/2008 | David Kuttles | Associate | 2.00 | 300.00 | 600.00 | Digitek Litigation Group Meeting |
| 10/09/2008 | David Kuttles | Associate | 4.50 | 300.00 | 1350.00 | Travel to Charleston, WV for first Status Conference.  Digitek PSC meeting at Marriot, Charleston, WV |
| 10/10/2008 | David Kuttles | Associate | 6.50 | 300.00 | 1950.00 | Digitek status conference with Judge Goodwin. Travel from Charleston, WV to New Jersey (status conference) |
| 02/03/2009 | Richard Meadow | Senior Managing Attorney | 3.00 | 450.00 | 1350.00 | Meet and confer with Defendants |
| 06/10/2009 | David Kuttles | Associate | 3.50 | 300.00 | 1050.00 | Travel to Digitek PSC meeting in Houston |
| 06/11/2009 | David Kuttles | Associate | 4.75 | 300.00 | 1425.00 | MDL Digitek PSC meeting in Houston |
| 06/11/2009 | David Kuttles | Associate | 3.50 | 300.00 | 1050.00 | MDL Digitek PSC Meeting Travel from Houston |
| 07/15/2009 | David Kuttles | Associate | 3.22 | 300.00 | 966.00 | PSC Trial selection conference call |
| 09/03/2009 | Paul Cordella | Associate | 1.00 | 300.00 | 300.00 | Participated in PSC Conference Call |
| 09/17/2009 | David Kuttles | Associate | 2.50 | 300.00 | 750.00 | Document review training |
| 10/07/2009 | David Kuttles | Associate | 2.50 | 300.00 | 750.00 | Document review |
| 10/07/2009 | Paul Cordella | Associate | 0.70 | 300.00 | 210.00 | Document review |
| 10/08/2009 | David Kuttles | Associate | 1.00 | 300.00 | 300.00 | Document review |
| 10/09/2009 | David Kuttles | Associate | 1.50 | 300.00 | 450.00 | Document review |
| 10/09/2009 | Paul Cordella | Associate | 0.70 | 300.00 | 210.00 | Document review |
| 10/12/2009 | David Kuttles | Associate | 2.00 | 300.00 | 600.00 | Document review |
| 10/13/2009 | David Kuttles | Associate | 1.50 | 300.00 | 450.00 | Document review |
| 10/13/2009 | Paul Cordella | Associate | 1.00 | 300.00 | 300.00 | Document review |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/14/2009 | Paul Cordella | Associate | 1.50 | 300.00 | 450.00 | Document review |
| 10/15/2009 | Paul Cordella | Associate | 1.00 | 300.00 | 300.00 | Document review |
| 10/17/2009 | David Kuttles | Associate | 3.00 | 300.00 | 900.00 | Document review and preparation |
| 10/18/2009 | David Kuttles | Associate | 2.00 | 300.00 | 600.00 | Document review |
| 10/19/2009 | David Kuttles | Associate | 0.75 | 300.00 | 225.00 | Document review |
| 10/19/2009 | Paul Cordella | Associate | 1.00 | 300.00 | 300.00 | Document review |
| 10/19/2009 | David Kuttles | Associate | 3.00 | 300.00 | 900.00 | Digitek MDL PSC Meeting in New York City |
| 10/19/2009 | Paul Cordella | Associate | 3.00 | 300.00 | 900.00 | PSC meeting in New York City |
| 10/23/2009 | Paul Cordella | Associate | 2.00 | 300.00 | 600.00 | Document review |
| 10/26/2009 | Paul Cordella | Associate | 3.00 | 300.00 | 900.00 | Document review |
| 10/27/2009 | Paul Cordella | Associate | 4.00 | 300.00 | 1200.00 | Document review |
| 10/28/2009 | Paul Cordella | Associate | 4.00 | 300.00 | 1200.00 | Document review |
| 11/20/2009 | Paul Cordella | Associate | 2.00 | 300.00 | 600.00 | Court conference call |
| 11/20/2009 | David Kuttles | Associate | 1.50 | 300.00 | 450.00 | Status conference call |
| 12/07/2009 | Paul Cordella | Associate | 0.30 | 300.00 | 90.00 | PSC conference call regarding new documents |
| | | TOTALS | 97.92 | | $ 29,826.00 | |

4.      As itemized immediately below in "Chart B", LLF has incurred significant **MDL-associated** (not Class) and "held" costs and expenses (for the common benefit of plaintiffs in MDL 1968:

### Chart B: Costs and Expenses

| | |
|---|---|
| Airfare: | $ 4,239.70 |
| Interest Expense: | $ 1,120.76 |
| Hotel: | $    244.54 |
| Car Rental, cabs, etc. | $    562.61 |
| Courier Service | $      11.45 |
| PSC Assessment: | $25,000.00 |
| | |
| **TOTAL:** | **$31,179.06** |

5.      The above referenced itemizations concerning MDL-associated attorneys fees and held costs and expenses are accurate and correct, and were incurred for the common benefit of

all plaintiffs in MDL 1968 – a extremely difficult litigation with attendant financial risks and expenses.

6.      Based on the foregoing, LLF respectfully seeks an award for MDL-associated work common benefit fees in the amount of $29,826.00, and MDL-associated costs and expenses in the amount of $31,179.06, as stated herein.

Dated: February 14, 2011

_____
W. Mark Lanier
The Lanier Law Firm
6810 FM 1960 West 77069
Houston, TX 77269

IN RE DIGITEK®
     PRODUCTS LIABILITY LITIGATION         MDL NO. 1968

_____

**DECLARATION OF LESTER L. LEVY IN SUPPORT OF APPLICATION BY WOLF POPPER LLP FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, Lester L. Levy, declare as follows:

1.      I am a member of Wolf Popper LLP ("Wolf Popper" or the "Firm") and a member of Plaintiffs' Steering Committee ("PSC"). I was appointed to the PSC by this Court pursuant to Pretrial Order # 4, filed on November 5, 2008. My Firm is also counsel to Plaintiff Campbell in Campbell v. Actavis, 2:08-cv-01075. I have personal knowledge of the facts set forth in this Declaration. If called upon and sworn as a witness, I could and would competently testify thereto.

2.      I submit this Declaration in support of Wolf Popper's application for an award of attorneys' fees and the reimbursement of expenses in connection with this litigation pursuant to the Settlement Agreement dated September 1, 2010.

3.      A detailed description of the history of this litigation and the work performed by or at the direction of PSC is set forth in the Declaration of Fred Thompson in support of the application for an award of attorneys' fees and reimbursement of expenses ("Thompson Declaration").

4.      On behalf of the PSC, my Firm was involved throughout the prosecution of the Litigation. The legal services performed by Wolf Popper are summarized below and were all

reasonable and necessary for the proper prosecution of this case.  A true and correct copy of my Firm's biography is attached hereto as Exhibit A.

5.      On April 25, 2008, Actavis Totowa LLC initiated a Class I nationwide recall of all strengths of Digitek® (Digoxin Tablets, USP) tablets for oral use ("Recalled Digitek®").[1]  Digitek® is a trade-name for digoxin, one of the drugs widely used in the treatment of various heart conditions, including heart failure and abnormal heart rhythms such as atrial fibrillation.  It is a commonly used antiarrhythmic agent, used in controlling the heart rate.

6.      The sale of Digitek® in the United States was regulated by the United States Food and Drug Administration ("FDA").  It was approved for sale and distribution in the United States only in the two following dosages: (i) Digitek® (digoxin tablets, USP) 0.125 mg; and (ii) Digitek® (digoxin tablets, USP) 0.250 mg (although the 2 strengths are sold in various package sizes) ("FDA Approved Dosages").  Both dosages of Digitek® are approved by the FDA only for sale and distribution if the dose contains the labeled amount of digoxin.  Digitek® tablets manufactured with an amount of digoxin in excess of the labeled dose are not approved by the FDA for sale or distribution in the United States ("Unapproved Excessive Dose").

7.      Digoxin has a narrow therapeutic index or maintenance dose range, i.e., the margin between drug effectiveness and drug toxicity.  Even a slight overdose can cause life-threatening side effects in patients taking the drug.  Such adverse effects can include cardiac arrhythmia, ventricular tachycardia or fibrillation.  Additional adverse effects include loss of appetite, nausea, vomiting, diarrhea, low blood pressure, bradycardia, blurred vision, visual disturbances, confusion,

---

[1] A Class I recall is instituted when there exists a reasonable probability that use of the product will cause serious adverse health consequences or death.

drowsiness, and dizziness.

8.     Defendants manufactured and/or distributed Digitek® for the United States market. All of the Recalled Digitek®, was manufactured and produced at the Actavis Totowa plant in Little Falls, New Jersey.

9.     Following several inspections conducted by the FDA of the Actavis Totowa facilities in New Jersey, the FDA issued a "Warning Letter" and a "Revised Warning Letter" addressed to the president of Actavis Totowa detailing the plant's failure to comply with the Federal Food, Drug, and Cosmetic Ace and the rules and regulations promulgated thereunder and citing Actavis Totowa's "significant deviations from the [FDA's] current Good Manufacturing Practice regulations."

10.     As a consequence of the FDA inspections and warning letters, on April 25, 2008, the FDA announced the Class I Recall of all lots of Digitek®.  Also on April 25, 2008, Actavis Totowa LLC issued a press release announcing the Class I Recall of the Recalled Digitek®, recalling at least 692.4 million pills, manufactured between April 20, 2006 through February 9, 2008.

11.     The filing of civil actions in state and federal courts across the country followed the recall, in which various plaintiffs claimed injuries and losses from the recall itself or from the alleged exposure to the Recalled Digitek®.  On August 13, 2008, the Judicial Panel on Multidistrict Litigation entered an order establishing a multidistrict litigation ("MDL") proceeding in this District, consolidating federal Digitek® related actions for joint case management.

12.     By Pretrial Order # 2, dated September 26, 2008, this Court stated its intention to appoint the PSC to conduct and coordinate all the discovery of this litigation, as well as conduct hearings, prepare and submit motions, and to conduct other tasks for the efficient prosecution of the MDL litigation on behalf of all plaintiffs.  The Order stated that PSC members shall be entitled to

seek reimbursement for fees and costs expended.

13.     Pursuant to Pretrial Order #4, dated November 5, 2008, I was appointed to the PSC. Pretrial Order #4 also further detailed the responsibilities of the PSC and indicated that committee members would be entitled to reimbursement for fees and costs to be determined by the Court.

14.     This litigation was extremely hard fought by Co-Lead Counsel and the PSC, the efforts of which are detailed in the Thompson Declaration.  Counsel worked diligently and efficiently to achieve a favorable result for plaintiffs.  As a result of their efforts, the parties entered into the Settlement Agreement dated September 1, 2010, which is on file with the Court ("Settlement Agreement").  Section 11.01 of the Settlement Agreement provides:

> Section 11.01 The Plaintiffs' Steering Committee ("PSC") and anyone who believes they have prepared work that was approved by PSC and is eligible for common fund work may make an application to the MDL Court using the procedure set forth in FED. R. CIV. P. 23(h) for an award of attorneys' fees and expenses.

15.     The following paragraphs summarize the experience and qualifications of the attorneys and paraprofessionals at my Firm who worked on the action and the services they rendered.  Attached hereto as Exhibit B is a table summarizing the time they expended in rendering those services; and the attorneys' normal, current hourly rates.  The chart includes only time performed directly in connection with the PSC's common fund litigation efforts and the work was performed at the direction of, and approved by, the PSC through Co-Lead Counsel.  I have excluded from such time the non-common fund work performed prior to the PSC, as well as all client specific work and specific work directed solely at the individual action prosecuted by my Firm (such as the deposition of my clients, the preparation of Plaintiff Fact Sheets, responses to requests for admissions and other discovery directed at my clients, the individual complaints, etc.).  (Over 660 hours of non-common fund work, client specific work, and individual action work, for a lodestar of

$371,594.50, were excluded from this Application.)

16.     For the convenience of the Court, on Exhibit B I have also separated the hours spent on common fund work on non-class certification issues and the hours spent on common fund class certification work, which were all performed under the PSC's direction, through Co-Lead Counsel.

17.     We recognize that the motion for class certification was denied. However, we believe for the reasons set forth in the Memorandum submitted by Co-Lead Counsel, such time should be compensated. It is axiomatic that in litigation not every argument may be successful. Here, however, the class certification motion was nonetheless an integral part of the overall litigation effort directed by Co-Lead Counsel to achieve a successful settlement for the MDL Cases and the Tolled Claims, as well as the State Cases that have opted in to the Settlement (as those terms are defined in the Settlement Agreement), which goal was accomplished.

18.     In summary, Wolf Popper performed the following common fund work under the auspices of the PSC and Co-Lead Counsel. The Firm actively served on the PSC, attending meetings (in person and by telephone) and court conferences (by telephone); reviewed and provided comments to Co-Lead Counsel on pleadings, including the Master Complaint, the motion to dismiss briefing, the tolling agreement, draft discovery requests, and the protective order; conducted legal research on certain discovery issues, including defendants' privilege and other objections to discovery; participated in the document discovery review training, as well as document discovery; investigated and located potential witnesses; and participated in and coordinated the class certification briefing.

19.     The following descriptions summarize, by person, the work performed by my Firm

in connection with this litigation, and the qualifications of each such person.[2] (Detailed biographies of each attorney are attached as Exhibit C. I also respectfully refer the Court to my Firm's website, www.wolfpopper.com for a detailed description of my Firm.)

20.     Lester L. Levy:  I am the Chairman and Managing Partner of Wolf Popper. I am a graduate of Columbia Law School, and have prosecuted hundreds of class actions, recovering well over a billion dollars for class members I have represented. I have lectured on complex litigation at the University of Illinois and the University of Miami Law Schools. I am in charge of my Firm's Consumer Law Department, which includes prosecution of mass torts and numerous drug antitrust cases. For my work in these areas I have been recognized by "Super Lawyers"®, including designating me as a New York "Super Lawyer" in the Mass Torts category and the Consumer and Class Action category several times. I (and my partners) also hold the highest peer-review rating issued by Martindale-Hubbell, "AV."

21.     I have been directly involved in the prosecution of this litigation. I submitted an application to be appointed to the PSC by the Court, which application was granted on November 5, 2008. *See* PTO # 4. I actively monitored the activities of the PSC, primarily through my partner, Patricia I. Avery, who attended PSC meetings and court conferences (via telephone), and oversaw the day-to-day prosecution of the litigation. I also participated in certain telephone conferences of the PSC and telephone conferences of the subcommittees (to which my Firm was appointed) established by the PSC to actively conduct the litigation. I reviewed the draft Master Complaint and provided Co-Lead Counsel with proposed revisions thereto, and reviewed and revised a number of other documents relating to the overall prosecution of the litigation by the PSC, including proposed

---

[2]  Daily time entries are available for review by the Court.

filings, the tolling agreement, etc.

22. <u>Patricia I. Avery</u>: Ms. Avery is a partner of Wolf Popper. She holds a B.A. from New York University (1973) and is a graduate of New York University School of Law (J.D., 1976), where she was a staff member and then an editor of the Moot Court Board. Since graduation from NYU, she has concentrated on securities and other complex civil litigation, and has prosecuted numerous cases involving the manufacture and sale of drugs, including extensive work with one of the leading cardiovascular/clinical trial physicians in the country as an expert on cardiovascular drugs.

23. In connection with this litigation, Ms. Avery, *inter alia*, was immersed in the day-to-day prosecution of the litigation by my Firm. She attended the organizational meeting of plaintiffs' counsel, as well as almost all the meetings of the PSC and the discovery and law and briefing subcommittees of the PSC (either in person or via telephone), as well as attending court conferences (via telephone). Ms. Avery prepared information regarding potential cardiac experts for Co-Lead Counsel; had numerous communications with Co-Lead Counsel regarding discovery, strategy, committee assignments, identifying and locating former employees and potential witnesses, testing of samples of Digitek pills, class certification issues, etc.; she reviewed and proposed revisions to the master consolidated complaint, the draft protective order, and the tolling agreement to Co-Lead Counsel; she reviewed defendants' motions to dismiss and the opposition thereto and proposed revisions to the draft opposition; she prepared information regarding defects in defendants' responses to discovery and privilege logs; and participated in numerous strategy communications with Co-Lead Counsel. Ms. Avery also actively participated in the class certification motion that was prepared under the auspices of the PSC and approved by Co-Lead Counsel.

24.     Elizabeth Robinson:  E. Elizabeth Robinson is an associate at Wolf Popper.  She is a graduate of Louisiana State University and University of Mississippi School of Law (J.D. cum laude 2004), and New York University School of Law (L.L.M. in Taxation, 2006).  Before beginning law school, Ms. Robinson worked in the commercial Audit Division of Arthur Anderson, LLP.  She is a Certified Public Accountant registered in the State of Texas.

25.     Ms. Robinson actively participated in the prosecution of this litigation, both in conjunction with the discovery conducted by the PSC and in connection with the class litigation directed by the PSC.  In particular, Ms. Robinson participated in the training by Crivella West in connection with the computerized document discovery review, as well as the document review and analysis conducted by the PSC.  Ms. Robinson prepared revisions to draft discovery requests on behalf of the PSC and provided such revisions to Co-Lead Counsel.  She attended a PSC meeting. Ms. Robinson and Ms. Mackiel (see below) were both actively involved in the preparation and briefing of the class motion on behalf of plaintiffs.

26.     Natalie Mackiel:  Natalie M. Mackiel is an associate at Wolf Popper. She is a graduate of Indiana University – Bloomington (B.S. in Business Management) and the University of Nebraska College of Law, with distinction (J.D. 2005).  She was an Executive Editor of the Nebraska Law Review (2003-2005).  Ms. Mackiel is on the board of the Bronx Academy of Letters, a nationally recognized and award winning college preparatory school in the poorest Congressional district in the U.S.

27.     Ms. Mackiel actively participated in the prosecution of this litigation, in attending a status conference (via telephone) before this Court, providing research and comments to Co-Lead Counsel on certain discovery issues related to defendants and the need for a motion to compel

against defendants, and also in connection with the class litigation directed by the PSC, particularly in the preparation of the class motion and related briefing.

28.   <u>Frank Driscoll</u>: Mr. Driscoll is a a full-time case investigator employed by Wolf Popper. He has more than 25 years of in-depth investigative experience in civil and criminal litigation of negligence, product liability, fraud, espionage, sabotage, and personal injury. He held key investigative positions with the New York State Insurance Fund (serving as its Director-Confidential and Legal Investigations, planning and directing legal investigative activities, personnel training, and handling trial preparation), the New York State Office of the Inspector General, and the US Army Counter Intelligence. Mr. Driscoll was also appointed Deputy Inspector General and, under the authority of the State Inspector General, he supervised and conducted highly sensitive investigations of alleged fraud, waste, and corruption and coordinated prosecution of cases through the State Attorney General, local District Attorneys and Federal Authorities.

29.   As the Wolf Popper investigator assigned to the Digitek litigation, Mr. Driscoll helped develop information for use in the MDL case, reviewed various FDA and other governmental filings by the Defendants for corporate information and searched for and located former employees of various Defendants and potential witnesses. He thereafter communicated the results of his investigation, including extensive documentation, to my partner on this litigation, Ms. Avery, and to Co-Lead Counsel appointed by the Court.

30.   <u>Shirley Joseph</u>: Ms. Joseph is a senior paralegal at Wolf Popper. She participated in this litigation by preparing reports that were required to be filed with the PSC in conjunction with its prosecution of this litigation, as well as proofreading and cite checking briefs and other papers filed with the Court.

31.     Exhibit B demonstrates that my Firm expended 652.5 hours in the prosecution of this litigation, 652.5 hours on the common fund portion (including 490.8 hours on the class certification issues). The lodestar is $366,476.50, (including $264,578.50 for the class certification issues). The hourly rates for the Wolf Popper attorneys and professional support staff included in Exhibit B are the regular hourly rates charged for their services in non-contingent matters and/or which have been accepted and approved in other complex litigation.

32.     Hundreds of hours of time spent by the above and other attorneys and paraprofessionals at my Firm were not included in this Application as they were specifically directed to the individual action prosecuted by Wolf Popper, other potential actions, or not directly authorized by Co-Lead Counsel or the PSC.

33.     Wolf Popper seeks reimbursement of $34,506.35 in litigation expenses reasonably incurred in connection with prosecuting the common claims against Defendants. These out-of-pocket expenses, detailed in the table annexed hereto as Exhibit D (including $5,046.15 expended on the class certification issues), were used to pay for travel expenses incurred on behalf of the PSC to attend PSC meetings; discovery; document production and management; copying; computerized research; extraordinary postage; long distance telephone; and other expenses directly related to the prosecution of the litigation on behalf of the PSC.[3] These expenses are reflected on the books and records maintained by my Firm. These books and records are prepared from expense vouchers, check records and other source materials, and are an accurate record of the expenses

---

[3] My Firm has not included expenses that are exclusively related to the litigation of the individual action prosecuted by my Firm or expenses incurred prior to the MDL, including, *inter alia*, filing fees, photocopying, computerized research, Federal Express, facsimile, and long-distance telephone. Nor have I included the travel expenses related to the depositions of my clients.

incurred. These expense items are billed separately by counsel, and such charges are not duplicated in my Firm's billing rates.

34. Since this litigation was prosecuted on a contingent basis, from the beginning of the case, we were aware that we might not recover any expenses and, at the very least, would not recover anything until the action was successfully resolved. My Firm also understood that, even assuming the case were ultimately successful, reimbursement of litigation expenses would not compensate us for the lost use of the funds advanced to prosecute this action. Thus, my Firm was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the action.

35. In view of the complex nature of the action, the litigation expenses incurred by my Firm were reasonable and necessary to protect and to pursue the interests common to plaintiffs. Accordingly, I respectfully submit that the expenses incurred are reasonable in amount and should be reimbursed in the amount of $34,506.35.

<u>CONCLUSION</u>

36. Counsel are proud of the result reached in this hard-fought litigation. In view of the recovery, the substantial risks of this litigation, and the enormous efforts of the PSC and my Firm, we respectfully submit that the Application for an award of attorneys' fees in the amount of $366,476.50 and reimbursement of expenses in the amount of $34,506.35 be granted and that the foregoing amounts be paid in accordance with the provisions of the Settlement Agreement.

I declare, under penalty of perjury under the laws of the United States and the laws of West Virginia, that the foregoing facts are true and correct to the best of my knowledge, information, and belief. Executed on December 16, 2010.

_Lester L. Levy_
Lester L. Levy

Doc# 689470

**EXHIBIT A**

# BIOGRAPHICAL SKETCH OF WOLF POPPER LLP

Wolf Popper LLP ("Wolf Popper" or "the Firm") is a nationally recognized law firm with decades of experience in the fields of securities, consumer, and ERISA class actions and securities derivative actions. Since the Firm was founded in 1945, Wolf Popper has been a leader in efforts to protect the interests of defrauded investors, consumers, and employees, prosecuting hundreds of actions under federal and state laws throughout the United States, and recovering billions for aggrieved parties.

The Firm also has a substantial practice in corporate and commercial law. Wolf Popper's commercial litigation practice encompasses the representation of defendants as well as plaintiffs. The Firm's corporate practice includes business transactions, employer/employee relations, and the law of foreign missions. Among the Firm's clients are domestic and international individuals and businesses, and foreign missions to the United Nations.

The Firm's members have been on the faculty of the Practicing Law Institute and are active members in a variety of professional legal associations, including serving on or chairing a number of committees of such associations. The Firm's members include graduates from the law schools of Harvard, Columbia, and New York University, and many of the Firm's members have written extensively on a variety of subjects for numerous professional associations and legal periodicals. Many of the Firm's current and former members have held responsible positions in government both at the federal and the state level. For example, Benedict Wolf (now deceased) was the First Secretary and Chief Trial Examiner of the National Labor Relations Board, and Martin Popper (now deceased) was a consultant to the U.S. Delegation to the Founding Conference of the United Nations.

Wolf Popper has an exemplary record in its representation of plaintiffs, and the skill and experience of the attorneys at the Firm have been repeatedly recognized by Courts throughout the country. In recognition of its high standing at the bar, Courts have frequently appointed Wolf Popper to serve as lead or co-lead counsel in complex, multi-party actions, including securities, consumer, and ERISA actions. Many of the Wolf Popper attorneys are regularly selected as New York "Super Lawyers"®. This selection represents the top 5% of attorneys practicing in New York City.

Wolf Popper has achieved notable and significant successes over the years, some of which are detailed below.

A sample of some of the outstanding recoveries achieved and decisions obtained by the Firm is described below.

### *Securities Actions:*

- In In re Tycom Ltd. Securities Litigation, Case No. 03-3540 (GEB) (D.N.J.), Wolf Popper, representing the Lead Plaintiff, served as co-lead counsel for the class, securing a $79 million cash settlement for the class following extensive motion practice and full discovery. At the August 25, 2010 hearing at which the Court approved the settlement, the Honorable Garrett E. Brown, Jr., Chief Judge of the U.S. District Court for the District of New Jersey, praised the Firm for its "very extensive and professional representation of the class."

• In the <u>Motorola Securities Litigation</u>, 03C287 (RRP) (N.D. Ill.), Wolf Popper represented the Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment. On the eve of trial, the defendants paid $190,000,000 to the class to resolve the federal securities litigation. This recovery was obtained after more than four years of litigation. During the litigation, Wolf Popper, among other things, defeated Motorola's motion to dismiss the complaint (2004 U.S. Dist. LEXIS 18250 (Sept. 9, 2004, N.D. Ill.)) and Motorola's motions for summary judgment (2007 U.S. Dist. LEXIS 9530 (Feb. 8, 2007, N.D. Ill.)).

• In <u>Middlesex Retirement System v. Quest Software, Inc.</u>, No. 06-06863-DOC(RNBx) (C.D. Cal.), Wolf Popper was appointed lead counsel in a federal securities class action against Quest Software, Inc. ("Quest"), a company that designs, develops, distributes and supports software products. The case is based on allegations that Quest issued materially false and misleading statements to cover up its failure to account properly for backdated stock options, causing Quest's operating and net income to be overstated and its stock price to be artificially inflated. Following comprehensive briefing opposing defendants' initial motion to dismiss, the Court denied virtually all of defendants' motion. Defendants filed subsequent motions to dismiss challenging the amended complaint which had added additional allegations. The Court denied defendants' motions to dismiss the claims under § 10(b) and § 20(a) of the Securities Exchange Act of 1934. <u>See Middlesex Retirement System v. Quest Software, Inc.</u>, 527 F. Supp.2d 1164 (C.D. Cal. 2007); and Amended Order (C.D. Cal. July 10, 2008). After comprehensive discovery and the grant of plaintiff's motion to compel discovery and plaintiff's motion for class certification, <u>see Middlesex Retirement System v. Quest Software, Inc.</u>, Order, CV 06-6863-DOC (RNBx) (C.D. Cal. Jul. 8, 2009), <u>aff'd</u>, Order (C.D. Cal. Sept. 18, 2009) (order granting Plaintiff's motion to compel); and Order, CV 06-6863-DOC (RNBx) (C.D. Cal. Sept. 8, 2009) (Granting Lead Plaintiff's Motion for Class Certification), the parties entered into a proposed settlement of the action for $29.4 million (plus the cost of providing notice of the settlement to the class). The Court preliminarily approved the settlement, stating "[Y]ou really have the court's profound congratulations and compliments," and, on April 26, 2010, gave final approval to the settlement.

• In <u>Huberman v. Tag-It Pacific Inc.</u>, Case No. 2:05-cv-07352-R(Ex) (C.D. Cal.), Wolf Popper successfully appealed the district court's grant of summary judgment to defendants and the denial of class certification. In addition to reversing summary judgment, the Ninth Circuit Court of Appeals also reversed the district court's denial of class certification, and ordered the district court to certify the class. <u>Huberman v. Tag-It Pacific Inc.</u>, 2009 U.S. App. LEXIS 2780 (9th Cir. Jan. 16, 2009). The parties have subsequently settled the litigation and the Court approved the settlement on December 7, 2009.

• In <u>Thurber v. Mattel</u>, Master File No. CV-99-10368-MRP(CWx) (C.D. Cal.) (§10(b) claims) and <u>Dusek v. Mattel</u>, Master File No. CV-99-10864-MRP(CWx) (C.D. Cal.) (§14(a) claims), Wolf Popper was a member of the Executive Committee of Plaintiffs' counsel, but was also specifically appointed by the Federal Court to have primary responsibility for the prosecution of the <u>Dusek v. Mattel</u> §14(a) claims. After more than three years of extremely hard-fought litigation, including two rounds of motions to dismiss, the production of millions of documents, and the taking or defending of more than 40 depositions, both cases settled for the aggregate sum of $122 million, with $61 million allocated for the <u>Dusek v. Mattel</u> §14(a) claims, believed to be the largest settlement of a § 14(a) case. Upon approving the settlement, the Judge complimented counsel saying that the settlement was an

"awfully good result." The Judge also specifically found that "Wolf Popper LLP vigorously prosecuted the <u>Dusek</u> action and zealously represented the interests of the <u>Dusek</u> class members" and that Wolf Popper zealously performed in a "very capable and professional manner."

• Wolf Popper LLP was a co-lead settlement counsel for the plaintiff class in <u>In re Service Corporation Internat'l</u>, Civil Action No. H-99-280 (S.D. Tex.). The action alleged that defendants made material misrepresentations in connection with Service Corp.'s January 1999 stock-for-stock acquisition of Equity Corp. International. Based on the strength of the amended complaint, and presentation at mediation sessions, Wolf Popper recovered $63 million for the plaintiff class. The settlement, approved in 2004, was an extraordinary recovery inasmuch as there were no allegations of insider trading, a SEC investigation, or an accounting restatement, and the District Court had spent over four years deliberating over defendants' motion to dismiss the complaint, lessening plaintiffs' leverage in settlement negotiations.

• In <u>Stanley v. Safeskin</u>, Lead Case No. 99cv454-BTM(LSP) (S.D. Cal.), Wolf Popper served as Court-appointed Co-lead Counsel for Plaintiffs, in which the Court approved a $55 million settlement in favor of plaintiffs on March 20, 2003. The Honorable Barry T. Moskowitz thereafter complimented Plaintiffs' Co-Lead Counsel, noting his "incredible respect for the work that the lawyers did." Describing Plaintiffs' counsel as "highly skilled in these cases," Judge Moskowitz commented that he was "kind of looking forward to trying this case, because it would have the best lawyers in the country trying this case. . . ." The Court subsequently further complimented Co-Lead Counsel, stating that "competency is too weak of a word -- the extraordinary ability of these firms * * * I really thought that the Plaintiffs' law firms in this case not only had extraordinary ability to deal with the complicated factual issues -- and it certainly was a difficult case, and you should be applauded in that regard." Paying Plaintiffs' Co-Lead Counsel perhaps an ultimate compliment, the Court further said, "From the plaintiffs' perspective -- and I say this for all the firms -- you handled it on a much higher plane, probably on a textbook or ideal plane. If they would teach people how it should be done in law school, this would be the example of, how the lawyers handle this case."

• In <u>Buxbaum v. Deutsche Bank, A.G.</u>, 98 Civ. 8460 (JGK) (S.D.N.Y.), Wolf Popper recovered $58 million as co-lead counsel in a major securities fraud action against Deutsche Bank, A.G. and its senior officer. The action alleged that Deutsche Bank defrauded Bankers Trust shareholders by misrepresenting the status of takeover negotiations for Deutsche Bank to acquire Bankers Trust. The District Court's opinion denying defendants' motion to dismiss is reported at Fed. Sec. L. Rep. (CCH) ¶90,969 (S.D.N.Y. 2000). The decision denying defendants' motion for summary judgment is reported at 2002 U.S. Dist. LEXIS 1893 (S.D.N.Y., Jan. 30, 2002). The $58 million recovery, obtained on the eve of trial, was equivalent to approximately 48% of the class' maximum possible recovery, and approximately 96% of the class' most likely recovery.

• In <u>In re Sunbeam Sec. Litig.</u>, 98-8258-Civ.-Middlebrooks (S.D. Fl.), Wolf Popper was appointed co-lead counsel. The case was brought against Sunbeam, its auditors, and former officers and directors of the company, including "Chainsaw" Al Dunlap. Plaintiffs reached a partial settlement with Sunbeam's auditors, Arthur Andersen, for $110 million - one of the largest settlements ever with an accounting firm in a securities class action - and reached a separate settlement with the individual defendants that included more than $18 million in cash plus a separate $13 million recovery from the company's excess insurance policies.

● In In re Providian Financial Sec. Litig., MDL No. 1301 (E.D. Pa.), Wolf Popper was co-lead counsel for the plaintiff class and obtained a $38 million recovery from the defendants. The Court, in approving the settlement in June 2002, remarked on the "extremely high quality" and "skill and efficiency" of plaintiffs' counsel's work, which the Court stated it had seen throughout the litigation. The Court also noted the "extremely high quality" of Wolf Popper's work is reflected in the result which it obtained and in the fact that it is a nationally prominent firm with extensive experience in the field.

● In In re FTD.com, Inc. Shareholder Litig., C.A. No. 19458-NC (Del. Ch.), Wolf Popper was co-lead counsel in an action in Delaware Chancery Court that alleged that members of the board of directors of FTD.com abused their control of the company by taking FTD.com private under terms advantageous to them but not to FTD.com's public shareholders. After mediation, co-lead counsel obtained a recovery which came to more than 99% of the damages claimed by members of the class.

● In Danis v. USN Communications, Inc., No. 98 C 7482 (N.D. Ill., May 30, 2001), the Court approved a settlement Wolf Popper obtained of approximately $45 million for investors, expressly thanking Plaintiffs' co-lead counsel "for all the work you have done and constructive results."

● In Retsky Family Limited Partnership v. Price Waterhouse LLP, No. 97 C 7694 (N.D. Ill., June 18, 2001), an arbitration before a court appointed arbitrator, after a full hearing and several days of testimony, the arbitrator awarded plaintiffs the total damages claimed.

● Wolf Popper achieved a benefit of over $50 million in the settlement of the litigation over the merger of the American Stock Exchange and the NASD in Philipson v. American Stock Exchange, 98 Civ. 4219 (DC) (S.D.N.Y., Transcript of Proceedings, February 18, 1999, at 8-11), in which the Court complimented the Firm for its "terrific job" in negotiating a "substantial [recovery]."

● Wolf Popper was co-lead counsel in In re Chambers Development Co. Sec. Litig., C.A. No. 92-0679 (W.D. Pa.) that resulted in a $95 million cash settlement for the class in 1996.

● Wolf Popper was the Chair of Plaintiffs' Executive and Scheduling Committees in the consolidated litigation arising out of the national scandal at Wedtech Corporation. In re Wedtech Sec. Litig., M 21-36 (LBS) MDL 735 (S.D.N.Y.). The action was settled in 1992 for $77.5 million, one of the then largest settlements in a securities fraud action.

● Wolf Popper was the plaintiffs' co-lead counsel in a litigation that resulted in the then largest recovery in the history of securities class actions. In In re The Standard Oil Company/British Petroleum Litig., Consolidated Case No. 12676, Court of Common Pleas, Cuyahoga County, Ohio, plaintiffs' counsel negotiated and obtained a benefit for the class in excess of $600 million. In its ruling which approved in full counsels' application for attorneys' fees, the Court commented favorably on the quality of co-lead counsel:

> The professional skill required to achieve the resultant benefits to this Class has been evidenced on nearly a daily basis by this Court.

As a result of this professional skill and excellent representation, these benefits to the Class would not have otherwise been achieved.

The Court has fully weighed in its decision the benefits bestowed on the Class. At this juncture the Court finds that the benefit is unprecedented.

- Wolf Popper was co-lead counsel in the case producing the then largest recovery in a securities class action prior to the Standard Oil litigation. In Joseph, et al v. Shell Oil Company, et al., Consolidated Civil Action No. 7450 (Del. Ch., April 19, 1985), the plaintiff stockholders successfully petitioned the Delaware Chancery Court to enjoin the proposed merger of Shell Oil Company and Royal Dutch Petroleum Company, 482 A.2d 335, Del. Ch. 1984). In approving the $205 million recovery in the Shell Oil Litigation, Vice Chancellor Maurice Hartnett stated: "The results achieved in this case for the class are outstanding."

- Wolf Popper played a major role in representing the rights of shareholders in the notorious Boesky/Drexel/Milken trading scandal involving Ivan F. Boesky, Dennis B. Levine, Kidder Peabody & Co. Incorporated, Goldman, Sachs & Co., Drexel, Michael R. Milken, and others. These actions arose from the illegal use by various individuals of non-public information about publicly traded corporations, conveyed to them from high level executives at these large investment firms, to reap illicit profits for personal gain. Wolf Popper was appointed co-lead counsel in several of these actions, including the Boesky insider trading class litigation pending in the Southern District of New York, to represent classes of shareholders who suffered losses as a result of these illicit activities. In re Ivan F. Boesky Sec. Litig., MDL 732, MDL-21-45-MP (S.D.N.Y.). The Firm is also one of the lead counsel in the Drexel/Milken litigation also pending in the Southern District of New York. In re Drexel Burnham Lambert Group Inc., et al., Debtors, 90 Civ. 6954 (MP), 90-B-10421 (FGC) (S.D.N.Y.). After intensive litigation, the Firm helped recover in excess of $800 million for investors. In the global settlement of these Milken related litigations, the Court specifically certified a worldwide class of investors after notice was given throughout the world, in addition to publications in newspapers worldwide.

- Wolf Popper was a court-appointed co-lead counsel representing a class of Salomon Brothers securities purchasers who brought an action under the federal securities laws arising out of violations of rules of the United States Department of the Treasury in connection with certain auctions of government securities, In re Salomon Brothers Inc. Sec. Litig., 91 Civ. 5442 (RPP) (S.D.N.Y.). The litigation ultimately settled for over $54 million.

- The Firm was co-lead counsel for plaintiffs in litigation involving the alleged "greenmail" of Walt Disney Company by Saul Steinberg and his Reliance Group, Heckmann v. Ahmanson, C.A. 000851 (Superior Court, Cal.) (co-lead counsel for derivative actions). There the Los Angeles Superior Court in September 1989 approved a settlement providing for a cash payment of $45 million plus the therapeutic benefit of the termination of certain defendants' claim for rescission which potentially would have cost the company in excess of a billion dollars.

The Firm acted as sole lead or co-lead counsel for plaintiffs in dozens, if not hundreds, of other cases throughout the United States, which resulted in large, multi-million dollar settlements, many of which recovered well over 50% and, in several cases, 90-100% of the damages.

*Consumer Class Actions:*

  Wolf Popper's strong presence in prosecuting class actions on behalf of defrauded consumers has similarly resulted in the return of millions of dollars to thousands of victims of unfair business practices. These litigations in which the Firm served as sole lead or co-lead counsel include, among others:

  ● <u>CLRB Hanson Industries, LLC v. Google, Inc.</u>, Case No. C 05-03649 JW PVT (N.D. Cal.), in which Wolf Popper is lead counsel, representing advertisers who allege that Google improperly overcharged them in connection with Google's AdWords program. The settlement of the action in the amount of $20 million was approved by the court in 2009.

  ● <u>In re Coordinated Title Insurance Cases,</u> Index No.009600/03 (Sup. Ct., Nassau County, NY), a New York consumer fraud action brought against various Title Insurance Companies for their failure to charge the discounted rate for title insurance premiums in qualified refinancing transactions and their failure to provide borrowers with notice of the discount. In approving the settlement of over $31 million, one of the largest consumer class actions in the history of that court, at the hearing held on July 29, 2005, the court stated:

> And it's this Court's very strong opinion that what we have had before us on all sides – Plaintiffs' side, which involves two firms, and the Defendants, eight Defendants which involve five firms representing the eight different Defendants – was lawyering of the highest quality. It's always enjoyable for the Court to have high quality lawyering in front of it. It's always my opinion that it raises the level of the Bench when the lawyers before it proceed in a very high fashion, which has happened in this case.

  ● <u>Sims v. First Consumers National Bank</u>, Index No. 01/604536 (Sup. Ct., NY County), this consumer fraud action challenged the misleading disclosure of fees in fine print in connection with the issuance of the bank's credit cards. The lower court's dismissal of the action was unanimously reversed by the appellate court and the action was settled in 2005 with a recovery of 100% of the damages for the class.

  ● <u>Canning v. Concord EFS, Inc.</u>, Docket No. L-6609-02 (Super. Ct., NJ, Law Division, Camden County), a consumer fraud action brought in New Jersey on behalf of recipients of certain public assistance benefits who were being illegally surcharged to access their benefits through ATM machines. The settlement, approved in May 2005, provided for a recovery of 90% of the surcharges and an injunction halting the illegal surcharging.

  ● <u>Taylor v. American Bankers Insurance Group, Inc.</u>, 700 N.Y.S.2d 458 (App. Div., 1st Dept.1999), in which the Firm successfully defended against an appeal by defendants of the certification of a nationwide class on behalf of consumers who alleged that defendants had violated §§349 and 350 of the General Business Law by misleading consumers about the purchase of insurance and improperly denying insurance claims. The Firm achieved a complete recovery for class members

as defendants agreed to pay class members' disputed coverage claims in full, as well as revise their solicitations to prevent a recurrence.

- *Champod v. Iomega Corp.*, No. 98/600887 (Sup. Ct, N.Y. Cty. 1999), in which purchasers of computer storage devices alleged that the product could not read certain tapes that it was advertised as being capable of reading, and that they were improperly charged for customer assistance calls. The Firm achieved a settlement that provided a software fix to correct the problem with reading the tapes or, if not corrected, ultimately provided for a return of the product; the Firm also obtained a refund of 50% of the charges for the customer assistance calls.

- *Princeton Economics Group, Inc. v. American Telephone & Telegraph Co.*, Civil Action No. L-91-3221 (N.J. Super. Ct. 1995), the largest class action ever brought in New Jersey State Court. The action, based upon AT&T's marketing and sales of a telephone system that it advertised as well suited to small businesses because of its "conference call" features, revealed that the phone system did not function as advertised. The participants to calls could not hear each other because the conference feature lacked amplification. This litigation resulted in a settlement valued by the Court at $85-90 million. At the conclusion of the case, the Court noted the complexity and difficulty of the issues involved and favorably commented that, "[i]f not for the skill and experience of class counsel, a settlement may not have been reached or, if it had been reached, may have resulted in a significantly diminished recovery for the class."

- *Tanzer v. HIP*, (1997 WL 773695), in a unanimous decision obtained by the Firm, the New York Court of Appeals, New York's highest court, upheld a class action complaint on behalf of insureds who had been denied medical insurance coverage. The Firm subsequently obtained partial summary judgment against HIP for breach of HIP's contract with its health insurance subscribers for failing to reimburse the subscribers for anesthesia-related expenses in conjunction with surgical procedures performed in New York State since June 7, 1993. *Tanzer v. HIP*, Index No. 114263-95, slip op., January 27, 1999. Ultimately, a settlement was reached which paid members of the class 100% of their damages.

- *Feinberg v. Empire Blue Cross-Blue Shield Consumer Litig.*, 88 Civ. 2532 (RO) (S.D.N.Y.), in which participants in a Blue Cross Blue Shield medical insurance program alleged that the program breached its contract with customers by paying subscribers amounts below the "usual and customary" rates that it represented it would pay in its contract of insurance. The action was ultimately settled with Empire agreeing to reimburse subscribers.

### *ERISA Litigation*

Wolf Popper has been appointed co-lead counsel in several class actions on behalf of participants and beneficiaries of 401(k) plans, including, for example, on behalf of Citigroup and AIG.

- On October 7, 2008, the Court approved the settlement reached by Wolf Popper LLP and its co-counsel, on behalf of former and current employees of AIG, in the amount of $24.2 million in *In re AIG ERISA Litigation*, No. 04 Civ. 9387 (JES), stating that "without the work of these [plaintiffs'] attorneys there would be nothing."

*Transactional Litigation*

Wolf Popper's transactional litigation department has represented plaintiffs in Delaware and other states' courts when investors in companies who, in the context of proposed mergers or tender offers, are offered inadequate compensation for their stock or are provided inadequate information to allow such investors to make informed decisions concerning whether to vote for such transactions. Examples of merger and acquisition litigation challenging such transactions where Wolf Popper acted as lead or co-lead counsel and contributed to the benefit include:

- Ehrenhaus v. Baker (Wachovia Corp.), Civil Action No: 08-CVS-22632 (N.C. Super. Ct.)
- Rice v. Lafarge North America, Inc., Civ. No. 268974-V (Md. Cir.) ($383 million aggregate benefit)
- In re Aramark Corp. Shareholders Litig., Consol. C.A. No. 2117-N (Del. Ch.) ($222 million aggregate benefit).
- In re Nortek, Inc. Shareholder Litig., Consol. C.A. No. 19538-NC (Del. Ch.) ($63 million aggregate benefit)
- In re New Valley Corp. Shareholder Litig., Consol. C.A. No. 1678-N (Del. Ch.) ($28 million aggregate benefit)
- In re Net2Phone, Inc. Shareholders Litig., Consol. C.A. No. 1467-N (Del. Ch.)
- In re William Lyon Homes Shareholder Litig., Consol. C.A. No. 2015-N (Del. Ch.)
- In re ftd.com Inc. Shareholder Litig., Consol. C.A. No. 19458 (Del. Ch.)

Wolf Popper has served as lead or co-lead counsel in other cases challenging transactions involving, among many others: The Topps Co., EDO Corp., James River Group, Inc., CentraCore Properties Trust, Bioenvision, Inc., Mossimo, Inc., Centerpoint Inc., Genencor International Inc., Uni-Marts, Inc., Nassda Corp., and Chaparral Steel, Co.

*Antitrust Actions:*

Wolf Popper's antitrust department has represented plaintiffs nationwide in price fixing cases and other violations of the federal antitrust laws. For example, in In the Matter of the Ocean Shipping Antitrust Litig., MDL 395 (S.D.N.Y.) Wolf Popper was co-lead counsel and recovered over $50 million on behalf of transatlantic shippers of goods who brought an action against the leading carriers of containerized shipping in the United States-Europe trade for conspiracy to fix the charges made for shipping services. The Firm served as lead or co-lead counsel in numerous other antitrust class actions, including: Wholesale Tobacco Distributors antitrust litigation and in In re Milk Antitrust Litig., 8l Civ. l963 (RO), (S.D.N.Y. l98l); In re Bread Antitrust Litig., Master File No. CV-85-2013 (CPS) (E.D.N.Y.); In re Shopping Carts Antitrust Litig., M.D.L. No. 451 (S.D.N.Y.); In re Wiring Device Antitrust Litig., MDL 33l (E.D.N.Y.) (where Chief Judge Weinstein described counsel for the plaintiffs as "outstanding and skillful").

*Environmental Or Health Actions:*

The Firm's strong commitment to and experience in class actions concerning environmental or health matters is demonstrated by the Firm's strong presence and important roles in several cases arising from environmental disaster and health hazards. These include, among other cases, In re Exxon Valdez Oil Spill Litig., 3AN-89-2533 Civil (Sup. Ct. Alaska) and A-89-095 Civil (D. Alaska) in which

the jury awarded judgment for the plaintiffs in the amount of $5 billion; In re Asbestos School Litig., 83-0268 (E.D. Pa.); Holifield v. BP America, Inc., CV-90-0722 RJX (C.D. Cal.); In re Johns-Manville Corporation, Debtors, 82 B ll656-11676 (BRL) (Bkr. S.D.N.Y.); and Ross v. A. H. Robins, Inc., 77 Civ. l407 (CBM).

*Trial Experience*:

One of the reasons Wolf Popper maintains a favorable, formidable reputation is because of the Firm's demonstrated willingness to prosecute cases through trial in order to achieve a favorable result for our clients. The Firm's trial (and arbitration) experience includes, among other cases:

- Zuckerman v. FoxMeyer Health Corp., 3-96-CV 2258-L (N.D. Tex. 2002), where Wolf Popper successfully prosecuted a mini-trial before a former Magistrate Judge from the N.D. Cal. in the context of an ADR Proceeding to determine a binding fair value of a settlement of the action. Notwithstanding the fact that the defendant company was on the brink of insolvency (and subsequently filed for bankruptcy), the company providing the initial layer of insurance coverage was in liquidation, and the individual defendants were not wealthy, after presentation of the evidence, the neutral arbiter determined in plaintiffs' favor.

- In an arbitration before a court appointed arbitrator in Retsky Family Limited Partnership v. Price Waterhouse LLP, No. 97 C 7694 (N.D. Ill., June 18, 2001), after a full hearing and several days of testimony, the arbitrator awarded plaintiffs the total damages claimed.

- The Firm served as arbitration counsel in 1997, 1998, and 1999 in several extensive commercial arbitrations on behalf of an international airline.

- Plaintiffs' co-trial counsel in Abzug, et ano. v. Kerkorian, et al., CA 000981, Superior Court, Los Angeles, California, which was settled during trial for $35 million.

- The Firm was co-lead counsel for plaintiffs in litigation involving the alleged "greenmail" of Walt Disney Company by Saul Steinberg and his Reliance Group, Heckmann v. Ahmanson, C.A. 000851 (Superior Court, Cal.) (co-lead counsel for derivative actions). There the Los Angeles Superior Court in September 1989 approved a settlement at trial providing for a cash payment of $45 million plus the therapeutic benefit of the termination of certain defendants' claim for rescission which potentially would have cost the company in excess of a billion dollars.

- Citron v. E.I. duPont de Nemours & Co., Del. Ch. (Civil Action No. 6219), in Delaware Chancery Court in which the Vice-Chancellor complimented plaintiffs' counsel "for the able way in which they presented the case," their "well-done" pre-trial briefs, and the "good job" done.

- Odmark v. Westside Bancorporation, Inc., No. C85-1099R (W.D. Wash.), settled mid-way through trial in Seattle, Washington.

- Baum v. Centronics Data Computer Corp., 85-363-L (D.N.H.), settled after trial had commenced in New Hampshire.

● The Firm also has tried several other actions on behalf of plaintiffs and plaintiff classes in securities and other actions in other federal courts, as well as in Delaware Chancery Court and elsewhere.

*Court Commentary On The Firm:*

Throughout the history of the Firm, the Courts before whom Wolf Popper has appeared have commented favorably and repeatedly on the ability and performance of the Firm and its members. A sampling of some of the praise the Firm has consistently received over the course of its practice include the following cases:

● In Middlesex Retirement System v. Quest Software, Inc., CV 06-6863 DOC (RNBx) (C.D. Cal. Dec. 7, 2009), in which Wolf Popper had been appointed by the Court as Lead Counsel and Class Counsel, the Court stated in preliminarily approving the $29.4 million (plus cost of providing notice) proposed settlement of the action, "once again on the record . . .I want to compliment counsel for working extraordinarily hard; . . .this appears to be an extraordinarily fair settlement for all parties concerned. * * * [Y]ou really have the court's profound congratulations and compliments."

● In approving the $190,000,000 recovery for the Class in the Motorola Sec. Litig., 03C287 (N.D. Ill.), where Wolf Popper represented the lead plaintiff, the Court stated as follows "You did a great very professional job here. This was a hard fought, but extremely professionally fought battle and I appreciate it. Thank you."

● Wolf Popper served as co-lead counsel for plaintiffs in Conolly v. Universal American Financial Corp., Civ. A. No. 13422/07 (Sup. Ct. NY, Dec. 9, 2008 Tr. at 74-75). At the final hearing in the action, Hon. Alan D. Scheinkman complimented plaintiffs' co-lead counsel, stating: "The Court has had the opportunity to see these lawyers on numerous occasions and read their submissions, not just those relating to fees but those relating to the merits of the case and the Court has become familiar with counsel and is impressed with their skill and knowledge and their professionalism."

● On October 7, 2008, the Court approved the settlement reached by Wolf Popper LLP and its co-counsel, on behalf of former and current employees of AIG, in the amount of $24.2 million in In re AIG ERISA Litigation, No. 04 Civ. 9387 (JES), stating that "without the work of these [plaintiffs'] attorneys there would be nothing."

● In In re TJX Companies Retail Security Breach Litig., Master Docket Civil Action No. 07-10162, MDL Docket No. 1838, in which Wolf Popper was Co-Lead Counsel, the Court in approving the settlement on July 15, 2008, stated that Plaintiffs' counsel achieved an "excellent settlement" for the consumer class, that they "have been very creative" and performed "a wonderful job."

● Wolf Popper was appointed interim co-lead counsel by Judge Sidney Stein in January 2008, in Gray v. Citigroup, Inc., Case No. 07-CV-9790 (S.D.N.Y.) (SHS) (DCF), a consolidated ERISA class action on behalf of participants and beneficiaries of certain of Citigroup's retirement plans. In appointing Wolf Popper as co-lead counsel over competing groups of counsel, Judge Stein

stated that "… I think the group most able to represent the plaintiffs as interim lead counsel will be Wolf Popper…" because it has "…the deeper experience overall."

- In <u>Dusek v. Mattel</u>, Master File No. CV-99-10864-MRP (CWx) (C.D. Cal.), in approving the settlement of the action along with a companion action, for $122 million, the Judge, in her Findings of Fact and Conclusions of Law entered on November 6, 2003, complimented counsel saying that "Wolf Popper LLP vigorously prosecuted the <u>Dusek</u> action and zealously represented the interests of the <u>Dusek</u> Class members," and that Wolf Popper performed in a "very capable and professional manner."

- The Firm served as Co-Lead Counsel for plaintiffs in <u>Stanley v. Safeskin</u>, Lead Case No. 99cv454-BTM(LSP) (S.D. Cal.), in which the Judge noted in approving a $55 million settlement that "Plaintiffs' counsel are highly skilled in these cases" and that he was "kind of looking forward to trying this case, because it would have the best lawyers in the country trying this case. . . ." The Honorable Barry T. Moskowitz subsequently further complimented Co-Lead Counsel at a hearing on November 20, 2003, stating:

> I think I learned more about the honorability of the firms and the competency -- and competency is too weak of a word -- the extraordinary ability of these firms in handling the cost aspects of it, and expenses aspect of it, . . .I don't think I've seen lawyers so honest with the Court . . . .I really thought that the Plaintiffs' law firms in this case not only had extraordinary ability to deal with the complicated factual issues -- and it certainly was a difficult case, and you should be applauded in that regard.
> * * *
> And it's not usual that the court sees lawyers behave -- we usually see them behave well, but this is extraordinarily positive. And I wanted to make that notation. . . I can -- come out of it having incredible respect for the work that the lawyers did in this case.
> * * *
> From the plaintiffs' perspective -- and I say this for all the firms -- you handled it on a much higher plane, probably on a textbook or ideal plane. If they would teach people how it should be done in law school, this would be the example of, how the lawyers handle this case.

- In approving the settlement of the <u>In re Exide Corp. Sec. Litig.</u>, Case No. 98-CV-60061-AA (E.D. Mich., Transcript of Proceedings, September 2, 1999, at 34, 35-6), the Honorable George Caram Steeh complimented the Firm for its diligence and skill, saying:

> The court is satisfied indeed that the settlement that was reached in arm's length bargaining, that was undertaken only after very thorough preparation on the part of plaintiff's counsel. That the counsel itself was extremely competent and considerable experience in pursuing such matters. . . .
> * * *
> So the court is satisfied that the attorneys on both sides of this litigation should be commended for their effort and professionalism in developing and presenting the issues and for their common sense in arriving at the settlement as it has been presented to the court for confirmation.

●        In the In re Marketspan Corporation /LILCO Shareholder Litig., Index No. 15731/98 (Sup. Ct., NY, Transcript of Proceedings, April 28, 1999, at 9), Justice Ute Wolff Lally commended the Firm when he preliminarily approved a proposed settlement, stating:

Let me first state that having had the stipulation of settlement prior to today, I have, of course, perused it at length, and I want to thank and I want to commend the executive committee and the head law firm, Wolf Popper, in adhering to the timetable which this Court has set in the various orders that have been issued and in completing the discovery and the complex negotiations in accordance with the Court's order.  The court appreciates that because it was an enormously complex litigation, and I certainly commend you for reaching this agreement.

●        In approving the proposed settlement of the litigation over the merger of the American Stock Exchange and the NASD, Judge Denny Chin stated in Philipson v. American Stock Exchange, 98 Civ. 4219 (DC) (S.D.N.Y., Transcript of Proceedings, February 18, 1999, at 8-11):

I've considered the papers and what I have heard today, and I find that the settlement is fair, reasonable and adequate. . . . The recovery is substantial.  There is the $30 million for the seat market program. . . . There is the potential revenue sharing, which I think at a reasonable estimate would be $20.7 million at least, . . . .

So the benefits of the proposed settlement are substantial. * * * I think that the benefits of the proposed settlement compare very well to any conceivable reasonable potential recovery. * * * There are very experienced and very good counsel on both sides.  The negotiations were difficult and went on for quite a long time. * * * So, having considered all those factors, I conclude that the settlement is fair, reasonable and adequate and is approved.

* * *

Terrific job on both sides.

●        Judge Donna F. Martinez complimented the Firm when she approved the settlement of a securities fraud action in Germano v. Cognitronics Securities Corp., Docket No. 3:93-CV-00539 (DFM) (D. Conn., Transcript of Proceedings, September 11, 1998, at 2, 3-4), stating:

Your presentations. . .were extraordinary – extraordinarily thorough and highly expert. . . .

* * *

The issues presented were complicated.  They were difficult, and as we've all said more than once now, they were bitterly and expertly fought.

* * *

You've ended a long piece of litigation.  I know that there was hard work involved not only in the litigation, but a lot of hard work and considerable number of hours that went into the efforts to resolve the case, and you're all to be commended for your very, very excellent representation of your respective clients.

• In a securities fraud action against Caremark International, Inc. arising out the company's failure to disclose violations of state fraud statutes, the Firm served as Co-Lead Counsel for plaintiffs and recovered $25 million on behalf of defrauded investors. The Court complimented plaintiffs' counsel on their handling of the case, stating:

> Congratulations * * *I know [this case] was a complex piece of litigation. * * * thank you very much for your efforts. I think the class and the defense were very well represented.

In re Caremark International, Inc. Sec. Litig., Docket No. 94 C 4751 (Transcript of proceedings, December 15, 1997, at 7-8).

• In the investor actions arising out of the failed public offering involving In-Store Advertising in which the Firm was co-lead counsel, Judge Peter K. Leisure, in approving the settlement stated at the settlement hearing held on December 18, 1996:

> Now, having reviewed the excellent work of counsel with regard to the preparation of the papers, and the research that was done, and having conducted independent research on the law, I am fully satisfied with the quality of the lawyers' work in this matter.

In re In Store Advertising Sec. Litig., Master File No. 90 Civ. 5594 (PKL) (S.D.N.Y., December 18, 1996)

• Wolf Popper was lead counsel in Carpi v. McDonnell Douglas Capital Income Fund-I, 90 Civ. 3448 (JMC) where 95% of the class damages was recovered for the class. Judge Cannella praised lead counsel in a decision dated January 21, 1994, as follows:

> Plaintiffs' lead counsel has at all times demonstrated to this Court the highest caliber of representation, measurable both in quantitative terms (i.e., the benefits of the settlement to the class members), and in the professionalism, the timeliness, and the thoroughness of lead counsel's written submissions.

• Wolf Popper was co-lead counsel in investor actions brought against Valley National Bank of Arizona. Judge Robert C. Broomfield stated in approving a settlement on January 31, 1994:

> I commend counsel, particularly counsel who litigated this matter, on the quality of their representation of their respective counsel. The quality of representation was very high on behalf of all parties.

Hoexter, et al. v. Simmons, et al., No. CV-89-1069-PHX-RCB (D. Az.).

_____

# EXHIBIT B

In re Digitek Product Liability Litig. Mdl No. 1968

Firm Name:   Wolf Popper LLP

| Name | | Hourly Rate | Work Approved by and Performed Under the Direction of the PSC | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Common Fund Non-Class Hours | Common Fund Non-Class Lodestar | Common Fund Class Hours | Common Fund Class Lodestar | Total Common Fund Hours | Total Common Fund Lodestar |
| Attorneys: | | | | | | | | |
| Lester L. Levy | P | $750 | 23.5 | $17,625.00 | 1.9 | $1,425.00 | 25.4 | $19,050.00 |
| Patricia I. Avery | P | $695 | 86.8 | $60,326.00 | 140.0 | $97,300.00 | 226.8 | $157,626.00 |
| E. Elizabeth Ferguson | A | $485 | 28.6 | $13,871.00 | 160.2 | $77,697.00 | 188.8 | $91,568.00 |
| Natalie Mackiel | A | $485 | 4.3 | $2,085.50 | 171.0 | $82,935.00 | 175.3 | $85,020.50 |
| Attorney Totals | | | 143.2 | $93,907.50 | 473.1 | $259,357.00 | 616.3 | $353,264.50 |
| Paraprofessionals: | | | | | | | | |
| Frank Driscoll | Inv | $465 | 14.9 | $6,928.50 | 0.0 | $0.00 | 14.9 | $6,928.50 |
| Shirley Joseph | PL | $295 | 3.6 | $1,062.00 | 17.7 | $5,221.50 | 21.3 | $1,079.70 |
| Paraprofessional Totals | | | 18.5 | $7,990.50 | 17.7 | $5,221.50 | 36.2 | $13,212.00 |
| Totals | | | 161.7 | $101,898.00 | 490.8 | $264,578.50 | 652.5 | $366,476.50 |



**EXHIBIT C**



# Lester L. Levy

## Partner

[llevy@wolfpopper.com](mailto:llevy@wolfpopper.com)

(212) 451-9606

Lester L. Levy is the Chairman and Managing Partner of Wolf Popper LLP. A graduate of Columbia Law School, Mr. Levy has prosecuted hundreds of class actions and has recovered over one billion dollars for the class members he has represented. He is a recognized leader in complex class action litigation and has lectured in complex litigation at the University of Illinois and the University of Miami Law Schools.

Mr. Levy's ability to prosecute sophisticated class actions successfully has often been the subject of judicial recognition.

In the Motorola Securities Litigation, No. 03 C 287 (United States District Court, Northern District of Illinois), Mr. Levy represented the lead plaintiff, the State of New Jersey, Department of Treasury, Division of Investment. While approving a $190 million recovery, the Court stated: "You did a great very professional job here. This was hard fought, but extremely professionally fought battle and I appreciate it. Thank you."

In In re Providian Financial Securities Litigation, MDL No. 1301 (E.D. Pa), Mr. Levy was co-lead counsel for the plaintiff class and obtained a $38,000,000 judgment from the defendants. The Court, in approving the settlement in June, 2002, remarked on the "extremely high quality" and "skill and efficiency" of plaintiffs' counsel's work.

Judge James F. Holderman remarked on the quality of counsel's efforts in In re Salton/Maxim Securities Litigation, Docket No. 91 C 7693 (United States District Court, Northern District of Illinois), an action in which Mr. Levy was plaintiffs' co-lead counsel. At the hearing approving the settlement, the Court stated:

> I want to not only compliment you lawyers for the professionalism that you showed in the course of reaching this compromise resolution, but I want to compliment you on the professionalism that you showed during the course of the litigation. This was a hard fought litigation. It was well briefed. The issues were presented crisply. . . . [A]s a judge presiding over this case, it was a pleasure to preside over it because of the skill and the quality of the lawyering on everyone's part in connection with this case.

Mr. Levy was co-lead counsel in one of the largest class actions brought in New Jersey State Court, Princeton Economics Group, Inc. v. American Telephone and Telegraph Company, (N.J. Super. Ct. 1995). That case resulted in a settlement valued at $85-90 million. At the conclusion of the case, the Court noted the high level of skill possessed by class counsel and stated that... "If not for the skill and the experience of class counsel, a

## Practice Areas

- Securities Litigation
- Consumer Fraud
- Corporate and Commercial Law
- Corporate Transactional / Derivative Litigation
- Antitrust
- Corporate Transactional

**Education:**

- Columbia Law School
- Michigan State University

**Bar Admissions:**

- New York
- Multiple Federal Courts

settlement may not have been reached or, if it had been reached, may have resulted in a significantly diminished recovery for the class."

Mr. Levy also headed the class action litigation against American Bankers Ins. Group Inc. He obtained a nationwide class determination [Taylor v. American Bankers Ins. Group Inc., 700 N.Y. S. 2d 458 (1st Dept. 1999)] and achieved a complete recovery for class members as the defendant agreed to pay the class members' disputed coverage claims in full. The defendant also agreed to revise its solicitations to prevent a recurrence.

Mr. Levy was plaintiffs' co-lead counsel in Seidman v. Stauffer Chemical Co., (United States District Court, District of Connecticut) where at the successful conclusion of the case, Chief Judge Daly remarked that plaintiffs' co-lead counsel had acted throughout the litigation "…in accord with the highest standards of the bar, and it was a pleasure to deal with you and to listen to you, and to review your work…".

Mr. Levy played a leading role in the landmark Joseph v. Shell Oil Litigation, wherein the plaintiff stockholders successfully petitioned the Delaware Chancery Court to enjoin the proposed merger of Shell Oil Company and Royal Dutch Petroleum Company. At the conclusion of the litigation, which resulted in a $205,000,000 recovery for the class, the Court said that "the results achieved in this case for the class are outstanding".

In In re Fidelity Medical, Inc. Securities Litigation, 92-1908 (United States District Court, District of New Jersey), where Mr. Levy was a member of plaintiffs' Executive Committee that prosecuted the case, the Court at the conclusion of the case complimented counsel for their skill and professionalism and thanked them for the way the litigation was conducted.

Mr. Levy was in charge of the team of lawyers that prosecuted In re Coordinated Title Insurance Cases. That action against several large title insurance companies, resulted in the largest recovery in a consumer class action in Nassau County, New York. The presiding Justice commented, in approving the settlement on July 29, 2005, that the prosecution by the Firm "was lawyering of the highest quality."

Mr. Levy was co-lead counsel in the TJX Companies Retail Security Breach Litigation, (United States District of Mass.). At the end of the case, the Court commented that co-lead counsel was "quite creative" in crafting an "excellent settlement" for the class.

The periodical, *Securities Class Action Alert*, noted in reporting on the Borman's Inc. class action, wherein Mr. Levy was the Class Counsel:

> "Lester Levy of Wolf Popper Ross Wolf & Jones made short work of this case by winning a quick handsome return for shareholders. In one of the highest payout ratios in recent memory, eligible investors recovered 93% of the money they were deprived of. Levy obtained the settlement in just 15 months and investors received their checks within 6 months after the claim deadline date!"

Securities Class Action Alert, p.60 (April 1991).

Other important class actions, wherein Mr. Levy was either lead counsel or co-lead counsel include:

- CLRB Hanson,etc v. Google, Inc., (United States District Court, Northern District of Calif.);
- In re Archer Daniels Midland Co. Securities Litigation, (United States District Court, Central District of Illinois);
- Hwang v. Smith Corona Corp., et al, (United States District Court, District Court of Connecticut);
- Watkins v. Beatrice, (Del. Ch. Court);

- <u>In re Adac Securities Litigation</u>, (United States District Court, Northern District of Calif.);
- <u>In re Caremark Securities Litigation</u>, (United States District Court, Northern District of Illinois); and
- <u>Zinberg v. Washington Bancorp, Inc.</u>, (United States District Court, District New Jersey) (recovery for the class members of 200% of their damages).

In 1997, Mr. Levy argued before the New York Court of Appeals in <u>Tanzer v. Health Insurance Plan of Greater New York</u>, 91 N.Y.2d 850 and won a unanimous decision upholding a class action complaint on behalf of insureds who had been denied medical insurance coverage. Thereafter, the class received 100% of their damages.

In addition to his courtroom experience, Mr. Levy serves as an arbitrator for the United States District Court for the Eastern District of New York. Mr. Levy is also active in charitable work. He has received the Lifetime Trustee Award from the National Multiple Sclerosis Society for "outstanding service to the MS community."

# Patricia I. Avery

### Partner

pavery@wolfpopper.com
(212) 451-9619

### Practice Areas

- Securities Litigation
- Consumer Fraud
- Antitrust
- Corporate Transactional / Derivative Litigation
- Corporate Transactional



**Education:**

- New York University School of Law (J.D., 1976)
- New York University (B.A., 1973)

**Bar Admissions:**

- New York
- United States Supreme Court
- U.S. Circuit Court of Appeals (Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits)
- Southern and Eastern Districts of New York
- Northern District of Texas
- Central District of Illinois

Patricia I. Avery is a partner of Wolf Popper. She holds a B.A. from New York University (1973) and is a graduate of New York University School of Law (J.D., 1976), where she was a staff member and then an editor of the Moot Court Board. Since graduation from NYU, she has concentrated on securities and other complex civil litigation, including antitrust and consumer fraud. Ms. Avery has had sole or major responsibilities for many leading decisions in the securities field and in the general area of Federal Civil Procedure. Ms. Avery has been designated a Super Lawyer (R) 2007 in Securities Litigation.

Since joining Wolf Popper in 1982, Ms. Avery has been involved principally in securities (both class action and derivative), antitrust, and consumer fraud litigation. In addition to playing major roles in many of the leading decisions and substantial judgments obtained by the Firm over the years, she has had sole or principal responsibility at the Firm for numerous securities and other cases in which the Firm was appointed lead or co-lead counsel for plaintiffs, including, among many others:

- Huberman v. Tag-It Pacific, Inc., 2009 U.S. App. Lexis 2780 (9th Cir. Jan. 16, 2009) (Ninth Circuit reversed grant of summary judgment to defendants and directed that District Court grant class certification as requested by Plaintiff). Subsequent settlement approved by the Court in December 2009.
- Middlesex Retirement System v. Quest Software, Inc., 527 F.Supp.2d 1164 (C.D. Cal. 2007); and Middlesex Retirement System v. Quest Software, Inc., CV 06-6863 DOC (RNBx), Amended Order (C.D. Cal. July 10, 2008) (decisions primarily denying defendants' motions to dismiss in options backdating case); Middlesex Retirement System v. Quest Software, Inc., Order, CV 06-6863-DOC (RNBx) (C.D. Cal. Jul. 8, 2009), aff'd, Order (C.D. Cal. Sept. 18, 2009) (order granting Plaintiff's motion to compel); and Order, CV 06-6863-DOC (RNBx) (C.D. Cal. Sept. 8, 2009) (Granting Lead Plaintiff's Motion for Class Certification). After extensive discovery, in December 2009, the court preliminarily approved the settlement, stating counsel "really have the court's profound congratulations and compliments." The court thereafter gave final approval to the settlement in April 2010.
- Thurber v. Mattel, Master File No. CV-99-10368-MRP(CWx) (C.D. Cal.) (§10(b) claims) and Dusek v. Mattel, Master File No. CV-99-10864-MRP(CWx) (C.D. Cal.) (§14(a) claims), Wolf Popper was a member of the Executive Committee of Plaintiffs' counsel, but was also specifically appointed by the Federal Court to have primary responsibility for the prosecution of the Dusek v. Mattel §14(a) claims. After more than three years of extremely hard-fought litigation in which Ms. Avery handled the day-to-day prosecution of the case, including motions, the production of millions of documents, and the taking or defending of more than 40 depositions, both cases settled for the aggregate sum of $122 million, with $61 million allocated for the Dusek v. Mattel §14(a) claims, believed to be the then largest settlement of a §14(a) case. Upon approving the settlement, the Judge complimented counsel saying that the settlement was an "awfully good result."
- Stanley v. Safeskin, Lead Case No. 99cv454-BTM(LSP)(Consolidated) ($55 million settlement approved by

the Court in 2003) (the Court complimented plaintiffs' co-lead counsel, Ms. Avery on behalf of Wolf Popper, for their work, noting that plaintiffs' co-lead counsel "are highly skilled in these cases," who "vigorously" and "diligently" prosecuted the case and "procured an exceptional award for the class," that they had a "great deal of experience in class action litigation" and are "highly regarded in this area of the law"; indeed, the Judge noted "I was kind of looking forward to trying this case, because it would have the best lawyers in the country trying this case. . . ."; paying them perhaps the ultimate compliment, the Court further said, "From the plaintiffs' perspective . . . you handled it on a much higher plane, probably on a textbook or ideal plane. If they would have people how it should be done in law school, this would be the example. . . .").

- _Bell v. New Horizons Worldwide, Inc._, Case No. BC 289898 (Complex Litigation Program) (Superior Court of the State of California, County of Los Angeles) (innovative settlement on behalf of a nationwide class of consumers who had purchased technical training courses from Computer Learning Centers approved in September 2004).
- _In re Grand Casinos, Inc. Sec. Litig._, Master File No. 4-96-890 (JRT/RLE) (settlement approved in August 2001, one of the very early decisions sustaining various claims brought under the Private Securities Litigation Reform Act of 1995, finding that plaintiffs met the rigorous pleading standards of the then new Act, 988 F. Supp. 1270 (D. Minn. 1997)).
- _Jonas v. Aspec Technology, Inc._, Lead Case No. CV775037 (Superior Court of the State of California, County of Santa Clara.
- _In re Adac Laboratories Sec. Litig._, Master File No. C-98-4934-MHP.
- _In re Community Psychiatric Centers Sec. Litig._, SA CV-91-533-AHS (Eex) (C.D. Cal.).
- _In re Pacific Enterprises Sec. Litig._, CV920841 JSL (EEx) (C.D. Ca., March 28, 1994) ($35 million settlement) (where the Judge complimented plaintiffs' co-lead counsel as being "outstanding lawyers" who "could not be improved on for this kind of litigation," and "this group of lawyers merits it [respect].").
- _Abzug, et ano. v. Kerkorian, et al._, CA 000981 (Superior Court, Los Angeles, Cal.) (in which Ms. Avery was co-trial counsel in an action settled in 1990 during trial for $35 million).
- _Grobow v. Dingman_, Civil No. 575076 (Superior Court, San Diego, Cal.) and Civil No. 87-0889 JLI (IEG) (S.D. Cal.) (settlement comprised of monetary and equitable relief valued by experts at in excess of $52 million).
- _Weinberger v. Shumway_, Civil No. 547586 (Superior Court., Cal.) (derivative settlement comprised of damages and equitable relief valued at in excess of $20 million).

Ms. Avery has also prosecuted numerous consumer fraud and antitrust cases. For example, in 2005, Ms. Avery was the primary litigator at the firm responsible for negotiating the settlement of a consumer fraud action in New Jersey, negotiating a settlement for 90% of the single damages, plus a 20-year injunction against the alleged misconduct, as well as other relief. Ms. Avery also successfully negotiated a settlement against a nationwide chain of computer training centers involving the sale of packages of computer training programs. Ms. Avery has also been largely involved in many of the antitrust cases prosecuted by the firm.

Ms. Avery also has significant trial experience including, serving as trial or co-trial counsel in a variety of federal and state court cases. She served as lead trial counsel in a shareholder corporate freeze-out case in Delaware, and in business transaction trials in New York (both state and federal court), and in several bankruptcy court trials in the Southern District of New York. She was also co-trial counsel in, among other cases, _Abzug, et ano. v. Kerkorian, et al_, in Superior Court, Los Angeles, California (settled before jury verdict rendered), and _Citron v. E.I. duPont de Nemours & Co._ in Delaware Chancery Court (co-trial counsel with a senior partner of the Firm) in which the Vice-Chancellor complimented counsel "for the able way in which they presented the case" and the "good job" done. Ms. Avery was also the sole lead trial counsel in the defense of a $100 million arbitration on behalf of an international airline that was in arbitration hearings for many weeks over the course of two years, successfully reducing damages 99% before settlement. (Ms. Avery also has served as trial or co-trial counsel in other matters tried to panels of arbitrators.)

Ms. Avery was an annual contributor to the Survey of Securities Class Actions and Derivative Suits, American Bar Association, Litigation Section, Securities Litigation Committee, Subcommittee, from 1996 through 2001. She is also the co-author of "To Stay or Not to Stay," Practicing Law Institute (1996); "Selection of Lead Plaintiff Under the Private Securities Litigation Reform Act of 1995," Practicing Law Institute (1996); as well as the co-author (or ghost writer) of a number of other articles on securities law practice and procedure published by the Practicing Law Institute;"The State Court Class Action--A Potpourri of Differences," The Forum, ABA, Vol. XX, No. 4, Summer 1985; and "Proving Damages in Non-Class Securities Cases," presented at the Commercial Law section of the Association of Trial Lawyers of America, annual convention, July l986. She was admitted to the New York

Bar in January 1977.  She is a member of the American Bar Association and the New York County Lawyers' Association.

# E. Elizabeth Robinson

## Associate

eferguson@wolfpopper.com
(212) 451-9665

### Practice Areas

- Securities Litigation
- Consumer Fraud



E. Elizabeth Robinson is an associate at Wolf Popper LLP. She is a graduate of Louisiana State University (B.S. Accounting & Finance, 1999), University of Mississippi School of Law (J.D., *cum laude*, 2004), and New York University School of Law (L.L.M. in Taxation, 2006). Before beginning law school Ms. Robinson worked in the Commercial Audit Division of Arthur Anderson, LLP. She is a Certified Public Accountant registered in the state of Texas.

Since joining Wolf Popper, Ms. Robinson has participated in the prosecution of securities class actions and consumer fraud cases. Ms. Robinson was actively involved in the In Re Motorola Securities Litigation, No. 03 c287 (RRP) (N.D.III.), where Wolf Popper was lead counsel for the State of New Jersey. The case, a securities fraud class action against Motorola and three Motorola executives, was settled for $190 million three days before trial.

Ms. Robinson is admitted to the bar of the State of New York. She is also a member of the American Bar Association and the New York Bar Association. Ms. Robinson is an active member of the New York Junior League and has served as a member of the Benefit Committee for Friends and Relatives of the Institutionalized Aged (FRIA).

### Education:

- New York University School of Law (L.L.M. in Taxation, 2006)
- University of Mississippi School of Law (J.D., *cum laude*, 2004)
- Louisiana State University (B.S. Accounting & Finance, 1999)

### Bar Admissions:

- New York

### Memberships:

- American Bar Association
- New York State Bar Association



# Natalie M. Mackiel

Associate

nmackiel@wolfpopper.com

(212) 451-9667

**Practice Areas**

- Securities Litigation
- Consumer Fraud
- Corporate and Commercial Law

Natalie M. Mackiel is an associate at Wolf Popper LLP. She is a graduate of Indiana University – Bloomington (B.S. in Business Management and International Studies, 2002) and the University of Nebraska College of Law, with distinction (J.D. 2005). She was an Executive Editor of the Nebraska Law Review (2003-2005) and authored "Walking the Straight and Narrow: Another Squeeze on Tribal Civil Jurisdiction over Nonmembers in Smith v. Salish Kootenai College," 83 NEB LAW REV 1325 (2005). Prior to joining Wolf Popper, Ms. Mackiel practiced corporate law in Omaha, Nebraska. Ms. Mackiel is on the board of the Bronx Academy of Letters, a member of the New York Junior League and New York Road Runners.

**Education:**

- University of Nebraska College of Law, with distinction (J.D. 2005)
- Indiana University (B.S. Business Administration and International Studies, 2002)

**Bar Admissions:**

- Nebraska, 2005
- New York, 2006
- United States District Court for the Southern and Eastern Districts of New York

**Memberships:**

- American Bar Association
- New York State Bar Association
- New York County Lawyers Association
- New York Women's Bar Association



**EXHIBIT D**

In re Digitek Product Liability Litig. Mdl No. 1968

Firm Name:  Wolf Popper LLP

| DESCRIPTION | COMMON FUND NON-CLASS | COMMON FUND CLASS | TOTAL COMMON FUND EXPENSES |
|---|---|---|---|
| Litigation Fund Assessment | $25,000.00 | $0.00 | $25,000.00 |
| Computerized Legal Research (Lexis, Westlaw, etc.) | $1,566.57 | $3,667.80 | $5,234.37 |
| Travel – Meals, Hotels, Transportation | $2,555.78 | $0.00 | $2,555.78 |
| Photocopying | $127.00 | $1,367.50 | $1,494.50 |
| Long Distance Telephone | $210.85 | $10.85 | $221.70 |
| | | | |
| **TOTAL** | $29,460.20 | $5,046.15 | $34,506.35 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
PRODUCTS LIABILITY LITIGATION          MDL NO. 1968

This Document Relates To: ALL
ACTIONS

## DECLARATION OF JOHN R. MALKINSON IN SUPPORT OF MALKINSON & HALPERN, P.C.'S APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

1.     I, John R. Malkinson, a partner in the law firm of Malkinson & Halpern, P.C.

("the Firm"), have served as Plaintiffs' counsel in the above-captioned action.  Our firm filed suit

herein on behalf of plaintiff, WILLIE MAE WILBURN, and others similarly situated.

2.     I submit this Declaration in support of the Firm's application for attorneys' fees

for services rendered to the class in the above-captioned litigation, and for reimbursement of

expenses reasonably incurred in the course of such representation.  The time expended in

preparing this declaration is not included.

3.     The firm's compensation for the services rendered on behalf of the class is wholly

contingent.  Any fees and reimbursement of expenses will be limited to such amounts as

approved by this Court.

4.     During the period from May 1, 2008 through September 17, 2010, the Firm

performed 142.38 hours of work in connection with this litigation.  Based upon the historical

hourly rates charged by our Firm, the lodestar value of the time is $59,755.30.  Attached hereto

63534.1

are exhibits which indicate the attorneys, paralegals and staff who worked on this litigation, the number of hours worked, the categories of their work and their respective lodestar values.

5.     During the period from May 1, 2008 through September 17, 2010, the Firm incurred expenses in the sum of $1,625.85. These expenses were reasonably and necessarily incurred in connection with this litigation and are summarized in the chart attached herein.

6.     The expenses incurred are reflected on the books and records of the Firm. These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred.

7.     All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case. There has been no unnecessary duplication of services for which the Firm now seeks compensation.

8.     The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for this work. No adjustment was made, notwithstanding the complexity of the matters involved, the opposition encountered, the preclusion of other employment, the expected delay in payment, or any other factors present in this case which might justify a higher rate of compensation.

I hereby affirm under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Dated: February 15, 2011          /s/John R. Malkinson
[Chicago, IL]                              John R. Malkinson


63534.1

**MALKINSON & HALPERN, P.C.**
ATTORNEYS AT LAW
208 SOUTH LASALLE STREET
SUITE 1750
CHICAGO, IL 60604
www.mhtriallaw.com

**SETH R. HALPERN**
**JOHN R. MALKINSON**

CARLIE S. MARVEL

Phone (312) 427-9600
Fax (312) 750-1912

February 15, 2011

## SUMMARY OF TIME WITH LOADSTAR
## SUBMITTED BY MALKINSON & HALPERN, P.C.
*Wilburn v. Actavis Group HF*

| NAME | POSITION | LOADSTAR | TIME | TOTAL CHARGE |
|---|---|---|---|---|
| John Malkinson | Partner | $525.00/hr | 101.30 hrs. | $53,182.50 |
| Aditi Patel | Paralegal | $160.00/hr | 41.08 hrs. | $6,572.80 |

**IN RE: DIGITEK ANTITRUST LITIGATION (Wilburn v. Actavis Group HF)**
<u>EXPENSE REPORT</u>

**FIRM NAME:** *MALKINSON & HALPERN, P.C.*
**REPORTING PERIOD: 5/1/08-9/17/2010**

| DESCRIPTION | CUMULATIVE AMOUNT |
|---|---|
| U.S. District Court (NJ Appearance) | $150.00 |
| NJ Lawyer Fund | $226.00 |
| Telephone/Facsimile | $6.95 |
| Travel (Airfare, hotel, transport etc. for MDL hearing) | $1,216.09 |
| FedEx | $26.81 |
| **TOTALS:** | **$1,625.85** |

**MALKINSON & HALPERN, P.C.**
ATTORNEYS AT LAW
208 SOUTH LASALLE STREET
SUITE 1750
CHICAGO, IL 60604
www.mhtriallaw.com

**SETH R. HALPERN**
**JOHN R. MALKINSON**

Phone (312) 427-9600
Fax (312) 750-1912

CARLIE S. MARVEL

February 11, 2011

## TIME SPENT FOR SERVICES RENDERED
## WILBURN V. ACTAVIS GROUP HF

| Date | Description | Time (hrs.) |
|------|-------------|-------------|
| 5/10/2008 | Internet research re recall news and digitek toxicity; review news report of our filed case; internet research re any other filed cases, including review of two such complaints from other jurisdictions (2.25); Begin review of final draft of Wilburn complaint received from Sedran's office; e-mails to F. Longer and Mike at Sedran's re posting of firm name in complaint; work on draft press releases (2.0). | 4.25 |
| 5/11/2008 | E-mail exchange w/ F. Longer and Mike W. re our complaint, the filing of others already, and coordinating same. | 0.50 |
| 5/12/2008 | Strategy telecom with F. Longer and discussion of various other cases each are aware of (.5); Pacer research for other filed cases; internet research of Digitek recall news; internet research re FOIA to FDA for inspection-related documents; send e-mail to F. Longer and Mike W. @ Sedran's with copies of the other filed cases I found (1.5). | 2.00 |
| 5/13/2008 | E-mail exchange w/ F. Longer and Mike W. re MDL filing and NJ judge assignment; internet research re J. Greenaway (.75); Receive/review and begin edits to MDL motion/memo drafts (1.0) | 1.75 |
| 5/14/2008 | Brief MDL research and make edits and draft new language/revisions to Motion to Transfer to NJ for Coordinated or Consolidated proceedings (2.75); Legal research and revisions to MDL Motion and Memorandum supporting transfer and consolidation in NJ; transmit same to co-counsel (3.0); Telecoms w. F. Longer and M. Weinkowitz re appearance of J. DePalma and re MDL revisions (.25). | 6.00 |
| 5/19/2008 | Telecoms and various e-mail correspondence/CV review with multiple pharmaceutical industry experts in course of search for manufacturing/FDA compliance expert. | 1.50 |
| 5/20/2008 | Telecoms with two pharmaceutical consultants re prospect of serving as expert or referral to another as manufacturing/quality control EW. | 0.50 |
| 5/21/2008 | Telecom with pharmaceutical consultant (Lambert) re facts and prospect of serving as expert or referral to another as manufacturing/quality control EW. | 0.50 |

| | | |
|---|---|---|
| 5/27/2008 | Telecom with D. Auslander, Ph.D. re prospect of him being a litigation consultant/expert on this matter, including interview of him re experience, credentials, fees, etc. | .33 |
| 5/28/2008 | Telecoms to MDL Panel re Appearance Form; complete MDL appearance documents on behalf of plaintiff Wilburn and send to Panel clerk. | 0.50 |
| 6/1/2008 | Receive/review and make notes regarding plaintiff Novak's MDL Motion to Consolidate; receive telecon from MDL clerk and then send e-mail to co-counsel regarding Panel clerk's call and need for their appearance for plaintiff Clark. | 0.25 |
| 6/2/2008 | Review plaintiff response to Novak's ND of OH MDL motion to transfer. | 0.25 |
| 6/3/2008 | Review draft discovery and exchange e-mail with co-counsel re revisions and service of same. | 0.50 |
| 6/4/2008 | Revise portions of draft written discovery to defendants and send to co-counsel via e-mail. | 2.50 |
| 6/5/2008 | Review pltf. Novak's revised motion to transfer to ND OH, including the attached additional complaints (attny. Climaco's cmplt. in ND OH-Stanley--for national and/or OH statewide subclasses on refund, medical monitoring and personal injury. | 0.50 |
| 6/10/2008 | Draft status letter to client, including copy of Amended Complaint. | 0.33 |
| 6/12/2008 | Review our response to plaintiff Novak's MDL motion to transfer. | 0.25 |
| 6/13/2008 | Travel to meet with client; conduct client conference re status of case, her medical record requests, and her medical condition. Obtain from client copies of certain of her medical records and insurance co. letter she received re Digitek. | 1.50 |
| 6/24/2008 | Receive/review and make notes regarding defendants' Response in support of consolidation, but opposing NJ in favor of OH; internet research re OH judge. | 0.50 |
| 6/26/2008 | Receive/review plaintiff Konek's MDL motion to transfer to Kansas; research air travel schedule into Wichita re issue of convenience; e-mail co-counsel Weinkowitz re same. | 0.75 |
| 6/29/2008 | Initiate travel arrangaements for MDL hearing in SF. | 0.50 |
| 6/30/2008 | Review new MDL mtn for additional NJ pltf seeking transfer to NJ; e-mail to co-counsel Weinkowitz re status of NJ motion to preserve evidence, be appointed interim class counsel; E-mail to co-counsel Longer and Weinkowitz re MDL panel's recent transfer ruling in Packaged Ice and the commonality of the panel members with ours, the basis of the P. Ice ruling, and inquiring abt ongoing gov't investigation in NJ that we can press; Review and take notes re Mtn. of McCorquodale (SD CA) and Pierce (LA) to transfer to NJ or LA; and Mtn of Pltfs. Spangle and Grady (CA) to transfer to LA, not OH. | 0.75 |

| | | |
|---|---|---|
| 7/11/2008 | Receive and review MDL motion, exhibit and memorandum of plaintiffs Shannon and Platzner (seeking SD Calif.); and MDL motions and memoranda of plaintiffs Linen and Supinski (W. Va.). | 0.33 |
| 7/14/2008 | Internet research re W. Va. District court judge Joseph R. Goodwin; e-mail to co-counsel, Weinkowitz, Longer and Levin re same. | 0.75 |
| 7/15/2008 | Internet research re class certification rulings by W. Va. District court judge Joseph R. Goodwin; e-mail to co-counsel, Weinkowitz and Longer and re same (1.25); E-mail correspondence to F. Longer, suggesting/inquiring about pre-MDL counsel meeting in SF and/or via conf. call (.1). | 1.35 |
| 7/17/2008 | Correspondence and telecon to client's physician, seeking conference (.25); Telecon from F. Longer re status of jurisdictional discussions, case, pre-hearing meeting (MDL) in SF (.25); Review attny Lanier's MDL motion of interested party (.1). | 0.60 |
| 7/22/2008 | Review defense counsel's notice of potential tag-along cases MDL motion of interested party and review the attached complaints. | 0.75 |
| 7/28/2008 | Review MDL pleadings in preparation for meeting of counsel in SF on MDL. | 1.50 |
| 7/29/2008 | Travel to SF for meeting of plaintiffs' counsel and for MDL hearing; further review of MDL materials pressing for Ohio and W. Va (while traveling) (6.25); Telecon from client re medical records and status. Telecon to client's treating MD (.25). | 6.50 |
| 7/30/2008 | Meeting of plaintiffs' counsel at "Plump Jack's"; multiple discussions during meeting with various plaintiffs' counsel re merits of action and re factors favoring and disfavoring various jurisdictions; Meeting with Arnold Levin & F. Longer re today's nationwide counsel meeting, the MDL issues and tomorrow's argument. | 4.50 |
| 7/31/2008 | Attend MDL hearing; confer with colleagues re argument, disposition (1.5); Travel to Chicago from meeting of plaintiffs' counsel and MDL hearing (6.5). | 8.00 |
| 8/18/2008 | Draft correspondence to Teresa @ W. Va. firm re upcoming meeting and re info I obtained on J. Goodwin (.5); Attend preliminary meeting of plaintiffs' counsel at Wexler's, Chicago (1.); Attend and participate in Chicago meeting/organizational effort of plaintiffs' counsel, organized by Wexler's office (3.0). | 4.50 |
| 6/9/2009 | Receive/review correspondence from co-counsel and defense counsel, Tucker Ellis, re purported failure to file Wilburn's PFS; review email system and telecom and engage in e-mail exchange with K. Meyer at Tucker's office re fact of prior filing, including re-sending of prior email of 5-18-09; resend PFS via 2 different email systems and have further telecom w/ Ms. Meyer and Mr. Moriarity at Tucker Ellis. Listserve response re same and email to co-lead counsel re same; draft and send letter to defense counsel confirming their stated receipt of the PFS and that no delinquency will be raised in court. | 1.40 |
| 7/1/2009 | Participate in conference call of lead counsel and all class action counsel. | 0.75 |
| 8/2/2009 | Drafting of 2nd Amended Complaint. | 0.75 |

| | | |
|---|---|---|
| 8/4/2009 | Travel to and meet with client to prepare for deposition (2.2) ; Drafting of 2nd Amended Complaint (1.75); Review and forward to defense counsel (K. Mayer/J. Simon)--with drafted note--client's Osco pharmacy record that we obtained yesterday (.33). | 4.28 |
| 8/5/2009 | Review medical records and file materials to prepare for deposition of client (.75); Meet with client to prepare for deposition (2.0); Finalize drafting of 2nd Amended Complaint; draft Unoposed Motion for Leave to File (3.6); Transmit 2nd amended complaint to defense counsel with drafted note. | 6.45 |
| 8/6/2009 | Met with client for final dep preparation (.5); Produce client for deposition/defend deposition (4.5); Monitor defense counsel's weighing/measuring of client's Digitek (.5); Post-deposition conference with client re deposition and status of litigation (.25) | 5.75 |
| 1/11/2010 | Abstract plaintiff Wilburn's deposition in preparation for Class Certification brief. | 3.75 |
| 1/13/2010 | Legal research and drafting of excerpt of Class Certification brief supporting plaintiff Wilburn as class representative. | 3.25 |
| 1/14/2010 | Finalize drafting of Wilburn excerpt to Class Cert brief, per lead counsel's request (.6); Email correspondence/exchange with Wolf Popper, transmitting Wilburn class cert excerpt (.05); Participate in class counsel conference call (.25) | 0.90 |
| 1/18/2010 | Memo from and telecom w/ P. Avery re class issues and settlement. | 0.33 |
| 1/20/2010 | Revise class cert brief; draft/transmit related emails to co-counsel. | 4.25 |
| | Review defendants' class cert response in preparation of participating in Reply brief. | 0.50 |
| 2/26/2010 | Communications with P. Avery re the Wilburn dep transcript. | 0.20 |
| 2/28/2010 | Research defendants' case law and draft proposed language for Reply in support of class certification; revise proposed Reply, including re individual plaintiff argument; draft detailed email to all co-counsel re the foregoing and the related arguments to be made; transmit proposed revisions to drafting counsel (all revisions largely incorporated into final document). | 4.10 |
| 3/3/2010 | Review Wilburn PFS and make revised redactions; transmit to co-class counsel with e-correspondence. | 0.60 |
| 3/5/2010 | Draft and transmit Wilburn excerpt for class cert Reply. | 1.40 |
| 3/6/2010 | Further legal research and review of updated Class Reply draft received from co-counsel; prepare revisions to Cert Reply, especially re scope of class, NJ law and re individual class member responses in terms of their qualifications (3.25); Telecom and email exchange w/ Pat Avery re current draft Reply (.25). | 3.50 |
| 3/8/2010 | Review and redline editing of updated Class Reply draft received from co-counsel; emails and telecoms w/ Meghan Carter and P.Avery re Reply and use of D's argument in remand motion on J. Petit's claim to support class claims; review D's written discovery responses for use in Reply. | 1.70 |
| 6/6/2010 | Telecom w/ P. Avery re class issues/strategy. | 0.25 |

| 9/12/2010 | Telecom w/ D. Dean re settlement prospects for class claim (.75); Telecom w/ client re settlement of injury claims and status of class claims (.25). | 1.00 |
| 9/17/2010 | Telecom from and with Dick Dean re our proposed resolution of economic loss claims (.5); Telecom with P. Avery re Dick Dean's call (.1); Draft and send email to Fred Thompson, requesting a conference call on the economic loss issue and any changes to the settlement agreement (.4). | 1.00 |
| | **TOTAL TIME** | **101.3** |

**MALKINSON & HALPERN, P.C.**
ATTORNEYS AT LAW
208 SOUTH LASALLE STREET
SUITE 1750
CHICAGO, IL 60604
www.mhtriallaw.com

SETH R. HALPERN
JOHN R. MALKINSON

Phone (312) 427-9600
Fax (312) 750-1912

CARLIE S. MARVEL

February 15, 2011

Description of Legal Services Provided by Aditi R. Patel
re In re Digitek Products Liability Litigation

| Date | Description | Time |
|------|-------------|------|
| | | |
| 4/21/09 | Fill in client info for tolling info | .5 |
| 4/21/09 | Review PTO#17 | .33 |
| 4/27/09 | Client Questionnaire, Letter to Client, Call to client, Download and save. | .36 |
| 5/5/09 | Determine proper service of PFS | .25 |
| 5/6/09 | Review PFS | 20 |
| 5/12/09 | Download and review filing | .03 |
| 5/12/09 | Draft PFS | 4 |
| 5/15/09 | Prepare PFS with authorizations | .08 |
| 5/18/09 | Complete PFS, prepare all attachments | .33 |
| 5/19/09 | Download and review filing, PTO # 22 | .03 |
| 5/22/09 | Download and review filing, Certificate of Service | .03 |
| 5/26/09 | Download and review filing, PTO # 4 | .03 |
| 6/2/09 | Download and review filing, Reply by Mylan | .03 |
| 6/4/09 | Download and review filing, Motion to Quash | .03 |
| 6/8/09 | Download and review filing, Order – Docket #135 | .03 |
| 6/9/09 | Download and review and advise filing, Response by Mylan | .33 |
| 6/12/09 | Review records from Recordtrak | 2 |
| 6/15/09 | Download and review filing, Plaintiff's Motion to Seal Response | .03 |
| 6/22/09 | Review reply by Mylan | .33 |
| 7/7/09 | Download and review complaint where economic loss is alleged | .03 |
| 7/9/09 | Download and review filing | .03 |
| 7/16/09 | Take notes of Deposition | 1.75 |
| 7/20/09 | Download and review filing | .03 |
| 7/23/09 | Conference call (take notes) | .33 |
| 7/28/09 | Make complaint editable | .5 |

| 7/28/09 | Email Co-counsel re: complaint | .03 |
|---|---|---|
| 7/29/09 | Research process of filing amended complaint | .25 |
| 8/4/09 | Email memo to JRM re: symptoms of client | .25 |
| 8/5/09 | Finalize complaint for filing | .25 |
| 8/5/09 | Prepare documents for deposition of Plaintiff | .33 |
| 8/19/09 | Correspond with RecordTrak admin | .05 |
| 8/19/09 | Initial review of medical records obtained by Defendants | .33 |
| 9/1/09 | Download and review and advise filing | .25 |
| 9/10/09 | Download and review and advise filing, Brief by Actavis, entry of Lone Pine Order | .33 |
| 9/11/09 | Download and review and advise filing, Response to Lone Pine CMO | .33 |
| 9/14/09 | Download and review and advise filing Motion for Leave to File Response Plaintiff's Objection to Lone Pine Order | .16 |
| 9/18/09 | Download and review and advise filing, Response to Plaintiff's Objection | .16 |
| 9/24/09 | Download and review and advise filing, PTO # 41 | .08 |
| 9/25/09 | Contact Plaintiff's lead counsel re: PTO #39 | .08 |
| 9/25/09 | Download and review and advise filing, Response to Motion for Entry of Lone Pine CMO and Motion to Extend deadlines in PTO #16 | .33 |
| 10/6/09 | Download and review filing, PTO # 43 | .03 |
| 10/8/09 | Download and review and advise filing, Response to Mylan to Motion by Plaintiff to compel discovery | .25 |
| 10/9/09 | Download and review filing, Memo – PTO #16 extension of deadline | .03 |
| 10/14/09 | Download and review and advise filing, Notice to take depositions | .25 |
| 10/22/09 | Download and review and advise filing | .16 |
| 11/17/09 | Research IL law | 1 |
| 11/23/09 | Download and review and advise filing, Notices to take depositions | .08 |
| 11/24/09 | Download and review and advise filing, PTO # 47 | .16 |
| 12/29/09 | Download and review and advise filing, Motion, Docket # 265 | .03 |
| 1/22/10 | Download and review filing, Memo is support of Class certification | .03 |
| 1/26/10 | Download and review and advise filing, PTO # 50 and Motion for Class Certification | .36 |
| 2/25/10 | Download and review filing, Defendants' Response for Class Certification | .03 |
| 3/1/10 | Download and review filing, Order Granting Plaintiff's Motion for Additional time for Reply to Class Certification | .03 |
| 3/2/10 | Redact PFS | .16 |
| 3/3/10 | Email redacted Plaintiff Fact Sheet | .05 |

| Date | Description | Hours |
|---|---|---|
| 3/5/10 | Download and review filing, Motion by Actavis to withdraw and Substitute | .03 |
| 3/8/10 | Download and review filing, Order Granting Withdraw and Substitute. | .03 |
| 5/25/10 | Download and review filing, PTO # 60 | .03 |
| 6/8/10 | Download and review filing, Motion to Reconsider | .03 |
| 6/9/10 | Download and review filing, Notice of Docket Correction | .03 |
| 8/26/10 | Review medical records to establish MDI | 2 |
| 9/15/10 | Review settlement claim form requirements discuss with JRM | .75 |
| 1/14/11 | Prepare records for and draft settlement claim form | 1 |
| Total | | 41.08 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**IN RE: DIGITEK® PRODUCTS LIABILITY**
       **LITIGATION**

                                                  **MDL NO. 1968**

_____

**THIS DOCUMENT RELATES TO ALL CASES**

**CERTIFICATION OF PETER A. MILLER**

_____

1.      My name is Peter A. Miller. I am a Court appointed member of the

Plaintiff's Steering Committee in the MDL 1968. I am an attorney licensed in the

State of Virginia and in good standing since 2002. Attached is my firm's time and

expenses in the Digitek MDL above. The hourly rates are calculated at our firm's

standard hourly rates.

2.      The total hours of the time submission of 2711.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| PSC Member and Partner | 1547 | $375 | $580,125.00 |
| Preston G. Williams Associate | 681 | $275 | $187,275.00 |
| Paralegals | 483 | $125 | $60,375.00 |
| Travel | | | $15,425.00 |
| **Total** | **2711** | | **$868,200.00** |

3.      The total PSC assessments paid were $25,000.00

4.      I have not included any time that was not spent for the common benefit of

the cases in the MDL. Included in the time submission are PSC meetings that were

held for purposes of discussing case strategy; discussions with experts and potential experts; discussions relating to selection or de-selection of trial plaintiffs in the trial pool; document review for the purposes of depositions; deposition preparation; and the taking of certain depositions or assisting others in taking depositions.

5.　　　I have received common benefit time and expense awards. It is my belief that the time and expense submission hereto meets or exceed the standards of MDL practice and includes only such time and expenses as further benefited the outcome of this matter for all claimants.

6.　　　I personally spent 1,547 hours on this matter which were ultimately beneficial to all cases as set forth below. I previously provided my time sheets to Lead Counsel. None of those hours were for work limited to specifically to my personal injury cases, although a few hours involved attending Pennsylvania state court Case Management Conferences, about which I reported to lead counsel so that federal-state coordination could occur more readily.

7.　　　I orchestrated the document review resulting in a handful of attorneys reviewing hundreds of thousands of pages of documents. I personally read thousands of documents from defendants, and I personally conducted twenty (20) depositions of defense corporate personnel.

8.　　　My reading of deposition transcripts and the exhibits thereto was not duplicative work, but rather was to develop cross-references for upcoming depositions by other counsel, secondly to suggest ideas for use by generic experts, and for use in upcoming depositions

9.     I traveled to and attended PSC meetings in Houston, Philadelphia, New York and Charleston, South Carolina. At those meetings I discussed strategy, reported on Philadelphia state court litigation, analyzed the results of depositions and discussed the status of experts.

10.     I personally attended the June 2010 plant inspections of the buildings involved in this matter in Northern New Jersey. I took notes, spoke to our experts, discussed the physical equipment and layout with our experts and fellow counsel and contributed suggestions for expert strategy. I suggested possible uses of our hands-on knowledge of the equipment and physical space which could be used as probative evidence.

11.     I personally identified and initiated communication with multiple experts that proved to be extremely valuable in getting this case resolved. I participated in conference calls about generic experts and with generic experts. Indeed, much of the discussion with that expert was directly with me.

12.     True and accurate copies of the time and expenses were previously submitted to Harry Bell's office and can be resubmitted if the Court so desires.


SIGNED this 15th day of February, 2011.


_____
PETER A. MILLER
THE MILLER LAW FIRM, LLC
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT OF THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**IN RE: DIGITEK PRODUCT LIABILITY LITIGATION**

**MDL NO. 1968**

THIS DOCUMENT RELATES TO:

**ALL ACTIONS**

**APPLICATION FOR COMMON BENEFIT FEES AND EXPENSES; DECLARATION OF SHAMUS B. MULDERIG IN SUPPORT THEREOF**

Hissey Kientz, LLP hereby makes this initial application for award of common benefit fees and expenses for work done and expenses incurred for the common benefit of Digitek Claimants pursuant to this Court's Order. In support thereof, counsel Shamus B. Mulderig states:

1. I am the Managing Attorney of the Pharmaceutical Litigation Department of Hissey Kientz, LLP in Austin Texas. I am licensed to practice law in the states of New York, Texas, Pennsylvania and Arkansas, the United States District Court for the Western District of New York and the United States District Court for the Northern District of New York. I have also been admitted to practice *pro hac vice* in several state and federal actions.

2. My firm, Hissey Kientz, LLP, has been actively involved in numerous complex and multidistrict litigations throughout the United States, including *Hormone Replacement Therapy* (on Plaintiffs' Steering Committee), *Ortho-Evra* (on California Plaintiffs' Steering Committee), *AMO-Complete Moisture Plus* (on Plaintiffs' Steering

Committee), *ReNu with Moisturerloc, Vioxx, Seroquel, Kugel Hernia Mesh, Zyprexa, Guidant, Fleet, and Celebrex/Bextra.*

3.  I was appointed to the Plaintiffs' Steering Committee in this MDL by Order of this Court (PTO 23) dated May 29, 2009. Since that time, I and Hissey Kientz, LLP attorneys Kristin Giaquinta Schoen, Kathleen K. McGinn and David L. Friend have worked diligently to help secure a fair and just resolution of Digitek claims by, *inter alia*, performing the following tasks:

a.) Preparing Trial Group 1 action, *William Young, Jr. v. Actavis, et. al* for trial, including, amongst other things, propounding and responding to full written discovery, preparing and presenting Mr. and Mrs. (Cheryl) Young for deposition, conducting the depositions of Mr. Young's treating and prescribing physicians, and preparing an expert cardiologist witness for deposition;

b.) Conducting an in-depth analysis of documents in the Pennsylvania State Court action, *Tina Lopez v. Actavis et. al,* including review of expert reports, medical records, pleadings and deposition transcripts, in order to develop general liability theories and evidence in further preparation for the trial of MDL Trial Group 1 action, *William Young, Jr. v. Actavis, et. al*, and to facilitate cooperation, coordination and communication between Federal and State coordinated actions for the benefit of all MDL claimants;

c.) Preparing for and conducting the depositions of liability fact witnesses from Defendant Actavis, including Production Manager, Eric Cardona; Investigations Specialist, Michael Ponzo; and Director of Marketing, Brian Nizio;

d.) Devoting more than 100 hours to the review, analysis and coding of liability documents produced by defendants;

e.) Summarizing multiple liability witness deposition transcripts in order to assist and benefit all attorneys on the PSC with conducting further liability witness depositions;

f.) Participating in numerous Plaintiffs' Steering Committee strategy meetings.

4. The number of hours and the hourly rate for the work performed by Hissey Kientz, LLP for the common benefit of all Digitek MDL claimants and their attorneys is $136,781.25, as follows:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Shamus B. Mulderig | 158.35 | $350.00 | $55,422.50 |
| Kristin Giaquinta Schoen | 185.25 | $275.00 | $50,943.75 |
| Kathleen K. McGinn | 60.90 | $350.00 | $21,315.00 |
| David L. Friend | 26.00 | $350.00 | $9,100.00 |
| Total | 430.50 | | $136,781.25 |

Billing detail of time claimed is attached hereto as Exhibit A. All of the time claimed by Hissey Kientz, LLP timekeepers was for work performed for the common benefit of all Digitek MDL claimants and their attorneys. None of the time claimed by Hissey Kientz, LLP was related to the Digitek class action lawsuit.

5. The hourly rates shown above are the usual and customary rates charged for each individual in our pharmaceutical litigation practice. Timekeepers Shamus B. Mulderig, Kathleen K. McGinn and David L. Friend are associate attorneys at Hissey Kientz, LLP. Attorney Kristin Giaquinta Schoen is Of Counsel at Hissey Kientz, LLP and is also a Registered Nurse. The hours claimed herein are a very conservative total and do not include hours worked by former Hissey Kientz, LLP attorney G. Erick Rosemond who was a member of the Digitek Steering Committee from November 5, 2008 until February of 2009, at which time Mr. Rosemond left Hissey Kientz, LLP and joined another law firm.

6. Additionally, Hissey Kientz, LLP incurred a total of $83,289.23 in expenses for the common benefit of all Digitek MDL claimants and their attorneys, for, *inter alia*, travel related to PSC duties, expert witness fees and costs and the PSC assessment. Of the expenses incurred, $54,857.80 were "MDL Expenses" and $28,431.43 were "Held Expenses." A detailed breakdown of expenses is attached hereto as Exhibit B. Hissey Kientz, LLP has retained documentation of all common benefit costs incurred. None of the expenses were incurred for the benefit of the Digitek class action lawsuit.

Therefore, I respectfully request this Court to approve this Application for Common Benefit Fees in the amount of $136,781.25 and Common Benefit Expenses in the amount of $83,289.23, for a total of $220,070.48.

Dated: _____

Respectfully submitted,

By:_____
    Shamus B. Mulderig, Esq.
(TX. Bar No. 4009239)
Hissey*Kientz, L.L.P.
9442 Capital of Texas Hwy. North
Austin, TX 78759
(512) 320-9100 Phone
(512) 320-9101 Fax

EXHIBIT A

**FIRM NAME:** Hissey Kientz, LLP

**Titles:**

(P) Partner    (C) Counsel
(A) Associate    (PL) Paralegal
(LC) Law Clerk

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification

(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Shamus B. Mulderig (A) | | 143.30 | | 1.00 | 14.05 | | | | | | | 158.35 |
| Kristin G. Schoen (C) | 39.60 | 122.90 | | 1.00 | 21.75 | | | | | | | 185.25 |
| Kathleen K. McGinn (A) | | 43.70 | | | 3.70 | | | | | | 13.50 | 60.90 |
| David L. Friend (A) | | 14.20 | | | 11.80 | | | | | | | 26.00 |
| | | | | | | | | | | | | 0.00 |
| Attorney Totals: | 39.60 | 324.10 | 0.00 | 2.00 | 51.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.50 | 430.50 |
| | | | | | | | | | | | | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | |
| TOTALS: | 39.60 | 324.10 | 0.00 | 2.00 | 51.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.50 | 430.50 |

# EXHIBIT B

**Hissey Kientz, LLP - Expense Report**
**Digitek Common Benefit Expenses**

| Expense Category | Total | Held? |
|---|---|---|
| Expert Witness Retention, Consulting Fees and Expenses | $29,857.80 | |
| Filing Fees | $350.00 | X |
| Medical Records for Bellwether Case | $1,130.90 | X |
| Postage and Shipping | $306.46 | X |
| PSC Assesment | $25,000.00 | |
| Subpoenas/Service | $225.00 | X |
| Travel (Airfare, Meals, Mileage, Hotels) | $26,419.07 | X |
| **TOTAL:** | $83,289.23 | |

# IN THE UNITED STATES DISTRICT COURT OF THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION**

**MDL NO. 1968**

---

### AFFIDAVIT OF ASHLEY L. OWNBY

---

**STATE OF TENNESSEE )**
**COUNTY OF BRADLEY )**

Comes Ashley L. Ownby, Attorney at Law, and would state as follows:

    1. I have been appointed to the Plaintiff's Steering Committee (PSC) for the above Multi-District Litigation, MDL, in 2008 by Order of the Honorable Joseph Goodwin Federal Judge of the Southern District of West Virginia.

    2. In support of the litigation for the Plaintiffs' action, I have incurred the following attorney time on behalf of all MDL Plaintiff's which was for the common benefits of the action brought and would show the following time expended on behalf of the PSC as follows:

| Dates | Hours |
|---|---|
| 11-05-08 to 03-27-09 | 86.90 |
| 04/01/09 to 04/20/09 | 12.60 |
| 05-04-09 to 06-02-09 | 21.00 |
| 06-10-09 to 06-18-09 | 20.50 |
| 07-09-09 to 07-21-09 | 3.00 |
| 08/07/09 | 1.50 |
| 09-03-09 to 09-27-09 | 28.00 |
| 10-04-09 to 10-20-09 | 32.50 |
| 11-06-09 to 11-23-09 | 10.00 |
| 12-02-09 to 12-07-09 | 6.00 |
| 01-17-10 | 1.00 |
| 02-11-10 to 2-11-10 | 2.00 |

1

| 03-11-10 | .......................................................... | 1.00 |
| 08-19-10 to 08-26-10 | .......................................................... | <u>24.00</u> |

**TOTAL** 250.00

3.  Counsel would further show the following expenses incurred for performing my duties and obligations for the Plaintiff's Steering Committee which are as follows:

| November 2008 (PSC Assessment) ……………...…………………. | $25,000.00 |
| November 2008 ……………………………………………………… | $   804.93 |
| March 2009 …………………………………………………………… | $ 1,612.09 |
| April 2009 …………………………………………………………… | $   68.69 |
| June 2009…………………………………………………………….. | $ 1,215.13 |
| July 2009 …………………………………………………………..... | $   96.00 |
| October 2009 …………………………………………….………….. | $ 1,237.52 |
| August 2010 ………………………………………………………… | <u>$ 1,607.74</u> |

**TOTAL** $31,642.10

FURTHER AFFIANT SAITH NOT.

_____

ASHLEY L. OWNBY

Sworn to and subscribed before me this _17th_ day of _January, 2011_.

_____
Notary Public
My Commission Expires: _4-9-2014_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been electronically filed with the Clerk of the Court this 6th day of January, 2011, by using the CM/ECF system which will send notice of electronic filing to all parties or record at the e-mail addresses on file with the Clerk of the Court.

### PLAINTIFFS' CO-LEAD COUNSEL AND LIAISON COUNSEL

Carl N. Frankovitch, Esq. - Co-Lead Counsel
Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062
(304) 723-4400 Phone
(304) 723-5892 Fax
carln@facslaw.com

Fred Thompson, III, Esq. - Co-Lead Counsel
Motley Rice, LLC
P. O. Box 1792
Mt. Pleasant, SC 29464
(843) 216-9000 Phone
(843) 216-9450 Fax
fthompson@motleyrice.com

Harry F. Bell, Jr., Esq. - Co- Lead Counsel/ Liaison Counsel
Bell & Bands PLLC
P. O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700 Phone
(304) 345-1715 Fax
hfbell@belllaw.com

By:        /S/ Ashley L. Ownby, Esq.
ASHLEY L. OWNBY, BPR#012452
180 North Ocoee Street
P.O. Box 176
Cleveland, TN 37364-0176
(423) 479-1324 Phone
(423) 472-6627 Fax
ashleyownby@ashleyownby.com

# IN RE DIGITEK LITIGATION
## MDL NO. 1968
## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY AT LAW**
**REPORTING PERIOD: November 5, 2008 to April 1, 2009**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial

(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)

(5) Litigation Strategy and Analysis
(6) Class Certification

(11) Travel

**Titles:**

(P) Partner       (C) Counsel
(A) Associate    (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/27/2009 - C | 0.50 | | | | | | | | | 0.20 | | 0.70 |
| 03/20/2009 - C | 1.00 | | | | | | | | | 0.60 | | 1.60 |
| 03/19/2009 - C | 5.50 | | | | | | | | | | | 5.50 |
| 03/18/2009 - C | 0.50 | | | | | | | | | | | 0.50 |
| 03/17/2009 - C | | | | | | | | | | 0.20 | | 0.20 |
| 03/16/2009 - C | 0.30 | | | | | | | | | 0.20 | | 0.50 |
| 03/13/2009 - C | | | | | | | | | | 0.30 | | 0.30 |
| 03/12/2009 - C | 0.50 | | | | | | | | | | | 0.50 |
| 03/11/2009 - C | 0.50 | | | | | | | | | | | 0.50 |
| 03/10/2009 - C | | | | | | | | | | 0.20 | | 0.70 |
| 03/09/2009 - C | | | | | 4.00 | | | | | | 4.00 | 8.00 |
| 03/06/2009 - C | | | | | | | | | | 0.20 | | 0.20 |
| 03/05/2009 - C | | | | | | | | | | 0.40 | 4.00 | 4.40 |
| 03/04/2009 - C | 4.00 | | | | | | | | | 0.40 | | 4.40 |
| 03/02/2009 - C | | | | | | | | | | 0.20 | | 0.20 |
| 02/27/2009 - C | | | | | 1.00 | | | | | 1.80 | | 1.80 |
| 02/26/2009 - C | | | | | | | | | | 0.60 | | 1.60 |
| 02/25/2009 - C | | | | | | | | | | 0.60 | | 0.60 |
| 02/22/2009 - C | | | | | | | | | | 0.20 | | 0.20 |
| 02/17/2009 - C | | | | | | | | | | 0.20 | | 0.20 |
| 02/11/2009 - C | | | | | | | | | | 0.20 | | 0.20 |
| 02/09/2009 - C | | | 0.40 | | | | | | | 0.20 | | 0.20 |
| 02/05/2009 - C | 5.00 | | | | | | | | | 0.70 | | 1.10 |
| 02/04/2009 - C | 2.80 | | | | | | | | | | | 5.00 |
| 01/29/2009 - C | | | | | | | | | | 0.50 | | 3.30 |
| 01/28/2009 - C | | | | | | | | | | 0.10 | | 0.10 |
| 01/22/2009 - C | 0.50 | | | | | | | | | 0.20 | | 0.20 |
| 01/21/2009 - C | 2.00 | | | | | | | | | | | 0.50 |
| 01/14/2009 - C | 1.00 | | | | | | | | | | | 2.00 |
| 01/13/2009 - C | 3.20 | | | | | | | | | | | 1.00 |
| 01/02/2009 - C | 1.20 | | | | | | | | | | | 3.20 |
| 12/31/208 - C | 1.00 | | | | | | | | | 0.50 | | 1.70 |
| 12/23/208 - | | | | | | | | | | 0.80 | | 1.80 |
| 12/19/208 - C | | | | | | | | | | 0.20 | | 0.20 |
| 12/18/208 - | | | | | 0.50 | | | | | 0.20 | | 0.20 |
| 12/17/208 - C | | | | | 1.00 | | | | | | | 0.50 |
| 12/16/208 - C | | | | | | | | | | 0.10 | | 1.10 |
| 12/12/208 - C | | | 0.50 | | | | | | | 0.20 | | 0.20 |
| 12/09/08 - C | | | | | | | | | | 0.20 | | 0.70 |
| 12/08/08 - C | | | | | | | | | | 0.20 | | 0.20 |
| 12/05/08 - C | | | | | 1.00 | | | | | 0.20 | | 1.20 |

| TOTALS: | 38.80 | 0.00 | 1.80 | 0.00 | 11.50 | 0.00 | 0.00 | 0.00 | 0.00 | 32.20 | 20.00 | 104.30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

_____
Signature (E-Signature)

_____
Date

**Firm: Ashley L Ownby**
**Reporting Period: Revised Nov 2008**

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies 350 pgs x .25 = | $87.50 | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $717.43 | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL EXPENSES** | **$804.93** | **$0.00** |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

/s/Ashley L. Ownby
Signature (E-Signature)

12/20/2010
Date

Firm: Ashley L. Ownby
Reporting Period: March 2009

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies 400 pg x .25 = | $100.00 | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $1,512.02 | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL EXPENSES** | **$1,612.02** | **$0.00** |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

s/Ashley L. Ownby
Signature (E-Signature)                    12/20/2010
                                           Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: April 2009**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner  (C) Counsel
(A) Associate  (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/01/09 - C | 3.00 | | 1.00 | | | | | | | | | 4.00 |
| 04/02/09 - C | | 2.00 | | | | | | | | | | 2.00 |
| 04/13/09 - C | | | | | | | | | | 0.30 | | 0.30 |
| 04/21/09 - C | 3.00 | | | | | | | | | | | 3.00 |
| 04/27/09 - C | | | | | 1.00 | | | | | 0.30 | | 1.30 |
| 04/30/09 - C | 2.00 | | | | | | | | | | | 2.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 8.00 | 2.00 | 1.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.60 | 0.00 | 12.60 |
| 04/01/09 - PL | 1.00 | | | | | | | | | 2.00 | | 3.00 |
| 04/02/09 - PL | 1.00 | | | | | | | | | | | 1.00 |
| 04/09/09 - PL | | | | | | | | | | 0.30 | | 0.30 |
| 04/13/09 - PL | | | | | | | | | | 0.50 | | 0.50 |
| 04/22/09 - PL | 1.00 | | | | | | | | | 1.00 | | 2.00 |
| 04/24/09 - PL | | | | | | | | | | 0.30 | | 0.30 |
| 04/29/09 - PL | | | | | | | | | | 0.50 | | 0.50 |
| 04/30/09 - PL | 1.00 | | | | | | | | | 2.00 | | 3.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.60 | 0.00 | 10.60 |
| **TOTALS:** | 12.00 | 2.00 | 1.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.20 | 0.00 | 23.20 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                                        5/15/2009
Signature  (E-Signature)                                 Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
### EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | $50.00 | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | $13.20 | |
| Postage/Express Delivery/Messenger | $5.49 | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | $68.69 | $0.00 |

I believe that these expenses are properly documented, complete and accurate and were incurred for common benefit work done in MDL No. 1968

Signature (E-Signature)                          Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

### TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: MAY 2009**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner          (C) Counsel
(A) Associate        (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/04/09 - C | 6.00 | | | | | | | | | | | 6.00 |
| 05/04/09 - PL | | | | | | | | | | | | 6.00 |
| 05/05/09 - PL | 5.00 | | | | | | | | | 3.00 | | 3.00 |
| 05/07/09 - C | 4.00 | | | | | | | | | | | 5.00 |
| 05/08/09 - C | 0.50 | | | | 1.00 | | | | | | | 4.00 |
| 05/08/09 - C | 0.50 | | | | | | | | | | | 1.50 |
| 05/11/09 - C | 0.50 | | | | | | | | | | | 0.50 |
| 05/15/09 - C | 1.00 | | | | | | | | | | | 0.00 |
| 06/02/09 - C | | | | | | | | | | | | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 17.50 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 | 0.00 | 21.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 17.50 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 | 0.00 | 21.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                                6/15/2009

Signature  (E-Signature)                         Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | $0.00 | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Signature (E-Signature)                          Date

# IN RE DIGITEK LITIGATION
## MDL NO. 1968
## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: JUNE 2009**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner  (C) Counsel
(A) Associate  (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/02/09 - PL | | | | | | | | | | 1.00 | | 1.00 |
| 06/10/09 - C | 2.00 | | | | 6.00 | | | | | | 4.00 | 12.00 |
| 06/11/09 - C | 5.00 | | | | | | | | | | | 5.00 |
| 06/16/09 - C | 1.00 | | | | | | | | | | | 1.00 |
| 06/16/09 - PL | | | | | | | | | | 0.50 | | 0.50 |
| 06/17/09 - C | 1.50 | | | | | | | | | | | 1.50 |
| 6/18/09 - C | 1.00 | | | | | | | | | | | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 10.50 | 0.00 | 0.00 | 0.00 | 6.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 | 4.00 | 22.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 10.50 | 0.00 | 0.00 | 0.00 | 6.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 | 4.00 | 22.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                    6/15/2009
Signature  (E-Signature)             Date

Firm:  Ashley L. Ownby
Reporting Period: June 2009

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $693.73 | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| Cab service  x 2 days @ 50.00 | $100.00 | |
| Mileage - 330 x .58 = | $191.40 | |
| Meal - Cash | $230.00 | |
| | | |
| TOTAL EXPENSES | $1,215.13 | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby
Signature (E-Signature)                                    Date

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW
REPORTING PERIOD: Revised JULY 2009

**Categories:**

| | |
|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| | |
|---|---|
| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/21/09 - C | 1.00 | | | | | | | | | | | 0.00 |
| 07/16/09 - C | 1.00 | | | | | | | | | | | 1.00 |
| 07/15/09 - C | 1.00 | | | | | | | | | | | 1.00 |
| 7/9/2009 - PL | | | | | | | | | | 1.00 | | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Attorney Totals: | 3.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 4.00 |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTALS: | 3.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 4.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby     8/15/2009
Signature (E-Signature)     Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies 384 pgs x .25 = $96.00 | $96.00 | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | $96.00 | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

s/Ashley L. Ownby                                    12/20/2010
Signature (E-Signature)                          Date

# IN RE DIGITEK LITIGATION
## MDL NO. 1968
## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: AUGUST 2009**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner
(A) Associate
(LC) Law Clerk
(C) Counsel
(PL) Paralegal

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/07/09 - C | 1.50 | | | | | | | | | | | 1.50 |
| 08/07/2009 - PL | | | | | | | | | | 1.00 | | 1.00 |
| 08/10/2009 - PL | | | | | | | | | | 2.00 | | 2.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Attorney Totals: | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 | 0.00 | 4.50 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTALS: | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 | 0.00 | 4.50 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                                                9/15/2009
Signature  (E-Signature)                                        Date

**Firm: Ashley L. Ownby**
**Reporting Period: August 2009**

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                        9/15/2009
Signature (E-Signature)                          Date

# IN RE DIGITEK LITIGATION
## MDL NO. 1968
## TIME REPORT

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW
REPORTING PERIOD: September 2009

**Categories:**

| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| 09/27/09 - C | 7.00 | | | | | | | | | | | 7.00 |
| 09/27/09 - P | 7.00 | | | | | | | | | | | 7.00 |
| 09/20/09 - C | 5.00 | | | | | | | | | | | 5.00 |
| 09/20/09 - P | 5.00 | | | | | | | | | | | 5.00 |
| 09/18/09 - C | 4.00 | | | | | | | | | | | 4.00 |
| 09/18/09 - P | 4.00 | | | | | | | | | | | 4.00 |
| 09/17/09 - C | | | | | 2.00 | | | | | | | 2.00 |
| 09/17/09 - P | 2.00 | | | | | | | | | | | 2.00 |
| 09/11/09 - C | 6.00 | | | | | | | | | | | 6.00 |
| 09/11/09 - C | 4.00 | | | | | | | | | | | 4.00 |
| 09/10/09 - P | 4.00 | | | | | | | | | | | 4.00 |
| 09/03/09 - P | 1.00 | | | | | | | | | | | 1.00 |
| **Attorney Totals:** | 49.00 | 0.00 | 0.00 | 0.00 | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 47.00 |
| | | | | | | | | | | | | |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 49.00 | 0.00 | 0.00 | 0.00 | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 47.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

| s/Ashley L. Ownby | 10/15/2009 |
|---|---|
| Signature (E-Signature) | Date |

**Firm: Ashley L. Ownby**

**Reporting Period: September 2009**

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby       10/15/2009

Signature (E-Signature)       Date

# IN RE DIGITEK LITIGATION

## TIME REPORT

## MDL NO. 1968

**FIRM NAME: ASHLEY L. OWNBY, ATTORNEY AT LAW**

**REPORTING PERIOD: October 2009**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification

(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner
(A) Associate
(LC) Law Clerk

(C) Counsel
(PL) Paralegal

| | | Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | | Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | |
| 18 | 10/2/2009 - C | | | 2.00 | | | | | | | | | | 2.00 |
| 19 | 10/19/09 - C | | | 6.00 | | | | | | | | | | 6.00 |
| 20 | 10/15/09 - C | | | | | | | | | | | | 20.00 | 20.00 |
| 21 | 10/15/09 - P | | 2.00 | | | | | | | | | | | 2.00 |
| 22 | 10/14/09 - C | | 2.50 | | | | | | | | | | | 2.50 |
| 23 | 10/12/09 - C | | 2.00 | | | | | | | | | | | 2.00 |
| 24 | 10/04/09 - P | | 1.00 | | | | | | | | | | | 1.00 |
| 25 | | | | | | | | | | | | | | 0.00 |
| 26 | | | | | | | | | | | | | | 0.00 |
| 27 | **Attorney Totals:** | | 7.50 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 35.50 |
| 28 | | | | | | | | | | | | | | 0.00 |
| 29 | | | | | | | | | | | | | | 0.00 |
| 30 | | | | | | | | | | | | | | 0.00 |
| 31 | | | | | | | | | | | | | | 0.00 |
| 32 | | | | | | | | | | | | | | 0.00 |
| 33 | | | | | | | | | | | | | | 0.00 |
| 34 | | | | | | | | | | | | | | 0.00 |
| 35 | | | | | | | | | | | | | | 0.00 |
| 36 | | | | | | | | | | | | | | 0.00 |
| 37 | | | | | | | | | | | | | | 0.00 |
| 38 | | | | | | | | | | | | | | 0.00 |
| 39 | | | | | | | | | | | | | | 0.00 |
| 40 | | | | | | | | | | | | | | 0.00 |
| 41 | | | | | | | | | | | | | | 0.00 |
| 42 | **Non-Attorney Totals:** | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 43 | | | | | | | | | | | | | | 0.00 |
| 44 | **TOTALS:** | | 7.50 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 35.50 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby      11/15/2009

Signature (E-Signature)      Date

Firm: Ashley L. Ownby
Reporting Period: October 2009

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | $2.88 |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $1,234.64 | $1,234.64 |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $1,237.52 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                              11/15/2009
Signature (E-Signature)                              Date

# IN RE DIGITEK LITIGATION
## MDL. NO. 1968
## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: NOVEMBER 2009**

**Categories:**

| | | Titles: | |
|---|---|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial | (P) Partner | (C) Counsel |
| (2) Discovery | (8) Appeals | (A) Associate | (PL) Paralegal |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement | (LC) Law Clerk | |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) | | |
| (5)Litigation Strategy and Analysis | (11) Travel | | |
| (6) Class Certification | | | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/6/2009 - C | 2.00 | | | | | | | | | | | 2.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| 11/11/2009 - C | 4.00 | | | | | | | | | | | 4.00 |
| 11/18/2009 - P | 6.00 | | | | | | | | | | | 6.00 |
| 11/23/2009 - C | 4.00 | | | | | | | | | | | 4.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **TOTALS:** | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                    12/15/2009

Signature (E-Signature)                 Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW

REPORTING PERIOD: Revised Dec 2009

**Categories:**

| | |
|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| | | |
|---|---|---|
| (P) Partner | (C) Counsel | |
| (A) Associate | (PL) Paralegal | |
| (LC) Law Clerk | | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/2/2009 - PL | 1.00 | | | | | | | | | | | 1.00 |
| 12/2/2009 - C | | 1.00 | | | 2.00 | | | | | | | 3.00 |
| 12/7/2009 - C | | 1.50 | | | 1.50 | | | | | | | 3.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 1.00 | 2.50 | 0.00 | 0.00 | 3.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **TOTALS:** | 1.00 | 2.50 | 0.00 | 0.00 | 3.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby

Signature (E-Signature)

1/15/2010

Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: January 2010**

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner       (C) Counsel
(A) Associate   (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/2010 - PL | 1.00 | | | | | | | | | | | 1.00 |
| 1/7/2010 - C | | 1.00 | | | | | | | | | | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 1.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 1.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby

Signature (E-Signature)

1/15/2010

Date

**Firm: Ashley L. Ownby**
**Reporting Period: January 2010**

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                                    2/15/2010
Signature (E-Signature)                          Date

**IN RE DIGITEK LITIGATION**

**MDL NO. 1968**

**TIME REPORT**

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW

REPORTING PERIOD: February 2010

**Categories:**

| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LG) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11/10 - C    2/11/2010 | | | | | 1.00 | | | | | | | 1.00 |
| | | | | | 1.00 | | | | | | | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                                   3/15/2010

Signature (E-Signature)                              Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                        3/15/2010
Signature (E-Signature)                          Date

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**
**REPORTING PERIOD: March 2010**

**Categories:**

| (1) Investigation and Research | (7) Trial Preparation and Trial |
|---|---|
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | |
| (6) Class Certification | (11) Travel |

**Titles:**

| (P) Partner | (C) Counsel |
|---|---|
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/11/2010 C | | | | | 1.00 | | | | | | | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTALS: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby     4/15/2010

Signature (E-Signature)     Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW

REPORTING PERIOD: April 2010

Categories:

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

Titles:

(P) Partner
(A) Associate
(LC) Law Clerk
(C) Counsel
(PL) Paralegal

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTALS: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby

Ashley L. Ownby
Signature (E-Signature)

5/15/2010
Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
### EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                            5/15/2010
Signature (E-Signature)                          Date

# IN RE DIGITEK LITIGATION
## MDL NO. 1968
## TIME REPORT

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW
REPORTING PERIOD: MAY 2010

**Categories:**

| | |
|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| | |
|---|---|
| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LG) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby

Signature (E-Signature)

6/15/2010
Date

**Firm: Ashley L. Ownby**
**Reporting Period: MAY 2010**

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                    6/15/2010
Signature (E-Signature)                        Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

### TIME REPORT

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW
REPORTING PERIOD: June 2010

**Categories:**

(1) Investigation and Research
(2) Discovery
(3) Pleadings, Briefs, and Pretrial Motions
(4) Court Appearances/Trial
(5) Litigation Strategy and Analysis
(6) Class Certification
(7) Trial Preparation and Trial
(8) Appeals
(9) Settlement
(10) Administrative (date and file management as directed by lead/PSC)
(11) Travel

**Titles:**

(P) Partner (C) Counsel
(A) Associate (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
| Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTALS: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                                  7/15/2010
Signature  (E-Signature)                           Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies | | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL EXPENSES | | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                      7/15/2010
Signature (E-Signature)                        Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY, ATTORNEY AT LAW**

**REPORTING PERIOD: July 2010**

**Categories:**

| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby                                                    7/15/2010
Signature (E-Signature)                                              Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968
## TIME REPORT

**FIRM NAME:** ASHLEY L. OWNBY ATTORNEY AT LAW

**REPORTING PERIOD:** August/2010

**Categories:**

| | |
|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| | |
|---|---|
| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/26/2010 C | | | | | 1.00 | | | | | | | 1.00 |
| 8/19/2010 C | | | | | 3.00 | | | | | | | 23.00 |
| 8/19/2010 C | | | | | | | | | | | 20.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 24.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 24.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

s/Ashley L. Ownby     12/20/2010

Signature (E-Signature)     Date

# IN RE DIGITEK PRODUCTS LIABILITY LITIGATION
## MDL NO. 1968
## EXPENSE REPORT

| Description | Current Total | Cumulative Total |
|---|---|---|
| Assessments | | |
| Commercial Copies | | |
| Internal Reproduction/Copies 125 x .25 = | $31.25 | |
| Court Fees (filing, etc.) | | |
| Court Reporters/Transcripts | | |
| Computer Research | | |
| Telephone/Fax/Email | | |
| Postage/Express Delivery/Messenger | | |
| Professional Fees (expert, investigator, accountant, etc.) | | |
| Witness/Service Fees | | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $1,576.49 | |
| Clerical Overtime | | |
| Miscellaneous (Describe) | | |
| | | |
| | | |
| TOTAL EXPENSES | $1,607.74 | $0.00 |

I believe that these expenses are properly documented, complete and accurate
and were incurred for common benefit work done in MDL No. 1968

Ashley L. Ownby                                             12/20/2010
Signature (E-Signature)                          Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: Sept 2010**

**Categories:**

| | | |
|---|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial | |
| (2) Discovery | (8) Appeals | |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement | |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) | |
| (5)Litigation Strategy and Analysis | (11) Travel | |
| (6) Class Certification | | |

**Titles:**

| | |
|---|---|
| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

/s/Ashley L. Ownby                                    12/20/2010

Signature (E-Signature)                               Date

**FIRM NAME: ASHLEY L. OWNBY, ATTORNEY AT LAW**

**REPORTING PERIOD: ~~Dec.~~ 2010**

**Categories:**

| (1) Investigation and Research | (7) Trial Preparation and Trial |
| (2) Discovery | (8) Appeals |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) |
| (5) Litigation Strategy and Analysis | (11) Travel |
| (6) Class Certification | |

**Titles:**

| (P) Partner | (C) Counsel |
| (A) Associate | (PL) Paralegal |
| (LC) Law Clerk | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

/s/Ashley L. Ownby          12/20/2010

Signature (E-Signature)          Date

**IN RE DIGITEK LITIGATION**

**MDL NO. 1968**

**TIME REPORT**

FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW

REPORTING PERIOD: Nov 2010

**Categories:**

(1) Investigation and Research | (7) Trial Preparation and Trial
(2) Discovery | (8) Appeals
(3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement
(4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC)
(5) Litigation Strategy and Analysis | (11) Travel
(6) Class Certification

**Titles:**

(P) Partner | (C) Counsel
(A) Associate | (PL) Paralegal
(LC) Law Clerk

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| Non-Attorney Totals: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTALS: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

/s/Ashley L. Ownby | 12/20/2010
Signature (E-Signature) | Date

# IN RE DIGITEK LITIGATION

## MDL NO. 1968

## TIME REPORT

**FIRM NAME: ASHLEY L. OWNBY ATTORNEY AT LAW**

**REPORTING PERIOD: Dec 2010**

**Categories:**

| | | **Titles:** | |
|---|---|---|---|
| (1) Investigation and Research | (7) Trial Preparation and Trial | (P) Partner | (C) Counsel |
| (2) Discovery | (8) Appeals | (A) Associate | (PL) Paralegal |
| (3) Pleadings, Briefs, and Pretrial Motions | (9) Settlement | (LC) Law Clerk | |
| (4) Court Appearances/Trial | (10) Administrative (date and file management as directed by lead/PSC) | | |
| (5) Litigation Strategy and Analysis | (11) Travel | | |
| (6) Class Certification | | | |

| Name (Title) | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | CURRENT HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | 0.00 |
| **Non-Attorney Totals:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

I believe that the time set out above is accurate and that the time expended was spent on authorized common benefit work in MDL 1968.

/s/Ashley L. Ownby      12/20/2010

Signature (E-Signature)      Date