AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | | |
|---|---|---|
| In re Digitek Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:08-md-1968 and 2:09-cv-0671 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Robert Wessman

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hilton Reykjavik Nordica, Sudurlandsbraut 2, Reykjavik, Iceland, 108 (tel: 354-444-5000) | Date and Time: 03/31/2011 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment "A."

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  03/02/2011

CLERK OF COURT                    OR    *[signature]*

*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Kathy McCornack et al. , who issues or requests this subpoena, are:

Terry Kilpatrick, Ernst & Mattison, 1020 Palm Street, San Luis Obispo, CA. 93401. 805-541-0300. tk@emlaw.us

EXHIBIT A
to
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

ROBERT WESSMAN - DEPONENT

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 45(a) Plaintiffs request that Defendants and Mr. Wessman produce the following documents for inspection at the time of deposition:

1. A copy of all correspondence including all written and electronic communication, between Robert Wessman and any other entity or individual related to the recall of Digitek in April 2008.

2. A copy of all documents provided to Robert Wessman related to the recall of Digitek in April 2008.

3. A copy of all documents reviewed by Robert Wessman related to the recall of Digitek in April 2008.

4. A copy of all documents prepared by Robert Wessman related to the recall of Digitek in April 2008.

5. A copy of all documents evidencing any communication between Robert Wessman and any other entity or individual related to the recall of Digitek in April 2008.

6. A copy of all correspondence including all written and electronic communication, between Robert Wessman and any other entity or individual related to any irregularity in the Digitek manufacturing process between January 2003 and December 2008.

7. A copy of all documents provided to Robert Wessman related to any irregularity

in the Digitek manufacturing process between January 2003 and December 2008.

8. A copy of all documents reviewed by Robert Wessman related to any irregularity in the Digitek manufacturing process between January 2003 and December 2008.

9. A copy of all documents prepared by Robert Wessman related to any irregularity in the Digitek manufacturing process between January 2003 and December 2008.

10. A copy of all documents evidencing any communication between Robert Wessman and any other entity or individual related to any irregularity in the Digitek manufacturing process between January 2003 and December 2008.

11. A copy of the witness's entire file concerning Digitek, including all electronic documents and correspondence.

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 2, 2011, I electronically filed the foregoing **SUBPOENA TO TESTIFYAT A DEPOSITION IN A CIVIL ACTION, and Attachment "A"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED:   March 2, 2011            /s/ Fred Thompson, III, Esq.
                                                 Fred Thompson, III, Esq.
                                                 Motley Rice, LLC
                                                 28 Bridgeside Blvd.
                                                 Mt. Pleasant, SC 29464
                                                 *Co-Lead Counsel*