IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  DIGITEK PRODUCT LIABILITY         LITIGATION | MDL NO. 1968 |

THIS DOCUMENT RELATES TO ALL CASES

### RESPONSES AND OBJECTIONS TO NOTICE TO TAKE VIDEOTAPED ORAL DEPOSITION *DUCES TECUM*

Under Federal Rule of Civil Procedure 45, Defendants Actavis Inc., Actavis Totowa LLC, and Actavis Elizabeth LLC (collectively "Actavis"), by and through counsel of record, set forth written objections to the Notice To Take Videotaped Oral Deposition *Duces Tecum* ("Subpoena"), issued on behalf of the Plaintiffs' Steering Committee ("Plaintiffs"). The Subpoena includes the attached subpoena duces tecum. Actavis reserves the right to supplement these responses and objections as additional information becomes available, to move to quash the Subpoena, or otherwise seek appropriate judicial relief.

### GENERAL OBJECTIONS

1.   Actavis makes the following general objections in addition to the specific objections to the topics and demands for production as set forth below. Each of these general objections is incorporated into and made a part of Actavis' response to each and every topic and demand for production set forth in the Subpoena.

2.   Actavis objects to each and every topic and demand for production to the extent that it purports to impose requirements or discovery obligations that exceed those imposed by the

Federal Rules of Civil Procedure, the Local Rules of the Southern District of West Virginia, or any other applicable rule, law, or regulation.

3. Actavis objects to each and every topic and demand for production to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. If any information or documents protected from discovery by any privilege are inadvertently revealed, the disclosure is not intended to and shall not operate as a waiver of these objections.

4. Actavis objects to each and every topic and demand for production to the extent that it seeks information or documents in the public domain, equally available to Plaintiffs, or available from other sources in a manner that is more convenient, less burdensome, or less expensive.

5. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), the party producing documents in response to a deposition notice has 30 days in which to produce documents. Plaintiffs served the Subpoena on Actavis on March 1, 2011. In spite of this improper notice, Actavis will produce as many documents as possible on March 8, 2011 but notes its objection to the untimely notice.

6. Nothing in these general and specific objections constitutes nor should be construed as an admission or acknowledgment as to the admissibility, materiality, or relevance of any information or documents sought through the Subpoena.

**SPECIFIC RESPONSE AND OBJECTIONS**

In response to each of the specific requests for production, Actavis responds as follows:

1. A copy of Stanley Music's current curriculum vitae will be provided at his deposition.

2.  Pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), Actavis will provide communications that (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The remainder of the documents sought by this request is protected as documents prepared in anticipation of litigation under Rule 26(b)(3)(A).

3.  Pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), Actavis will provide communications that (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The remainder of the documents sought by this request is protected as documents prepared in anticipation of litigation under Rule 26(b)(3)(A).

4.  Actavis will provide documents which "refer or relate to Digitek®" that it provided to Mr. Music. To avoid unnecessary duplication, Actavis will provide a list of "deposition transcripts which refer or relate to Digitek®."

5.  Actavis will provide the initial letter it sent to Mr. Music retaining him as an expert in the Digitek® litigation.

6.  Actavis will provide all bills that Mr. Music submitted to Actavis for services rendered in connection with the Digitek® litigation.

7.  Actavis will provide a copy of the contents of Mr. Music's entire file for his consultation on the Digitek® litigation, unless it is otherwise protected from disclosure by

Federal Rule of Civil Procedure 26. To avoid unnecessary duplication, Actavis will provide a list of the general liability expert reports reviewed by Mr. Music.

8. Actavis refers to its response to Request Number 7.

9. Actavis object to this request to the extent it infers that "any plaintiff in this MDL ingested defective Digitek®." Subject to and without waving the foregoing objection, Actavis refers to its response to Request Number 7.

10. Actavis objects to this request as it seeks materials protected by Federal Rule of Civil Procedure 26(b)(4)(B) and (C).

11. Actavis objects to this request to the extent it seeks materials protected by 26(b)(4)(B). Subject to and without waving the foregoing objection, Actavis will provide a copy of Stanley Music's expert report which was provided to Plaintiffs on December 9, 2010.

12. Actavis refers to its response to Request Number 7.

13. Actavis objects to this request as vague and ambiguous. The phrase "concern whether a Digitek® pill that may have been adulterated may have ever been received by a pharmacist or consumer" is unintelligible. Subject to and without waiving the foregoing objections, Actavis refers to its response to Request Number 7.

14. Actavis refers to its response to Request Number 7.

Imanage/073021/000031/1217570

|  |  |
|---|---|
|  | Respectfully submitted, |
| ALLEN GUTHRIE & THOMAS, PLLC | TUCKER ELLIS & WEST LLP |
| Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel: (304) 345-7250<br>Fax: (304) 345-9941<br>E-mail: rabetts@agmtlaw.com | By: s/*Richard A. Dean*<br>    Richard A. Dean (Ohio Bar #0013165),<br>    CO-LEAD COUNSEL<br>    Matthew P. Moriarty (WV Bar # 4571;<br>    Ohio Bar 0028389), CO-LEAD COUNSEL<br>    Kristen L. Mayer (Ohio Bar #0055505)<br>    925 Euclid Avenue, Suite 1150<br>    Cleveland, Ohio 44115-1414<br>    Tel: (216) 592-5000<br>    Fax: (216) 592-5009<br>    E-mail:richard.dean@tuckerellis.com<br>             matthew.moriarty@tuckerellis.com<br>             kristen.mayer@tuckerellis.com<br><br>*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC* |

Imanage/073021/000031/1217570

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

| | |
|---|---|
| ALLEN GUTHRIE & THOMAS, PLLC<br><br>Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel:      (304) 345-7250<br>Fax:     (304) 345-9941<br>E-mail:  rabetts@agmtlaw.com<br><br>*Attorney for Defendants*<br><br>SHOOK, HARDY & BACON LLP<br><br>Harvey L. Kaplan, CO-LEAD COUNSEL<br>Madeleine M. McDonough, CO-LEAD COUNSEL<br>2555 Grand Blvd.<br>Kansas City, Missouri  64108-2613<br>Tel:      (816) 559-2214<br>Fax:     (816) 421-5547<br>E-mail:  hkaplan@shb.com<br>E-mail:  mmcdonough@shb.com<br><br>*Attorneys for Mylan, Inc. Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.* | TUCKER ELLIS & WEST LLP<br><br>By: s/*Richard A. Dean*<br>      Richard A. Dean (Ohio Bar #0013165), CO-LEAD COUNSEL<br>      Matthew P. Moriarty (WV Bar # 4571; Ohio Bar 0028389), CO-LEAD COUNSEL<br>      Kristen L. Mayer (Ohio Bar #0055505)<br>      925 Euclid Avenue, Suite 1150<br>      Cleveland, Ohio  44115-1414<br>Tel:      (216) 592-5000<br>Fax:     (216) 592-5009<br>E-mail: richard.dean@tuckerellis.com<br>            matthew.moriarty@tuckerellis.com<br>            kristen.mayer@tuckerellis.com<br><br>*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC* |

Imanage/073021/000031/1217570