UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**IN RE**: DIGITEK PRODUCTS LIABILITY LITIGATION

CIVIL ACTION NO.  2:08-md-01968

THIS DOCUMENT RELATES TO ALL CASES

**MEMORANDUM OPINION & ORDER**

Pending is defendants' motion to file under seal exhibits to brief in opposition to Plaintiff Steering Committee's ("PSC") application for fees and expenses [Docket 477].

The proponent of a sealing order bears a heavy burden.  The "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."  *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000).  I will likely rely upon information in the two documents offered for sealing in resolving the pending attorney fee issue.  For that reason, there is certainly a public interest in access to these documents.

The defendants propose to seal Exhibit A to their brief in opposition which is, in its entirety, the Settlement Agreement reached between the parties.  The defendants rely upon my decision in *Saunders v. Champ Sports, Inc.* No. 2:07-cv-00655 (S.D. W. Va. Dec. 8, 2008), in support of that proposition.  That case is not on point for a number of reasons.  In that case the settlement agreement was to be kept confidential pursuant to its terms. Case law required the

parties to file the settlement agreement in order to obtain court approval of its terms.  Finding that exceptional circumstances warranting sealing existed, and that the parties' privacy interest in the proposed settlement outweighed the need for public access to the document, was based in large part on the fact the parties did not voluntarily elect to file it.  Here the defendants are voluntarily filing the final settlement agreement so that the court may determine what the agreement does and does not say regarding the PSC's entitlement to fees and expenses.  In accordance with PTO #64, this settlement agreement has been disseminated to all counsel identified in MDL 1968 and all counsel for plaintiffs in related state cases.  Further, under PTO #64  interested parties were free to request a copy of the agreement by contacting named party representatives via email.  While the court is unaware of the number of the requests that were made and what the process was for granting them, there appears to be a diminished interest in its confidentiality for this reason.

Both parties injected the analysis of the court into the process of approval of PSC attorney fees and expenses in this instance.  Actions of the court are open to the public and absent an applicable rule or relevant case law, documents relied upon by the court in undertaking this analysis should be open to the public as well.  For all of these reasons, the motion to seal as far as it relates to Exhibit A is **DENIED**.

Exhibit F is an affidavit of Matthew P. Moriarty, co-lead counsel for the Actavis defendants.  It contains, according to the defendants' own assertion, "details about the parties' settlement negotiations that provide the Court with factual context from which it can evaluate Defendants' arguments regarding the weakness of plaintiffs' case and the degree of success the PSC obtained in the litigation."  The court recognizes the defendants' privacy concerns with this

document given the specific details raised by and included in the affidavit. Given that it may be an integral part of the analysis of the fee petition motion, however, I am hesitant that it should not be made public for reasons stated above.

The court takes the motion to seal, as far as it relates to Exhibit F, under advisement. In the interest of fairness, the court is willing to give the defendants a chance to modify the statement in such a way that they are comfortable with the information being made part of the public record as Exhibit F. Absent submission of a revised affidavit no later than March 25, 2011, not to be filed under seal, I will direct that Exhibit F previously proposed for sealing be placed in unredacted form on the public record.

The court **DIRECTS** the clerk to send a copy of this Order to counsel of record and any unrepresented party.

    DATED: March 21, 2011

    Joseph R. Goodwin, Chief Judge