# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
PRODUCTS LIABILITY LITIGATION          MDL NO. 1968

This Document Relates To All Cases

**Specific Additional Reply of Malkinson & Halpern, P.C.
In Support of its Application for Fees and Expenses**

What could better describe the defendants' fee Opposition than its own opening quotation from the Honorable Judge Posner, "reinforcing our impression that lawyers litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue"? (Brief in Opposition at p. 1, citing *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) (the foregoing remark by the *Ustrak* court addressing time listed for the preparation of a fee petition, and its decision allowing that request in part, regardless)[1] As we understand it, their oppositional opus belies their disposition toward plaintiffs' fees and costs at the time the Settlement Agreement in this action was reached.

The Settlement Agreement provides, in part, that fees can be sought by the PSC or "anyone who believes they have prepared work that was approved by PSC and is eligible for common fund work." The Malkinson & Halpern firm is not a member of the PSC, but was invited by lead counsel and the PSC to participate in certain projects and perform certain work (approved by the PSC) which the firm believes lead, in part, to the common Settlement Agreement and the resolution of the substantive litigation in this case. (See Second Declaration

---

[1] Similarly, the Malkinson & Halpern firm, through Mr. Malkinson, has spent an additional 5.6 hours of attorney time reviewing the fee Opposition and researching and drafting the Malkinson firm's and other proposed portions of the plaintiffs' Reply.

of John R. Malkinson, attached as Exhibit 1.)  Accordingly, the firm seeks payment of fees and reimbursement of costs.

The firm and its client, Willie Mae Wilburn, have contributed to the resolution of the instant litigation. Ms. Wilburn filed one of the very first federal Digitek® lawsuits in the United States and initiated the JPML action that culminated in having the nationwide federal filings transferred to this jurisdiction. (*Wilburn v. Actavis, et al*. 08-2293, D. NJ, May 2008)  Thereafter, her counsel participated in key aspects of the litigation upon the invitation and approval of lead counsel and the PSC.  For example, upon request by lead counsel, the firm participated in drafting Requests to Admit for service on defendants, and drafted and filed Ms. Wilburn's Second Amended Individual and Class Action Complaint in this Court. In that complaint, she sought individual relief for related personal injuries, plus certain class relief.  The complaint did not seek class-wide medical monitoring. The firm was similarly invited to and did work on class claims.

Ms. Wilburn and the Malkinson & Halpern firm adopt the Reply arguments advanced by the other plaintiffs' counsel, including the Wolf Popper firm, as to the propriety of paying fees for attorney time devoted to the class claims. Although the class claims were rejected by the Court as unmanageable (differing state statues among the nationwide plaintiffs, etc.), and for failure to satisfy certain requisite elements of a class action, petitioner asserts that the class efforts were successful in advancing the litigation and bringing about the Settlement Agreement, and that the work was sufficiently related to and intertwined with the injury claims to merit an award of fees . *See, e.g., Robinson v. Delgado*, 2011 WL 672628, *5 (N.D. Cal.)

Importantly, multiple theories of recovery advanced in the Wilburn Second Amended Complaint—including product liability, negligence, breach of warranty—are applicable to both

the injury and class action claims herein, and distinguishing such efforts by the Malkinson firm as unrelated to the injury claim results is implausible. Like theories are asserted in the Master Consolidated Complaint for Individuals. Mr. Malkinson also participated in the drafting of written discovery and was one of a handful of attorneys asked to participate on the PSC's Class Action subcommittee and was involved in conference calls, email exchanges and briefing efforts, accordingly. Class certification remained a live issue that petitioner believes fueled, in part, defendants' entry into the Agreement, in hope of discouraging interest in its further pursuit.

Not all Digitek® claimants were deposed in the MDL action. Ms. Wilburn was deposed and this was done in conjunction with the PSC. The Malkinson firm's deposition-related work encompassed the factual basis to the foregoing overlapping theories of recovery and the injuries and alleged product defect common to all claims. Ms. Wilburn had retained some of her recalled Digitek and was pursuing injury and class claims. Defense counsel spent time at the conclusion of the deposition measuring and weighing Ms. Wilburn's tablets, such information and efforts certainly being related and contributing to the global resolution of the injury claims.

*Source of Attorneys Fees*

Neither Ms. Wilburn nor her counsel has concern over whether the related fees and cost reimbursements are paid from the existing settlement fund or as an add-on item. "An attorney whose work creates a common fund is 'entitled to a reasonable fee … taken from the fund.'" 4 *Newberg on Class Actions* § 14:6 (4th ed.); *In Re Diet Drugs*, 582 F.3d 524, 540 (3rd Cir. 2009)[2] Article XI of the Settlement Agreement allows qualifying counsel to petition "for common fund fees and expenses". Certainly, if defendants' Opposition proves true as to the extent of actual participants in the settlement, or the sufficiency of most claimants' records in establishing rights to settlement proceeds, there may be a more limited number of claims submitted and/or approved

---

[2] Ms. Wilburn's counsel was not invited or permitted to participate in the drafting of the Settlement Agreement.

under the settlement plan. Such a situation would certainly afford increased flexibility to pay fees and costs from the Settlement Funds, as defendants have already accepted the prospect of paying such amounts ($10-$13 million) in some form.

*Defendants' Time Sheet Criticisms are Off Point*

The defendants' Opposition brief, at Exhibit G, lists a few specific criticisms of the Malkinson firm's time.[3] These criticisms are briefly addressed, as follows:

- Defendants ask, "Why are they charging two hour for work on a draft press release?" Simple answer, the firm didn't! The relevant time sheet entry (5/10/08) says:

  "<u>Begin review of final draft of Wilburn complaint received from Sedran's office; e-mails to F. Longer and Mike at Sedran's re posting of firm name in complaint</u>; work on draft press releases. 2.0 [hrs.]" (emphasis added) Defendants omitted the full entry from their misleading representation to the Court that the two hours time was spent solely on press releases. The portion of that time spent on the actual press releases was approximately 15 minutes, not two hours.

- Time spent searching for relevant experts is criticized because the particular consultants listed in the time sheet were not ultimately chosen by lead counsel as named experts on the case. The fact that they were not named as testifying experts does not mean they did not provide relevant consulting services to the litigation, or that that the time searching for worthy consultants who might testify is not compensable. The notion that in litigation the only compensable attorney time associated with consultants is time spent with those consultants later disclosed as testifying witnesses is simply unsupportable. We expect that certain defense counsel likely billed their clients for their own expert search, including time not associated with those ultimately deemed likely to testify.

- Defendants were critical of time spent preparing Ms. Wilburn for her deposition. As stated above, the deposition efforts are intertwined with the injury and class cases and can not be readily distinguished. Not every individual claimant was deposed in this action. Ms. Wilburn was deposed at length regarding her usage of Digitek®, her medical history, her Digitek®-related symptoms and complaints, her interactions with the defendants. Surely, defendants do not suggest to this court that the Agreement reached in this case was not derived, in part, by the plaintiff depositions.

---

[3] An Amended time sheet for attorney John R. Malkinson, is submitted with this Reply, totaling 118.75 hours. In preparing this Reply, it was noted that the originally submitted time sheet did not contain approximately 17.5 hours of time that was logged in a separate file.

4

For the foregoing reasons, the Malkinson & Halpern firm seeks an award of reasonable attorneys' fees and cost reimbursement.

Respectfully submitted,

/s/John R. Malkinson
John R. Malkinson

John R. Malkinson
MALKINSON & HALPERN, P.C.
208 S. LaSalle Street, Suite 1750
Chicago, Illinois  60606
(312) 427-9600

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
PRODUCTS LIABILITY LITIGATION        MDL NO. 1968

This Document Relates To: ALL ACTIONS

## SECOND DECLARATION OF JOHN R. MALKINSON IN SUPPORT OF MALKINSON & HALPERN, P.C.'S APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

1. I, John R. Malkinson, a partner in the law firm of Malkinson & Halpern, P.C. ("the Firm"), have served as Plaintiffs' counsel in the above-captioned action. Our firm filed suit herein on behalf of plaintiff, WILLIE MAE WILBURN, and others similarly situated.

2. I submit this Declaration in support of the Firm's application for attorneys' fees for services rendered to the class in the above-captioned litigation, and for reimbursement of expenses reasonably incurred in the course of such representation. The time expended in preparing this declaration, and on the Reply in support of Fees and Expenses, is not included.

3. The firm's compensation for the services rendered, and its reimbursement for costs incurred in this litigation is wholly contingent.

4. During the period from May 1, 2008 through September 17, 2010, the Firm performed <u>159.83</u> hours of work in connection with this litigation. Based upon the historical hourly rates charged by our Firm, including my hourly rate of $525.00/hr, the lodestar value of the time is <u>$68,916.55</u>. Attached hereto are exhibits which indicate the attorneys, paralegals and staff who worked on this litigation, the number of hours worked, the categories of their work and their respective lodestar values.

63534.1                          Page 1 of 2


EXHIBIT 1

5.      During the period from May 1, 2008 through September 17, 2010, the Firm incurred expenses in the sum of $1,625.85. These expenses were reasonably and necessarily incurred in connection with this litigation and are summarized in the chart attached herein.

6.      The expenses incurred are reflected on the books and records of the Firm. These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred.

7.      All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case. There has been no unnecessary duplication of services for which the Firm now seeks compensation and petitioner believes its efforts contributed, in part, to the result set forth in the parties Settlement Agreement.

8.      The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for this work. No adjustment was made, notwithstanding the complexity of the matters involved, the opposition encountered, the preclusion of other employment, the expected delay in payment, or any other factors present in this case which might justify a higher rate of compensation. All descriptions set forth in the Malkinson & Halpern, P.C. firm's foregoing section of the Reply in support of the Application for Fees and Expenses, including as to the modest amendment of my itemized time, are true and correct to the best of my knowledge.

I hereby affirm under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: March 25, 2011                       /s/John R. Malkinson_____
[Chicago, IL]                               John R. Malkinson

63534.1

**MALKINSON & HALPERN, P.C.**
ATTORNEYS AT LAW
208 SOUTH LASALLE STREET
SUITE 1750
CHICAGO, IL 60604
www.mhtriallaw.com

**SETH R. HALPERN**
**JOHN R. MALKINSON**

Phone (312) 427-9600
Fax (312) 750-1912

CARLIE S. MARVEL

March 22, 2011

## TIME SPENT BY JOHN R. MALKINSON FOR SERVICES RENDERED ON
*In Re: Digitek Product Liability Action, AMENDED*

| Date | Description | Time (hrs.) |
|---|---|---|
| 5/6/2008 | Telecom from client re Digitek recall; email exchange with co-counsel re claim merit, appropriate jurisdiction and joint filing (1.20); Further email exchange w/ co-counsel re potential medical consultants and research re digitek tablet's appropriate appearance (.33); Research of potential medical consultants, including telecoms w/ two such prospects (1.4). | 2.93 |
| 5/7/2008 | Review co-counsel's draft complaint and make edits. | 2.40 |
| 5/9/2008 | Determine pro hac vice requirements and direct obtaining certif of good standing re filing. | .25 |
| 5/10/2008 | Internet research re recall news and digitek toxicity; review news report of our filed case; internet research re any other filed cases, including review of two such complaints from other jurisdictions (2.25); Begin review of final draft of Wilburn complaint received from Sedran's office; e-mails to F. Longer and Mike at Sedran's re posting of firm name in complaint; work on draft press releases (2.0). | 4.25 |
| 5/11/2008 | Internet research to determine/review complaints filed nationwide; review two such complaints (1.80); E-mail exchange w/ F. Longer and Mike W. re our complaint, the filing of others already, and coordinating same (.50) | 2.30 |
| 5/12/2008 | Strategy telecom with F. Longer and discussion of various other cases each are aware of (.5); Pacer research for other filed cases; internet research of Digitek recall news; internet research re FOIA to FDA for inspection-related documents; send e-mail to F. Longer and Mike W. @ Sedran's with copies of the other filed cases I found (1.5). | 2.00 |
| 5/13/2008 | E-mail exchange w/ F. Longer and Mike W. re MDL filing and NJ judge assignment; internet research re J. Greenaway (.75); Receive/review and begin edits to MDL motion/memo drafts (1.0) | 1.75 |

1

| Date | Description | Hours |
|---|---|---|
| 5/14/2008 | Brief MDL research and make edits and draft new language/revisions to Motion to Transfer to NJ for Coordinated or Consolidated proceedings (2.75); Legal research and revisions to MDL Motion and Memorandum supporting transfer and consolidation in NJ; transmit same to co-counsel (3.0); Telecoms w. F. Longer and M. Weinkowitz re appearance of J. DePalma and re MDL revisions (.25). | 6.00 |
| 5/19/2008 | Telecoms and various e-mail correspondence/CV review with multiple pharmaceutical industry experts in course of search for manufacturing/FDA compliance expert. | 1.50 |
| 5/20/2008 | Telecoms with two pharmaceutical consultants re prospect of serving as expert or referral to another as manufacturing/quality control EW. | 0.50 |
| 5/21/2008 | Telecom with pharmaceutical consultant (Lambert) re facts and prospect of serving as expert or referral to another as manufacturing/quality control EW. | 0.50 |
| 5/27/2008 | Telecom with D. Auslander, Ph.D. re prospect of him being a litigation consultant/expert on this matter, including interview of him re experience, credentials, fees, etc. | .33 |
| 5/28/2008 | Telecoms to MDL Panel re Appearance Form; complete MDL appearance documents on behalf of plaintiff Wilburn and send to Panel clerk. | 0.50 |
| 6/1/2008 | Receive/review and make notes regarding plaintiff Novak's MDL Motion to Consolidate; receive telecon from MDL clerk and then send e-mail to co-counsel regarding Panel clerk's call and need for their appearance for plaintiff Clark. | 0.25 |
| 6/2/2008 | Review plaintiff response to Novak's ND of OH MDL motion to transfer. | 0.25 |
| 6/3/2008 | Review draft discovery and exchange e-mail with co-counsel re revisions and service of same. | 0.50 |
| 6/4/2008 | Revise portions of draft written discovery to defendants and send to co-counsel via e-mail. | 2.50 |
| 6/5/2008 | Review pltf. Novak's revised motion to transfer to ND OH, including the attached additional complaints (attny. Climaco's cmplt. in ND OH-Stanley-- for national and/or OH statewide subclasses on refund, medical monitoring and personal injury. | 0.50 |
| 6/10/2008 | Draft status letter to client, including copy of Amended Complaint. | 0.33 |
| 6/12/2008 | Review our response to plaintiff Novak's MDL motion to transfer. | 0.25 |
| 6/13/2008 | Travel to meet with client; conduct client conference re status of case, her medical record requests, and her medical condition. Obtain from client copies of certain of her medical records and insurance co. letter she received re Digitek. | 1.50 |
| 6/24/2008 | Receive/review and make notes regarding defendants' Response in support of consolidation, but opposing NJ in favor of OH; internet research re OH judge. | 0.50 |

2

| Date | Description | Hours |
|---|---|---|
| 6/26/2008 | Receive/review plaintiff Konek's MDL motion to transfer to Kansas; research air travel schedule into Wichita re issue of convenience; e-mail co-counsel Weinkowitz re same. | 0.75 |
| 6/29/2008 | Initiate travel arrangaements for MDL hearing in SF. | 0.50 |
| 6/30/2008 | Review new MDL mtn for additional NJ pltf seeking transfer to NJ; e-mail to co-counsel Weinkowitz re status of NJ motion to preserve evidence, be appointed interim class counsel; E-mail to co-counsel Longer and Weinkowitz re MDL panel's recent transfer ruling in Packaged Ice and the commonality of the panel members with ours, the basis of the P. Ice ruling, and inquiring abt ongoing gov't investigation in NJ that we can press; Review and take notes re Mtn. of McCorquodale (SD CA) and Pierce (LA) to transfer to NJ or LA; and Mtn of Pltfs. Spangle and Grady (CA) to transfer to LA, not OH. | 0.75 |
| 7/11/2008 | Receive and review MDL motion, exhibit and memorandum of plaintiffs Shannon and Platzner (seeking SD Calif.); and MDL motions and memoranda of plaintiffs Linen and Supinski (W. Va.). | 0.33 |
| 7/14/2008 | Internet research re W. Va. District court judge Joseph R. Goodwin; e-mail to co-counsel, Weinkowitz, Longer and Levin re same. | 0.75 |
| 7/15/2008 | Internet research re class certification rulings by W. Va. District court judge Joseph R. Goodwin; e-mail to co-counsel, Weinkowitz and Longer and re same (1.25); E-mail correspondence to F. Longer, suggesting/inquiring about pre-MDL counsel meeting in SF and/or via conf. call (.1). | 1.35 |
| 7/17/2008 | Correspondence and telecon to client's physician, seeking conference (.25); Telecon from F. Longer re status of jurisdictional discussions, case, pre-hearing meeting (MDL) in SF (.25); Review attny Lanier's MDL motion of interested party (.1). | 0.60 |
| 7/22/2008 | Review defense counsel's notice of potential tag-along cases MDL motion of interested party and review the attached complaints. | 0.75 |
| 7/28/2008 | Review MDL pleadings in preparation for meeting of counsel in SF on MDL. | 1.50 |
| 7/29/2008 | Travel to SF for meeting of plaintiffs' counsel and for MDL hearing; further review of MDL materials pressing for Ohio and W. Va (while traveling) (6.25); Telecon from client re medical records and status. Telecon to client's treating MD (.25). | 6.50 |
| 7/30/2008 | Meeting of plaintiffs' counsel at "Plump Jack's"; multiple discussions during meeting with various plaintiffs' counsel re merits of action and re factors favoring and disfavoring various jurisdictions; Meeting with Arnold Levin & F. Longer re today's nationwide counsel meeting, the MDL issues and tomorrow's argument. | 4.50 |
| 7/31/2008 | Attend MDL hearing; confer with colleagues re argument, disposition (1.5); Travel to Chicago from meeting of plaintiffs' counsel and MDL hearing (6.5). | 8.00 |
| 8/18/2008 | Draft correspondence to Teresa @ W. Va. firm re upcoming meeting and re info I obtained on J. Goodwin (.5); Attend preliminary meeting of plaintiffs' counsel at Wexler's, Chicago (1.); Attend and participate in Chicago meeting/organizational effort of plaintiffs' counsel, organized by Wexler's office (3.0). | 4.50 |

3

| Date | Description | Hours |
|---|---|---|
| 9/28/2008 | Email from H. Bell re appointment as co-liaison and upcoming hearing. | .10 |
| 9/29/2008 | Confer with co-counsel re agenda ideas for first court appearance (.20); Review H. Bell's email urging against too many applications for PSC appointment (.05). | .25 |
| 11/21/2008 | Email from T. Toriseva re Digitek PSC appointment of leadership and PSC chair, and re summary of multiple issues discussed with the Court at recent status conference. | .25 |
| 6-9-2009 | Upon request from lead counsel, draft additional Requests to Admit for service on defendants. | 2.2 |
| 6/9/2009 | Receive/review correspondence from co-counsel and defense counsel, Tucker Ellis, re purported failure to file Wilburn's PFS; review email system and telecom and engage in e-mail exchange with K. Meyer at Tucker's office re fact of prior filing, including re-sending of prior email of 5-18-09; resend PFS via 2 different email systems and have further telecom w/ Ms. Meyer and Mr. Moriarity at Tucker Ellis.  Listserve response re same and email to co-lead counsel re same; draft and send letter to defense counsel confirming their stated receipt of the PFS and that no delinquency will be raised in court. | 1.40 |
| 7/1/2009 | Participate in conference call of lead counsel and all class action counsel. | 0.75 |
| 8/2/2009 | Drafting of 2nd Amended Complaint. | 0.75 |
| 8/4/2009 | Travel to and meet with client to prepare for deposition (2.2) ; Drafting of 2nd Amended Complaint (1.75); Review and forward to defense counsel (K. Mayer/J. Simon)--with drafted note--client's Osco pharmacy record that we obtained yesterday (.33). | 4.28 |
| 8/5/2009 | Review medical records and file materials to prepare for deposition of client (.75); Meet with client to prepare for deposition (2.0); Finalize drafting of 2nd Amended Complaint; draft Unoposed Motion for Leave to File (3.6); Transmit 2nd amended complaint to defense counsel with drafted note. | 6.45 |
| 8/6/2009 | Met with client for final dep preparation (.5); Produce client for deposition/defend deposition (4.5); Monitor defense counsel's weighing/measuring of client's Digitek (.5); Post-deposition conference with client re deposition and status of litigation (.25) | 5.75 |
| 9/1/2009 | Email exchange w/ co-counsel re class cert and w/ co-lead counsel re participation in advancing the economic loss claims. | .50 |
| 11/12/2009 | Email exchange with co-counsel re class action briefing and scheduling related conference call. | .10 |
| 11/13/2009 | Participate in class counsel conference call with co-lead counsel re briefing/assignments (.33); Email from co-counsel Meyer  re conf call and class definition research findings and other class-related strategy questions. (.10). | .43 |

4

| | | |
|---|---|---|
| 11/17/2009 | Email exchanges from lead counsel and other class committee counsel re need for another call and re strategy. | .10 |
| 11/18/2009 | Multiple email exchanges re class litigation (w/ lead and other co-counsel on class committee) and participation in conference call w/ same. | .80 |
| 11/23/2009 | Email exchange w/ co-lead's office (M. Johnson) re status of class cert briefing schedule/page limits. | .10 |
| 12/22/2009 | Review email exchange re timing of draft class documents. | .05 |
| 1/8/2010 | Telecom and email exchange w/ P. Avery re our firm's assignment to prepare client summary for inclusion in class motion documents. | .20 |
| 1/11/2010 | Abstract plaintiff Wilburn's deposition in preparation for Class Certification brief. | 3.75 |
| 1/13/2010 | Legal research and drafting of excerpt of Class Certification brief supporting plaintiff Wilburn as class representative. | 3.25 |
| 1/14/2010 | Finalize drafting of Wilburn excerpt to Class Cert brief, per lead counsel's request (.6); Email correspondence/exchange with Wolf Popper, transmitting Wilburn class cert excerpt (.05); Participate in class counsel conference call (.25). | 0.90 |
| 1/18/2010 | Memo from and telecom w/ P. Avery re class issues and settlement. | 0.33 |
| 1/20/2010 | Prepare for and participate in conference call with Motley Rice and other class Counsel regarding class motion strategy and briefing | .50 |
| 1/20/2010 | Revise class cert brief; draft/transmit related emails to co-counsel. | 4.25 |
| | Review defendants' class cert response in preparation of participating in Reply brief. | 0.50 |
| 2/23/2010 | Participate in email exchange re class briefing (Reply) and re disclosure issues raised by defendants (including review of their related correspondence). | .40 |
| 2/25/2010 | Further email exchange w/ co-counsel re class Reply issues/deadline. | .20 |
| 2/26/2010 | Communications with P. Avery re the Wilburn dep transcript (.20); Email exchanges w/ co-counsel re class Reply issues and status of requested extension on filing (.10). | 0.30 |
| 2/28/2010 | Research defendants' case law and draft proposed language for Reply in support of class certification; revise proposed Reply, including re individual plaintiff argument; draft detailed email to all co-counsel re the foregoing and the related arguments to be made; transmit proposed revisions to drafting counsel (all revisions largely incorporated into final document). | 4.10 |

| | | |
|---|---|---|
| 3/1/2010 | Email from Motley re granting of class Reply extension; email exchange, including w/ defense counsel, re redaction of certain Wilburn data from class filing. | .25 |
| 3/3/2010 | Review Wilburn PFS and make revised redactions; transmit to co-class counsel with e-correspondence. | 0.60 |
| 3/4/2010 | Telecom w/ P. Avery re status of class co-counsel's various submissions to her re Reply brief; draft/send email to Motley and Petit firms re status of their contributions to Reply. | .50 |
| 3/5/2010 | Draft and transmit Wilburn excerpt for class cert Reply. | 1.40 |
| 3/6/2010 | Further legal research and review of updated Class Reply draft received from co-counsel; prepare revisions to Cert Reply, especially re scope of class, NJ law and re individual class member responses in terms of their qualifications (3.25); Telecom and email exchange w/ Pat Avery re current draft Reply (.25). | 3.50 |
| 3/8/2010 | Review and redline editing of updated Class Reply draft received from co-counsel; emails and telecoms w/ Meghan Carter and P.Avery re Reply and use of D's argument in remand motion on J. Petit's claim to support class claims; review D's written discovery responses for use in Reply. | 1.70 |
| 5/27/2010 | Participate in email exchange w/ lead counsel and class committee members re class issues and scheduling of conference call. | .10 |
| 5/28/2010 | Conference call w/ F. Thompson and other class counsel re strategy/thoughts going forward. | .33 |
| 6/2/2010 | Email exchange w/ co-counsel re status of current drafting and scheduling related conference call; brief telecom w/ P. Avery and telcom message to Jim Pettit re same. | .25 |
| 6/4/2010 | Extended email exchange among class committee re current petition/efforts. | .20 |
| 6/6/2010 | Telecom w/ P. Avery re class issues/strategy. | 0.25 |
| 6/7/2010 | Review draft Rule 23 f Petition; related email exchange (.33); Participate in conference call of lead counsel and all class action counsel re class reconsideration motion (.40). | .73 |

6

| | | |
|---|---|---|
| 7/1/2010 | Email exchange w/ co-counsel re phrasing/approach in Reply in support of Reconsideration. | .33 |
| 8/30/2010 | Further review of injury settlement structure and related emails; email to co-counsel re same. | .20 |
| 9/4/2010 | Receive from lead counsel and review Settlement Agreement. | .40 |
| 9/12/2010 | Telecom w/ D. Dean re settlement prospects for class claim (.75); Telecom w/ client re settlement of injury claims and status of class claims (.25). | 1.00 |
| 9/14/2010 | Conference call w/ F. Thompson and other class counsel re strategy/thoughts going forward and re settlement; telecom w/ P. Avery re same. | .50 |
| 9/17/2010 | Telecom from and with Dick Dean re our proposed resolution of economic loss claims (.5); Telecom with P. Avery re Dick Dean's call (.1); Draft and send email to Fred Thompson, requesting a conference call on the economic loss issue and any changes to the settlement agreement (.4). | 1.00 |
| | **TOTAL TIME** | **118.75** |

7

**MALKINSON & HALPERN, P.C.**
ATTORNEYS AT LAW
208 SOUTH LASALLE STREET
SUITE 1750
CHICAGO, IL 60604
www.mhtriallaw.com

SETH R. HALPERN  
JOHN R. MALKINSON

Phone (312) 427-9600  
Fax (312) 750-1912

CARLIE S. MARVEL

March 25, 2011

Description of Legal Services Provided by Aditi R. Patel
re In re Digitek Products Liability Litigation

| Date | Description | Time |
|---|---|---|
| 4/21/09 | Fill in client info for tolling info | .5 |
| 4/21/09 | Review PTO#17 | .33 |
| 4/27/09 | Client Questionnaire, Letter to Client, Call to client, Download and save. | .36 |
| 5/5/09 | Determine proper service of PFS | .25 |
| 5/6/09 | Review PFS | 20 |
| 5/12/09 | Download and review filing | .03 |
| 5/12/09 | Draft PFS | 4 |
| 5/15/09 | Prepare PFS with authorizations | .08 |
| 5/18/09 | Complete PFS, prepare all attachments | .33 |
| 5/19/09 | Download and review filing, PTO # 22 | .03 |
| 5/22/09 | Download and review filing, Certificate of Service | .03 |
| 5/26/09 | Download and review filing, PTO # 4 | .03 |
| 6/2/09 | Download and review filing, Reply by Mylan | .03 |
| 6/4/09 | Download and review filing, Motion to Quash | .03 |
| 6/8/09 | Download and review filing, Order – Docket #135 | .03 |
| 6/9/09 | Download and review and advise filing, Response by Mylan | .33 |
| 6/12/09 | Review records from Recordtrak | 2 |
| 6/15/09 | Download and review filing, Plaintiff's Motion to Seal Response | .03 |
| 6/22/09 | Review reply by Mylan | .33 |
| 7/7/09 | Download and review complaint where economic loss is alleged | .03 |
| 7/9/09 | Download and review filing | .03 |
| 7/16/09 | Take notes of Deposition | 1.75 |
| 7/20/09 | Download and review filing | .03 |
| 7/23/09 | Conference call (take notes) | .33 |
| 7/28/09 | Make complaint editable | .5 |

| Date | Description | Hours |
|---|---|---|
| 7/28/09 | Email Co-counsel re: complaint | .03 |
| 7/29/09 | Research process of filing amended complaint | .25 |
| 8/4/09 | Email memo to JRM re: symptoms of client | .25 |
| 8/5/09 | Finalize complaint for filing | .25 |
| 8/5/09 | Prepare documents for deposition of Plaintiff | .33 |
| 8/19/09 | Correspond with RecordTrak admin | .05 |
| 8/19/09 | Initial review of medical records obtained by Defendants | .33 |
| 9/1/09 | Download and review and advise filing | .25 |
| 9/10/09 | Download and review and advise filing, Brief by Actavis, entry of Lone Pine Order | .33 |
| 9/11/09 | Download and review and advise filing, Response to Lone Pine CMO | .33 |
| 9/14/09 | Download and review and advise filing Motion for Leave to File Response Plaintiff's Objection to Lone Pine Order | .16 |
| 9/18/09 | Download and review and advise filing, Response to Plaintiff's Objection | .16 |
| 9/24/09 | Download and review and advise filing, PTO # 41 | .08 |
| 9/25/09 | Contact Plaintiff's lead counsel re: PTO #39 | .08 |
| 9/25/09 | Download and review and advise filing, Response to Motion for Entry of Lone Pine CMO and Motion to Extend deadlines in PTO #16 | .33 |
| 10/6/09 | Download and review filing, PTO # 43 | .03 |
| 10/8/09 | Download and review and advise filing, Response to Mylan to Motion by Plaintiff to compel discovery | .25 |
| 10/9/09 | Download and review filing, Memo – PTO #16 extension of deadline | .03 |
| 10/14/09 | Download and review and advise filing, Notice to take depositions | .25 |
| 10/22/09 | Download and review and advise filing | .16 |
| 11/17/09 | Research IL law | 1 |
| 11/23/09 | Download and review and advise filing, Notices to take depositions | .08 |
| 11/24/09 | Download and review and advise filing, PTO # 47 | .16 |
| 12/29/09 | Download and review and advise filing, Motion, Docket # 265 | .03 |
| 1/22/10 | Download and review filing, Memo is support of Class certification | .03 |
| 1/26/10 | Download and review and advise filing, PTO # 50 and Motion for Class Certification | .36 |
| 2/25/10 | Download and review filing, Defendants' Response for Class Certification | .03 |
| 3/1/10 | Download and review filing, Order Granting Plaintiff's Motion for Additional time for Reply to Class Certification | .03 |
| 3/2/10 | Redact PFS | .16 |
| 3/3/10 | Email redacted Plaintiff Fact Sheet | .05 |

| | | |
|---|---|---|
| 3/5/10 | Download and review filing, Motion by Actavis to withdraw and Substitute | .03 |
| 3/8/10 | Download and review filing, Order Granting Withdraw and Substitute. | .03 |
| 5/25/10 | Download and review filing, PTO # 60 | .03 |
| 6/8/10 | Download and review filing, Motion to Reconsider | .03 |
| 6/9/10 | Download and review filing, Notice of Docket Correction | .03 |
| 8/26/10 | Review medical records to establish MDI | 2 |
| 9/15/10 | Review settlement claim form requirements discuss with JRM | .75 |
| 1/14/11 | Prepare records for and draft settlement claim form | 1 |
| Total | | 41.08 |

IN RE: DIGITEK ANTITRUST LITIGATION (Wilburn v. Actavis Group HF)
**EXPENSE REPORT**

FIRM NAME: *MALKINSON & HALPERN, P.C.*
REPORTING PERIOD: 5/1/08-9/17/2010

| DESCRIPTION | CUMULATIVE AMOUNT |
|---|---|
| U.S. District Court (NJ Appearance) | $150.00 |
| NJ Lawyer Fund | $226.00 |
| Telephone/Facsimile | $6.95 |
| Travel (Airfare, hotel, transport etc. for MDL hearing) | $1,216.09 |
| FedEx | $26.81 |
| **TOTALS:** | **$1,625.85** |