# EXHIBIT G

# PRIVILEGED & CONFIDENTIAL
# ATTORNEY WORK PRODUCT

## TUCKER ELLIS & WEST LLP
### MEMORANDUM

May 6, 2010

**TO:** File

**FROM:** Matthew P. Moriarty

**RE:** Digitek® - Meeting with PSC Lead Negotiators on 5/5/10

---

The first subject we discussed was whether Fred could deliver a substantial present ~~percent~~ of the participants.

On the issue of a medical panel, we have a fundamental difference.

2

Who should the special master be?

The amount of administrative expenses depends on the (roll) [*role*] of the panel and administrator. The more the lawyers can do, the less those expenses become. The common fund expenses are probably less than a million now, but only involve things like court reporters, transcripts and experts. In 60-90 days that will double. The fund does not include individual lawyer expenses, such as travel. They will increase over the next 60-90 days, but not double.

Fred thinks that the PSC should have substantial discretion in distributing the common fee fund. Class action cases have a typical percentage in relationship to the ultimate settlement, and they would try to stay within those relationship numbers. People have been keeping track of hours. He thinks $5-6 million would probably cover it now. I would need to know more about what the defense lawyers fees have been in order to assess whether that is reasonable.

The Plaintiffs lawyers seemed rather anxious to me to press a deal so that they did not have to incur substantial expenses throughout the summer. My instincts tell me that they realize they have potential vulnerabilities on *Daubert* and would prefer not to have to produce experts' reports at all. From one perspective you might say we are using this to our advantage because they might take a lower figure now. I am not sure how others would look at this. *Maybe keep negotiating and beat up some of their experts, with the serious negotiations occurring in July.*

3

073021.000031\1130077