# EXHIBIT I



**MotleyRice**
ATTORNEYS AT LAW LLC

Fred Thompson III
*Licensed in SC*

South Carolina Office
Direct Dial 843.216.9118
Direct Fax 843.216.9440
fthompson@motleyrice.com

May 11, 2010

**Via Electronic Mail**
Matthew P. Moriarty, Esq.
Richard A. Dean, Esq.
Tucker Ellis and West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115

Re:    *In re Digitek Products Liability Litigation* (MDL Docket No. 1968)

Dear Matt:

I send this to you as counsel for the various Actavis entities who are parties to the litigation which has arisen from the recall of Digitek/ digoxin product for the period 2006 through 2008. This recall involves the recall of drugs from several calendar and fiscal years, which may or may not trigger multiple insurance coverages. In this regard, I act in reliance upon your analysis of available proceeds to address the litigation. I rely upon your representations that these policies are such that defense costs cannibalize the policy amounts. I further rely upon your and Mylan's representations that Actavis owes a contractual, and equitable indemnity to Mylan to resolve claims and that those defense costs, as well as costs of the recall itself, are charged to the policies.

We are now two years post-recall, and well into active discovery of these cases. While many cases are lodged in the federal MDL in West Virginia for discovery, there are nodes of state cases in New Jersey, Pennsylvania, West Virginia, Texas, and California. All of the filed cases and all of the tolled cases in federal court will have to be addressed. This promises to be an expensive summer of labor and out of pocket expense on all fronts—individual case preparation, liability information, including site inspections, privilege and scope of discovery disputes, continuing depositions, as well as disclosure and deposition of the first round of case experts.  And at the end of this exhaustive schedule, we are likely to be left with individual cases to be litigated either in state courts, or on remand, over the issue of whether the digoxin toxicity in the prospective claimants more probably than not is explained by adulterated pills.

While, of course, in the absence of agreement, we will continue down this path of resolution by litigation, it appears that the time is now to address the issue of resolution. If it is able to be accomplished now, this case can be settled by the establishment and funding of a facility to process and evaluate claims that will be within the policy limits available, and we are willing to make a demand within the

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000
f. 843.216.9450

321 South Main St.
Providence, RI 02903
o. 401.457.7700
f. 401.457.7708

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
o. 860.882.1681
f. 860.882.1682

275 Seventh Ave., 2nd Floor
New York, NY 10001
o. 212.577.0040
f. 212.577.0054

320 Chestnut St.
Morgantown, WV 26505
o. 304.413.0456
f. 304.413.0458

www.motleyrice.com

215

May 11, 2010
Page 2 of 2

policy limits to accomplish global resolution. However, the passage of time makes this a closing window, and as expenses rise on the plaintiffs' side, and the policies are cannibalized by defense litigation costs, an eventual resolution will be funded with corporate resources.

We are interested in settlement through a global settlement and have communicated our thoughts on a framework through which that may be accomplished. This opportunity will not present itself again, I'm afraid, and we stand ready to work diligently to make this happen.

With kind personal regards,

Fred Thompson, III, Esq.

FT/mb