# EXHIBIT U

**From:** Moriarty, Matthew
**Sent:** Tuesday, August 03, 2010 12:11 PM
**To:** Thompson, Fred; Carl@facslaw.com
**Cc:** Dean, Richard; Johnson Carter, Meghan
**Subject:** term sheet

CONFIDENTIAL

Gentlemen,

Attached is our redline of the "term sheet" you gave us last week.

Can one of you please call me? We are going to send the Court a letter with some information about where the litigation stands, and things we are concerned about over the next 30 days. You have heard it all before, but we do not want you to be shocked by the fact we are putting it in writing for the Court. And we would like to attach the term sheet, if we can agree on a current version.

Stay well.


Matthew P. Moriarty
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414
Phone: 216-696-2276
Facsimile: 216-592-5009

## SETTLEMENT TERMS

Defendants, Actavis Totowa, LLC, Actavis, Inc., and Actavis Elizabeth, Inc., have agreed to establish a fund of Ten Million Dollars ($10,000,000.00) for the resolution of cases meeting the criteria set forth below. Many of the words and phrases will be defined in the settlement agreement. The parties continue to negotiate the terms and details of every aspect of the agreement.

1.    Entry Criteria. To be available to participate in the fund the Plaintiff must meet all of the below criteria.

   1.   Plaintiff must have a timely filed or tolled case as of June 1, 2010 (does not make sense, as phrased); and

   2.   Participating plaintiff will be required to have proof ~~of use of recalled Digitek~~ by medical records and/or prescription of use of recalled Digitek manufactured during the period of March, 2006 to April, 2008; and

   3.   A medically definable incident (ER visit, doctor's visit, healthcare intervention, etc…); and

   4.   Plaintiff must have one of the following:

      I.   A clinical diagnosis of digoxin toxicity in a contemporaneous medical record at the time of the medically definable incident as described in 3 above; and/or

      II.  An elevated serum digoxin concentration of 2.6 or higher in reasonable proximity to the medically definable incident described in 3 above; and/or

      III. A qualified physician's affidavit supported by contemporaneous medical records attesting to a probable digoxin related illness or injury at the time of the medically definable incident.

2.    In those instances in which an affidavit is submitted without a contemporaneous clinical diagnosis of digoxin toxicity and/or elevated serum digoxin concentration 2.6 or higher, the claim will be submitted to a medical consultant ~~panel~~ for review and be evaluated on an individual basis to confirm the validity of the medical opinion submitted.

3.    The election to participate in the settlement program shall be non-revocable and not subject to any appeal.

## CONSIDERATIONS

1.     Product use and product identification can be established by pharmacy records, doctor records, hospital records or independent tablet verification by the defense.

2.     Serum digoxin concentrations must be drawn in accordance with generally accepted standards and must be drawn no sooner than ~~4~~ 6 hours after the last dose. Post-mortem blood digoxin levels will be independently considered by the medical panel.

3.     Proof of defect.  Any claimant who can submit proof of defective tablets by certified measurements or reliable laboratory testing shall be entitled to enhanced payment.

4 .     Claims participating in the fund established by the defendants will be assigned points to determine the extent of payment.  Claimants who have met the initial criteria shall be assigned a basic point value of 100 points which shall be reduced or augmented by the followings:

Basic Entry Case = 100 points

| ADDITIONS (caused by Digitek related incident) | |
|---|---|
| 1.   Death | + 200 |
| 2.   Extensive Medical Specials | + 10 - 50 |
| 3.   Patient Age  <br>          Under the age of 50 | + 10 |
| 4.   Hospitalization more than 3 days | + 20 |
| 5.   Loss of Consortium/ Minor Children/ Dependants | + 10 - 50 |
| 6.   Lost wages | + 10 - 50 |
| 7.   Proof of Defect | + 100 |
| 8.   Pacemaker (caused by Digitek incident) | + 75 |
| 9.   Asystole (flat line/ no cardiac electrical activity) | + 50 |
| 10.  Mild Arrhythmia or heart block  <br>          Slow heart rate from AV block or sinus  <br>          Slow heart rate from sinus bradycardia  <br>          Premature beats  <br>          Premature ventribular contractions  <br>          Sino atrial node  conduction disturbances  <br>          Atrio-ventricular node  conduction disturbances  <br>          EKG manifestations  <br>          Junctional or ventricular tachycardia | + 50 |
| 11.  Serious Arrhythmia or advanced heart block  <br>          Atrial ectopic arrhythmias  <br>          ventricular ectopic arrhythmias  <br>          Brady arrhythmias  <br>          Tachyarrhythmias  <br>          junctional or ventricular fibrillation | + 100 |

|  |  |
|---|---|
| 12. Special Circumstances | + 10 - 50 |

Additions not to exceed 260 points
excluding cases with proof of defect or death

| DEDUCTIONS (factors that may cause Digoxin toxicity) |  |
|---|---|
| 1. Patient age (Neutral  50 - 60) <br>     60 – 69 <br>     70 – 75 <br>     76 + | <br>-5 <br>-10 <br>-15 |
| 2. Underlying Heart Problems or Disease <br>     Excludes conditions treated with Digitek such as CHF or a-fib <br>     Includes myocardial ischemia, ischemic heart disease, acute coronary syndrome, structural problems etc | -15 |
| 3. Co-morbidities and/or contributing medical history <br>     Examples include diabetes, hypertension, pulmonary or vascular disease, thyroid disease | -10 |
| 4. Impaired Renal Status (pre-existing) | -15 |
| 5. Other acute conditions which may affect Digoxin levels <br>     Includes dehydration, hypomagnesemia, hypercalcemia, hypokalemia | -10 |
| 6. Other medications that may contribute to Digoxin toxicity or increase serum digoxin concentration <br>     (exemplar list attached) <br>     Alprazolam (Xanax) <br>     Amiodarone (Cordarone) <br>     Clarithromycin (Biaxin) <br>     Diphenoxylate (with atropine; Lomotil) <br>     Erythromycin <br>     Indomethacin (Indocin) <br>     Propafenone (Rythmol) <br>     Propantheline (Pro-Banthine) <br>     Quinidine <br>     Rifampin (Rifadin) <br>     Tetracycline <br>     Verapamil (Calan) | -10 |

Minimum base score is 30 points regardless of deductions

Claims of participating claimants shall be submitted to an independent claim facility which shall accumulate the information to establish an evaluation of the claims.  Claims shall be evaluated and assigned the point additions and deductions as set forth above.  The total number of points for qualifying claimants shall determine the percentage of participation for each claimant in relation to the Ten Million Dollar ($10,000,000.00) Fund.

All administrative costs and expenses attendant to the administration of the claims facility shall be born by the defendants, up to a maximum of ▮▮▮▮▮▮▮  It is agreed by the parties that the Plaintiffs' Steering Committee shall have the right to submit to the Court time and expenses expended in the pursuit of this action. ~~and by agreement of the parties,~~ The Defendants have the right to contest any or all of such requests. T~~t~~he Honorable Judge Joseph Goodwin shall award such fees and costs as he deems appropriate, which amount shall be non-appealable by either party.

The defendants reserve the right to withdraw the proposed settlement in the event that less than 85% of the currently filed ~~and tolled~~ cases affirmatively decline to participate in the settlement, and __% of the tolled claims.

Cases filed in state courts will have the option to participate in this agreement and program.