**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

FILED

FEB - 8 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN RE SERZONE PRODUCTS
LIABILITY LITIGATION

MDL NO. 1477

---

## THIRD AMENDED SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into on this 8th day of February 2005 by and among Plaintiffs (as defined below), on behalf of themselves and in their capacity as representatives of the Settlement Class (as defined below), by and through their counsel, and Bristol-Myers Squibb Company (hereinafter "BMS") by and through its counsel (hereinafter "Settlement Agreement").

WHEREAS, BMS began marketing the prescription drug Serzone® in the United States in 1995, and discontinued distribution of Serzone® in the United States and elsewhere on June 14, 2004;

WHEREAS, Plaintiffs allege that they have suffered injury and damages from Serzone® for which BMS is liable to them;

WHEREAS, numerous cases pending against BMS in different Federal Courts across the country were transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of West Virginia before the Honorable Joseph R. Goodwin for consolidated and coordinated proceedings. *IN RE SERZONE PRODUCTS LIABILITY LITIGATION,* 271 F. Supp. 2d 1372 (J.P.M.L. 2002)(MDL No. 1477);

WHEREAS, BMS denies any liability or wrongdoing and further denies that Plaintiffs, or Class Members (as defined below), have any justifiable claim for relief or that it has any liability to Plaintiffs or Class Members, and asserts that it has numerous meritorious affirmative defenses to the claims advanced by Plaintiffs and Class Members;

WHEREAS, no plaintiff alleging claims similar to those raised by Plaintiffs in their Class Action Complaint (attached hereto as Exhibit A) has won a judgment, and no such action has reached trial to date;

WHEREAS, BMS agrees, for the purposes of settlement only, not to assert affirmative defenses, choice of law issues, and individual issues of liability, causation and damage, which BMS maintains would make a class action unmanageable if certified for litigation purposes;

1

percent (100%) of the value assigned to them by the Claims Administrator. In the event that approved Fund B Claims exceed the available monies in Fund B by more than three million dollars ($3,000,000.00), BMS shall have the option in its sole and unreviewable discretion to increase its Fund B payment to pay all approved Fund B Claims at one hundred percent (100%) of the value assigned to them by the Claims Administrator.

8.6 In the event that BMS declines to exercise the option granted in Section 8.5, BMS and Class Counsel shall negotiate in good faith in an attempt to agree on the reduced payment, if any, that approved Fund B Claimants will accept as part of this Settlement or the additional amount, if any, that BMS will pay to Fund B. At the completion of that good faith negotiation, whether successful or not, the Parties will report the results of the negotiation to the Court.

8.7 <u>Back End Opt-Out Right – Fund B</u>: If, pursuant to Section 8.6, the Parties are able to reach agreement on the amounts that BMS will pay to Fund B and that Fund B Claimants will accept, and the Court approves, the Claims Administrator shall notify each approved Fund B Claimant of the revised award as well as any other pertinent information that the Court deems necessary. In the event that the amount to be paid to an approved Fund B Claimant varies by more than five percent (5%) from the amount that the Claimant would otherwise have been entitled, as determined by the Claims Administrator, the Fund B Claimant will then have thirty (30) calendar days after receipt of the notice of the revised award to exercise a Back End Opt-Out Right (filing the same information as if the opt-out were a Front-End Opt-Out Right) and restore their case to active litigation. If the Claimant does not exercise a Back End Opt-Out Right, the Claimant shall receive the revised award in full satisfaction of their claim and shall be treated for all purposes as a Class Member hereunder, and shall be bound by all terms of this Agreement. If the claimant elects to exercise the Back End Opt-Out Right, the revised award designated for that particular approved Fund B Claimant will be promptly transferred to the BMS Product Liability Sub-Account of the Qualified Settlement Fund.

8.8 <u>Back End Termination Right – Fund B</u>: If the Court determines that the Parties are unable to reach agreement as the result of their good faith negotiations pursuant to Section 8.6, or if the Parties reach agreement but the Court does not approve the terms of that agreement, this Settlement Agreement shall be null and void and of no further effect only with respect to Fund B Claimants and Fund B Claims. In that event, all monies remaining in Fund B will be promptly transferred to the BMS Product Liability Sub-Account of the Qualified Settlement Fund.

## 9. PROFESSIONAL SERVICES AND EXPENSES

9.1 As provided in Section 3.11 herein, BMS agrees to pay all reasonable actual notice expenses which may not exceed $950,000.00.

9.2 All other Expenses incurred in administering the Settlement, including without limitation, the fees and expenses of the Escrow Agent and Claims Administrator shall be

paid from the Settlement Funds as provided by this Settlement Agreement and the Escrow Agreement.

9.3 Class Counsel will make an application to the Court pursuant to FED. R. CIV. P. 23(h) for an award of attorneys' fees and expenses. The motion shall be filed no later than the Fairness Hearing Date. Any objections to the motion shall be filed thirty (30) calendar days after the Fairness Hearing, and any response to objections shall be filed ten (10) calendar days thereafter. The attorneys' fees and expenses awarded to Class Counsel by the Court will be paid by BMS with monies not otherwise owed under the terms of this Agreement or with monies, if any, transferred to the BMS Product Liability Sub Account.

9.4 This Settlement Agreement supersedes Pretrial Order No. 5 entered in *IN RE SERZONE PRODUCTS LIABILITY LITIGATION*, (MDL No. 1477), which is of no further force and effect.

9.5 Distribution of attorneys' fees and costs allowed to Class Counsel in accordance with Section 9.3 shall not occur until the order approving this Settlement has become final and non-appealable and all of the dates upon which BMS has any option to Terminate this Settlement Agreement or any portion thereof have passed.

## 10. GENERAL RELEASE

10.1 Upon the Final Judicial Approval Date each and every Plaintiff and Class Member (other than a Class Member who exercises a Front End Opt-Out Right, Back End Opt-Out Right, or has their action restored to litigation following a Back End Termination Right by BMS), shall unconditionally, fully and finally release and discharge forever the Released Parties from the Settled Claims and any liability arising therefrom. The Court shall enter an order fully and finally enjoining further prosecution of all claims released herein, and ordering the dismissal of all state and federal court actions with prejudice.

10.2 Class Members (other than a Class Member who exercises a Front End Opt-Out Right, Back End Opt-Out Right, or has their action restored to litigation following a Back End Termination Right by BMS) agree to dismiss with prejudice any and all other actions they have initiated in connection with the Settled Claims.

10.3 The Parties hereby agree to request that the Court enter an order barring and enjoining, to the fullest extent permitted by applicable law, the commencement and prosecution of any contribution and/or indemnification claim or any other action by or on behalf of any Class Member (other than a Class Member who exercises a Front End Opt-Out Right, Back End Opt-Out Right, or has their action restored to litigation following a Back End Termination Right by BMS) or entity against BMS or any other Released Party for any and all claims, damages and or losses, including, without limitation, claims for reimbursement for payments made or to be made to or on behalf of any such Class Member of Serzone®-related claims, actions or injuries, or for expenses incurred in defending against any such claims, actions or proceedings. The Parties agree that BMS

18