IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  DIGITEK PRODUCT LIABILITY LITIGATION | MDL NO. 1968 |

**THIS DOCUMENT RELATES TO ALL CASES**

**ACTAVIS DEFENDANTS' RESPONSE TO SUPPLEMENTAL DOCUMENTATION ON ATTORNEYS FEES**

The Actavis Defendants make this brief response to the Supplemental Documentation relating to Attorneys Fees (Docket 502).  The Actavis Defendants have previously noted their objection to any award of fees or expenses to the PSC (Docket 478).  It maintains those objections but notes the following technical deficiencies in the Supplemental Documentation.  The recurrent deficiency in these submissions, except for one, is the failure to provide sufficient detail for the Court to determine what work was done on behalf of the PSC for the common cause as opposed to work on  individual cases filed by the various lawyers seeking awards.

The time charges submitted as Exhibit A by the Binstock firm contain absolutely no level of detail as to how it helped advance the cause of the PSC.  In many instances the time charges simply reflect "Litigation Strategy."   Sometimes there is reference to "Document Review." There is no support for the fact that whatever work the firm did actually supported the common good on behalf of the PSC as opposed to state litigations (there is reference to NJ Digitek) or to their own cases.

The Wolf Popper firm submitted a detailed set of time charges attempting to break out work done on behalf of the PSC, the class or work not attributable to either.  Exhibit B.  While they are to be commended for the detailed submission with its breakout, the items they seek to recover on behalf of the PSC are in most cases insufficiently described to be able to substantiate whether work was done on behalf of the PSC.  For example, most of the entries for which they

seek recovery simply have the word "Discovery" or "Court Papers, Research," with the most cursory description of services thereafter.  For example, see Doc. 502-2, page 22 0f 58.  One cannot tell from many of the descriptions what the "discovery" was, what "court papers" were reviewed or prepared and what "research" was done.  As a result, it is impossible to tell whether this work really was work needed to be preformed on behalf of the PSC and whether that work substantially advanced the cause of the PSC.  Doc 502-2, Page 23 of 58 reflects work on "fact sheets" that is classified as "PSC" work when such work would necessarily have been on behalf of firm clients with their own cases.

The Wolf Popper expenses do not establish that the Lexis Nexus charges were for performed for the PSC.

As to the Petition of Ashley Ownby, Exhibit C, there is little substantive description of how his work advanced the common good – as opposed to advancing his own clients interest.  The only specific activities described are reviewing information about the corporate entities and some vague reference to work in regard to motions to dismiss.  Mr. Ownby did not attend any depositions relating to corporate witnesses.  He also seeks to be reimbursed for conversations with reporters.  See March 18, 2009 entry and March 27, 2009 entry.

The Ownby expenses are just a list of random expenses not associated with particular events.

Exhibit D is the submission of Pete Miller.  The Actavis Defendants do not dispute the fact that Mr. Miller did indeed do work on behalf of the PSC, but his submission is so lacking in detail that it does not establish work on behalf of the common good as opposed to work he may have done on behalf of his individual cases.  For example, there are numerous references to meetings with experts and "potential experts" and "researching experts" but there is no delineation as to who the experts were and whether they were for his individual cases – of which

2

he had many – or were for the PSC. Nor is the description "case research" proof of work on behalf of the PSC. There are numerous time charges for "document review" again without any description as to what documents were reviewed or whether that work was for individual cases or not. These time charges are insufficiently detailed to substantiate work on behalf of the PSC as opposed to work on his own cases.

Exhibit E is the Supplemental Application from the Rodanast firm. The first application is for pre-JPMDL expenses and contains only one page of time entries. It is insufficiently detailed to show how value was provided to the PSC. A more detailed set of time entries appears for this firm for August 13, 2008 through November 30, 2010. There are multiple timekeepers whose time is reported here but there is no affidavit explaining who they were or what their respective functions were. Occasionally there are entries which suggest substantive work on behalf of the larger Plaintiff group but in many cases the time charges are insufficient to establish anything other than that lawyers were sending or receiving emails or were talking to other members of the PSC.

Exhibit F is the Supplemental Application from Blizzard, McCarthy & Nabers. While Defendants do not believe that any award of fees is in order for reasons set out in Doc. #478, Defendants note that in this Application sufficient detail is provided to ascertain what work was done on behalf of the PSC. Specific tasks and efforts are identified and the expenses are linked to definable events. All the other fee petitions fail to meet this base line standard.

|  |  |
|---|---|
| | Respectfully submitted, |
| ALLEN GUTHRIE & THOMAS, PLLC | TUCKER ELLIS & WEST LLP |
| Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel:      (304) 345-7250<br>Fax:     (304) 345-9941<br>E-mail:  rabetts@agmtlaw.com | By: s/*Richard A. Dean*<br>    Richard A. Dean (Ohio Bar #0013165),<br>    CO-LEAD COUNSEL<br>    Matthew P. Moriarty (WV Bar # 4571;<br>    Ohio Bar 0028389), CO-LEAD COUNSEL<br>    Kristen L. Mayer (Ohio Bar #0055505)<br>    925 Euclid Avenue, Suite 1150<br>    Cleveland, Ohio  44115-1414<br>    Tel:     (216) 592-5000<br>    Fax:    (216) 592-5009<br>    E-mail: richard.dean@tuckerellis.com<br>              matthew.moriarty@tuckerellis.com<br>              kristen.mayer@tuckerellis.com<br><br>*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC* |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

ALLEN GUTHRIE & THOMAS, PLLC

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:     (304) 345-7250
Fax:     (304) 345-9941
E-mail:  rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP

Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:     (816) 559-2214
Fax:     (816) 421-5547
E-mail:  hkaplan@shb.com
E-mail:  mmcdonough@shb.com

*Attorneys for Mylan, Inc. Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., and UDL Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By: s/*Richard A. Dean*
    Richard A. Dean (Ohio Bar #0013165), CO-LEAD COUNSEL
    Matthew P. Moriarty (WV Bar # 4571; Ohio Bar 0028389), CO-LEAD COUNSEL
    Kristen L. Mayer (Ohio Bar #0055505)
    925 Euclid Avenue, Suite 1150
    Cleveland, Ohio  44115-1414
    Tel:     (216) 592-5000
    Fax:     (216) 592-5009
E-mail: richard.dean@tuckerellis.com
        matthew.moriarty@tuckerellis.com
        kristen.mayer@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*