IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
        LITIGATION

MDL NO. 1968

**THIS DOCUMENT RELATES TO ALL CASES**

## REPLY TO PLAINTIFFS' BRIEF CONCERNING PAROL EVIDENCE SUBMITTED ON BEHALF OF ACTAVIS DEFENDANTS

The PSC have offered nothing reflecting an intent by Defendants to give the PSC an entitlement to fees and expenses; on the contrary, the PSC's argument and parol evidence confirm that there was no agreement as to an entitlement, so the parties agreed to let the law decide the matter.  As shown by Defendants' ample parol evidence, the Settlement Agreement clearly and unambiguously provides a mechanism for the PSC to seek attorneys' fees and expenses, as well as a mechanism for Defendants to object to such a request on any legal or factual grounds.  That mechanism is Rule 23, which defines the scope of the Court's authority to order an award and the criteria the Court must use in doing so.  Though the parties did not discuss the grounds upon which the Defendants' objections might rely, the PSC was aware of the Defendants' intention to contest their request for fees and expenses – in full.  As such, neither law nor fact supports the contention that the parties agreed the PSC were entitled to fees and expenses.

I.  **The Settlement Agreement Is Not Ambiguous As To The PSC's Entitlement.**

Though the parties both advocate that there is no contractual ambiguity, they come to very different conclusions about the meaning of the Settlement Agreement.  That is because the PSC's interpretation of the Settlement Agreement ignores the contingency written into its terms.

Article XI merely permits an application to be filed and objections to be lodged.  It grants no contractual rights.  Neither the word nor the concept of "entitlement" appear in Article XI of the Settlement Agreement.  Nor does the word "shall" appear there.  The PSC apparently **assumes** the existence of entitlement by the fact that they can file an application.  But the suggestion that "entitlement" is included within the ability to "make an application" turns the English language and common understanding of entitlement upside down.  If one submits an application for a license from a federal agency, there is no entitlement to that license.  If one files a Citizen's Petition with the FDA, there is no entitlement to any kind of relief.  A right to "make an application" is just that – a right to use a procedure to **request** the desired relief.  It is not a guarantee that the applicant will **obtain** the requested relief.  See *Apollo Technologies Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1174 n.16 (D. N.J. 1992) (explaining that, despite contract language entitling the plaintiff "to apply to any court of competent jurisdiction to enjoin any violation of this agreement," the "right to 'apply' for an injunction does not entitle [plaintiff] to the 'granting of an injunction.'").  Thus, the terms of the Settlement Agreement contain a contingency that the Court might deny the PSC an award to which they believe they are entitled.  This contingency is especially apparent because the Defendants retained an unlimited right to object.  Indeed, the dichotomy of the terms – the right to apply and the right to object – shows there was not a meeting of the minds on the entitlement issue.  Thus, no agreement to an entitlement is apparent in the terms of the Settlement Agreement, and such a right cannot be assumed.

This construction is consistent with the terms in Article II.  The PSC correctly point out that Defendants assumed financial liabilities for payments to claimants, for an Administrative Fund, and for any attorneys' fees and expenses that **may** be ordered.  Doc. 504, p. 9.  But the

word "may" does not indicate that an award of fees and expenses **will** or **must** be ordered.  It merely reinforces the concept that payment by the Defendants is contingent upon an order by the Court.  No agreement to an entitlement is apparent in the Settlement Agreement.

## II. The Settlement Agreement Did Not Leave An Award Entirely Up To The Court's Discretion.

Consistent with the parties' intent, the Settlement Agreement requires the law to decide the issue of the PSC's entitlement to fees and expenses, despite the agreement to forego any appeals.  The PSC incorrectly suggest that they are entitled to fees and expenses by agreement of the parties because the Court has inherent power to award their fees and expenses.  See Doc. 504, p. 8 (citing *Deming v. Kanawha City Co.*, 832 F.2d 565 (Table), Nos. 87-3716(L), 87-3724, 1988 WL 76202 *1 (4th Cir. Jul. 20, 1988)).  This contention fails for several reasons.

First, the parties did not agree that an award of fees and expenses could rest on the Court's so- called "inherent power."  Rather, they agreed "to use Rule 23 procedure as a guide for submission and for the court to use in its discretion when it review[s] the plaintiffs' fee petition."  Doc. 504, p. 8.  Rule 23(h) provides that a "court may award reasonable attorney's fees and nontaxable costs that are **authorized by law or the parties' agreement.**"  The words "authorized by law or the parties' agreement" are the agreed limits of the Court's authority to make an award.  Rule 23(h) does not provide for an award of attorneys' fees and expenses based on "inherent power" of the Court.  That is clear and unambiguous.  Letting the Court decide an issue based on governing law can hardly be termed "fraudulent inducement."

Furthermore, the PSC's argument that the Court has inherent power to award fees and expenses in this case is unsupported and contradicts precedent regarding the American Rule.  The PSC cite *Deming* for the language of its settlement agreement, which is very similar to the

language in the parties' Settlement Agreement.  *Deming,* 1988 WL 76202 *1 ("Plaintiffs may apply to the Court for award of legal fees and expenses incurred by Plaintiffs in connection with the lawsuit.  The corporate Defendants reserve the right to contest before the Court the entitlement of Plaintiffs to any award of legal fees and/or expenses.").  But the similarities end there.

The District Court in *Deming* did not award fees and expenses based on its interpretation of the settlement agreement.  Rather, it premised its award on an early iteration of the common fund doctrine – the fact that the plaintiffs were entitled to recover attorneys' fees and expenses because they achieved a "substantial benefit."  Put another way, the award of fees and expenses was made by looking at whether there was an underlying entitlement.  The *Deming* court relied on *Mills v. Electric Autolight Company*, 396 U.S. 375 (1970).  That was a stockholder derivative case, as was *Deming*.  The Supreme Court in *Mills* noted that the absence of an express statutory authorization for award of attorneys' fees under Section 14(A) of the Federal Securities Act did not preclude an award of fees in cases "of this type."  See *Mills,* 396 U.S. at 393-394.  And from a reading of the case, it is clear that this language – "of this type" – refers to the fact that this was a shareholder derivative suit where a substantial benefit was conferred on members of an ascertainable class.  *Id.*  Indeed, the *Mills* court pays heed to the American Rule, *id.* at 391, and then notes that "one of [the exceptions to the American Rule] is where a Plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself."  *Id.* at 392.  Thus, *Deming* relied on the common fund doctrine rather than the court's "inherent power" to award attorneys' fees and expenses.

Further, *Deming* is factually distinguishable from this litigation.  The settlement in *Deming* did not provide for the recovery of any damages.  *Deming,* 1988 WL 76202 *1.  In

contrast, this is not a class action, as the PSC concede.  Doc. 504, p. 7.  It is not a shareholder derivative action.  The Settlement Agreement does provide for the recovery of damages and payment to successful claimants.  *Deming* does not support entitlement to an award in this case based on the language in the Settlement Agreement or any "inherent power" of the Court.  As in *Deming* and *Mills*, an award of fees and expenses against Defendants must be "authorized by law" in a recognized exception to the American Rule "or by the parties' agreement."  Here, there is neither an exception or an agreement that entitles the PSC to such an award.

**III.  Parol Evidence Shows That There Was No Agreement On Entitlement.**

    A.  The *Serzone* And *Propulsid* Agreements Are Irrelevant As To Entitlement Here.

    The PSC overemphasizes the import of the *Serzone* and *Propulsid* settlement agreements in the drafting of the attorneys' fees and expenses provisions of the Digitek® Settlement Agreement.  The attorneys' fees and expenses provisions in the *Serzone* and *Propulsid* settlement agreements were identified topically as a provision to include in the Digitek® Settlement Agreement, as were many other provisions.  But at no time were the *Serzone* and *Propulsid* settlement agreements intended to have any role in the interpretation of the Settlement Agreement.  See July 16, 2010 Bryk memorandum, Doc. 503, Ex. S; Bryk Aff., ¶ 5, Doc. 503, Ex. R.  They were merely referenced as examples of settlement structures in other pharmaceutical product liability cases, and the parties selected only those provisions that were of interest to them.  Specifically, the parties analyzed the settlement structures in each of the settlements to formulate the method and procedure for settling individual Digitek® claims, not for resolving the issue of attorneys' fees and expenses.  See Doc. 504, p. 7 ("the only organized way to submit a fee petition to the Court was to use the same procedure in *Serzone* as if the settlement was a class."); Doc. 504, p. 8 ("The *Propulsid* settlement structure was highlighted by

the defendants for its use of a medical panel."); July 16, 2010 Bryk memorandum, Doc. 503, Ex. S.

If anything can be gleaned about the parties' intent from the parol evidence about the *Serzone* settlement agreement, it is that the parties did not agree on entitlement. The *Serzone* attorneys' fees and expenses provision was a guide for the corresponding provision in the Settlement Agreement.  But, unlike the Digitek® litigation, *Serzone* was a class action, in which Rule 23 and the common fund doctrine may have more appropriately applied.  And, as PSC acknowledges, "[t]he PSC understands that they are not class counsel, that the settlement is not a class and that counsel cannot inherently recover based solely on Rule 23 procedure."  Doc. 504, pp. 7-8.  Moreover, the *Serzone* agreement stated, "The attorneys' fees and expenses awarded to Class Counsel by the Court will be paid by BMS with monies not otherwise owed under the terms of this Agreement…"  This provision lacks any implication of contingency and conveys that the parties intended some award to be made, though they might disagree about the amount.  This provision, however, is absent from the terms of the Settlement Agreement, reflecting that the parties did not agree that an award of fees and expenses was a certainty.

    B.  <u>Regardless Of Their Expectation, PSC Knew Of Defendants' Contradictory Intent.</u>

The PSC claim they "had clearly expressed the requirement of payment for the PSC and…that payment would be **expected**" (Doc. 504, p. 9), a claim not reflected in any of Ms. Bryk's detailed notes of the meetings and as to which the PSC offer no contemporaneous written evidence.  Defendants have previously described that the circumstances did not truly permit the PSC to reasonably **expect** payment from Defendants.  See Doc. 503, pp. 3-6.  In any case, a unilateral expectation of payment does not constitute the requisite offer and acceptance to create a binding agreement for a substantive right.  Mr. Moriarty did indeed ask the PSC some

questions about the specifics of their fees and expenses during a process that was intended to be open to a settlement on this issue in the hopes of avoiding a motion. But those questions were not an offer. And by the PSC's own admission, the PSC "did not have an exact estimate of time and expenses," so the questions were never answered and the parties never came to any agreement, be it about amount or entitlement.

The PSC's own admissions reflect Defendants' intent to contest their entitlement to fees and expenses from Defendants. The PSC stated that "the parties were not confused about the terms of the MSA" when they wrote to the Court and said that "Defendants reserve the right to contest the award in its entirety." Doc. 504, p. 4. Additionally, the PSC were admittedly aware that "the defendants wanted to include the possibility that their objections to the amounts would be so thorough and convincing that the Court would decide that the plaintiffs had not earned **any** fees or expenses." Doc. 504, p. 10 (emphasis added). If "the authority of the Court" (improperly used interchangeably to refer to the PSC's entitlement) "to order fees and expenses was NEVER at issue" (*id.*), it is because the parties did not discuss the grounds on which the Defendants might object. Indeed, Defendants did not spell out how they intended to contest a request "in its entirety," and as of August 2010 had not yet even conceived of exactly how they might do so. But Defendants still retained all available legal and factual grounds to object. This was accomplished by striking the words "and by agreement of the parties," proposed by Mr. Thompson in the Settlement Terms sheet, and inserting instead, "The Defendants have the right to contest any or all of such requests." See Settlement Terms sheet, Doc. 503, Ex. U. Nothing in the Settlement Agreement or the parol evidence suggests that Defendants agreed only to object on the issue of reasonableness. The PSC has not offered any evidentiary support for the hair-splitting proposition that it only allowed Defendants "to contest any amounts at issue, not to

7

challenge the Court's authority" (i.e., the PSC's entitlement to fees and expenses).  See *id.*  Thus, the PSC knew that Defendants intended the possibility that they would be awarded nothing because they were, in fact, entitled to nothing.

## IV.  Conclusion

For the foregoing reasons, the Settlement Agreement is not ambiguous, but, should the Court conclude that it is, the parol evidence reflects an intention by the parties that the Court should determine whether or not the PSC is legally entitled to fees and expenses and, if so, how much.  To the extent the Court considers parol evidence, it is not possible to conclude the parties agreed on entitlement to fees.

Respectfully submitted,

ALLEN GUTHRIE & THOMAS, PLLC                    TUCKER ELLIS & WEST LLP

Rebecca A. Betts, LIAISON COUNSEL              By: s/*Richard A. Dean*
500 Lee Street East, Suite 800                     Richard A. Dean (Ohio Bar #0013165),
Charleston, West Virginia 25301                    CO-LEAD COUNSEL
Tel:      (304) 345-7250                            Matthew P. Moriarty (WV Bar # 4571;
Fax:      (304) 345-9941                            Ohio Bar 0028389), CO-LEAD COUNSEL
E-mail:   rabetts@agmtlaw.com                      925 Euclid Avenue, Suite 1150
                                                   Cleveland, Ohio  44115-1414
*Attorney for Defendants*                          Tel:      (216) 592-5000
                                                   Fax:      (216) 592-5009
                                                   E-mail:richard.dean@tuckerellis.com
                                                          matthew.moriarty@tuckerellis.com

                                                   *Attorneys for Defendants Actavis Totowa LLC,*
                                                   *Actavis Inc., and Actavis Elizabeth LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2011, I electronically filed the Reply To Plaintiffs' Brief Concerning Parol Evidence Submitted On Behalf Of Actavis Defendants with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants.  Parties may access this filing through the CM/ECF system.

*s/Richard A. Dean*
*Attorneys for Defendants Actavis Totowa LLC,*
*Actavis Inc., and Actavis Elizabeth LLC*

9

711730