IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

In Re: DIGITEK                                    MDL NO. 1968
         PRODUCTS LIABILITY LITIGATION

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' BRIEF CONCERNING PAROL EVIDENCE**

The Plaintiffs' Steering Committee (hereinafter "PSC") files this brief pursuant to this Court's Order of April 12, 2011, (Docket 497) and in response to the Defendants' *Brief on Parol Evidence of the Parties' Intent as to the PSC's Entitlement to Fees and Expenses on Behalf of the Actavis Defendants* (hereinafter "Defendants' Brief") (Docket 503).

**I.     ARGUMENT:**

   **A.     Procedural History:**

Although the Court is certainly aware of how this case reached its current posture, a brief recitation of the procedural history of this case is helpful to frame the arguments presented herein. Pursuant to Article XI of the MSA, and following the procedures of Rule 23 of the Federal Rules as the parties had agreed, the PSC submitted a petition for fees and expenses incurred in the litigation of this case. On March 15, 2011, the Defendants filed a scathing opposition to the PSC's petition (Docket 478).

In their opposition, the Defendants challenged: 1) whether the parties had contracted for the payment of attorneys' fees and costs by the Defendants; and 2) whether this Court possessed legal authority to award fees and costs. Defendants summarized their argument as follows, "In short, the Petition has no basis in law or contract." (Def's Brief in Opp. to PSC's Application for Fees and Expenses, p. 1.)

Defendants so clouded the issue in their opposition that the Court indicated in its April 12, 2011, Order that it was considering whether Article XI of the MSA was ambiguous, and ordered the parties to file briefs and exhibits discussing parol evidence.  On April 22, 2011, both parties complied.

**B.     Defendants' Brief Supports the PSC's Position:**

Defendants affirmatively represented to this Court that "the [PSC's] Petition has no basis in law or contract." (Def's Brief in Opp. to PSC's Application for Fees and Expenses, p. 1.) However, when faced with the prospect of both parties providing to the Court parol evidence regarding the parties' settlement discussions, the Defendants had no choice but to change their tune and abandon the gamesmanship they attempted to employ in opposing the PSC's petition. Gone from the Defendants' Brief are the hyperbolic statements asserting a lack of basis in law or contract for a fee award to the PSC.  In fact, Defendants now concede, "Defendants left open the possibility that the Court might find in favor of the PSC, which was then armed with the procedure under Rule 23." (Defendants' Brief, p. 1.)

Defendants' concession begs several questions.  First, what could possibly be "left open" if, as Defendants argued in their opposition, there was no legal basis for the Court to make a fee award to the PSC?  Further, what could possibly be "left open" if there was no contractual agreement between the parties that the PSC would be entitled to make a fee petition to the Court, and the Court would be contractually empowered to make an award?  Finally, why would the MSA even reference a fee petition by the PSC, and go so far as to describe, in detail, the procedural vehicle for the petition if there was no expectation by both parties that a petition would be made and the Court would have the final say as to the award?

2

The answer to all of the questions is simple – the parties agreed by contract that the Defendants would pay the PSC's fees and expenses. The Defendants' recitation of what was agreed between the parties is identical to the PSC's. The parties agreed that the PSC was permitted to make a petition to the Court for an award of attorneys' fees and expenses, and that the Defendants could oppose the petition. The parties agreed that the Court would be empowered, by contract, to make whatever award it deemed fit, and that the Court's award would be final with no appeal rights for either party. Defendants have submitted nothing that contradicts the PSC's interpretation of the MSA, and have actually bolstered the PSC's argument to this Court. As such, all that is left is for the Court to proceed in making whatever award it deems fit.

### B. The Parol Evidence Submitted by Defendants Supports the PSC's Position:

One would expect that if the Defendants had believed all along that there was no contract between the parties for the Defendants to pay the PSC's attorneys' fees and expenses, or no legal basis for an award, that the parol evidence they presented to the Court would be full of notes and communications evidencing their belief. Particularly, one would expect that Defendants would, at the very least, have told their client that they believed they had a legal and contractual defense to any petition the PSC would ultimately file. However, the parol evidence Defendants submitted to the Court is completely bereft of any indication that Defendants believed anything other than that they would be obligated to pay whatever award this Court decided to make.

First, the analysis of the American Rule that forms the primary thrust of the Defendants' opposition to the PSC's petition is absent from the Defendants' parol evidence submissions. Absolutely nowhere do the Defendants refer to the American Rule in their memos to the file or their communications with their client. The closest Defendants get to the American Rule

3

argument they presented to this Court is in the self-serving affidavit and notes of Jaclyn Bryk who wrote, "we reserve the right to contest on all legal and factual grounds available." (Defendants' Brief Exhibits R-S.) While that may have been what Ms. Bryk thought, it was never what was contemplated by any of the other attorneys involved in the settlement negotiations, and it was certainly never discussed. (See Aff. of Fred Thompson, III, Exhibit D, Docket 504.) Notably, Mr. Dean's and Mr. Moriarty's affidavits and notes lack what Defendants now cite as the crucial and sole piece of evidence of their alleged rejection of an entitlement of fees and costs to the PSC.[1] (Defendants' Brief, p. 7.)

The lack of any reference to the American Rule in the Defendants' contemporaneously prepared notes and memos exposes their American Rule argument for what it really is – an eleventh hour attempt to oppose the PSC's petition with a spurious argument. The Defendants conceived their American Rule argument after the PSC's petition was filed, and then attempted to justify it by torturing the language of the MSA.

The documents submitted by the Defendants clearly demonstrate that the Defendants anticipated paying the PSC's fees and costs in an amount determined by the Court. In a May 6, 2010, memorandum to Defendants' file, Mr. Moriarty memorialized his discussions regarding attorneys' fees and costs with Fred Thompson, III, and stated, "People have been keeping track of hours. He[2] thinks $5-6 million would probably cover it now. I would need to know more about what the defense lawyers fees have been in order to assess whether that is reasonable."[3] (Defendants' Brief Exhibit G.) Nowhere in the memorandum does Mr. Moriarty indicate that the

---

[1] Mr. Dean and Mr. Moriarty acted as Defendants' lead negotiators. By Defendants' own admission, Ms. Bryk was present because she was to assist in drafting the MSA, not to negotiate the agreement. (Defendants' Brief, Exhibit R.)

[2] Fred Thompson, III

[3] According to Defendants' opposition to the PSC's fee petition, they have expended over $30 million in defense costs. (Opposition, p. 16 Docket 478.)

PSC would have no legal or contractual entitlement to an award of fees and costs, or that he even intended to make such an argument.

Likewise, in a July 7, 2010, e-mail to the client, Mr. Dean writes, "Matt and I have told them we will let Judge Goodwin decide what they should get in fees." If the MSA did not create a contractual right for the PSC to obtain fees from the Defendants, and this Court was not empowered to make an award, there would be nothing for the Court to decide. Had the agreement been what Defendants asserted it was in their opposition to the PSC's petition, one would expect that Mr. Dean would have conveyed to the client that he intended to assert the contractual and legal defenses that were ultimately argued. Even more noteworthy is the fact that Mr. Dean stated that the Court would decide "what" the PSC would receive, not "if" the PSC would receive anything.

In a follow up to the July 7, 2010, e-mail, Mr. Dean responds to an inquiry from his client contact regarding whether fees and costs had been discussed. Mr. Dean replied, "just reiterated basic position we had taken in prior discussion- we were making no offer on those, Judge would decide but left open door to negotiated solution during that proceeding as possibility[.]" Defendants now admit that the parties contemplated that the issue of the PSC's fees and expenses might be settled. (Defendants' Brief, p. 6.) However, if the PSC had no legal or contractual claim to attorneys' fees and costs there would be nothing left to negotiate after the resolution of the underlying claims of the Plaintiffs.

Moreover, it is simply unbelievable that Mr. Dean, or indeed any attorney, would fail to take an opportunity to tell his client good news. Defendants attempted to argue to this Court that they succeeded in getting the PSC to enter into an agreement that prevented a fee and cost award on contractual and legal grounds. Yet in neither of his communications does Mr. Dean tell his

5

client the great news. With their "gotcha" tactics exposed Defendants have been forced to reverse their position.

## III.   CONCLUSION:

The briefs and documents submitted by **both** parties demonstrate unequivocally that the parties agreed the Defendants would pay the PSC's fees and expenses. There is absolutely no legal or factual impediment to this Court performing the task that the parties agreed it would perform. All that is left is for the Court to determine what award it deems appropriate in light of the facts and circumstances of the settlement.

On Behalf of the Plaintiffs' Steering Committee

/s/Carl N. Frankovitch Esq._____
Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

In Re: DIGITEK                                      MDL NO. 1968
     PRODUCTS LIABILITY LITIGATION

**CERTIFICATE OF SERVICE**

I, Carl N. Frankovitch, hereby certify that on April 29, 2011, I electronically filed the foregoing *Plaintiffs' Response Brief Concerning Parol Evidence* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

                                            /s/Carl N. Frankovitch Esq.
                                            Carl N. Frankovitch, Esq.
                                            Frankovitch, Anetakis, Colantonio & Simon
                                            337 Penco Road
                                            Weirton, WV 26062
                                            ***Co- Lead Counsel***