IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
    PRODUCTS LIABILITY LITIGATION      MDL NO. 1968

_____

REPLY OF WOLF POPPER LLP TO ACTAVIS DEFENDANTS' RESPONSE TO
SUPPLEMENTAL DOCUMENTATION ON
ATTORNEYS' FEES

    Wolf Popper LLP ("Wolf Popper" or the "Firm") respectfully submits this reply to the Activis Defendant's response to the Firm's Supplemental Documentation on Attorneys' Fees ("Response").

    In accordance with this Court's Order dated April 15, 2011, Wolf Popper provided detailed, itemized time and expense statements in support of the Firm's fee and expense application. Regrettably, the Activis Defendants' Response misdescribes the time records that were submitted. For example, the Response criticizes the detailed entries, saying they "simply have the word 'Discovery' or 'Court Papers, Research.'" Examination of the actual time records submitted indicates that those words (and accompanying numerical codes) are on lines separate from the description of the work performed. Those words are merely the printout of the computer program categories into which the actual time entries are coded, they are <u>not</u> the description of the actual work performed, which is provided in detail, listing the documents on which the identified person worked and, if research was performed, what the research was on.

    Further, although the time submission was 47 pages long, listing almost 800 separate time

entries, the Response only specifically challenges a few entries on one page, misleadingly asserting that "on Doc 502-2, Page 23 of 58 reflects work on 'fact sheets' that is classified as 'PSC' work when such work would necessarily have been on behalf of firm clients with their own cases." The actual time entries on that page contradict Defendants' arguments. They read as follows:

(a) 4/27/09 "PSC (committee) conference call (apx 48 minutes); work on client fact sheets; review portions of MTDs [motions to dismiss]" Of the 1.4 hours billed for that day, only 1 hour was billed to PSC, not the entire time and **not** the time spent on the plaintiff fact sheets.

(b) 4/28/09 "work on PFS; memos to EM re clients; memos from Meghan Carter re MTDs." Of the 0.3 hour billed for that day, only 0.1 hour (i.e., 6 minutes) was allocated to the PSC, and that did **not** include the time spent on the fact sheets.

(c) 4/29/09 "attn to plaintiff fact sheets; memos from/to LLL re PFS; MTDs, etc." Of the 1.2 hours billed for that day, only 0.2 hours was allocated to the PSC, and that did **not** include the time spent on the fact sheets.

Thus, Defendants' argument that work on individual plaintiff "fact sheets" was misclassified as PSC work is in error.

Similarly, Defendants' vague challenge to the submission of expenses merely asserts that they "do not establish that the Lexis Nexus [sic] charges were for [sic] performed for the PSC." As is noted on the expenses, LexisNexis expenses prior to the creation of the PSC were "excluded." The other expenses all related to work performed at the request of or under the direction of the PSC (allocated on the expense chart between non-class and class services). Since Defendants did not engage in the motion practice in our individual case that it did in other individual cases, there would

have been no LexisNexis expenses that would have related thereto. Thus, Defendants' argument is without merit.

We respectfully submit that Wolf Popper's fee and expense submission should be granted in its entirety.

Dated: May 3, 2011

                                          Respectfully submitted,

                                          /s/ Lester L. Levy
                                          Lester L. Levy
                                          Patricia I. Avery
                                          Wolf Popper LLP
                                          845 Third Avenue
                                          New York, NY 10022
                                          (212) 759-4600

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

In Re: DIGITEK                                                    MDL NO. 1968
      PRODUCTS LIABILITY LITIGATION

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to this Court for purposes of this action and that on May 3, 2011, I electronically filed the foregoing **REPLY OF WOLF POPPER LLP TO ACTAVIS DEFENDANTS' RESPONSE TO SUPPLEMENTAL DOCUMENTATION ON ATTORNEYS' FEES** with the Clerk of the Court and on counsel of record by electronic means, by causing the document to be uploaded onto the CM/ECF system for the United States District Court, Southern District of West Virginia, which will send notification of such filing to CM/ECF participants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 3, 2010, at New York, New York.

                                                                      /s/ Patricia I. Avery
                                                                          Patricia I. Avery