IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

```
---------------------------------------------------- :
                                                     :
IN RE: DIGITEK                                       :
        PRODUCTS LIABILITY LITIGATION :
                                                     :
                                                     :      MDL NO.  1968
---------------------------------------------------- :
```

### RODANAST, P.C.'S RESPONSE TO ACTAVIS DEFENDANTS' BRIEF REGARDING SUPPLEMENTAL DOCUMENTATION SUBMITTED FOR ATTORNEYS FEES

RodaNast, P.C. respectfully responds to the Actavis Defendants' objection to the supplemental fee documentation provided by this firm.

Contrary to Defendants' assertion, Dianne M. Nast did submit an affidavit and firm biography that explained which attorneys participated in the work projects assigned to the firm.  Ms. Nast's affidavit and the firm biography are attached as Exhibit 1.

At the request of the Defendants and this Honorable Court, Ms. Nast timely submitted the firm's time and expense reports after the initial filing. The documentation submitted shows that the work this firm undertook and completed was beneficial to the common benefit effort.  A brief summary of the work performed, which is more specifically described in Ms. Nast's affidavit and the firm's time records, follows.

Prior to MDL transfer, RodaNast, P.C. personnel spent 5.9 hours, including participation by Ms. Nast and Senior Attorney Daniel N. Gallucci,

in meetings and conference calls concerning the ongoing conduct of the case. Other participants in the meetings and calls included, Carl Frankovich, Teresa Toriseva and Fred Thompson.

After transfer, Mr. Gallucci, who was appointed by the Honorable Joseph R. Goodwin to the Plaintiffs' Steering Committee, attended additional Plaintiffs' case planning meetings and status conferences before the Court.

Additionally, Mr. Gallucci and the firm willingly and professionally undertook briefing and other written projects that were assigned and approved by the Plaintiffs' Steering Committee. By way of example, the firm participated in the preparation of the response to Defendants' Rule 12 motions; Plaintiffs' response to Defendants' Motion to Dismiss Counts Five and Eighteen of the Master Complaint; the Master Complaint and Complaint by Adoption; a protocol for the inspection and testing of the recalled pills; and the Digitek Tolling Agreement. This work is specifically documented in the firm's contemporaneously maintained daily time records.

The firm's attorneys also worked on assigned discovery projects, including the preparation of the Protective Order; interrogatories and requests for production of documents; Preservation Order; Plaintiffs' Fact Sheet; the response to Defendants' Lone Pine Motion; and the Brief in Opposition to Rule 11 Sanctions. Additionally, Senior Attorney Jennifer S. Snyder completed research regarding notice to class members. Again, this work is specifically documented in the firm's time records.

Based on the foregoing information, it is respectfully submitted that RodaNast, P.C. provided sufficient detail for the Court to determine that the careful work undertaken by this firm was for the common benefit of all Plaintiffs in this MDL.

Dated:   May 6, 2011                    _/s/: Dianne M. Nast_

Dianne M.  Nast
Daniel N. Gallucci
Joanne E. Matusko
RodaNast, P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Telephone: (717)892-3000
Facsimile: (717) 892-1200
dnast@rodanast.com