IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

### PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF THEIR EX PARTE APPLICATION TO ENLARGE THE TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERTS (MDL Pacer Docket Nos: 522-529).

*Federal Rule of Civil Procedure* 6(b)(1)(A) permits the Court to enlarge the amount of time a party has to respond to a motion upon a showing of good cause. Extensions of time should be liberally granted absent a showing of bad faith on the part of the movant or undue prejudice to the other parties to the action. *U.S. v. Miller Bros. Const. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974).

Good cause exists because the Motions are both legally and factually intensive and Plaintiffs' attorneys need more time to review the cited documents, review and locate supporting documents, and draft affidavits and a response. (Kilpatrick Decl. ¶ 2.) Defendants' Motions reference thousands of pages[1] from a database of roughly one-million pages along with references to numerous deposition transcripts and expert reports. Not only must Plaintiffs review all this information but they must pore through tens of thousands of disorganized records produced by Defendants[2], discovery responses, and deposition transcripts of many other

---

[1] See e.g. the 72 exhibits Defendants' submitted as PACER Docket Nos. 523.1 through 522.72 consisting of thousands of pages of documents.

[2] The records produced by Defendants are not logically organized and there is no easy way to find relevant documents. For example, Defendants fault Plaintiffs experts for not reviewing all of the batch records of 152 batches of Digitek, but the batch records are not sequentially numbered even for a single batch, much less each batch and it is and will be a Herculean task to locate documents need to oppose Defendants' Motions.

witnesses and defense experts to assemble the facts needed to rebut the Defendants' allegations and prove that a genuine factual dispute does exist between the parties and that trial is warranted. Moreover, there is certainly no bad faith on the part of the movants and no prejudice to the Defendants since a trial date has not even been set. Plaintiffs just want a fair opportunity to oppose these Motions and enlarging the time by 2 weeks is reasonable.

Plaintiffs notified Defense counsel of this request and inquired if he would support, or at least not oppose, the request. (Kilpatrick Decl. ¶ 3.) At first, Defense counsel was unwilling to discuss it, but two days later sent an e-mail stating he would not object to a 1-week extension of time provided that it did not "shatter" the existing schedule. (Exh. 1.) If one week is acceptable, and two weeks would shatter the Court's schedule, Plaintiffs do not understand why. The requested time extension is eminently reasonable and warranted given (a) that Defendants have taken significantly longer than 2 weeks to prepare the motions (Exh. 1) and (b) Plaintiffs have been hit with multiple case dispositive motions all at once, and all of them will require an extensive amount of time to research and oppose. (Kilpatrick Decl. ¶ 2.)

Based on the foregoing, Plaintiffs request that the Court enlarge the time for Plaintiffs to file their Opposition to each of the following Motions:

(1) Docket No. 522 – Defendants' Background of Key Information;

(2) Docket Nos. 523-524: Defendants' Motion for Summary Judgment;

(3) Docket Nos. 525-526: Defendants' Motion to Exclude All General Liability Experts;

(4) Docket Nos. 527: Defendants' Motion to Exclude Hearsay

(5) Docket Nos. 528-529: Defendants' Companion Motion for Summary Judgment and to Exclude All General Liability Experts.

Similar Ex Parte Applications have been or will be filed in two of the remaining MDL cases seeking an extension of time for the case specific motions filed in those matters. (*McCornack v. Actavis,* Case No. 09-cv-0671 and *Vega v. Actavis,* Case No. 09-cv-0768.)

Under the current schedule, Plaintiffs Oppositions to all of the Motions are due August 17, 2011. Plaintiffs request that their time to respond be extended to Friday September 2, 2011, which will give them a total of 30 days to respond to these motions. Plaintiffs are flexible on the deadline the Court wishes to set for the Defendants' Reply Briefs and the time to hear the motions. Plaintiffs' only request is that the Court set the parameters of a hearing date and then permit the parties to meet and confer to propose a mutually acceptable hearing date. Currently, Reply Briefs are due September 1, 2011[3] and the hearing is scheduled for September 14-15, 2011.

Dated: August 5, 2011

On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson, III Esq.
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*

---

[3] Oddly, under the current schedule, Plaintiffs were given just 14 days to respond to the Motions and Defendants were given 15 days to file their Replies.