IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
LITIGATION                                                      MDL NO. 1968

---

THIS DOCUMENT RELATES TO ALL CASES

### THE ACTAVIS DEFENDANTS' RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO SUMMARY JUDGMENT MOTIONS AND MOTIONS TO EXCLUDE EXPERTS

I.    **INTRODUCTION**

Plaintiffs' request for two additional weeks to respond to motions filed on August 3 impinges upon the *Daubert* hearing date ·that is currently scheduled for September 14 and 15. The Actavis Defendants have confirmed the availability of key witnesses to attend the hearing in the event it is necessary to call them.  If the Court, from its preliminary review of the papers on file, feels there is no longer any reason for a hearing, the Actavis Defendants would have no objection to the Court granting a two week extension.  However, to the extent the September 14-15, 2011 hearing dates remain in place, Defendants believe that only a one week extension is appropriate.

II.    **PROCEDURAL BACKGROUND**

The *Daubert* hearing is set for September 14-15, 2011.  This date was ordered by PTO #70 on November 19, 2010.  It was also agreed to by Plaintiffs' counsel in the *McCornack* case when a special order was entered in that case on November 30, 2010.  (*McCornack* #58). Plaintiffs in *McCornack* filed a motion to extend the discovery schedule (#79) which would have pushed back the *Daubert* hearing and this motion was denied by the Court.  (*McCornack* #116).

They also filed a motion to vacate the *Daubert* hearing date (*McCornack* #109) which was also denied (*McCornack* #117).

### III.   ARGUMENT

Plaintiffs have not shown good cause for their request.  The first reason advanced is that they would have to work hard.  That is what lawyers are expected to do.  The basic thrust of Defendants' motions relate to the lack of sufficient expert testimony from Plaintiffs' general liability expert witnesses.  But those depositions were taken long ago.  They were started in the summer of 2010 and completed by January 2011.  The result of those depositions is why the PSC helped negotiate a large scale settlement.  The lawyers who opted out of that settlement had months to figure out how to "deal" with the problems created by this testimony.  This latest request is created by a lack of diligence.  See this Court's Order in *McCornack* #116, p. 8 noting that this case is riddled with a lack of diligence.  The case specific motions are also based on depositions completed some time ago.

The second reason advanced is that the documents are "disorganized."  That claim has never been raised before.  The documents themselves are searchable and the PSC has had 95% of them since December 2009 and 100% of them since March 2010.  There has been more than enough time to organize them to their liking.  This is another problem of Plaintiffs' own making.  As this Court noted in denying Plaintiffs' request to amend the scheduling Order – "These Plaintiffs have not provided cause much less good cause to either modify the discovery schedule or delay the dates for expert discovery and the briefing and hearings of the *Daubert* and dispositive motions." (*McCornack* #116, p. 8.)  The second excuse is more of the same.

IV.     **SOLUTIONS**

Currently there is a *Daubert* hearing scheduled for September 14-15, 2011. A one week extension giving the Plaintiffs three weeks to file their briefs would make their briefs due on August 24, 2011 and Defendants' reply on September 7, 2011 which would give the Court a week to read all the briefs before the *Daubert* hearing. Since such an extension did not impact the *Daubert* hearing date, Defendants were agreeable to it. A four week extension would make Plaintiffs' briefs due on August 31, 2011. If the Court were to grant such a request, the Defendants would commit to having their reply briefs on file by noon on September 12, 2011 which would give the Court a day and a half to review the briefs before the *Daubert* hearing commenced.

If the Court, from its preliminary review of the briefs already on file, no longer thinks a *Daubert* hearing is necessary, Plaintiffs could file their briefs on August 31, 2011 and Defendants' replies could be filed two weeks later. But if a *Daubert* hearing is to be held as scheduled, Defendants believe that only a one week extension is in order.

Respectfully submitted,

TUCKER ELLIS & WEST LLP

By: _____
Richard A. Dean (Ohio Bar #0013165),
CO-LEAD COUNSEL
Matthew P. Moriarty (WV Bar # 4571;
Ohio Bar 0028389), CO-LEAD COUNSEL
925 Euclid Avenue, Suite 1150
Cleveland, Ohio  44115-1414
Tel:     (216) 592-5000
Fax:     (216) 592-5009
E-mail:richard.dean@tuckerellis.com
            matthew.moriarty@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC,*
*Actavis Inc., and Actavis Elizabeth LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, a copy of the foregoing **THE ACTAVIS DEFENDANTS' RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO SUMMARY JUDGMENT MOTIONS AND MOTIONS AND MOTIONS TO EXCLUDE EXPERTS** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

GUTHRIE & THOMAS, PLLC

Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:       (304) 345-7250
Fax:       (304) 345-9941
E-mail:   rabetts@agmtlaw.com

*Attorney for Defendants*

TUCKER ELLIS & WEST LLP

By: _____
     Richard A. Dean (Ohio Bar #0013165),
     CO-LEAD COUNSEL
     Matthew P. Moriarty (WV Bar # 4571;
     Ohio Bar 0028389), CO-LEAD COUNSEL
     925 Euclid Avenue, Suite 1150
     Cleveland, Ohio  44115-1414
     Tel:    (216) 592-5000
     Fax:    (216) 592-5009
E-mail:richard.dean@tuckerellis.com
          matthew.moriarty@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC,
Actavis Inc., and Actavis Elizabeth LLC*

4