IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
           LITIGATION                                                                          MDL NO. 1968

---

THS DOCUMENT RELATES ONLY TO:

---

Scottie Vega, individually and as next friend of         MDL No. 2:09-cv-0768
Christopher Vega, a Minor and surviving natural
child of Mimi Rivera-Vega, Deceased

   Plaintiff,

v.

Actavis Totowa, LLC, et al,

### DECLARATION OF CYNDI M. RUSNAK
### IN SUPORT OF PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE
### THE TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY
### JUDGMENT AND MOTIONS TO EXCLUDE EXPERTS
(Pacer Docket Nos. 522-529 - *In re Digitek*, 08-md-1968
and Pacer Docket Nos. 55-56 - *In re Vega v. Actavis* 09-cv-0768)

I, **CYNDI M. RUSNAK,** declare:

1. I am an attorney licensed to practice law in the State of Texas, and employed by the law firm of Williamson and Rusnak, counsel for Plaintiff, Scottie Vega, individually and as next friend of Christopher Vega, a Minor and surviving natural child of Mimi Rivera-Vega, Deceased, in the above captioned action and related proceedings in MDL No. 1968. I submit this declaration in support of Plaintiff's Ex Parte Application to Enlarge the Time to Respond to Defendants' Motions (Pacer Docket Nos. 522-529 - *In re Digitek,* 08-md-1968 and Pacer Docket Nos. 55-56 - *In re Vega v. Actavis* 09-cv-0768).

2. I have reviewed all of the pending Motions filed by Defendants in both the MDL proceeding (*In re Digitek*, 08-md-1968) and my client's individual case *(Vega v. Actavis*, 09-cv-0768). In my opinion, and based on my 13 years of experience drafting and responding to motions, the Motions filed by Defendants are legally and factually intensive and I anticipate that significantly more time than 2 weeks will be required to review the cited documents, review and locate supporting documents, and draft affidavits and a response. Defendants' Motions reference thousands of pages[1] from a database of roughly one-million pages along with references to numerous deposition transcripts and expert reports. In addition to these records, I anticipate having to pore through tens of thousands of disorganized records produced by Defendants[2], discovery responses, and deposition transcripts of many other witnesses and defense experts to collect the facts needed to rebut the Defendants' allegations and prove that a genuine factual dispute does not exist between the parties and that trial is warranted. Because the only two active cases at this point are the *Vega* and *McCornack* cases, I anticipate that most if not all of the work will be performed by the attorneys from this office and the Law Offices of Ernst Law Group.

3. Terry Kilpatrick and his co-counsel, Don Ernst, of the Law Offices of Ernst Law Group, contacted defense attorney Matthew Moriarty on Monday, August 1, 2011, after receiving his clients' "General Background Statement" and attached documents. Mr. Moriarty stated he was unwilling to discuss any request for a Joint Stipulation to Enlarge Time until after he had filed his

---

[1] See e.g. the 72 exhibits Defendants' submitted as PACER Docket Nos. 523.1 through 522.72 consisting of thousands of pages of documents.

[2] The records produced by Defendants are not logically organized and there is no easy way to find relevant documents. For example, Defendants fault Plaintiff's experts for not reviewing all of the batch records of 152 batches of Digitek, but the batch records are not sequentially numbered even for a single batch, much less each batch and it is and will be a Herculean task to locate documents needed to oppose defendants' Motions.

motions. Two days later, Terry Kilpatrick received the e-mail which is attached to Plaintiff's Ex Parte Application as Exhibit 1.

4. A similar ex parte application was filed in *In re Digitek,* 08-md-1968 (See Pacer Docket No. 532).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on August 9, 2011, in Houston, Texas.

Dated: August 9, 2011.

Respectfully submitted,

**WILLIAMSON & RUSNAK**

   /s/ *Cyndi M. Rusnak*
JIMMY WILLIAMSON
SBN: 21624100
MICHAEL W. KERENSKY
SBN: 11331500
CYNDI M. RUSNAK
SBN: 24007964
4310 Yoakum Boulevard
Houston, Texas 77006
713/223-3330
713/223-0001 Facsimile
**Attorneys for Scottie Vega, Individually and As Next Friend of Christopher Vega, A Minor and Surviving Natural Child of Mimi Rivera-Vega, Deceased.**