IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK PRODUCT LIABILITY
LITIGATION

MDL NO. 1968

THS DOCUMENT RELATES ONLY TO:

Scottie Vega, individually and as next friend of
Christopher Vega, a Minor and surviving natural
child of Mimi Rivera-Vega, Deceased

MDL No. 2:09-cv-0768

    Plaintiff,

v.

Actavis Totowa, LLC, et al,

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF THEIR
EX PARTE APPLICATION TO ENLARGE THE TIME TO RESPOND TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND MOTIONS TO EXCLUDE EXPERTS**
(Pacer Docket Nos. 522-529 - *In re Digitek,* 08-md-1968
and Pacer Docket Nos. 55-56 - *In re Vega v. Actavis* 09-cv-0768)

    This Motion is being filed separately, but in conjunction with, Plaintiff's Ex Parte Application to Enlarge Time in the related MDL proceeding (*In re Digitek,* 08-0md-1968, Pacer Docket No. 532). Since it is anticipated that the attorneys from the two law firms that have active cases remaining and will be affected by this Motion will be doing most or all of the work on all of the Motions, and since all of the Motions are interrelated, Plaintiffs are seeking to have the deadline for all Motions enlarged to September 8, 2011.

    *Federal Rule of Civil Procedure* 6(b)(1)(A) permits the Court to enlarge the amount of time a party has to respond to a motion upon a showing of good cause. Extensions of time should be

liberally granted absent a showing of ad faith on the part of the movant or undue prejudice to the other parties to the action. *U.S. v. Miller bros. Const. Co.,* 505 F.2d 1031, 1035 (10th Cir. 1974).

Good cause exists because the Motions are both legally and factually intensive and Plaintiff's attorneys need more time to review the cited documents, review and locate supporting documents, and draft affidavits and a response (See Rusnak Declaration ¶ 2). Defendants' Motions reference thousands of pages[1] from a database of roughly one-million pages along with references to numerous deposition transcripts and expert reports. Not only must Plaintiff review all this information, but they must pore through tens of thousands of disorganized records produced by Defendants,[2] discovery responses, and deposition transcripts of many other witnesses and defense experts to assemble the facts needed to rebut the Defendants' allegations and prove that a genuine factual dispute does exist between the parties and that trial is warranted. Moreover, there is certainly no bad faith on the part of the movants and no prejudice to the Defendants since a trial date has not even been set. Plaintiff just wants a fair opportunity to oppose these Motions and enlarging the time by two weeks is reasonable.

Plaintiffs' counsel for *McCornack* (2:09-cv-00671) notified Defense counsel of this requet and inquired if he would support, or at least not oppose, the request (See Rusnak Declaration ¶ 3). At first, Defense counsel was unwilling to discuss it, but two days later sent an e-mail to Terry Kilpatrick and Don A. Ernst of the Ernst Law Group and on which my co-counsel, Mike Kerensky,

---

[1] See e.g. the e.g. the 72 exhibits Defendants' submitted as PACER Docket Nos. 523.1 through 522.72 consisting of thousands of pages of documents.

[2] The records produced by Defendants are not logically organized and there is no easy way to find relevant documents. For example, Defendants fault Plaintiff's experts for not reviewing all of the batch records of 152 batches of Digitek, but the batch records are not sequentially numbered even for a single batch, much less each batch and it is and will be a Herculean task to locate documents needed to oppose defendants' Motions.

was copied, stating that he would not object to a one week extension of time provided that it did not "shatter" the existing schedule (See Rusnak Declaration - Exhibit "1"). If one week is acceptable, and two weeks would shatter the Court's schedule, Plaintiff does not understand why. The requested time extension is eminently reasonable and warranted given (a) that Defendants have taken significantly longer than two weeks to prepare the motions (See Rusnak Declaration - Exhibit "1") and (b) Plaintiff has been hit with multiple case dispositive motions all at once, and all of them will require an extensive amount of time to research and oppose (See Rusnak Declaration ¶ 2).

Based on the foregoing, Plaintiff requests that the Court enlarge the time for Plaintiff to file his Opposition to Defendants' Motions for Summary Judgment and Motions to Exclude Experts (Pacer Docket Nos. 522-529 - *In re Digitek*, 08-md-1968 and Pacer Docket Nos. 55-56 - *In re Vega v. Actavis* 09-cv-0768).

Under the current schedule, Plaintiff's Oppositions to these Motions are due August 17, 2011. Plaintiff requests that his time to respond be extended to Thursday, September 8, 2011, which will give him a total of 30 days to respond to these motions. Plaintiff is flexible on the deadline the Court wishes to set for the Defendants' Reply Briefs and the time to hear the motions. Plaintiff's only request is that the Court set the parameters of a hearing date and then permit the parties to meet and confer to propose a mutually acceptable hearing date. Currently, Reply Briefs are due September 1, 2011[3] and the hearing is scheduled for September 14-15, 2011.

Dated: August 9, 2011.

---

[3] Oddly, under the current schedule, Plaintiffs were given just 14 days to resond to the Motions and Defendants were given 15 days to file their Replies.

Respectfully submitted,

**WILLIAMSON & RUSNAK**

/s/ Cyndi M. Rusnak
JIMMY WILLIAMSON
SBN: 21624100
MICHAEL W. KERENSKY
SBN: 11331500
CYNDI M. RUSNAK
SBN: 24007964
4310 Yoakum Boulevard
Houston, Texas 77006
713/223-3330
713/223-0001 Facsimile
**Attorneys for Scottie Vega, Individually and
As Next Friend of Christopher Vega,
A Minor and Surviving Natural Child of
Mimi Rivera-Vega, Deceased.**

## CERTIFICATE OF SERVICE

I hereby certify that on the ___9th___ day of August, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Matthew P. Moriarty, Co-Lead Counsel
Richard A. Dean, Co-Lead Counsel
TUCKER ELLIS & WEST LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
*Attorneys for Defendants Actavis Inc.,
Actavis Elizabeth LLC, and Actavis Totowa LLC*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, Co-Lead Counsel
Madeleine M. McDonough, Co-Lead Counsel
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
*Attorneys for Mylan Pharmaceuticals Inc.,
Mylan Bertek Pharmaceuticals Inc., and UDL
Laboratories, Inc.*

Hunter Ahern
SHOOK, HARDY & BACON LLP
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2992
*Attorneys for Mylan Pharmaceuticals Inc.,
Mylan Bertek Pharmaceuticals Inc., and UDL
Laboratories, Inc.*

Fred Thompson, III               *Via Email (fthompson@motleyrice.com)*
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Plaintiffs' Co-Lead Counsel*

                                                  /s/ Cyndi M. Rusnak
                                                  Cyndi M. Rusnak