UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK PRODUCT
      LIABILITY LITIGATION

MDL Case No 1968

**THIS DOCUMENT RELATES TO ALL CASES:**

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNRELIABLE HEARSAY

### I.  INTRODUCTION

Defendant understandably seeks to exclude direct evidence of a double thickness tablet. The evidence at issue is an e-mail sent on April 30, 2008 from a nursing home staff member who reported the observation of a double thick tablet. Defendant's motion argues that under the *Daubert* standard this e-mail does not "pass muster" and must be excluded. Defendant then argues that the e-mail is unreliable hearsay and should be excluded. Both arguments are wrong.

### II.  ARGUMENT

**A. The E-Mail Does Not Contain An Expert Opinion**

Defendant's motion argues that the e-mail is unreliable and not admissible pursuant to a *Daubert* attack. This argument is misleading and irrelevant. The observation of a double thick tablet is not expert testimony. It is a simple observation. While defendant's reliance on the gate-keeper aspect of *Daubert* is misplaced, Daubert is helpful in defining what is, and what is not, expert testimony. In *Daubert v Merrell Down Pharmaceuticals, Inc.* 509 US 579, 591(1993) the

1

Court explained that expert testimony is appropriate when the issue is one that the trier of fact would not ordinarily be able to resolve without technical or specialized assistance. Certainly an expert is not required to say one thing looks bigger than another.

Defendant goes to great lengths to show that it would be difficult to observe such a small differential in the thickness and that the packaging systems in place would shut down if a double thick tablet was packaged. All of these issues go to the weight of the evidence, not the reliability. The trier of fact can determine what weight, if any, to give to the e-mail and the reported observation. None of these issues, however, should preclude reliance on the e-mail by Plaintiffs' experts.

### B.  An Expert Can Rely on Hearsay

Several of Plaintiffs' experts have declared that they have reviewed and relied on the April 30, 2008 e-mail. An expert is entitled to rely on a hearsay statement. Defendant fails to note the distinction between an expert's reliance on hearsay versus the admissibility of the actual hearsay document at the time of trial. An expert is given leeway to rely on hearsay. The rule for admissibility may very well be more restrictive. *Korsak v Atlas Hotels, Inc*. 2 Cal.App.4th 1516, 1524-1525 (1992). The relevant issue when questioning whether or not the expert may rely on the hearsay statement is whether or not the hearsay is sufficiently reliable. *Korsak v Atlas Hotels, Inc*. 2 Cal.App.4th 1516, 1524-1525 (1992) An expert may rely on hearsay when the evidence is reliable.

Here, Defendant ignores the inherent reliability of the e-mail in question and argues that since the observation reported in the e-mail is impeachable, the entire e-mail must be excluded as unreliable. Defendant has confused the concepts. In the e-mail at issue a nursing home employee is reporting that a potentially dangerous and defective tablet has been found. The reporting

employee would have no reason to report such an observation other than to protect the safety of patients. This is not an e-mail reporting the casual observations of a disinterested citizen. This is a report of a potentially fatal defective tablet being reported by a medical professional in her capacity as a caregiver. This e-mail has all of the indicia of a reliable statement.

The e-mail is not rendered unreliable simply because Defendant thinks that the observation is impeachable. Again, this argument goes not the right of the expert to base his opinion on the hearsay document but rather to the weight of the opinion.

### C. A MOTION IN LIMINE IS DESIGNED TO ADDRESS ADMISSABILITY OF EVIDENCE AT TRIAL

The instant motion has been styled by the Defendant as a Motion in Limine. A Motion in Limine is not the appropriate procedural vehicle with which to attack Plaintiff's evidence at the summary judgment stage. A Motion in Limine is typically made prior to trial to avoid the prejudice of having the jury hear evidence that is later deemed inadmissible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**D. CONCLUSION**

The e-mail is not expert testimony. A simple observation as to the comparative size of an item does not need expert testimony. Defendant can argue that the observation is wrong, but this doesn't affect the admissibility of the testimony or the ability of an expert to rely on the evidence in forming his opinion. The e-mail has all of the indicia of reliability.

Defendant's Motion in Limine is the wrong procedural vehicle with which to attack Plaintiffs' evidence at the Summary Judgment stage.

Defendant's motion should be denied.

Respectfully Submitted.

Dated: August 24, 2011        /s/ Don A. Ernst
                              Don A. Ernst (CA State Bar No. 065726)
                              Attorneys for Plaintiffs
                              Ernst Law Group
                              1020 Palm Street
                              San Luis Obispo, CA 93401
                              Tel: 805-541-0300
                              Fax: 805-541-5168
                              E-mail: de@ernstlawgroup.com