**UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: DIGITEK PRODUCT<br>      LIABILITY LITIGATION | MDL Case No.: 2:08-md-1968 |
| | **THIS DOCUMENT RELATES TO:** |
| _____ | *McCornack v. Actavis*, 09-cv-0671<br>*Vega v. Actavis*, 09-cv-0768 |

**PLAINTIFFS' OPPOSITION TO MYLAN DEFENDANTS' COMPANION MOTION
FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT TESTIMONY
(Pacer Docket Nos:528-529)**

**I. INTRODUCTION**

Plaintiffs respectfully submit these points and authorities in opposition to the Mylan Defendants' Companion Motion for Summary Judgment and to Exclude Expert Testimony in MDL No. 1968, (PACER Docket Nos.528-529). Defendants' motions seek to incorporate by reference the Motion for Summary Judgment (PACER Docket Nos. 523-524), the Motion to Exclude General Liability Experts (PACER Docket Nos.525-526), and the Background Brief (PACER Docket No. 522) it jointly filed with Actavis earlier, along with all supporting exhibits, factual statements, and authorities cited therein.

Defendants' original Motions were jointly submitted by Mylan and Actavis. This defendant should not be able to submit another motion, making more and redundant arguments and effectively exceeding the page-length limitation applicable to motions by incorporating three other motions. Accordingly, Plaintiffs request that Mylan's Companion Motions be stricken.

1

To the extent that the Court is inclined to consider the Companion Motions, Plaintiffs will similarly make reference to and incorporate their Oppositions to the Defense Motions for Summary Judgment and Motion to Exclude General Liability Experts, which Plaintiffs have filed concurrently with this Opposition.

## II ARGUMENT

### A. The Mylan Motion Exceeds the Maximum Page Limitation.

Local Rule 7.1(a)(2) states that a memorandum not submitted as required by the local rules will be denied without prejudice. The Local Rules also clearly put a 20 page limitation on all motions. L.R. 7.1(a)(2). Here, Mylan is trying to file a 7-page Companion Motion that incorporates its 17-page Summary Judgment Motion, its 25-page Motion to Exclude Experts, and its 20 page "Background Brief." Mylan should not be allowed to file these multiple Motions, particularly since it results in further exceeding the page limits of the earlier briefs it filed. No matter how you count it, Mylan has filed an improper Companion Motion and has exceeded the page limits established by local rule and its Companion Motion should be stricken.

### B. Mylan is Strictly Liable As A Distributor Of Digitek.

Mylan is a distributor of the Digitek tablets at issue in this case. (Pl. Ex. 42:1-15; Pl. Ex. 618, pg. 013201 – identifying Mylan Bertek on the label of Digoxin distributed to Mr. McCornack; and Pl. Ex. 617 – Supply and Distribution Agreement.) As such, Mylan is strictly liable in tort to the extent Actavis is strictly liable as the manufacturer of a defective product. In *Vandermark v Ford Motor Co.,* 61 Cal.2d 256, 263-264 (1964) the California Supreme Court affirmed that a distributor of a defective product is strictly liable in tort in the same way a manufacturer is strictly liable. The Court noted that:

> *Strict liability on the manufacturer and retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship.*

The rule is identical under West Virginia law. In *Star Furniture Co. v Pulaski Furniture, Co.*, 297 S.E. 2d 854, 861-862, 171 W.VA. 79 (1982) the Court held that:

> *Strict liability places an obligation on manufacturers, sellers and distributors to market safe products.*

Mylan's liability is identical to that of Actavis. The law makes no distinction between manufactures and distributors and affords no safe harbor to Mylan simply because it did not manufacture this dangerous product. Since there is a genuine issue of material fact that Mylan is the distributor of the Digitek tablets at issue in this case, its Motion for Summary Judgment should be denied.

### C. Mark Kenny's Expert Opinions Should Be Allowed.

Expert testimony is admissible if it (1) concerns "scientific, technical, or other specialized knowledge" and (2) will aid the jury or other trier of fact to understand or resolve a fact at issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 592 (1993). "Rule 702 [of the Federal Rules of Evidence] was intended to liberalize the introduction of relevant expert evidence." *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 261 (4th Cir. 1999). To this end the examination of expert testimony by the district court must be "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached. *Daubert,* 509 U.S. 594-95. The district court's function in determining admissibility is not intended to replace the adversary system: ". . . rejection of expert testimony is the exception rather than the rule. . . . Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . evidence." See

Fed.R.Evid. 702, Adv. Comm. Notes (2000). In other words, the trial judge's role is that of a gatekeeper, not a fact finder, and the "gate [can] not be closed to . . . relevant opinion offered with sufficient foundation by one qualified to give it." *Primiano v. Cook,* 598 F.3d 558, 568 (9th Cir. 2010.)

There is no preliminary requirement that an expert's opinion "be so persuasive as to meet a party's burden of proof or even necessarily its burden of production." *Heller v. Shaw Industries, Inc.* 167 F.3d 146, 152; same *Cavallo v. Star Enterprise,* 100 F.3d 1150, 1158 (4th Cir. 1996). Likewise, a trial judge may not exclude testimony at the time of summary judgment merely because the judge concludes that the testimony does not result in a triable issue of fact. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). Rather, the judge must only determine if "there is a link between the expert's testimony and the matter to be proved." *Stilwell,* 482 F.3d at 1192. For example, in a products liability action, the Court of Appeal reversed the trial court's exclusion of expert testimony because the trial judge wrongly mingled the findings required under Rule 702 for admissibility with that required on a summary judgment. "[A] district court may not exclude expert testimony simply because the court can, at the time of summary judgment, determine that the testimony does not result in a triable issue of fact. Rather the court must determine whether there is "a link between the expert's testimony and the matter to be proved." *Stilwell,* 482 F.3d at 1192.

"Some types of expert testimony will not rely on anything like a scientific method, and so will have to be evaluated by reference to other standard principles attendant to the particular area of expertise." See Fed.R.Evid. 702, Adv. Comm. Notes (2000).

In the instant motion Mylan seeks to exclude the testimony of Plaintiffs' expert Mark Kenny. In Opposition, Plaintiffs incorporate herein by reference their Opposition to Defendants'

4

Motion to Exclude General Liability Experts (including Mark Kenny) filed concurrently in the MDL by Michael Kerensky of Williamson & Rusnak, counsel for the companion *Vega* case. In general, however, Mylan's liability does not depend on its negligence in failing to enforce its own product quality guidelines with Actavis. Thus, the argument that Mr. Kenny's testimony is inadmissible is a red herring and not a basis for striking his testimony. Moreover, Mylan does not evaluate any of the *Daubert* factors applicable to Mr. Kenny's testimony. Clearly Mr. Kenny is an experienced and qualified expert in the field of quality assurance. His background and expertise alone qualifies him to render the opinions about the lack of Mylan's quality control efforts. Likewise, as explained in Plaintiffs' Opposition to the first Motion to Exclude Experts, Mr. Kenny's methodology is the same method employed by all of the experts in this case and is based on sufficient facts. (Pl. Ex. 509-511.) For these reasons, the Court should deny Mylan's Motion to Exclude Mr. Kenny.

### D. Conclusion

The Mylan motions should be stricken because it submitted motions on the identical issues in other earlier filed motions. The Mylan motions should be stricken on the additional ground that the motions it seeks to incorporate greatly exceeds the 20 page limit as set forth in Local Rule 7.1.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Finally, to the extent the Court is inclined to consider the merits of the Motions, they should be denied since there is conclusive evidence showing that Mylan is strictly liable as a distributor of Digitek and because Plaintiff's expert Mark Kenny is qualified to offer expert testimony and his testimony will be helpful to the trier of fact.

Respectfully Submitted:


Dated: August 24, 2011  /s/ Don A. Ernst
Don A. Ernst (CA State Bar No. 065726)
Attorneys for Plaintiffs
Ernst Law Group
1020 Palm Street
San Luis Obispo, CA 93401
Tel: 805-541-0300
Fax: 805-541-5168
E-mail: de@ernstlawgroup.com