IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**IN RE**: DIGITEK PRODUCTS LIABILITY LITIGATION

CIVIL ACTION NO. 2:08-md-01968

**MEMORANDUM OPINION**

Pending before the court is plaintiffs' motion to seal [Docket 545] filed on August 24, 2011.

Plaintiffs seek a sealing order covering what appears to be thousands of pages of documents for the following materials filed in this action:

1. Plaintiffs' Exhibits in Opposition to Defendants' Motions Filed August 3, 2011, to be filed in both the MDL No. 1968 and the *McCornack* Action. . . .[1]

2. Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Liability Experts. . . . , to be filed in MDL No. 1968. . . .

3. Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (MDL No. 1968) . . . . , to be filed in MDL No. 1968. . . .

4. Plaintiffs' Opposition to Defendants' Motion to Exclude the Expert Testimony of Richard Mason, M.D., and Keith Gibson . . . ., to be filed in the *McCornack* Action. . . . .

5. Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (*McCornack* Action), to be filed in the *McCornack* Action. . . .

---

[1] The court notes that the plaintiffs in the *Vega* action filed a separate motion to seal the same exhibits at Docket 62 in 2-09-cv-00768. The documents are relied upon and incorporated by reference in opposition to defendants' motion for summary judgment to exclude plaintiff's expert, Reynolds Delgado, M.D. in the *Vega* action. The directives in this Order will apply to the plaintiffs in that civil action as well.

(Pls.' Mot. to Seal at 2-3).

The three-page motion to seal this mountain of information is comparatively brief:

> This motion is made pursuant to Pretrial Order No. 12 on grounds that the aforementioned documents (or where applicable, the redacted portions thereof), consist of materials designated as "Confidential Information" within the meaning of said pretrial order, or contain, quote, summarize, discuss, analyze, or otherwise disclose information from materials designated as "Confidential Information."

(*Id.* at 3).

Article I, Paragraph F of Pretrial Order No. 12 states as follows: "This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection *under the applicable legal principles* for treatment as confidential." (PTO #12 Art. I, ¶ F (emphasis added)). Article VI, Paragraph A of Pretrial Order No. 12 also states "A party that seeks to file under seal any Confidential Information must file a Motion to Seal testimony or exhibits *in accordance with and subject to local and federal rules*." (PTO #12, Art. VI, ¶ A (emphasis added).

Article V, Paragraph A deals with "Handling of Confidential Information During Sworn Testimony." It includes the following provision:

> If any party *wishes to file*, or use as an exhibit or as testimonial evidence at a hearing or trial, *any Confidential Information*, such party must provide reasonable notice to the Supplying Party of the intended use of Confidential Information. The parties shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, (b) creating a mutually acceptable redacted version that suffices for purposes of the case, or (c) conferring about methods to avoid or limit public disclosure of Confidential Information during testimony. If an amicable resolution proves unsuccessful, the parties may present the issue to the court for resolution. *The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic*

> *Filing in the Southern District of West Virginia § 11, and (c) controlling precedent. See, e.g., Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986); Virginia Dept. of State Police v. Washington Post, 386 F.3d 567,575 (4th Cir. 2004).*

(PTO #12 Art. V, ¶ A (emphasis added)).

Despite its more limited title, the plain language of Article V applies to this situation. It is unclear if the plaintiffs complied with its terms. It seems clear enough that this non-particularized, blanket sealing attempt is inconsistent with controlling law. The request impinges on the right of public access to the docket. Since summary judgment materials are involved, that guarantee implicates the First Amendment. *See, e.g., Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988). In *Virginia Department*, a case actually cited in Article V, the Fourth Circuit stated as follows:

> [I]n *Rushford* we considered the propriety of a district court's order sealing documents that were attached to a successful summary judgment motion. Although the documents had been the subject of a pretrial discovery protective order, we observed that once the documents were made part of a dispositive motion, they lost their status as being "raw fruits of discovery," and that discovery, "which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." After noting that summary judgment "serves as a substitute for a trial" and that we had held in a prior case that the First Amendment standard should apply to documents filed in connection with plea and sentencing hearings in criminal cases, we held that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."

*Virginia Dept.*, 386 F.3d at 576 (citations omitted).

In *Virginia Department* the Fourth Circuit also concluded that its decision in *Rushford* extended to documents filed in connection with a brief opposing summary judgment. Given that protection, the proponent of sealing any document, be it the Plaintiffs or the Defendants, will be required to show, in a particularized and specific way, that restricted access is supported by a compelling governmental interest and narrowly tailored to serve that interest.

*Virginia Dept.*, 386 F.3d at 575 (stating also "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position.").

Little care was taken in seeking the sealing order. A cursory review shows that some of the documents proposed for sealing have previously been filed on the public record, including the deposition transcripts of Dr. David M. Bleisner, Ph.D., Mark G. Kenny, Russell Somma, Ph.D., and Richard T. Mason, M.D. and the expert witness report of Keith P. Gibson. [See Docket 522 at Exhibits 14, 15, 16 and Docket 120-3 in 2-09-cv-00671]. Other documents subject to the proposed sealing order include public documents such as the recall notice sent to customers and the consent decree reached between the United States and Actavis Totowa, LLC. In light of the serious public access issues presented here, the plaintiffs' approach is inexplicable.

Given these black-letter principles, the plaintiffs and the defendants, or both, depending upon whomever is the actual sealing proponent, is/are directed to first comply with Article V, Paragraph A of Pretrial Order No. 12 **no later than September 2, 2011**, if they have not already done so. The parties are strongly encouraged at that first step to avoid continued sealing or redaction. Again, there are significant public access concerns presented. The public has a right to know what I considered in reaching a decision. If there remains some small number of documents after those consultations where agreement cannot be reached, the sealing proponent(s) must explain to me in detail, chapter and verse, why sealing or redaction is authorized by the First Amendment. They must do so no later than **September 6, 2011**. I expect that showing to be made not only as to the summary judgment materials but also with respect to the motions to exclude. This court considers this Memorandum Opinion a pretrial order within

4

the meaning of Rule 16.  Any deviation from its terms may result in sanctions pursuant to Rule 16 (f).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       August 29, 2011

Joseph R. Goodwin, Chief Judge