## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION

                                    CIVIL ACTION NO.  2:08-md-01968

### ORDER

        Pending is Plaintiffs' motion to seal confidential records [Docket 545 in 2-08-md-1968 and

Docket 62 in 2-09-cv-00768].

        On August 29, 2011, I entered a Memorandum Opinion directing the parties to comply with

Article V, Paragraph A of Pretrial Order No. 12 which requires them to attempt to resolve the matter

of continued confidentiality of any "Confidential Information" that a party wishes to file or use as

an exhibit.  The parties were strongly encouraged at that first step to avoid continued sealing or

redaction.  If there remained some small number of documents where agreement could not be

reached, the sealing proponent(s) were to explain to me no later than September 6, 2011, in detail,

chapter and verse, why sealing or redaction was authorized.

        The plaintiffs responded and took the position that none of the documents should be sealed.

They had filed the motion to seal pursuant to PTO #12 because no agreement had been reached

about removing the confidential designation of numerous documents before they were required to

file their various oppositions to defendants' case-dispositive motions.  After discussions with the

defendants, they have no objection to sealing the one document the defendants take exception to but

they do object to the proposed redaction as there is probative information in the document that they intend to rely upon in opposing summary judgment.

The defendants also responded and noted that the parties reached agreement that all exhibits and documents filed in connection with the various dispositive and other motions and the responses filed in opposition may be unsealed with one exception.  The defendants' request that the court permit redaction of "irrelevant confidential business information relating to products other than Digitek found in Plaintiffs' Exhibit 217" [Mot. to Redact at 1].  The defendants argue that the court recognized the confidential nature of this information in the Protective Order by expressly allowing Actavis to redact all information relating to products other than Digitek [Doc. 71 at 5, ¶ IIF(4)].  They claim that narrow exceptions to this allowance do not apply here.  They assert that the information Actavis seeks to redact relates to products not at issue in this litigation and that the plaintiffs cite to the document only with respect to Digitek-specific information.  They claim the non-Digitek information will therefore not form the basis of the court's decision on defendants various dispositive motions and the public, including Actavis's competitors, does not have a right to obtain confidential business information that is not relevant to the court's decision.

PTO #12, ¶ II F(4), specifically states that the Supplying Party may redact from produced documents "[a]ny information relating to products other than Digitek, *unless manufacturing information about a product other than Digitek is reasonably related to Digitek manufacturing*,. . .." (emphasis added).  Some of plaintiffs' arguments center on the manufacturing processes of defendant Actavis.  The information the defendants' propose to redact appears to be relevant to that issue.  Further, I am not persuaded that the information the defendants propose to redact is "confidential business information."  The defendants have until **Monday, September 12, 2011** to

submit further briefing on the issue of redacting the information at issue.  If necessary, the issue will be addressed at the scheduled hearing on September 14, 2011.

Given the parties agreement on the remaining documents, the court **DIRECTS** the Clerk to unseal all of the documents previously filed under seal in 2-08-md-1968 at Dockets 545, 546, 547, 548  and 557 with the exception of Plaintiffs' Exhibit 217 at Docket 545, Exhibit 29 which is to remain under seal until further direction of the court.  The court also **DIRECTS** the Clerk to unseal Attachment 1 at Docket 62 in 2-09-cv-00768.

The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 8, 2011

Joseph R. Goodwin, Chief Judge