# EXHIBIT 603.27

PLAINTIFFS' EXHIBITS 010586

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**IN RE: DIGITEK PRODUCT LIABILITY
LITIGATION**                                          **MDL NO. 1968**

**THIS DOCUMENT RELATES ONLY TO:**

Kathy McCornack, an individual; Daniel E.            MDL No. 2:09-CV-0671
McCornack, Jr., an individual; and Ralph J.
McCornack, a minor by and through his guardian ad
litem,

      Plaintiffs,

      v.

Actavis Totowa, LLC, et al.,

      Defendants.

## AMENDED NOTICE TO TAKE DEPOSITION *DUCES TECUM*

PLEASE TAKE NOTICE that, under Federal Rules of Civil Procedure 26(d) and 30 and

Pretrial Orders No. 16 and 22, Defendants will take the deposition of Richard T. Mason, M.D. on

August 11, 2011, at 11:00 a.m., (PDT) at Pulone & Stromberg, 1550 The Alameda, Suite 150,

San Jose, CA  95126, telephone (408) 280-1252.  This deposition is noticed in the above-

captioned matter for any and all purposes permitted by the Federal Rules of Civil Procedure, and

any other federal, state, or local rules that apply to this action, and the deposition will be taken in

accordance with these rules.  Pursuant to F.R.C.P. 30(b)(2) and F.R.C.P. 34, Defendants request

that Dr. Mason produce the items listed in Exhibit A for inspection.  The oral examination will

continue from day to day until completed.  This deposition will be recorded stenographically, and



PLAINTIFFS' EXHIBITS 010587

available via video conference, and will comply with any relevant orders in this MDL, including

Pretrial Order No. 22, attached hereto as Exhibit B.

Respectfully submitted,

GUTHRIE & THOMAS, PLLC
Rebecca A. Betts, LIAISON COUNSEL
500 Lee Street East, Suite 800
Charleston, West Virginia 25301
Tel:      (304) 345-7250
Fax:      (304) 345-9941
E-mail:  rabetts@agmtlaw.com

*Attorney for Defendants*

SHOOK, HARDY & BACON LLP
Harvey L. Kaplan, CO-LEAD COUNSEL
Madeleine M. McDonough, CO-LEAD
COUNSEL
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Tel:      (816) 559-2214
Fax:      (816) 421-5547
E-mail:  hkaplan@shb.com
E-mail:  mmdonough@shb.com

*Attorneys for Mylan Pharmaceuticals Inc.,*
*Mylan Bertek Pharmaceuticals Inc., and UDL*
*Laboratories, Inc.*

TUCKER ELLIS & WEST LLP

By:
    s/ Matthew P. Moriarty
    Richard A. Dean, CO-LEAD COUNSEL
    Matthew P. Moriarty, CO-LEAD
    COUNSEL
    925 Euclid Avenue, Suite 1150
    Cleveland, Oh  44115-1414
    Tel:      (216) 592-5000
    Fax:      (216) 592-5009
    E-mail:richard.dean@tuckerellis.com
           matthew.moriarty@tuckerellis.com

*Attorneys for Defendants Actavis Inc., Actavis*
*Elizabeth LLC, and Actavis Totowa LLC*

2

PLAINTIFFS' EXHIBITS 010588

## EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 30(b)(2), Defendants request that Dr. Mason produce for inspection at the time of deposition:

1. The witness' current curriculum vitae or resume.

2. All correspondence and communication between the witness, or anyone acting on the witness' behalf, and attorneys representing plaintiffs in this Digitek® litigation.

3. All other documents prepared by the attorneys for the plaintiffs and sent to the witness.

4. All documents, including documents and deposition transcripts which refer or relate to Digitek®, that the witness received from any source.

5. All retainer agreements or other agreements under which the witness has been or will be paid for work related to the Digitek® litigation.

6. All bills that the witness has rendered to attorneys and law firms in connection with Digitek® litigation.

7. A copy of the witness' entire file, including all electronic documents and correspondence, in connection with this matter.

8. All documents, tangible things, data, or writings that the witness reviewed, relied upon, examined, considered, or rejected in preparing the reports in this matter.

9. Everything the witness reviewed that indicates that the plaintiffs ingested defective Digitek®.

10. All drafts of the witness' reports.

11. All notes that the witness has taken in connection with review of this matter.

12. All documents that the witness has prepared concerning the subject of this litigation.

13. All medical literature on which the witness relies in connection with the opinions expressed in the reports.

3

PLAINTIFFS' EXHIBITS 010589

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I served via e-mail a true and correct copy of the

foregoing Amended **Notice To Take Deposition** *Duces Tecum* to:

Don A. Ernst, Esq.                                   *Attorney for Plaintiffs*
Ernst & Mattison, ALC
1020 Palm Street
San Luis Obispo, CA 93401
dae@emlaw.us


s/ Matthew P. Moriarty
MATTHEW P. MORIARTY
*One of the Attorneys for Defendants Actavis*
*Inc., Actavis Elizabeth LLC, and Actavis*
*Totowa LLC*

4

PLAINTIFFS' EXHIBITS 010590

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of West Virginia

| | | |
|---|---|---|
| Kathy McCornack, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:09-cv-00671 |
| Actavis Totowa, LLC, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Richard T. Mason, M.D., 701 Ocean Street, Suite 340, Santa Cruz, California  95060

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Pulone & Stromberg, 1550 The Alameda, Suite 150, San Jose, CA  95126, telephone (408) 280-1252 | Date and Time:<br><br>08/11/2011 11:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and available via video conference

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A, attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/08/2011

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | s/Matthew P. Moriarty |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Actavis Totowa LLC,
Actavis Inc., and Actavis Elizabeth LLC _____ , who issues or requests this subpoena, are:
Matthew P. Moriarty, Tucker Ellis & West LLP, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio  44115, (216) 592-5000

PLAINTIFFS' EXHIBITS 010591

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:09-cv-00671

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title. if any)*   Richard T. Mason, M.D.

was received by me on *(date)*                 .

■ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

■ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

PLAINTIFFS' EXHIBITS 010592

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

PLAINTIFFS' EXHIBITS 010593

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE DIGITEK®
PRODUCT LIABILITY LITIGATION                    MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER #22
(Conduct of Discovery)

## INTRODUCTION

A.    Coordination with Other Litigation

    1.    Coordination to Extent Practicable

Plaintiffs and Defendants in this litigation, and in particular the Plaintiffs' Liaison Counsel, PSC, Defendants' Liaison Counsel, and all other counsel designated by the Court in prior or subsequent Pretrial Orders, shall work to coordinate to the extent practicable the conduct of this litigation with other product liability or marketing or sales practices actions involving Digitek® pending in any State Court. Such coordination is intended to conserve scarce judicial resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. It is contemplated by the Court and the parties that all discovery conducted in these proceedings may be utilized in any related State Court action, in accordance with the State's law and rules of evidence, and vice versa, subject to an appropriate cost-sharing provision which will be the subject of a further order. All discovery obtained in these proceedings which is used in any State Court litigation is subject to this Order, any protective order(s) entered by this Court, and such future cost-sharing orders as may be entered.

PLAINTIFFS' EXHIBITS 010594

2.     Intent to Coordinate with State Courts

In order to achieve the full benefits of this MDL proceeding, this Court intends to coordinate with State Courts presiding over related cases, to the extent that such State Courts so desire, such as through joint orders that will allow the parties in the State Court actions to fully utilize any discovery conducted in the MDL proceedings and vice versa. As the Court indicated at the initial case management conference, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities. The Court expects that counsel for parties in the MDL proceeding will help ensure that such coordination is achieved where it is practicable.

B.     Production of Documents

1.     Depository

The PSC shall bear the cost of and administer its own depository. All documents produced by Defendants in this proceeding shall be produced to the PSC's designee. The PSC shall make the documents produced by Defendants available to Plaintiffs in State Court litigation subject to an appropriate cost-sharing provision which will be the subject of a further order. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any State's law or State Court's rules pertaining to such documents.

2.     Use of On-Line Document Depositories

Counsel shall take all reasonable and necessary steps to assure the security of any confidential information produced pursuant to the Protective Order issued by this Court and will limit access to confidential information to those persons covered by the Protective Order. In particular, if counsel for any party makes documents available via the Internet, such counsel shall take all reasonable and necessary steps to ensure that the Internet site is secure and may not be

2

PLAINTIFFS' EXHIBITS 010595

accessed by individuals who are not authorized to review confidential information.

      3.    Effect on Document Production

This Order shall be read in conjunction with other Pre-trial Orders of this Court that reference production of documents, as well as the Federal Rules of Civil Procedure, and the Federal Rules of Evidence; nothing contained herein shall limit or abridge the parties rights or prerogatives under such orders and rules.

Upon request by any party supplying confidential information, any party using an Internet site must certify to the Court and the supplying party that the Internet site is secure and may only be accessed pursuant to the Protective Order entered by this Court. In the event the Internet site is made available to persons outside the MDL, they will be governed by appropriate further orders of this Court or appropriate state courts.

## DEPOSITION GUIDELINES

C.    Deposition Notices

      1.    This Order applies to all depositions in MDL-1968, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

      2.    This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

      3.    Each deposition notice shall include the name and, if known, the general occupational description of each deponent, and the date, time and place of the deposition.

      4.    In order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel who intend to attend a deposition noticed by MDL-1968 plaintiffs should provide notice to Plaintiffs' Liaison Counsel of their intention to attend. Counsel who intend to attend a deposition noticed by the MDL-1968 defendants should send notice of their

3

PLAINTIFFS' EXHIBITS 010596

intention to Defendants' Liaison Counsel. As to all parties, notice of intention to attend shall be provided within one week of the deposition date.

5.     Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders. All videotape depositions shall proceed pursuant to the provisions of section L, *infra*.

D.     Avoidance of Duplicative Depositions

As a general rule, absent good cause or the agreement of the parties, no witness should be deposed on the same subject more than once in these proceedings. Defendants' Liaison Counsel shall advise the PSC of all depositions that have been taken by Plaintiffs in other litigation related to Digitek® and shall provide the transcripts of such depositions to the PSC.

E.     Cooperation

Witnesses, parties and counsel must conduct themselves at depositions in a temperate, dignified, and responsible manner. Opposing counsel and the deponent must be treated with civility and respect. There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses.

F.     Scheduling

Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions. Only one deposition of a current or former employee of the defendants shall be taken per day until such time as there is a demonstrated need to multitrack depositions of the employees of the defendants. At that time the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of the defendants.

4

PLAINTIFFS' EXHIBITS 010597

For depositions which are not case specific, each side shall be notified at least thirty (30) days in advance of a deposition, absent agreement by parties, time constraints due to PTO # 16 or by leave of Court. Given time limits contained in the Case Management and Scheduling Order, PTO # 16, Defendants agree to make deponents, such as employees or former employees, available for deposition at such times and places so as to permit compliance with deadlines contained in PTO # 16.

No depositions shall be scheduled on secular or religious holidays.

G.  **Cross-Notices Between State Court Cases and These Proceedings**

In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL-1968 depositions. Depositions originally noticed in this MDL may be cross-noticed in appropriate state court cases by Plaintiffs' counsel or Defendants' counsel. Depositions originally noticed in state court cases may be cross-noticed in this MDL by Plaintiffs' counsel or Defendants' counsel. Such cross-notices shall be issued at least fifteen (15) days in advance of the deposition or in accordance with local rules.

If counsel cannot agree on the order of questioning at a deposition, these rules shall apply: if the deposition was originally noticed in this MDL, whether or not later cross-noticed in state court proceedings, MDL counsel shall go first in the deposition.

Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

H.  **Postponements**

Once a deposition has been scheduled, it shall not be taken off calendar, postponed,

PLAINTIFFS' EXHIBITS 010598

rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause.

I.    Deposition Length and Day

A deposition day shall begin as early as practicable and shall terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time. All parties shall work together and in good faith to make reasonable exceptions to the length of the deposition day as necessary.

A deposition shall last no longer than fourteen (14) hours total examination time, except upon agreement of counsel or by leave of Court. This time includes examinations performed by all parties and does not include regular and reasonable breaks taken during the deposition.

J.    Continuance of Deposition

If a deposition is not concluded during the time allotted in the deposition notice, and time still remains for the examining party under subsection I, then the deposition shall be continued on a newly-noticed date or an agreed date. In such circumstances, a ten (10) day notice will be sufficient to notice a continued deposition.

K.    Locations for Taking Depositions

1.    The parties will work together to cooperate in the location and circumstances of all scheduled depositions.

2.    Unless otherwise agreed, depositions of plaintiffs will take place in each plaintiff's home district.

3.    Unless otherwise agreed by the parties prior to the noticing of an expert, treating physician and/or prescribing physician deposition, the deposition of such witness shall take place in the home district of the witness.

6

4.      The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

5.      To the extent reasonably possible, depositions of current and former employees of defendants will take place in the district of such employee's place of business. Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant. Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and parties.

6.      Unless otherwise provided by law or court order, attorneys attending and participating in a deposition are not required to be licensed to practice law in the state in which the deposition is being taken.

L.      Attendance

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, the examining attorneys, attorneys of record in MDL-1968 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Experts who have signed the Protective Order may attend expert depositions of the other parties' experts but may not participate in the depositions. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While a deponent is being examined about any document that the parties have agreed is confidential, or the Court has determined to be confidential, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion

7

of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

Telephonic participation shall be addressed on a witness by witness basis.

M.    Conduct

Except by order of the Court, the following shall apply at all depositions:

1.    Examination

Each side should ordinarily designate no more than two attorneys for the MDL. For state cases, one plaintiff attorney for each state case or state consolidation shall be designated to participate in the deposition and conduct non-duplicative questioning.

In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Therefore, other attorneys will be permitted to examine deponents on non-redundant matters. Further, even if there is no divergence of position, if a state court attorney has non-redundant questioning he or she deems necessary or appropriate, further questioning by that state court lawyer may proceed, subject to overall time limits.

When a party believes that it may be necessary to examine the deponent on non-redundant matters due to a divergence of interest, such party shall designate one attorney to conduct such non-redundant examination after the initial examination has concluded.

Counsel should cooperate in the allocation of time in order to comply with the time limits set by the Court.

2.    Objections and Directions Not to Answer

Unless otherwise agreed by the parties, and noted on the record, the following

8

PLAINTIFFS' EXHIBITS 010601

stipulations shall apply to all discovery depositions in this action:

      a)    Objections must be limited to (1) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3); and (2) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3). No other objections can be raised during the course of the deposition. In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege.

      b)    Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.

      c)    Asking redundant, repetitive, multiple asked-and-answered questions in an effort to alter or amend a deponent's testimony is improper and must not be done in the deponent's presence.

    3.    <u>Objections to Documents</u>

Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge. No objections to the use of any document are necessary.

    4.    <u>Disputes During Depositions</u>

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Judge Goodwin or Magistrate Judge Stanley by telephone. In the event both Judge

PLAINTIFFS' EXHIBITS 010602

Goodwin and Magistrate Judge Stanley are not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to Judge Goodwin or Magistrate Judge Stanley by telephone, or to present the dispute to the Court in writing. If the parties elect to present the dispute to the Court in writing, each side must submit a one (1) page summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

None of the provisions in this Section shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

N.    Stenographic Recording

A certified court reporter shall stenographically record all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). A copy of all deposition exhibits shall be included with the original deposition transcript.

Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of

10

his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript.

O.     Videotaped Depositions

     The provisions of this Order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

     1.     Simultaneous Stenographic Recording

     All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph N, above.

     2.     Cost of the Deposition

     The party requesting videotaping of the deposition shall bear the expense of the videotaping. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

     3.     Videotape Operator

     The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

     4.     Attendance

     At the commencement of the deposition, each witness, attorney and any other person attending the deposition shall be identified on camera.

     5.     Interruptions

     No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall

11

record on camera the time of suspension and any subsequent reconvening of the deposition.

    6.    <u>Standards</u>

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.

The parties reserve the right to seek an Order from the Court that the examiner as well as the witness be recorded, and that if a second camera is necessary to accomplish such recording, such party agrees to bear such expense.

To the extent that technology permits, the parties reserve the right to format documents and other tangible materials so that a videotaped deponent who makes reference to such exhibits can be displayed contemporaneously with such exhibit.

    7.    <u>Index</u>

The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

12

8.    Filing

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for Plaintiffs and Defendants.

9.    Technical Data

Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

P.    Obtaining Copies of Transcripts and Videotapes

Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

Q.    Correction and Signing Depositions

A deponent will be given the opportunity to review their deposition and make corrections consistent with Federal Rule of Civil Procedure 30(e).


OTHER DISCOVERY

R.    Effect on Other Discovery

With regard to other forms of discovery, including Interrogatories, Requests to Produce Documents, Requests to Admit and Right to Entry and Inspection, nothing contained herein shall limit or abridge the parties rights or prerogatives under previously entered orders of this Court, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**IT IS SO ORDERED**.

13

PLAINTIFFS' EXHIBITS 010606

The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 which shall apply to each member Digitek-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2-09-cv-0561. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: May 19, 2009

14

PLAINTIFFS' EXHIBITS 010607

STIPULATED AND AGREED TO BY:

FOR DEFENDANTS:                    FOR PLAINTIFFS:


  s/ Matthew P. Moriarty            s/ Carl Frankovitch
RICHARD A. DEAN                   CARL N. FRANKOVITCH (WVSB # 4746)
MATTHEW P. MORIARTY (WVSB #4571)  FRANKOVITCH, ANETAKIS, COLANTONIO &
TUCKER ELLIS & WEST LLP           SIMON
925 Euclid Avenue, Suite 1150     337 Penco Road
Cleveland, Ohio 44115             Weirton, West Virginia  26062
Tel: (216) 696-2137               Tel: (304) 723-4400
Fax: (216) 592-5009               Fax: (304) 723-5892
Richard.Dean@TuckerEllis.com      carln@facslaw.com
Matthew.Moriarty@TuckerEllis.com  Co-Lead Counsel for Plaintiffs
Co-Lead Counsel for Actavis Defendants


  s/ Harvey L. Kaplan               s/ Harry F. Bell, Jr.
HARVEY L. KAPLAN                  HARRY F. BELL, JR. (WVSB #297)
MADELEINE M. McDONOUGH            BELL & BANDS PLLC
SHOOK HARDY & BACON, L.L.P.       300 Capitol Street
2555 Grand Boulevard             P.O. Box 1723
Kansas City, Missouri  64108      Charleston, West Virginia  25326-1723
Tel: (816) 559-2214               Tel: (304) 345-1700
Fax:  (816) 421-5547              Fax: (304) 345-1715
hkaplan@shb.com                   hfbell@belllaw.com
mmcdonough@shb.com                Co-Lead and Liaison Counsel for Plaintiffs
Co-Lead Counsel for Mylan Defendants


  s/ Rebecca A. Betts               s/ Fred Thompson, III
REBECCA A. BETTS (WVSB #329)      FRED THOMPSON, III
ALLEN GUTHRIE & THOMAS, PLLC      MOTLEY RICE LLC
500 Lee Street, East, Suite 800   28 Bridgeside Blvd.
P.O. Box 3394                     P.O. Box 1792
Charleston, West Virginia  25333-3394   Mt. Pleasant, South Carolina  29465
Tel: (304) 345-7250               Tel: (843) 216-9000
Fax: (304) 345-9941               Fax: (843) 216-9450
rabetts@agmtlaw.com               fthompson@motleyrice.com
Liaison Counsel for Defendants    Co-Lead and Liaison Counsel for Plaintiffs


15

PLAINTIFFS' EXHIBITS 010608