IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

SAM JOHNSON, as Personal Representative of the
Estate of Martha Bea Johnson, deceased,

                                   Plaintiff(s),

v.

ACTAVIS TOTOWA, L.L.C., formerly known as Amide
Pharmaceuticals, Inc.; MYLAN BERTEK
PHARMACEUTICALS, INC.; UDL LABORATORIES,
INC.; WAL-MART, INC.; MCBRIDE CLINIC
ORTHOPEDIC HOSPITAL, INC.,

                                   Defendant(s).

Case No. CJ-2009-5292
The Honorable Daniel L. Owens

## SUBPOENA TO APPEAR FOR DEPOSITION
## AND PRODUCE AND PERMIT INSPECTION
## AND COPYING OF DOCUMENTS

STATE OF FLORIDA        )
                                 ) ss.
COUNTY OF PINELLAS   )

TO:   David Bliesner, Ph.D
        1612 1st Street
        Indian Rocks Beach, FL 33785

**GREETINGS:**

      YOU ARE HEREBY COMMANDED to appear at Holiday Inn Hotel & Suites: Clearwater Beach South, 401 2nd Street East, Indian Rocks Beach, Florida, 33785, on Monday, September 19, 2011, at 9:00 a.m., to testify at a deposition upon oral examination as a witness in the above entitled action, and to bring with you all documents described in the attached "Exhibit A."

The deposition will take place before an officer authorized to administer oaths and will continue from day to day until completed.

Hereof fail not, under penalty of law.

>ELDRIDGE COOPER
>STEICHEN & LEACH P.L.L.C.
>
>By _____
>THOMAS E. STEICHEN, OBA# 8590
>RICHARD M. ELDRIDGE, OBA # 2665
>HAROLD C. ZUCKERMAN, OBA #11189
>P.O. Box 3566
>Tulsa, Oklahoma 74101-3566
>(918) 388-5555 FAX (918) 388-5654
>general_delivery@ecslok.com
>
>Matthew P. Moriarty
>A. Michael Anderton
>Tucker, Ellis & West, L.L.P.
>1150 Huntington Building
>925 Euclid Avenue
>Cleveland, OH 44115
>Telephone: (216) 696-2276
>Facsimile: (216) 592-5009
>E-Mail: matthew.moriarty@tuckerellis.com
>michael.anderton@tuckerellis.com
>
>Dylan M. Carson
>Tucker, Ellis & West LLP
>515 South Flower Street, 42nd Floor
>Los Angeles, CA 90071-2223
>Telephone: (213) 430-3422
>Facsimile: (213) 430-3409
>E-Mail: dylan.carson@tuckerellis.com
>ATTORNEYS FOR DEFENDANTS
>ACTAVIS TOTOWA, L.L.C.,
>formerly known as Amide Pharmaceuticals,
>Inc.; ACTAVIS GROUP.
>
>and

Hunter K. Ahern
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002-2992
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
E-Mail: hahern@shb.com

Sarah E. Drewes
Shook, Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108.2613
Telephone: (816) 421-6550
Facsimile: (816) 421-5547
E-Mail: sdrewes@shb.com
ATTORNEYS FOR DEFENDANTS
MYLAN BERTEK
PHARMACEUTICALS, INC.;
UDL LABORATORIES, INC.; WAL-
MART, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of September, 2011, I served the foregoing via regular mail and e-mail a true and correct copy of the foregoing to:

R. Brad Miller
R. Ryan Deligans
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, Oklahoma 73102-2610

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1. The witness' current curriculum vitae or resume.

2. A list of all cases in which the witness has testified or had his deposition taken in the past four (4) years, including the case number, the court the case was filed in and the names of the attorneys who hired the witness.

3. Copies of all abstracts, publications, presentations, or training materials related to pharmaceutical regulations and industry practices that were written or prepared by the witness in the last ten (10) years.

4. A copy of the witness' college transcript.

5. A copy of any and all citations, sanctions, or court findings in which the witness failed to comply with a court order or a subpoena.

6. All correspondence and communication between the witness, or anyone acting on the witness' behalf, and any attorneys representing any Plaintiff(s) in any litigation involving Digitek®.

7. All other documents, in addition to correspondence and communication, prepared by any attorneys representing any Plaintiff(s) in any Digitek® litigation and sent to the witness.

8. All documents, including documents and deposition transcripts, which refer or relate to Digitek® that the witness has received from any source.

9. All retainer agreements or other agreements under which the witness has been or will be paid for work related to any Digitek® litigation.

10. All bills that the witness has rendered to any attorneys and/or law firms in connection with any Digitek® litigation.

11. All photos taken, reviewed, or received by the witness in connection with this or any other Digitek® litigation.

12. All diagrams and charts prepared by the witness for use in this or any other Digitek® litigation.

13. The witness' entire original file, including all electronic documents and correspondence, in connection with this matter.

14. All documents, tangible things, data, or writings that the witness relied on, examined, considered, or rejected in preparing his opinion in this matter.

15. All documents, tangible things, data, or writings that the witness relied on, examined, considered, or rejected in preparing his reports and/or opinions in *In re: Digitek Product Liability Litigation*, MDL No. 1968, United States District Court for the Southern District of West Virginia, and in *In re: Digitek Litigation*, Court of Common Pleas, Philadelphia County, Pennsylvania.

16. Everything the witness has reviewed that indicates that Martha Bea Johnson ingested defective Digitek®.

17. All medical, scientific, or other literature on which the witness relies in connection with the witness' opinions in this case and/or the witness' opinions expressed in any reports prepared by the witness, whether related to the issues in this case or any other litigation, involving Digitek®.

18. Copies of all pharmaceutical regulations on which the witness relies in connection with the witness' opinions expressed in this case.

19. Copies of all pharmaceutical industry publications on which the witness relies in connection with the witness' opinions expressed in this case

20. Medical records, summaries, and reports the witness has reviewed in connection with this case.

21. Everything the witness has received or reviewed that indicates Martha Bea Johnson ingested adulterated Digitek®.

22. All notes that the witness has taken in connection with his review of this matter or in connection with any other litigation related to or involving Digitek®.

23. All documents the witness has prepared concerning Digitek®, including any notes or similar documents, which relate to any conversation or communication the witness has had with (1) any attorney for the Plaintiff in this matter; (2) with anyone employed by or affiliated with the attorneys for Plaintiff in this matter; (3) with any attorney(s) representing any Plaintiff(s) in any litigation involving Digitek®; or (4) anyone employed by or affiliated with the attorneys for any Plaintiff(s) in any litigation involving Digitek®.

24. Copies of video tapes or video discs reviewed for in this and other Digitek® litigations as well as any transcripts associated with any such videos.