IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  DIGITEK® PRODUCT LIABILITY LITIGATION | MDL NO. 1968 |
| THIS DOCUMENT RELATES TO ALL CASES | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' EXHIBIT 620**

## I.  INTRODUCTION

Plaintiffs' Opposition to Defendants' Supplemental Evidence in Support of Their Motion to Strike Plaintiffs' Exhibit 620. (Doc. 604) ("Opposition") misses by a wide margin.  The Court has already granted Defendants leave to file the supplemental evidence and filed the proffered evidence.  (Docs. 600, 601).  Any opposition to *filing* the supplemental evidence in support of the Motion to Strike the Declaration is moot.[1]  In addition, there is nothing inappropriate about either the timing of Dr. Bliesner's deposition in *Johnson* or the scope of the examination Defendants conducted.

## II.  ARGUMENT

The timing of Dr. Bliesner's deposition in *Johnson*, a matter pending in Oklahoma state court, was not part of some sinister plot.  Defendants have been trying to depose Dr. Bliesner in *Johnson* since April, 2011.  (*See* affidavit of Matthew Moriarty attached as Ex. 1).  Due to circumstances beyond Defendants' control – including Dr. Bliesner's own illness – the deposition could not be scheduled before September 19, 2011.  (*Id.*)  The deposition notice was served after Defendants finally secured a date for Dr. Bliesner to be deposed.  (*Id.*)  Dr. Bliesner was well

---

[1] Similarly, Plaintiffs did not timely oppose Defendants' Motion to Strike the Declaration.  Plaintiffs cannot use their opportunity to substantively respond to Defendants' supplemental evidence as a vehicle to assert untimely opposition to the Motion to Strike.  Any such arguments in Plaintiffs' Opposition should be disregarded.

aware of the September 19 deposition schedule while Plaintiffs were securing his "sham" affidavit for the *Daubert* briefing in this litigation.

More importantly, the scope of Defendants' examination of Dr. Bliesner was entirely proper. Expert witnesses are not required to prepare reports in Oklahoma state court cases. Defendants, therefore, were forced to determine the opinions Dr. Bliesner will offer at trial in *Johnson* through deposition. In doing so, defense counsel asked Dr. Bliesner an open-ended question about his opinions in *Johnson*. (Attached Ex. 2, Bliesner 9/19/11 Dep. at 135:18-136:2). Dr. Bliesner responded by saying the opinions he intends to offer in *Johnson* are the opinions set forth in his MDL report *and declaration*, which, Dr. Bliesner claims, states opinions "already expressed in the report." (*Id.* at 135: 1-20; 136: 7-10; 138: 7-11 184: 18-21). Defendants had an absolute right to thoroughly examine Dr. Bliesner about these opinions. This includes any inconsistencies between the report and the declaration. Indeed, had they not conducted such an examination, Defendants' counsel would have failed their clients.

Defendants' examination of Dr. Bliesner about the report and declaration was an examination of his opinions in *Johnson*. The deposition was conducted in the presence of Plaintiff's counsel in *Johnson* who identified Dr. Bliesner as an expert. The cases cited by Plaintiffs in their Opposition all involve a true *ex parte* situation where contact was made with an expert witness without any counsel being present. Those cases do not apply here. Dr. Bliesner's September 19, 2011 deposition in *Johnson* was not even arguably an *ex parte* proceeding in this MDL. Mr. Ernst is not counsel in *Johnson*, and he distorts the definition of *ex parte* without support in case law, an ethics rule, an order of this Court, or even a dictionary definition.

Defendants did not intend to file anything further with this Court regarding their Motion to Strike Dr. Bliesner's declaration after the September 14 hearing. Defendants filed

supplemental evidence in this litigation only when Dr. Bliesner testified that there are many "errors" in his declaration that Plaintiffs have not corrected with this Court.

As for Plaintiffs' characterization of Dr. Bliesner's deposition testimony – the actual response to Defendants' supplemental evidence – it is yet another instance of Plaintiffs misrepresenting the record. The contradictions exposed by Dr. Bliesner's testimony are not "alleged inconsistencies" that are confusing or vague. Rather, Defendants asked Dr. Bliesner direct questions. In response, Dr. Bliesner repeatedly acknowledged that there are "errors" in his sworn declaration testimony. (Doc. 601).

Finally, in an obvious effort to divert the Court's attention from the true issues present here, Plaintiffs request "sanctions" and ask that this Court restrict Defendants' ability to challenge the testimony in Dr. Bliesner's declaration. Any suggestion that Defendants' examination was inappropriate, that Plaintiffs should have been noticed or included in the Johnson deposition, or that this Court should impose restrictions or sanctions of any kind on Defendants should be quickly rejected. In fact, the circumstances surrounding this issue strongly suggest imposing sanctions on Plaintiffs' counsel. Plaintiffs' counsel prepared an affidavit for Dr. Bliesner to execute and deliberately crafted "testimony" about "defective" and "out-of-specification" product that Dr. Bliesner now expressly acknowledges is wrong. Noticeably absent from Plaintiffs' Opposition is any explanation of why Plaintiffs provided inaccurate testimony to the Court and did not correct it upon learning it was inaccurate. At a minimum, this Court should impose the sanction of striking Dr. Bliesner's declaration.

## III. CONCLUSION

At issue is whether this Court will strike Dr. Bliesner's declaration. Plaintiffs either misunderstand or mischaracterize this context. Without the "defect" and/or "out of specification" characterizations, this untimely, "sham" declaration adds *nothing* to Dr. Bliesner's

3

report. Dr. Bliesner acknowledges the declaration is not accurate. This is significant and provides further justification for Defendants' request to strike Dr. Bliesner's declaration.

|  |  |
|---|---|
| GUTHRIE & THOMAS, PLLC | Respectfully submitted,<br><br>TUCKER ELLIS & WEST LLP |
| Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel:     (304) 345-7250<br>Fax:    (304) 345-9941<br>E-mail:  rabetts@agmtlaw.com<br><br>*Attorney for Defendants* | By: */s/ Richard A. Dean*<br>     Richard A. Dean (Ohio Bar #0013165),<br>     CO-LEAD COUNSEL<br>     Matthew P. Moriarty (WV Bar # 4571;<br>     Ohio Bar 0028389), CO-LEAD COUNSEL<br>     925 Euclid Avenue, Suite 1150<br>     Cleveland, Ohio  44115-1414<br>     Tel:    (216) 592-5000<br>     Fax:   (216) 592-5009<br>     E-mail:richard.dean@tuckerellis.com<br>                matthew.moriarty@tuckerellis.com<br><br>*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2011, a copy of the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' EXHIBIT 620** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| GUTHRIE & THOMAS, PLLC | TUCKER ELLIS & WEST LLP |
| Rebecca A. Betts, LIAISON COUNSEL<br>500 Lee Street East, Suite 800<br>Charleston, West Virginia 25301<br>Tel:     (304) 345-7250<br>Fax:    (304) 345-9941<br>E-mail:  rabetts@agmtlaw.com<br><br>*Attorney for Defendants* | By: */s/ Richard A. Dean*<br>     Richard A. Dean (Ohio Bar #0013165),<br>     CO-LEAD COUNSEL<br>     Matthew P. Moriarty (WV Bar # 4571;<br>     Ohio Bar 0028389), CO-LEAD COUNSEL<br>     925 Euclid Avenue, Suite 1150<br>     Cleveland, Ohio  44115-1414<br>     Tel:     (216) 592-5000<br>     Fax:    (216) 592-5009<br>E-mail:richard.dean@tuckerellis.com<br>          matthew.moriarty@tuckerellis.com<br><br>     *Attorneys for Defendants Actavis Totowa LLC,*<br>     *Actavis Inc., and Actavis Elizabeth LLC* |