IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: DIGITEK
PRODUCTS LIABILITY LITIGATION

MDL NO.  2:08-md-1968

THIS DOCUMENT RELATES TO ALL CASES
PARTICIPATING IN THE SETTLEMENT PROGRAM

PRETRIAL ORDER #86
(Qualified Protective Order for Settlement)

The Garretson Resolution Group, Inc. ("GRG") has been appointed as the Lien Resolution Administrator for this matter.  Subject to the restrictions below, this Order grants GRG the authority to provide the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department and the Medicaid programs of each state and territory and of the District of Columbia (the "Single State Agencies") with a list of the Digitek Litigation Claimants (respectively, the "Claimants") represented by certain members of the Plaintiffs' Steering Committee ("PSC") to determine which of the Claimants are beneficiaries in the Medicare and/or Medicaid programs.

The Centers for Medicare and Medicaid Services ("CMS") and/or the Single State Agencies have asserted, or may assert, statutory liens or reimbursement claims against the settlement proceeds of those Claimants who are also receiving benefits under Medicare and/or Medicaid.  Under the terms of this engagement, GRG has been granted authority to verify the existence of any federal or state statutory liens, including but not limited to Medicare and/or Medicaid liens, and with the consent of the PSC to resolve those liens.  The entry of an Order

compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable privacy laws is necessary to permit CMS or the Single State Agencies to transmit certain protected health information of the Claimants directly to GRG to assist in the resolution of the respective agency's or entity's interests. Accordingly, the Court being sufficiently advised, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. This Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, HIPAA, Pub. L. 104191, 42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable state law, created, received or collected from Medicare and/or Medicaid Claimants by Single State Agencies or CMS, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, Medicare and/or Medicaid identification numbers and other demographic information that identifies, or could be used to identify, Medicare or Medicaid-eligible Claimants; (b) eligibility and entitlement information of Medicare and/or Medicaid Claimants; (c) claims information relating to the past, present, or future health care of Medicare and/or Medicaid-eligible Claimants; (d) claims information relating to the provision of healthcare to Medicare and/ or Medicaid-eligible Claimants; and (e) claims information relating to the past, present, or future payment for the provision of healthcare to Medicare and/ or Medicaid-eligible Claimants.

2. Each Claimant agrees to allow GRG to receive from and send to CMS protected health information and individually identifiable health information as defined in Paragraph 1 of this Order.

3.     As a retained Lien Resolution Administrator for this litigation and a covered entity as determined by 45 CFR Section 164.104(a)(2), CMS, the Medicare Secondary Payer Department and individual Single State Agencies may disclose to GRG and GRG is duly authorized to receive Medicare and/or Medicaid claims and other protected health information for those Medicare and/or Medicaid-eligible Claimants in accordance with 45 CFR Section 164.506(c)(4)(ii) "Uses and disclosures to carry out treatment, payment or healthcare operations" and any other applicable state law.

4.     To assist in the resolution of Medicare and/ or Medicaid interests, CMS, the Medicare Secondary Payer Department and individual Single State Agencies is hereby authorized and directed to transmit to GRG, in its capacity as Lien Resolution Administrator, any information, including Medicare and/or Medicaid claims information and other protected health information, for those Medicare and/or Medicaid-eligible Claimants in the above captioned matter against whom they have asserted liens or reimbursement claims.

5.     GRG is authorized to provide a list of Claimants to CMS, the Medicare Secondary Payer Department, and the Single State Agencies that have been identified as a potential lien holder of respective Claimants (collectively, "the Lists").

6.     GRG shall not use or disclose any protected health information or individually identifiable health information subject to this Order for any purpose other than this litigation and the performance of its duties as Lien Resolution Administrator.  Similarly, CMS and each Single State Agency shall only use the Lists for the specific purposes identified in this Order. CMS and/or each Single State Agency shall only make the Lists available to those within its agency or organization who need access to the Lists for the specific purpose stated in this paragraph. If CMS or a Single State Agency identified in this Order utilizes outside vendors or companies to

perform part or all of its tort recovery practices, those outside vendors or companies shall be expressly bound by all terms and conditions of this Order.

7. GRG shall maintain any protected health information or individually identifiable health information subject to this Order in a secure and safe area and shall exercise the standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such protected health information required by HIPAA and other applicable privacy laws.

8. At the conclusion of this litigation, GRG shall certify to CMS and the Single State Agencies that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

9. For purposes of the Order, the phrase "Medicare and/ or Medicaid-eligible Claimants" refers collectively to every Claimant who is a beneficiary of said programs or was a beneficiary of said programs at any time between (a) the first date the Claimant suffered personal physical injury or sickness arising due to the tortious conduct of the above-named Defendants and (b) the effective date of the settlement for said Claimant, up to and including the effective date of the Claimant's settlement.

The court **DIRECTS** the Clerk to file a copy of this order in 2:08-md-1968 and it shall apply to each member Digitek-related case previously transferred to, removed to, or filed in this district which is included in the Settlement Program. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties

to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at .

**SIGNED AND ENTERED** this 7th day of October, 2011.

_____
Joseph R. Goodwin, Chief Judge