# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

**IN RE**: DIGITEK PRODUCTS LIABILITY LITIGATION

CIVIL ACTION NO.  2:08-md-01968

# MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion for protective order and evidentiary sanctions filed on September 30, 2011[Docket 603].  The plaintiffs filed on the same day a memorandum in opposition to defendants' motion to file supplemental evidence and motion to strike [Docket 604].  The memorandum also addressed the plaintiffs' alleged grounds for the protective order.  The defendants replied on October 4, 2011.

On September 27, 2011, the defendants filed a motion for leave to file supplemental evidence supporting their motion to strike plaintiffs' exhibit 620.  Exhibit 620 is a declaration by Dr. David Bliesner, Ph.D., one of the plaintiffs' experts in this MDL.  The supplemental evidence was deposition testimony of Dr. Bliesner taken on September 19, 2011, in a Digtiek® case pending in Oklahoma state court.[1]  The supplemental evidence allegedly revealed that (1) the plaintiffs' attorneys drafted the declaration proffered in the MDL, and (2) that certain departures from his

---

[1] *Sam Johnson, as Personal Representative of the Estate of Martha Bea Johnson, deceased v. Actavis Totowa LLC, et al.*, Dist. Ct. of Oklahoma Cty., Case No. CJ-2009-5292 ("*Johnson*").

expert report made in his declaration were incorrect. On September 28, 2011, the court granted the motion and gave the plaintiffs until September 30, 2011 to respond to the supplemental evidence.

On September 30, 2011, the plaintiffs moved for a protective order and evidentiary sanctions (1) prohibiting the defendants from referencing or relying on the September 19, 2011, deposition of Dr. Bliesner in the *Johnson* case and any of the supplemental evidence referenced in defendants' motion to file supplemental evidence; (2) precluding defendants from offering evidence or cross-examining Dr. Bliesner on any issues addressed at his deposition; and (3) requiring the defendants to notify plaintiffs of all discovery directed to any of plaintiffs' experts in any litigation or proceeding at the time any such discovery is propounded.

The plaintiffs further asked me to deny the defendants' motion to strike Dr. Bliesner's declaration. They argue that the declaration accurately states his opinions in the MDL and reiterates and clarifies the opinions set forth in his expert report. They contend that the defendants' objections to the declaration go to the weight of Dr. Bliesner's opinion, not its admissibility. They also ask that I deny the motion to submit supplemental evidence in support of defendants' pending motions.

The plaintiffs contend that defense counsel took the deposition of Dr. Bleisner on September 19, 2011, without notifying plaintiffs' counsel or obtaining my prior authorization. They argue that defense counsel spent more than one quarter of Dr. Bliesner's deposition in the state case "grilling" him about his expert report and declaration in the MDL. They characterize this as an "ex parte" communication and procedure constituting "improper discovery of

plaintiffs' retained expert" in violation of my scheduling orders[2], Federal Rule of Civil Procedure 26(b)(4) and the rules of professional conduct. They further allege that the timing of the deposition was suspect since the notice of deposition occurred shortly after the defendants received Dr. Bliesner's declaration in the MDL.

I have already granted the defendants leave to file the supplemental evidence and the evidence has been filed. Any opposition to filing the supplemental evidence is moot. The plaintiffs did not timely oppose the defendants' motion to strike Dr. Bliesner's declaration filed on September 8, 2011. Plaintiffs cannot use their opportunity to substantively respond to defendants' supplemental evidence as a vehicle to assert their untimely opposition to the motion to strike. Any arguments by the plaintiffs on that motion will be disregarded.

The defendants contend that the timing of Dr. Bliesner's deposition in the Oklahoma state case was due to circumstances beyond their control, including the witness's own illness. The defendants have been trying to depose Dr. Bliesner in the state case since April 2011. (Def. Reply, Ex. 1). They requested deposition dates in May or early June. (*Id.*) On August 9, 2011, the defendants received a firm date for the deposition from plaintiffs' counsel in the *Johnson* case. The first available date was September 19, 2011, which the defendants accepted. (*Id.*) All of these efforts to secure the deposition of Dr. Bliesner in the *Johnson* case occurred long before the plaintiffs in the MDL submitted the supplemental declaration that is the subject of the motion to strike. The declaration was filed as plaintiffs' exhibit 620 on August 25, 2011 [Docket 557-

---

[2]The court acknowledges that the September 19, 2011, deposition was taken well outside of the January 31, 2011, cut-off date for completing depositions of plaintiffs' general liability witnesses in the MDL. It appears to be undisputed, however, that it was taken within the discovery period allowed in the *Johnson* case.

-3-

8]. Dr. Bliesner was aware of the September 19, 2011, deposition schedule in the *Johnson* case when his declaration was signed on August 24, 2011. (Def. Reply, Ex.1, Att. B).

The defendants further argue the scope of the defendants' examination of Dr. Bliesner was entirely proper. Expert witnesses are not required to prepare reports in Oklahoma state court cases. The opinion Dr. Bliesner was to offer at trial in the *Johnson* case was therefore to be determined through deposition. A series of open-ended questions were asked by counsel about Dr.Bliesner's opinion in the *Johnson* case. (Bliesner 9/19/11 Dep. at 135:1-19). The doctor responded by saying the opinions he intended to offer in the *Johnson* case were the opinions set forth in his MDL report. (Bliesner Dep. at 135:1- 25,136:1-10, 138:7-11, 139:1-12). When asked by defense counsel if the supplemental declaration, also filed in the MDL, reflected opinions that he intended to testify about in *Johnson*, Dr. Bliesner claimed, "[t]his document reflects opinions that I've already expressed in the report." (Bliesner Dep. at 184:18-21).

I find that the defendants' examination of Dr. Bliesner about the expert report and the declaration was a proper and appropriate examination of the entire opinion he intended proffer in *Johnson*. Dr. Bliesner produced both a written expert report and a supplemental declaration in the MDL. He said that they contain the "opinions that [he] hold[s]" in the MDL. His opinions in the MDL were to be his opinions in the *Johnson* case according to his own testimony. It was Dr. Bliesner, not opposing counsel, who brought both documents containing opinions into play by stating in the declaration that opinions stated therein are "reflected in [his] expert report." (Ex. 620, pg. 11 at 8). One cannot verify as much without examining both of the documents and their author.

The deposition was conducted in the presence of plaintiff's counsel in *Johnson* who identified Dr. Bliesner as an expert. The cases cited by plaintiffs in their opposition all involve a true *ex parte* situation where contact was made with an expert witness without any counsel being present. Those cases do not apply here. I cannot chasten counsel with an evidentiary sanction in the form of a protective order without being satisfied that an actual violation of a rule of civil procedure or professional conduct has taken place. I find neither here.

This is not an ex parte communication nor does it appear to be a scenario in which defense counsel intentionally contacted plaintiffs' expert in order to manipulate testimony. Accordingly, the plaintiffs' motion is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	October 21, 2011

Joseph R. Goodwin, Chief Judge