**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION**

**MDL NO. 1968**

**THIS DOCUMENT RELATES TO ALL CASES**

---

**MOTION TO ESTABLISH ALTERNATIVE PROCEDURES
FOR SMALL ESTATE SETTLEMENTS**

COME NOW, the Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), within the limited authority retained by the PSC for purposes of settlement administration, and move this Court for an order establishing a procedure for Small Estate settlements under $45,000. Plaintiffs request a procedure similar to that established in the Vioxx® and Avandia® cases, allowing for an alternative procedure short of formal appointment of personal representatives in small estate case settlements where the gross settlement amount is under a certain threshold. As grounds therefore, Plaintiffs state the following:

1. Counsel for Actavis Totowa LLC, Actavis Elizabeth LLC, Actavis Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., Mylan Inc., and UDL Laboratories, Inc. (collectively "Defendants") have been consulted on this motion and does not oppose said motion.

2. Many Plaintiffs from various firms are currently in the process of settlement administration.

3. During the course of this administration process, there are many instances where the original user of Digitek is now deceased and their surviving representatives are faced with the expensive (several thousand dollars) and time-consuming task of having to find local counsel to assist them in being appointed as the administrator of estate.

4.  While for some estate cases, this process and its expense is certainly warranted, for other estate cases, with settlement amounts under certain thresholds, it simply is not.

5.  In smaller settlements, the time consuming appointment of a personal representative involving the hiring of local counsel along with satisfying medical liens and other costs will deplete the settlement by a high percentage if not entirely. Such small awards to be paid to the clients simply do not warrant the application for a formal appointment of an executor for the estate.

6.  While administering the Global Settlement in the Vioxx® cases, the parties and the Claims Administrator adopted a procedure known as the CAP2008-1(Exhibit A-1) that was approved by the Court and adopted in PTO 35(a) (Exhibit A-2).

7.  Within that procedure, testate decedents whose gross settlement amount was less than or equal to $50,000 and intestate decedents whose gross amounts were less than or equal to $30,000 or could proceed through the claims administration process if two documents were completed.

8.  The two documents were V2031( Exhibit A-3), outlining the testamentary status of the decedent and relationship to the representative claimant and V2079 (Exhibit A-4), whereby counsel certified they would disburse the funds received in a manner that comported to the wrongful death or intestate succession statute of the state laws where the decedent was domiciled at the time of death.

9.  This same process was approved by the Court for settlements in the Avandia MDL and adopted in PTO 153 (Exhibit B).

**WHEREFORE**, premises considered, Plaintiffs pray that this Honorable Court enter an order: (1) establishing a Small Estate Procedure (Exhibit C) whereby; (2) those persons

identified as representative claimants could complete and sign a form (Exhibit D-1) (*Form 1*) identifying the testamentary status of the decedent and the relationship of the decedent to the representative claimant and other heirs at law or takers whether under will or intestacy; and (3) counsel of record for smaller estate cases could sign a verification (Exhibit D-2) (*Form 2*) stating that distribution of any funds would proceed following the testate/intestate designations according to either the wrongful death statute of the forum state or the intestate succession statute, whichever was applicable.  Thereby, allowing the representative claimant(s) to sign the Release (Exhibit G to the MSA) on behalf of the decedent and allow for payment for all cases, with testate and intestate decedents, where the gross settlement amount is at or under $45,000, and for such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

On Behalf of the Plaintiffs' Steering Committee

s/Fred Thompson, III Esq._____
Fred Thompson, III, Esq.
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
*Co- Lead Counsel*

Carl N. Frankovitch, Esq.
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Co- Lead Counsel*

Harry F. Bell, Jr., Esq.
Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
*Co-Lead and Liaison Counsel*