# Exhibit A-1

| VIOXX SETTLEMENT PROGRAM CLAIMS ADMINISTRATION PROCEDURE (AMENDED) | | | |
|---|---|---|---|
| **Procedure Number** | **2008-1** | **Effective Date** | **May 14, 2008** |
| | | **Amendments** | **December 10, 2008 February 26, 2009** |
| **Subject** | **Required Representative Capacity Documentation: Vioxx User Claimant or Derivative Claimant** | | |

1. ***Purpose of this Procedure.*** This Procedure defines the documentation required with respect to Enrollment and processing of a claim relating to a deceased Vioxx User Claimant or deceased Derivative Claimant and to establish the process for review and payment of Claims with Enrollment Deficiencies in a Release of All Claims relating to the representative capacity of the person acting on behalf of such a claim. Any capitalized terms used in this Procedure and not expressly defined in this Procedure shall have the meanings given to them in the Settlement Agreement. References to Sections are to sections of this Procedure, unless otherwise stated.

2. ***Testate Vioxx User Claimants or Derivative Claimants.*** If the Vioxx User Claimant or Derivative Claimant had a valid will at the time of death:

    (a)    If the will has been the subject of probate or other proceedings leading to the appointment of a Personal Representative, Administrator, Executor, or other representative of the estate of the Vioxx User Claimant or Derivative Claimant (the "Appointed Representative"), the Appointed Representative shall submit to the Claims Administrator a complete copy of the order or other document effectuating such appointment. Upon acceptance of such documentation as sufficient by Merck, the Appointed Representative shall be authorized to pursue the Claim and no other documentation shall be required on the issue of Representative Claimant capacity for the claim to proceed through the Settlement Program through Payment.

    (b)    If no Appointed Representative has yet been appointed, then for the Claim to become "CAP 2008-1 Compliant:"

        (1)    Primary Counsel or the unrepresented person pursuing the claim shall submit to the Claims Administrator a completed *Personal Representative of Deceased Vioxx User Claimant (Form V2031)* (Exhibit A) for a deceased Vioxx User Claimant or a completed *Personal Representative of Deceased Derivative Claimant (Form V2031DC)* (Exhibit B) for a deceased Derivative Claimant and, pursuant to the Instructions in such Form, shall submit to the Claims Administrator a copy of the will of the Vioxx User Claimant or Derivative Claimant;

Exhibit A-1

(2)  The person designated in the will as the representative of the estate of the Vioxx User Claimant or Derivative Claimant, as determined from the will or as verified in the V2031 or V2031DC (the "Designated Representative"), shall execute a Release of All Claims on the Claim; and

(3)  If the Vioxx User Claimant or Derivative Claimant was married at the time of death and was survived by a spouse (the "Surviving Spouse") and such Surviving Spouse is not the Designated Representative, the Surviving Spouse, if living, also shall sign the Release of All Claims on the Claim.

(c)  If a Claim is CAP 2008-1 Compliant under Section 2(b):

(1)  The Claims Administrator may conclude the processing of any Claims Package submitted on the Claim and may issue to the Claimant all Notices generated in such processing, including a Notice of Points Award on a Claim found to be a Claim of a Qualifying Program Claimant.

(2)  If the Final Points Award on the Claim is less than 25 Points, the Claims Administrator will issue Payment on the Claim in the name of the Designated Representative, the Surviving Spouse of the Claimant and/or Derivative Claimant (if different from the Designated Representative and a signatory on the Release), and the Primary Counsel (if represented). Before Payment is made on the Claim, Primary Counsel on the Claim shall execute a *Primary Counsel Acknowledgement of Obligations Regarding Payment Distribution (Form V2079)* (Exhibit C) acknowledging and agreeing to comply with the duty to comply with applicable state law regarding the distribution of such funds to the proper beneficiaries and heirs and any other parties with any right to receive any portion of such payment. On a claim by a *Pro Se* Claimant, the person(s) to receive the payment shall execute a *Pro Se Claimant Acknowledgement of Obligations Regarding Payment Distribution (Form V2080)* (Exhibit D) containing the same provisions.

(3)  If the Final Points Award on the Claim is 25 Points or more, the Claims Administrator will not issue Payment on the Claim until an Appointed Representative is appointed on the Claim for the deceased Vioxx User Claimant or Derivative Claimant and qualifies in accordance with Section 2(a).

**3.  *Intestate Vioxx User Claimant or Derivative Claimant.*** If the Vioxx User Claimant or Derivative Claimant had no valid will at the time of death:

(a)  If the estate of the Vioxx User Claimant or Derivative Claimant has been the subject of any intestate succession proceedings that have led to the issuance by a tribunal or official with jurisdiction of letters of administration, an order, or other document appointing a person to act as the Appointed Representative of the

estate, the Appointed Representative shall submit to the Claims Administrator a complete copy of the order or other document effectuating such appointment. Upon acceptance of such documentation as sufficient by Merck, the Appointed Representative shall be authorized to pursue the Claim and no other documentation shall be required on the issue of Representative Claimant capacity for the claim to proceed through the Settlement Program through Payment.

(b)     If the estate of the Vioxx User Claimant or Derivative Claimant has no Appointed Representative under Section 3(a), then for the Claim to become "CAP 2008-1 Compliant:"

   (1)     Primary Counsel or an unrepresented person pursuing the claim shall submit to the Claims Administrator a completed Form V2031 or Form V2031DC;

   (2)     If the Vioxx User Claimant or Derivative Claimant was survived by a Surviving Spouse, the Surviving Spouse shall execute a Release of All Claims on the Claim.

   (3)     If the Vioxx User Claimant or Derivative Claimant was not survived by a Surviving Spouse or the Surviving Spouse is deceased, the person(s) identified in the Form V2031 or V2031DC as the successor in interest to the estate of the Vioxx User Claimant or Derivative Claimant under applicable law shall execute a Release of All on the Claim.

(c)     If a Claim is CAP 2008-1 Compliant under Section 3(b):

   (1)     The Claims Administrator may conclude the processing of any Claims Package submitted on the Claim and may issue to the Claimant all Notices generated in such processing, including a Notice of Points Award on a Claim found to be a Claim of a Qualifying Program Claimant.

   (2)     If the Final Points Award on the Claim is less than 15 Points, the Claims Administrator will issue Payment on the Claim in the name of the Surviving Spouse of the Claimant and/or Derivative Claimant or the Estate Successor(s) of the Claimant and/or Derivative Claimant, and the Primary Counsel (if represented). Before Payment is made on the Claim, Primary Counsel on the Claim or the person(s) receiving such funds on an unrepresented Claim shall execute a *Primary Counsel Acknowledgement of Obligations Regarding Payment Distribution (Form V2079)*(Exhibit C) acknowledging and agreeing to comply with the duty to comply with applicable state law regarding the distribution of such funds to the proper beneficiaries and heirs and any other parties with any right to receive any portion of such payment. On a claim by a *Pro Se* Claimant, the person(s) to receive the payment shall execute a *Pro Se Claimant Acknowledgement*

*of Obligations Regarding Payment Distribution (Form V2080)* (Exhibit D) containing the same provisions.

(3)     If the Final Points Award on the Claim is 15 Points or more, the Claims Administrator will not issue Payment on the Claim until an Appointed Representative is appointed on the Claim for the deceased Vioxx User Claimant or Derivative Claimant and qualifies in accordance with Section 3(a).

**4.      *Claims Involving Both Deceased Vioxx User Claimants and Deceased Derivative Claimants.*** Where a Claim involves a deceased Vioxx User Claimant and one or more deceased Derivative Claimants, the Testate or Intestate status of the deceased Vioxx User Claimant shall govern whether the Claim is subject to Section 2(b) and (c) or Section 3(b) and (c) for purposes of calculating the Points Award level on the Claim and whether an Appointed Representative is required before Payment is made on the Claim. Where a claim involves one or more deceased Derivative Claimants who are Testate and one or more deceased Derivative Claimants who are Intestate, the Claim shall be considered as an Intestate Claim for purposes of calculating the Points Award level on the Claim and whether an Appointed Representative is required before Payment is made on the Claim.

**5.      *Claimants Found Not to be Qualifying Program Claimants.*** For any Claim that has proceeded as CAP 2008-1 Compliant under Section 2(b) or Section 3(b), if the Vioxx User Claimant is found by the Claims Administrator and the Gates Committee not to be a Qualifying Program Claimant and the Claim is not a Threshold Exceeding Gate Push:

(a)     If the person pursuing the Claim does not timely appeal the Gates Determination to the Special Master under Section 2.6.2 of the Settlement Agreement and instead determines to execute a Future Evidence Stipulation under Section 2.7.3 of the Settlement Agreement, the person pursuing the Claim shall be required to submit to the Claims Administrator the documentation required by Section 2(a) or Section 3(a) to establish an Appointed Representative on the Claim and such Future Evidence Stipulation must be executed by the Appointed Representative of the Claimant before Section 2.7.3.1 of the Settlement Agreement (return of the Release of All Claims and Dismissal With Prejudice Stipulation) shall apply.

(b)     If the person pursuing the Claim does not timely appeal the Gates Determination to the Special Master under Section 2.6.2 of the Settlement Agreement and does not timely execute and deliver to the Claims Administrator a Future Evidence Stipulation pursuant to Section 4(b)(1), the Claims Administrator shall follow Section 2.7.3.2 of the Settlement Agreement (delivery to Merck of the Release of All Claims and Dismissal With Prejudice Stipulation).

(c)     If the person pursuing the Claim does timely appeal the Gates Determination to the Special Master under Section 2.6.2 of the Settlement Agreement, the appeal may proceed through decision by the Special Master and:

**CAP 2008-1 (AMENDED)**

(1)    If the Special Master determines that the Claimant meets the Eligibility Requirements and shall be deemed a Qualifying Program Claimant, the Claim shall proceed pursuant to Section 2 or Section 3, as applicable; and

(2)    If the Special Master determines that the Claimant does not meet the Eligibility Requirements and shall not be deemed a Qualifying Program Claimant, Section 2.7.2 of the Settlement Agreement (termination of Claim and delivery to Merck of the Release of All Claims and Dismissal With Prejudice Stipulation) shall apply.

**APPROVED:**

By: _[signature]_          Date: _March 3, 2009_
      Counsel for Merck

Name: _DOUGLAS R. MARVIN_

By: _[signature]_          Date: _March 2, 2009_
      NPC Representative

Name: _Andy Birchfield_

By: _[signature]_          Date: _March 5, 2009_
      Claims Administrator

Name:     Orran L. Brown