**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

IN RE: DIGITEK PRODUCTS LIABILITY LITIGATION

MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 89**
(Alternative Procedures for Small Estate Settlements)

The Plaintiffs' Steering Committee ("PSC") has filed a Motion to Establish Alternative Procedures for Small Estate Settlements, which Actavis Totowa LLC, Actavis Elizabeth LLC, Actavis Inc., Mylan Pharmaceuticals Inc., Mylan Bertek Pharmaceuticals Inc., Mylan Inc., and UDL Laboratories, Inc. (collectively "Defendants") do not oppose [Docket 615]. After careful consideration of the Motion, the Court has determined that the proposed procedures will facilitate the release of settlement funds through a simple, uniform, and cost-effective Small Estate Procedure (the "SEP") for claims submitted on behalf of deceased claimants. This Order therefore is issued pursuant to the Court's authority to direct and control the pretrial proceedings in this litigation pursuant to 28 U.S. C. §1407 and Federal Rules of Civil Procedure 16. **AND NOW,** this 12th day of March, 2012, it is hereby **ORDERED** that the motion is **GRANTED** as follows:

1. *Claimants affected by this order.* This Order applies to all claims where the claimant is deceased and where, for claimants who died testate or intestate, the gross settlement amount does not exceed $45,000. Counsel for each claimant whose claim is to be processed pursuant to the SEP shall provide confidentially to the Special Master a written declaration identifying the claimant, which will constitute *prima facie* proof that the claimant is entitled to payment pursuant to the SEP.

2. ***Payment Procedures.*** The SEP attached as Exhibit C to the Motion will govern the payments to the affected claimants. Pursuant to the SEP, and upon receipt of executed copies of the applicable Representative Claimant Form (Exhibit D-1 to the Motion), the Acknowledgement of Counsel Form (Exhibit D-2 to the Motion), the Release (Exhibit G to the Master Settlement Agreement ("MSA")) and provided that all other conditions to payment have been met, the Special Master shall distribute funds pursuant to the MSA as if all necessary estate documents had been received. In doing so, Defendants and the Special Master may rely in good faith on the statements in the Forms, have no duty to inquire as to the truthfulness of any statements made in the Forms, and shall be free from liability for having distributed or authorized the distribution of settlement proceeds pursuant to the Forms. The Release executed by the Representative Claimant pursuant to the Forms is hereby declared fully enforceable by Defendants and binding on the Representative Claimant and all derivative claimants of the deceased Digitek user.

3. ***Confidentiality Not Affected by this Order.*** All confidentiality provisions set forth in the MSA shall remain in full force and effect.

The Clerk is **DIRECTED** to file this Order in 2:08-md-1968 and it shall apply to each member Digitek®-related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2-11-cv-425.

**It is so ORDERED.**

        **ENTER:** March 12, 2012

*Joseph R. Goodwin, Chief Judge*