## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE:  DIGITEK® PRODUCT LIABILITY
LITIGATION                                                        MDL NO. 1968

### THIS DOCUMENT RELATES TO ALL CASES

### DEFENDANTS' MOTION FOR ORDERS TO SHOW CAUSE WHY CERTAIN CLAIMS SHOULD NOT BE TERMINATED

Defendants move this Court for an order to show cause why certain Digitek claims should not be terminated.

The bulk of the cases in this Digitek® MDL were settled in September, 2010.  (*See* Document 478 (Ex. A), and PTO #64.)  Since that time the Special Master has been working with selected counsel for the Plaintiffs and Defense in order to administer the Settlement Agreement and the claims facility, and to ultimately wind down and terminate the litigation. There are eight claims, however, in which the lawyers or the claimants have not complied with the terms of the Settlement Agreement in some respect, have been repeatedly asked to fulfill their obligations, but have not.  These cases are standing in the way of the ultimate resolution of the entire litigation and closing the claims facility and discharging the Special Master.

### I.       JURISDICTION

Paragraph 12.02 of the Settlement Agreement, and Section I of this Court's Order ( PTO 64) provide that the Court retains jurisdiction for the terms of the settlement.  Paragraph 12.02 of the Agreement states:

073021.000031.1617878

> Section 12.02.  The Parties agree that the MDL Court shall have continuing jurisdiction over all aspects of the settlement contemplated in this Agreement including, but not limited to, the implementation, execution, and enforcement of the Program and interpretation of this Agreement and all other agreements relating to the Program as set forth herein. The MDL Court in its discretion may extend deadlines or provide relief to individual plaintiffs upon a petition or motion showing good cause.

Further, Section I of this Court's Pretrial Order #64 provides:

> This Court has both inherent and equitable authority under federal law, and express authority under the terms of the Agreement, to preside over and manage various aspects of the Agreement including, but not limited to, the entry of Orders establishing time frames for the completion of acts defined in the Agreement.

The United States Supreme Court has held, in *Kokkonen v. Guardian Life Ins. Co, of America*, 511 U.S. 375 (1994), that a federal court retains jurisdiction over a settlement agreement when either the terms of the agreement are incorporated into the dismissal order or the court has retained jurisdiction over the agreement.  The Fourth Circuit has interpreted this rule to require that the district court give a clear indication that it is incorporating the terms of the settlement agreement into the dismissal order or expressly retains jurisdiction over the agreement. *See Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 283-284 (4th Cir. 2002); *Columbus-American Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000).

Here, the Court retained jurisdiction over the settlement agreement by expressly stating that it will continue to "preside over and manage various aspects of the Agreement" and by providing that the instructions in Pretrial Order #64 are "to be construed as orders of this Court."  This language goes beyond what is required under *Kokkonen* and is sufficiently specific to extend post-dismissal jurisdiction over the Agreement to the District Court.  Therefore,  the Court has the power to enforce

2

the Agreement, issue Show Cause Orders and, if necessary, terminate the claims of certain Plaintiffs.

## II.    PLAINTIFFS' OBLIGATIONS

In general, paragraphs three and six of the Settlement Agreement called for the claimants and their lawyers to follow certain steps.  First, they were supposed to submit a claim package which was to contain certain information (¶¶ 3.01 - 3.03).  Once the claim package was reviewed, a determination would be made whether the claimant qualified for the settlement fund and, if so, their "points" would ultimately be determined. (¶¶ 3.04 - 3.06)  Once all of the points were known, it was a simple matter of mathematics to divide the points into the total of the Qualified Settlement Fund in order to determine the dollar amount of any particular claim's share.  In order to receive the money the claimants then had to execute releases and dismissal entries.  (¶¶ 6.01 - 6.03)

There are eight claimants who have not complied with the terms of this Agreement. Exhibit 6 lists the name of the claimant, his or her lawyer, the status of their claim, and the precise deficiency involved. Each one submitted the proper initial paperwork and qualified for an award. The problem, oddly, is that they have not completed the proper paperwork on the back end to execute releases or dismissal entries which are required for the Special Master to send them a check.  Exhibit 7 is an Affidavit from Elizabeth Ross Given, a representative of the Special Master's office, delineating what steps were taken to have these lawyers and/or claimants comply with their obligations.   In essence, the Plaintiffs had from the Agreement date in September 2010 to understand their obligations and comply. The PSC sent out a notice about compliance in the Spring of 2012. (Ex. 1) Then the Special Master sent reminders to delinquent claimants on July 13, 2012 and November 26, 2012.  (Exs. 2 and 3)  Exhibits 4 and 5 are the final letter to delinquent lawyers and claimants, dated January 8, 2013, referring to the previous

3

attempts at resolution, and indicating that a motion to terminate their claims would be filed after February 1, 2013 if they did not comply. According to Ms. Ross Givens' Affidavit, since that letter eight claimants remain noncompliant.

## III.    CONCLUSION

This settlement claims facility was formed in the fall of 2010. It is now February 2013. The claims facility and the litigation both need to be closed, and these claimants are standing in the way. Defendant moves this Court to issue Show Cause Orders why these claims should not be terminated and the money to which they were entitled returned to Actavis. (It is too late to reallocate the points in the system because the vast majority of claimants have already received their checks.)

Respectfully submitted,

KAY CASTO & CHANEY PLLC

Rebecca A. Betts, LIAISON COUNSEL
P.O. Box 2031
Charleston, West Virginia 25327
Tel: (304) 345-8900
Fax: (304) 345-8909
rbetts@kaycasto.com

*Attorneys for Defendants*

TUCKER ELLIS LLP

By: s/*Matthew P. Moriarty*
Richard A. Dean (Ohio Bar #0013165), CO-LEAD COUNSEL
Matthew P. Moriarty (WV Bar #4571; Ohio Bar #0028389), CO-LEAD COUNSEL
925 Euclid Avenue, Suite 1150
Cleveland, Oh 44115-1414
Tel: (216) 592-5000
Fax: (216) 592-5009
E-mail:    richard.dean@tuckerellis.com
           matthew.moriarty@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC, Actavis Inc., and Actavis Elizabeth LLC*

SHOOK HARDY & BACON LLP

Madeleine M. McDonough
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 559-2111

4

Fax: (816) 421-5547
E-mail: mmcdonough@shb.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2013, a copy of the foregoing **DEFENDANTS'**

**MOTION TO TERMINATE CLAIMS** was filed electronically. Notice of this filing will be

sent to all parties by operation of the Court's electronic filing system. Parties may access this

filing through the Court's system.


KAY CASTO& CHANEY PLLC

Rebecca A. Betts, LIAISON COUNSEL
P.O. Box 2031
Charleston, West Virginia 25327
Tel: (304) 345-8900
Fax: (304) 345-8909

*Attorneys for Defendants*


TUCKER ELLIS LLP

By: s/*Matthew P. Moriarty*
    Richard A. Dean (Ohio Bar #0013165), CO-
    LEAD COUNSEL
    Matthew P. Moriarty (WV Bar #4571; Ohio
    Bar #0028389), CO-LEAD COUNSEL
    925 Euclid Avenue, Suite 1150
    Cleveland, Oh 44115-1414
    Tel:    (216) 592-5000
    Fax:    (216) 592-5009
    E-mail:richard.dean@tuckerellis.com
             matthew.moriarty@tuckerellis.com

*Attorneys for Defendants Actavis Totowa LLC,*
*Actavis Inc., and Actavis Elizabeth LLC*


073021.000031.1617878

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK® PRODUCT LIABILITY
      LITIGATION                                   MDL NO. 1968

THIS DOCUMENT RELATES TO ALL CASES

## PROPOSED ORDER

On February 4, 2013, Defendants moved for an order to show cause why certain claims should not be terminated. The Court has continuing jurisdiction over the Settlement Agreement. Having considered the Motion, the Court finds it well-founded.

Therefore, Defendants' Motion to Show Cause Why Certain Claims Should Not Be Terminated is granted. The claimants whose cases are listed on Defendants Exhibit 6 shall comply with all terms of the Settlement Agreement by February 21, 2013. If at that time there are still delinquencies, Defendants are directed to file a motion for dismissal and termination of those delinquent claims. The clerk is directed to issue notice to the lawyers listed on Defendants' Exhibit __.

It Is So Ordered:

_____
The Honorable Joseph Goodwin

073021.000031.1617871