IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:  DIGITEK® PRODUCT LIABILITY
LITIGATION

MDL NO. 1968

---

THIS DOCUMENT RELATES TO:

*Barbara McCauley v. Actavis Totowa, LLC, et al.*
Case No. 2:10-cv-00593

and

*Joseph Thompson, Tolled Claimant*
Claim ID No. 2983

Pending is the defendants' motion for orders to show cause why certain claims should not be terminated and to return to Actavis the funds to which certain claimants were entitled ("motion for orders to show cause") [Docket 621].

Since the overwhelming majority of the cases in this MDL were settled in September 2010, the Special Master has been working with counsel on both sides to administer the parties' Settlement Agreement and claims facility.  Defendants filed a motion for orders to show cause [Docket 621], which related to eight claimants who had failed or refused to comply with certain terms of the Settlement Agreement despite repeated requests that they do so.  Six of those claims have come into compliance.[1]  Now two non-compliant claims, those of Barbara McCauley and Joseph Thompson, are all that remain of the Digitek® litigation before this court.

---

[1] Three of the original eight claimants came into compliance, and I granted motions for partial withdrawal of the motion for orders to show cause [Docket 622, 623].  (PTO #91 at 1).

The claimants' counsel have not responded to the motion for orders to show cause. In order to assure that the best practicable methods were used to notify the claimants of the motion for orders to show cause, and in a final attempt to gain the input and cooperation of their counsel, I ordered that defendants send them copies of the motion for orders to show cause and PTO #91 by means intended to assure that the documents would be received and reviewed. (PTO #91 at 2). I ordered that claimants or their counsel show cause in writing no later than March 27, 2013 why the relief requested should not be granted. *Id.* Defendants have complied with PTO #91, but the claimants have not. I retained jurisdiction "to preside over and manage various aspects of the [Settlement] Agreement including, but not limited to, the entry of Orders establishing time frames for the completion of acts defined in the Agreement." (PTO #64 at 1).

Accordingly, I **GRANT** that portion of the defendants' motion for orders to show cause requesting termination of the claims of Barbara McCauley and Joseph Thompson and the return to Actavis of those remaining funds to which those claimants would have been entitled had they complied with their Settlement Agreement obligations. That portion of defendants' motion seeking an order to show cause is **DENIED** as moot. The court **DIRECTS** the Clerk to file a copy of this order in 2-08-md-1968 and 2:10-cv-00593. This order may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTERED:   April  , 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

The circumstances of one additional claimant, Dorothy Sharp, were addressed by a separate order. Since then, two additional claimants of the original eight have come into compliance.